# United States Court of Appeals For the Federal Circuit

———————

BLUE SPIKE, LLC

*Plaintiff-Appellant,*

v.

GOOGLE INC.

*Defendant-Appellee,*

Appeal from The United States District Court
For The Northern District of California
In Case No. 14-CV-1650, Judge Yvonne Gonzalez Rogers

## JOINT APPENDIX

| | |
|---|---|
| Randall T. Garteiser | Nicholas H. Lee |
| Christopher A. Honea | ARNOLD & PORTER LLP |
| Kirk J. Anderson | 777 S. Figueroa Street, 44th Floor |
| GARTEISER HONEA, P.C. | Los Angeles, California 90017 |
| 44 North San Pedro Rd | (213) 243-4000 |
| San Rafael, California 94903 | |
| (415) 785-3762 | Michael A. Berta |
| | *Counsel of Record* |
| Ernest Young | ARNOLD & PORTER LLP |
| *Of Counsel* | Three Embarcadero Center, 10th Floor |
| Apex, North Carolina 27502 | San Francisco, California 94111 |
| (919) 360-7718 | (415) 471-3100 |
| | |
| *Attorneys for Plaintiff-Appellant* | *Counsel for Defendant-Appellee* |
| *Blue Spike, LLC* | *Google Inc.* |

United States Court of Appeals
for the Federal Circuit
Blue Spike LLC v. Google Inc.
[16-1054]

# JOINT APPENDIX TABLE OF CONTENTS

## VOLUME ONE

|  | Page |
|---|---|
| Order Granting Google's Motion for Justice on the Pleadings, **dated 09/08/15** | Appx0001–0018 |
| Order to Show Cause, **dated 09/08/15** | Appx0019 |
| Order on Remaining Patent Claim, **dated 09/08/15** | Appx0020 |
| Judgment Invalidating Asserted Patents, **dated 10/01/15** | Appx0021–0022 |
| "472 Patent" – US 7,346,472 | Appx0023–0037 |
| "700 Patent" – US 7,660,700 | Appx0038–0051 |
| "494 Patent" – US 7,949,494 | Appx0052–0068 |
| "175 Patent" – US 8,214,175 | Appx0069–0083 |
| "728 Patent" – US 8,712,728 | Appx0084–0101 |
| Docket Sheet from CAND 4:14-cv-01650 | Appx0102–0116 |
| Docket Sheet from TXED 6:12-cv-00499 | Appx0117–0292 |

# VOLUME TWO

Blue Spike's Original Complaint for Patent Infringement against Google, **dated 08/22/12**     Appx0293–0312

Blue Spike's First Amended Complaint against Google, **dated 02/13/14**     Appx0332–0353

Defendant Google's Answer to Original Complaint for Patent Infringement, **dated 11/15/12**     Appx0401–0413

Order Transferring Case to the Northern District of California, **dated 03/13/14**     Appx0414–0423

Transcript from July 28, 2014 Case Management Conference, **dated 08/13/14**     Appx0596–0642

Blue Spike's Amended Complaint Against Google, **dated 09/15/14**     Appx1488–1509

Memorandum Opinion and Order regarding Claim Construction, **dated 10/16/14**     Appx1965–2033

Report and Recommendation Denying Motion for Summary Judgment of Invalidity Based on Indefiniteness, **dated 10/16/14**     Appx2034–2052

Google's Motion for Judgment on the Pleadings, **dated 05/12/15**     Appx2103–2127

Declaration of Nicholas Lee in Support of Motion for Judgment on the Pleadings, **dated 05/12/15**    Appx2129–2132

   Exhibit 2: Patent Assignment Details from USPTO.gov    Appx2137

   Exhibit 6: "175 Patent"    Appx2188–2203

   Exhibit 8: Excerpts from July 28, 2014 Case Management Conference    Appx2223–2231

Blue Spike's Opposition to Google's Motion for Judgment on the Pleadings, **dated 06/09/15**    Appx2270–2295

   Exhibit 1: Memorandum Opinion and Order    Appx2338–2407

   Declaration of Yannis Papakonstantinou, Ph.D., in support of Blue Spike's Opposition to Google's Motion    Appx2302–2308

Google's Reply Brief in Support of Motion for Judgment on the Pleadings, **dated 06/16/15**    Appx2479–2499

Joint Claim Construction and Prehearing Statement, **dated 08/03/15**    Appx2635–2643

Transcript of Hearing for Motion for Judgment on the Pleadings, **dated 06/30/15**    Appx2739–2794

Docket Sheet from CAND 4:13-cv-01105-YGR, *AOptix Technologies v. Blue Spike, LLC*    Appx2802–2810

Docket Sheet from CAND 4:14-cv-01649-YGR, *Blue Spike, LLC v. SoundHound, Inc.*    Appx2811–2823

Docket Sheet from CAND 4:14-cv-01648-YGR, *Blue Spike, LLC v. Zeitera, LLC et al.*    Appx2824–2839

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   **BLUE SPIKE, LLC**,                    Case No.  14-cv-01650-YGR

                    Plaintiff,

8

        v.                           **ORDER GRANTING MOTION FOR JUDGMENT
9                                    ON THE PLEADINGS**

10  **GOOGLE INC.**                         Re: Dkt. No. 59

                    Defendant.

11

12          Defendant Google Inc. ("Google") moves for judgment on the pleadings, arguing the

13  asserted claims of the patents-in-suit—which broadly cover computer-based content

14  comparisons—are invalid as embodying an unpatentable "abstract idea" under Section 101 of the

15  Patent Act.  (Dkt. No. 59 ("Mot.").)  Plaintiff Blue Spike, LLC ("Blue Spike") opposes the

16  motion.  (Dkt. No. 63 ("Oppo.").)  Having carefully considered the papers submitted, the patents-

17  in-suit, the record in this case, and the arguments of counsel at the June 30, 2015 hearing, and

18  good cause shown, the Court **GRANTS** the motion.

19  I.   **BACKGROUND**

20          The plaintiff asserts five patents in this lawsuit: U.S. Patent Nos. 7,346,472 (the "'472

21  Patent"), 7,660,700 (the "'700 Patent"), 7,949,494 (the "'494 Patent"), 8,214,175 (the "'175

22  Patent"), and 8,712,728 (the "'728 Patent").[1]  Other than the first, each is a continuation of the

23

24  _____

25          [1] The plaintiff filed copies of each patent as attachments to its initial complaint.  (Dkt. No.
    1.)  The defendant filed additional copies, with the asserted claims highlighted, as exhibits to the
26  instant motion.  (Dkt. No. 60.)  The asserted claims are as follows: 1-4, 8, and 11 of the '472
    Patent; 1, 10-12, 18, 21, 27, 40, and 51 of the '700 Patent; 11, 15, 17, and 29 of the '494 Patent; 1,
27  8, 11, 12, 16, and 17 of the '175 Patent; and 1, 4, 5, 16, 25, and 26 of the '728 Patent.  (_See_ Mot. at
    4; Oppo. at 3 n.2.)  The parties dispute whether claim 30 of the '728 Patent remains at issue.
    However, as the motion was not directed to that claim, neither is this Order.  (_See_ Oppo. at 3 n.2;
28  Dkt. No. 64 ("Reply") at 15 n.9.)

United States District Court
Northern District of California

preceding application.  All five are entitled "Method and Device for Monitoring and Analyzing

Signals" and share the same specification.  The patents include both method and system claims.

Generally, the patents address the creation of "abstracts" (essentially digital fingerprints, hashes,

or the like) from various "signals" (electronic versions of human-perceptible works in formats

such as audio, visual, audiovisual, or text) based on perceptible qualities inherent to those signals.[2]

The abstracts of "reference signals" are added to a reference database.  Thereafter, new signals

("query signals") can be similarly processed, the resulting abstract checked against the database to

determine whether the new signal matches any earlier analyzed signal.  At a high level, the patents

contemplate determining whether one piece of content—e.g., a picture, a song, or a video—

matches another, or the extent to which they are similar.  The plaintiff accuses Google's "products,

systems and/or services," including ContentID and YouTube, of infringement.  (Dkt. No. 47

("FAC") ¶ 28.)  The plaintiff also contends the patents cover a wide array of comparison

technologies, including biometric systems such as iris scanners.  (*See* Oppo. at 20.)

 The Court finds that claim 1 of the '472 Patent is generally representative of all asserted

claims for purposes of this motion.[3]  It reads as follows:

> A method for monitoring and analyzing at least one signal comprising:
>
> receiving at least one reference signal to be monitored;
>
> creating an abstract of said at least one reference signal wherein the step of creating an abstract of said at least one

---

[2] The specification contrasts this approach of relying on perceptual qualities inherent in the signal with what it calls the "traditional" or prior art approach of employing an "additive signal" (e.g., adding something to the signal, such as a title or watermark, to facilitate future identification and comparison).  *See* '728 Patent at 4:53-55, 4:66-5:4, 5:15-25.

[3] Plaintiff did not stipulate to the use of this or any other representative claim(s) for purposes of this motion.  Therefore, the Court must consider every claim at issue.  Nevertheless, because 31 claims spanning five patents are asserted, and in light of the fact that each is "substantially similar and linked to the same abstract idea," the Court finds the following approach to resolving this motion justified: addressing first, in detail, a single, broadly representative claim (claim 1 of the '472 Patent), and then explaining briefly why any material distinctions or additional limitations in each of the other claims are irrelevant to the ultimate conclusion of invalidity.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); *see also Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 709 (Fed. Cir. 2014).

United States District Court
Northern District of California

United States District Court
Northern District of California

reference signal comprises:

> inputting the reference signal to a processor;
>
> creating an abstract of the reference signal using perceptual qualities of the reference signal such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

storing the abstract of said at least one reference signal in a reference database;

receiving at least one query signal to be analyzed;

> creating an abstract of said at least one query signal wherein the step of creating an abstract of said at least one query signal comprises:
>
> > inputting the at least one query signal to the processor;
> >
> > creating an abstract of the at least one query signal using perceptual qualities of the at least one query signal such that the abstract retains a perceptual relationship to the at least one query signal from which it is derived; and

comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at feast [*sic*][4] one reference signal.

'472 Patent at 15:33-60.

In its opposition brief, Blue Spike argued claim construction was needed prior to resolution of Google's motion, suggesting the claim constructions previously issued by the Eastern District of Texas involving four of the five patents at issue should be adopted. *See Blue Spike, LLC v.*

_____

[4] This is an obvious typographical error.  While the parties have not raised the issue of whether this is an error, the Court assumes for purposes of ruling on this this motion that the '472 Patent should read "least" instead of "feast."  The Court may only correct an obvious typographical error when, from the perspective of a person of ordinary skill in the art, "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."  *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1352-53 (Fed. Cir. 2009) (citing *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003)).  The Court therefore corrects this obvious typographical error for purposes of this motion, substituting "least" for "feast."  *See Ultimax*, 587 F.3d at 1353 (reversing district court's finding of claim indefiniteness where the district court should have instead inserted a missing comma into a chemical formula in a claim because a person of ordinary skill would have recognized and fixed the error).

*Texas Instruments, Inc.*, No. 6:12-CV-499-MHS-CMC, 2014 WL 5299320, at *4 (E.D. Tex. Oct. 16, 2014) ("Prior Construction").  At the hearing, Google stipulated to the adoption of those constructions solely for purposes of resolving its motion for judgment on the pleadings.[5]  Most critically in terms of the plaintiff's argument, the Texas court construed "abstract" as "a data-reduced representation of a signal that retains a perceptual relationship with the signal and differentiates the data-reduced representation from other data-reduced representations."  (*Id.* at *14.)

The Court further notes that the specification does not teach the specifics of implementation—it includes no source code, detailed algorithms or formulas, or the like.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6).  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In ruling on a motion for judgment on the pleadings, the Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).  A challenge under Section 101 of the Patent Act may be brought as a motion for judgment on the pleadings.  *See Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2015 WL 269036, at *2 (N.D. Cal. Jan. 20, 2015) (citing *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350,

---

[5] The parties have not argued that different constructions should apply to the most recent continuation patent.  The Court sees no reason to depart from the Prior Construction in the case of the '728 Patent in light of the similarity of all five patents at issue, which, as noted above, share the same specification.

United States District Court
Northern District of California

1352 (Fed. Cir. 2014)). A court may decide such a motion prior to claim construction. *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012) ("[C]laim construction is not an inviolable prerequisite to a validity determination under § 101. We note, however, that it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter.").

## III. DISCUSSION

### A. Legal Framework

The scope of subject matter eligible for patent protection is defined in Section 101 of the Patent Act: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) ("*Alice*") (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)). In applying this exception, courts "must distinguish between patents that claim the building blocks of human ingenuity and those that integrate the building blocks into something more." *Alice*, 134 S. Ct. at 2354 (internal quotations and alterations omitted); *see also Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1301 (2012).

Thus, in determining whether claims are patent-ineligible, a court must first determine whether they are directed to a patent-ineligible concept, such as an abstract idea. *See Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980). "A principle, in the abstract, is a fundamental truth . . . [which] cannot be patented." *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972) (internal citations and quotations omitted). "Phenomena of nature, though just discovered, mental processes, and abstract intellectual concepts are not patentable, as they are the basic tools of scientific and technological work." *Id.*; *see also CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011) ("[M]ental processes are not patent-eligible subject matter because the 'application of [only] human intelligence to the solution of practical problems is no more than a

1    claim to a fundamental principle.'"").  To determine whether patent claims are directed to an

2    abstract idea, the Court must "distill[] the gist of the claim[s]."  *Open Text S.A*, 2015 WL 269036,

3    at *2 (citing *Bilski v. Kappos*, 561 U.S. 593, 611-12 (2010)).

4        If the claims are directed to an abstract idea, a court must then consider whether they

5    nevertheless involve an "inventive concept" such that "the patent in practice amounts to

6    significantly more than a patent upon the [ineligible concept] itself."  *Alice*, 134 S. Ct. at 2355

7    (quoting *Mayo*, 132 S. Ct. at 1294); *see also DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d

8    1245, 1255 (Fed. Cir. 2014) ("Distinguishing between claims that recite a patent-eligible invention

9    and claims that add too little to a patent-ineligible abstract concept can be difficult, as the line

10   separating the two is not always clear.").  "For the role of a computer in a computer-implemented

11   invention to be deemed meaningful in the context of this analysis, it must involve more than

12   performance of 'well-understood, routine, [and] conventional activities previously known to the

13   industry.'"  *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d

14   1343, 1347-48 (Fed. Cir. 2014) (alteration in original); *see also buySAFE, Inc. v. Google, Inc.*, 765

15   F.3d 1350, 1354 (Fed. Cir. 2014) ("The Court in *Alice* made clear that a claim directed to an

16   abstract idea does not move into section 101 eligibility territory by 'merely requir[ing] generic

17   computer implementation.'") (alteration in original).

18       The burden of establishing invalidity rests on the movant.  *See Microsoft Corp. v. i4i Ltd.

19   P'ship*, 131 S. Ct. 2238, 2245 (2011) (citing 35 U.S.C.A. § 282).  However, on a motion for

20   judgment on the pleadings for invalidity, where no extrinsic evidence is considered, the "clear and

21   convincing" standard for weighing evidence in determining a patent's validity is inapplicable.  *See

22   Shortridge v. Found. Constr. Payroll Serv.*, LLC, No. 14-CV-04850-JCS, 2015 WL 1739256, at

23   *7 (N.D. Cal. Apr. 14, 2015) (citing *Modern Telecom Sys. LLC v. Earthlink, Inc.*, No. 14-CV-

24   0347-DOC, 2015 WL 1239992, at *8 (C.D. Cal. Mar. 17, 2015)).

25       After *Alice*, the Federal Circuit has held a number of patent claims directed to abstract

26   ideas to be invalid.  A sampling follows:

27       •   "[D]igital image processing" claims were directed to "an abstract idea because

28           [they described] a process of organizing information through mathematical

correlations and [were] not tied to a specific structure or machine." *Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344, 1347, 1350 (Fed. Cir. 2014).

- Claims covering "methods and machine-readable media encoded to perform steps for guaranteeing a party's performance of its online transaction" were merely "directed to creating familiar commercial arrangements by use of computers and networks." *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1351 (Fed. Cir. 2014).

- Patent "directed to a method for distributing copyrighted media products over the Internet where the consumer receives a copyrighted media product at no cost in exchange for viewing an advertisement" was directed to an abstract idea, and "routine additional steps such as updating an activity log, requiring a request from the consumer to view the ad, restrictions on public access, and use of the Internet [did] not transform [the] otherwise abstract idea into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 709, 716 (Fed. Cir. 2014).

- Patents covering a method for optical character recognition in connection with scanning hard copy documents were directed to an abstract idea and, even if limited "to a particular technological environment," were invalid because "[s]uch a limitation has been held insufficient to save a claim in this context." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).

- Patent relating to a "method of price optimization in an e-commerce environment . . . claims no more than an abstract idea coupled with routine data-gathering steps and conventional computer activity . . . ." *OIP Technologies, Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1360 (Fed. Cir. 2015).

- Claims directed to "tracking financial transactions to determine whether they exceed a pre-set spending limit (i.e., budgeting)" covered "an abstract idea and [did] not otherwise claim an inventive concept." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367, 1370 (Fed. Cir. 2015).

1  Notably, however, in *DDR Holdings, LLC v. Hotels.com, L.P.*, the Federal Circuit upheld a

2  finding of validity as to a patent with claims "directed to systems and methods of generating a

3  composite web page that combines certain visual elements of a 'host' website with content of a

4  third-party merchant." 773 F.3d 1245, 1248 (Fed. Cir. 2014) ("For example, the generated

5  composite web page may combine the logo, background color, and fonts of the host website with

6  product information from the merchant."). The Federal Circuit found the patent "address[es] a

7  business challenge (retaining website visitors) . . . particular to the Internet," but cautioned "that

8  not all claims purporting to address Internet-centric challenges are eligible for patent." *Id.* at

9  1257-59.

## B.   Analysis

### 1.   Abstract Idea

12  As a threshold matter, the Court must determine whether the asserted claims are directed to

13  an abstract idea. The Court finds that the claims at issue are generally directed to the abstract

14  concept of comparing one thing to another.

15  The patents seek to "model," on a computer, "the highly effective ability of humans to

16  identify and recognize a signal." (*See* '728 Patent at 4:47-48.) By their own terms, therefore, the

17  patents simply seek to cover a general purpose computer implementation of an abstract idea long

18  undertaken within the human mind. *See Content Extraction & Transmission LLC v. Wells Fargo*

19  *Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("The concept of data collection,

20  recognition, and storage is undisputedly well-known. Indeed, humans have always performed

21  these functions."). Despite the opinion of plaintiff's expert, on their face the patents do not

22  purport to recognize aspects of the compared works that only a computer—but not a human—

23  could reasonably detect. The specification itself emphasizes the goal of modeling human capacity.

24  Nothing in the claim language suggests the patents were not intended to encompass computerized

25  content comparisons based on human-perceptible characteristics. To the contrary, the Prior

26  Construction of "abstract" (a key term at issue in every asserted claim) states that the abstract has

27  a "perceptual relationship" to the signal, and the Prior Construction for related terms reveals the

28

United States District Court
Northern District of California

1    patents are generally directed to human-observable aspects of signals.[6]

2          The method by which the claims contemplate enabling these comparisons mirrors the

3    manner in which the human mind undertakes the same task.  Perceptible characteristics of an item

4    (e.g., a photograph) are used as a heuristic to compare that item to others.  For instance, to borrow

5    an example from the specification, one might compare paintings of sunsets by focusing on

6    "perceptual characteristics related to the sun," e.g., its color or position.  '728 Patent at 14:52-60;

7    *see also id.* ("The present invention . . . involves the scanning of an image involving a sun,

8    compressing the data to its essential characteristics (i.e., those perceptual characteristics related to

9    the sun) and then finding matches in a database of other visual images (stored as compressed or

10   even uncompressed data).  By studying the work of other artists using such techniques, a novice,

11   for example, could learn much by comparing the presentations of a common theme by different

12   artists.").  One might also identify a criminal by comparing a police artist sketch to various suspect

13   photographs.  *Id.* at 14:61-64.  True, certain asserted claims involve only a subset of the mental

14   process—e.g., creating the "abstract," but not necessarily using it for anything.  That these claims

15   cover only a part of the broader abstract idea does not rescue them from falling within the realm of

16   the abstract.

17         Blue Spike argues, with the support of an expert declaration, that its claims cover an

18   invention that can accomplish comparisons beyond a human's capabilities.  (*See* Papakonstantinou

19   Decl., Dkt. No. 63-11, at ¶¶ 13-17 (opining that the creation of an abstract as contemplated in the

20   patents-in-suit "requires use of a computing device configured to utilize data-reduction

21   techniques" which a human "would not be capable" of mentally performing, particularly where

22   "accuracy (down to even a single bit) . . . is essential").)  Even if credited, this premise is legally

23   false; the claims may be abstract even if they contemplate use of "a computer that processe[s]

24   streams of bits."  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n,*

25

26   _____

27         [6] For instance, pursuant to the stipulation of the parties in that case, including plaintiff Blue
     Spike, the order construed "perceptual quality" as being a "quality *perceived by a person*" and
     "recognizable characteristic" as a "characteristic visually or aurally *perceived by a person*."  *See*
28   Prior Construction at *30 (emphasis supplied).

1   776 F.3d 1343, 1347 (Fed. Cir. 2014) (citing *Alice*, 134 S. Ct. at 2358).

2       Blue Spike further disputes Google's contention that a patent that seeks to mirror human

3   perception and analysis on a computer is abstract with a "slippery slope" argument, contending

4   such a finding would also render future breakthroughs in artificial intelligence technology un-

5   patentable.  To the extent artificial intelligence inventions—or the present "invention"—involve

6   an inventive concept, they could be patentable even if they have, at their core, an abstract concept.

7   The Court thus turns to the question of whether the asserted claims include an inventive concept.

8       **2.   Inventive Concept**

9       As noted, the patents are directed to an abstract idea—the idea of comparing one thing to

10  another.  Blue Spike contends the claims would cover a nearly limitless scope of signals for

11  comparison—ranging from irises to songs.  However, the claims do not involve any "inventive

12  concept."  *See Alice*, 134 S. Ct. at 2355.  Instead, they merely discuss using routine computer

13  components and methods (e.g., general purpose computers, compression, and databases) to

14  accomplish this task with, in certain circumstances, greater efficiency than a human mind could

15  achieve.  *See Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-800-WCB, 2015 WL

16  3452469, at *13 (E.D. Tex. May 29, 2015) ("The greater efficiency with which the computer can

17  perform tasks that a human could perform does not render the inventions patentable."); *Bancorp*

18  *Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012)

19  ("[T]he use of a computer in an otherwise patent-ineligible process for no more than its most basic

20  function—making calculations or computations—fails to circumvent the prohibition against

21  patenting abstract ideas and mental processes.").  Merely adding limitations involving the use of

22  general purpose computer components to an otherwise abstract concept does not constitute an

23  inventive concept sufficient to save a claim from invalidity.  *See Planet Bingo, LLC v. VKGS LLC*,

24  576 F. App'x 1005, 1008 (Fed. Cir. 2014) (finding claims lacked an "inventive concept," despite

25  being limited to computer-aided methods and systems, where the steps at issue could be "carried

26  out in existing computers long in use" and "done mentally") (quoting *Gottschalk v. Benson*, 409

27  U.S. 63, 67 (1972)).  The mere fact that the claims may cover a computer implementation that

28  surpasses in scope or complexity what a human mind is capable of accomplishing is irrelevant

United States District Court
Northern District of California

where the claims are not limited to such complex activities, but also encompass more basic approaches.  *Id*.  Here, to the extent the asserted claims do encompass comparisons that a human is not readily capable of undertaking—an argument belied by the specification—they nevertheless *also* cover and preempt a wide range of comparisons that humans can and, indeed, have undertaken from time immemorial.  Accordingly, given the patents claim an abstract idea but lack any inventive concept, they fail to meet the legal standard for patentability.

### 3. Additional Claims

The foregoing two-step analysis, largely focused on claim 1 of the '472 Patent, applies with equal force to all claims at issue.  The only material distinctions, e.g., inclusion of generic computer components, do not save those claims from invalidity.  *See, e.g.*, *Cogent Med., Inc. v. Elsevier Inc.*, 70 F. Supp. 3d 1058, 1066 (N.D. Cal. 2014) (finding certain "system and computer component claims rise and fall with the method claims" where they merely involve "generic computer components configured to implement the [abstract] idea").  The Court addresses each of the remaining claims in turn:

#### a. '472 Patent

- **Claim 2** is a dependent claim, taking the method of claim 1 (the representative claim) but generating abstracts of only portions of signals, instead of signals in their entirety.  The claim still encompasses the abstract idea discussed above and this limitation does not constitute an inventive concept.

- **Claim 3** covers largely the same ground as the representative claim, but includes incremental counting steps—namely, a method for tracking the number of matches detected by the comparison process.  This basic computer-based counting fails to rescue the claim from the realm of the abstract.  *See Ultramercial, Inc.*, 772 F.3d at 712, 715 (characterizing a step of "recording [a] transaction event to [an] activity log, . . . including updating the total number of times" the event has occurred, as "routine, conventional activity").

- **Claim 4** is dependent on claim 3 and merely adds routine steps for recording each match and generating a report identifying the matched signals.  *See Alice*, 134 S.

Ct. at 2359 (mere "use of a computer to create electronic records, track multiple transactions, and issue simultaneous instructions" does not constitute an inventive concept).

- **Claim 8** mirrors, in substance, the representative claim, with the further limitation—immaterial to this analysis—that more than one reference signal is used, and also including an incremental counter for matches.

- **Claim 11** is a system claim, involving generic computer components and routines ("a computerized system," "a processor," "a reference database," and "input[s]") to accomplish the basic method of the representative claim. Unlike the earlier discussed claims, this claim is not limited to detecting an exact "match," but instead compares the two abstracts to generate "an index of relatedness." The abstract idea discussed above is "comparison"—whether to find exact matches, or to determine the extent of similarity. Further, as noted, a system claim that merely incorporates generic computer components to implement the abstract idea of the method claim fails along with the method claim. Finally, the limitation of selecting certain criteria to consider in comparing things falls squarely within the heuristic approach the human mind takes to solving the same problem. It therefore does not rescue the claim from abstraction, nor does it constitute an inventive concept.

### b. '700 Patent

- **Claim 1** covers "[a]n electronic system," similar to claim 11 of the '472 patent, but limited to matching instead of broader comparisons. It similarly fails.

- **Claim 10** depends on claim 1, but includes the limitation that "a cryptographic protocol" is applied to one or more of the abstracts at issue. The claims do not discuss a novel cryptographic method, but merely contemplate "'well-understood, routine, conventional activity.'" *See Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-CV-3777 AKH, 2015 WL 1941331, at *14 (S.D.N.Y. Apr. 28, 2015) (citing *Mayo*, 132 S. Ct. at 1298). Thus, the inclusion of this limitation does not constitute an inventive concept.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- **Claim 11** depends on claim 10, but is further limited to the use of a cryptographic protocol that has "at least a hash or digital signature," and the storage of the encrypted abstract.  The patents do not explain a novel method for generating hashes or digital signatures—they merely call for the use of these conventional cryptographic methods.

- **Claim 12** depends on claim 1, but adds "an embedder to embed uniquely identifiable data into at least one" of the signals.  As the specification itself notes, however, such watermarking (or use of "additive signals") was in the prior art, and its inclusion here does not constitute an inventive concept.  *See, e.g.*, '700 Patent at 4:44-53, 13:37-40 ("Traditionally, monitoring is accomplished by *embedding* some *identifier* into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments.") (emphasis supplied).

- **Claim 18** is a method claim, apparently for a digital rights management ("DRM") or other routine data transmission system.  The claim notes the match determination is undertaken "to enable authorized transmission or use of the query signal."  As to the data transmission issue, the claim does no more than present this basic recitation of purpose, but does not present an inventive method to facilitate data transmission.  The claim is otherwise similar to the representative claim, but is further limited to generation of abstracts based on "signal characteristic parameters configured to differentiate between a plurality of versions of the data signal."  This is not a unique approach; indeed, as noted above, humans also focus on discrete characteristics to facilitate comparisons between two similar things, e.g., paintings of sunsets.  These additional limitations do not save the claim.

- **Claim 21** is dependent on claim 18, but limited to abstracts "derived from one of a cognitive feature or a perceptible characteristic" of the signals.  This broad "limitation" (covering use of *any* aspect of a signal that a human could perceive) is not meaningful for purposes of the preceding analysis.

- **Claim 27** is dependent on claim 18, but involves comparison instead of matching.

As noted above, this is a distinction without a difference in regards to the claim's validity.

- **Claim 40** covers a process similar to the representative claim, but again is focused on certain parameters and directed to similarity comparison instead of direct matching.

- **Claim 51** is dependent on claim 40, but includes an additional step: "distributing at least one signal based on the comparison step." This is, again, apparently directed to the *purpose* of DRM or access control—but its inclusion does not constitute an inventive step sufficient to save the claim.

### c. '494 Patent

- **Claim 11** is a system claim similar to claim 11 of the '472 Patent, but using "perceptible characteristics representative of parameters to differentiate between versions of the reference signal" to generate abstracts (instead of "selectable criteria"). This limitation is not materially distinct from the similar limitation discussed above regarding claim 18 of the '700 Patent.

- **Claim 15** is dependent on claim 11, but includes the further limitation that "the stored abstracts comprise a self-similar representation of at least one reference signal." In light of the specification, this limitation simply appears to contemplate generating a hash or compression of the signal to serve as the abstract. *See* '494 Patent at 7:49-54. As noted above, the addition of this well understood, routine activity does not save the claim.

- **Claim 17** depends on claim 11, and includes the limitation that "at least one abstract comprises data describing a portion of the characteristics of its associated reference signal." As with claim 2 of the '472 Patent, generating an abstract based on only a portion of the characteristics of the signal, instead of the signal in its entirety, still falls squarely within the realm of the abstract concept discussed above.

- **Claim 29** covers a system materially similar to that of claim 11, but focuses on

United States District Court
Northern District of California

matching instead of comparisons and requires the use of more than one reference signal.  Again, none of these minor variations saves the claim.

### d.  '175 Patent

- **Claim 1** covers a system similar to many of the preceding claims, contemplating the use of generic computer components, such as "non transitory memory," "processor[s]," and "database[s]."  As with some of the preceding claims, for instance claim 15 of the '494 Patent, the abstract must be "similar" to the signal from which it is derived, but reduced in size (e.g., a hash).  The key distinction is that this claim contemplates the creation of *two* databases of distinct abstracts for the reference signals, and does *not* include a comparison step.  This claim is therefore directed to accomplishing a subset of the abstract idea discussed above, but twice for each signal and in a different manner each time.  The former aspect broadens, rather than limits, the claim's scope.  Neither constitutes an inventive concept sufficient to save the claim.

- **Claim 8** is structured similarly to claim 1, but involves only a single database and focuses on facilitating possible comparisons "of different versions of a visual work and a multimedia work" by generating abstracts based on "signal characteristic parameters that differentiate between" different versions of the works.  Limiting its scope to broad categories of possible signals—visual and multimedia works—does not save the claim.  As noted above as to claim 18 of the '700 Patent, neither does the use of "signal characteristic parameters."

- **Claim 11** is similar to claim 8, but does not require the use of signal characteristic parameters and includes a comparison step with a query signal, as do many of the earlier addressed claims.

- **Claim 12** depends on claim 11, with the additional limitation that the compare process indicates the absence of a match between the query signal abstract and the reference signal abstracts stored in a database.  This additional routine limitation does not save the claim.

- **Claim 16** is dependent on claim 12, but includes the further limitation that the processor generating and storing the abstracts "is programmed or structured to use an algorithm to generate" the abstracts.  This generic reference to the use of an unspecified "algorithm" hardly limits the scope of claim 12, if at all, and certainly does not save the claim from invalidity.  *See Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) ("Without additional limitations, a process that employs mathematical algorithms to manipulate existing information to generate additional information is not patent eligible.").

- **Claim 17** is similar to claim 11, but the comparison component is absent and the claim instead includes a requirement that the system be "programmed or structured to apply at least one of psycho-acoustic model and psycho-visual model to generate" the reference abstracts.  The specification notes that psycho-acoustic/psycho-visual-focused compression is in the prior art and explains the approach is intended to "mimic[] human perception."  *See, e.g.*, '175 Patent at 7:40-49; *see also id*. at 14:41-44 ("Similar to the goals of a psychoacoustic model, a psychovisual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image."); *id*. at 7:42-43 ("Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters.  That is to say, the signal is compressed to retain what is 'humanly-perceptible.'"); *id*. at 4:18-21 (referencing prior art data reduction techniques based on "perceptual models" such as AAC, MP3, JPEG, GIF, or MPEG encoding).  This approach falls squarely within the prior art and/or the abstract concept discussed above, and introduces no inventive concept.

    e.   **'728 Patent**

- **Claim 1** describes a method for using an "electronic system" to create "data

reduced,"[7] "self-similar" abstracts of one reference signal, doing the same for one query signal, and comparing the two to determine whether the abstracts match. This claim's scope is similar to that of the representative claim; the additional limits of creating a hash-based (or similar) abstract, and of using an "electronic system," do not save the claim for the reasons previously explained.

- **Claim 4** depends on claim 1, but also involves the creation of a second abstract, from a second reference signal. This does nothing to save the claim.

- **Claim 5** depends on claim 4, but discusses "changing selected criteria" for generating the reference signal abstracts. The limitation of enabling the abstract generation to be based upon selectable criteria does not save the claim for the reasons discussed above.

- **Claim 16** depends on claim 1, but includes a match counter. For the reasons discussed above, including as to claim 3 of the '472 Patent, this limitation does not save the claim.

- **Claim 25** essentially describes a system for implementing claim 1, with a recitation of generic components (e.g., a "receiver" and a "processor"). This claim therefore falls along with the method claim.

- Finally, **claim 26** depends on claim 25, with the additional limitation that the "system is configured to apply at least one spectral transform" to the reference signal during the abstract-generation process. As with the unspecific reference to use of "algorithms" discussed above, the reference to use of "spectral transforms"—acknowledged by the specification to be a mathematical method to

---

[7] This language appears redundant in light of the Prior Construction of the term "abstract," which describes the abstract as "data-reduced." Admittedly, "[i]t is settled law that when a patent claim does not contain a certain limitation and another claim does, that limitation cannot be read into the former claim in determining either validity or infringement." *VMWare, Inc. v. Connectix Corp.*, No. C 02-3705 CW, 2005 WL 6220090, at *12 (N.D. Cal. Mar. 25, 2005) (quoting *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1122 (Fed. Cir. 1985)). Nevertheless, the Court adopts the Prior Construction for purposes of this motion despite this apparent redundancy in light of the plaintiff's reliance thereon and defendant's stipulation thereto.

1    process signals, maintaining "some cognitive or perceptual relationship with the

2    original analog waveform"—falls within the realm of the abstract.  *See* '728 Patent

3    at 11:25-31.  The specification suggests "spectral transforms" refer to prior art;

4    certainly, the patent does nothing to teach a person having ordinary skill in the art

5    how to perform a spectral transform, taking for granted that such a process would

6    be well understood at the time the patent was filed.  *See id*. at 4:20-26.  Moreover,

7    the Federal Circuit has held that system claims directed to describing mathematical

8    transformations undertaken in connection with digital image processing were not

9    directed to patent-eligible subject matter where they did not "require any physical

10   embodiment."  *See Digitech Image Technologies, LLC v. Electronics for Imaging,*

11   *Inc.*, 758 F.3d 1344, 1350 (Fed. Cir. 2014).  This claim, similarly, appears directed

12   to application of a mathematical model to data in a digital environment with no

13   resulting physical embodiment.

14          Thus, all claims at issue are not patent-eligible.

## IV.    CONCLUSION

16          For the foregoing reasons, the Court **GRANTS** the defendant's motion for judgment on the

pleadings, finding the asserted claims listed in the motion to be invalid.  In light of the rulings

herein, the plaintiff's request for leave to amend is denied as futile.  *See Foman v. Davis*, 371 U.S.

178, 182 (1962).

20          This Order terminates Docket Number 59.

21          **IT IS SO ORDERED.**

22   Dated: September 8, 2015

23

24                                                **YVONNE GONZALEZ ROGERS**
                                                  **UNITED STATES DISTRICT COURT JUDGE**

*United States District Court*
*Northern District of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BLUE SPIKE, LLC,**

           Plaintiff,

    v.

**GOOGLE INC.,**

           Defendant.

Case No.  14-cv-01650-YGR

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 75

      In light of the Court's Order granting judgment on the pleadings as to all asserted claims other than disputed claim 30 of U.S. Patent No. 8,712,728 (Dkt. No. 75 at 1 n.1), the parties are hereby **ORDERED TO SHOW CAUSE** why that claim should not be held invalid on the same grounds as the other asserted claims.  If any party objects to that outcome, the party shall file a brief of no more than five (5) pages by **September 14, 2015**, presenting argument for why that claim should not be treated similarly.  A non-objecting party may file a five (5) page response to an objection by **September 16, 2015**.

      **IT IS SO ORDERED.**

Dated: September 8, 2015

                                      **YVONNE GONZALEZ ROGERS**
                            **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    **BLUE SPIKE, LLC**,                     Case No.  14-cv-01650-YGR
8              Plaintiff,
9       v.                                    **ORDER RE: REMAINING PATENT CLAIM**
10   **GOOGLE INC.**,                         Re: Dkt. No. 77
11             Defendant.
12
13        On September 8, 2015, the Court issued an order granting defendant's motion for judgment
14   on the pleadings, finding all patent claims at issue in the motion to be invalid (Dkt. No. 75), and
15   issued an order to show cause as to why the sole remaining patent claim at issue in this case, but
16   not raised in the motion, should not be held invalid on the same grounds (Dkt. No. 76).  The
17   parties "do not dispute that Claim 30 of U.S. Patent No. 8,712,728 would be held invalid under the
18   Court's reasoning as to the other asserted claims in its Order Granting Motion for Judgment on the
19   Pleadings."  (Dkt. No. 77 at 1-2.)  Thus, in the absence of any objection, the Court finds that claim
20   invalid for the same reasons discussed in the September 8, 2015 Order at Docket Number 75.  As
21   all asserted claims have been held invalid, the Court directs defendant to file a proposed form of
22   judgment, approved as to form by plaintiff, by no later than **September 23, 2015**.
23        **IT IS SO ORDERED.**
24   Dated: September 18, 2015
25
26                                          **YVONNE GONZALEZ ROGERS**
                                           **UNITED STATES DISTRICT COURT JUDGE**
27
28

**Appx0020**

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

Case No. 14-cv-01650 (YGR)

4

BLUE SPIKE, LLC,

**[PROPOSED FORM OF]~~ JUDGMENT**
**INVALIDATING ASSERTED PATENTS**
**PURSUANT TO DKT. NOS. 75, 80**

5

Plaintiff,

6

v.

7

GOOGLE INC.,

8

Defendant.

Hearing Date:  N/A
Hearing Time:  N/A
Courtroom:     Courtroom 1, 4th Floor
Judge:         Hon. Yvonne Gonzalez Rogers

9

10          This action having come before the Court, and pursuant to the Court's Orders:  (1) granting

11  Defendant Google Inc.'s ("Google") Motion for Judgment on the Pleadings (Dkt. Nos. 59, 75); and

12  (2) accepting Plaintiff Blue Spike, LLC's ("Blue Spike") Statement of Non-objection (Dkt. No. 77)

13  in response to the Court's Order to Show Cause (Dkt. Nos. 76, 80) – together which find all asserted

14  claims of U.S. Patent Nos. 7,346,472 (the "'472 Patent"), 7,660,700 (the "'700 Patent"), 7,949,494

15  (the "'494 Patent"), 8,214,175 (the "'175 Patent"), and 8,712,728 (the "'728 Patent") (collectively,

16  the "Patents-In-Suit") invalid pursuant to 35 U.S.C. § 101 – IT IS HEREBY ADJUDGED AND

17  ORDERED that:

18          1.      For the reasons set forth in the Court's Order on September 8, 2015 (Dkt. No. 75),

19  the following asserted claims are invalid pursuant to 35 U.S.C. § 101:

20                  • claims 1-4, 8, and 11 of the '472 Patent;

21                  • claims 1, 10-12, 18, 21, 27, 40, and 51 of the '700 Patent;

22                  • claims 11, 15, 17, and 29 of the '494 Patent;

23                  • claims 1, 8, 11, 12, 16, and 17 of the '175 Patent; and

24                  • claims 1, 4, 5, 16, 25, and 26 of the '728 Patent.

25          2.      For the same reasons set for in the Court's Order from September 8, 2015 (Dkt. No.

26  75) and pursuant to the Court's Order from September 18, 2015 (Dkt. No. 80), the following

27  asserted claim is also invalid pursuant to 35 U.S.C. § 101:

28                  • claim 30 of the '728 Patent.

- 1 -

3.     The foregoing claims of the Patents-In-Suit represent all pending claims at issue in this case.

4.     WHEREFORE JUDGMENT on the pleadings is entered in this case in favor of Defendant Google and against Plaintiff Blue Spike.

Dated: Qevqdgt'3. 2015

By:
Judge Yvonne Gonzalez Rogers
United States District Judge

PROPOSED FORM OF JUDGMENT
CASE NO. 14-cv-1650-YGR

Appx0022



US007346472B1

(12) **United States Patent**   (10) **Patent No.:**    **US 7,346,472 B1**
Moskowitz et al.                 (45) **Date of Patent:**      **Mar. 18, 2008**

(54) **METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS**

(75) Inventors: **Scott A. Moskowitz**, Miami, FL (US);
**Michael W. Berry**, Albuquerque, NM
(US)

(73) Assignee: **Blue Spike, Inc.**, Sunny Isles Beach,
FL (US)

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 722 days.

(21) Appl. No.: **09/657,181**

(22) Filed: **Sep. 7, 2000**

(51) **Int. Cl.**
*G06F 19/00* (2006.01)

(52) **U.S. Cl.** .............................. **702/182**; 707/1; 707/2;
707/3; 707/10; 709/209; 705/51; 380/28

(58) **Field of Classification Search** ................ 702/182;
707/3, 1, 2, 10; 382/100, 232, 282; 380/200,
380/201, 202, 203, 217, 28; 713/176; 709/209;
705/51
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,947,825 | A | * | 3/1976 | Cassada ......................... 707/3 |
| 3,984,624 | A | | 10/1976 | Waggener |
| 3,986,624 | A | | 10/1976 | Cates, Jr. et al. |
| 4,038,596 | A | | 7/1977 | Lee |
| 4,200,770 | A | | 4/1980 | Hellman et al. |
| 4,218,582 | A | | 8/1980 | Hellman et al. |
| 4,339,134 | A | | 7/1982 | Macheel |
| 4,405,829 | A | | 9/1983 | Rivest et al. |
| 4,424,414 | A | | 1/1984 | Hellman et al. |
| 4,528,588 | A | | 7/1985 | Lofberg |
| 4,672,605 | A | | 6/1987 | Hustig et al. |
| 4,748,668 | A | | 5/1988 | Shamir et al. |
| 4,789,928 | A | | 12/1988 | Fujisaki |
| 4,827,508 | A | | 5/1989 | Shear |
| 4,876,617 | A | | 10/1989 | Best et al. |
| 4,896,275 | A | | 1/1990 | Jackson |
| 4,908,873 | A | | 3/1990 | Philibert et al. |
| 4,939,515 | A | | 7/1990 | Adelson |
| 4,969,204 | A | | 11/1990 | Jones et al. |
| 4,972,471 | A | | 11/1990 | Gross et al. |
| 4,977,594 | A | | 12/1990 | Shear |
| 4,979,210 | A | | 12/1990 | Nagata et al. |
| 4,980,782 | A | | 12/1990 | Ginkel |
| 5,050,213 | A | | 9/1991 | Shear |
| 5,073,925 | A | | 12/1991 | Nagata et al. |
| 5,077,665 | A | | 12/1991 | Silverman et al. |
| 5,113,437 | A | | 5/1992 | Best et al. |
| 5,136,581 | A | | 8/1992 | Muehrcke |
| 5,161,210 | A | | 11/1992 | Druyvesteyn et al. |
| 5,243,423 | A | | 9/1993 | DeJean et al. |
| 5,243,515 | A | | 9/1993 | Lee |
| 5,287,407 | A | | 2/1994 | Holmes |
| 5,319,735 | A | | 6/1994 | Preuss et al. |
| 5,341,429 | A | | 8/1994 | Stringer et al. |
| 5,341,477 | A | | 8/1994 | Pitkin et al. |
| 5,363,448 | A | | 11/1994 | Koopman et al. |
| 5,365,586 | A | | 11/1994 | Indeck et al. |
| 5,369,707 | A | | 11/1994 | Follendore, III |
| 5,379,345 | A | | 1/1995 | Greenberg |
| 5,394,324 | A | | 2/1995 | Clearwater |
| 5,398,285 | A | | 3/1995 | Borgelt et al. |
| 5,406,627 | A | | 4/1995 | Thompson et al. |
| 5,408,505 | A | | 4/1995 | Indeck et al. |
| 5,410,598 | A | | 4/1995 | Shear |
| 5,412,718 | A | | 5/1995 | Narasimhalv et al. |
| 5,418,713 | A | | 5/1995 | Allen |
| 5,428,606 | A | | 6/1995 | Moskowitz |
| 5,450,490 | A | | 9/1995 | Jensen et al. |
| 5,469,536 | A | | 11/1995 | Blank |
| 5,478,990 | A | | 12/1995 | Montanari et al. |
| 5,479,210 | A | * | 12/1995 | Cawley et al. ........... 348/390.1 |
| 5,487,168 | A | | 1/1996 | Geiner et al. |
| 5,493,677 | A | | 2/1996 | Balogh et al. |
| 5,497,419 | A | | 3/1996 | Hill |
| 5,506,795 | A | | 4/1996 | Yamakawa |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0372601 A1 | 6/1990 |
| EP | 0565947 A1 | 10/1993 |
| EP | 0581317 A2 | 2/1994 |
| EP | 0649261 | 4/1995 |
| EP | 0651554 A | 5/1995 |

(Continued)

OTHER PUBLICATIONS

Sirbu, M. et al: "Netbill: An Internet Commerce System Optimized
for Network Delivered Services," Digest of Papers of the Computer
Society Computer Conference (Spring), Mar. 5, 1995, pp. 20-25,
vol. CONF. 40, COMPCON, US, Los Alamitos, IEEE Comp. Soc.
Press.

Schunter M. et al., "A status report on the SEMPER framework for
secure electronic commerce," Computer Networks and ISDN Sys-
tems, Sep. 30, 1998, pp. 1501-1510, vol. 30, No. 16-18, NL, North
Holland Publishing, Amsterdam.

(Continued)

*Primary Examiner*—Carol S. W. Tsai

(57) **ABSTRACT**

A method and system for monitoring and analyzing at least
one signal are disclosed. An abstract of at least one reference
signal is generated and stored in a reference database. An
abstract of a query signal to be analyzed is then generated so
that the abstract of the query signal can be compared to the
abstracts stored in the reference database for a match. The
method and system may optionally be used to record infor-
mation about the query signals, the number of matches
recorded, and other useful information about the query
signals. Moreover, the method by which abstracts are gen-
erated can be programmable based upon selectable criteria.
The system can also be programmed with error control
software so as to avoid the re-occurrence of a query signal
that matches more than one signal stored in the reference
database.

**14 Claims, No Drawings**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,513,261 A | 4/1996 | Maher | |
| 5,530,739 A | 6/1996 | Okada | |
| 5,530,751 A | 6/1996 | Morris | |
| 5,530,759 A | 6/1996 | Braudaway et al. | |
| 5,539,735 A | 7/1996 | Moskowitz | |
| 5,548,579 A | 8/1996 | Lebrun et al. | |
| 5,568,570 A | 10/1996 | Rabbani | |
| 5,579,124 A | 11/1996 | Aijala et al. | |
| 5,581,703 A | 12/1996 | Baugher et al. | |
| 5,583,488 A | 12/1996 | Sala et al. | |
| 5,598,470 A | 1/1997 | Cooper et al. | |
| 5,606,609 A | 2/1997 | Houser et al. | |
| 5,613,004 A | 3/1997 | Cooperman et al. | |
| 5,617,119 A | 4/1997 | Briggs et al. | |
| 5,625,690 A | 4/1997 | Michel et al. | |
| 5,629,980 A | 5/1997 | Stefik et al. | |
| 5,633,932 A | 5/1997 | Davis et al. | |
| 5,634,040 A | 5/1997 | Her et al. | |
| 5,636,276 A | 6/1997 | Brugger | |
| 5,636,292 A | 6/1997 | Rhoads | |
| 5,640,569 A | 6/1997 | Miller et al. | |
| 5,646,997 A | 7/1997 | Barton | |
| 5,659,726 A | 8/1997 | Sandford, II et al. | |
| 5,664,018 A | 9/1997 | Leighton | |
| 5,673,316 A | 9/1997 | Auerbach et al. | |
| 5,680,462 A | 10/1997 | Miller et al. | |
| 5,687,236 A | 11/1997 | Moskowitz et al. | |
| 5,689,587 A | 11/1997 | Bender et al. | |
| 5,696,828 A | 12/1997 | Koopman, Jr. | |
| 5,719,937 A | 2/1998 | Warren et al. | |
| 5,721,788 A | 2/1998 | Powell et al. | |
| 5,734,752 A | 3/1998 | Knox | |
| 5,737,416 A | 4/1998 | Cooper et al. | |
| 5,737,733 A | 4/1998 | Eller | |
| 5,740,244 A | 4/1998 | Indeck et al. | |
| 5,745,569 A | 4/1998 | Moskowitz et al. | |
| 5,748,783 A | 5/1998 | Rhoads | |
| 5,751,811 A | 5/1998 | Magnotti et al. | |
| 5,754,697 A * | 5/1998 | Fu et al. ..................... 382/232 | |
| 5,757,923 A | 5/1998 | Koopman, Jr. | |
| 5,765,152 A | 6/1998 | Erickson | |
| 5,774,452 A | 6/1998 | Wolosewicz | |
| 5,790,677 A | 8/1998 | Fox et al. | |
| 5,799,083 A | 8/1998 | Brothers et al. | |
| 5,809,139 A | 9/1998 | Girod et al. | |
| 5,809,160 A | 9/1998 | Powell et al. | |
| 5,822,432 A | 10/1998 | Moskowitz et al. | |
| 5,828,325 A | 10/1998 | Wolosewicz et al. | |
| 5,832,119 A | 11/1998 | Rhoads | |
| 5,848,155 A | 12/1998 | Cox | |
| 5,859,920 A | 1/1999 | Daly et al. | |
| 5,870,474 A | 2/1999 | Wasilewski et al. | |
| 5,884,033 A | 3/1999 | Duvall et al. | |
| 5,889,868 A | 3/1999 | Moskowitz et al. | |
| 5,893,067 A | 4/1999 | Bender et al. | |
| 5,894,521 A | 4/1999 | Conley | |
| 5,903,721 A | 5/1999 | Sixtus | |
| 5,905,800 A | 5/1999 | Moskowitz et al. | |
| 5,905,975 A | 5/1999 | Ausubel | |
| 5,912,972 A | 6/1999 | Barton | |
| 5,915,027 A | 6/1999 | Cox et al. | |
| 5,917,915 A | 6/1999 | Hirose | |
| 5,920,900 A | 7/1999 | Poole et al. | |
| 5,930,369 A | 7/1999 | Cox et al. | |
| 5,930,377 A | 7/1999 | Powell et al. | |
| 5,940,134 A | 8/1999 | Wirtz | |
| 5,943,422 A | 8/1999 | Van Wie et al. | |
| 5,963,909 A | 10/1999 | Warren et al. | |
| 5,973,731 A | 10/1999 | Schwab | |
| 5,974,141 A | 10/1999 | Saito | |
| 5,991,426 A | 11/1999 | Cox et al. | |

| | | | |
|---|---|---|---|
| 5,999,217 A | 12/1999 | Berners-Lee | |
| 6,009,176 A | 12/1999 | Gennaro et al. | |
| 6,029,126 A * | 2/2000 | Malvar ....................... 704/204 | |
| 6,041,316 A | 3/2000 | Allen | |
| 6,049,838 A | 4/2000 | Miller et al. | |
| 6,051,029 A | 4/2000 | Paterson et al. | |
| 6,061,793 A | 5/2000 | Tewfik et al. | |
| 6,069,914 A | 5/2000 | Cox | |
| 6,078,664 A | 6/2000 | Moskowitz et al. | |
| 6,081,251 A | 6/2000 | Sakai et al. | |
| 6,081,597 A | 6/2000 | Hoffstein et al. | |
| 6,088,455 A * | 7/2000 | Logan et al. ............... 380/200 | |
| 6,131,162 A | 10/2000 | Yoshiura et al. | |
| 6,141,753 A | 10/2000 | Zhao et al. | |
| 6,141,754 A | 10/2000 | Choy | |
| 6,154,571 A | 11/2000 | Cox et al. | |
| 6,199,058 B1 | 3/2001 | Wong et al. | |
| 6,205,249 B1* | 3/2001 | Moskowitz ................. 382/232 | |
| 6,208,745 B1 | 3/2001 | Florenio et al. | |
| 6,230,268 B1 | 5/2001 | Miwa et al. | |
| 6,233,347 B1 | 5/2001 | Chen et al. | |
| 6,233,684 B1 | 5/2001 | Stefik et al. | |
| 6,240,121 B1 | 5/2001 | Senoh | |
| 6,272,634 B1 | 8/2001 | Tewfik et al. | |
| 6,275,988 B1 | 8/2001 | Nagashima et al. | |
| 6,278,780 B1 | 8/2001 | Shimada | |
| 6,278,791 B1 | 8/2001 | Honsinger et al. | |
| 6,282,300 B1* | 8/2001 | Bloom et al. ............... 382/100 | |
| 6,282,650 B1 | 8/2001 | Davis | |
| 6,285,775 B1 | 9/2001 | Wu et al. | |
| 6,301,663 B1 | 10/2001 | Kato et al. | |
| 6,310,962 B1 | 10/2001 | Chung et al. | |
| 6,330,335 B1 | 12/2001 | Rhoads | |
| 6,330,672 B1 | 12/2001 | Shur | |
| 6,351,765 B1 | 2/2002 | Pietropaolo et al. | |
| 6,373,892 B1 | 4/2002 | Ichien et al. | |
| 6,377,625 B1* | 4/2002 | Kim ....................... 375/240.08 | |
| 6,381,618 B1 | 4/2002 | Jones et al. | |
| 6,381,747 B1 | 4/2002 | Wonfor et al. | |
| 6,385,329 B1 | 5/2002 | Sharma et al. | |
| 6,405,203 B1 | 6/2002 | Collart | |
| 6,415,041 B1 | 7/2002 | Oami et al. | |
| 6,425,081 B1 | 7/2002 | Iwamura | |
| 6,430,302 B2* | 8/2002 | Rhoads ....................... 382/100 | |
| 6,442,283 B1* | 8/2002 | Tewfik et al. ............... 382/100 | |
| 6,453,252 B1 | 9/2002 | Laroche | |
| 6,457,058 B1 | 9/2002 | Ullum et al. | |
| 6,493,457 B1 | 12/2002 | Quackenbush | |
| 6,522,767 B1 | 2/2003 | Moskowitz et al. | |
| 6,522,769 B1 | 2/2003 | Rhoads et al. | |
| 6,523,113 B1 | 2/2003 | Wehrenberg | |
| 6,530,021 B1 | 3/2003 | Epstein et al. | |
| 6,539,475 B1 | 3/2003 | Cox et al. | |
| 6,557,103 B1 | 4/2003 | Boncelet, Jr. et al. | |
| 6,584,125 B1* | 6/2003 | Katto ....................... 370/537 | |
| 6,598,162 B1 | 7/2003 | Moskowitz | |
| 6,606,393 B1* | 8/2003 | Xie et al. ................... 382/100 | |
| 6,647,424 B1 | 11/2003 | Pearson et al. | |
| 6,665,489 B2 | 12/2003 | Collart | |
| 6,668,246 B1 | 12/2003 | Yeung et al. | |
| 6,687,683 B1 | 2/2004 | Harada et al. | |
| 6,725,372 B1* | 4/2004 | Lewis et al. ............... 713/176 | |
| 6,754,822 B1 | 6/2004 | Zhao | |
| 6,775,772 B1 | 8/2004 | Binding et al. | |
| 6,785,815 B1 | 8/2004 | Serret-Avila et al. | |
| 6,823,455 B1 | 11/2004 | Macy et al. | |
| 6,977,894 B1 | 12/2005 | Achilles et al. | |
| 6,978,370 B1 | 12/2005 | Kocher | |
| 7,043,050 B2 | 5/2006 | Yuval | |
| 7,058,570 B1 | 6/2006 | Yu et al. | |
| 2002/0026343 A1 | 2/2002 | Duenke | |
| 2002/0097873 A1 | 7/2002 | Petrovic | |
| 2002/0103883 A1 | 8/2002 | Haverstock et al. | |

| 2003/0126445 | A1 | 7/2003 | Wehrenberg |
| 2003/0133702 | A1 | 7/2003 | Collart |
| 2004/0037449 | A1 | 2/2004 | Davis et al. |
| 2004/0128514 | A1 | 7/2004 | Rhoads |
| 2005/0160271 | A9 | 7/2005 | Brundage et al. |
| 2006/0005029 | A1 | 1/2006 | Petrovic et al. |
| 2006/0013395 | A1 | 1/2006 | Brundage et al. |

FOREIGN PATENT DOCUMENTS

| NL | 100523 | 9/1998 |
| WO | WO 95/14289 | 5/1995 |
| WO | 96/29795 | 9/1996 |
| WO | 97/24833 | 7/1997 |
| WO | WO 9744736 | 11/1997 |
| WO | WO98/37513 | 8/1998 |
| WO | WO 9952271 | 10/1999 |
| WO | WO 99/62044 | 12/1999 |
| WO | WO 9963443 | 12/1999 |

OTHER PUBLICATIONS

Konrad, K. et al., "Trust and electronic commerce-more than a technical problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed Systems, Proceedings 18th IEEE Symposium on Reliable Distributed Systems, Oct. 19-22, 1999, pp. 360-365, Lausanne, Switzerland.

Kini, A. et al., "Trust in electronic commerce: definition and theoretical considerations," Proceedings of Thirty-first Hawaii International Conference on System Sciences (Cat. No. 98TB100216), Jan. 6-9, 1998, pp. 51-61, Los Alamitos, CA, USA, IEEE Comput. Soc.

Steinauer D.D. et al., "Trust and traceability in electronic commerce," Standard View, Sep. 1997, pp. 118-124, vol. 5, No. 3, ACM, USA.

Moskowitz, Scott, "Bandwidth as Currency," IEEE MultiMedia, Jan.-Mar. 2003, pp. 14-21.

Pending U.S. Appl. No. 08/999,766, filed Jul. 23, 1997, titled "Steganographic Method and Device," assignee Wistaria Trading, Inc.

Pending U.S. Appl. No. 09/456,319, filed Dec. 8, 1999, titled "Transform Implementation of Digital Watermarks," assignee Wistaria Trading, Inc.

Pending U.S. Appl. No. 08/674,726, filed Jul. 2, 1996, titled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management," assignee Wistaria Trading, Inc.

Pending U.S. Appl. No. 09/545,589, filed Apr. 7, 2000, titled "Method and System for Digital Watermarking," assignee Wistaria Trading, Inc.

Pending U.S. Appl. No. 09/046,627, filed Mar. 24, 1998, titled "Method for Combining Transfer Function with Predetermined Key Creation," inventor: Moskowitz et al.

Pending U.S. Appl. No. 09/594,719, filed Jun. 16, 2000, titled "Utilizing Data Reduction in Steganographic and Cryptographic Systems," inventor: Moskowitz et al.

Pending U.S. Appl. No. 09/731,040, filed Dec. 7, 2000, titled "Systems, Methods and Devices for Trusted Transactions," assignee Blue Spike.

Pending U.S. Appl. No. 10/049,101, filed Feb. 8, 2002, titled "A Secure Personal Content Server," assignee Blue Spike.

Pending U.S. Appl. No. 09/657,181, filed Sep. 7, 2000, titled "Method and Device for Monitoring and Analyzing Signals," assignee Blue Spike.

Pending U.S. Appl. No. 09/671,739, filed Sep. 29, 2000, titled "Method and Device for Monitoring and Analyzing Signals," assignee Blue Spike.

Pending U.S. Appl. No. 09/956,262, filed Sep. 20, 2001, titled "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects," assignee Blue Spike.

Pending U.S. Appl. No. 09/731,039, filed Dec. 7, 2000, titled "System and Method for Permitting Open Access to Data Objects and For Securing Data within the Data Objects," assignee Blue Spike.

Pending U.S. Appl. No. 10/369,344, filed Feb. 18, 2003, titled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data," assignee Wistaria Trading.

Pending U.S. Appl. No. 09/789,711, filed Feb. 22, 2001, titled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks," assignee Wistaria Trading.

Pending U.S. Appl. No. 09/644,098, filed Aug. 23, 2000, titled "Multiple Transform Utilization and Application for Secure Digital Watermarking," inventor S. Moskowitz.

Pending U.S. Appl. No. 09/767,733, filed Jan. 24, 2001, titled "Multiple Transform Utilization and Application for Secure Digital Watermarking," inventor S. Moskowitz.

Pending U.S. Appl. No. 10/417,231, filed Apr. 17, 2003, titled "Method, System and Devices for Packet Watermarking and Efficient Provisioning of Bandwidth," inventor S. Moskowitz.

Pending U.S. Appl. No. 09/281,279, filed Mar. 30, 1999, titled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data," inventor S. Moskowitz.

Schneier, Bruce, Applied Cryptography, 2nd Ed., John Wiley & Sons, pp. 9-10, 1996.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 46, 1997.

Merriam-Webster's Collegiate Dictionary, 10th Ed., Merriam Webster, Inc., p. 207.

Brealy, et al., Principles of Corporate Finance, "Appendix A-Using Option Valuation Models", 1984, pp. 448-449.

Copeland, et al., Real Options: A Practioner's Guide, 2001 pp. 106-107, 201-202, 204-208.

Sarkar, M. "An Assessment of Pricing Mechanisms for the Internet-A Regulatory Imperative", presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/jep/works/SarkAsses.html on March.

Crawford, D.W. "Pricing Network Usage: A Market for Bandwidth of Market Communication?" presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/jep/works/CrawMarket.html on March.

Low, S.H., "Equilibrium Allocation and Pricing of Variable Resources Among User-Suppliers", 1988. http://www.citesear.nj.nec.com/366503.html.

Caronni, Germano, "Assuring Ownership Rights for Digital Images", published proceeds of reliable IT systems, v15 '95, H.H. Bruggemann and W Gerhardt-Hackel (Ed.), Viewing Publishing Company, Germany, 1995.

Zhao, Jian. "A WWW Service to Embed and Prove Digital Copyright Watermarks", Proc. of the european conf. on Multimedia Applications, Services & Techinques, Louvain-La-Neuve, Belgium, May 1996.

Gruhl, Daniel et al., Echo Hiding. In Proceeding of the Workshop on Information Hiding. No. 1174 in Lecture Notes in Computer Science. Cambridge. England (May/Jun. 1996).

Oomen, A.W.J. et al., A Variable Bit Rate Buried Data Channel for Compact Disc, J.Audio Eng.Sc.,vol. 43,No. 1/2,pp. 23-28 (1995).

Ten Kate, W. et al., A New Surround-Stereo-Surround Coding Techniques, J. Audio Eng.Soc.,vol. 40,No. 5,pp. 376-383 (1992).

Gerzon, Michael et al., A High Rate Buried Data Channel for Audio CD, presentation notes, Audio Engineering Soc. 94th Convention (1993).

Sklar,Bernard, Digital Communications, pp. 601-603 (1988).

Jayant, N.S. et al., Digital Coding of Waveforms, Prentice Hall Inc., Englewood Cliffs,NJ, pp. 486-509 (1984).

Bender, Walter R. et al., Techniques for Data Hiding, SPIE Int. Soc. Opt. Eng., vol. 2420, pp. 164-173, 1995.

Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, (xp 000571976), pp. 242-251, 1995.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 175, 1997.

Schneier, Bruce, Applied Cryptography, 1st Ed., pp. 67-68, 1994.

Ten Kate, W. et al., "Digital Audio Carrying Extra Information", IEEE, CH 2847-2/90/0000-1097, (1990).

van Schyndel, et al. A digital Watermark, IEEE Int'l Computer Processing Conference, Austin,TX, Nov. 13-16, 1994, pp. 86-90.

Smith, et al. Modulation and Information Hiding in Images, Springer Verlag, 1st Int'l Workshop, Cambridge, UK, May 30-Jun. 1, 1996, pp. 207-227.

Kutter, Martin et al., Digital Signature of Color Images Using Amplitude Modulation, SPIE-E197, vol. 3022, pp. 518-527.

Puate, Joan et al., Using Fractal Compression Scheme to Embed a Digital Signature into an Image, SPIE-96 Proceedings, vol. 2915, Mar. 1997, pp. 108-118.

Swanson, Mitchell D.,et al., Transparent Robust Image Watermarking, Proc. of the 1996 IEEE Int'l Conf. on Image Processing, vol. 111, 1996 , pp. 211-214.

Swanson, Mitchell D., et al. Robust Data Hiding for Images, 7th IEEE Digital Signal Processing Workshop, Leon, Norway. Sep. 1-4, 1996, pp. 37-40.

Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, Proceeding of the Know Right '95 Conference, pp. 242-251.

Koch, E., et al., Towards Robust and Hidden Image Copyright Labeling, 1995 IEEE Workshop on Nonlinear Signal and Image Processing, Jun. 1995 Neos Marmaras pp. 4.

Van Schyandel, et al., Towards a Robust Digital Watermark, Second Asain Image Processing Conference, Dec. 6-8, 1995,Singapore, vol. 2,pp. 504-508.

Tirkel,A.Z., A Two-Dimensional Digital Watermark, DICTA '95, Univ. of Queensland, Brisbane, Dec. 5-8, 1995, pp. 7.

Tirkel,A.Z., Image Watermarking-A Spread Spectrum Application, ISSSTA '96, Sep. 1996, Mainz, German, pp. 6.

O'Ruanaidh, et al. Watermarking Digital Images for Copyright Protection, IEEE Proceedings, vol. 143, No. 4, Aug. 96, pp. 250-256.

Cox, et al., Secure Spread Spectrum Watermarking for Multimedia, NEC Research Institude, Techinal Report 95-10, pp. 33.

Kahn, D., The Code Breakers, The MacMillan Company, 1969, pp. xIII, 81-83,513,515,522-526,863.

Boney, et al., Digital Watermarks for Audio Signals, EVSIPCO, 96, pp. 473-480.

Dept. of Electrical Engineering, Del Ft University of Technology, Del ft The Netherlands,Cr.C. Langelaar et al.,Copy Protection for Mulitmedia Data based on Labeling Techniques , Jul. 1996 9 pp.

F. Hartung, et al., Digital Watermarking of Raw and Compressed Video, SPIE vol. 2952, pp. 205-213.

Craver, et al., Can Invisible Watermarks Resolve Rightful Ownerships? IBM Research Report, RC 20509 (Jul. 25, 1996) 21 pp.

Press, et al., Numerical Recipes In C, Cambridge Univ. Press, 1988, pp. 398-417.

Pohlmann, Ken C., Principles of Digital Audio, 3rd Ed., 1995, pp. 32-37, 40-48, 138, 147-149,332,333,364, 499-501,508-509,564-571.

Pohlmann, Ken C., Principles of Digital Audio, 2nd Ed., 1991, pp. 1-9,19-25,30-33,41-48,54-57,86-107,375-387.

Schneier, Bruce, Applied Cryptography, John Wiley & Sons, inc., New York, 1994, pp. 68,69,387-392,1-57,273-275,321-324.

Boney, et al., Digital Watermarks for Audio Signals, Proceedings of the International Conf. on Multimedia Computing and Systems, Jun. 17-23, 1996,Hiroshima Japan 0-8186-7436-9196, pp. 473-480.

Johnson, et al., Transform Permuted Watermarking for Copyright Protection of Digital Video, IEEE Globecom 1998, Nov. 8-12, 1998, New York New York vol. 2 1998 pp. 684-689 (ISBN 0-7803-4985-7).

Rivest, et al., "Pay Word and Micromint: Two Simple Micropayment Schemes," MIT Laboratory for Computer Science, Cambridge, MA, May 7, 1996 pp. 1-18.

Bender, et al., Techniques for Data Hiding, IBM Systems Journal, vol. 35, Nos. 3 & 4,1996,pp. 313-336.

Moskowitz, Bandwidth as Currency, IEEE Multimedia, Jan.-Mar. 2003, pp. 14-21.

Moskowitz, Multimedia Security Technologies for Digital Rights Management, 2006, Academic Press, "Introduction-Digital Rights Management" pp. 3-22.

Rivest, et al., "Pay Word and MicroMint: Two Simple Micropayment Schemes" Mir Laboratory for Computer Science, Cambridge, MA, Apr. 27, 2001, pp. 1-18.

Tomsich, et al., "Towards a secure and de-centralized digital watermarking infrastructure for the protection of Intellectual Property", in Electronic Commerce and Web Technologies, Proceedings (ECWEB.

Moskowitz, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security, Robustness and Quality", IEEE Computer Society Proceedings of ITCC 2002 Apr. 10, 2002 pp. 80-84.

Lemma, et al. "Secure Watermark Embedding through Partial Encryption", International Workshop on Digital Watermarking ("IWDW" 2006), Springer Lecture Notes in Computer Science 2006, (to appear) 13.

Kocher, et al., "Self Protecting Digital Content", Technical Report from the CRI Content Security Research Initiative, Crytography Research, Inc. 2002-2003 14 pages.

Sirbu, M. et al., "Net Bill: An Internet Commerce System Optimized for Network Delivered Services", Digest of Papers of the Computer Society Computer Conference (Spring) Mar. 5, 1995 pp. 20-25 vol. CONF40.

Schunter, M. et al., "A Status Report on the SEMPER framework for Secure Electronic Commerce", Computer Networks and ISDN Systems, Sep. 30, 1998 pp. 1501-1510 vol. 30, No. 16-18 NL North Holland.

Konrad, K. et al., "Trust and Elecronic Commerce-more than a techinal problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed Systems Oct. 19-22, 1999 pp. 360-365 Lausanne.

Kini, a. et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf. on System Sciences (Cat. No. 98TB100216), Jan. 6-9, 1998, pp. 51-61, Los.

Steinauer D. D., et al., "Trust and Traceability in Electronic Commerce", Standard View, Sep. 1997, pp. 118-124, vol. 5 No. 3, ACM, USA.

Hartung, et al. "Multimedia Watermarking Techniques", Proceedings of the IEEE, Special Issue, Identification & Protection of Multimedia Information, pp. 1079-1107 Jul. 1999 vol. 87 No. 7 IEEE.

* cited by examiner

# METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims the benefit of pending U.S. patent application Ser. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device"; pending U.S. patent application Ser. No. 08/772,222, filed Dec. 20, 1996, entitled "Z-Transform Implementation of Digital Watermarks"; pending U.S. patent application Ser. No. 09/456,319, filed Dec. 8, 1999, entitled "Transform Implementation of Digital Watermarks"; pending U.S. patent application Ser. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management"; pending U.S. patent application Ser. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital Watermarking"; pending U.S. patent application Ser. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation"; pending U.S. patent application Ser. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking"; pending U.S. patent application Ser. No. 09/281,279, filed Mar. 30, 1999, entitled "Optimization Methods for the Insertion, Protection, and Detection . . . "; U.S. patent application Ser. No. 09/594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems" (which is a continuation-in-part of PCT application No. PCT/US00/06522, filed Mar. 14, 2000, which PCT application claimed priority to U.S. Provisional Application No. 60/125,990, filed Mar. 24, 1999); now abandoned U.S. Application No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions"; and PCT Application No. PCT/US00/21189, filed Aug. 4, 2000 (which claims priority to U.S. Patent Application Ser. No. 60/147,134, filed Aug. 4, 1999, and to U.S. Patent Application No. 60/213,489, filed Jun. 23, 2000, both of which are entitled, "A Secure Personal Content Server"). The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties.

In addition, this application hereby incorporates by reference, as if fully stated herein, the total disclosures of U.S. Pat. No. 5,613,004 "Steganographic Method and Device"; U.S. Pat. No. 5,745,569 "Method for Stega-Cipher Protection of Computer Code"; and U.S. Pat. No. 5,889,868 "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data."

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The invention relates to the monitoring and analysis of digital information. A method and device are described which relate to signal recognition to enhance identification and monitoring activities.

2. Description of the Related Art

Many methods and protocols are known for transmitting data in digital form for multimedia applications (including computer applications delivered over public networks such as the internet or World Wide Web ("WWW"). These methods may include protocols for the compression of data, such that it may more readily and quickly be delivered over limited bandwidth data lines. Among standard protocols for

data compression of digital files may be mentioned the MPEG compression standards for audio and video digital compression, promulgated by the Moving Picture Experts Group. Numerous standard reference works and patents discuss such compression and transmission standards for digitized information.

Digital watermarks help to authenticate the content of digitized multimedia information, and can also discourage piracy. Because piracy is clearly a disincentive to the digital distribution of copyrighted content, establishment of responsibility for copies and derivative copies of such works is invaluable. In considering the various forms of multimedia content, whether "master," stereo, NTSC video, audio tape or compact disc, tolerance of quality will vary with individuals and affect the underlying commercial and aesthetic value of the content. It is desirable to tie copyrights, ownership rights, purchaser information or some combination of these and related data into the content in such a manner that the content must undergo damage, and therefore reduction of its value, with subsequent, unauthorized distribution, commercial or otherwise. Digital watermarks address many of these concerns. A general discussion of digital watermarking as it has been applied in the art may be found in U.S. Pat. No. 5,687,236 (whose specification is incorporated in whole herein by reference).

Further applications of basic digital watermarking functionality have also been developed. Examples of such applications are shown in U.S. Pat. No. 5,889,868 (whose specification is incorporated in whole herein by reference). Such applications have been drawn, for instance, to implementations of digital watermarks that were deemed most suited to particular transmissions, or particular distribution and storage mediums, given the nature of digitally sampled audio, video, and other multimedia works. There have also been developed techniques for adapting watermark application parameters to the individual characteristics of a given digital sample stream, and for implementation of digital watermarks that are feature-based—i.e., a system in which watermark information is not carried in individual samples, but is carried in the relationships between multiple samples, such as in a waveform shape. For instance, natural extensions may be added to digital watermarks that may also separate frequencies (color or audio), channels in 3D while utilizing discreteness in feature-based encoding only known to those with pseudo-random keys (i.e., cryptographic keys) or possibly tools to access such information, which may one day exist on a quantum level.

A matter of general weakness in digital watermark technology relates directly to the manner of implementation of the watermark. Many approaches to digital watermarking leave detection and decode control with the implementing party of the digital watermark, not the creator of the work to be protected. This weakness removes proper economic incentives for improvement of the technology. One specific form of exploitation mostly regards efforts to obscure subsequent watermark detection. Others regard successful over encoding using the same watermarking process at a subsequent time. Yet another way to perform secure digital watermark implementation is through "key-based" approaches.

## SUMMARY OF THE INVENTION

A method for monitoring and analyzing at least one signal is disclosed, which method comprises the steps of: receiving at least one reference signal to be monitored; creating an abstract of the at least one reference signal; storing the

3

abstract of the at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of the at least one query signal; and comparing the abstract of the at least one query signal to the abstract of the at least one reference signal to determine if the abstract of the at least one query signal matches the abstract of the at least one reference signal.

A method for monitoring a plurality of reference signals is also disclosed, which method comprises the steps of: creating an abstract for each one of a plurality of reference signals; storing each of the abstracts in a reference database; receiving at least one query signal to be analyzed; creating an abstract of each at least one query signal; locating an abstract in the reference database that matches the abstract of each at least one query signal; and recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

A computerized system for monitoring and analyzing at least one signal is also disclosed, which system comprises: a processor for creating an abstract of a signal using selectable criteria; a first input for receiving at least one reference signal to be monitored, the first input being coupled to the processor such that the processor may generate an abstract for each reference signal input to the processor; a reference database, coupled to the processor, for storing abstracts of each at least one reference signal; a second input for receiving at least one query signal to be analyzed, the second input being coupled to the processor such that the processor may generate an abstract for each query signal; and a comparing device, coupled to the reference database and to the second input, for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

Further, an electronic system for monitoring and analyzing at least one signal is disclosed, which system comprises: a first input for receiving at least one reference signal to be monitored, a first processor for creating an abstract of each reference signal input to the first processor through the first input; a second input for receiving at least one query signal to be analyzed, a second processor for creating an abstract of each query signal; a reference database for storing abstracts of each at least one reference signal; and a comparing device for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

## DETAILED DESCRIPTION OF THE INVENTION

While there are many approaches to data reduction that can be utilized, a primary concern is the ability to reduce the digital signal in such a manner as to retain a "perceptual relationship" between the original signal and its data reduced version. This relationship may either be mathematically discernible or a result of market-dictated needs. The purpose is to afford a more consistent means for classifying signals than proprietary, related text-based approaches. A simple analogy is the way in which a forensic investigator uses a sketch artist to assist in determining the identity of a human.

In one embodiment of the invention, the abstract of a signal may be generated by the following steps: 1) analyze the characteristics of each signal in a group of audible/perceptible variations for the same signal (e.g., analyze each of five versions of the same song—which versions may have

4

the same lyrics and music but which are sung by different artists; and 2) select those characteristics which achieve remain relatively constant (or in other words, which have minimum variation) for each of the signals in the group. Optionally, the null case may be defined using those characteristics which are common to each member of the group of versions.

Lossless and lossy compression schemes are appropriate candidates for data reduction technologies, as are those subset of approaches that are based on perceptual models, such as AAC, MP3, TwinVQ, JPEG, GIF, MPEG, etc. Where spectral transforms fail to assist in greater data reduction of the signal, other signal characteristics can be identified as candidates for further data reduction. Linear predictive coding (LPC), z-transform analysis, root mean square (rms), signal to peak, may be appropriate tools to measure signal characteristics, but other approaches or combinations of signal characteristic analysis are contemplated. While such signal characteristics may assist in determining particular applications of the present invention, a generalized approach to signal recognition is necessary to optimize the deployment and use of the present invention.

Increasingly, valuable information is being created and stored in digital form. For example, music, photographs and motion pictures can all be stored and transmitted as a series of binary digits—1's and 0's. Digital techniques permit the original information to be duplicated repeatedly with perfect or near perfect accuracy, and each copy is perceived by viewers or listeners as indistinguishable from the original signal. Unfortunately, digital techniques also permit the information to be easily copied without the owner's permission. While digital representations of analog waveforms may be analyzed by perceptually-based or perceptually-limited analysis it is usually costly and time-consuming to model the processes of the highly effective ability of humans to identify and recognize a signal. In those applications where analog signals require analysis, the cost of digitizing the analog signal is minimal when compared to the benefits of increased accuracy and speed of signal analysis and monitoring when the processes contemplated by this invention are utilized.

The present invention relates to identification of digitally-sampled information, such as images, audio and video. Traditional methods of identification and monitoring of those signals do not rely on "perceptual quality," but rather upon a separate and additional signal. Within this application, such signals will be called "additive signals" as they provide information about the original images, audio or video, but such information is in addition to the original signal. One traditional, text-based additive signal is title and author information. The title and author, for example, is information about a book, but it is in addition to the text of the book. If a book is being duplicated digitally, the title and author could provide one means of monitoring the number of times the text is being duplicated, for example, through an Internet download. The present invention, however, is directed to the identification of a digital signal—whether text, audio, or video—using only the digital signal itself and then monitoring the number of times the signal is duplicated. Reliance on an additive signal has many shortcomings. For example, first, someone must incorporate the additive signal within the digital data being transmitted, for example, by concatenation or through an embedding process. Such an additive signal, however, can be easily identified and removed by one who wants to utilize the original signal without paying for its usage. If the original signal itself is used to identify the content, an unauthorized user could not

5

avoid payment of a royalty simply by removing the additive signal—because there is no additive signal to remove. Hence, the present invention avoids a major disadvantage of the prior art.

One such additive signal that may be utilized is a digital watermark—which ideally cannot be removed without perceptually altering the original signal. A watermark may also be used as a monitoring signal (for example, by encoding an identifier that uniquely identifies the original digital signal into which the identifier is being embedded). A digital watermark used for monitoring is also an additive signal, and such a signal may make it difficult for the user who wants to duplicate a signal without paying a royalty—mainly by degrading the perceptual quality of the original signal if the watermark (and hence the additive monitoring signal) is removed. This is, however, is a different solution to the problem.

The present invention eliminates the need of any additive monitoring signal because the present invention utilizes the underlying content signal as the identifier itself. Nevertheless, the watermark may increase the value of monitoring techniques by increasing the integrity of the embedded data and by indicating tampering of either the original content signal or the monitoring signal. Moreover, the design of a watermarking embedding algorithm is closely related to the perceptibility of noise in any given signal and can represent an ideal subset of the original signal: the watermark bits are an inverse of the signal to the extent that lossy compression schemes, which can be used, for instance, to optimize a watermarking embedding scheme, can yield information about the extent to which a data signal can be compressed while holding steadfast to the design requirement that the compressed signal maintain its perceptual relationship with the original, uncompressed signal. By describing those bits that are candidates for imperceptible embedding of watermark bits, further data reduction may be applied on the candidate watermarks as an example of retaining a logical and perceptible relationship with the original uncompressed signal.

Of course, the present invention may be used in conjunction with watermarking technology (including the use of keys to accomplish secure digital watermarking), but watermarking is not necessary to practice the present invention. Keys for watermarking may have many forms, including: descriptions of the original carrier file formatting, mapping of embedded data (actually imperceptible changes made to the carrier signal and referenced to the predetermined key or key pairs), assisting in establishing the watermark message data integrity (by incorporation of special one way functions in the watermark message data or key), etc. Discussions of these systems in the patents and pending patent applications are incorporated by reference above. The "recognition" of a particular signal or an instance of its transmission, and its monitoring are operations that may be optimized through the use of digital watermark analysis.

A practical difference between the two approaches of using a separate, additive monitoring signal and using the original signal itself as the monitoring signal is control. If a separate signal is used for monitoring, then the originator of the text, audio or video signal being transmitted and the entity doing the monitoring have to agree as to the nature of the separate signal to be used for monitoring—otherwise, the entity doing the monitoring would not know where to look, for what to look, or how to interpret the monitoring signal once it was identified and detected. On the other hand, if the original signal is used itself as a monitoring signal, then no such agreement is necessary. Moreover, a more

6

logical and self-sufficient relationship between the original and its data-reduced abstract enhances the transparency of any resulting monitoring efforts. The entity doing the monitoring is not looking for a separate, additive monitoring system, and further, need not have to interpret the content of the monitoring signal.

Monitoring implementations can be handled by robust watermark techniques (those techniques that are able to survive many signal manipulations but are not inherently "secure" for verification of a carrier signal absent a logically-related watermarking key) and forensic watermark techniques (which enable embedding of watermarks that are not able to survive perceptible alteration of the carrier signal and thus enable detection of tampering with the originally watermarked carrier signal). The techniques have obvious trade-offs between speed, performance and security of the embedded watermark data.

In other disclosures, we suggest improvements and implementations that relate to digital watermarks in particular and embedded signaling in general. A digital watermark may be used to "tag" content in a manner that is not humanly-perceptible, in order to ensure that the human perception of the signal quality is maintained. Watermarking, however, must inherently alter at least one data bit of the original signal to represent a minimal change from the original signal's "unwatermarked state." The changes may affect only a bit, at the very least, or be dependent on information hiding relating to signal characteristics, such as phase information, differences between digitized samples, root mean square (RMS) calculations, z-transform analysis, or similar signal characteristic category.

There are weaknesses in using digital watermark technology for monitoring purposes. One weakness relates directly to the way in which watermarks are implemented. Often, the persons responsible for encoding and decoding the digital watermark are not the creator of the valuable work to be protected. As such, the creator has no input on the placement of the monitoring signal within the valuable work being protected. Hence, if a user wishing to avoid payment of the royalty can find a way to decode or remove the watermark, or at least the monitoring signal embedded in the watermark, then the unauthorized user may successfully duplicate the signal with impunity. This could occur, for example, if either of the persons responsible for encoding or decoding were to have their security compromised such that the encoding or decoding algorithms were discovered by the unauthorized user.

With the present invention, no such disadvantages exist because the creator need not rely on anyone to insert a monitoring signal—as no such signal is necessary. Instead, the creator's work itself is used as the monitoring signal. Accordingly, the value in the signal will have a strong relationship with its recognizability.

By way of improving methods for efficient monitoring as well as effective confirmation of the identity of a digitally-sampled signal, the present invention describes useful methods for using digital signal processing for benchmarking a novel basis for differencing signals with binary data comparisons. These techniques may be complemented with perceptual techniques, but are intended to leverage the generally decreasing cost of bandwidth and signal processing power in an age of increasing availability and exchange of digitized binary data.

So long as there exist computationally inexpensive ways of identifying an entire signal with some fractional representation or relationship with the original signal, or its perceptually observable representation, we envision meth-

ods for faster and more accurate auditing of signals as they are played, distributed or otherwise shared amongst providers (transmitters) and consumers (receivers). The ability to massively compress a signal to its essence—which is not strictly equivalent to "lossy" or "lossless" compression schemes or perceptual coding techniques, but designed to preserve some underlying "aesthetic quality" of the signal—represents a useful means for signal analysis in a wide variety of applications. The signal analysis, however, must maintain the ability to distinguish the perceptual quality of the signals being compared. For example, a method which analyzed a portion of a song by compressing it to a single line of lyrics fails to maintain the ability to distinguish the perceptual quality of the songs being compared. Specifically, for example, if the song "New York State of Mind" were compressed to the lyrics "I'm in a New York State of Mind," such a compression fails to maintain the ability to distinguish between the various recorded versions of the song, say, for example between Billy Joel's recording and Barbara Streisand's recording. Such a method is, therefore, incapable of providing accurate monitoring of the artist's recordings because it could not determine which of the two artists is deserving of a royalty—unless of course, there is a separate monitoring signal to provide the name of the artist or other information sufficient to distinguish the two versions. The present invention, however, aims to maintain some level of perceptual quality of the signals being compared and would deem such a compression to be excessive.

This analogy can be made clearer if it is understood that there are a large number of approaches to compressing a signal to, say, $\frac{1}{10,000}^{th}$ of its original size, not for maintaining its signal quality to ensure computational ease for commercial quality distribution, but to assist in identification, analysis or monitoring of the signal. Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters. That is to say, the signal is compressed to retain what is "humanly-perceptible." As long as the compression successfully mimics human perception, data space may be saved when the compressed file is compared to the uncompressed or original file. While psychoacoustic and psychovisual compression has some relevance to the present invention, additional data reduction or massive compression is anticipated by the present invention. It is anticipated that the original signal may be compressed to create a realistic or self-similar representation of the original signal, so that the compressed signal can be referenced at a subsequent time as unique binary data that has computational relevance to the original signal. Depending on the application, general data reduction of the original signal can be as simple as massive compression or may relate to the watermark encoding envelope parameter (those bits which a watermarking encoding algorithm deem as candidate bits for mapping independent data or those bits deemed imperceptible to human senses but detectable to a watermark detection algorithm). In this manner, certain media which are commonly known by signal characteristics, a painting, a song, a TV commercial, a dialect, etc., may be analyzed more accurately, and perhaps, more efficiently than a text-based descriptor of the signal. So long as the sender and receiver agree that the data representation is accurate, even insofar as the data-reduction technique has logical relationships with the perceptibility of the original signal, as they must with commonly agreed to text descriptors, no independent cataloging is necessary.

The present invention generally contemplates a signal recognition system that has at least five elements. The actual number of elements may vary depending on the number of domains in which a signal resides (for example, audio is at least one domain while visual carriers are at least two dimensional). The present invention contemplates that the number of elements will be sufficient to effectively and efficiently meet the demands of various classes of signal recognition. The design of the signal recognition that may be used with data reduction is better understood in the context of the general requirements of a pattern or signal recognition system.

The first element is the reference database, which contains information about a plurality of potential signals that will be monitored. In one form, the reference database would contain digital copies of original works of art as they are recorded by the various artists, for example, contain digital copies of all songs that will be played by a particular radio station. In another form, the reference database would contain not perfect digital copies of original works of art, but digital copies of abstracted works of art, for example, contain digital copies of all songs that have been preprocessed such that the copies represent the perceptual characteristics of the original songs. In another form, the reference database would contain digital copies of processed data files, which files represent works of art that have been preprocessed in such a fashion as to identify those perceptual differences that can differentiate one version of a work of art from another version of the same work of art, such as two or more versions of the same song, but by different artists. These examples have obvious application to visually communicated works such as images, trademarks or photographs, and video as well.

The second element is the object locator, which is able to segment a portion of a signal being monitored for analysis (i.e., the "monitored signal"). The segmented portion is also referred to as an "object." As such, the signal being monitored may be thought of comprising a set of objects. A song recording, for example, can be thought of as having a multitude of objects. The objects need not be of uniform length, size, or content, but merely be a sample of the signal being monitored. Visually communicated informational signals have related objects; color and size are examples.

The third element is the feature selector, which is able to analyze a selected object and identify perceptual features of the object that can be used to uniquely describe the selected object. Ideally, the feature selector can identify all, or nearly all, of the perceptual qualities of the object that differentiate it from a similarly selected object of other signals. Simply, a feature selector has a direct relationship with the perceptibility of features commonly observed. Counterfeiting is an activity which specifically seeks out features to misrepresent the authenticity of any given object. Highly granular, and arguably successful, counterfeiting is typically sought for objects that are easily recognizable and valuable, for example, currency, stamps, and trademarked or copyrighted works and objects that have value to a body politic.

The fourth element is the comparing device which is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Depending upon how the information of the plurality of signals is stored in the reference database and depending upon the available computational capacity (e.g., speed and efficiency), the exact nature of the comparison will vary. For example, the comparing device may compare the selected object directly to the signal information stored in the database. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector and then compare the

selected object to the processed signal information. Alternatively, the comparing device may need to process the selected object using input from the feature selector and then compare the processed selected object to the signal information. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector, process the selected object using input from the feature selector, and then compare the processed selected object to the processed signal information.

The fifth element is the recorder which records information about the number of times a given signal is analyzed and detected. The recorder may comprise a database which keeps track of the number of times a song, image, or a movie has been played, or may generate a serial output which can be subsequently processed to determine the total number of times various signals have been detected.

Other elements may be added to the system or incorporated into the five elements identified above. For example, an error handler may be incorporated into the comparing device. If the comparing device identifies multiple signals which appear to contain the object being sought for analysis or monitoring, the error handler may offer further processing in order to identify additional qualities or features in the selected object such that only one of the set of captured signals is found to contain the further analyzed selected object that actually conforms with the object thought to have been transmitted or distributed.

Moreover, one or more of the five identified elements may be implemented with software that runs on the same processor, or which uses multiple processors. In addition, the elements may incorporate dynamic approaches that utilize stochastic, heuristic, or experience-based adjustments to refine the signal analysis being conducted within the system, including, for example, the signal analyses being performed within the feature selector and the comparing device. This additional analyses may be viewed as filters that are designed to meet the expectations of accuracy or speed for any intended application.

Since maintenance of original signal quality is not required by the present invention, increased efficiencies in processing and identification of signals can be achieved. The present invention concerns itself with perceptible relationships only to the extent that efficiencies can be achieved both in accuracy and speed with enabling logical relationships between an original signal and its abstract.

The challenge is to maximize the ability to sufficiently compress a signal to both retain its relationship with the original signal while reducing the data overhead to enable more efficient analysis, archiving and monitoring of these signals. In some cases, data reduction alone will not suffice: the sender and receiver must agree to the accuracy of the recognition. In other cases, agreement will actually depend on a third party who authored or created the signal in question. A digitized signal may have parameters to assist in establishing more accurate identification, for example, a "signal abstract" which naturally, or by agreement with the creator, the copyright owner or other interested parties, can be used to describe the original signal. By utilizing less than the original signal, a computationally inexpensive means of identification can be used. As long as a realistic set of conditions can be arrived at governing the relationship between a signal and its data reduced abstract, increases in effective monitoring and transparency of information data flow across communications channels is likely to result. This feature is significant in that it represents an improvement over how a digitally-sampled signal can be cataloged and

identified, though the use of a means that is specifically selected based upon the strengths of a general computing device and the economic needs of a particular market for the digitized information data being monitored. The additional benefit is a more open means to uniformly catalog, analyze, and monitor signals. As well, such benefits can exist for third parties, who have a significant interest in the signal but are not the sender or receiver of said information.

As a general improvement over the art, the present invention incorporates what could best be described as "computer-acoustic" and "computer-visual" modeling, where the signal abstracts are created using data reduction techniques to determine the smallest amount of data, at least a single bit, which can represent and differentiate two digitized signal representations for a given predefined signal set. Each of such representations must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database. The predefined signal set is the object being analyzed. The signal identifier/detector should receive its parameters from a database engine. The engine will identify those characteristics (for example, the differences) that can be used to distinguish one digital signal from all other digital signals that are stored in its collection. For those digital signals or objects which are seemingly identical, excepting that the signal may have different performance or utilization in the newly created object, benefits over additive or text-based identifiers are achieved. Additionally, decisions regarding the success or failure of an accurate detection of any given object may be flexibly implemented or changed to reflect market-based demands of the engine. Appropriate examples are songs or works or art which have been sampled or re-produced by others who are not the original creator.

In some cases, the engine will also consider the NULL case for a generalized item not in its database, or perhaps in situations where data objects may have collisions. For some applications, the NULL case is not necessary, thus making the whole system faster. For instance, databases which have fewer repetitions of objects or those systems which are intended to recognize signals with time constraints or capture all data objects. Greater efficiency in processing a relational database can be obtained because the rules for comparison are selected for the maximum efficiency of the processing hardware and/or software, whether or not the processing is based on psychoacoustic or psychovisual models. The benefits of massive data reduction, flexibility in constructing appropriate signal recognition protocols and incorporation of cryptographic techniques to further add accuracy and confidence in the system are clearly improvements over the art. For example, where the data reduced abstract needs to have further uniqueness, a hash or signature may be required. And for objects which have further uniqueness requirements, two identical instances of the object could be made unique with cryptographic techniques.

Accuracy in processing and identification may be increased by using one or more of the following fidelity evaluation functions:

1) RMS (root mean square). For example, a RMS function may be used to assist in determining the distance between data based on mathematically determinable Euclidean distance between the beginning and end data points (bits) of a particular signal carrier.

2) Frequency weighted RMS. For example, different weights may be applied to different frequency components of the carrier signal before using RMS. This selective weighting can assist in further distinguishing the distance between beginning and end points of the

signal carrier (at a given point in time, described as bandwidth, or the number of total bits that can be transmitted per second) and may be considered to be the mathematical equivalent of passing a carrier signal difference through a data filter and figuring the average power in the output carrier.

3) Absolute error criteria, including particularly the NULL set (described above) The NULL may be utilized in two significant cases: First, in instances where the recognized signal appears to be an identified object which is inaccurately attributed or identified to an object not handled by the database of objects; and second, where a collision of data occurs. For instance, if an artist releases a second performance of a previously recorded song, and the two performances are so similar that their differences are almost imperceptible, then the previously selected criteria may not be able to differentiate the two recordings. Hence, the database must be "recalibrated" to be able to differentiate these two versions. Similarly, if the system identifies not one, but two or more, matches for a particular search, then the database may need "recalibration" to further differentiate the two objects stored in the database.

4) Cognitive Identification. For example, the present invention may use an experience-based analysis within a recognition engine. Once such analysis may involve mathematically determining a spectral transform or its equivalent of the carrier signal. A spectral transform enables signal processing and should maintain, for certain applications, some cognitive or perceptual relationship with the original analog waveform. As a novel feature to the present invention, additional classes may be subject to humanly-perceptible observation. For instance, an experience-based criteria which relates particularly to the envisioned or perceived accuracy of the data information object as it is used or applied in a particular market, product, or implementation. This may include a short 3 second segment of a commercially available and recognizable song which is used for commercials to enable recognition of the good or service being marketed. The complete song is marketed as a separately valued object from the use of a discrete segment of the song (that may be used for promotion or marketing—for the complete song or for an entirely different good or service). To the extent that an owner of the song in question is able to further enable value through the licensing or agreement for use of a segment of the original signal, cognitive identification is a form of filtering to enable differentiations between different and intended uses of the same or subset of the same signal (object). The implementation relating specifically, as disclosed herein, to the predetermined identification or recognition means and/or any specified relationship with subsequent use of the identification means can be used to create a history as to how often a particular signal is misidentified, which history can then be used to optimize identification of that signal in the future. The difference between use of an excerpt of the song to promote a separate and distinct good or service and use of the excerpt to promote recognition of the song itself (for example, by the artist to sell copies of the song) relates informationally to a decision based on recognized and approved use of the song. Both the song and applications of the song in its entirety or as a subset are typically based on agreement by the creator and the sender who seeks to utilize the work. Trust in the means for identification, which can be weighted in

the present invention (for example, by adjusting bit-addressable information), is an important factor in adjusting the monitoring or recognition features of the object or carrier signal, and by using any misidentification information, (including any experience-based or heuristic information), additional features of the monitored signal can be used to improve the performance of the monitoring system envisioned herein. The issue of central concern with cognitive identification is a greater understanding of the parameters by which any given object is to be analyzed. To the extent that a creator chooses varying and separate application of his object, those applications having a cognitive difference in a signal recognition sense (e.g., the whole or an excerpt), the system contemplated herein includes rules for governing the application of bit-addressable information to increase the accuracy of the database.

5) Finally, the predetermined parameters that are associated with a discrete case for any given object will have a significant impact upon the ability to accurately process and identify the signals. For example, if a song is transmitted over an FM carrier, then one skilled in the art will appreciate that the FM signal has a predetermined bandwidth which is different from the bandwidth of the original recording, and different even from song when played on an AM carrier, and different yet from a song played using an 8-bit Internet broadcast. Recognition of these differences, however, will permit the selection of an identification means which can be optimized for monitoring a FM broadcasted signal. In other words, the discreteness intended by the sender is limited and directed by the fidelity of the transmission means. Objects may be cataloged and assessing with the understanding that all monitoring will occur using a specific transmission fidelity. For example, a database may be optimized with the understanding that only AM broadcast signals will be monitored. For maximum efficiency, different data bases may be created for different transmission channels, e.g., AM broadcasts, FM broadcasts, Internet broadcasts, etc.

For more information on increasing efficiencies for information systems, see *The Mathematical Theory of Communication* (1948), by Shannon.

Because bandwidth (which in the digital domain is equated to the total number of bits that can be transmitted in a fixed period of time) is a limited resource which places limitations upon transmission capacity and information coding schemes, the importance of monitoring for information objects transmitted over any given channel must take into consideration the nature and utilization of a given channel. The supply and demand of bandwidth will have a dramatic impact on the transmission, and ultimately, upon the decision to monitor and recognize signals. A discussion of this is found in a co-pending application by the inventor under U.S. patent application Ser. No. 08/674,726 "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (which application is incorporated herein by reference as if fully setforth herein).

If a filter is to be used in connection with the recognition or monitoring engine, it may be desirable for the filter to anticipate and take into consideration the following factors, which affect the economics of the transmission as they relate to triggers for payment and/or to events requiring audits of the objects which are being transmitted: 1) time of transmission (i.e., the point in time when the transmission

occurred), including whether the transmission is of a live performance); 2) location of transmission (e.g., what channel was used for transmission, which usually determines the associated cost for usage of the transmission channel); 3) the point of origination of the transmission (which may be the same for a signal carrier over many distinct channels); and 4) pre-existence of the information carrier signal (prerecorded or newly created information carrier signal, which may require differentiation in certain markets or instances).

In the case of predetermined carrier signals (those which have been recorded and stored for subsequent use), "positional information carrier signals" are contemplated by this invention, namely, perceptual differences between the seemingly "same" information carrier that can be recognized as consumers of information seek different versions or quality levels of the same carrier signal. Perceptual differences exist between a song and its reproduction from a CD, an AM radio, and an Internet broadcast. To the extent that the creator or consumer of the signal can define a difference in any of the four criteria above, means can be derived (and programmed for selectability) to recognize and distinguish these differences. It is, however, quite possible that the ability to monitor carrier signal transmission with these factors will increase the variety and richness of available carrier signals to existing communications channels. The differentiation between an absolute case for transmission of an object, which is a time dependent event, for instance a live or real time broadcast, versus the relative case, which is prerecorded or stored for transmission at a later point in time, creates recognizable differences for signal monitoring.

The monitoring and analysis contemplated by this invention may have a variety of purposes, including, for example, the following: to determine the number of times a song is broadcast on a particular radio broadcast or Internet site; to control security though a voice-activated security system; and to identify associations between a beginner's drawing and those of great artists (for example to draw comparisons between technique, compositions, or color schemes). None of these examples could be achieved with any significant degree of accuracy using a text-based analysis. Additionally, strictly text-based systems fail to fully capture the inherent value of the data recognition or monitoring information itself.

## SAMPLE EMBODIMENTS

In order to better appreciate and understand the present invention, the following sample embodiments are provided. These sample embodiments are provided for exemplary purposes only, and in no way limit the present invention.

### Sample Embodiment 1

A database of audio signals (e.g., songs) is stored or maintained by a radio station or Internet streaming company, who may select a subset of the songs are stored so that the subset may be later broadcast to listeners. The subset, for example, may comprise a sufficient number of songs to fill 24 hours of music programming (between 300 or 500 songs). Traditionally, monitoring is accomplished by embedding some identifier into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments. Most of the traditional analysis is performed by actual persons who use play lists and other statistical approximations of audio play, including for example, data obtained through the manual (i.e., by persons) monitoring of a statistically significant sample of stations

and transmission times so that an extrapolation may be made to a larger number of comparable markets.

The present invention creates a second database from the first database, wherein each of the stored audio signals in the first database is data reduced in a manner that is not likely to reflect the human perceptual quality of the signal, meaning that a significantly data-reduced signal is not likely to be played back and recognized as the original signal. As a result of the data reduction, the size of the second database (as measured in digital terms) is much smaller than the size of the first database, and is determined by the rate of compression. If, for example, if 24 hours worth of audio signals are compressed at a 10,000:1 compression rate, the reduced data could occupy a little more than 1 megabyte of data. With such a large compression rate, the data to be compared and/or analyzed may become computationally small such that computational speed and efficiency are significantly improved.

With greater compression rates, it is anticipated that similarity may exist between the data compressed abstractions of different analog signals (e.g., recordings by two different artists of the same song). The present invention contemplates the use of bit-addressable differences to distinguish between such cases. In applications where the data to be analyzed may higher value in some predetermined sense, cryptographic protocols, such as a hash or digital signature, can be used to distinguish such close cases.

In a preferred embodiment, the present invention may utilize a centralized database where copies of new recordings may be deposited to ensure that copyright owners, who authorize transmission or use of their recordings by others, can independently verify that the object is correctly monitored. The rules for the creator himself to enter his work would differ from a universally recognized number assigned by an independent authority (say, ISRC, ISBN for recordings and books respectively). Those skilled in the art of algorithmic information theory (AIT) can recognize that it is now possible to describe optimized use of binary data for content and functionality. The differences between objects must relate to decisions made by the user of the data, introducing subjective or cognitive decisions to the design of the contemplated invention as described above. To the extent that objects can have an optimized data size when compared with other objects for any given set of objects, the algorithms for data reduction would have predetermined flexibility directly related to computational efficiency and the set of objects to be monitored. The flexibility in having transparent determination of unique signal abstracts, as opposed to independent third party assignment, is likely to increase confidence in the monitoring effort by the owners of the original signals themselves. The prior art allows for no such transparency to the copyright creators.

### Sample Embodiment 2

Another embodiment of the invention relates to visual images, which of course, involve at least two dimensions.

Similar to the goals of a psychoacoustic model, a psychovisual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image. Using the very same techniques described above in connection with an audio signal, signal monitoring of visual images may be implemented.

One such application for monitoring and analyzing visual images involves a desire to find works of other artists that relate to a particular theme. For example, finding paintings

15

16

of sunsets or sunrises. A traditional approach might involve a textual search involving a database wherein the works of other artists have been described in writing. The present invention, however, involves the scanning of an image involving a sun, compressing the data to its essential characteristics (i.e., those perceptual characteristics related to the sun) and then finding matches in a database of other visual images (stored as compressed or even uncompressed data). By studying the work of other artists using such techniques, a novice, for example, could learn much by comparing the presentations of a common theme by different artists.

Another useful application involving this type of monitoring and analyzing is the identification of photographs of potential suspects whose identity matches the sketch of a police artist.

Note that combinations of the monitoring techniques discussed above can be used for audio-visual monitoring, such as video-transmission by a television station or cable station. The techniques would have to compensate, for example, for a cable channel that is broadcasting a audio channel unaccompanied by video.

Other embodiments and uses of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. The specification and examples should be considered exemplary only with the true scope and spirit of the invention indicated by the following claims. As will be easily understood by those of ordinary skill in the art, variations and modifications of each of the disclosed embodiments can be easily made within the scope of this invention as defined by the following claims.

What is claimed is:

**1**. A method for monitoring and analyzing at least one signal comprising:

receiving at least one reference signal to be monitored;

creating an abstract of said at least one reference signal wherein the step of creating an abstract of said at least one reference signal comprises:

inputting the reference signal to a processor;

creating an abstract of the reference signal using perceptual qualities of the reference signal such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

storing the abstract of said at least one reference signal in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of said at least one query signal wherein the step of creating an abstract of said at least one query signal comprises:

inputting the at least one query signal to the processor;

creating an abstract of the at least one query signal using perceptual qualities of the at least one query signal such that the abstract retains a perceptual relationship to the at least one query signal from which it is derived; and

comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at least one reference signal.

**2**. The method of claim **1**, wherein the step of creating an abstract of said at least one reference signal comprises:

using a portion of said at least one reference signal to create an abstract of said at least one reference signal; and

the step of creating an abstract of said at least one query signal comprises:

using a portion of said at least one query signal to create an abstract of said at least one query signal.

**3**. A method for monitoring and analyzing at least one signal comprising:

receiving at least one reference signal to be monitored;

creating an abstract of said at least one reference signal;

storing the abstract of said at least one reference signal in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of said at least one query signal;

comparing the abstract of said at least one query signal to the abstract of said at least one reference signal to determine if the abstract of said at least one query signal matches the abstract of said at least one reference signal;

creating at least one counter corresponding to one of said at least one reference signals, said at least one counter being representative of the number of times a match is found between the abstract of said at least one query signal and the abstract of said at least one reference signal; and

incrementing the counter corresponding to a particular reference signal when a match is found between an abstract of said at least one query signal and the abstract of the particular reference signal.

**4**. The method of claim **3** further comprising:

recording an occurrence of a match between the abstract of said at least one query signal and the abstract of said at least one reference signal; and

generating a report that identifies the reference signal whose abstract matched the abstract of said at least one query signal.

**5**. The method of claim **4**, further comprising:

recording an occurrence of a match between the abstract of said at least one query signal and the abstract of said at least one reference signal.

**6**. A method for monitoring a plurality of reference signals, comprising:

creating an abstract for each of the plurality of reference signals wherein the step of creating an abstract for each of a plurality of reference signals comprises:

inputting each of the plurality of reference signals to a processor;

creating an abstract of each one of the plurality of reference signals using perceptual qualities of each one of a plurality of reference signals such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

storing each of said abstracts in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of each of the at least one query signals wherein the step of creating an abstract of each of the at least one query signals comprises:

inputting each of the at least one query signals to a processor;

creating an abstract of each one of a plurality of reference signals using perceptual qualities of each one of a plurality of reference signals such that the abstract retains a perceptual relationship to the reference signal from which it is derived;

locating an abstract in the reference database that matches the abstract of each at least one query signal; and

recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

**7**. The method of claim **6**, wherein

the step of creating an abstract of said at least one reference signal comprises:

using a portion of said at least one reference signal to create an abstract of said at least one reference signal;

and the step of creating an abstract of said at least one query signal comprises:

using a portion of said at least one query signal to create an abstract of said at least one query signal.

**8**. A method for monitoring a plurality of reference signals, comprising:

creating an abstract for each of the plurality of reference signals;

storing each of said abstracts in a reference database;

receiving at least one query signal to be analyzed;

creating an abstract of each of the at least one query signals;

locating an abstract in the reference database that matches the abstract of each at least one query signal;

recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal;

creating at least one counter corresponding to one of said plurality of reference signals, said at least one counter being representative of the number of times a match is found between the abstract of said at least one query signal and an abstract of one of said plurality of reference signals; and

incrementing the counter corresponding to a particular reference signal when a match is found between an abstract of said at least one query signal and the abstract of the particular reference signal.

**9**. A computerized system for monitoring and analyzing at least one signal:

a processor that creates an abstract of a signal using selectable criteria;

a first input that receives at least one reference signal to be monitored, said first input being coupled to said processor such that said processor may generate an abstract for each reference signal input to said processor;

a reference database, coupled to said processor, that stores abstracts of each at least one reference signal;

a second input that receives at least one query signal to be analyzed, said second input being coupled to said processor such that said processor may generate an abstract for each query signal;

a comparing device, coupled to said reference database and to said second input, that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts;

a storage medium coupled to said first input, that stores each of said at least one reference signals to be monitored; and

a controller coupled to the first input, the processor, the comparing device, the reference database and the storage medium, said controller causing an abstract for each reference signal being input for the first time to be compared to all previously stored abstracts in the reference database, such that in the event that the comparing device determines that it cannot distinguish between the abstract of a reference signal being input for the first time from a previously stored abstract in the reference database, the controller adjusts the criteria

being used by the processor and re-generates the reference database, by re-processing each reference signal stored on the storage medium to create new abstracts and storing said new abstracts in the reference database.

**10**. The system of claim **9**, wherein the controller includes a means to adjust compression rates at which the processor processes a signal to create an abstract.

**11**. A computerized system for monitoring and analyzing at least one signal:

a processor that creates an abstract of a signal using selectable criteria;

a first input that receives at least one reference signal to be monitored, said first input being coupled to said processor such that said processor may generate an abstract for each reference signal input to said processor;

a reference database, coupled to said processor, that stores abstracts of each at least one reference signal;

a second input that receives at least one query signal to be analyzed, said second input being coupled to said processor such that said processor may generate an abstract for each query signal;

a comparing device, coupled to said reference database and to said second input, that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts, wherein the comparing device identifies at least two abstracts in the reference database that match the abstract of said at least one query signal and an index of relatedness to said at least one query signal for each of said at least two matching abstracts.

**12**. The system of claim **11**, further comprising:

a security controller that controls access to a secured area, such that access is granted only if the comparing device confirms that an abstract of said at least one query signal matches an abstract of said at least one reference signal.

**13**. The system of claim **11**, further comprising:

a recorder that records the identify of the reference signal whose abstract matched the abstract of said at least one query signal; and

a report generator that generates a report that identifies the reference signals whose abstracts matched the abstract of said at least one query signal.

**14**. A electronic system for monitoring and analyzing at least one signal, comprising:

a first input that receives at least one reference signal to be monitored,

a first processor that creates an abstract of each reference signal input to said first processor through said first input;

a second input that receives at least one query signal to be analyzed,

a second processor that creates an abstract of each query signal;

a reference database that stores abstracts of each at least one reference signal;

a comparing device that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts;

a storage medium coupled to said first input, that stores each of said at least one reference signals to be monitored; and

**19**

a controller that compares an abstract for each reference signal being input for the first time to be compared to all previously stored abstracts in the reference database, such that in the event that the comparing device determines that it cannot distinguish between the abstract of a reference signal being input for the first time from a previously stored abstract in the reference database, the

**20**

controller adjusts the criteria being used by the processor and re-generates the reference database, by re-processing each reference signal stored on the storage medium to create new abstracts and storing said new abstracts in the reference database.

\*    \*    \*    \*    \*

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.        : 7,346,472 B1                                 Page 1 of 1
APPLICATION NO.  : 09/657181
DATED              : March 18, 2008
INVENTOR(S)     : Scott Moskowitz

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 1 line 7 reading:
-- This application claims the benefit of pending U.S. patent --

should read:

-- This application is related to pending U.S. patent --

Signed and Sealed this
Thirteenth Day of September, 2011

David J. Kappos
*Director of the United States Patent and Trademark Office*

Appx0037



US007660700B2

(12) **United States Patent**     (10) **Patent No.:**   **US 7,660,700 B2**

Moskowitz et al.     (45) **Date of Patent:**   ***Feb. 9, 2010**

(54) **METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS**

(75) Inventors: **Scott A. Moskowitz**, Sunny Isles Beach, FL (US); **Michael Berry**, Virginia Beach, VA (US)

(73) Assignee: **Blue Spike, Inc.**, Sunny Isles Beach, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **12/005,229**

(22) Filed: **Dec. 26, 2007**

(65) **Prior Publication Data**

US 2008/0109417 A1    May 8, 2008

**Related U.S. Application Data**

(63) Continuation of application No. 09/657,181, filed on Sep. 7, 2000, now Pat. No. 7,346,472.

(51) **Int. Cl.**
*G06F 19/00*    (2006.01)

(52) **U.S. Cl.** ............................. **702/182**; 707/1; 707/2; 707/3; 707/10; 709/209; 705/51; 380/28

(58) **Field of Classification Search** ................. 702/182; 707/1, 2, 3, 10; 709/209; 705/51; 380/28
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,947,825 A | 3/1976 | Cassada | |
| 3,984,624 A | 10/1976 | Waggener | |
| 3,986,624 A | 10/1976 | Cates, Jr. et al. | |
| 4,038,596 A | 7/1977 | Lee | |
| 4,200,770 A | 4/1980 | Hellman et al. | |
| 4,218,582 A | 8/1980 | Hellman et al. | |
| 4,339,134 A | 7/1982 | Macheel | |
| 4,390,898 A | 6/1983 | Bond et al. | |
| 4,405,829 A | 9/1983 | Rivest et al. | |
| 4,424,414 A | 1/1984 | Hellman et al. | |
| 4,528,588 A | 7/1985 | Lofberg | |
| 4,672,605 A | 6/1987 | Hustig et al. | |
| 4,748,668 A | 5/1988 | Shamir et al. | |
| 4,789,928 A | 12/1988 | Fujisaki | |
| 4,827,508 A | 5/1989 | Shear | |
| 4,876,617 A | 10/1989 | Best et al. | |
| 4,896,275 A | 1/1990 | Jackson | |
| 4,908,873 A | 3/1990 | Philibert et al. | |
| 4,939,515 A | 7/1990 | Adelson | |
| 4,969,204 A | 11/1990 | Jones et al. | |
| 4,972,471 A | 11/1990 | Gross et al. | |
| 4,977,594 A | 12/1990 | Shear | |
| 4,979,210 A | 12/1990 | Nagata et al. | |
| 4,980,782 A | 12/1990 | Ginkel | |
| 5,050,213 A | 9/1991 | Shear | |
| 5,073,925 A | 12/1991 | Nagata et al. | |
| 5,077,665 A | 12/1991 | Silverman et al. | |
| 5,113,437 A | 5/1992 | Best et al. | |
| 5,136,581 A | 8/1992 | Muehrcke | |
| 5,136,646 A | 8/1992 | Haber et al. | |
| 5,136,647 A | 8/1992 | Haber et al. | |
| 5,142,576 A | 8/1992 | Nadan | |
| 5,161,210 A | 11/1992 | Druyvesteyn et al. | |
| 5,210,820 A * | 5/1993 | Kenyon ...................... 704/200 |
| 5,243,423 A | 9/1993 | DeJean et al. | |
| 5,243,515 A | 9/1993 | Lee | |
| 5,287,407 A | 2/1994 | Holmes | |
| 5,319,735 A | 6/1994 | Preuss et al. | |
| 5,341,429 A | 8/1994 | Stringer et al. | |
| 5,341,477 A | 8/1994 | Pitkin et al. | |
| 5,363,448 A | 11/1994 | Koopman et al. | |
| 5,365,586 A | 11/1994 | Indeck et al. | |
| 5,369,707 A | 11/1994 | Follendore, III | |
| 5,379,345 A | 1/1995 | Greenberg | |
| 5,394,324 A | 2/1995 | Clearwater | |
| 5,398,285 A | 3/1995 | Borgelt et al. | |

(Continued)

FOREIGN PATENT DOCUMENTS

EP    0372601 A1    6/1990

(Continued)

OTHER PUBLICATIONS

Schneier, Bruce, Applied Cryptography, 2nd Ed., John Wiley & Sons, pp. 9-10, 1996.

Menezes, Alfred J., Handbook of Applied Crypography, CRC Press, p. 46, 1997.

Brealy, et al., Principles of Corporate Finance, "Appendix A—Using Option Valuation Models", 1984, pp. 448-449 .

Copeland, et al., Real Options: A Practioner's Guide, 2001 pp. 106-107, 201-202, 204-208.

Crawford, D.W. "Pricing Network Usage: A Market for Bandwith of Market Communication?" presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.umich.edu/jep/works/CrawMarket.html on March.

Low, S.H., "Equilibrium Allocation and Pricing of Variable Resources Among User-Suppliers", 1988. http://www.citesear.nj.nec.com/366503.html.

(Continued)

*Primary Examiner*—Carol S Tsai

(57) **ABSTRACT**

A method and system for monitoring and analyzing at least one signal are disclosed. An abstract of at least one reference signal is generated and stored in a reference database. An abstract of a query signal to be analyzed is then generated so that the abstract of the query signal can be compared to the abstracts stored in the reference database for a match. The method and system may optionally be used to record information about the query signals, the number of matches recorded, and other useful information about the query signals. Moreover, the method by which abstracts are generated can be programmable based upon selectable criteria. The system can also be programmed with error control software so as to avoid the re-occurrence of a query signal that matches more than one signal stored in the reference database.

**52 Claims, No Drawings**

## U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 5,406,627 A | 4/1995 | Thompson et al. |
| 5,408,505 A | 4/1995 | Indeck et al. |
| 5,410,598 A | 4/1995 | Shear |
| 5,412,718 A | 5/1995 | Narasimhalu et al. |
| 5,418,713 A | 5/1995 | Allen |
| 5,428,606 A | 6/1995 | Moskowitz |
| 5,450,490 A | 9/1995 | Jensen et al. |
| 5,469,536 A | 11/1995 | Blank |
| 5,471,533 A | 11/1995 | Wang et al. |
| 5,478,990 A | 12/1995 | Montanari et al. |
| 5,479,210 A | 12/1995 | Cawley et al. |
| 5,487,168 A | 1/1996 | Geiner et al. |
| 5,493,677 A | 2/1996 | Balogh et al. |
| 5,497,419 A | 3/1996 | Hill |
| 5,506,795 A | 4/1996 | Yamakawa |
| 5,513,126 A | 4/1996 | Harkins et al. |
| 5,513,261 A | 4/1996 | Maher |
| 5,530,739 A | 6/1996 | Okada |
| 5,530,751 A | 6/1996 | Morris |
| 5,530,759 A | 6/1996 | Braudaway et al. |
| 5,548,579 A | 8/1996 | Lebrun et al. |
| 5,568,570 A | 10/1996 | Rabbani |
| 5,579,124 A | 11/1996 | Aijala et al. |
| 5,581,703 A | 12/1996 | Baugher et al. |
| 5,583,488 A | 12/1996 | Sala et al. |
| 5,598,470 A | 1/1997 | Cooper et al. |
| 5,606,609 A | 2/1997 | Houser et al. |
| 5,613,004 A | 3/1997 | Cooperman et al. |
| 5,617,119 A | 4/1997 | Briggs et al. |
| 5,625,690 A | 4/1997 | Michel et al. |
| 5,629,980 A | 5/1997 | Stefik et al. |
| 5,633,932 A | 5/1997 | Davis et al. |
| 5,634,040 A | 5/1997 | Her et al. |
| 5,636,276 A | 6/1997 | Brugger |
| 5,636,292 A | 6/1997 | Rhoads |
| 5,640,569 A | 6/1997 | Miller et al. |
| 5,646,997 A | 7/1997 | Barton |
| 5,657,461 A | 8/1997 | Harkins et al. |
| 5,659,726 A | 8/1997 | Sandford, II et al. |
| 5,664,018 A | 9/1997 | Leighton |
| 5,673,316 A | 9/1997 | Auerbach et al. |
| 5,677,952 A | 10/1997 | Blakley et al. |
| 5,680,462 A | 10/1997 | Miller et al. |
| 5,687,236 A | 11/1997 | Moskowitz et al. |
| 5,689,587 A | 11/1997 | Bender et al. |
| 5,696,828 A | 12/1997 | Koopman, Jr. |
| 5,719,937 A | 2/1998 | Warren et al. |
| 5,721,788 A | 2/1998 | Powell et al. |
| 5,734,752 A | 3/1998 | Knox |
| 5,737,416 A | 4/1998 | Cooper et al. |
| 5,737,733 A | 4/1998 | Eller |
| 5,740,244 A | 4/1998 | Indeck et al. |
| 5,745,569 A | 4/1998 | Moskowitz et al. |
| 5,748,783 A | 5/1998 | Rhoads |
| 5,751,811 A | 5/1998 | Magnotti et al. |
| 5,754,697 A | 5/1998 | Fu et al. |
| 5,757,923 A | 5/1998 | Koopman, Jr. |
| 5,765,152 A | 6/1998 | Erickson |
| 5,768,396 A | 6/1998 | Sone |
| 5,774,452 A | 6/1998 | Wolosewicz |
| 5,790,677 A | 8/1998 | Fox et al. |
| 5,799,083 A | 8/1998 | Brothers et al. |
| 5,809,139 A | 9/1998 | Girod et al. |
| 5,809,160 A | 9/1998 | Powell et al. |
| 5,828,325 A | 10/1998 | Wolose Wicz et al. |
| 5,832,119 A | 11/1998 | Rhoads |
| 5,848,155 A | 12/1998 | Cox |
| 5,850,481 A | 12/1998 | Rhoads |
| 5,859,920 A | 1/1999 | Daly et al. |
| 5,860,099 A | 1/1999 | Milios et al. |
| 5,862,260 A | 1/1999 | Rhoads |
| 5,870,474 A | 2/1999 | Wasilewski et al. |
| 5,884,033 A | 3/1999 | Duvall et al. |
| 5,889,868 A | 3/1999 | Moskowitz et al. |
| 5,893,067 A | 4/1999 | Bender et al. |
| 5,894,521 A | 4/1999 | Conley |
| 5,903,721 A | 5/1999 | Sixtus |
| 5,905,800 A | 5/1999 | Moskowitz et al. |
| 5,905,975 A | 5/1999 | Ausubel |
| 5,912,972 A | 6/1999 | Barton |
| 5,915,027 A | 6/1999 | Cox et al. |
| 5,917,915 A | 6/1999 | Hirose |
| 5,918,223 A | 6/1999 | Blum |
| 5,920,900 A | 7/1999 | Poole et al. |
| 5,923,763 A | 7/1999 | Walker et al. |
| 5,930,369 A | 7/1999 | Cox et al. |
| 5,930,377 A | 7/1999 | Powell et al. |
| 5,940,134 A | 8/1999 | Wirtz |
| 5,943,422 A | 8/1999 | Van Wie et al. |
| 5,963,909 A | 10/1999 | Warren et al. |
| 5,973,731 A | 10/1999 | Schwab |
| 5,974,141 A | 10/1999 | Saito |
| 5,991,426 A | 11/1999 | Cox et al. |
| 5,999,217 A | 12/1999 | Berners-Lee |
| 6,009,176 A | 12/1999 | Gennaro et al. |
| 6,029,126 A | 2/2000 | Malvar |
| 6,041,316 A | 3/2000 | Allen |
| 6,049,838 A | 4/2000 | Miller et al. |
| 6,051,029 A | 4/2000 | Paterson et al. |
| 6,061,793 A | 5/2000 | Tewfik et al. |
| 6,069,914 A | 5/2000 | Cox |
| 6,078,664 A | 6/2000 | Moskowitz et al. |
| 6,081,251 A | 6/2000 | Sakai et al. |
| 6,081,597 A | 6/2000 | Hoffstein et al. |
| 6,088,455 A * | 7/2000 | Logan et al. ................ 380/200 |
| 6,131,162 A | 10/2000 | Yoshiura et al. |
| 6,141,753 A | 10/2000 | Zhao et al. |
| 6,141,754 A | 10/2000 | Choy |
| 6,154,571 A | 11/2000 | Cox et al. |
| 6,199,058 B1 | 3/2001 | Wong et al. |
| 6,205,249 B1 | 3/2001 | Moskowitz |
| 6,208,745 B1 | 3/2001 | Florencio et al. |
| 6,230,268 B1 | 5/2001 | Miwa et al. |
| 6,233,347 B1 | 5/2001 | Chen et al. |
| 6,233,684 B1 | 5/2001 | Stefik et al. |
| 6,240,121 B1 | 5/2001 | Senoh |
| 6,263,313 B1 | 7/2001 | Milsted et al. |
| 6,272,634 B1 | 8/2001 | Tewfik et al. |
| 6,275,988 B1 | 8/2001 | Nagashima et al. |
| 6,278,780 B1 | 8/2001 | Shimada |
| 6,278,791 B1 | 8/2001 | Honsinger et al. |
| 6,282,300 B1 | 8/2001 | Bloom et al. |
| 6,282,650 B1 | 8/2001 | Davis |
| 6,285,775 B1 | 9/2001 | Wu et al. |
| 6,301,663 B1 | 10/2001 | Kato et al. |
| 6,310,962 B1 | 10/2001 | chung et al. |
| 6,330,335 B1 | 12/2001 | Rhoads |
| 6,330,672 B1 | 12/2001 | Shur |
| 6,345,100 B1 | 2/2002 | Levine |
| 6,351,765 B1 | 2/2002 | Pietropaolo et al. |
| 6,363,483 B1 | 3/2002 | Keshav |
| 6,373,892 B1 | 4/2002 | Ichien et al. |
| 6,373,960 B1 | 4/2002 | Conover et al. |
| 6,377,625 B1 | 4/2002 | Kim |
| 6,381,618 B1 | 4/2002 | Jones et al. |
| 6,381,747 B1 | 4/2002 | Wonfor et al. |
| 6,385,329 B1 | 5/2002 | Sharma et al. |
| 6,389,538 B1 | 5/2002 | Gruse et al. |
| 6,405,203 B1 | 6/2002 | Collart |
| 6,415,041 B1 | 7/2002 | Oami et al. |
| 6,425,081 B1 | 7/2002 | Iwamura |
| 6,430,301 B1 | 8/2002 | Petrovic |
| 6,430,302 B2 | 8/2002 | Rhoads |
| 6,442,283 B1 | 8/2002 | Tewfik et al. |

| | | | |
|---|---|---|---|
| 6,453,252 | B1 | 9/2002 | Laroche |
| 6,457,058 | B1 | 9/2002 | Ullum et al. |
| 6,463,468 | B1 | 10/2002 | Buch et al. |
| 6,493,457 | B1 | 12/2002 | Quackenbush |
| 6,522,769 | B1 | 2/2003 | Rhoads et al. |
| 6,523,113 | B1 | 2/2003 | Wehrenberg |
| 6,530,021 | B1 | 3/2003 | Epstein et al. |
| 6,532,284 | B2 | 3/2003 | Walker et al. |
| 6,539,475 | B1 | 3/2003 | Cox et al. |
| 6,557,103 | B1 | 4/2003 | Boncelet, Jr. et al. |
| 6,584,125 | B1 | 6/2003 | Katto |
| 6,587,837 | B1 | 7/2003 | Spagna et al. |
| 6,598,162 | B1 | 7/2003 | Moskowitz |
| 6,606,393 | B1 | 8/2003 | Xie et al. |
| 6,647,424 | B1 | 11/2003 | Pearson et al. |
| 6,658,010 | B1 | 12/2003 | Enns et al. |
| 6,665,489 | B2 | 12/2003 | Collart |
| 6,668,246 | B1 | 12/2003 | Yeung et al. |
| 6,668,325 | B1 | 12/2003 | Collberg et al. |
| 6,687,683 | B1 | 2/2004 | Harada et al. |
| 6,725,372 | B1 | 4/2004 | Lewis et al. |
| 6,754,822 | B1 | 6/2004 | Zhao |
| 6,775,772 | B1 | 8/2004 | Binding et al. |
| 6,784,354 | B1 | 8/2004 | Lu et al. |
| 6,785,815 | B1 | 8/2004 | Serret-Avila et al. |
| 6,823,455 | B1 | 11/2004 | Macy et al. |
| 6,834,308 | B1 | 12/2004 | Ikezoye et al. |
| 6,842,862 | B2 | 1/2005 | Chow et al. |
| 6,931,534 | B1 | 8/2005 | Jandel et al. |
| 6,966,002 | B1 | 11/2005 | Torrubia-Saez |
| 6,983,337 | B2 | 11/2005 | Wold |
| 6,977,894 | B1 | 12/2005 | Achilles et al. |
| 6,978,370 | B1 | 12/2005 | Kocher |
| 7,020,285 | B1 | 3/2006 | Kirovski et al. |
| 7,043,050 | B2 | 5/2006 | Yuval |
| 7,046,808 | B1 | 5/2006 | Metois et al. |
| 7,050,396 | B1 | 5/2006 | Cohen et al. |
| 7,051,208 | B2 | 5/2006 | Venkatesan et al. |
| 7,058,570 | B1 | 6/2006 | Yu et al. |
| 7,093,295 | B1 | 8/2006 | Saito |
| 7,107,451 | B2 | 9/2006 | Moskowitz |
| 7,150,003 | B2 | 12/2006 | Naumovich et al. |
| 7,162,642 | B2 | 1/2007 | Schumann et al. |
| 7,177,430 | B2 | 2/2007 | Kim |
| 7,206,649 | B2 | 4/2007 | Kirovski et al. |
| 7,231,524 | B2 | 6/2007 | Bums |
| 7,240,210 | B2 | 7/2007 | Mihcak et al. |
| 7,266,697 | B2 | 9/2007 | Kirovski et al. |
| 7,286,451 | B2 | 10/2007 | Wirtz et al. |
| 7,289,643 | B2 | 10/2007 | Brunk et al. |
| 7,363,278 | B2 | 4/2008 | Schmelzer et al. |
| 7,460,994 | B2 | 12/2008 | Herre et al. |
| 2001/0043594 | A1 * | 11/2001 | Ogawa et al. ................ 370/356 |
| 2002/0026343 | A1 | 2/2002 | Duenke |
| 2002/0073043 | A1 | 6/2002 | Herman et al. |
| 2002/0097873 | A1 | 7/2002 | Petrovic |
| 2002/0103883 | A1 | 8/2002 | Haverstock et al. |
| 2002/0161741 | A1 | 10/2002 | Wang et al. |
| 2003/0126445 | A1 | 7/2003 | Wehrenberg |
| 2003/0133702 | A1 | 7/2003 | Collart |
| 2004/0028222 | A1 | 2/2004 | Sewell et al. |
| 2004/0037449 | A1 | 2/2004 | Davis et al. |
| 2004/0049695 | A1 | 3/2004 | Choi et al. |
| 2004/0059918 | A1 | 3/2004 | Xu |
| 2004/0083369 | A1 | 4/2004 | Erlingsson et al. |
| 2004/0093521 | A1 | 5/2004 | Hamadeh et al. |
| 2004/0125983 | A1 | 7/2004 | Reed et al. |
| 2004/0128514 | A1 | 7/2004 | Rhoads |
| 2005/0160271 | A9 | 7/2005 | Brundage et al. |
| 2005/0246554 | A1 | 11/2005 | Batson |
| 2006/0005029 | A1 | 1/2006 | Petrovic et al. |
| 2006/0013395 | A1 | 1/2006 | Brundage et al. |
| 2006/0013451 | A1 | 1/2006 | Haitsma |

| | | | |
|---|---|---|---|
| 2006/0041753 | A1 | 2/2006 | Haitsma |
| 2007/0083467 | A1 | 4/2007 | Lindahl et al. |
| 2007/0127717 | A1 | 6/2007 | Herre et al. |
| 2007/0253594 | A1 | 11/2007 | Lu et al. |

## FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0565947 A1 | 10/1993 |
| EP | 0581317 A2 | 2/1994 |
| EP | 0649261 | 4/1995 |
| EP | 0651554 A | 5/1995 |
| EP | 1354276 B1 | 12/2007 |
| NL | 100523 | 9/1998 |
| WO | WO 95/14289 | 5/1995 |
| WO | 96/29795 | 9/1996 |
| WO | 97/24833 | 7/1997 |
| WO | WO 9744736 | 11/1997 |
| WO | WO98/37513 | 8/1998 |
| WO | WO 9952271 | 10/1999 |
| WO | WO 99/62044 | 12/1999 |
| WO | WO 9963443 | 12/1999 |

## OTHER PUBLICATIONS

Caronni, Germano, "Assuring Ownership Rights for Digital Images", published proceeds of reliable IT systems, v15 '95, H.H. Bruggemann and W Gerhardt-Hackel (Ed.) Viewing Publishing Company Germany 1995.

Zhao, Jian. "A WWW Service to Embed and Prove Digital Copyright Watermarks", Proc. of the european conf. on Mulitmedia Applications, Services & Techinques Louvain-I a-Nevve Belgium, May 1996.

Gruhl,Daniel et al.,Echo Hiding. In Proceeding of the Workshop on Information Hiding. No. 1174 in Lecture Notes in Computer Science,Cambridge,England (May/Jun. 1996).

Oomen,A.W.J. et al., A Variable Bit Rate Buried Data Channel for Compact Disc, J.Audio Eng.Sc.,vol. 43,No. 1/2,pp. 23-28 (1995).

Ten Kate,W. et al., A New Surround-Stereo-Surround Coding Techniques, J. Audio Eng.Soc.,vol. 40,No. 5,pp. 376-383 (1992).

Gerzon, Michael et al., A High Rate Buried Data Channel for Audio CD, presentation notes, Audio Engineering Soc. 94th Convention (1993).

Sklar,Bernard, Digital Communications, pp. 601-603 (1988).

Jayant, N.S. et al., Digital Coding of Waveforms, Prentice Hall Inc., Englewood Cliffs,NJ, pp. 486-509 (1984).

Bender, Walter R. et al., Techniques for Data Hiding, SPIE Int. Soc. Opt. Eng., vol. 2420, pp. 164-173, 1995.

Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, (xp 000571976), pp. 242-251, 1995.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 175, 1997.

Schneier, Bruce, Applied Cryptography, 1st Ed., pp. 67-68, 1994.

ten Kate, W. et al., "Digital Audio Carrying Extra Information", IEEE, CH 2847-2/90/0000-1097, (1990).

van Schyndel, A. digital Watermark, IEEE Int'l Computer Processing Conference, Austin,TX, Nov. 13-16, 1994, pp. 86-90.

Smith, et al. Modulation and Information Hiding in Images, Springer Verlag, 1st Int'l Workshop, Cambridge, UK, May 30-Jun. 1, 1996, pp. 207-227.

Puate, Joan et al., Using Fractal Compression Scheme to Embed a Digital Signature into an Image, SPIE-96 Proceedings, vol. 2915, Mar. 1997, pp. 108-118.

Swanson, Mitchell D.,et al.; Transparent Robust Image Watermarking, Proc. of the 1996 IEEE Int'l Conf. on Image Processing, vol. 111, 1996, pp. 211-214.

Swanson, Mitchell D., et al. Robust Data Hiding for Images, 7th IEEE Digital Signal Processing Workshop, Leon, Norway. Sep. 1-4, 1996, pp. 37-40.

Koch, E., et al., Towards Robust and Hidden Image Copyright Labeling, 1995 IEEE Workshop on Nonlinear Signal and Image Processing, Jun. 1995 Neos Marmaras pp. 4.

Van Schyandel, et al., Towards a Robust Digital Watermark, Second Asain Image Processing Conference, Dec. 6-8, 1995,Singapore, vol. 2,pp. 504-508.

Tirkel,A.Z., A Two-Dimensional Digital Watermark, DICTA '95, Univ. of Queensland, Brisbane, Dec. 5-8, 1995, pp. 7.

Tirkel,A.Z., Image Watermarking—A Spread Spectrum Application, ISSSTA '96, Sep. 1996, Mainz, German, pp. 6.

O'Ruanaidh, et al. Watermarking Digital Images for Copyright Protection, IEEE Proceedings, vol. 143, No. 4, Aug. 1996, pp. 250-256.

Kahn, D., The Code Breakers, The MacMillan Company, 1969, pp. xIII, 81-83,513,515,522-526,863.

Dept. of Electrical Engineering, Del Ft University of Technology, Del ft The Netherlands,Cr.C. Langelaar et al.,Copy Protection for Mulitmedia Data based on Labeling Techniques, Jul. 1996, 9 pp.

Craver, et al., Can Invisible Watermarks Resolve Rightful Ownerships? IBM Research Report, RC 20509 (Jul. 25, 1996) 21 pp.

Press, et al., Numerical Recipes In C, Cambridge Univ. Press, 1988, pp. 398-417.

Pohlmann, Ken C., Principles of Digital Audio, 3rd Ed., 1995, pp. 32-37, 40-48,138,147-149,332,333,364, 499-501,508-509,564-571.

Pohlmann, Ken C., Principles of Digital Audio, 2nd Ed., 1991, pp. 1-9,19-25,30-33,41-48,54-57,86-107,375-387.

Schneier, Bruce, Applied Cryptography, John Wiley & Sons, inc. , New York, 1994, pp. 68,69,387-392,1-57,273-275,321-324.

Boney, et al., Digital Watermarks for Audio Signals, Proceedings of the International Conf. on Multimedia Computing and Systems, Jun. 17-23, 1996 Hiroshima. Japan. 0-8186-7436-9196. pp. 473-480.

Johnson, et al., Transform Permuted Watermarking for Copyright Protection of Digital Video, IEEE Globecom 1998, Nov. 8-12, 1998, New York, New York, vol. 2. 1998. pp. 684-689 (ISBN 0-7803-4985-7).

Rivest, et al. "Pay Word and Micromint: Two Simple Micropayment Schemes,"MIT Laboratory for Computer Science, Cambridge, MA, May 7, 1996, pp. 1-18.

Bender, et al., Techniques for Data Hiding, IBM Systems Journal, vol. 35, Nos. 3 & 4,1996,pp. 313-336.

Moskowitz, Bandwith as Currency, IEEE Multimedia, Jan.-Mar. 2003, pp. 14-21.

Moskowitz, Multimedia Security Technologies for Digital Rights Management, 2006, Academic Press, "Introduction-Digital Rights Management" pp. 3-22.

Moskowitz, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security, Robustness and Quality", IEEE Computer Society Proceedings of ITCC 2002, Apr. 10, 2002, pp. 80-84.

Lemma, et al. "Secure Watermark Embedding through Partial Encryption", International Workshop on Digital Watermarking ("IWDW" 2006), Springer Lecture Notes in Computer Science,2006, (to appear) 13.

Kocher, et al., "Self Protecting Digital Content", Technical Report from the CRI Content Security Research Initiative, Crytography Research, Inc. 2002-2003. 14 pages.

Sirbu, M. et al., "Net Bill: An Internet Commerce System Optimized for Network Delivered Services", Digest of Papers of the Computer Society Computer Conference (Spring), Mar. 5, 1995, pp. 20-25, vol. CONF40.

Schunter, M. et al., "A Status Report on the SEMPER framework for Secure Electronic Commerce", Computer Networks and ISDN Systems, Sep. 30, 1998. pp. 1501-1510 vol. 30 No. 16-18 NI North Holland.

Konrad, K. et al., "Trust and Elecronic Commerce—more than a techinal problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed System Oct. 19-22, 1999, pp. 360-365 Lausanne.

Kini, a. et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf on System Sciences (Cat. No. 98TB100216) Jan. 6-9, 1998, pp. 51-61. Los.

Steinauer D. D., et al., "Trust and Traceability in Electronic Commerce", Standard View, Sep. 1997, pp. 118-124, vol. 5 No. 3, ACM, USA.

Hartung, et al. "Multimedia Watermarking Techniques", Proceedings of the IEEE, Special Issue, Identification & Protection of Multimedia Information, pp. 1079-1107, Jul. 1999, vol. 87 No. 7, IEEE.

Rivest,et al., PayWord and MicroMint: Two simple micropayment schemes, MIT Laboratory for Computer Science, Cambridge, MA 02139, Apr. 27, 2001, pp. 1-18.

Horowitz, et al., The Art of Electronics, 2nd Ed., 1989, pp. 7.

Delaigle, J.-F., et al. "Digital Watermarking," Proceedings of the SPIE, vol. 2659, Feb. 1, 1996, pp. 99-110 (Abstract).

Schneider, M., et al. "Robust Content Based Digital Signature for Image Authentication," Proceedings of the International Conference on Image Processing (IC. Lausanne). Sep. 16-19, 1996, pp. 227-230, IEEE ISBN.

Cox, I.J., et al. "Secure Spread Spectrum Watermarking for Multimedia," IEEE Transactions on Image Processing, vol. 6 No. 12, Dec. 1, 1997, pp. 1673-1686.

Wong, Ping Wah. "A Public Key Watermark for Image Verification and Authentication," IEEE International Conference on Image Processing, vol. 1, Oct. 4-7, 1998, pp. 455-459.

Fabien A.P. Petitcolas, Ross J. Anderson and Markkus G. Kuhn, "Attacks on Copyright Marking Systems," LNCS, vol. 1525, Apr. 14-17, 1998, pp. 218-238 ISBN 3-540-65386-4.

Ross Anderson, "Stretching the Limits of Steganography," LNCS, vol. 1174, May/Jun. 1996, 10 pages, ISBN: 3-540-61996-8.

Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Watermarking", pre-publication, Summer 1997 4 pages.

Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", Submitted to Signal Processing, Aug. 21, 1997, 19 pages.

PCT International Search Report, completed Sep. 13, 1995; (PCT/US95/08159) (2 pages).

PCT International Search Report, completed Jun. 11, 1996; (PCT/US96/10257) (4 pages).

Supplementary European Search Report, Mar. 5, 2004; (EP 96 91 9405) (1 page).

PCT International Search Report, completed Apr. 4, 1997; (PCT/US97/00651) (1 page).

PCT International Search Report, completed May 6, 1997; (PCT/US97/00652) (3 pages).

PCT International Search Report, completed Oct. 23, 1997; (PCT/US97/11455) (1 page).

PCT International Search Report, completed Jul. 12, 1999; (PCT/US99/07262) (3 pages).

PCT International Search Report, completed Jun. 30, 2000; (PCT/US00/06522) (7 pages).

Supplementary European Search Report, completed Jun. 27, 2002; (EP 00 91 9398) (1 page).

PCT International Search Report, date of mailing Mar. 15, 2001; (PCT/US00/18411) (5 pages).

PCT International Search Report, completed Jul. 20, 2001; (PCT/US00/18411) (5 pages).

PCT International Search Report, completed Mar. 20, 2001; (PCT/US00/33126) (6 pages).

PCT International Search Report, completed Jan. 26, 2001; (PCT/US00/21189) (3 pages).

European Search Report, completed Oct. 15, 2007; (EP 07 11 2420) (9 pages).

Staind (The Singles 1996-2006), Warner Music—Atlantic, Pre-Release CD image, 2006, 1 page.

Arctic Monkeys (Whatever People Say I Am, That's What I'm Not), Domino Recording Co. Ltd., Pre-Release CD image, 2005, 1 page.

Radiohead ("Hail To The Thief"), EMI Music Group—Capitol; Pre-Release CD image, 2003, 1 page.

* cited by examiner

# METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. patent application Ser. No. 09/657,181, filed Sep. 7, 2000, entitled, "Method and Device for Monitoring and Analyzing Signals."

This application claims the benefit of pending U.S. patent application Ser. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device"; pending U.S. patent application Ser. No. 08/772,222, filed Dec. 20, 1996, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,078,664); pending U.S. patent application Ser. No. 09/456,319, filed Dec. 8, 1999, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,853,726); pending U.S. patent application. Ser. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management"; pending U.S. patent application Ser. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital. Watermarking" (issued as U.S. Pat. No. 7,007,166); pending U.S. patent application Ser. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation" (issued as U.S. Pat. No. 6,598,162); pending U.S. patent application Ser. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking" (issued as U.S. Pat. No. 6,205,249); pending U.S. patent application Ser. No. 09/281,279, filed Mar. 30, 1999, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data (issued as U.S. Pat. No. 6,522,767)"; U.S. patent application Ser. No. 09,594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems" (which is a continuation-in-part of PCT application No. PCT/US00/06522, filed Mar. 14, 2000, which PCT application claimed priority to U.S. Provisional Application No. 60/125,990, filed Mar. 24, 1999) (issued as U.S. Pat. No. 7,123,718); pending U.S. Application No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions" (issued as U.S. Pat. No. 7,159,116); and PCT Application No. PCT/US00/21189, filed Aug. 4, 2000 (which claims priority to U.S. Patent Application Ser. No. 60/147,134, filed Aug. 4, 1999, and to U.S. Patent Application No. 60/213,489, filed. Jun. 23, 2000, both of which are entitled, "A Secure Personal Content Server"). The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

In addition, this application hereby incorporates by reference, as if fully stated herein, the total disclosures of U.S. Pat. No. 5,613,004 "Steganographic Method and Device"; U.S. Pat. No. 5,745,569 "Method for Stega-Cipher Protection of Computer Code"; and U.S. Pat. No. 5,889,868 "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data."

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The invention relates to the monitoring and analysis of digital information. A method and device are described which relate to signal recognition to enhance identification and monitoring activities.

### 2. Description of the Related Art

Many methods and protocols are known for transmitting data in digital form for multimedia applications (including computer applications delivered over public networks such as the internet or World Wide Web ("WWW"). These methods may include protocols for the compression of data, such that it may more readily and quickly be delivered over limited bandwidth data lines. Among standard protocols for data compression of digital files may be mentioned the MPEG compression standards for audio and video digital compression, promulgated by the Moving Picture Experts Group. Numerous standard reference works and patents discuss such compression and transmission standards for digitized information.

Digital watermarks help to authenticate the content of digitized multimedia information, and can also discourage piracy. Because piracy is clearly a disincentive to the digital distribution of copyrighted content, establishment of responsibility for copies and derivative copies of such works is invaluable. In considering the various forms of multimedia content, whether "master," stereo, NTSC video, audio tape or compact disc, tolerance of quality will vary with individuals and affect the underlying commercial and aesthetic value of the content. It is desirable to tie copyrights, ownership rights, purchaser information or some combination of these and related data into the content in such a manner that the content must undergo damage, and therefore reduction of its value, with subsequent, unauthorized distribution, commercial or otherwise. Digital watermarks address many of these concerns. A general discussion of digital watermarking as it has been applied in the art may be found in U.S. Pat. No. 5,687,236 (whose specification is incorporated in whole herein by reference).

Further applications of basic digital watermarking functionality have also been developed. Examples of such applications are shown in U.S. Pat. No. 5,889,868 (whose specification is incorporated in whole herein by reference). Such applications have been drawn, for instance, to implementations of digital watermarks that were deemed most suited to particular transmissions, or particular distribution and storage mediums, given the nature of digitally sampled audio, video, and other multimedia works. There have also been developed techniques for adapting watermark application parameters to the individual characteristics of a given digital sample stream, and for implementation of digital watermarks that are feature-based-i.e., a system in which watermark information is not carried in individual samples, but is carried in the relationships between multiple samples, such as in a waveform shape. For instance, natural extensions may be added to digital watermarks that may also separate frequencies (color or audio), channels in 3D while utilizing discreteness in feature-based encoding only known to those with pseudo-random keys (i.e., cryptographic keys) or possibly tools to access such information, which may one day exist on a quantum level.

A matter of general weakness in digital watermark technology relates directly to the manner of implementation of the watermark. Many approaches to digital watermarking leave detection and decode control with the implementing party of the digital watermark, not the creator of the work to be protected. This weakness removes proper economic incentives for improvement of the technology. One specific form of exploitation mostly regards efforts to obscure subsequent watermark detection. Others regard successful over encoding using the same watermarking process at a subsequent time. Yet another way to perform secure digital watermark implementation is through "key-based" approaches.

## SUMMARY OF THE INVENTION

A method for monitoring and analyzing at least one signal is disclosed, which method comprises the steps of: receiving at least one reference signal to be monitored; creating an abstract of the at least one reference signal; storing the abstract of the at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of the at least one query signal; and comparing the abstract of the at least one query signal to the abstract of the at least one reference signal to determine if the abstract of the at least one query signal matches the abstract of the at least one reference signal.

A method for monitoring a plurality of reference signals is also disclosed, which method comprises the steps of: creating an abstract for each one of a plurality of reference signals; storing each of the abstracts in a reference database; receiving at least one query signal to be analyzed; creating an abstract of each at least one query signal; locating an abstract in the reference database that matches the abstract of each at least one query signal; and recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

A computerized system for monitoring and analyzing at least one signal is also disclosed, which system comprises: a processor for creating an abstract of a signal using selectable criteria; a first input for receiving at least one reference signal to be monitored, the first input being coupled to the processor such that the processor may generate an abstract for each reference signal input to the processor; a reference database, coupled to the processor, for storing abstracts of each at least one reference signal; a second input for receiving at least one query signal to be analyzed, the second input being coupled to the processor such that the processor may generate an abstract for each query signal; and a comparing device, coupled to the reference database and to the second input, for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

Further, an electronic system for monitoring and analyzing at least one signal is disclosed which system comprises: a first input for receiving at least one reference signal to be monitored, a first processor for creating an abstract of each reference signal input to the first processor through the first input; a second input for receiving at least one query signal to be analyzed, a second processor for creating an abstract of each query signal; a reference database for storing abstracts of each at least one reference signal; and a comparing device for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

## DETAILED DESCRIPTION OF THE INVENTION

While there are many approaches to data reduction that can be utilized, a primary concern is the ability to reduce the digital signal in such a manner as to retain a "perceptual relationship" between the original signal and its data reduced version. This relationship may either be mathematically discernible or a result of market-dictated needs. The purpose is to afford a more consistent means for classifying signals than proprietary, related text-based approaches. A simple analogy is the way in which a forensic investigator uses a sketch artist to assist in determining the identity of a human.

In one embodiment of the invention, the abstract of a signal may be generated by the following steps: 1) analyze the

characteristics of each signal in a group of audible/perceptible variations for the same signal (e.g., analyze each of five versions of the same song-which versions may have the same lyrics and music but which are sung by different artists); and 2) select those characteristics which achieve or remain relatively constant (or in other words, which have minimum variation) for each of the signals in the group. Optionally, the null case may be defined using those characteristics which are common to each member of the group of versions.

Lossless and lossy compression schemes are appropriate candidates for data reduction technologies, as are those subset of approaches that are based on perceptual models, such as AAC, MP3, TwinVQ, JPEG, GIF, MPEG, etc. Where spectral transforms fail to assist in greater data reduction of the signal, other signal characteristics can be identified as candidates for further data reduction. Linear predictive coding (LPC), z-transform analysis, root mean square (rms), signal to peak, may be appropriate tools to measure signal characteristics, but other approaches or combinations of signal characteristic analysis are contemplated. While such signal characteristics may assist in determining particular applications of the present invention, a generalized approach to signal recognition is necessary to optimize the deployment and use of the present invention.

Increasingly, valuable information is being created and stored in digital form. For example, music, photographs and motion pictures can all be stored and transmitted as a series of binary digits—1's and 0's. Digital techniques permit the original information to be duplicated repeatedly with perfect or near perfect accuracy, and each copy is perceived by viewers or listeners as indistinguishable from the original signal. Unfortunately, digital techniques also permit the information to be easily copied without the owner's permission. While digital representations of analog waveforms may be analyzed by perceptually-based or perceptually-limited analysis it is usually costly and time-consuming to model the processes of the highly effective ability of humans to identify and recognize a signal. In those applications where analog signals require analysis, the cost of digitizing the analog signal is minimal when compared to the benefits of increased accuracy and speed of signal analysis and monitoring when the processes contemplated by this invention are utilized.

The present invention relates to identification of digitally-sampled information, such as images, audio and video. Traditional methods of identification and monitoring of those signals do not rely on "perceptual quality," but rather upon a separate and additional signal. Within this application, such signals will be called "additive signals" as they provide information about the original images, audio or video, but such information is in addition to the original signal. One traditional, text-based additive signal is title and author information. The title and author, for example, is information about a book, but it is in addition to the text of the book. If a book is being duplicated digitally, the title and author could provide one means of monitoring the number of times the text is being duplicated, for example, through an Internet download. The present invention, however, is directed to the identification of a digital signal—whether text, audio, or video—using only the digital signal itself and then monitoring the number of times the signal is duplicated. Reliance on an additive signal has many shortcomings. For example, first, someone must incorporate the additive signal within the digital data being transmitted, for example, by concatenation or through an embedding process. Such an additive signal, however, can be easily identified and removed by one who wants to utilize the original signal without paying for its usage. If the original signal itself is used to identify the content, an unauthorized

5

6

user could not avoid payment of a royalty simply by removing the additive signal—because there is no additive signal to remove. Hence, the present invention avoids a major disadvantage of the prior art.

One such additive signal that may be utilized is a digital watermark—which ideally cannot be removed without perceptually altering the original signal. A watermark may also be used as a monitoring signal (for example, by encoding an identifier that uniquely identifies the original digital signal into which the identifier is being embedded). A digital watermark used for monitoring is also an additive signal, and such a signal may make it difficult for the user who wants to duplicate a signal without paying a royalty—mainly by degrading the perceptual quality of the original signal if the watermark (and hence the additive monitoring signal) is removed. This is, however, is a different solution to the problem.

The present invention eliminates the need of any additive monitoring signal because the present invention utilizes the underlying content signal as the identifier itself. Nevertheless, the watermark may increase the value of monitoring techniques by increasing the integrity of the embedded data and by indicating tampering of either the original content signal or the monitoring signal. Moreover, the design of a watermarking embedding algorithm is closely related to the perceptibility of noise in any given signal and can represent an ideal subset of the original signal: the watermark bits are an inverse of the signal to the extent that lossy compression schemes, which can be used, for instance, to optimize a watermarking embedding scheme, can yield information about the extent to which a data signal can be compressed while holding steadfast to the design requirement that the compressed signal maintain its perceptual relationship with the original, uncompressed signal. By describing those bits that are candidates for imperceptible embedding of watermark bits, further data reduction may be applied on the candidate watermarks as an example of retaining a logical and perceptible relationship with the original uncompressed signal.

Of course, the present invention may be used in conjunction with watermarking technology (including the use of keys to accomplish secure digital watermarking), but watermarking is not necessary to practice the present invention. Keys for watermarking may have many forms, including: descriptions of the original carrier file formatting, mapping of embedded data (actually imperceptible changes made to the carrier signal and referenced to the predetermined key or key pairs), assisting in establishing the watermark message data integrity (by incorporation of special one way functions in the watermark message data or key), etc. Discussions of these systems in the patents and pending patent applications are incorporated by reference above. The "recognition" of a particular signal or an instance of its transmission, and its monitoring are operations that may be optimized through the use of digital watermark analysis.

A practical difference between the two approaches of using a separate, additive monitoring signal and using the original signal itself as the monitoring signal is control. If a separate signal is used for monitoring, then the originator of the text, audio or video signal being transmitted and the entity doing the monitoring have to agree as to the nature of the separate signal to be used for monitoring—otherwise, the entity doing the monitoring would not know where to look, for what to look, or how to interpret the monitoring signal once it was identified and detected. On the other hand, if the original signal is used itself as a monitoring signal, then no such agreement is necessary. Moreover, a more logical and self-sufficient relationship between the original and its data-re-

duced abstract enhances the transparency of any resulting monitoring efforts. The entity doing the monitoring is not looking for a separate, additive monitoring system, and further, need not have to interpret the content of the monitoring signal.

Monitoring implementations can be handled by robust watermark techniques (those techniques that are able to survive many signal manipulations but are not inherently "secure" for verification of a carrier signal absent a logically-related watermarking key) and forensic watermark techniques (which enable embedding of watermarks that are not able to survive perceptible alteration of the carrier signal and thus enable detection of tampering with the originally watermarked carrier signal). The techniques have obvious trade-offs between speed, performance and security of the embedded watermark data.

In other disclosures, we suggest improvements and implementations that relate to digital watermarks in particular and embedded signaling in general. A digital watermark may be used to "tag" content in a manner that is not humanly-perceptible, in order to ensure that the human perception of the signal quality is maintained. Watermarking, however, must inherently alter at least one data bit of the original signal to represent a minimal change from the original signal's "unwatermarked state." The changes may affect only a bit, at the very least, or be dependent on information hiding relating to signal characteristics, such as phase information, differences between digitized samples, root mean square (RMS) calculations, z-transform analysis, or similar signal characteristic category.

There are weaknesses in using digital watermark technology for monitoring purposes. One weakness relates directly to the way in which watermarks are implemented. Often, the persons responsible for encoding and decoding the digital watermark are not the creator of the valuable work to be protected. As such, the creator has no input on the placement of the monitoring signal within the valuable work being protected. Hence, if a user wishing to avoid payment of the royalty can find a way to decode or remove the watermark, or at least the monitoring signal embedded in the watermark, then the unauthorized user may successfully duplicate the signal with impunity. This could occur, for example, if either of the persons responsible for encoding or decoding were to have their security compromised such that the encoding or decoding algorithms were discovered by the unauthorized user.

With the present invention, no such disadvantages exist because the creator need not rely on anyone to insert a monitoring signal—as no such signal is necessary. Instead, the creator's work itself is used as the monitoring signal. Accordingly, the value in the signal will have a strong relationship with its recognizability.

By way of improving methods for efficient monitoring as well as effective confirmation of the identity of a digitally-sampled signal, the present invention describes useful methods for using digital signal processing for benchmarking a novel basis for differencing signals with binary data comparisons. These techniques may be complemented with perceptual techniques, but are intended to leverage the generally decreasing cost of bandwidth and signal processing power in an age of increasing availability and exchange of digitized binary data.

So long as there exist computationally inexpensive ways of identifying an entire signal with some fractional representation or relationship with the original signal, or its perceptually observable representation, we envision methods for faster and more accurate auditing of signals as they are played, distrib-

7

uted or otherwise shared amongst providers (transmitters) and consumers (receivers). The ability to massively compress a signal to its essence—which is not strictly equivalent to "lossy" or "lossless" compression schemes or perceptual coding techniques, but designed to preserve some underlying "aesthetic quality" of the signal—represents a useful means for signal analysis in a wide variety of applications. The signal analysis, however, must maintain the ability to distinguish the perceptual quality of the signals being compared. For example, a method which analyzed a portion of a song by compressing it to a single line of lyrics fails to maintain the ability to distinguish the perceptual quality of the songs being compared. Specifically, for example, if the song "New York State of Mind" were compressed to the lyrics "I'm in a New York State of Mind," such a compression fails to maintain the ability to distinguish between the various recordings or versions of the song, say, for example between Billy Joel's recording and Barbara Streisand's recording. Such a method is, therefore, incapable of providing accurate monitoring of the artist's recordings because it could not determine which of the two artists is deserving of a royalty—unless of course, there is a separate monitoring signal to provide the name of the artist or other information sufficient to distinguish the two versions. The present invention, however, aims to maintain some level of perceptual quality of the signals being compared and would deem such a compression to be excessive.

This analogy can be made clearer if it is understood that there are a large number of approaches to compressing a signal to, say, $\frac{1}{10,000}^{th}$ of its original size, not for maintaining its signal quality to ensure computational ease for commercial quality distribution, but to assist in identification, analysis or monitoring of the signal. Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters. That is to say, the signal is compressed to retain what is "humanly-perceptible." As long as the compression successfully mimics human perception, data space may be saved when the compressed file is compared to the uncompressed or original file. While psychoacoustic and psychovisual compression has some relevance to the present invention, additional data reduction or massive compression is anticipated by the present invention. It is anticipated that the original signal may be compressed to create a realistic or self-similar representation of the original signal, so that the compressed signal can be referenced at a subsequent time as unique binary data that has computational relevance to the original signal. Depending on the application, general data reduction of the original signal can be as simple as massive compression or may relate to the watermark encoding envelope parameter (those bits which a watermarking encoding algorithm deem as candidate bits for mapping independent data or those bits deemed imperceptible to human senses but detectable to a watermark detection algorithm). In this manner, certain media which are commonly known by signal characteristics, a painting, a song, a TV commercial, a dialect, etc., may be analyzed more accurately, and perhaps, more efficiently than a text-based descriptor of the signal. So long as the sender and receiver agree that the data representation is accurate, even insofar as the data-reduction technique has logical relationships with the perceptibility of the original signal, as they must with commonly agreed to text descriptors, no independent cataloging is necessary.

The present invention generally contemplates a signal recognition system that has at least five elements. The actual number of elements may vary depending on the number of domains in which a signal resides (for example, audio is at least one domain while visual carriers are at least two dimensional). The present invention contemplates that the number

8

of elements will be sufficient to effectively and efficiently meet the demands of various classes of signal recognition. The design of the signal recognition that may be used with data reduction is better understood in the context of the general requirements of a pattern or signal recognition system.

The first element is the reference database, which contains information about a plurality of potential signals that will be monitored. In one form, the reference database would contain digital copies of original works of art as they are recorded by the various artists, for example, contain digital copies of all songs that will be played by a particular radio station. In another form, the reference database would contain not perfect digital copies of original works of art, but digital copies of abstracted works of art, for example, contain digital copies of all songs that have been preprocessed such that the copies represent the perceptual characteristics of the original songs. In another form, the reference database would contain digital copies of processed data files, which files represent works of art that have been preprocessed in such a fashion as to identify those perceptual differences that can differentiate one version of a work of art from another version of the same work of art, such as two or more versions of the same song, but by different artists. These examples have obvious application to visually communicated works such as images, trademarks or photographs, and video as well.

The second element is the object locator, which is able to segment a portion of a signal being monitored for analysis (i.e., the "monitored signal"). The segmented portion is also referred to as an "object." As such, the signal being monitored may be thought of comprising a set of objects. A song recording, for example, can be thought of as having a multitude of objects. The objects need not be of uniform length, size, or content, but merely be a sample of the signal being monitored. Visually communicated informational signals have related objects; color and size are examples.

The third element is the feature selector, which is able to analyze a selected object and identify perceptual features of the object that can be used to uniquely describe the selected object. Ideally, the feature selector can identify all, or nearly all, of the perceptual qualities of the object that differentiate it from a similarly selected object of other signals. Simply, a feature selector has a direct relationship with the perceptibility of features commonly observed. Counterfeiting is an activity which specifically seeks out features to misrepresent the authenticity of any given object. Highly granular, and arguably successful, counterfeiting is typically sought for objects that are easily recognizable and valuable, for example, currency, stamps, and trademarked or copyrighted works and objects that have value to a body politic.

The fourth element is the comparing device which is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Depending upon how the information of the plurality of signals is stored in the reference database and depending upon the available computational capacity (e.g., speed and efficiency), the exact nature of the comparison will vary. For example, the comparing device may compare the selected object directly to the signal information stored in the database. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector and then compare the selected object to the processed signal information. Alternatively, the comparing device may need to process the selected object using input from the feature selector and then compare the processed selected object to the signal information. Alternatively, the comparing device may need to process the signal

information stored in the database using input from the feature selector, process the selected object using input from the feature selector, and then compare the processed selected object to the processed signal information.

The fifth element is the recorder which records information about the number of times a given signal is analyzed and detected. The recorder may comprise a database which keeps track of the number of times a song, image, or a movie has been played, or may generate a serial output which can be subsequently processed to determine the total number of times various signals have been detected.

Other elements may be added to the system or incorporated into the five elements identified above. For example, an error handler may be incorporated into the comparing device. If the comparing device identifies multiple signals which appear to contain the object being sought for analysis or monitoring, the error handler may offer further processing in order to identify additional qualities or features in the selected object such that only one of the set of captured signals is found to contain the further analyzed selected object that actually conforms with the object thought to have been transmitted or distributed.

Moreover, one or more of the five identified elements may be implemented with software that runs on the same processor, or which uses multiple processors. In addition, the elements may incorporate dynamic approaches that utilize stochastic, heuristic, or experience-based adjustments to refine the signal analysis being conducted within the system, including, for example, the signal analyses being performed within the feature selector and the comparing device. This additional analyses may be viewed as filters that are designed to meet the expectations of accuracy or speed for any intended application.

Since maintenance of original signal quality is not required by the present invention, increased efficiencies in processing and identification of signals can be achieved. The present invention concerns itself with perceptible relationships only to the extent that efficiencies can be achieved both in accuracy and speed with enabling logical relationships between an original signal and its abstract.

The challenge is to maximize the ability to sufficiently compress a signal to both retain its relationship with the original signal while reducing the data overhead to enable more efficient analysis, archiving and monitoring of these signals. In some cases, data reduction alone will not suffice: the sender and receiver must agree to the accuracy of the recognition. In other cases, agreement will actually depend on a third party who authored or created the signal in question. A digitized signal may have parameters to assist in establishing more accurate identification, for example, a "signal abstract" which naturally, or by agreement with the creator, the copyright owner or other interested parties, can be used to describe the original signal. By utilizing less than the original signal, a computationally inexpensive means of identification can be used. As long as a realistic set of conditions can be arrived at governing the relationship between a signal and its data reduced abstract, increases in effective monitoring and transparency of information data flow across communications channels is likely to result. This feature is significant in that it represents an improvement over how a digitally-sampled signal can be cataloged and identified, though the use of a means that is specifically selected based upon the strengths of a general computing device and the economic needs of a particular market for the digitized information are being monitored. The additional benefit is a more open means to uniformly catalog, analyze, and monitor signals. As well,

such benefits can exist for third parties, who have a significant interest in the signal but are not the sender or receiver of said information.

As a general improvement over the art, the present invention incorporates what could best be described as "computer-acoustic" and "computer-visual" modeling, where the signal abstracts are created using data reduction techniques to determine the smallest amount of data, at least a single bit, which can represent and differentiate two digitized signal representations for a given predefined signal set. Each of such representations must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database. The predefined signal set is the object being analyzed. The signal identifier/detector should receive its parameters from a database engine. The engine will identify those characteristics (for example, the differences) that can be used to distinguish one digital signal from all other digital signals that are stored in its collection. For those digital signals or objects which are seemingly identical, except that the signal may have different performance or utilization in the newly created object, benefits over additive or text-based identifiers are achieved. Additionally, decisions regarding the success or failure of an accurate detection of any given object may be flexibly implemented or changed to reflect market-based demands of the engine. Appropriate examples are songs or works or art which have been sampled or re-produced by others who are not the original creator.

In some cases, the engine will also consider the NULL case for a generalized item not in its database, or perhaps in situations where data objects may have collisions. For some applications, the NULL case is not necessary, thus making the whole system faster. For instance, databases which have fewer repetitions of objects or those systems which are intended to recognize signals with time constraints or capture all data objects. Greater efficiency in processing a relational database can be obtained because the rules for comparison are selected for the maximum efficiency of the processing hardware and/or software, whether or not the processing is based on psychoacoustic or psychovisual models. The benefits of massive data reduction, flexibility in constructing appropriate signal recognition protocols and incorporation of cryptographic techniques to further add accuracy and confidence in the system are clearly improvements over the art. For example, where the data reduced abstract needs to have further uniqueness, a hash or signature may be required. And for objects which have further uniqueness requirements, two identical instances of the object could be made unique with cryptographic techniques.

Accuracy in processing and identification may be increased by using one or more of the following fidelity evaluation functions:

1) RMS (root mean square). For example, a RMS function may be used to assist in determining the distance between data based on mathematically determinable Euclidean distance between the beginning and end data points (bits) of a particular signal carrier.

2) Frequency weighted RMS. For example, different weights may be applied to different frequency components of the carrier signal before using RMS. This selective weighting can assist in further distinguishing the distance between beginning and end points of the signal carrier (at a given point in time, described as bandwidth, or the number of total bits that can be transmitted per second) and may be considered to be the mathematical equivalent of passing a carrier signal difference through a data filter and figuring the average power in the output carrier.

3) Absolute error criteria, including particularly the NULL set (described above) The NULL may be utilized in two significant cases: First, in instances where the recognized signal appears to be an identified object which is inaccurately attributed or identified to an object not handled by the database of objects; and second, where a collision of data occurs. For instance, if an artist releases a second performance of a previously recorded song, and the two performances are so similar that their differences are almost imperceptible, then the previously selected criteria may not be able to differentiate the two recordings. Hence, the database must be "recalibrated" to be able to differentiate these two versions. Similarly, if the system identifies not one, but two or more, matches for a particular search, then the database may need "recalibration" to further differentiate the two objects stored in the database.

4) Cognitive Identification. For example, the present invention may use an experience-based analysis within a recognition engine. Once such analysis may involve mathematically determining a spectral transform or its equivalent of the carrier signal. A spectral transform enables signal processing and should maintain, for certain applications, some cognitive or perceptual relationship with the original analog waveform. As a novel feature to the present invention, additional classes may be subject to humanly-perceptible observation. For instance, an experience-based criteria which relates particularly to the envisioned or perceived accuracy of the data information object as it is used or applied in a particular market, product, or implementation. This may include a short 3 second segment of a commercially available and recognizable song which is used for commercials to enable recognition of the good or service being marketed. The complete song is marketed as a separately valued object from the use of a discrete segment of the song (that may be used for promotion or marketing-for the complete song or for an entirely different good or service). To the extent that an owner of the song in question is able to further enable value through the licensing or agreement for use of a segment of the original signal, cognitive identification is a form of filtering to enable differentiations between different and intended uses of the same or subset of the same signal (object). The implementation relating specifically, as disclosed herein, to the predetermined identification or recognition means and/or any specified relationship with subsequent use of the identification means can be used to create a history as to how often a particular signal is misidentified, which history can then be used to optimize identification of that signal in the future. The difference between use of an excerpt of the song to promote a separate and distinct good or service and use of the excerpt to promote recognition of the song itself (for example, by the artist to sell copies of the song) relates informationally to a decision based on recognized and approved use of the song. Both the song and applications of the song in its entirety or as a subset are typically based on agreement by the creator and the sender who seeks to utilize the work. Trust in the means for identification, which can be weighted in the present invention (for example, by adjusting bit-addressable information), is an important factor in adjusting the monitoring or recognition features of the object or carrier signal, and by using any misidentification information, (including any experience-based or heuristic information), additional features of the monitored signal can be used to improve the performance of the monitoring system envisioned herein. The issue of central concern with cognitive identification is a greater understanding of the parameters by which any given object is to be analyzed. To the extent that a creator shows varying and separate application of his object, those applications having a

cognitive difference in a signal recognition sense (e.g., the whole or an excerpt), the system contemplated herein includes rules for governing the application of bit-addressable information to increase the accuracy of the database.

5) Finally, the predetermined parameters that are associated with a discrete case for any given object will have a significant impact upon the ability to accurately process and identify the signals. For example, if a song is transmitted over a FM carrier, then one skilled in the art will appreciate that the FM signal has a predetermined bandwidth which is different from the bandwidth of the original recording, and different even from song when played on an AM carrier, and different yet from a song played using an 8-bit Internet broadcast. Recognition of these differences, however, will permit the selection of an identification means which can be optimized for monitoring a FM broadcasted signal. In other words, the discreteness intended by the sender is limited and directed by the fidelity of the transmission means. Objects may be cataloged and assessing with the understanding that all monitoring will occur using a specific transmission fidelity. For example, a database may be optimized with the understanding that only AM broadcast signals will be monitored. For maximum efficiency, different data bases may be created for different transmission channels, e.g., AM broadcasts, FM broadcasts, Internet broadcasts, etc.

For more information on increasing efficiencies for information systems, see *The Mathematical Theory of Communication* (1948), by Shannon.

Because bandwidth (which in the digital domain is equated to the total number of bits that can be transmitted in a fixed period of time) is a limited resource which places limitations upon transmission capacity and information coding schemes, the importance of monitoring for information objects transmitted over any given channel must take into consideration the nature and utilization of a given channel. The supply and demand of bandwidth will have a dramatic impact on the transmission, and ultimately, upon the decision to monitor and recognize signals. A discussion of this is found in a co-pending application by the inventor under U.S. patent application Ser. No. 08/674,726 "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (which application is incorporated herein by reference as if fully setforth herein).

If a filter is to be used in connection with the recognition or monitoring engine, it may be desirable for the filter to anticipate and take into consideration the following factors, which affect the economics of the transmission as they relate to triggers for payment and/or relate to events requiring audits of the objects which are being transmitted: 1) time of transmission (i.e., the point in time when the transmission occurred), including whether the transmission is of a live performance); 2) location of transmission (e.g., what channel was used for transmission, which usually determines the associated cost for usage of the transmission channel); 3) the point of origination of the transmission (which may be the same for a signal carrier over many distinct channels); and 4) pre-existence of the information carrier signal (pre-recorded or newly created information carrier signal, which may require differentiation in certain markets or instances).

In the case of predetermined carrier signals (those which have been recorded and stored for subsequent use), "positional information carrier signals" are contemplated by this invention, namely, perceptual differences between the seemingly "same" information carrier that can be recognized as consumers of information seek different versions or quality levels of the same carrier signal. Perceptual differences exist

between a song and its reproduction from a CD, an AM radio, and an Internet broadcast. To the extent that the creator or consumer of the signal can define a difference in any of the four criteria above, means can be derived (and programmed for selectability) to recognize and distinguish these differences. It is, however, quite possible that the ability to monitor carrier signal transmission with these factors will increase the variety and richness of available carrier signals to existing communications channels. The differentiation between an absolute case for transmission of an object, which is a time dependent event, for instance a live or real time broadcast, versus the relative case, which is prerecorded or stored for transmission at a later point in time, creates recognizable differences for signal monitoring.

The monitoring and analysis contemplated by this invention may have a variety of purposes, including, for example, the following: to determine the number of times a song is broadcast on a particular radio broadcast or Internet site; to control security though a voice-activated security system; and to identify associations between a beginner's drawing and those of great artists (for example to draw comparisons between technique, compositions, or color schemes). None of these examples could be achieved with any significant degree of accuracy using a text-based analysis. Additionally, strictly text-based systems fail to fully capture the inherent value of the data recognition or monitoring information itself.

## SAMPLE EMBODIMENTS

### Sample Embodiment 1

A database of audio signals (e.g., songs) is stored or maintained by a radio station or Internet streaming company, who may select a subset of the songs are stored so that the subset may be later broadcast to listeners. The subset, for example, may comprise a sufficient number of songs to fill 24 hours of music programming (between 300 or 500 songs). Traditionally, monitoring is accomplished by embedding some identifier into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments. Most of the traditional analysis is performed by actual persons who use play lists and other statistical approximations of audio play, including for example, data obtained through the manual (i.e., by persons) monitoring of a statistically significant sample of stations and transmission times so that an extrapolation may be made to a larger number of comparable markets.

The present invention creates a second database from the first database, wherein each of the stored audio signals in the first database is data reduced in a manner that is not likely to reflect the human perceptual quality of the signal, meaning that a significantly data-reduced signal is not likely to be played back and recognized as the original signal. As a result of the data reduction, the size of the second database (as measured in digital terms) is much smaller than the size of the first database, and is determined by the rate of compression. If, for example, if 24 hours worth of audio signals are compressed at a 10,000:1 compression rate, the reduced data could occupy a little more than 1 megabyte of data. With such a large compression rate, the data to be compared and/or analyzed may become computationally small such that computational speed and efficiency are significantly improved.

With greater compression rates, it is anticipated that similarity may exist between the data compressed abstractions of different analog signals (e.g., recordings by two different artists of the same song). The present invention contemplates the use of bit-addressable differences to distinguish between

such cases. In applications where the data to be analyzed has higher value in some predetermined sense, cryptographic protocols, such as a hash or digital signature, can be used to distinguish such close cases.

In a preferred embodiment, the present invention may utilize a centralized database where copies of new recordings may be deposited to ensure that copyright owners, who authorize transmission or use of their recordings by others, can independently verify that the object is correctly monitored. The rules for the creator himself to enter his work would differ from a universally recognized number assigned by an independent authority (say, ISRC, ISBN for recordings and books respectively). Those skilled in the art of algorithmic information theory (AIT) can recognize that it is now possible to describe optimized use of binary data for content and functionality. The differences between objects must relate to decisions made by the user of the data, introducing subjective or cognitive decisions to the design of the contemplated invention as described above. To the extent that objects can have an optimized data size when compared with other objects for any given set of objects, the algorithms for data reduction would have predetermined flexibility directly related to computational efficiency and the set of objects to be monitored. The flexibility in having transparent determination of unique signal abstracts, as opposed to independent third party assignment, is likely to increase confidence in the monitoring effort by the owners of the original signals themselves. The prior art allows for no such transparency to the copyright creators.

### Sample Embodiment 2

Another embodiment of the invention relates to visual images, which of course, involve at least two dimensions.

Similar to the goals of a psychoacoustic model, a psychovisual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image. Using the very same techniques described above in connection with an audio signal, signal monitoring of visual images may be implemented.

One such application for monitoring and analyzing visual images involves a desire to find works of other artists that relate to a particular theme. For example, finding paintings of sunsets or sunrises. A traditional approach might involve a textual search involving a database wherein the works of other artists have been described in writing. The present invention, however, involves the scanning of an image involving a sun, compressing the data to its essential characteristics (i.e., those perceptual characteristics related to the sun) and then finding matches in a database of other visual images (stored as compressed or even uncompressed data). By studying the work of other artists using such techniques, a novice, for example, could learn much by comparing the presentations of a common theme by different artists.

Another useful application involving this type of monitoring and analyzing is the identification of photographs of potential suspects whose identity matches the sketch of a police artist.

Note that combinations of the monitoring techniques discussed above can be used for audio-visual monitoring, such as video-transmission by a television station or cable station. The techniques would have to compensate, for example, for a cable station that is broadcasting a audio channel unaccompanied by video.

Other embodiments and uses of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. The

specification and examples should be considered exemplary only with the true scope and spirit of the invention indicated by the following claims. As will be easily understood by those of ordinary skill in the art, variations and modifications of each of the disclosed embodiments can be easily made within the scope of this invention as defined by the following claims.

What is claimed:

1. An electronic system for monitoring and analyzing at least one signal, comprising:

a first input that receives at least one reference signal to be monitored,

a first processor that creates an abstract of each reference signal input to said first processor through said first input wherein the abstract comprises signal characteristic parameters configured to differentiate between a plurality of versions of the reference signal;

a second input that receives at least one query signal to be analyzed,

a second processor that creates an abstract of each query signal wherein the abstract comprises signal characteristic parameters of the query signal;

a reference database that stores abstracts of each at least one reference signal;

a comparing device that compares an abstract of said at least one query signal to the abstracts stored in the reference database to determine if the abstract of said at least one query signal matches any of the stored abstracts wherein a match indicates the query signal is a version of at least one of the reference signals.

2. The system of claim 1, wherein said second input is remotely coupled to the system.

3. The system of claim 1, wherein said second processor is remotely coupled to the system.

4. The system of claim 1, wherein the system transmits the parameters that are being used by the first processor to the second processor.

5. The system of claim 1, wherein the stored abstracts comprise a self-similar representation of at least one reference signal.

6. The system of claim 1, wherein at least two of the stored abstracts comprise information corresponding to two versions of at least one reference signal.

7. The system of claim 1, wherein the stored abstracts comprise data describing a portion of the characteristics of its associated reference signal.

8. The system of claim 7, wherein the characteristics of the reference signal being described comprise at least one of a perceptible characteristic, a cognitive characteristic, a subjective characteristic, a perceptual quality, a recognizable characteristic or combinations thereof.

9. The system of claim 1, wherein each stored abstract comprises data unique to each variation of its corresponding reference signal.

10. The system of claim 1, wherein the system applies a cryptographic protocol to the abstract of said reference signal, said query signal, or both said reference signal and said query signal.

11. The system of claim 10, wherein the cryptographic protocol is one of at least a hash or digital signature and further comprising storing the hashed abstract and/or digitally signed abstract.

12. The system of claim 1, further comprising an embedder to embed uniquely identifiable data into at least one of the received reference signal, the received query signal or both the received reference signal and the received query signal.

13. The system of claim 1, wherein the match indicates that the abstract of the query signal comprises the same perceptual characteristics as the abstract of the matched one of the reference signals.

14. The system of claim 1, wherein the parameters comprise commonly perceptible features.

15. The system of claim 14, wherein the commonly perceptible features are selected.

16. The system of claim 1, wherein said first and said second processors are the same processor.

17. The system of claim 1, wherein the first processor and the second processor are different processors.

18. A method for monitoring the distribution of data signals, comprising:

creating an abstract for a data signal wherein the data signal abstract comprises signal characteristic parameters configured to differentiate between a plurality of versions of the data signal;

storing the data signal abstract in at least one reference database;

receiving a query signal;

creating an abstract for the query signal based on the parameters;

comparing the created query signal abstract to the at least one database of data signal abstracts, each abstract in the at least one database corresponding to a version of the data signal; and

determining whether the query signal abstract matches any of the stored data signal abstracts in the at least one database to enable authorized transmission or use of the query signal for the query signal abstract based on whether a match was determined.

19. The method of claim 18, wherein the database is created by at least one of a music company, a movie studio, an image archive, an owner of a general computing device, a user of the data signal, an internet service provider, an information technology company, a body politic, a telecommunications company and combinations thereof.

20. The method of claim 18, wherein the data signals comprise at least one of images, audio, video, and combinations thereof.

21. The method of claim 18, wherein the stored data signal abstracts are derived from one of a cognitive feature or a perceptible characteristic of the associated data signals.

22. The method of claim 18, furthering comprising applying a cryptographic protocol to at least one created signal abstract, at least one database signal abstract or both at least one created signal abstract and at least one database signal abstract.

23. The method of claim 22, wherein the cryptographic protocol comprises one of a hash or digital signature.

24. The method of claim 18, wherein the stored signal abstracts comprise data to differentiate versions of the corresponding data signals.

25. The method of claim 18, wherein each of the stored data signal abstracts comprise information configured to differentiate variations of each referenced corresponding data signal.

26. The method of claim 18, further comprising storing information associated with the comparison step to enable at least one of a re-calibration of the database, a heuristic-based adjustment of the database, a computational efficiency adjustment of the database, an adjustment for database collisions and/or null cases, changes to the recognition or use parameters governing the database and combinations thereof.

27. The method of claim 18, further comprising applying one of a relatedness index or measure of similarity to generate uniquely identifiable information to determine authorization.

**28**. The method of claim **18**, further comprising encoding information into the data signal with a watermarking technique.

**29**. The process of claim **18**, wherein the data signal is received by one of a creator or owner of said data signal.

**30**. A system for identifying and distributing signals, comprising:

  a first input that receives a query abstract of a signal to identify;

  a database containing a plurality of signal abstracts, the plurality of signal abstracts each associated with a corresponding signal wherein each of the plurality of the signal abstracts retains a perceptual relationship with the corresponding signal;

  a comparing device that compares the query abstract to the plurality of abstracts stored in the reference database to identify a matching signal abstract; and

  a device for retrieving the signal corresponding to the matching signal abstract; and

  a device for conducting a transaction, the transaction selected from the group consisting of a download and a subscription.

**31**. The system of claim **30**, wherein each signal abstract comprises a link to its corresponding signal.

**32**. The system of claim **30**, wherein the comparing device determines if the signal abstracts stored in the database are authorized.

**33**. The system of claim **30**, wherein the comparing device determines if the link is an authorized link.

**34**. The system of claim **30**, wherein the reference database is governed by heuristics or experience-based parameters.

**35**. The system of claim **30**, wherein the plurality of abstracts stored in the reference database are derived from one of data reduced versions of said corresponding signals, compressed variations of said corresponding signals, bit-addressable relationships between said corresponding signals, and a least amount of data required to uniquely identify each corresponding signal, and combinations thereof.

**36**. The system of claim **30**, wherein the device for conducting transactions or the device for retrieving the signal is remotely coupled to the system.

**37**. The system of claim **30**, wherein the device for conducting transactions or the device for retrieving the signal is controlled by the database.

**38**. The system of claim **30**, wherein the device for retrieving the signal and the device for conducting transactions comprise the same device.

**39**. The system of claim **30**, further comprising an embedder to watermark signals with uniquely identifiable information.

**40**. A process for analyzing and identifying at least one signal, comprising:

  receiving at least one reference signal to be identified,

  creating an abstract of each reference signal received based on perceptual characteristics representative of parameters to differentiate between versions of the reference signal;

  storing abstracts of each reference signal received in a database;

  receiving at least one query signal to be identified,

  creating an abstract of the received query signal based on the parameters; and

  comparing an abstract of said received query signal to the abstracts stored in the database to determine if the abstract of said received query signal is related to any of the stored abstracts.

**41**. The process of claim **40**, wherein said database is independently accessible.

**42**. The process of claim **40**, wherein said received query signal is independently stored.

**43**. The process of claim **40**, wherein the criteria used to compare a received query signal abstract with a stored reference signal abstract are adjustable.

**44**. The process of claim **40**, wherein the stored abstracts comprise a self-similar representation of at least one reference signal.

**45**. The process of claim **40**, wherein at least two of the stored abstracts comprise information corresponding to two versions of at least one reference signal.

**46**. The process of claim **40**, wherein at least one abstract comprises data describing a portion of the characteristics of its associated reference signal.

**47**. The process of claim **46**, wherein the characteristics of the reference signal being described comprise at least one of a perceptible characteristic, a cognitive characteristic, a subjective characteristic, a perceptual quality, a recognizable characteristic or combinations thereof.

**48**. The process of claim **40**, wherein a stored abstract comprises data unique to a variation of its corresponding reference signal.

**49**. The process of claim **40**, wherein the process further comprises applying a cryptographic protocol to the abstract of said reference signal, said query signal, or both said reference signal and said query signal.

**50**. The process of claim **49**, wherein the cryptographic protocol is one of at least a hash or digital signature and further comprising storing the hashed abstract and/or digitally signed abstract.

**51**. The process of claim **40**, further comprising distributing at least one signal based on the comparison step.

**52**. The process of claim **51**, further comprising watermarking the at least one signal to be distributed.

\* \* \* \* \*

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.        : 7,660,700 B2                                    Page 1 of 1
APPLICATION NO.  : 12/005229
DATED            : February 9, 2010
INVENTOR(S)     : Scott Moskowitz

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 1 line 10 reading:
-- This application claims the benefit of pending U.S. patent --

should read:

-- This application is related to pending U.S. patent --

Signed and Sealed this
Thirteenth Day of September, 2011

David J. Kappos
*Director of the United States Patent and Trademark Office*



US007949494B2

(12) **United States Patent**  (10) **Patent No.:**  **US 7,949,494 B2**
Moskowitz et al.  (45) **Date of Patent:**  *May 24, 2011

(54) **METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS**

(75) Inventors: **Scott A. Moskowitz**, Sunny Isles Beach, FL (US); **Mike W. Berry**, Seattle, WA (US)

(73) Assignee: **Blue Spike, Inc.,** Sunny Isles Beach, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **12/655,357**

(22) Filed: **Dec. 22, 2009**

(65) **Prior Publication Data**

US 2010/0106736 A1    Apr. 29, 2010

**Related U.S. Application Data**

(63) Continuation of application No. 12/005,229, filed on Dec. 26, 2007, now Pat. No. 7,660,700, which is a continuation of application No. 09/657,181, filed on Sep. 7, 2000, now Pat. No. 7,346,472.

(51) **Int. Cl.**
    *G06F 19/00*    (2006.01)

(52) **U.S. Cl.** ......... **702/182**; 707/E17.001; 707/E17.002; 707/E17.005; 707/E17.006; 709/209; 705/51; 380/28

(58) **Field of Classification Search** .................. 702/182; 707/E17.001, E17.002, E17.005, E17.006; 709/209; 705/51, 57; 380/28, 248; 370/480; 348/E7.063, 460; 375/E7.075, E7.089; 382/248, 382/162, 232, 100
    See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,947,825 | A | 3/1976 | Cassada |
| 3,984,624 | A | 10/1976 | Waggener |
| 3,986,624 | A | 10/1976 | Cates, Jr. et al. |
| 4,038,596 | A | 7/1977 | Lee |
| 4,200,770 | A | 4/1980 | Hellman et al. |
| 4,218,582 | A | 8/1980 | Hellman et al. |
| 4,339,134 | A | 7/1982 | Macheel |
| 4,390,898 | A | 6/1983 | Bond et al. |
| 4,405,829 | A | 9/1983 | Rivest et al. |
| 4,424,414 | A | 1/1984 | Hellman et al. |
| 4,528,588 | A | 7/1985 | Lofberg |
| 4,672,605 | A | 6/1987 | Hustig et al. |
| 4,748,668 | A | 5/1988 | Shamir et al. |
| 4,789,928 | A | 12/1988 | Fujisaki |
| 4,827,508 | A | 5/1989 | Shear |
| 4,876,617 | A | 10/1989 | Best et al. |
| 4,896,275 | A | 1/1990 | Jackson |
| 4,908,873 | A | 3/1990 | Philibert et al. |
| 4,939,515 | A | 7/1990 | Adelson |
| 4,969,204 | A | 11/1990 | Jones et al. |
| 4,972,471 | A | 11/1990 | Gross et al. |
| 4,977,594 | A | 12/1990 | Shear |

| | | | |
|---|---|---|---|
| 4,979,210 | A | 12/1990 | Nagata et al. |
| 4,980,782 | A | 12/1990 | Ginkel |
| 5,050,213 | A | 9/1991 | Shear |
| 5,073,925 | A | 12/1991 | Nagata et al. |
| 5,077,665 | A | 12/1991 | Silverman et al. |
| 5,113,437 | A | 5/1992 | Best et al. |
| 5,136,581 | A | 8/1992 | Muehrcke |
| 5,136,646 | A | 8/1992 | Haber et al. |
| 5,136,647 | A | 8/1992 | Haber et al. |
| 5,142,576 | A | 8/1992 | Nadan |
| 5,161,210 | A | 11/1992 | Druyvesteyn et al. |
| 5,210,820 | A | * 5/1993 | Kenyon ........................ 704/200 |
| 5,243,423 | A | 9/1993 | DeJean et al. |
| 5,243,515 | A | 9/1993 | Lee |
| 5,287,407 | A | 2/1994 | Holmes |
| 5,319,735 | A | 6/1994 | Preuss et al. |
| 5,341,429 | A | 8/1994 | Stringer et al. |
| 5,341,477 | A | 8/1994 | Pitkin et al. |
| 5,363,448 | A | 11/1994 | Koopman et al. |
| 5,365,586 | A | 11/1994 | Indeck et al. |
| 5,369,707 | A | 11/1994 | Follendore, III |
| 5,379,345 | A | 1/1995 | Greenberg |
| 5,394,324 | A | 2/1995 | Clearwater |
| 5,398,285 | A | 3/1995 | Borgelt et al. |
| 5,406,627 | A | 4/1995 | Thompson et al. |
| 5,408,505 | A | 4/1995 | Indeck et al. |
| 5,410,598 | A | 4/1995 | Shear |
| 5,412,718 | A | 5/1995 | Narasimhalv et al. |
| 5,418,713 | A | 5/1995 | Allen |
| 5,428,606 | A | 6/1995 | Moskowitz |
| 5,450,490 | A | 9/1995 | Jensen et al. |
| 5,469,536 | A | 11/1995 | Blank |
| 5,471,533 | A | 11/1995 | Wang et al. |
| 5,478,990 | A | 12/1995 | Montanari et al. |
| 5,479,210 | A | 12/1995 | Cawley et al. |
| 5,487,168 | A | 1/1996 | Geiner et al. |
| 5,493,677 | A | 2/1996 | Balogh et al. |
| 5,497,419 | A | 3/1996 | Hill |

(Continued)

FOREIGN PATENT DOCUMENTS

EP    0372601    6/1990

(Continued)

OTHER PUBLICATIONS

Schneier, Bruce, Applied Cryptography, 2nd Ed., John Wiley & Sons, pp. 9-10, 1996.

(Continued)

*Primary Examiner* — Carol S Tsai

(74) *Attorney, Agent, or Firm* — Neifeld IP Law, PC

(57) **ABSTRACT**

A method and system for monitoring and analyzing at least one signal are disclosed. An abstract of at least one reference signal is generated and stored in a reference database. An abstract of a query signal to be analyzed is then generated so that the abstract of the query signal can be compared to the abstracts stored in the reference database for a match. The method and system may optionally be used to record information about the query signals, the number of matches recorded, and other useful information about the query signals. Moreover, the method by which abstracts are generated can be programmable based upon selectable criteria. The system can also be programmed with error control software so as to avoid the re-occurrence of a query signal that matches more than one signal stored in the reference database.

**29 Claims, No Drawings**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,506,795 | A | 4/1996 | Yamakawa |
| 5,513,126 | A | 4/1996 | Harkins et al. |
| 5,513,261 | A | 4/1996 | Maher |
| 5,530,739 | A | 6/1996 | Okada |
| 5,530,751 | A | 6/1996 | Morris |
| 5,530,759 | A | 6/1996 | Braudaway et al. |
| 5,539,735 | A | 7/1996 | Moskowitz |
| 5,548,579 | A | 8/1996 | Lebrun et al. |
| 5,568,570 | A | 10/1996 | Rabbani |
| 5,579,124 | A | 11/1996 | Aijala et al. |
| 5,581,703 | A | 12/1996 | Baugher et al. |
| 5,583,488 | A | 12/1996 | Sala et al. |
| 5,598,470 | A | 1/1997 | Cooper et al. |
| 5,606,609 | A | 2/1997 | Houser et al. |
| 5,613,004 | A | 3/1997 | Cooperman et al. |
| 5,617,119 | A | 4/1997 | Briggs et al. |
| 5,625,690 | A | 4/1997 | Michel et al. |
| 5,629,980 | A | 5/1997 | Stefik et al. |
| 5,633,932 | A | 5/1997 | Davis et al. |
| 5,634,040 | A | 5/1997 | Her et al. |
| 5,636,276 | A | 6/1997 | Brugger |
| 5,636,292 | A | 6/1997 | Rhoads |
| 5,640,569 | A | 6/1997 | Miller et al. |
| 5,646,997 | A | 7/1997 | Barton |
| 5,657,461 | A | 8/1997 | Harkins et al. |
| 5,659,726 | A | 8/1997 | Sandford, II et al. |
| 5,664,018 | A | 9/1997 | Leighton |
| 5,673,316 | A | 9/1997 | Auerbach et al. |
| 5,677,952 | A | 10/1997 | Blakley et al. |
| 5,680,462 | A | 10/1997 | Miller et al. |
| 5,687,236 | A | 11/1997 | Moskowitz et al. |
| 5,689,587 | A | 11/1997 | Bender et al. |
| 5,696,828 | A | 12/1997 | Koopman, Jr. |
| 5,719,937 | A | 2/1998 | Warren et al. |
| 5,721,788 | A | 2/1998 | Powell et al. |
| 5,734,752 | A | 3/1998 | Knox |
| 5,737,416 | A | 4/1998 | Cooper et al. |
| 5,737,733 | A | 4/1998 | Eller |
| 5,740,244 | A | 4/1998 | Indeck et al. |
| 5,745,569 | A | 4/1998 | Moskowitz et al. |
| 5,748,783 | A | 5/1998 | Rhoads |
| 5,751,811 | A | 5/1998 | Magnotti et al. |
| 5,754,697 | A | 5/1998 | Fu et al. |
| 5,757,923 | A | 5/1998 | Koopman, Jr. |
| 5,765,152 | A | 6/1998 | Erickson |
| 5,768,396 | A | 6/1998 | Sone |
| 5,774,452 | A | 6/1998 | Wolosewicz |
| 5,790,677 | A | 8/1998 | Fox et al. |
| 5,799,083 | A | 8/1998 | Brothers et al. |
| 5,809,139 | A | 9/1998 | Girod et al. |
| 5,809,160 | A | 9/1998 | Powell et al. |
| 5,818,818 | A | 10/1998 | Soumiya |
| 5,822,432 | A | 10/1998 | Moskowitz et al. |
| 5,828,325 | A | 10/1998 | Wolose Wicz et al. |
| 5,832,119 | A | 11/1998 | Rhoads |
| 5,842,213 | A | 11/1998 | Odom |
| 5,848,155 | A | 12/1998 | Cox |
| 5,850,481 | A | 12/1998 | Rhoads |
| 5,859,920 | A | 1/1999 | Daly et al. |
| 5,860,099 | A | 1/1999 | Milios et al. |
| 5,862,260 | A | 1/1999 | Rhoads |
| 5,870,474 | A | 2/1999 | Wasilewski et al. |
| 5,884,033 | A | 3/1999 | Duvall et al. |
| 5,889,868 | A | 3/1999 | Moskowitz et al. |
| 5,893,067 | A | 4/1999 | Bender et al. |
| 5,894,521 | A | 4/1999 | Conley |
| 5,903,721 | A | 5/1999 | Sixtus |
| 5,905,800 | A | 5/1999 | Moskowitz et al. |
| 5,905,975 | A | 5/1999 | Ausubel |
| 5,912,972 | A | 6/1999 | Barton |
| 5,915,027 | A | 6/1999 | Cox et al. |
| 5,917,915 | A | 6/1999 | Hirose |
| 5,918,223 | A | 6/1999 | Blum |
| 5,920,900 | A | 7/1999 | Poole et al. |
| 5,923,763 | A | 7/1999 | Walker et al. |
| 5,930,369 | A | 7/1999 | Cox et al. |
| 5,930,377 | A | 7/1999 | Powell et al. |
| 5,940,134 | A | 8/1999 | Wirtz |
| 5,943,422 | A | 8/1999 | Van Wie et al. |
| 5,949,055 | A | * 9/1999 | Fleet et al. .................. 235/469 |
| 5,963,909 | A | 10/1999 | Warren et al. |
| 5,973,731 | A | 10/1999 | Schwab |
| 5,974,141 | A | 10/1999 | Saito |
| 5,991,426 | A | 11/1999 | Cox et al. |
| 5,999,217 | A | 12/1999 | Berners-Lee |
| 6,009,176 | A | 12/1999 | Gennaro et al. |
| 6,029,126 | A | 2/2000 | Malvar |
| 6,041,316 | A | 3/2000 | Allen |
| 6,044,471 | A | 3/2000 | Colvin |
| 6,049,838 | A | 4/2000 | Miller et al. |
| 6,051,029 | A | 4/2000 | Paterson et al. |
| 6,061,793 | A | 5/2000 | Tewfik et al. |
| 6,067,622 | A | 5/2000 | Moore |
| 6,069,914 | A | 5/2000 | Cox |
| 6,078,664 | A | 6/2000 | Moskowitz et al. |
| 6,081,251 | A | 6/2000 | Sakai et al. |
| 6,081,587 | A | 6/2000 | Reyes et al. |
| 6,081,597 | A | 6/2000 | Hoffstein et al. |
| 6,088,455 | A | * 7/2000 | Logan et al. .................. 380/200 |
| 6,131,162 | A | 10/2000 | Yoshiura et al. |
| 6,141,753 | A | 10/2000 | Zhao et al. |
| 6,141,754 | A | 10/2000 | Choy |
| 6,148,333 | A | 11/2000 | Guedalia |
| 6,154,571 | A | 11/2000 | Cox et al. |
| 6,192,138 | B1 | 2/2001 | Yamadaji |
| 6,199,058 | B1 | 3/2001 | Wong et al. |
| 6,205,249 | B1 | 3/2001 | Moskowitz |
| 6,208,745 | B1 | 3/2001 | Florencio et al. |
| 6,226,618 | B1 | 5/2001 | Downs |
| 6,230,268 | B1 | 5/2001 | Miwa et al. |
| 6,233,347 | B1 | 5/2001 | Chen et al. |
| 6,233,684 | B1 | 5/2001 | Stefik et al. |
| 6,240,121 | B1 | 5/2001 | Senoh |
| 6,263,313 | B1 | 7/2001 | Milsted et al. |
| 6,272,634 | B1 | 8/2001 | Tewfik et al. |
| 6,275,988 | B1 | 8/2001 | Nagashima et al. |
| 6,278,780 | B1 | 8/2001 | Shimada |
| 6,278,791 | B1 | 8/2001 | Honsinger et al. |
| 6,282,300 | B1 | 8/2001 | Bloom et al. |
| 6,282,650 | B1 | 8/2001 | Davis |
| 6,285,775 | B1 | 9/2001 | Wu et al. |
| 6,301,663 | B1 | 10/2001 | Kato et al. |
| 6,310,962 | B1 | 10/2001 | Chung et al. |
| 6,330,335 | B1 | 12/2001 | Rhoads |
| 6,330,672 | B1 | 12/2001 | Shur |
| 6,345,100 | B1 | 2/2002 | Levine |
| 6,351,765 | B1 | 2/2002 | Pietropaolo et al. |
| 6,363,483 | B1 | 3/2002 | Keshav |
| 6,373,892 | B1 | 4/2002 | Ichien et al. |
| 6,373,960 | B1 | 4/2002 | Conover et al. |
| 6,374,036 | B1 | 4/2002 | Ryan et al. |
| 6,377,625 | B1 | 4/2002 | Kim |
| 6,381,618 | B1 | 4/2002 | Jones et al. |
| 6,381,747 | B1 | 4/2002 | Wonfor et al. |
| 6,385,324 | B1 | 5/2002 | Koppen |
| 6,385,329 | B1* | 5/2002 | Sharma et al. ............... 382/100 |
| 6,385,596 | B1 | 5/2002 | Wiser |
| 6,389,538 | B1 | 5/2002 | Gruse et al. |
| 6,405,203 | B1 | 6/2002 | Collart |
| 6,415,041 | B1 | 7/2002 | Oami et al. |
| 6,418,421 | B1 | 7/2002 | Hurtado |
| 6,425,081 | B1 | 7/2002 | Iwamura |
| 6,430,301 | B1 | 8/2002 | Petrovic |
| 6,430,302 | B2 | 8/2002 | Rhoads |
| 6,442,283 | B1 | 8/2002 | Tewfik et al. |
| 6,446,211 | B1 | 9/2002 | Colvin |
| 6,453,252 | B1 | 9/2002 | Laroche |
| 6,457,058 | B1 | 9/2002 | Ullum et al. |
| 6,463,468 | B1 | 10/2002 | Buch et al. |
| 6,484,264 | B1 | 11/2002 | Colvin |
| 6,493,457 | B1 | 12/2002 | Quackenbush |
| 6,502,195 | B1 | 12/2002 | Colvin |
| 6,522,767 | B1 | 2/2003 | Moskowitz et al. |
| 6,522,769 | B1 | 2/2003 | Rhoads et al. |
| 6,523,113 | B1 | 2/2003 | Wehrenberg |
| 6,668,325 | B1 | 2/2003 | Collberg et al. |
| 6,530,021 | B1 | 3/2003 | Epstein et al. |

| | | |
|---|---|---|
| 6,532,284 B2 | 3/2003 | Walker et al. |
| 6,539,475 B1 | 3/2003 | Cox et al. |
| 6,557,103 B1 | 4/2003 | Boncelet, Jr. et al. |
| 6,584,125 B1 | 6/2003 | Katto |
| 6,587,837 B1 | 7/2003 | Spagna et al. |
| 6,590,996 B1 * | 7/2003 | Reed et al. .................. 382/100 |
| 6,598,162 B1 | 7/2003 | Moskowitz |
| 6,606,393 B1 | 8/2003 | Xie et al. |
| 6,647,424 B1 | 11/2003 | Pearson et al. |
| 6,658,010 B1 | 12/2003 | Enns et al. |
| 6,665,489 B2 | 12/2003 | Collart |
| 6,668,246 B1 | 12/2003 | Yeung et al. |
| 6,674,858 B1 | 1/2004 | Kimura |
| 6,687,683 B1 | 2/2004 | Harada et al. |
| 6,725,372 B1 | 4/2004 | Lewis et al. |
| 6,754,822 B1 | 6/2004 | Zhao |
| 6,775,772 B1 | 8/2004 | Binding et al. |
| 6,784,354 B1 | 8/2004 | Lu et al. |
| 6,785,815 B1 | 8/2004 | Serret-Avila et al. |
| 6,785,825 B2 | 8/2004 | Colvin |
| 6,792,548 B2 | 9/2004 | Colvin |
| 6,792,549 B1 | 9/2004 | Colvin |
| 6,795,925 B2 | 9/2004 | Colvin |
| 6,799,277 B2 | 9/2004 | Colvin |
| 6,813,717 B2 | 11/2004 | Colvin |
| 6,813,718 B2 | 11/2004 | Colvin |
| 6,823,455 B1 | 11/2004 | Macy et al. |
| 6,834,308 B1 | 12/2004 | Ikezoye et al. |
| 6,842,862 B2 | 1/2005 | Chow et al. |
| 6,853,726 B1 | 2/2005 | Moskowitz et al. |
| 6,857,078 B2 | 2/2005 | Colvin |
| 6,931,534 B1 | 8/2005 | Jandel et al. |
| 6,957,330 B1 | 10/2005 | Hughes |
| 6,966,002 B1 | 11/2005 | Torrubia-Saez |
| 6,983,337 B2 | 11/2005 | Wold |
| 6,977,894 B1 | 12/2005 | Achilles et al. |
| 6,978,370 B1 | 12/2005 | Kocher |
| 6,986,063 B2 | 1/2006 | Colvin |
| 6,990,453 B2 | 1/2006 | Wang |
| 7,007,166 B1 | 2/2006 | Moskowitz et al. |
| 7,020,285 B1 | 3/2006 | Kirovski et al. |
| 7,035,049 B2 | 4/2006 | Yamamoto |
| 7,035,409 B1 | 4/2006 | Moskowitz |
| 7,043,050 B2 | 5/2006 | Yuval |
| 7,046,808 B1 | 5/2006 | Metois et al. |
| 7,050,396 B1 | 5/2006 | Cohen et al. |
| 7,051,208 B2 | 5/2006 | Venkatesan et al. |
| 7,058,570 B1 | 6/2006 | Yu et al. |
| 7,093,295 B1 | 8/2006 | Saito |
| 7,095,874 B2 | 8/2006 | Moskowitz et al. |
| 7,103,184 B2 | 9/2006 | Jian |
| 7,107,451 B2 | 9/2006 | Moskowitz |
| 7,123,718 B1 | 10/2006 | Moskowitz et al. |
| 7,127,615 B2 | 10/2006 | Moskowitz |
| 7,150,003 B2 | 12/2006 | Naumovich et al. |
| 7,152,162 B2 | 12/2006 | Moskowitz et al. |
| 7,159,116 B2 | 1/2007 | Moskowitz |
| 7,162,642 B2 | 1/2007 | Schumann et al. |
| 7,177,429 B2 | 2/2007 | Moskowitz et al. |
| 7,177,430 B2 | 2/2007 | Kim |
| 7,206,649 B2 | 4/2007 | Kirovski et al. |
| 7,231,524 B2 | 6/2007 | Burns |
| 7,233,669 B2 | 6/2007 | Candelore |
| 7,240,210 B2 | 7/2007 | Michak et al. |
| 7,266,697 B2 | 9/2007 | Kirovski et al. |
| 7,286,451 B2 | 10/2007 | Wirtz et al. |
| 7,287,275 B2 | 10/2007 | Moskowitz |
| 7,289,643 B2 | 10/2007 | Brunk et al. |
| 7,343,492 B2 | 3/2008 | Moskowitz et al. |
| 7,346,472 B1 | 3/2008 | Moskowitz et al. |
| 7,362,775 B1 | 4/2008 | Moskowitz |
| 7,363,278 B2 | 4/2008 | Schmelzer et al. |
| 7,409,073 B2 | 8/2008 | Moskowitz et al. |
| 7,457,962 B2 | 11/2008 | Moskowitz |
| 7,460,994 B2 | 12/2008 | Herre et al. |
| 7,475,246 B1 | 1/2009 | Moskowitz |
| 7,530,102 B2 | 5/2009 | Moskowitz |
| 7,532,725 B2 | 5/2009 | Moskowitz et al. |
| 7,568,100 B1 | 7/2009 | Moskowitz et al. |
| 7,647,502 B2 | 1/2010 | Moskowitz |
| 7,647,503 B2 | 1/2010 | Moskowitz |
| 7,664,263 B2 | 2/2010 | Moskowitz |
| 7,743,001 B1 | 6/2010 | Vermeulen |
| 7,761,712 B2 | 6/2010 | Moskowitz |
| 7,779,261 B2 | 8/2010 | Moskowitz |
| 2001/0010078 A1 | 7/2001 | Moskowitz |
| 2001/0029580 A1 | 10/2001 | Moskowitz |
| 2001/0043594 A1 * | 11/2001 | Ogawa et al. ................. 370/356 |
| 2002/0009208 A1 * | 1/2002 | Alattar et al. ................. 382/100 |
| 2002/0010684 A1 | 1/2002 | Moskowitz |
| 2002/0026343 A1 | 2/2002 | Duenke |
| 2002/0056041 A1 | 5/2002 | Moskowitz |
| 2002/0047873 A1 | 6/2002 | Petrovic |
| 2002/0071556 A1 | 6/2002 | Moskowitz et al. |
| 2002/0073043 A1 | 6/2002 | Herman et al. |
| 2002/0097873 A1 | 7/2002 | Petrovic |
| 2002/0103883 A1 | 8/2002 | Haverstock et al. |
| 2002/0161741 A1 | 10/2002 | Wang et al. |
| 2003/0126445 A1 | 7/2003 | Wehrenberg |
| 2003/0133702 A1 | 7/2003 | Collart |
| 2003/0200439 A1 | 10/2003 | Moskowitz |
| 2003/0219143 A1 | 11/2003 | Moskowitz et al. |
| 2004/0028222 A1 | 2/2004 | Sewell et al. |
| 2004/0037449 A1 | 2/2004 | Davis et al. |
| 2004/0049695 A1 | 3/2004 | Choi et al. |
| 2004/0059918 A1 | 3/2004 | Xu |
| 2004/0083369 A1 | 4/2004 | Erlingsson et al. |
| 2004/0086119 A1 | 5/2004 | Moskowitz |
| 2004/0093521 A1 | 5/2004 | Hamadeh et al. |
| 2004/0117628 A1 | 6/2004 | Colvin |
| 2004/0117664 A1 | 6/2004 | Colvin |
| 2004/0125983 A1 | 7/2004 | Reed et al. |
| 2004/0128514 A1 | 7/2004 | Rhoads |
| 2004/0225894 A1 | 11/2004 | Colvin |
| 2004/0243540 A1 | 12/2004 | Moskowitz et al. |
| 2005/0135615 A1 | 6/2005 | Moskowitz et al. |
| 2005/0160271 A9 | 7/2005 | Brundage et al. |
| 2005/0177727 A1 | 8/2005 | Moskowitz et al. |
| 2005/0246554 A1 | 11/2005 | Batson |
| 2006/0005029 A1 | 1/2006 | Petrovic et al. |
| 2006/0013395 A1 | 1/2006 | Brundage et al. |
| 2006/0013451 A1 | 1/2006 | Haitsma |
| 2006/0041753 A1 | 2/2006 | Haitsma |
| 2006/0101269 A1 | 5/2006 | Moskowitz et al. |
| 2006/0140403 A1 | 6/2006 | Moskowitz |
| 2006/0251291 A1 | 11/2006 | Rhoads |
| 2006/0285722 A1 | 12/2006 | Moskowitz et al. |
| 2007/0011458 A1 | 1/2007 | Moskowitz |
| 2007/0028113 A1 | 2/2007 | Moskowitz |
| 2007/0064940 A1 | 3/2007 | Moskowitz et al. |
| 2007/0079131 A1 | 4/2007 | Moskowitz et al. |
| 2007/0083467 A1 | 4/2007 | Lindahl et al. |
| 2007/0110240 A1 | 5/2007 | Moskowitz et al. |
| 2007/0113094 A1 | 5/2007 | Moskowitz et al. |
| 2007/0127717 A1 | 6/2007 | Herre et al. |
| 2007/0226506 A1 | 9/2007 | Moskowitz |
| 2007/0253594 A1 | 11/2007 | Lu et al. |
| 2007/0294536 A1 | 12/2007 | Moskowitz et al. |
| 2007/0300072 A1 | 12/2007 | Moskowitz |
| 2007/0300073 A1 | 12/2007 | Moskowitz |
| 2008/0005571 A1 | 1/2008 | Moskowitz |
| 2008/0005572 A1 | 1/2008 | Moskowitz |
| 2008/0016365 A1 | 1/2008 | Moskowitz |
| 2008/0022113 A1 | 1/2008 | Moskowitz |
| 2008/0022114 A1 | 1/2008 | Moskowitz |
| 2008/0028222 A1 | 1/2008 | Moskowitz |
| 2008/0046742 A1 | 2/2008 | Moskowitz |
| 2008/0075277 A1 | 3/2008 | Moskowitz et al. |
| 2008/0109417 A1 | 5/2008 | Moskowitz |
| 2008/0133927 A1 | 6/2008 | Moskowitz et al. |
| 2008/0151934 A1 | 6/2008 | Moskowitz et al. |
| 2009/0037740 A1 | 2/2009 | Moskowitz |
| 2009/0089427 A1 | 4/2009 | Moskowitz et al. |
| 2009/0190754 A1 | 7/2009 | Moskowitz et al. |
| 2009/0210711 A1 | 8/2009 | Moskowitz |
| 2009/0220074 A1 | 9/2009 | Moskowitz et al. |
| 2010/0002904 A1 | 1/2010 | Moskowitz |
| 2010/0005308 A1 | 1/2010 | Moskowit |

| 2010/0064140 | A1 | 3/2010 | Moskowitz |
| 2010/0077219 | A1 | 3/2010 | Moskowitz |
| 2010/0077220 | A1 | 3/2010 | Moskowitz |
| 2010/0098251 | A1 | 4/2010 | Moskowitz |
| 2010/0106736 | A1 | 4/2010 | Moskowitz |
| 2010/0153734 | A1 | 6/2010 | Moskowitz |
| 2010/0182570 | A1 | 7/2010 | Chota |
| 2010/0202607 | A1 | 8/2010 | Moskowitz |
| 2010/0220861 | A1 | 9/2010 | Moskowitz |

FOREIGN PATENT DOCUMENTS

| EP | 0372601 | A1 | 6/1990 |
| EP | 0565947 | | 10/1993 |
| EP | 0565947 | A1 | 10/1993 |
| EP | 0581317 | | 2/1994 |
| EP | 0581317 | A2 | 2/1994 |
| EP | 0649261 | | 4/1995 |
| EP | 0651554 | | 5/1995 |
| EP | 0651554 | A | 5/1995 |
| EP | 0872073 | | 7/1996 |
| EP | 1547337 | | 3/2006 |
| EP | 1354276 | | 12/2007 |
| EP | 1354276 | B1 | 12/2007 |
| NL | 100523 | | 9/1998 |
| NL | 1005523 | | 9/1998 |
| WO | WO 95/14289 | | 5/1995 |
| WO | WO 9514289 | | 5/1995 |
| WO | WO09701892 | | 6/1995 |
| WO | WO 96/29795 | | 9/1996 |
| WO | WO 9629795 | | 9/1996 |
| WO | WO 9642151 | | 12/1996 |
| WO | WO9726733 | | 1/1997 |
| WO | WO 97/24833 | | 7/1997 |
| WO | WO 9724833 | | 7/1997 |
| WO | WO9726732 | | 7/1997 |
| WO | WO 9744736 | | 11/1997 |
| WO | WO9802864 | | 1/1998 |
| WO | WO98/37513 | | 8/1998 |
| WO | WO9837513 | | 8/1998 |
| WO | WO 9952271 | | 10/1999 |
| WO | WO 99/62044 | | 12/1999 |
| WO | WO 9962044 | | 12/1999 |
| WO | WO 9963443 | | 12/1999 |
| WO | WO 0057643 | | 9/2000 |
| WO | WO0118628 | | 3/2001 |
| WO | WO0143026 | | 6/2001 |
| WO | WO0203385 | | 1/2002 |
| WO | WO02003385 | A1 | 10/2002 |

OTHER PUBLICATIONS

Menezes, Alfred J., Handbook of Applied Crypography, CRC Press, p. 46, 1997.
Brealy, et al., Principles of Corporate Finance, "Appendix A—Using Option Valuation Models", 1984, pp. 448-449.
Copeland, et al., Real Options: A Practioner's Guide, 2001 pp. 106-107, 201-202, 204-208.
Sarkar, M. "An Assessment of Pricing Mechanisms for the Internet-A Regulatory Imperative", presented MIT Workshop on Internet Economics, Mar. 1995 http://www.vmich.edu/ien/works/SarkAsses.html on.
Crawford, D.W. "Pricing Network Usage: A Market for Bandwidth of Market Communication?" presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/ien/works/CrawMarket.html on March.
Low, S.H., "Equilibrium Allocation and Pricing of Variable Resources Among User-Suppliers", 1988. http://www.citesear.nj.nec.com/366503.html.
Caronni, Germano, "Assuring Ownership Rights for Digital Images", published proceeds of reliable IT systems, v15 '95, H.H. Bruggemann and W Gerhardt-Hackel (Ed.) Viewing Publishing Company Germany 1995.
Zhao, Jian. "A WWW Service to Embed and Prove Digital Copyright Watermarks", Proc. of the european conf. on Mulitmedia Applications, Services & Techinques Louvain-La-Nevve Belgium May 1996.

Gruhl, Daniel et al., Echo Hiding. In Proceeding of the Workshop on Information Hiding. No. 1174 in Lecture Notes in Computer Science, Cambridge, England (May/Jun. 1996).
Oomen, A.W.J. et al., A Variable Bit Rate Buried Data Channel for Compact Disc, J.Audio Eng.Sc., vol. 43, No. 1/2, pp. 23-28 (1995).
Ten Kate, W. et al., A New Surround-Stereo—Surround Coding Techniques, J. Audio Eng.Soc., vol. 40, No. 5, pp. 376-383 (1992).
Gerzon, Michael et al., A High Rate Buried Data Channel for Audio CD, presentation notes, Audio Engineering Soc. 94th Convention (1993).
Sklar, Bernard, Digital Communications, pp. 601-603 (1988).
Jayant, N.S. et al., Digital Coding of Waveforms, Prentice Hall Inc., Englewood Cliffs, NJ, pp. 486-509 (1984).
Bender, Walter R. et al., Techniques for Data Hiding, SPIE Int. Soc. Opt. Eng., vol. 2420, pp. 164-173, 1995.
Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, (xp 000571976), pp. 242-251, 1995.
Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 175, 1997.
Schneier, Bruce, Applied Cryptography, 1st Ed., pp. 67-68, 1994.
ten Kate, W. et al., "Digital Audio Carrying Extra Information", IEEE, CH 2847-2/90/000-1097, (1990).
van Schyndel, et al. A digital Watermark, IEEE Int'l Computer Processing Conference, Austin, TX, Nov. 13-16, 1994, pp. 86-90.
Smith, et al. Modulation and Information Hiding in Images, Springer Verlag, 1st Int'l Workshop, Cambridge, UK, May 30-Jun. 1, 1996, pp. 207-227.
Puate, Joan et al., Using Fractal Compression Scheme to Embed a Digital Signature into an Image, SPIE-96 Proceedings, vol. 2915, Mar. 1997, pp. 108-118.
Swanson, Mitchell D., et al., Transparent Robust Image Watermarking, Proc. of the 1996 IEEE Int'l Conf. on Image Processing, vol. 111, 1996, pp. 211-214.
Swanson, Mitchell D. et al. Robust Data Hiding for Images, 7th IEEE Digital Signal Processing Workshop, Leon, Norway. Sep. 1-4, 1996, pp. 37-40.
Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, Proceeding of the Know Right '95 Conference, pp. 242-251.
Koch, E., et al., Towards Robust and Hidden Image Copyright Labeling, 1995 IEEE Workshop on Nonlinear Signal and Image Processing, Jun. 1995 Neos Marmaras p. 4.
Van Schyandel, et al. Towards a Robust Digital Watermark, Second Asain Image Processing Conference, Dec. 6-8, 1995, Singapore, vol. 2, pp. 504-508.
Tirkel, A.Z., A Two-Dimensional Digital Watermark, DICTA '95, Univ. of Queensland, Brisbane, Dec. 5-8, 1995, pp. 7.
Tirkel, A.Z., Image Watermarking—A Spread Spectrum Application, ISSSTA '96, Sep. 1996, Mainz, German, pp. 6.
O'Ruanaidh, et al. Watermarking Digital Images for Copyright Protection, IEEE Proceedings, vol. 143, No. 4, Aug. 1996, pp. 250-256.
Cox, et al., Secure Spread Spectrum Watermarking for Multimedia, NEC Research Institute, Techinal Report 95-10, p. 33.
Kahn, D., The Code Breakers, The MacMillan Company, 1969, pp. xIII, 81-83, 513, 515, 522-526, 873.
Boney, et al., Digital Watermarks for Audio Signals, EVSIPCO, 96, pp. 473-480.
Dept. of Electrical Engineering, Del Ft University of Technology, Del ft The Netherlands, Cr.C. Langelaar et al., Copy Protection for Multimedia Data based on Labeling Techniques Jul. 1996 9 pp.
Craver, et al., Can Invisible Watermarks Resolve Rightful Ownerships? IBM Research Report, RC 20509 (Jul. 25, 1996) 21 pp.
Press, et al., Numerical Recipes in C, Cambridge Univ. Press, 1988, pp. 398-417.
Pohlmann, Ken C., Principles of Digital Audio, 3rd Ed., 1995, pp. 32-37, 40-48, 138, 147-149, 332, 333, 364, 499-501, 508-509, 564-571.
Pohlmann, Ken C., Principles of Digital Audio, 2nd Ed., 1991, pp. 1-9, 19-25, 30-33, 41-48, 54-57, 86-107, 375-387.
Schneier, Bruce, Applied Cryptography, John Wiley & Sons, inc., New York, 1994, pp. 68, 69, 387-392, 1-57, 273-275, 321-324.
Boney, et al., Digital Watermarks for Audio Signals, Proceedings of the International Conf. on Multimedia Computing and Systems, Jun. 17-23, 1996, Hiroshima, Japan, 0-8186-7436-9196, pp. 473-480.

Johnson, et al., Transform Permuted Watermarking for Copyright Protection of Digital Video, IEEE Globecom 1998, Nov. 8-12, 1998, New York, New York, vol. 2, 1998, pp. 684-689,(ISBN 0-7803-4985-7).

Rivest, et al., "Pay Word and Micromint: Two Simple Micropayment Schemes," MIT Laboratory for Computer Science, Cambridge, MA, May 7, 1996, pp. 1-18.

Bender, et al., Techniques for Data Hiding, IBM Systems Journal, vol. 35, Nos. 3 & 4, 1996,pp. 313-336.

Moskowitz, Bandwidth as Currency, IEEE Multimedia, Jan.-Mar. 2003, pp. 14-21.

Moskowitz, Multimedia Security Technologies for Digital Rights Management, 2006, Academic Press, "Introduction-Digital Rights Management" pp. 3-22.

Moskowitz, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security, Robustness and Quality", IEEE Computer Society Proceedings of ITCC 2002 Apr. 10, 2002 pp. 80-84.

Lemma, et al. "Secure Watermark Embedding through Partial Encryption", International Workshop on Digital Watermarking ("IWDW" 2006), Springer Lecture Notes in Computer Science,2006, (to appear) 13.

Kocher, et al., "Self Protecting Digital Content", Technical Report from the CRI Content Security Research Initiative, Crytography Research, Inc. 2002-2003, 14 pages.

Sirbu, M. et al., "Net Bill: An Internet Commerce System Optimized for Network Delivered Services", Digest of Papers of the Computer Society Computer Conference (Spring), Mar. 5, 1995, pp. 20-25, vol. CONF40.

Schunter, M. et al., "A Status Report on the SEMPER framework for Secure Electronic Commerce", Computer Networks and ISDN Systems, Sep. 30, 1998, pp. 1501-1510, vol. 30, No. 16-18, NI, North Holland.

Konrad, K. et al., "Trust and Elecronic Commerce-more than a techinal problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed Systems Oct. 19-22, 1999 pp. 360-365 Lausanne.

Kini, A. et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf on System Sciences (Cat. No. 98TB100216), Jan. 6-9, 1998, pp. 51-61, Los.

Steinauer D. D., et al., "Trust and Traceability in Electronic Commerce", Standard View, Sep. 1997, pp. 118-124, vol. 5 No. 3, ACM, USA.

Hartung, et al. "Multimedia Watermarking Techniques", Proceedings of the IEEE, Special Issue, Identification & Protection of Multimedia Information, pp. 1079-1107 Jul. 1999 vol. 87 No. 7 IEEE.

Rivest,et al., PayWord and MicroMint: Two simple micropayment schemes, MIT Laboratory for Computer Science, Cambridge, MA 02139, Apr. 27, 2001, pp. 1-18.

Horowitz, et al., The Art of Electronics, 2nd Ed., 1989, pp. 7.

Delaigle, J.-F., et al. "Digital Watermarking," Proceedings of the SPIE, vol. 2659, Feb 1, 1996, pp. 99-110 (Abstract).

Schneider, M., et al. "Robust Content Based Digital Signature for Image Authentication," Proceedings of the International Conference on Image Processing (IC. Lausanne), Sep. 16-19, 1996, pp. 227-230, IEEE ISBN.

Cox, I. J., et al. "Secure Spread Spectrum Watermarking for Multimedia," IEEE Transactions on Image Processing, vol. 6 No. 12, Dec. 1, 1997, pp. 1673-1686.

Wong, Ping Wah. "A Public Key Watermark for Image Verification and Authentication," IEEE International Conference on Image Processing, vol. 1, Oct. 4-7, 1998, pp. 455-459.

Fabien A.P. Petitcolas, Ross J. Anderson and Markkus G. Kuhn, "Attacks on Copyright Marking Systems," LNCS, vol. 1525, Apr. 14-17, 1998, pp. 218-238, ISBN: 3-540-65386-4.

Ross Anderson, "Stretching the Limits of Steganography," LNCS, vol. 1174, May/Jun. 1996, 10 pages, ISBN: 3-540-61996-8.

Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", pre-publication, Summer 1997 4 pages.

Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", Submitted to Signal Processing Aug. 21, 1997 19 pages.

Rivest, R. "Chaffing and Winnowing: Confidentiality without Encryption", MIT Lab for Computer Science, http://people.csail.mit.edu/rivest/ Chaffing.txt, Apr. 24, 1998, 9 pp.

PortalPlayer, PP502 digital media management system-on-chip, May 1, 2003, 4 pp.

VeriDisc, "The search for a Rational Solution to Digital Rights Management (DRM)", http://64.244.235.240/news/whitepaper/docs/veridisc_white_paper.pdf, 2001, 15 pp.

Cayre, et al., "Kerckhoff's-Based Embedding Security Classes for WOA Data Hiding". IEEE Transactions on Information Forensics and Security, vol. 3 No. 1, Mar. 2008, 15 pp.

Wayback Machine, dated Jan. 17, 1999, http://vveb.archive.org/web/19990117020420/http://www.netzero.com/, accessed on Feb. 19, 2008.

Namgoong, H., "An Integrated Approach to Legacy Data for Multimedia Applications", Proceedings of the 23rd EUROMICRO Conference, vol., Issue 1-4, Sep. 1997, pp. 387-391.

Wayback Machine, dated Aug. 26, 2007, http://web.archive.org/web/20070826151732/http://www.screenplaysmag.com/tabid/96/articleType/ArticleView/articleId/495/Default.aspx/.

"YouTube Copyright Policy: Video Identification tool—YouTube Help", accessed Jun. 4, 2009, http://www.google.com/support/youtube/bin/answer.py?h1=en&answer=83766, 3 pp.

PCT International Search Report, completed Sep. 13, 1995; authorized officer Huy D. Vu (PCT/US95/08159) (2 pages).

PCT International Search Report, completed Jun. 11, 1996; authorized officer Salvatore Cangialosi (PCT/US96/10257) (4 pages).

Supplementary European Search Report, completed Mar. 5, 2004; authorized officer J. Hazel (EP 96 91 9405) (1 page).

PCT International Search Report, completed Apr. 4, 1997; authorized officer Bernarr Earl Gregory (PCT/US97/00651) (1 page).

PCT International Search Report, completed May 6, 1997; authorized officer Salvatore Cangialosi (PCT/US97/00652) (3 pages).

PCT International Search Report, completed Oct. 23, 1997; authorized officer David Cain (PCT/US97/11455) (1 page).

PCT International Search Report, completed Jul. 12, 1999; authorized officer R. Hubeau (PCT/US99/07262) (3 pages).

PCT International Search Report, completed Jun. 30, 2000; authorized officer Paul E. Callahan (PCT/US00/06522) (7 pages).

Supplementary European Search Report, completed Jun. 27, 2002; authorized officer M. Schoeyer (EP 00 91 9398) (1 page).

PCT International Search Report, date of mailing Mar. 15, 2001; authorized officer Marja Brouwers (PCT/US00/18411) (5 pages).

PCT International Search Report, completed Jul. 20, 2001; authorized officer A. Sigolo (PCT/US00/18411) (5 pages).

PCT International Search Report, completed Mar. 20, 2001; authorized officer P. Corcoran (PCT/US00/33126) (6 pages).

PCT International Search Report, completed Jan. 26, 2001; authorized officer G. Barron (PCT/US00/21189) (3 pages).

European Search Report, completed Oct. 15, 2007; authorized officer James Hazel (EP 07 11 2420) (9 pages).

STAIND (The Singles 1996-2006), Warner Music—Atlantic, Pre-Release CD image, 2006, 1 page.

Arctic Monkeys (Whatever People Say I Am, That's What I'm Not), Domino Recording Co. Ltd., Pre-Release CD image, 2005, 1 page.

Radiohead ("Hail To The Thief"), EMT Music Group—Capitol, Pre-Release CD image, 2003, 1 page.

OASIS (Dig Out Your Soul), Big Brother Recordings Ltd., Promotion CD image, 2009, 1 page.

U.S. Appl. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device", published as 7568100 Jul. 28, 2009.

EPO Application No. 96919405.9, entitled "Steganographic Method and Device"; published as EP0872073 (A2), Oct. 21, 1998.

U.S. Appl. No. 11/050,779, filed Feb. 7, 2005, entitled "Steganographic Method and Device", published as 20050177727 A1 Aug. 11, 2005.

U.S. Appl. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth

Securitization, Multichannel Digital Watermarks, and Key Management", published as 7362775 Apr. 22, 2008.

U.S. Appl. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital Watermarking", published as 7007166 Feb. 28, 2006.

U.S. Appl. No. 11/244,213, filed Oct. 5, 2005, entitled "Method and System for Digital Watermarking", published as 2006-0101269 A1 May 11, 2006, cited herein as P36.

U.S. Appl. No. 11/649,026, filed Jan. 3, 2007, entitled "Method and System for Digital Watermarking", published as 2007-0113094 A1 May 17, 2007.

U.S. Appl. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation", published as 6,598,162 Jul. 22, 2003.

U.S. Appl. No. 10/602,777, filed Jun. 25, 2003, entitled "Method for Combining Transfer Function with Predetermined Key Creation", published as 2004-0086119 A1 May 6, 2004.

U.S. Appl. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking", 6,205,249 Mar. 20, 2001.

U.S. Appl. No. 09/644,098, filed Aug. 23, 2000, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking", published as 7,035,409 Apr. 25, 2006.

Jap. App. No. 2000-542907, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking"; which is a JP national stage of PCT/US1999/007262, published as WO/1999/052271, Oct. 14, 1999.

U.S. Appl. No. 09/767,733, filed Jan. 24, 2001 entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking", published as 2001-0010078 A1 Jul. 26, 2001.

U.S. Appl. No. 11/358,874, filed Feb. 21, 2006, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking", published as 2006-0140403 A1 Jun. 29, 2006.

U.S. Appl. No. 10/417,231, filed Apr. 17, 2003, entitled "Methods, Systems And Devices For Packet Watermarking And Efficient Provisioning Of Bandwidth", published as 2003-0200439 A1 Oct. 23, 2003.

U.S. Appl. No. 09/789,711, filed Feb. 22, 2001, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 2001-0029580 A1 Oct. 11, 2001.

U.S. Appl. No. 11/497,822, filed Aug. 2, 2006, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 2007-0011458 A1 Jan. 11, 2007.

U.S. Appl. No. 11/599,964, filed Nov. 15, 2006, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 2008-0046742 A1 Feb. 21, 2008.

U.S. Appl. No. 11/599,838, filed Nov. 15, 2006, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 2007-0226506 A1 Sep. 27, 2007.

U.S. Appl. No. 10/369,344, filed Feb. 18, 2003, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data", published as 2003-0219143 A1 Nov. 27, 2003.

U.S. Appl. No. 11/482,654, filed Jul. 7, 2006, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data", published as 2006-0285722 A1 Dec. 21, 2006.

U.S. Appl. No. 09/594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 7,123,718 Oct. 17, 2006.

U.S. Appl. No. 11/519,467, filed Sep. 12, 2006, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 2007-0064940 A1 Mar. 22, 2007.

U.S. Appl. No. 09/731,040, filed Dec. 7, 2000, entitled "Systems, Methods And Devices For Trusted Transactions", 2002-0010684 A1 Jan. 24, 2002.

U.S. Appl. No. 11/512,701, filed Aug. 29, 2006, entitled "Systems, Methods and Devices for Trusted Transactions", published as 2007-0028113 A1 Feb. 1, 2007.

U.S. Appl. No. 10/049,101, filed Feb. 8, 2002, entitled "A Secure Personal Content Server", published as 7,475,246 Jan. 6, 2009.

PCT Application No. PCT/US00/21189, filed Aug. 4, 2000, entitled, "A Secure Personal Content Server", Pub. No. WO/2001/018628 ; Publication Date: Mar. 15, 2001.

U.S. Appl. No. 09/657,181, filed Sep. 7, 2000, entitled "Method and Device For Monitoring And Analyzing Signals", published as 7,346,472 Mar. 18, 2008.

U.S. Appl. No. 10/805,484, filed Mar. 22, 2004, entitled "Method And Device For Monitoring And Analyzing Signals", published as 2004-0243540 A1 Dec. 2, 2004.

U.S. Appl. No. 09/956,262, filed Sep. 20, 2001, entitled "Improved Security Based on Subliminal and Supraliminal Channels For Data Objects", published as 2002-0056041 A1 May 9, 2002.

U.S. Appl. No. 11/518,806, filed Sep. 11, 2006, entitled "Improved Security Based on Subliminal and Supraliminal Channels For Data Objects", 2008-0028222 A1 Jan. 31, 2008.

U.S. Appl. No. 11/026,234, filed Dec. 30, 2004, entitled "Z-Transform Implementation of Digital Watermarks", published as 2005-0135615 A1 Jun. 23, 2005.

U.S. Appl. No. 11/592,079, filed Nov. 2, 2006, entitled "Linear Predictive Coding Implementation of Digital Watermarks", published as 2007-0079131 A1 Apr. 5, 2007.

U.S. Appl. No. 09/731,039, filed Dec. 7, 2000, entitled "System and Methods for Permitting Open Access to Data Objects and for Securing Data within the Data Objects", published as 2002-0071556 A1 Jun. 13, 2002.

U.S. Appl. No. 11/647,861, filed Dec. 29, 2006, entitled "System and Methods for Permitting Open Access to Data Objects and for Securing Data within the Data Objects", published as 2007-0110240 A1 May 17, 2007.

Merriam-Webster's Collegiate Dictionary, 10th Ed., Merriam Webster, Inc., p. 207.

Van Schyndel, et al., "A digital Watermark," IEEE Int'l Computer Processing Conference, Austin,TX, Nov. 13-16, 1994, pp. 86-90.

Kutter, Martin et al., "Digital Signature of Color Images Using Amplitude Modulation", SPIE-E197, vol. 3022, pp. 518-527.

Tomsich, et al., "Towards a secure and de-centralized digital watermarking infrastructure for the protection of Intellectual Property", in Electronic Commerce and Web Technologies, Proceedings (ECWEB)(2000).

Kini, et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf on System Sciences (Cat. No. 98TB100216). Jan. 6-9, 1998. pp. 51-61. Los.

U.S. Appl. No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions".

U.S. Appl. No. 60/234,199, filed Sep. 20, 2000, "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects".

U.S. Appl. No. 09/671,739, filed Sep. 29, 2000, entitled "Method And Device For Monitoring And Analyzing Signals".

Tirkel, A.Z., "A Two-Dimensional Digital Watermark", Scientific Technology, 686, 14, date unknown.

PCT International Search Report in PCT/US95/08159.

PCT International Search Report in PCT/US96/10257.

PCT International Search Report in PCT/US97/00651.

PCT International Search Report in PCT/US97/00652.

PCT International Search Report in PCT/US97/11455.

PCT International Search Report in PCT/US99/07262.

PCT International Search Report in PCT/US00/06522.

PCT International Search Report in PCT/US00/18411.

PCT International Search Report in PCT/US00/33126.

PCT International Search Report in PCT/US00/21189.

Delaigle, J.-F., et al. "Digital Watermarking," Proceedings of the SPIE, vol. 2659, Feb 1, 1996, pp. 99-110.

U.S. Appl. No. 12/665,002, filed Dec. 22, 2009, entitled "Method for Combining Transfer Function with Predetermined Key Creation", published as 20100182570 A1 Jul. 22, 2010, P76.

U.S. Appl. No. 12/592,331, filed Nov. 23, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100077220 A1 Mar. 25, 2010, P77.

U.S. Appl. No. 12/590,553, filed Nov. 10, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100077219 A1 Mar. 25, 2010, P78.

U.S. Appl. No. 12/590,681, filed Nov. 12, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100064140 A1 Mar. 11, 2010, P79.

U.S. Appl. No. 12/655,036, filed Dec. 22, 2009, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 20100153734 A1 Jun. 17, 2010, P80.

U.S. Appl. No. 12/655,357, filed Dec. 22, 2009, entitled "Method And Device For Monitoring And Analyzing Signals", published as 20100106736 A1 Apr. 29, 2010, P81.

PCT Application No. PCT/US95/08159, filed Jun. 26, 1995, entitled, "Digital Information Commodities Exchange with Virtual Menuing", published as WO/1997/001892; Publication Date: Jan, 16, 1997, F24.

PCT Application No. PCT/US96/10257, filed Jun. 7, 1996, entitled "Steganographic Method and Device"—corresponding to—EPO Application No. 96919405.9, entitled "Steganographic Method and Device", published as WO/1996/042151; Publication Date: Dec. 27, 1996; F19.

PCT Application No. PCT/US97/00651, filed Jan. 16, 1997, entitled, "Method for Stega-Cipher Protection of Computer Code", published as WO/1997/026732; Publication Date: Jul. 24, 1997.

PCT Application No. PCT/US97/00652, filed Jan. 17, 1997, entitled, "Method for an Encrypted Digital Watermark", published as WO/1997/026733; Publication Date: Jul. 24, 1997.

PCT Application No. PCT/US97/11455, filed Jul. 2, 1997, entitled, "Optimization Methods for the Insertion, Protection and Detection of Digital Watermarks in Digitized Data", published as WO/1998/002864; Publication Date: Jan. 22, 1998.

PCT Application No. PCT/US99/07262, filed Apr. 2, 1999, entitled, "Multiple Transform Utilization and Applications for Secure Digital Watermarking", published as WO/1999/052271; Publication Date: Oct. 14, 1999.

PCT Application No. PCT/US00/06522, filed Mar. 14, 2000, entitled, "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as WO/2000/057643; Publication Date: Sep. 28, 2000.

PCT Application No. PCT/US00/18411, filed Jul. 5, 2000, entitled, "Copy Protection of Digital Data Combining Steganographic and Cryptographic Techniques".

PCT Application No. PCT/US00/33126, filed Dec. 7, 2000, entitled "Systems, Methods and Devices for Trusted Transactions", published as WO/2001/043026; Publication Date: Jun. 14, 2001.

EPO Divisional Patent Application No. 07112420.0, entitled "Steganographic Method and Device" corresponding to PCT Application No. PCT/US96/10257, published as WO/1996/042151, Dec. 27, 1996.

U.S. Appl. No. 60/222,023, filed Jul. 31, 2007 entitled "Method and apparatus for recognizing sound and signals in high noise and distortion".

U.S. Appl. No. 11/458,639, filed Jul. 19, 2006 entitled "Methods and Systems for Inserting Watermarks in Digital Signals", published as 20060251291 A1 Nov. 9, 2006, P82.

"Techniques for Data Hiding in Audio Files," by Morimoto, 1995.

Howe, Dennis Jul. 13, 1998 http://foldoc..org//steganography.

CSG, Computer Support Group and CSGNetwork.com 1973 http://www.csgnetwork.com/glossarys.html.

QuinStreet Inc. 2010 What is steganography?—A word definition from the Webopedia Computer Dictionary http://www.webopedia.com/terms/steganography.html.

Graham, Robert Aug. 21, 2000 "Hacking Lexicon" http://robertgraham.com/pubs/hacking-diet.html.

Farkex, Inc 2010 "Steganography definition of steganography in the Free Online Encyclopedia" http://encyclopedia2.Thefreedictionary.com/steganography.

Horowitz, et al., The Art of Eletronics. 2nd Ed., 1989, pp. 7.

Jimmy eat world ("futures"), Interscope Records, Pre-Release CD image, 2004, 1 page.

Aerosmith ("Just Push Play"), Pre-Release CD image, 2001, 1 page.

Phil Collins(Testify) Atlantic, Pre-Release CD image, 2002, 1 page.

* cited by examiner

# METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of pending U.S. application Ser. No. 12/005,229, which is a continuation of U.S. patent application Ser. No. 09/657,181, now U.S. Pat. No. 7,346,472. The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

This application claims the benefit of pending U.S. patent application Ser. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device" (issued as U.S. Pat. No. 7,568,100); pending U.S. patent application Ser. No. 08/772,222, filed Dec. 20, 1996, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,078,664); pending U.S. patent application Ser. No. 09/456,319, filed Dec. 8, 1999, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,853,726); pending U.S. patent application. Ser. No. 08/674, 726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (issued as U.S. Pat. No. 7,362,775); pending U.S. patent application Ser. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital. Watermarking" (issued as U.S. Pat. No. 7,007,166); pending U.S. patent application Ser. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation" (issued as U.S. Pat. No. 6,598,162); pending U.S. patent application Ser. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking" (issued as U.S. Pat. No. 6,205, 249); pending U.S. patent application Ser. No. 09/281,279, filed Mar. 30, 1999, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data (issued as U.S. Pat. No. 6,522,767)"; U.S. patent application Ser. No. 09,594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems" (which is a continuation-in-part of PCT application No. PCT/US00/06522, filed Mar. 14, 2000, which PCT application claimed priority to U.S. Provisional Application. No. 60/125,990, filed Mar. 24, 1999) (issued as U.S. Pat. No. 7,123,718); pending U.S. Application No. 60/169, 274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions" (issued as U.S. Pat. No. 7,159,116); and PCT Application No. PCT/US00/21189, filed Aug. 4, 2000 (which claims priority to U.S. patent application Ser. No. 60/147,134, filed Aug. 4, 1999, and to U.S. patent application Ser. No. 60/213,489, filed Jun. 23, 2000, both of which are entitled, "A Secure Personal Content Server") (issued as U.S. Pat. No. 7,475,246). The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

In addition, this application hereby incorporates by reference, as if fully stated herein, the total disclosures of U.S. Pat. No. 5,613,004 "Steganographic Method and Device"; U.S. Pat. No. 5,745,569 "Method for Stega-Cipher Protection of Computer Code"; and U.S. Pat. No. 5,889,868 "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data."

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The invention relates to the monitoring and analysis of digital information. A method and device are described which relate to signal recognition to enhance identification and monitoring activities.

### 2. Description of the Related Art

Many methods and protocols are known for transmitting data in digital form for multimedia applications (including computer applications delivered over public networks such as the internet or World Wide Web ("WWW"). These methods may include protocols for the compression of data, such that it may more readily and quickly be delivered over limited bandwidth data lines. Among standard protocols for data compression of digital files may be mentioned the MPEG compression standards for audio and video digital compression, promulgated by the Moving Picture Experts Group. Numerous standard reference works and patents discuss such compression and transmission standards for digitized information.

Digital watermarks help to authenticate the content of digitized multimedia information, and can also discourage piracy. Because piracy is clearly a disincentive to the digital distribution of copyrighted content, establishment of responsibility for copies and derivative copies of such works is invaluable. In considering the various forms of multimedia content, whether "master," stereo, NTSC video, audio tape or compact disc, tolerance of quality will vary with individuals and affect the underlying commercial and aesthetic value of the content. It is desirable to tie copyrights, ownership rights, purchaser information or some combination of these and related data into the content in such a manner that the content must undergo damage, and therefore reduction of its value, with subsequent, unauthorized distribution, commercial or otherwise. Digital watermarks address many of these concerns. A general discussion of digital watermarking as it has been applied in the art may be found in U.S. Pat. No. 5,687,236 (whose specification is incorporated in whole herein by reference).

Further applications of basic digital watermarking functionality have also been developed. Examples of such applications are shown in U.S. Pat. No. 5,889,868 (whose specification is incorporated in whole herein by reference). Such applications have been drawn, for instance, to implementations of digital watermarks that were deemed most suited to particular transmissions, or particular distribution and storage mediums, given the nature of digitally sampled audio, video, and other multimedia works. There have also been developed techniques for adapting watermark application parameters to the individual characteristics of a given digital sample stream, and for implementation of digital watermarks that are feature-based—i.e., a system in which watermark information is not carried in individual samples, but is carried in the relationships between multiple samples, such as in a waveform shape. For instance, natural extensions may be added to digital watermarks that may also separate frequencies (color or audio), channels in 3D while utilizing discreteness in feature-based encoding only known to those with pseudo-random keys (i.e., cryptographic keys) or possibly tools to access such information, which may one day exist on a quantum level.

A matter of general weakness in digital watermark technology relates directly to the manner of implementation of the watermark. Many approaches to digital watermarking leave detection and decode control with the implementing party of the digital watermark, not the creator of the work to be pro-

tected. This weakness removes proper economic incentives for improvement of the technology. One specific form of exploitation mostly regards efforts to obscure subsequent watermark detection. Others regard successful over encoding using the same watermarking process at a subsequent time. Yet another way to perform secure digital watermark implementation is through "key-based" approaches.

## SUMMARY OF THE INVENTION

A method for monitoring and analyzing at least one signal is disclosed, which method comprises the steps of: receiving at least one reference signal to be monitored; creating an abstract of the at least one reference signal; storing the abstract of the at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of the at least one query signal; and comparing the abstract of the at least one query signal to the abstract of the at least one reference signal to determine if the abstract of the at least one query signal matches the abstract of the at least one reference signal.

A method for monitoring a plurality of reference signals is also disclosed, which method comprises the steps of: creating an abstract for each one of a plurality of reference signals; storing each of the abstracts in a reference database; receiving at least one query signal to be analyzed; creating an abstract of each at least one query signal; locating an abstract in the reference database that matches the abstract of each at least one query signal; and recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

A computerized system for monitoring and analyzing at least one signal is also disclosed, which system comprises: a processor for creating an abstract of a signal using selectable criteria; a first input for receiving at least one reference signal to be monitored, the first input being coupled to the processor such that the processor may generate an abstract for each reference signal input to the processor; a reference database, coupled to the processor, for storing abstracts of each at least one reference signal; a second input for receiving at least one query signal to be analyzed, the second input being coupled to the processor such that the processor may generate an abstract for each query signal; and a comparing device, coupled to the reference database and to the second input, for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

Further, an electronic system for monitoring and analyzing at least one signal is disclosed, which system comprises: a first input for receiving at least one reference signal to be monitored, a first processor for creating an abstract of each reference signal input to the first processor through the first input; a second input for receiving at least one query signal to be analyzed, a second processor for creating an abstract of each query signal; a reference database for storing abstracts of each at least one reference signal; and a comparing device for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

## DETAILED DESCRIPTION OF THE INVENTION

While there are many approaches to data reduction that can be utilized, a primary concern is the ability to reduce the digital signal in such a manner as to retain a "perceptual relationship" between the original signal and its data reduced

version. This relationship may either be mathematically discernible or a result of market-dictated needs. The purpose is to afford a more consistent means for classifying signals than proprietary, related text-based approaches. A simple analogy is the way in which a forensic investigator uses a sketch artist to assist in determining the identity of a human.

In one embodiment of the invention, the abstract of a signal may be generated by the following steps: 1) analyze the characteristics of each signal in a group of audible/perceptible variations for the same signal (e.g., analyze each of five versions of the same song—which versions may have the same lyrics and music but which are sung by different artists); and 2) select those characteristics which achieve or remain relatively constant (or in other words, which have minimum variation) for each of the signals in the group. Optionally, the null case may be defined using those characteristics which are common to each member of the group of versions.

Lossless and lossy compression schemes are appropriate candidates for data reduction technologies, as are those subset of approaches that are based on perceptual models, such as AAC, MP3, TwinVQ, JPEG, GIF, MPEG, etc. Where spectral transforms fail to assist in greater data reduction of the signal, other signal characteristics can be identified as candidates for further data reduction. Linear predictive coding (LPC), z-transform analysis, root mean square (rms), signal to peak, may be appropriate tools to measure signal characteristics, but other approaches or combinations of signal characteristic analysis are contemplated. While such signal characteristics may assist in determining particular applications of the present invention, a generalized approach to signal recognition is necessary to optimize the deployment and use of the present invention.

Increasingly, valuable information is being created and stored in digital form. For example, music, photographs and motion pictures can all be stored and transmitted as a series of binary digits—1's and 0's. Digital techniques permit the original information to be duplicated repeatedly with perfect or near perfect accuracy, and each copy is perceived by viewers or listeners as indistinguishable from the original signal. Unfortunately, digital techniques also permit the information to be easily copied without the owner's permission. While digital representations of analog waveforms may be analyzed by perceptually-based or perceptually-limited analysis it is usually costly and time-consuming to model the processes of the highly effective ability of humans to identify and recognize a signal. In those applications where analog signals require analysis, the cost of digitizing the analog signal is minimal when compared to the benefits of increased accuracy and speed of signal analysis and monitoring when the processes contemplated by this invention are utilized.

The present invention relates to identification of digitally-sampled information, such as images, audio and video. Traditional methods of identification and monitoring of those signals do not rely on "perceptual quality," but rather upon a separate and additional signal. Within this application, such signals will be called "additive signals" as they provide information about the original images, audio or video, but such information is in addition to the original signal. One traditional, text-based additive signal is title and author information. The title and author, for example, is information about a book, but it is in addition to the text of the book. If a book is being duplicated digitally, the title and author could provide one means of monitoring the number of times the text is being duplicated, for example, through an Internet download. The present invention, however, is directed to the identification of a digital signal—whether text, audio, or video—using only the digital signal itself and then monitoring the number of

5

times the signal is duplicated. Reliance on an additive signal has many shortcomings. For example, first, someone must incorporate the additive signal within the digital data being transmitted, for example, by concatenation or through an embedding process. Such an additive signal, however, can be easily identified and removed by one who wants to utilize the original signal without paying for its usage. If the original signal itself is used to identify the content, an unauthorized user could not avoid payment of a royalty simply by removing the additive signal—because there is no additive signal to remove. Hence, the present invention avoids a major disadvantage of the prior art.

One such additive signal that may be utilized is a digital watermark—which ideally cannot be removed without perceptually altering the original signal. A watermark may also be used as a monitoring signal (for example, by encoding an identifier that uniquely identifies the original digital signal into which the identifier is being embedded). A digital watermark used for monitoring is also an additive signal, and such a signal may make it difficult for the user who wants to duplicate a signal without paying a royalty—mainly by degrading the perceptual quality of the original signal if the watermark (and hence the additive monitoring signal) is removed. This is, however, is a different solution to the problem.

The present invention eliminates the need of any additive monitoring signal because the present invention utilizes the underlying content signal as the identifier itself. Nevertheless, the watermark may increase the value of monitoring techniques by increasing the integrity of the embedded data and by indicating tampering of either the original content signal or the monitoring signal. Moreover, the design of a watermarking embedding algorithm is closely related to the perceptibility of noise in any given signal and can represent an ideal subset of the original signal: the watermark bits are an inverse of the signal to the extent that lossy compression schemes, which can be used, for instance, to optimize a watermarking embedding scheme, can yield information about the extent to which a data signal can be compressed while holding steadfast to the design requirement that the compressed signal maintain its perceptual relationship with the original, uncompressed signal. By describing those bits that are candidates for imperceptible embedding of watermark bits, further data reduction may be applied on the candidate watermarks as an example of retaining a logical and perceptible relationship with the original uncompressed signal.

Of course, the present invention may be used in conjunction with watermarking technology (including the use of keys to accomplish secure digital watermarking), but watermarking is not necessary to practice the present invention. Keys for watermarking may have many forms, including: descriptions of the original carrier file formatting, mapping of embedded data (actually imperceptible changes made to the carrier signal and referenced to the predetermined key or key pairs), assisting in establishing the watermark message data integrity (by incorporation of special one way functions in the watermark message data or key), etc. Discussions of these systems in the patents and pending patent applications are incorporated by reference above. The "recognition" of a particular signal or an instance of its transmission, and its monitoring are operations that may be optimized through the use of digital watermark analysis.

A practical difference between the two approaches of using a separate, additive monitoring signal and using the original signal itself as the monitoring signal is control. If a separate signal is used for monitoring, then the originator of the text, audio or video signal being transmitted and the entity doing

6

the monitoring have to agree as to the nature of the separate signal to be used for monitoring—otherwise, the entity doing the monitoring would not know where to look, for what to look, or how to interpret the monitoring signal once it was identified and detected. On the other hand, if the original signal is used itself as a monitoring signal, then no such agreement is necessary. Moreover, a more logical and self-sufficient relationship between the original and its data-reduced abstract enhances the transparency of any resulting monitoring efforts. The entity doing the monitoring is not looking for a separate, additive monitoring system, and further, need not have to interpret the content of the monitoring signal.

Monitoring implementations can be handled by robust watermark techniques (those techniques that are able to survive many signal manipulations but are not inherently "secure" for verification of a carrier signal absent a logically-related watermarking key) and forensic watermark techniques (which enable embedding of watermarks that are not able to survive perceptible alteration of the carrier signal and thus enable detection of tampering with the originally watermarked carrier signal). The techniques have obvious trade-offs between speed, performance and security of the embedded watermark data.

In other disclosures, we suggest improvements and implementations that relate to digital watermarks in particular and embedded signaling in general. A digital watermark may be used to "tag" content in a manner that is not humanly-perceptible, in order to ensure that the human perception of the signal quality is maintained. Watermarking, however, must inherently alter at least one data bit of the original signal to represent a minimal change from the original signal's "unwatermarked state." The changes may affect only a bit, at the very least, or be dependent on information hiding relating to signal characteristics, such as phase information, differences between digitized samples, root mean square (RMS) calculations, z-transform analysis, or similar signal characteristic category.

There are weaknesses in using digital watermark technology for monitoring purposes. One weakness relates directly to the way in which watermarks are implemented. Often, the persons responsible for encoding and decoding the digital watermark are not the creator of the valuable work to be protected. As such, the creator has no input on the placement of the monitoring signal within the valuable work being protected. Hence, if a user wishing to avoid payment of the royalty can find a way to decode or remove the watermark, or at least the monitoring signal embedded in the watermark, then the unauthorized user may successfully duplicate the signal with impunity. This could occur, for example, if either of the persons responsible for encoding or decoding were to have their security compromised such that the encoding or decoding algorithms were discovered by the unauthorized user.

With the present invention, no such disadvantages exist because the creator need not rely on anyone to insert a monitoring signal—as no such signal is necessary. Instead, the creator's work itself is used as the monitoring signal. Accordingly, the value in the signal will have a strong relationship with its recognizability.

By way of improving methods for efficient monitoring as well as effective confirmation of the identity of a digitally-sampled signal, the present invention describes useful methods for using digital signal processing for benchmarking a novel basis for differencing signals with binary data comparisons. These techniques may be complemented with perceptual techniques, but are intended to leverage the generally

decreasing cost of bandwidth and signal processing power in an age of increasing availability and exchange of digitized binary data.

So long as there exist computationally inexpensive ways of identifying an entire signal with some fractional representation or relationship with the original signal, or its perceptually observable representation, we envision methods for faster and more accurate auditing of signals as they are played, distributed or otherwise shared amongst providers (transmitters) and consumers (receivers). The ability to massively compress a signal to its essence—which is not strictly equivalent to "lossy" or "lossless" compression schemes or perceptual coding techniques, but designed to preserve some underlying "aesthetic quality" of the signal—represents a useful means for signal analysis in a wide variety of applications. The signal analysis, however, must maintain the ability to distinguish the perceptual quality of the signals being compared. For example, a method which analyzed a portion of a song by compressing it to a single line of lyrics fails to maintain the ability to distinguish the perceptual quality of the songs being compared. Specifically, for example, if the song "New York State of Mind" were compressed to the lyrics "I'm in a New York State of Mind," such a compression fails to maintain the ability to distinguish between the various recorded versions of the song, say, for example between Billy Joel's recording and Barbara Streisand's recording. Such a method is, therefore, incapable of providing accurate monitoring of the artist's recordings because it could not determine which of the two artists is deserving of a royalty—unless of course, there is a separate monitoring signal to provide the name of the artist or other information sufficient to distinguish the two versions. The present invention, however, aims to maintain some level of perceptual quality of the signals being compared and would deem such a compression to be excessive.

This analogy can be made clearer if it is understood that there are a large number of approaches to compressing a signal to, say, $1/10,000^{th}$ of its original size, not for maintaining its signal quality to ensure computational ease for commercial quality distribution, but to assist in identification, analysis or monitoring of the signal. Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters. That is to say, the signal is compressed to retain what is "humanly-perceptible." As long as the compression successfully mimics human perception, data space may be saved when the compressed file is compared to the uncompressed or original file. While psychoacoustic and psychovisual compression has some relevance to the present invention, additional data reduction or massive compression is anticipated by the present invention. It is anticipated that the original signal may be compressed to create a realistic or self-similar representation of the original signal, so that the compressed signal can be referenced at a subsequent time as unique binary data that has computational relevance to the original signal. Depending on the application, general data reduction of the original signal can be as simple as massive compression or may relate to the watermark encoding envelope parameter (those bits which a watermarking encoding algorithm deem as candidate bits for mapping independent data or those bits deemed imperceptible to human senses but detectable to a watermark detection algorithm). In this manner, certain media which are commonly known by signal characteristics, a painting, a song, a TV commercial, a dialect, etc., may be analyzed more accurately and, perhaps, more efficiently than a text-based descriptor of the signal. So long as the sender and receiver agree that the data representation is accurate, even insofar as the data-reduction technique has logical relationships with the perceptibility of the original signal, as they must with commonly agreed to text descriptors, no independent cataloging is necessary.

The present invention generally contemplates a signal recognition system that has at least five elements. The actual number of elements may vary depending on the number of domains in which a signal resides (for example, audio is at least one domain while visual carriers are at least two dimensional). The present invention contemplates that the number of elements will be sufficient to effectively and efficiently meet the demands of various classes of signal recognition. The design of the signal recognition that may be used with data reduction is better understood in the context of the general requirements of a pattern or signal recognition system.

The first element is the reference database, which contains information about a plurality of potential signals that will be monitored. In one form, the reference database would contain digital copies of original works of art as they are recorded by the various artists, for example, contain digital copies of all songs that will be played by a particular radio station. In another form, the reference database would contain not perfect digital copies of original works of art, but digital copies of abstracted works of art, for example, contain digital copies of all songs that have been preprocessed such that the copies represent the perceptual characteristics of the original songs. In another form, the reference database would contain digital copies of processed data files, which files represent works of art that have been preprocessed in such a fashion as to identify those perceptual differences that can differentiate one version of a work of art from another version of the same work of art, such as two or more versions of the same song, but by different artists. These examples have obvious application to visually communicated works such as images, trademarks or photographs, and video as well.

The second element is the object locator, which is able to segment a portion of a signal being monitored for analysis (i.e., the "monitored signal"). The segmented portion is also referred to as an "object." As such, the signal being monitored may be thought of comprising a set of objects. A song recording, for example, can be thought of as having a multitude of objects. The objects need not be of uniform length, size, or content, but merely be a sample of the signal being monitored. Visually communicated informational signals have related objects; color and size are examples.

The third element is the feature selector, which is able to analyze a selected object and identify perceptual features of the object that can be used to uniquely describe the selected object. Ideally, the feature selector can identify all, or nearly all, of the perceptual qualities of the object that differentiate it from a similarly selected object of other signals. Simply, a feature selector has a direct relationship with the perceptibility of features commonly observed. Counterfeiting is an activity which specifically seeks out features to misrepresent the authenticity of any given object. Highly granular, and arguably successful, counterfeiting is typically sought for objects that are easily recognizable and valuable, for example, currency, stamps, and trademarked or copyrighted works and objects that have value to a body politic.

The fourth element is the comparing device which is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Depending upon how the information of the plurality of signals is stored in the reference database and depending upon the available computational capacity (e.g., speed and efficiency), the exact nature of the comparison will vary. For example, the comparing device may compare the selected object directly to the signal information stored in the

database. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector and then compare the selected object to the processed signal information. Alternatively, the comparing device may need to process the selected object using input from the feature selector and then compare the processed selected object to the signal information. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector, process the selected object using input from the feature selector, and then compare the processed selected object to the processed signal information.

The fifth element is the recorder which records information about the number of times a given signal is analyzed and detected. The recorder may comprise a database which keeps track of the number of times a song, image, or a movie has been played, or may generate a serial output which can be subsequently processed to determine the total number of times various signals have been detected.

Other elements may be added to the system or incorporated into the five elements identified above. For example, an error handler may be incorporated into the comparing device. If the comparing device identifies multiple signals which appear to contain the object being sought for analysis or monitoring, the error handler may offer further processing in order to identify additional qualities or features in the selected object such that only one of the set of captured signals is found to contain the further analyzed selected object that actually conforms with the object thought to have been transmitted or distributed.

Moreover, one or more of the five identified elements may be implemented with software that runs on the same processor, or which uses multiple processors. In addition, the elements may incorporate dynamic approaches that utilize stochastic, heuristic, or experience-based adjustments to refine the signal analysis being conducted within the system, including, for example, the signal analyses being performed within the feature selector and the comparing device. This additional analyses may be viewed as filters that are designed to meet the expectations of accuracy or speed for any intended application.

Since maintenance of original signal quality is not required by the present invention, increased efficiencies in processing and identification of signals can be achieved. The present invention concerns itself with perceptible relationships only to the extent that efficiencies can be achieved both in accuracy and speed with enabling logical relationships between an original signal and its abstract.

The challenge is to maximize the ability to sufficiently compress a signal to both retain its relationship with the original signal while reducing the data overhead to enable more efficient analysis, archiving and monitoring of these signals. In some cases, data reduction alone will not suffice: the sender and receiver must agree to the accuracy of the recognition. In other cases, agreement will actually depend on a third party who authored or created the signal in question. A digitized signal may have parameters to assist in establishing more accurate identification, for example, a "signal abstract" which naturally, or by agreement with the creator, the copyright owner or other interested parties, can be used to describe the original signal. By utilizing less than the original signal, a computationally inexpensive means of identification can be used. As long as a realistic set of conditions can be arrived at governing the relationship between a signal and its data reduced abstract, increases in effective monitoring and transparency of information data flow across communications channels is likely to result. This feature is significant in that it represents an improvement over how a digitally-

sampled signal can be cataloged and identified, though the use of a means that is specifically selected based upon the strengths of a general computing device and the economic needs of a particular market for the digitized information data being monitored. The additional benefit is a more open means to uniformly catalog, analyze, and monitor signals. As well, such benefits can exist for third parties, who have a significant interest in the signal but are not the sender or receiver of said information.

As a general improvement over the art, the present invention incorporates what could best be described as "computer-acoustic" and "computer-visual" modeling, where the signal abstracts are created using data reduction techniques to determine the smallest amount of data, at least a single bit, which can represent and differentiate two digitized signal representations for a given predefined signal set. Each of such representations must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database. The predefined signal set is the object being analyzed. The signal identifier/detector should receive its parameters from a database engine. The engine will identify those characteristics (for example, the differences) that can be used to distinguish one digital signal from all other digital signals that are stored in its collection. For those digital signals or objects which are seemingly identical, except[ing] that the signal may have different performance or utilization in the newly created object, benefits over additive or text-based identifiers are achieved. Additionally, decisions regarding the success or failure of an accurate detection of any given object may be flexibly implemented or changed to reflect market-based demands of the engine. Appropriate examples are songs or works or art which have been sampled or reproduced by others who are not the original creator.

In some cases, the engine will also consider the NULL case for a generalized item not in its database, or perhaps in situations where data objects may have collisions. For some applications, the NULL case is not necessary, thus making the whole system faster. For instance, databases which have fewer repetitions of objects or those systems which are intended to recognize signals with time constraints or capture all data objects. Greater efficiency in processing a relational database can be obtained because the rules for comparison are selected for the maximum efficiency of the processing hardware and/or software, whether or not the processing is based on psychoacoustic or psychovisual models. The benefits of massive data reduction, flexibility in constructing appropriate signal recognition protocols and incorporation of cryptographic techniques to further add accuracy and confidence in the system are clearly improvements over the art. For example, where the data reduced abstract needs to have further uniqueness, a hash or signature may be required. And for objects which have further uniqueness requirements, two identical instances of the object could be made unique with cryptographic techniques.

Accuracy in processing and identification may be increased by using one or more of the following fidelity evaluation functions:

1) RMS (root mean square). For example, a RMS function may be used to assist in determining the distance between data based on mathematically determinable Euclidean distance between the beginning and end data points (bits) of a particular signal carrier.

2) Frequency weighted RMS. For example, different weights may be applied to different frequency components of the carrier signal before using RMS. This selective weighting can assist in further distinguishing the distance between

11

beginning and end points of the signal carrier (at a given point in time, described as bandwidth, or the number of total bits that can be transmitted per second) and may be considered to be the mathematical equivalent of passing a carrier signal difference through a data filter and figuring the average power in the output carrier.

3) Absolute error criteria, including particularly the NULL set (described above) The NULL may be utilized in two significant cases: First, in instances where the recognized, signal appears to be an identified object which is inaccurately attributed or identified to an object not handled by the database of objects; and second, where a collision of data occurs. For instance, if an artist releases a second performance of a previously recorded song, and the two performances are so similar that their differences are almost imperceptible, then the previously selected criteria may not be able to differentiate the two recordings. Hence, the database must be "recalibrated" to be able to differentiate these two versions. Similarly, if the system identifies not one, but two or more, matches for a particular search, then the database may need "recalibration" to further differentiate the two objects stored in the database.

4) Cognitive Identification. For example, the present invention may use an experience-based analysis within a recognition engine. Once such analysis may involve mathematically determining a spectral transform or its equivalent of the carrier signal. A spectral transform enables signal processing and should maintain, for certain applications, some cognitive or perceptual relationship with the original analog waveform. As a novel feature to the present invention, additional classes may be subject to humanly-perceptible observation. For instance, an experience-based criteria which relates particularly to the envisioned or perceived accuracy of the data information object as it is used or applied in a particular market, product, or implementation. This may include a short 3 second segment of a commercially available and recognizable song which is used for commercials to enable recognition of the good or service being marketed. The complete song is marketed as a separately valued object from the use of a discrete segment of the song (that may be used for promotion or marketing—for the complete song or for an entirely different good or service). To the extent that an owner of the song in question is able to further enable value through the licensing or agreement for use of a segment of the original signal, cognitive identification is a form of filtering to enable differentiations between different and intended uses of the same or subset of the same signal (object). The implementation relating specifically, as disclosed herein, to the predetermined identification or recognition means and/or any specified relationship with subsequent use of the identification means can be used to create a history as to how often a particular signal is misidentified, which history can then be used to optimize identification of that signal in the future. The difference between use of an excerpt of the song to promote a separate and distinct good or service and use of the excerpt to promote recognition of the song itself (for example, by the artist to sell copies of the song) relates informationally to a decision based on recognized and approved use of the song. Both the song and applications of the song in its entirety or as a subset are typically based on agreement by the creator and the sender who seeks to utilize the work. Trust in the means for identification, which can be weighted in the present invention (for example, by adjusting bit-addressable information), is an important factor in adjusting the monitoring or recognition features of the object or carrier signal, and by using any misidentification information, (including any experience-based or heuristic information), additional features of the

12

monitored signal can be used to improve the performance of the monitoring system envisioned herein. The issue of central concern with cognitive identification is a greater understanding of the parameters by which any given object is to be analyzed. To the extent that a creator chooses varying and separate application of his object, those applications having a cognitive difference in a signal recognition sense (e.g., the whole or an excerpt), the system contemplated herein includes rules for governing the application of bit-addressable information to increase the accuracy of the database.

5) Finally, the predetermined parameters that are associated with a discrete case for any given object will have a significant impact upon the ability to accurately process and identify the signals. For example, if a song is transmitted over a FM carrier, then one skilled in the art will appreciate that the FM signal has a predetermined bandwidth which is different from the bandwidth of the original recording, and different even from song when played on an AM carrier, and different yet from a song played using an 8-bit Internet broadcast. Recognition of these differences, however, will permit the selection of an identification means which can be optimized for monitoring a FM broadcasted signal. In other words, the discreteness intended by the sender is limited and directed by the fidelity of the transmission means. Objects may be cataloged and assessing with the understanding that all monitoring will occur using a specific transmission fidelity. For example, a database may be optimized with the understanding that only AM broadcast signals will be monitored. For maximum efficiency, different data bases may be created for different transmission channels, e.g., AM broadcasts, FM broadcasts, Internet broadcasts, etc.

For more information on increasing efficiencies for information systems, see *The Mathematical Theory of Communication* (1948), by Shannon.

Because bandwidth (which in the digital domain is equated to the total number of bits that can be transmitted in a fixed period of time) is a limited resource which places limitations upon transmission capacity and information coding schemes, the importance of monitoring for information objects transmitted over any given channel must take into consideration the nature and utilization of a given channel. The supply and demand of bandwidth will have a dramatic impact on the transmission, and ultimately, upon the decision to monitor and recognize signals. A discussion of this is found in an application by the inventor under U.S. patent application Ser. No. 08/674,726 (which issued Apr. 22, 2008 as U.S. Pat. No. 7,362,775) "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (which application is incorporated herein by reference as if fully setforth herein).

If a filter is to be used in connection with the recognition or monitoring engine, it may be desirable for the filter to anticipate and take into consideration the following factors, which affect the economics of the transmission as they relate to triggers for payment and/or relate to events requiring audits of the objects which are being transmitted: 1) time of transmission (i.e., the point in time when the transmission occurred), including whether the transmission is of a live performance); 2) location of transmission (e.g., what channel was used for transmission, which usually determines the associated cost for usage of the transmission channel); 3) the point of origination of the transmission (which may be the same for a signal carrier over many distinct channels); and 4) pre-existence of the information carrier signal (pre-recorded or newly created information carrier signal, which may require differentiation in certain markets or instances).

In the case of predetermined carrier signals (those which have been recorded and stored for subsequent use), "positional information carrier signals" are contemplated by this invention, namely, perceptual differences between the seemingly "same" information carrier that can be recognized as consumers of information seek different versions or quality levels of the same carrier signal. Perceptual differences exist between a song and its reproduction from a CD, an AM radio, and an Internet broadcast. To the extent that the creator or consumer of the signal can define a difference in any of the four criteria above, means can be derived (and programmed for selectability) to recognize and distinguish these differences. It is, however, quite possible that the ability to monitor carrier signal transmission with these factors will increase the variety and richness of available carrier signals to existing communications channels. The differentiation between an absolute case for transmission of an object, which is a time dependent event, for instance a live or real time broadcast, versus the relative case, which is prerecorded or stored for transmission at a later point in time, creates recognizable differences for signal monitoring.

The monitoring and analysis contemplated by this invention may have a variety of purposes, including, for example, the following: to determine the number of times a song is broadcast on a particular radio broadcast or Internet site; to control security though a voice-activated security system; and to identify associations between a beginner's drawing and those of great artists (for example to draw comparisons between technique, compositions, or color schemes). None of these examples could be achieved with any significant degree of accuracy using a text-based analysis. Additionally, strictly text-based systems fail to fully capture the inherent value of the data recognition or monitoring information itself.

## SAMPLE EMBODIMENTS

### Sample Embodiment 1

A database of audio signals (e.g., songs) is stored or maintained by a radio station or Internet streaming company, who may select a subset of the songs are stored so that the subset may be later broadcast to listeners. The subset, for example, may comprise a sufficient number of songs to fill 24 hours of music programming (between 300 or 500 songs). Traditionally, monitoring is accomplished by embedding some identifier into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments. Most of the traditional analysis is performed by actual persons who use play lists and other statistical approximations of audio play, including, for example, data obtained through the manual (i.e., by persons) monitoring of a statistically significant sample of stations and transmission times so that an extrapolation may be made to a larger number of comparable markets.

The present invention creates a second database from the first database, wherein each of the stored audio signals in the first database is data reduced in a manner that is not likely to reflect the human perceptual quality of the signal, meaning that a significantly data-reduced signal is not likely to be played back and recognized as the original signal. As a result of the data reduction, the size of the second database (as measured in digital terms) is much smaller than the size of the first database, and is determined by the rate of compression. If, for example, if 24 hours worth of audio signals are compressed at a 10,000:1 compression rate, the reduced data could occupy a little more than 1 megabyte of data. With such a large compression rate, the data to be compared and/or

analyzed may become computationally small such that computational speed and efficiency are significantly improved.

With greater compression rates, it is anticipated that similarity may exist between the data compressed abstractions of different analog signals (e.g., recordings by two different artists of the same song). The present invention contemplates the use of bit-addressable differences to distinguish between such cases. In applications where the data to be analyzed has higher value in some predetermined sense, cryptographic protocols, such as a hash or digital signature, can be used to distinguish such close cases.

In a preferred embodiment, the present invention may utilize a centralized database where copies of new recordings may be deposited to ensure that copyright owners, who authorize transmission or use of their recordings by others, can independently verify that the object is correctly monitored. The rules for the creator himself to enter his work would differ from a universally recognized number assigned by an independent authority (say, ISRC, ISBN for recordings and books respectively). Those skilled in the art of algorithmic information theory (AIT) can recognize that it is now possible to describe optimized use of binary data for content and functionality. The differences between objects must relate to decisions made by the user of the data, introducing subjective or cognitive decisions to the design of the contemplated invention as described above. To the extent that objects can have an optimized data size when compared with other objects for any given set of objects, the algorithms for data reduction would have predetermined flexibility directly related to computational efficiency and the set of objects to be monitored. The flexibility in having transparent determination of unique signal abstracts, as opposed to independent third party assignment, is likely to increase confidence in the monitoring effort by the owners of the original signals themselves. The prior art allows for no such transparency to the copyright creators.

### Sample Embodiment 2

Another embodiment of the invention relates to visual images, which of course, involve at least two dimensions.

Similar to the goals of a psychoacoustic model, a psychovisual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image. Using the very same techniques described above in connection with an audio signal, signal monitoring of visual images may be implemented.

One such application for monitoring and analyzing visual images involves a desire to find works of other artists that relate to a particular theme. For example, finding paintings of sunsets or sunrises. A traditional approach might involve a textual search involving a database wherein the works of other artists have been described in writing. The present invention, however, involves the scanning of an image involving a sun, compressing the data to its essential characteristics (i.e., those perceptual characteristics related to the sun) and then finding matches in a database of other visual images (stored as compressed or even uncompressed data). By studying the work of other artists using such techniques, a novice, for example, could learn much by comparing the presentations of a common theme by different artists.

Another useful application involving this type of monitoring and analyzing is the identification of photographs of potential suspects whose identity matches the sketch of a police artist.

Note that combinations of the monitoring techniques discussed above can be used for audio-visual monitoring, such

as video-transmission by a television station or cable station. The techniques would have to compensate, for example, for a cable station that is broadcasting a audio channel unaccompanied by video.

Other embodiments and uses of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. The specification and examples should be considered exemplary only with the true scope and spirit of the invention indicated by the following claims. As will be easily understood by those of ordinary skill in the art, variations and modifications of each of the disclosed embodiments can be easily made within the scope of this invention as defined by the following claims.

What is claimed:

1. A system for identifying at least one reference signal comprising:

    a first input that receives at least one reference signal to be identified;

    a first processor that creates an abstract of each reference signal input to said first processor through said first input wherein the abstract comprises said signal characteristic parameters configured to differentiate between versions of said reference signal;

    at least one reference database for storing at least one abstract;

    a receiver that receives at least one query signal;

    a second processor that creates an abstract of said query signal received by said receiver, based on the parameters; and

    a comparing device that compares the created query signal abstract to the reference signal abstracts in the at least one database, each abstract in the at least one reference database corresponding to a version of a reference signal, to determine whether the query signal abstract matches any of the stored at least one abstract in the at least one reference database.

2. The system of claim 1, further comprising: a controller that enables authorized transmission or use of the corresponding version of the reference signal based on whether a match was determined by the comparing device.

3. The system of claim 1, wherein the reference database is created by at least one of a music company, a movie studio, an image archive, an owner of a general computing device, a user of the reference signal, an interne service provider, an information technology company, a body politic, a telecommunications company and combinations thereof.

4. The system of claim 1, wherein the reference signals comprise at least one of images, audio, video, and combinations thereof.

5. The system of claim 1, wherein the stored abstracts are derived from one of a cognitive feature or a perceptible characteristic of the associated reference signals.

6. The system of claim 1, furthering comprising a security controller to apply a cryptographic protocol to at least one created abstract, at least one database abstract or both at least one created abstract and at least one database abstract.

7. The system of claim 1, wherein each of the stored abstracts comprise information configured to differentiate variations of each referenced corresponding signal.

8. The system of claim 1, further comprising a storage medium for storing information associated with the comparing device to store information to enable at least one of a re-calibration of the database and a heuristic-based adjustment of the database.

9. The system of claim 1, further comprising a storage medium for storing information associated with the comparing device to store information to enable a computational efficiency adjustment of the database, an adjustment for database collisions and/or null cases, a change to the recognition or use parameters governing the database and combinations thereof.

10. The system of claim 1, further comprising applying one of a relatedness index or measure of similarity to generate uniquely identifiable information to determine authorization by the comparing device.

11. A system for analyzing and identifying at least one reference signal, comprising: a first input for receiving at least one reference signal to be identified, a first processor for creating an abstract of each reference signal received based on perceptual characteristics representative of parameters to differentiate between versions of the reference signal; a reference database for storing abstracts of each reference signal received in a database; a second input for receiving at least one query signal to be identified, a second processor for creating an abstract of the received query signal based on the parameters; and a comparing device for comparing an abstract of said received query signal to the abstracts stored in the database to determine if the abstract of said received query signal is related to any of the stored abstracts.

12. The system of claim 11, wherein said database is independently accessible.

13. The system of claim 11, wherein said received query signal is independently stored.

14. The system of claim 11, wherein the parameters used by the comparing device to compare a received query signal abstract with a stored reference signal abstract are adjustable.

15. The system of claim 11, wherein the stored abstracts comprise a self-similar representation of at least one reference signal.

16. The system of claim 11, wherein at least two of the stored abstracts comprise information corresponding to two versions of at least one reference signal.

17. The system of claim 11, wherein at least one abstract comprises data describing a portion of the characteristics of its associated reference signal.

18. The system of claim 17, wherein the characteristics of the reference signal being described comprise at least one of a perceptible characteristic, a cognitive characteristic, a subjective characteristic, a perceptual quality, a recognizable characteristic or combinations thereof.

19. The system of claim 11, wherein a stored abstract comprises data unique to a variation of its corresponding reference signal.

20. The system of claim 11, wherein the system further comprises a security controller for applying a cryptographic protocol to the abstract of said reference signal, said query signal, or both said reference signal and said query signal.

21. The system of claim 20, wherein the cryptographic protocol is one of at least a hash or digital signature and further comprising storing the hashed abstract and/or digitally signed abstract in the reference database.

22. The system of claim 11, further comprising a transmitter for distributing at least one signal based on the comparison step.

23. The system of claim 22, further comprising a processor for applying a watermarking technique to the at least one signal to be distributed.

24. A system for identifying a plurality of reference signals comprising:

    a first input that receives a plurality of reference signals to be identified;

    a first processor that creates an abstract for each of the plurality of reference signals input to said first processor through said first input wherein the abstract comprises

signal characteristic parameters configured to differentiate between versions of at least one reference signal; at least one reference database for storing the plurality of created abstracts; a receiver for receiving a query signal; a second processor that creates an abstract of said query signal received by said receiver, based on the parameters; and a comparing device that compares the created query signal abstract to the abstracts stored in the at least one database, to determine whether the query signal abstract matches any of the stored abstracts in the at least one reference database.

**25**. The system of claim **24**, wherein the first and second processors are the same processor.

**26**. The system of claim **24**, wherein the first and second processors are different processors.

**27**. A system for determining whether a query signal matches a reference signal, comprising:

a first processor configured to create a first version abstract of a first version of a reference signal input to said first processor;

wherein said first version abstract comprises signal characteristic parameters configured to differentiate said first version of said reference signal from a second version of said reference signal;

a reference database storing said first version abstract;

a device configured to determine whether said first version of said reference signal matches a query signal, by comparing a query signal abstract of said query signal to said first version abstract stored in said reference database.

**28**. A system for determining whether a query signal matches a reference signal, comprising:

a first processor configured to create a first version abstract of a first version of a reference signal input to said first processor, wherein said first processor is configured to create said first version abstract from said first version of

said reference signal based upon perceptual characteristics of said first version of said reference signal, such that said first version abstract retains a perceptual relationship to said first version of said reference signal;

a reference database storing said first version abstract;

a second processor configured to create a query signal abstract from a query signal, wherein said second processor is configured to generate said query signal abstract from said query signal based upon perceptual characteristics of said query signal, such that said query signal abstract retains a perceptual relationship to said query signal; and

a device configured to determine whether a query signal matches said first version of said reference signal, by comparing, a query signal abstract that was generated based upon perceptual characteristics of said query signal, with said first version abstract stored in said reference database.

**29**. A system for determining whether a query signal matches any of a plurality of reference signal, comprising:

a first processor configured to create a plurality of reference signal abstracts for each one of a plurality of reference signals, wherein each one of said plurality of reference signal abstracts comprises signal characteristic parameters configured to differentiate between other versions of that one of said plurality of reference signals;

a reference database storing said plurality of reference signal abstracts;

a device configured to determine if a query signal matches any one plurality of reference signals by comparing a query signal abstract of said query signal with at least one abstract of said plurality of reference signal abstracts stored in said reference database.

*    *    *    *    *

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.          : 7,949,494 B2                                           Page 1 of 1
APPLICATION NO. : 12/655357
DATED               : May 24, 2011
INVENTOR(S)       : Moskowitz

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

**Column 1 line 14 reading:**

This application claims the benefit of pending U.S. patent

**should read:**

This application is related to pending U.S. patent

**Column 15 line 44 reading:**

of the reference signal, an interne service provider, an infor-

**should read:**

of the reference signal, an internet service provider, an infor-

Signed and Sealed this
Thirtieth Day of August, 2011

David J. Kappos
*Director of the United States Patent and Trademark Office*

**Appx0068**



US 008214175B2

(12) **United States Patent**　(10) **Patent No.:** **US 8,214,175 B2**
Moskowitz et al.　(45) **Date of Patent:** **Jul. 3, 2012**

(54) **METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS**

(75) Inventors: **Scott Moskowitz**, Sunny Isles Beach, FL (US); **Mike W. Berry**, Seattle, WA (US)

(73) Assignee: **Blue Spike, Inc.**, Sunny Isles Beach, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/035,964**

(22) Filed: **Feb. 26, 2011**

(65) **Prior Publication Data**

US 2011/0179069 A1　Jul. 21, 2011

**Related U.S. Application Data**

(63) Continuation of application No. 12/655,357, filed on Dec. 22, 2009, now Pat. No. 7,949,494, which is a continuation of application No. 12/005,229, filed on Dec. 26, 2007, now Pat. No. 7,660,700, which is a continuation of application No. 09/657,181, filed on Sep. 7, 2000, now Pat. No. 7,346,472.

(51) **Int. Cl.**
　　*G06F 11/30*　　(2006.01)
(52) **U.S. Cl.** ........ **702/182**; 704/201; 704/219; 341/155; 341/76; 341/61
(58) **Field of Classification Search** .................. 702/182; 704/201, 204, 211, 270, 219, 500, 503, 504; 341/155, 76, 61
　　See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,947,825 A | | 3/1976 | Cassada |
| 3,984,624 A | | 10/1976 | Waggener |
| 3,986,624 A | | 10/1976 | Cates, Jr. et al. |
| 4,038,596 A | | 7/1977 | Lee |
| 4,200,770 A | | 4/1980 | Hellman et al. |
| 4,218,582 A | | 8/1980 | Hellman et al. |
| 4,339,134 A | | 7/1982 | Macheel |
| 4,390,898 A | | 6/1983 | Bond et al. |
| 4,405,829 A | | 9/1983 | Rivest et al. |
| 4,424,414 A | | 1/1984 | Hellman et al. |
| 4,528,588 A | | 7/1985 | Lofberg |
| 4,672,605 A | | 6/1987 | Hustig et al. |
| 4,748,668 A | | 5/1988 | Shamir et al. |
| 4,789,928 A | | 12/1988 | Fujisaki |
| 4,827,508 A | | 5/1989 | Shear |
| 4,876,617 A | | 10/1989 | Best et al. |
| 4,896,275 A | | 1/1990 | Jackson |
| 4,908,873 A | | 3/1990 | Philibert et al. |
| 4,939,515 A | | 7/1990 | Adelson |
| 4,969,204 A | | 11/1990 | Jones et al. |
| 4,972,471 A | | 11/1990 | Gross et al. |
| 4,977,594 A | | 12/1990 | Shear |
| 4,979,210 A | | 12/1990 | Nagata et al. |
| 4,980,782 A | | 12/1990 | Ginkel |
| 5,050,213 A | | 9/1991 | Shear |
| 5,073,925 A | | 12/1991 | Nagata et al. |
| 5,077,665 A | | 12/1991 | Silverman et al. |

| | | | |
|---|---|---|---|
| 5,111,530 A | * | 5/1992 | Kutaragi et al. .............. 704/270 |
| 5,113,437 A | | 5/1992 | Best et al. |
| 5,136,581 A | | 8/1992 | Muehrcke |
| 5,136,646 A | | 8/1992 | Haber et al. |
| 5,136,647 A | | 8/1992 | Haber et al. |
| 5,142,576 A | | 8/1992 | Nadan |
| 5,161,210 A | | 11/1992 | Druyvesteyn et al. |
| 5,210,820 A | | 5/1993 | Kenyon |
| 5,243,423 A | | 9/1993 | DeJean et al. |
| 5,243,515 A | | 9/1993 | Lee |
| 5,287,407 A | | 2/1994 | Holmes |
| 5,319,735 A | | 6/1994 | Preuss et al. |
| 5,327,520 A | * | 7/1994 | Chen ............................ 704/219 |
| 5,341,429 A | | 8/1994 | Stringer et al. |
| 5,341,477 A | | 8/1994 | Pitkin et al. |
| 5,363,448 A | | 11/1994 | Koopman et al. |
| 5,365,586 A | | 11/1994 | Indeck et al. |
| 5,369,707 A | | 11/1994 | Follendore, III |
| 5,379,345 A | | 1/1995 | Greenberg |
| 5,394,324 A | | 2/1995 | Clearwater |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0372601 | 6/1990 |

(Continued)

OTHER PUBLICATIONS

Jap. App. No. 2000-542907, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking"; which is a JP national stage of PCT/US1999/007262, published as WO/1999/052271, Oct. 14, 1999.
PCT Application No. PCT/US00/21189, filed Aug. 4, 2000, entitled, "A Secure Personal Content Server", Pub. No. WO/2001/018628 ; Publication Date Mar. 15, 2001.
EPO Application No. 96919405.9, entitled "Steganographic Method and Device"; published as EP0872073 (A2), Oct. 21, 1998.
Schneier, Bruce, Applied Cryptography, 2nd Ed., John Wiley & Sons, pp. 9-10, 1996.
Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 46, 1997.
1997, Merriam-Webster's Collegiate Dictionary, 10th Ed., Merriam Webster, Inc., p. 207.

(Continued)

*Primary Examiner* — Carol Tsai
(74) *Attorney, Agent, or Firm* — Neifeld IP Law, PC

(57) **ABSTRACT**

A method and system for monitoring and analyzing at least one signal are disclosed. An abstract of at least one reference signal is generated and stored in a reference database. An abstract of a query signal to be analyzed is then generated so that the abstract of the query signal can be compared to the abstracts stored in the reference database for a match. The method and system may optionally be used to record information about the query signals, the number of matches recorded, and other useful information about the query signals. Moreover, the method by which abstracts are generated can be programmable based upon selectable criteria. The system can also be programmed with error control software so as to avoid the re-occurrence of a query signal that matches more than one signal stored in the reference database.

**19 Claims, No Drawings**

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,398,285 A | 3/1995 | Borgelt et al. | |
| 5,406,627 A | 4/1995 | Thompson et al. | |
| 5,408,505 A | 4/1995 | Indeck et al. | |
| 5,410,598 A | 4/1995 | Shear | |
| 5,412,718 A | 5/1995 | Narasimhalv et al. | |
| 5,418,713 A | 5/1995 | Allen | |
| 5,428,606 A | 6/1995 | Moskowitz | |
| 5,450,490 A | 9/1995 | Jensen et al. | |
| 5,469,536 A | 11/1995 | Blank | |
| 5,471,533 A | 11/1995 | Wang et al. | |
| 5,478,990 A | 12/1995 | Montanari et al. | |
| 5,479,210 A | 12/1995 | Cawley et al. | |
| 5,487,168 A | 1/1996 | Geiner et al. | |
| 5,493,677 A | 2/1996 | Balogh et al. | |
| 5,497,419 A | 3/1996 | Hill | |
| 5,506,795 A | 4/1996 | Yamakawa | |
| 5,513,126 A | 4/1996 | Harkins et al. | |
| 5,513,261 A | 4/1996 | Maher | |
| 5,530,739 A | 6/1996 | Okada | |
| 5,530,751 A | 6/1996 | Morris | |
| 5,530,759 A | 6/1996 | Braudaway et al. | |
| 5,539,735 A | 7/1996 | Moskowitz | |
| 5,548,579 A | 8/1996 | Lebrun et al. | |
| 5,568,570 A | 10/1996 | Rabbani | |
| 5,579,124 A | 11/1996 | Aijala et al. | |
| 5,581,703 A | 12/1996 | Baugher et al. | |
| 5,583,488 A | 12/1996 | Sala et al. | |
| 5,598,470 A | 1/1997 | Cooper et al. | |
| 5,606,609 A | 2/1997 | Houser et al. | |
| 5,613,004 A | 3/1997 | Cooperman et al. | |
| 5,617,119 A | 4/1997 | Briggs et al. | |
| 5,617,506 A * | 4/1997 | Burk et al. | 704/201 |
| 5,625,690 A | 4/1997 | Michel et al. | |
| 5,629,980 A | 5/1997 | Stefik et al. | |
| 5,633,932 A | 5/1997 | Davis et al. | |
| 5,634,040 A | 5/1997 | Her et al. | |
| 5,636,276 A | 6/1997 | Brugger | |
| 5,636,292 A | 6/1997 | Rhoads | |
| 5,640,569 A | 6/1997 | Miller et al. | |
| 5,646,997 A | 7/1997 | Barton | |
| 5,657,461 A | 8/1997 | Harkins et al. | |
| 5,659,726 A | 8/1997 | Sandford, II et al. | |
| 5,664,018 A | 9/1997 | Leighton | |
| 5,673,316 A | 9/1997 | Auerbach et al. | |
| 5,677,952 A | 10/1997 | Blakely et al. | |
| 5,680,462 A | 10/1997 | Miller et al. | |
| 5,687,236 A | 11/1997 | Moskowitz et al. | |
| 5,689,587 A | 11/1997 | Bender et al. | |
| 5,696,828 A | 12/1997 | Koopman, Jr. | |
| 5,719,937 A | 2/1998 | Warren et al. | |
| 5,721,788 A | 2/1998 | Powell et al. | |
| 5,734,752 A | 3/1998 | Knox | |
| 5,737,416 A | 4/1998 | Cooper et al. | |
| 5,737,733 A | 4/1998 | Eller | |
| 5,740,244 A | 4/1998 | Indeck et al. | |
| 5,745,569 A | 4/1998 | Moskowitz et al. | |
| 5,748,783 A | 5/1998 | Rhoads | |
| 5,751,811 A | 5/1998 | Magnotti et al. | |
| 5,754,697 A | 5/1998 | Fu et al. | |
| 5,757,923 A | 5/1998 | Koopman, Jr. | |
| 5,765,152 A | 6/1998 | Erickson | |
| 5,768,396 A | 6/1998 | Sone | |
| 5,774,452 A | 6/1998 | Wolosewicz | |
| 5,781,184 A * | 7/1998 | Wasserman et al. | 348/571 |
| 5,790,677 A | 8/1998 | Fox et al. | |
| 5,799,083 A | 8/1998 | Brothers et al. | |
| 5,809,139 A | 9/1998 | Girod et al. | |
| 5,809,160 A | 9/1998 | Powell et al. | |
| 5,818,818 A | 10/1998 | Soumiya | |
| 5,822,432 A | 10/1998 | Moskowitz et al. | |
| 5,828,325 A | 10/1998 | Wolosewicz et al. | |
| 5,832,119 A | 11/1998 | Rhoads | |
| 5,839,100 A * | 11/1998 | Wegener | 704/220 |
| 5,842,213 A | 11/1998 | Odom | |
| 5,848,155 A | 12/1998 | Cox | |
| 5,850,481 A | 12/1998 | Rhoads | |
| 5,859,920 A | 1/1999 | Daly et al. | |
| 5,860,099 A | 1/1999 | Milios et al. | |
| 5,862,260 A | 1/1999 | Rhoads | |
| 5,870,474 A | 2/1999 | Wasilewski et al. | |
| 5,884,033 A | 3/1999 | Duvall et al. | |
| 5,889,868 A | 3/1999 | Moskowitz et al. | |
| 5,893,067 A | 4/1999 | Bender et al. | |
| 5,894,521 A | 4/1999 | Conley | |
| 5,901,178 A * | 5/1999 | Lee et al. | 375/240 |
| 5,903,721 A | 5/1999 | Sixtus | |
| 5,905,800 A | 5/1999 | Moskowitz et al. | |
| 5,905,975 A | 5/1999 | Ausubel | |
| 5,912,972 A | 6/1999 | Barton | |
| 5,915,027 A | 6/1999 | Cox et al. | |
| 5,917,915 A | 6/1999 | Hirose | |
| 5,918,223 A | 6/1999 | Blum | |
| 5,920,900 A | 7/1999 | Poole et al. | |
| 5,923,763 A | 7/1999 | Walker et al. | |
| 5,930,369 A | 7/1999 | Cox et al. | |
| 5,930,377 A | 7/1999 | Powell et al. | |
| 5,940,134 A | 8/1999 | Wirtz | |
| 5,943,422 A | 8/1999 | Van Wie et al. | |
| 5,949,055 A | 9/1999 | Fleet | |
| 5,963,909 A | 10/1999 | Warren et al. | |
| 5,973,731 A | 10/1999 | Schwab | |
| 5,974,141 A | 10/1999 | Saito | |
| 5,991,426 A | 11/1999 | Cox et al. | |
| 5,999,217 A | 12/1999 | Berners-Lee | |
| 6,009,176 A | 12/1999 | Gennaro et al. | |
| 6,029,126 A | 2/2000 | Malvar | |
| 6,041,316 A | 3/2000 | Allen | |
| 6,044,471 A | 3/2000 | Colvin | |
| 6,049,838 A | 4/2000 | Miller et al. | |
| 6,051,029 A | 4/2000 | Paterson et al. | |
| 6,061,793 A | 5/2000 | Tewfik et al. | |
| 6,067,622 A | 5/2000 | Moore | |
| 6,069,914 A | 5/2000 | Cox | |
| 6,078,664 A | 6/2000 | Moskowitz et al. | |
| 6,081,251 A | 6/2000 | Sakai et al. | |
| 6,081,587 A | 6/2000 | Reyes et al. | |
| 6,081,597 A | 6/2000 | Hoffstein | |
| 6,088,455 A | 7/2000 | Logan et al. | |
| 6,131,162 A | 10/2000 | Yoshiura et al. | |
| 6,141,753 A | 10/2000 | Zhao et al. | |
| 6,141,754 A | 10/2000 | Choy | |
| 6,148,333 A | 11/2000 | Guedalia | |
| 6,154,571 A | 11/2000 | Cox et al. | |
| 6,178,405 B1 * | 1/2001 | Ouyang et al. | 704/500 |
| 6,192,138 B1 | 2/2001 | Yamadaji | |
| 6,199,058 B1 | 3/2001 | Wong et al. | |
| 6,205,249 B1 | 3/2001 | Moskowitz | |
| 6,208,745 B1 | 3/2001 | Florenio et al. | |
| 6,226,618 B1 | 5/2001 | Downs | |
| 6,230,268 B1 | 5/2001 | Miwa et al. | |
| 6,233,347 B1 | 5/2001 | Chen et al. | |
| 6,233,684 B1 | 5/2001 | Stefik et al. | |
| 6,240,121 B1 | 5/2001 | Senoh | |
| 6,263,313 B1 | 7/2001 | Milstead et al. | |
| 6,272,634 B1 | 8/2001 | Tewfik et al. | |
| 6,275,988 B1 | 8/2001 | Nagashima et al. | |
| 6,278,780 B1 | 8/2001 | Shimada | |
| 6,278,791 B1 | 8/2001 | Honsinger et al. | |
| 6,282,300 B1 | 8/2001 | Bloom et al. | |
| 6,282,650 B1 | 8/2001 | Davis | |
| 6,285,775 B1 | 9/2001 | Wu et al. | |
| 6,301,663 B1 | 10/2001 | Kato et al. | |
| 6,310,962 B1 | 10/2001 | Chung et al. | |
| 6,330,335 B1 | 12/2001 | Rhoads | |
| 6,330,672 B1 | 12/2001 | Shur | |
| 6,345,100 B1 | 2/2002 | Levine | |
| 6,351,765 B1 | 2/2002 | Pietropaolo et al. | |
| 6,363,483 B1 | 3/2002 | Keshav | |
| 6,373,892 B1 | 4/2002 | Ichien et al. | |
| 6,373,960 B1 | 4/2002 | Conover et al. | |
| 6,374,036 B1 | 4/2002 | Ryan et al. | |
| 6,377,625 B1 | 4/2002 | Kim | |
| 6,381,618 B1 | 4/2002 | Jones et al. | |
| 6,381,747 B1 | 4/2002 | Wonfor et al. | |
| 6,385,324 B1 | 5/2002 | Koppen | |
| 6,385,329 B1 | 5/2002 | Sharma et al. | |
| 6,385,596 B1 | 5/2002 | Wiser | |

| | | | |
|---|---|---|---|
| 6,389,538 | B1 | 5/2002 | Gruse et al. |
| 6,405,203 | B1 | 6/2002 | Collart |
| 6,415,041 | B1 | 7/2002 | Oami et al. |
| 6,418,421 | B1 | 7/2002 | Hurtado |
| 6,425,081 | B1 | 7/2002 | Iwamura |
| 6,430,301 | B1 | 8/2002 | Petrovic |
| 6,430,302 | B2 | 8/2002 | Rhoads |
| 6,442,283 | B1 | 8/2002 | Tewfik et al. |
| 6,446,211 | B1 | 9/2002 | Colvin |
| 6,453,252 | B1 | 9/2002 | Laroche |
| 6,457,058 | B1 | 9/2002 | Ullum et al. |
| 6,463,468 | B1 | 10/2002 | Buch et al. |
| 6,484,264 | B1 | 11/2002 | Colvin |
| 6,493,457 | B1 | 12/2002 | Quackenbush |
| 6,502,195 | B1 | 12/2002 | Colvin |
| 6,522,767 | B1 | 2/2003 | Moskowitz et al. |
| 6,522,769 | B1 | 2/2003 | Rhoads et al. |
| 6,523,113 | B1 | 2/2003 | Wehrenberg |
| 6,530,021 | B1 | 3/2003 | Epstein et al. |
| 6,532,284 | B2 | 3/2003 | Walker et al. |
| 6,539,475 | B1 | 3/2003 | Cox et al. |
| 6,557,103 | B1 | 4/2003 | Boncelet, Jr. et al. |
| 6,584,125 | B1 | 6/2003 | Katto |
| 6,587,837 | B1 | 7/2003 | Spagna et al. |
| 6,590,996 | B1 | 7/2003 | Reed |
| 6,598,162 | B1 | 7/2003 | Moskowitz |
| 6,606,393 | B1 | 8/2003 | Xie et al. |
| 6,611,599 | B2 | 8/2003 | Natarajan |
| 6,647,424 | B1 | 11/2003 | Pearson et al. |
| 6,658,010 | B1 | 12/2003 | Enns et al. |
| 6,665,489 | B2 | 12/2003 | Collart |
| 6,668,246 | B1 | 12/2003 | Yeung et al. |
| 6,668,325 | B1 | 12/2003 | Collberg et al. |
| 6,674,858 | B1 | 1/2004 | Kimura |
| 6,687,683 | B1 | 2/2004 | Harada et al. |
| 6,725,372 | B1 | 4/2004 | Lewis et al. |
| 6,754,822 | B1 | 6/2004 | Zhao |
| 6,775,772 | B1 | 8/2004 | Binding et al. |
| 6,784,354 | B1 | 8/2004 | Lu et al. |
| 6,785,815 | B1 | 8/2004 | Serret-Avila et al. |
| 6,785,825 | B2 | 8/2004 | Colvin |
| 6,792,548 | B2 | 9/2004 | Colvin |
| 6,792,549 | B2 | 9/2004 | Colvin |
| 6,795,925 | B2 | 9/2004 | Colvin |
| 6,799,277 | B2 | 9/2004 | Colvin |
| 6,804,453 | B1 * | 10/2004 | Sasamoto et al. ............ 386/258 |
| 6,813,717 | B2 | 11/2004 | Colvin |
| 6,813,718 | B1 | 11/2004 | Colvin |
| 6,823,455 | B1 | 11/2004 | Macy et al. |
| 6,834,308 | B1 | 12/2004 | Ikezoye et al. |
| 6,842,862 | B2 | 1/2005 | Chow et al. |
| 6,853,726 | B1 | 2/2005 | Moskowitz et al. |
| 6,857,078 | B2 | 2/2005 | Colvin |
| 6,865,747 | B1 | 3/2005 | Mercier |
| 6,931,534 | B1 | 8/2005 | Jandel et al. |
| 6,957,330 | B1 | 10/2005 | Hughes |
| 6,966,002 | B1 | 11/2005 | Torrubia-Saez |
| 6,977,894 | B1 | 12/2005 | Achilles et al. |
| 6,978,370 | B1 | 12/2005 | Kocher |
| 6,983,337 | B2 | 1/2006 | Diamant |
| 6,986,063 | B1 | 1/2006 | Colvin |
| 6,990,453 | B1 | 1/2006 | Wang |
| 7,007,166 | B1 | 2/2006 | Moskowitz et al. |
| 7,020,285 | B1 | 3/2006 | Kirovski et al. |
| 7,035,049 | B2 | 4/2006 | Yamamoto |
| 7,035,409 | B1 | 4/2006 | Moskowitz |
| 7,043,050 | B2 | 5/2006 | Yuval |
| 7,046,808 | B1 | 5/2006 | Metois et al. |
| 7,050,396 | B1 | 5/2006 | Cohen et al. |
| 7,051,208 | B2 | 5/2006 | Venkatesan et al. |
| 7,058,570 | B1 | 6/2006 | Yu et al. |
| 7,093,295 | B1 | 8/2006 | Saito |
| 7,095,874 | B2 | 8/2006 | Moskowitz et al. |
| 7,103,184 | B2 | 9/2006 | Jian |
| 7,107,451 | B2 | 9/2006 | Moskowitz |
| 7,123,718 | B1 | 10/2006 | Moskowitz et al. |
| 7,127,615 | B2 | 10/2006 | Moskowitz |
| 7,150,003 | B2 | 12/2006 | Naumovich et al. |
| 7,152,162 | B2 | 12/2006 | Moskowitz et al. |
| 7,159,116 | B2 | 1/2007 | Moskowitz |
| 7,162,642 | B2 | 1/2007 | Schumann et al. |
| 7,177,429 | B2 | 2/2007 | Moskowitz et al. |
| 7,177,430 | B2 | 2/2007 | Kim |
| 7,206,649 | B2 | 4/2007 | Kirovski et al. |
| 7,231,524 | B2 | 6/2007 | Burns |
| 7,233,669 | B2 | 6/2007 | Candelore |
| 7,240,210 | B2 | 7/2007 | Michak et al. |
| 7,266,697 | B2 | 9/2007 | Kirovski et al. |
| 7,286,451 | B2 | 10/2007 | Wirtz |
| 7,287,275 | B2 | 10/2007 | Moskowitz |
| 7,289,643 | B2 | 10/2007 | Brunk et al. |
| 7,343,492 | B2 | 3/2008 | Moskowitz et al. |
| 7,346,472 | B1 | 3/2008 | Moskowitz et al. |
| 7,362,775 | B1 | 4/2008 | Moskowitz |
| 7,363,278 | B2 | 4/2008 | Schmelzer et al. |
| 7,409,073 | B2 | 8/2008 | Moskowitz et al. |
| 7,457,962 | B2 | 11/2008 | Herre et al. |
| 7,460,994 | B2 | 12/2008 | Herre et al. |
| 7,475,246 | B1 | 1/2009 | Moskowitz |
| 7,530,102 | B2 | 5/2009 | Moskowitz |
| 7,532,725 | B2 | 5/2009 | Moskowitz et al. |
| 7,568,100 | B1 | 7/2009 | Moskowitz et al. |
| 7,647,502 | B2 | 1/2010 | Moskowitz |
| 7,647,503 | B2 | 1/2010 | Moskowitz |
| 7,664,263 | B2 | 2/2010 | Moskowitz |
| 7,743,001 | B1 | 6/2010 | Vermeulen |
| 7,761,712 | B2 | 7/2010 | Moskowitz |
| 7,779,261 | B2 | 8/2010 | Moskowitz |
| 2001/0010078 | A1 | 7/2001 | Moskowitz |
| 2001/0029580 | A1 | 10/2001 | Moskowitz |
| 2001/0043594 | A1 | 11/2001 | Ogawa et al. |
| 2002/0009208 | A1 | 1/2002 | Alattar |
| 2002/0010684 | A1 | 1/2002 | Moskowitz |
| 2002/0026343 | A1 | 2/2002 | Duenke |
| 2002/0047873 | A1 | 4/2002 | Imanaka et al. |
| 2002/0056041 | A1 | 5/2002 | Moskowitz |
| 2002/0071556 | A1 | 6/2002 | Moskowitz et al. |
| 2002/0073043 | A1 | 6/2002 | Herman et al. |
| 2002/0097873 | A1 | 7/2002 | Petrovic |
| 2002/0103883 | A1 | 8/2002 | Haverstock et al. |
| 2002/0161741 | A1 | 10/2002 | Wang et al. |
| 2003/0002862 | A1 | 1/2003 | Rodriguez |
| 2003/0126445 | A1 | 7/2003 | Wehrenberg |
| 2003/0133702 | A1 | 7/2003 | Collart |
| 2003/0200439 | A1 | 10/2003 | Moskowitz |
| 2003/0219143 | A1 | 11/2003 | Moskowitz et al. |
| 2004/0028222 | A1 | 2/2004 | Sewell et al. |
| 2004/0037449 | A1 | 2/2004 | Davis et al. |
| 2004/0049695 | A1 | 3/2004 | Choi et al. |
| 2004/0059918 | A1 | 3/2004 | Xu |
| 2004/0083369 | A1 | 4/2004 | Erlingsson et al. |
| 2004/0086119 | A1 | 5/2004 | Moskowitz |
| 2004/0093521 | A1 | 5/2004 | Hamadeh et al. |
| 2004/0117628 | A1 | 6/2004 | Colvin |
| 2004/0117664 | A1 | 6/2004 | Colvin |
| 2004/0125983 | A1 | 7/2004 | Reed et al. |
| 2004/0128514 | A1 | 7/2004 | Rhoads |
| 2004/0225894 | A1 | 11/2004 | Colvin |
| 2004/0243540 | A1 | 12/2004 | Moskowitz et al. |
| 2005/0135615 | A1 | 6/2005 | Moskowitz et al. |
| 2005/0160271 | A9 | 7/2005 | Brundage et al. |
| 2005/0177727 | A1 | 8/2005 | Moskowitz et al. |
| 2005/0246554 | A1 | 11/2005 | Batson |
| 2006/0005029 | A1 | 1/2006 | Petrovic et al. |
| 2006/0013395 | A1 | 1/2006 | Brundage et al. |
| 2006/0013451 | A1 | 1/2006 | Haitsma |
| 2006/0041753 | A1 | 2/2006 | Haitsma |
| 2006/0101269 | A1 | 5/2006 | Moskowitz et al. |
| 2006/0140403 | A1 | 6/2006 | Moskowitz |
| 2006/0251291 | A1 | 11/2006 | Rhoads |
| 2006/0285722 | A1 | 12/2006 | Moskowitz et al. |
| 2007/0011458 | A1 | 1/2007 | Moskowitz |
| 2007/0028113 | A1 | 2/2007 | Moskowitz |
| 2007/0064940 | A1 | 3/2007 | Moskowitz et al. |
| 2007/0079131 | A1 | 4/2007 | Moskowitz et al. |
| 2007/0083467 | A1 | 4/2007 | Lindahl et al. |
| 2007/0110240 | A1 | 5/2007 | Moskowitz |
| 2007/0113094 | A1 | 5/2007 | Moskowitz et al. |

| 2007/0127717 | A1 | 6/2007 | Herre et al. |
| 2007/0226506 | A1 | 9/2007 | Moskowitz |
| 2007/0253594 | A1 | 11/2007 | Lu et al. |
| 2007/0294536 | A1 | 12/2007 | Moskowitz et al. |
| 2007/0300072 | A1 | 12/2007 | Moskowitz |
| 2007/0300073 | A1 | 12/2007 | Moskowitz |
| 2008/0005571 | A1 | 1/2008 | Moskowitz |
| 2008/0005572 | A1 | 1/2008 | Moskowitz |
| 2008/0016365 | A1 | 1/2008 | Moskowitz |
| 2008/0022113 | A1 | 1/2008 | Moskowitz |
| 2008/0022114 | A1 | 1/2008 | Moskowitz |
| 2008/0028222 | A1 | 1/2008 | Moskowitz |
| 2008/0046742 | A1 | 2/2008 | Moskowitz |
| 2008/0075277 | A1 | 3/2008 | Moskowitz et al. |
| 2008/0109417 | A1 | 5/2008 | Moskowitz |
| 2008/0133927 | A1 | 6/2008 | Moskowitz et al. |
| 2008/0151934 | A1 | 6/2008 | Moskowitz et al. |
| 2009/0037740 | A1 | 2/2009 | Moskowitz |
| 2009/0089427 | A1 | 4/2009 | Moskowitz et al. |
| 2009/0190754 | A1 | 7/2009 | Moskowitz et al. |
| 2009/0210711 | A1 | 8/2009 | Moskowitz |
| 2009/0220074 | A1 | 9/2009 | Moskowitz et al. |
| 2010/0002904 | A1 | 1/2010 | Moskowitz |
| 2010/0005308 | A1 | 1/2010 | Moskowitz |
| 2010/0064140 | A1 | 3/2010 | Moskowitz |
| 2010/0077219 | A1 | 3/2010 | Moskowitz |
| 2010/0077220 | A1 | 3/2010 | Moskowitz |
| 2010/0098251 | A1 | 4/2010 | Moskowitz |
| 2010/0106736 | A1 | 4/2010 | Moskowitz |
| 2010/0153734 | A1 | 6/2010 | Moskowitz |
| 2010/0182570 | A1 | 7/2010 | Chota |
| 2010/0202607 | A1 | 8/2010 | Moskowitz |
| 2010/0220861 | A1 | 9/2010 | Moskowitz |

FOREIGN PATENT DOCUMENTS

| EP | 0565947 | | 10/1993 |
| EP | 0581317 | | 2/1994 |
| EP | 0581317 | A2 | 2/1994 |
| EP | 0649261 | | 4/1995 |
| EP | 0651554 | | 5/1995 |
| EP | 0872073 | | 7/1996 |
| EP | 1547337 | | 3/2006 |
| EP | 1354276 | | 12/2007 |
| NL | 1005523 | | 9/1998 |
| WO | WO 9514289 | | 5/1995 |
| WO | WO 9629795 | | 9/1996 |
| WO | WO 9642151 | | 12/1996 |
| WO | WO9701892 | | 1/1997 |
| WO | WO9726733 | | 1/1997 |
| WO | WO 9724833 | | 7/1997 |
| WO | WO9726732 | | 7/1997 |
| WO | WO 9744736 | | 11/1997 |
| WO | WO9802864 | | 1/1998 |
| WO | WO9837513 | | 8/1998 |
| WO | WO 9952271 | | 10/1999 |
| WO | WO 9962044 | | 12/1999 |
| WO | WO 9963443 | | 12/1999 |
| WO | WO 0057643 | | 9/2000 |
| WO | WO0118628 | | 3/2001 |
| WO | WO0143026 | | 6/2001 |
| WO | WO0203385 | | 1/2002 |
| WO | WO02003385 | A1 | 10/2002 |

OTHER PUBLICATIONS

Brealy, et al., Principles of Corporate Finance, "Appendix A—Using Option Valuation Models", 1984, pp. 448-449.

Copeland, et al., Real Options: A Practitioner's Guide, 2001 pp. 106-107, 201-202, 204-208.

Sarkar, M. "An Assessment of Pricing Mechanisms for the Internet—A Regulatory Imperative", presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/iep/works/SarkAsses.html on.

Crawford, D.W. "Pricing Network Usage: A Market for Bandwidth of Market Communication?" presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/works/CrawMarket.html on March.

Low, S.H., "Equilibrium Allocation and Pricing of Variable Resources Among User-Suppliers", 1988. http://www.citesear.nj.nec.com/366503.html.

Caronni, Germano, "Assuring Ownership Rights for Digital Images", published proceeds of reliable IT systems, v15 '95, H.H. Bruggemann and W. Gerhardt-Hackel (Ed) Viewing Publishing Company Germany 1995.

Zhao, Jian. "A WWW Service to Embed and Prove Digital Copyright Watermarks", Proc. of the European conf. on Multimedia Applications, Services & Techniques Louvain-La-Nevve Belgium May 1996.

Gruhl, Daniel et al., Echo Hiding. In Proceeding of the Workshop on Information Hiding. No. 1174 in Lecture Notes in Computer Science, Cambridge, England (May/Jun. 1996).

Oomen, A.W.J. et al., A Variable Bit Rate Buried Data Channel for Compact Disc, J.AudioEng. Sc., vol. 43, No. 1/2, pp. 23-28 (1995).

Ten Kate, W. et al., A New Surround-Stereo-Surround Coding Techniques, J. Audio Eng.Soc., vol. 40,No. 5,pp. 376-383 (1992).

Gerzon, Michael et al., A High Rate Buried Data Channel for Audio CD, presentation notes, Audio Engineering Soc. 94th Convention (1993).

Sklar, Bernard, Digital Communications, pp. 601-603 (1988).

Jayant, N.S. et al., Digital Coding of Waveforms, Prentice Hall Inc., Englewood Cliffs, NJ, pp. 486-509 (1984).

Bender, Walter R. et al., Techniques for Data Hiding, SPIE Int. Soc. Opt. Eng., vol. 2420, pp. 164-173, 1995.

Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, (xp 000571976), pp. 242-251, 1995.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 175, 1997.

Schneier, Bruce, Applied Cryptography, 1st Ed., pp. 67-68, 1994.

Ten Kate, W. et al., "Digital Audio Carrying Extra Information", IEEE, CH 2847-2/90/0000-1097, (1990).

Van Schyndel, et al., "A digital Watermark," IEEE Int'l Computer Processing Conference, Austin,TX, Nov. 13-16, 1994, pp. 86-90.

Smith, et al. "Modulation and Information Hiding in Images", Springer Verlag, 1st Int'l Workshop, Cambridge, UK, May 30-Jun. 1, 1996, pp. 207-227.

1997, Kutter, Martin et al., "Digital Signature of Color Images Using Amplitude Modulation", SPIE-E197, vol. 3022, pp. 518-527.

Puate, Joan et al., "Using Fractal Compression Scheme to Embed a Digital Signature into an Image", SPIE-96 Proceedings, vol. 2915, Mar. 1997, pp. 108-118.

Swanson, Mitchell D.,et al., "Transparent Robust Image Watermarking", Proc. of the 1996 IEEE Int'l Conf. on Image Processing, vol. 111, 1996 , pp. 211-214.

Swanson, Mitchell D., et al. "Robust Data Hiding for Images", 7th IEEE Digital Signal Processing Workshop, Leon, Norway. Sep. 1-4, 1996, pp. 37-40.

Zhao, Jian et al., "Embedding Robust Labels into Images for Copyright Protection", Proceeding of the Know Right '95 Conference, pp. 242-251.

Koch, E., et al., "Towards Robust and Hidden Image Copyright Labeling", 1995 IEEE Workshop on Nonlinear Signal and Image Processing, Jun. 1995 Neos Marmaras pp. 4.

Van Schyandel, et al., "Towards a Robust Digital Watermark", Second Asain Image Processing Conference, Dec. 6-8, 1995, Singapore, vol. 2, pp. 504-508.

Tirkel,A.Z., "A Two-Dimensional Digital Watermark", DICTA '95, Univ. of Queensland, Brisbane, Dec. 5-8, 1995, pp. 7.

Tirkel,A.Z., "Image Watermarking—A Spread Spectrum Application", ISSSTA '96, Sep. 1996, Mainz, German, pp. 6.

O'Ruanaidh, et al. "Watermarking Digital Images for Copyright Protection", IEEE Proceedings, vol. 143, No. 4, Aug. 1996, pp. 250-256.

Cox, et al., Secure Spread Spectrum Watermarking for Multimedia, NEC Research Institute, Techinal Report 95-10, pp. 33.

Kahn, D., "The Code Breakers", The MacMillan Company, 1969, pp. xIII, 81-83, 513, 515, 522-526, 863.

Boney, et al., Digital Watermarks for Audio Signals, EVSIPCO, 96, pp. 473-480 (Mar. 14, 1997).

Dept. of Electrical Engineering, Del Ft University of Technology, Del ft The Netherlands, C.C. Langelaar et al.,"Copy Protection for Multimedia Data based on Labeling Techniques", Jul. 1996 9 pp.

F. Hartung, et al., "Digital Watermarking of Raw and Compressed Video", SPIE vol. 2952, pp. 205-213.

Craver, et al., "Can Invisible Watermarks Resolve Rightful Ownership?", IBM Research Report, RC 20509 (Jul. 25, 1996) 21 pp.
Press, et al., "Numerical Recipes in C", Cambridge Univ. Press, 1988, pp. 398-417.
Pohlmann, Ken C., "Principles of Digital Audio", 3rd Ed., 1995, pp. 32-37, 40-48:138, 147-149, 332, 333, 364, 499-501, 508-509, 564-571.
Pohlmann, Ken C., "Principles of Digital Audio", 2nd Ed., 1991, pp. 1-9, 19-25, 30-33, 41-48, 54-57, 86-107, 375-387.
Schneier, Bruce, Applied Cryptography, John Wiley & Sons, Inc., New York, 1994, pp. 68, 69, 387-392, 1-57, 273-275, 321-324.
Boney, et al., Digital Watermarks for Audio Signals, Proceedings of the International Conf. on Multimedia Computing and Systems, Jun. 17-23, 1996 Hiroshima, Japan, 0-8186-7436-9196, pp. 473-480.
Johnson, et al., "Transform Permuted Watermarking for Copyright Protection of Digital Video", IEEE Globecom 1998, Nov. 8-12, 1998, New York New York vol. 2 1998 pp. 684-689 (ISBN 0-7803-4985-7).
Rivest, et al., "Pay Word and Micromint: Two Simple Micropayment Schemes", MIT Laboratory for Computer Science, Cambridge, MA, May 7, 1996 pp. 1-18.
Bender, et al., "Techniques for Data Hiding", IBM Systems Journal, (1996) vol. 35, Nos. 3 & 4,1996, pp. 313-336.
Moskowitz, "Bandwith as Currency", IEEE Multimedia, Jan.-Mar. 2003, pp. 14-21.
Moskowitz, Multimedia Security Technologies for Digital Rights Management, 2006, Academic Press, "Introduction—Digital Rights Management" pp. 3-22.
Rivest, et al., "PayWord and Micromint: Two Simple Micropayment Schemes", MIT Laboratory for Computer Science, Cambridge, MA, Apr. 27, 2001, pp. 1-18.
Tomsich, et al., "Towards a secure and de-centralized digital watermarking infrastructure for the protection of Intellectual Property", in Electronic Commerce and Web Technologies, Proceedings (ECWEB)(2000).
Moskowitz, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security; Robustness and Quality", IEEE Computer Society Proceedings of ITCC 2002 Apr. 10, 2002 pp. 80-84.
Lemma, et al. "Secure Watermark Embedding through Partial Encryption", International Workshop on Digital Watermarking ("IWDW" 2006). Springer Lecture Notes in Computer Science 2006 (to appear) 13.
Kocher, et al., "Self Protecting Digital Content", Technical Report from the CRI Content Security Research Initiative, Cryptography Research, Inc. 2002-2003 14 pages.
Sirbu, M. et al., "Net Bill: An Internet Commerce System Optimized for Network Delivered Services", Digest of Papers of the Computer Society Computer Conference (Spring) Mar. 5, 1995 pp. 20-25 vol. CONF40.
Schunter, M. et al., "A Status Report on the SEMPER framework for Secure Electronic Commerce", Computer Networks and ISDN Systems, Sep. 30, 1998, pp. 1501-1510 vol. 30 No. 16-18 NL North Holland.
Konrad, K. et al., "Trust and Electronic Commerce—more than a technical problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed Systems Oct. 19-22, 1999, pp. 360-365 Lausanne.
Kini, et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf on System Sciences (Cat. No. 98TB100216). Jan. 6-9, 1998 pp. 51-61. Los.
Steinauer D. D., et al., "Trust and Traceability in Electronic Commerce", Standard View, Sep. 1997, pp. 118-124, vol. 5 No. 3, ACM, USA.
Hartung, et al. "Multimedia Watermarking Techniques", Proceedings of the IEEE, Special Issue, Identification & Protection of Multimedia Information, pp. 1079-1107 Jul. 1999 vol. 87 No. 7 IEEE.
European Search Report & European Search Opinion in EP07112420.
STAIND (The Singles 1996-2006), Warner Music—Atlantic, Pre-Release CD image, 2006, 1 page.
Radiohead ("Hail to the Thief"), EMI Music Group—Capitol, Pre-Release CD image, 2003, 1 page.

U.S. Appl. No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods and Devices for Trusted Transactions".
U.S. Appl. No. 60/234,199, filed Sep. 20, 2000, "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects".
U.S. Appl. No. 09/671,739, filed Sep. 29, 2000, entitled "Method and Device for Monitoring and Analyzing Signals".
Tirkel, A.Z., "A Two Dimensional Digital Watermark", Scientific Technology, 686, 14, date unknown.
PCT International Search Report in PCT/US95/08159.
PCT International Search Report in PCT/US96/10257.
Supplementary European Search Report in EP 96919405.
PCT International Search Report in PCT/US97/00651.
PCT International Search Report in PCT/US97/00652.
PCT International Search Report in PCT/US97/11455.
PCT International Search Report in PCT/US99/07262.
PCT International Search Report in PCT/US00/06522.
Supplementary European Search Report in EP00919398.
PCT International Search Report in PCT/US00/18411.
PCT International Search Report in PCT/US00/33126.
PCT International Search Report in PCT/US00/21189.
Delaigle, J.-F., et al. "Digital Watermarking," Proceedings of the SPIE, vol. 2659, Feb. 1, 1996, pp. 99-110.
Schneider, M. et al. "A Robust Content Based Digital Signature for Image Authentication," Proceedings of the International Conference on Image Processing (IC. Lausanne) Sep. 16-19, 1996, pp. 227-230, IEEE ISBN.
Cox, I. J., et al. "Secure Spread Spectrum Watermarking for Multimedia," IEEE Transactions on Image Processing, vol. 6 No. 12, Dec. 1, 1997, pp. 1673-1686.
Wong, Ping Wah. "A Public Key Watermark for Image Verification and Authentication," IEEE International Conference on Image Processing, vol. 1 Oct. 4-7, 1998, pp. 455-459.
Fabien A.P. Petitcolas, Ross J. Anderson and Markkus G. Kuhn, "Attacks on Copyright Marking Systems," LNCS, vol. 1525, Apr. 14-17, 1998, pp. 218-238 ISBN: 3-540-65386-4.
Ross Anderson, "Stretching the Limits of Steganography," LNCS, vol. 1174, May/Jun. 1996, 10 pages, ISBN: 3-540-61996-8.
Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", pre-publication, Summer 1997 4 pages.
Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", Submitted to Signal Processing Aug. 21, 1997, 19 pages.
Oasis (Dig Out Your Soul), Big Brother Recordings Ltd, Promotional CD image, 2008, 1 page.
Rivest, R. "Chaffing and Winnowing: Confidentiality without Encryption", MIT Lab for Computer Science, http://people.csail.mit.edu/rivest/Chaffing.txt Apr. 24, 1998, 9 pp.
PortalPlayer, PP502 digital media management system-on-chip, May 1, 2003, 4 pp.
VeriDisc, "The Search for a Rational Solution to Digital Rights Management (DRM)", http://64.244.235.240/news/whitepaper, /docs/veridisc.sub.--white.sub.--paper.pdf, 2001, 15 pp.
Cayre, et al., "Kerckhoff's-Based Embedding Security Classes for WOA Data Hiding", IEEE Transactions on Information Forensics and Security, vol. 3 No. 1, Mar. 2008, 15 pp.
Wayback Machine, dated Jan. 17, 1999, http://web.archive.org/web/19990117020420/http://www.netzero.com/, accessed on Feb. 19, 2008.
Namgoong, H., "An Integrated Approach to Legacy Data for Multimedia Applications", Proceedings of the 23rd EUROMICRO Conference, vol., Issue 1-4, Sep. 1997, pp. 387-391.
Wayback Machine, dated Aug. 26, 2007, http://web.archive.org/web/20070826151732/http://www.screenplaysmag.com/t-abid/96/articleType/ArticleView/articleId/495/Default.aspx/.
"YouTube Copyright Policy: Video Identification tool—YouTube Help", accessed Jun. 4, 2009, http://www.google.com/support/youtube/bin/answer.py?hl=en&answer=83766, 3 pp.
PCT Application No. PCT/US95/08159, filed Jun. 26, 1995, entitled, "Digital Information Commodities Exchange with Virtual Menuing", published as WO/1997/001892; Publication Date: Jan. 16, 1997.

PCT Application No. PCT/US96/10257, filed Jun. 7, 1996, entitled "Steganographic Method and Device"—corresponding to—EPO Application No. 96919405.9, entitled "Steganographic Method and Device", published as WO/1996/042151; Publication Date: Dec. 27, 1996.

PCT Application No. PCT/US97/00651, filed Jan. 16, 1997, entitled, "Method for Stega-Cipher Protection of Computer Code", published as WO/1997/026732; Publication Date: Jul. 24, 1997.

PCT Application No. PCT/US97/00652, filed Jan. 17, 1997, entitled, "Method for an Encrypted Digital Watermark", published as WO/1997/026733; Publication Date: Jul. 24, 1997.

PCT Application No. PCT/US97/11455, filed Jul. 2, 1997, entitled, "Optimization Methods for the Insertion, Protection and Detection of Digital Watermarks in Digitized Data", published as WO/1998/002864; Publication Date: Jan. 22, 1998.

PCT Application No. PCT/US99/07262, filed Apr. 2, 1999, entitled, "Multiple Transform Utilization and Applications for Secure Digital Watermarking", published as WO/1999/052271; Publication Date: Oct. 14, 1999.

PCT Application No. PCT/US00/06522, filed Mar. 14, 2000, entitled, "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as WO/2000/057643; Publication Date: Sep. 28, 2000.

PCT Application No. PCT/US00/18411, filed Jul. 5, 2000, entitled, "Copy Protection of Digital Data Combining Steganographic and Cryptographic Techniques".

PCT Application No. PCT/US00/33126, filed Dec. 7, 2000, entitled "Systems, Methods and Devices for Trusted Transactions", published as WO/2001/043026; Publication Date: Jun. 14, 2001.

EPO Divisional Patent Application No. 07112420.0, entitled "Steganographic Method and Device" corresponding to PCT Application No. PCT/US96/10257, published as WO/1996/042151, Dec. 27, 1996.

U.S. Appl. No. 60/222,023, filed Jul. 31, 2007 entitled "Method and apparatus for recognizing sound and signals in high noise and distortion".

"Techniques for Data Hiding in Audio Files," by Morimoto, 1995.

Howe, Dennis Jul. 13, 1998 http://foldoc..org//steganography.

CSG, Computer Support Group and CSGNetwork.com 1973 http://www.csgnetwork.com/glossarys.html.

QuinStreet Inc. 2010 What is steganography?—A word definition from the Webopedia Computer Dictionary http://www.webopedia.com/terms/steganography.html.

Graham, Robert Aug. 21, 2000 "Hacking Lexicon" http://robertgraham.com/pubs/hacking-dict.html.

Farkex, Inc 2010 "Steganography definition of steganography in the Free Online Encyclopedia" http://encyclopedia2.Thefreedictionary.com/steganography.

Horowitz, et al., The Art of Eletronics. 2nd Ed., 1989, pp7.

Jimmy eat world ("futures"), Interscope Records, Pre-Release CD image, 2004, 1 page.

Aerosmith ("Just Push Play"), Pre-Release CD image, 2001, 1 page.

Phil Collins(Testify) Atlantic, Pre-Release CD image, 2002, 1 page.

U.S. Appl. No. 11/599,838, filed Nov. 15, 2006.
U.S. Appl. No. 11/899,662, filed Sep. 7, 2007.
U.S. Appl. No. 10/369,344, filed Feb. 18, 2003.
U.S. Appl. No. 11/482,654, filed Jul. 7, 2006.
U.S. Appl. No. 12/215,812, filed Jun. 30, 2008.
U.S. Appl. No. 12/901,568, filed Oct. 10, 2010.
U.S. Appl. No. 11/497,822, filed Aug. 2, 2006.
U.S. Appl. No. 12/217,834, filed Jul. 9, 2008.
U.S. Appl. No. 12/462,799, filed Aug. 10, 2009.
U.S. Appl. No. 11/899,661, filed Sep. 7, 2007.
U.S. Appl. No. 12/590,681, filed Nov. 19, 2009.
U.S. Appl. No. 11/897,791, filed Aug. 31, 2007.
U.S. Appl. No. 12/590,553, filed Nov. 10, 2009.
U.S. Appl. No. 12/592,331, filed Nov. 23, 2009.
U.S. Appl. No. 12/009,914, filed Jan. 23, 2008.
U.S. Appl. No. 12/005,230, filed Dec. 26, 2007.
U.S. Appl. No. 12/803,168, filed Jun. 21, 2010.
U.S. Appl. No. 11/649,026, filed Jan. 3, 2007.
U.S. Appl. No. 12/803,194, filed Jun. 21, 2010.
U.S. Appl. No. 12/892,900, filed Sep. 28, 2010.
U.S. Appl. No. 08/999,766, filed Jul. 23, 1997.
U.S. Appl. No. 11/894,476, filed Aug. 21, 2007.
U.S. Appl. No. 11/050,779, filed Feb. 7, 2005.
U.S. Appl. No. 12/802,519, filed Jun. 8, 2010.
U.S. Appl. No. 12/383,916, filed Mar. 30, 2009.
U.S. Appl. No. 11/894,443, filed Aug. 21, 2007.
U.S. Appl. No. 12/913,751, filed Oct. 27, 2010.
U.S. Appl. No. 11/512,701, filed Aug. 29, 2006.
U.S. Appl. No. 11/895,388, filed Aug. 24, 2007.
U.S. Appl. No. 12/383,879, filed Mar. 30, 2009.
U.S. Appl. No. 12/886,732, filed Sep. 21, 2010.
U.S. Appl. No. 12/287,443, filed Oct. 9, 2008.
U.S. Appl. No. 12/655,357, filed Dec. 22, 2009.
U.S. Appl. No. 13/035,964, filed Feb. 26, 2011.
U.S. Appl. No. 11/900,065, filed Sep. 10, 2007.
U.S. Appl. No. 12/799,894, filed May 4, 2010.

* cited by examiner

# METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of application Ser. No. 12/655,357, filed Dec. 22, 2009 now U.S. Pat. No. 7,949,494, which is a continuation of application Ser. No. 12/005,229, filed Dec. 26, 2007, now U.S. Pat. No. 7,660,700, which is a continuation of application Ser. No. 09/657,181, filed Sep. 7, 2000, now U.S. Pat. No. 7,346,472. The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

This application is related to U.S. patent application Ser. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device" (issued as U.S. Pat. No. 7,568,100); U.S. patent application Ser. No. 08/772,222, filed Dec. 20, 1996, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,078,664); U.S. patent application Ser. No. 09/456,319, filed Dec. 8, 1999, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,853,726); U.S. patent application Ser. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (issued as U.S. Pat. No. 7,362,775); U.S. patent application Ser. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital Watermarking" (issued as U.S. Pat. No. 7,007,166); U.S. patent application Ser. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation" (issued as U.S. Pat. No. 6,598,162); U.S. patent application Ser. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking" (issued as U.S. Pat. No. 6,205,249); U.S. patent application Ser. No. 09/281,279, filed Mar. 30, 1999, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data (issued as U.S. Pat. No. 6,522,767)"; U.S. patent application Ser. No. 09,594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems" (which is a continuation-in-part of PCT application No. PCT/US00/06522, filed Mar. 14, 2000, which PCT application claimed priority to U.S. Provisional Application No. 60/125,990, filed Mar. 24, 1999) (issued as U.S. Pat. No. 7,123,718); U.S. Application No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions" (issued as U.S. Pat. No. 7,159,116); and PCT Application No. PCT/US00/21189, filed Aug. 4, 2000 (which claims priority to U.S. patent application Ser. No. 60/147, 134, filed Aug. 4, 1999, and to U.S. patent application Ser. No. 60/213,489, filed Jun. 23, 2000, both of which are entitled, "A Secure Personal Content Server") (issued as U.S. Pat. No. 7,475,246). The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

In addition, this application hereby incorporates by reference, as if fully stated herein, the total disclosures of U.S. Pat. No. 5,613,004 "Steganographic Method and Device"; U.S. Pat. No. 5,745,569 "Method for Stega-Cipher Protection of Computer Code"; and U.S. Pat. No. 5,889,868 "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data."

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The invention relates to the monitoring and analysis of digital information. A method and device are described which relate to signal recognition to enhance identification and monitoring activities.

2. Description of the Related Art

Many methods and protocols are known for transmitting data in digital form for multimedia applications (including computer applications delivered over public networks such as the internet or World Wide Web ("WWW"). These methods may include protocols for the compression of data, such that it may more readily and quickly be delivered over limited bandwidth data lines. Among standard protocols for data compression of digital files may be mentioned the MPEG compression standards for audio and video digital compression, promulgated by the Moving Picture Experts Group. Numerous standard reference works and patents discuss such compression and transmission standards for digitized information.

Digital watermarks help to authenticate the content of digitized multimedia information, and can also discourage piracy. Because piracy is clearly a disincentive to the digital distribution of copyrighted content, establishment of responsibility for copies and derivative copies of such works is invaluable. In considering the various forms of multimedia content, whether "master," stereo, NTSC video, audio tape or compact disc, tolerance of quality will vary with individuals and affect the underlying commercial and aesthetic value of the content. It is desirable to tie copyrights, ownership rights, purchaser information or some combination of these and related data into the content in such a manner that the content must undergo damage, and therefore reduction of its value, with subsequent, unauthorized distribution, commercial or otherwise. Digital watermarks address many of these concerns. A general discussion of digital watermarking as it has been applied in the art may be found in U.S. Pat. No. 5,687,236 (whose specification is incorporated in whole herein by reference).

Further applications of basic digital watermarking functionality have also been developed. Examples of such applications are shown in U.S. Pat. No. 5,889,868 (whose specification is incorporated in whole herein by reference). Such applications have been drawn, for instance, to implementations of digital watermarks that were deemed most suited to particular transmissions, or particular distribution and storage mediums, given the nature of digitally sampled audio, video, and other multimedia works. There have also been developed techniques for adapting watermark application parameters to the individual characteristics of a given digital sample stream, and for implementation of digital watermarks that are feature-based—i.e., a system in which watermark information is not carried in individual samples, but is carried in the relationships between multiple samples, such as in a waveform shape. For instance, natural extensions may be added to digital watermarks that may also separate frequencies (color or audio), channels in 3D while utilizing discreteness in feature-based encoding only known to those with pseudo-random keys (i.e., cryptographic keys) or possibly tools to access such information, which may one day exist on a quantum level.

A matter of general weakness in digital watermark technology relates directly to the manner of implementation of the watermark. Many approaches to digital watermarking leave detection and decode control with the implementing party of the digital watermark, not the creator of the work to be pro-

tected. This weakness removes proper economic incentives for improvement of the technology. One specific form of exploitation mostly regards efforts to obscure subsequent watermark detection. Others regard successful over encoding using the same watermarking process at a subsequent time. Yet another way to perform secure digital watermark implementation is through "key-based" approaches.

## SUMMARY OF THE INVENTION

A method for monitoring and analyzing at least one signal is disclosed, which method comprises the steps of: receiving at least one reference signal to be monitored; creating an abstract of the at least one reference signal; storing the abstract of the at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of the at least one query signal; and comparing the abstract of the at least one query signal to the abstract of the at least one reference signal to determine if the abstract of the at least one query signal matches the abstract of the at least one reference signal.

A method for monitoring a plurality of reference signals is also disclosed, which method comprises the steps of: creating an abstract for each one of a plurality of reference signals; storing each of the abstracts in a reference database; receiving at least one query signal to be analyzed; creating an abstract of each at least one query signal; locating an abstract in the reference database that matches the abstract of each at least one query signal; and recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

A computerized system for monitoring and analyzing at least one signal is also disclosed, which system comprises: a processor for creating an abstract of a signal using selectable criteria; a first input for receiving at least one reference signal to be monitored, the first input being coupled to the processor such that the processor may generate an abstract for each reference signal input to the processor; a reference database, coupled to the processor, for storing abstracts of each at least one reference signal; a second input for receiving at least one query signal to be analyzed, the second input being coupled to the processor such that the processor may generate an abstract for each query signal; and a comparing device, coupled to the reference database and to the second input, for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

Further, an electronic system for monitoring and analyzing at least one signal is disclosed, which system comprises: a first input for receiving at least one reference signal to be monitored, a first processor for creating an abstract of each reference signal input to the first processor through the first input; a second input for receiving at least one query signal to be analyzed, a second processor for creating an abstract of each query signal; a reference database for storing abstracts of each at least one reference signal; and a comparing device for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

## DETAILED DESCRIPTION OF THE INVENTION

While there are many approaches to data reduction that can be utilized, a primary concern is the ability to reduce the digital signal in such a manner as to retain a "perceptual relationship" between the original signal and its data reduced

version. This relationship may either be mathematically discernible or a result of market-dictated needs. The purpose is to afford a more consistent means for classifying signals than proprietary, related text-based approaches. A simple analogy is the way in which a forensic investigator uses a sketch artist to assist in determining the identity of a human.

In one embodiment of the invention, the abstract of a signal may be generated by the following steps: 1) analyze the characteristics of each signal in a group of audible/perceptible variations for the same signal (e.g., analyze each of five versions of the same song—which versions may have the same lyrics and music but which are sung by different artists); and 2) select those characteristics which achieve or remain relatively constant (or in other words, which have minimum variation) for each of the signals in the group. Optionally, the null case may be defined using those characteristics which are common to each member of the group of versions.

Lossless and lossy compression schemes are appropriate candidates for data reduction technologies, as are those subset of approaches that are based on perceptual models, such as AAC, MP3, TwinVQ, JPEG, GIF, MPEG, etc. Where spectral transforms fail to assist in greater data reduction of the signal, other signal characteristics can be identified as candidates for further data reduction. Linear predictive coding (LPC), z-transform analysis, root mean square (rms), signal to peak, may be appropriate tools to measure signal characteristics, but other approaches or combinations of signal characteristic analysis are contemplated. While such signal characteristics may assist in determining particular applications of the present invention, a generalized approach to signal recognition is necessary to optimize the deployment and use of the present invention.

Increasingly, valuable information is being created and stored in digital form. For example, music, photographs and motion pictures can all be stored and transmitted as a series of binary digits—1's and 0's. Digital techniques permit the original information to be duplicated repeatedly with perfect or near perfect accuracy, and each copy is perceived by viewers or listeners as indistinguishable from the original signal. Unfortunately, digital techniques also permit the information to be easily copied without the owner's permission. While digital representations of analog waveforms may be analyzed by perceptually-based or perceptually-limited analysis it is usually costly and time-consuming to model the processes of the highly effective ability of humans to identify and recognize a signal. In those applications where analog signals require analysis, the cost of digitizing the analog signal is minimal when compared to the benefits of increased accuracy and speed of signal analysis and monitoring when the processes contemplated by this invention are utilized.

The present invention relates to identification of digitally-sampled information, such as images, audio and video. Traditional methods of identification and monitoring of those signals do not rely on "perceptual quality," but rather upon a separate and additional signal. Within this application, such signals will be called "additive signals" as they provide information about the original images, audio or video, but such information is in addition to the original signal. One traditional, text-based additive signal is title and author information. The title and author, for example, is information about a book, but it is in addition to the text of the book. If a book is being duplicated digitally, the title and author could provide one means of monitoring the number of times the text is being duplicated, for example, through an Internet download. The present invention, however, is directed to the identification of a digital signal—whether text, audio, or video—using only the digital signal itself and then monitoring the number of

times the signal is duplicated. Reliance on an additive signal has many shortcomings. For example, first, someone must incorporate the additive signal within the digital data being transmitted, for example, by concatenation or through an embedding process. Such an additive signal, however, can be easily identified and removed by one who wants to utilize the original signal without paying for its usage. If the original signal itself is used to identify the content, an unauthorized user could not avoid payment of a royalty simply by removing the additive signal—because there is no additive signal to remove. Hence, the present invention avoids a major disadvantage of the prior art.

One such additive signal that may be utilized is a digital watermark—which ideally cannot be removed without perceptually altering the original signal. A watermark may also be used as a monitoring signal (for example, by encoding an identifier that uniquely identifies the original digital signal into which the identifier is being embedded). A digital watermark used for monitoring is also an additive signal, and such a signal may make it difficult for the user who wants to duplicate a signal without paying a royalty—mainly by degrading the perceptual quality of the original signal if the watermark (and hence the additive monitoring signal) is removed. This is, however, is a different solution to the problem.

The present invention eliminates the need of any additive monitoring signal because the present invention utilizes the underlying content signal as the identifier itself. Nevertheless, the watermark may increase the value of monitoring techniques by increasing the integrity of the embedded data and by indicating tampering of either the original content signal or the monitoring signal. Moreover, the design of a watermarking embedding algorithm is closely related to the perceptibility of noise in any given signal and can represent an ideal subset of the original signal: the watermark bits are an inverse of the signal to the extent that lossy compression schemes, which can be used, for instance, to optimize a watermarking embedding scheme, can yield information about the extent to which a data signal can be compressed while holding steadfast to the design requirement that the compressed signal maintain its perceptual relationship with the original, uncompressed signal. By describing those bits that are candidates for imperceptible embedding of watermark bits, further data reduction may be applied on the candidate watermarks as an example of retaining a logical and perceptible relationship with the original uncompressed signal.

Of course, the present invention may be used in conjunction with watermarking technology (including the use of keys to accomplish secure digital watermarking), but watermarking is not necessary to practice the present invention. Keys for watermarking may have many forms, including: descriptions of the original carrier file formatting, mapping of embedded data (actually imperceptible changes made to the carrier signal and referenced to the predetermined key or key pairs), assisting in establishing the watermark message data integrity (by incorporation of special one way functions in the watermark message data or key), etc. Discussions of these systems in the patents and pending patent applications are incorporated by reference above. The "recognition" of a particular signal or an instance of its transmission, and its monitoring are operations that may be optimized through the use of digital watermark analysis.

A practical difference between the two approaches of using a separate, additive monitoring signal and using the original signal itself as the monitoring signal is control. If a separate signal is used for monitoring, then the originator of the text, audio or video signal being transmitted and the entity doing

the monitoring have to agree as to the nature of the separate signal to be used for monitoring—otherwise, the entity doing the monitoring would not know where to look, for what to look, or how to interpret the monitoring signal once it was identified and detected. On the other hand, if the original signal is used itself as a monitoring signal, then no such agreement is necessary. Moreover, a more logical and self-sufficient relationship between the original and its data-reduced abstract enhances the transparency of any resulting monitoring efforts. The entity doing the monitoring is not looking for a separate, additive monitoring system, and further, need not have to interpret the content of the monitoring signal.

Monitoring implementations can be handled by robust watermark techniques (those techniques that are able to survive many signal manipulations but are not inherently "secure" for verification of a carrier signal absent a logically-related watermarking key) and forensic watermark techniques (which enable embedding of watermarks that are not able to survive perceptible alteration of the carrier signal and thus enable detection of tampering with the originally watermarked carrier signal). The techniques have obvious trade-offs between speed, performance and security of the embedded watermark data.

In other disclosures, we suggest improvements and implementations that relate to digital watermarks in particular and embedded signaling in general. A digital watermark may be used to "tag" content in a manner that is not humanly-perceptible, in order to ensure that the human perception of the signal quality is maintained. Watermarking, however, must inherently alter at least one data bit of the original signal to represent a minimal change from the original signal's "unwatermarked state." The changes may affect only a bit, at the very least, or be dependent on information hiding relating to signal characteristics, such as phase information, differences between digitized samples, root mean square (RMS) calculations, z-transform analysis, or similar signal characteristic category.

There are weaknesses in using digital watermark technology for monitoring purposes. One weakness relates directly to the way in which watermarks are implemented. Often, the persons responsible for encoding and decoding the digital watermark are not the creator of the valuable work to be protected. As such, the creator has no input on the placement of the monitoring signal within the valuable work being protected. Hence, if a user wishing to avoid payment of the royalty can find a way to decode or remove the watermark, or at least the monitoring signal embedded in the watermark, then the unauthorized user may successfully duplicate the signal with impunity. This could occur, for example, if either of the persons responsible for encoding or decoding were to have their security compromised such that the encoding or decoding algorithms were discovered by the unauthorized user.

With the present invention, no such disadvantages exist because the creator need not rely on anyone to insert a monitoring signal—as no such signal is necessary. Instead, the creator's work itself is used as the monitoring signal. Accordingly, the value in the signal will have a strong relationship with its recognizability.

By way of improving methods for efficient monitoring as well as effective confirmation of the identity of a digitally-sampled signal, the present invention describes useful methods for using digital signal processing for benchmarking a novel basis for differencing signals with binary data comparisons. These techniques may be complemented with perceptual techniques, but are intended to leverage the generally

decreasing cost of bandwidth and signal processing power in an age of increasing availability and exchange of digitized binary data.

So long as there exist computationally inexpensive ways of identifying an entire signal with some fractional representation or relationship with the original signal, or its perceptually observable representation, we envision methods for faster and more accurate auditing of signals as they are played, distributed or otherwise shared amongst providers (transmitters) and consumers (receivers). The ability to massively compress a signal to its essence—which is not strictly equivalent to "lossy" or "lossless" compression schemes or perceptual coding techniques, but designed to preserve some underlying "aesthetic quality" of the signal—represents a useful means for signal analysis in a wide variety of applications. The signal analysis, however, must maintain the ability to distinguish the perceptual quality of the signals being compared. For example, a method which analyzed a portion of a song by compressing it to a single line of lyrics fails to maintain the ability to distinguish the perceptual quality of the songs being compared. Specifically, for example, if the song "New York State of Mind" were compressed to the lyrics "I'm in a New York State of Mind," such a compression fails to maintain the ability to distinguish between the various recorded versions of the song, say, for example between Billy Joel's recording and Barbara Streisand's recording. Such a method is, therefore, incapable of providing accurate monitoring of the artist's recordings because it could not determine which of the two artists is deserving of a royalty—unless of course, there is a separate monitoring signal to provide the name of the artist or other information sufficient to distinguish the two versions. The present invention, however, aims to maintain some level of perceptual quality of the signals being compared and would deem such a compression to be excessive.

This analogy can be made clearer if it is understood that there are a large number of approaches to compressing a signal to, say, $\frac{1}{10,000}^{th}$ of its original size, not for maintaining its signal quality to ensure computational ease for commercial quality distribution, but to assist in identification, analysis or monitoring of the signal. Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters. That is to say, the signal is compressed to retain what is "humanly-perceptible." As long as the compression successfully mimics human perception, data space may be saved when the compressed file is compared to the uncompressed or original file. While psychoacoustic and psychovisual compression has some relevance to the present invention, additional data reduction or massive compression is anticipated by the present invention. It is anticipated that the original signal may be compressed to create a realistic or self-similar representation of the original signal, so that the compressed signal can be referenced at a subsequent time as unique binary data that has computational relevance to the original signal. Depending on the application, general data reduction of the original signal can be as simple as massive compression or may relate to the watermark encoding envelope parameter (those bits which a watermarking encoding algorithm deem as candidate bits for mapping independent data or those bits deemed imperceptible to human senses but detectable to a watermark detection algorithm). In this manner, certain media which are commonly known by signal characteristics, a painting, a song, a TV commercial, a dialect, etc., may be analyzed more accurately, and perhaps, more efficiently than a text-based descriptor of the signal. So long as the sender and receiver agree that the data representation is accurate, even insofar as the data-reduction technique has logical relationships with the perceptibility of the original

signal, as they must with commonly agreed to text descriptors, no independent cataloging is necessary.

The present invention generally contemplates a signal recognition system that has at least five elements. The actual number of elements may vary depending on the number of domains in which a signal resides (for example, audio is at least one domain while visual carriers are at least two dimensional). The present invention contemplates that the number of elements will be sufficient to effectively and efficiently meet the demands of various classes of signal recognition. The design of the signal recognition that may be used with data reduction is better understood in the context of the general requirements of a pattern or signal recognition system.

The first element is the reference database, which contains information about a plurality of potential signals that will be monitored. In one form, the reference database would contain digital copies of original works of art as they are recorded by the various artists, for example, contain digital copies of all songs that will be played by a particular radio station. In another form, the reference database would contain not perfect digital copies of original works of art, but digital copies of abstracted works of art, for example, contain digital copies of all songs that have been preprocessed such that the copies represent the perceptual characteristics of the original songs. In another form, the reference database would contain digital copies of processed data files, which files represent works of art that have been preprocessed in such a fashion as to identify those perceptual differences that can differentiate one version of a work of art from another version of the same work of art, such as two or more versions of the same song, but by different artists. These examples have obvious application to visually communicated works such as images, trademarks or photographs, and video as well.

The second element is the object locator, which is able to segment a portion of a signal being monitored for analysis (i.e., the "monitored signal"). The segmented portion is also referred to as an "object." As such, the signal being monitored may be thought of comprising a set of objects. A song recording, for example, can be thought of as having a multitude of objects. The objects need not be of uniform length, size, or content, but merely be a sample of the signal being monitored. Visually communicated informational signals have related objects; color and size are examples.

The third element is the feature selector, which is able to analyze a selected object and identify perceptual features of the object that can be used to uniquely describe the selected object. Ideally, the feature selector can identify all, or nearly all, of the perceptual qualities of the object that differentiate it from a similarly selected object of other signals. Simply, a feature selector has a direct relationship with the perceptibility of features commonly observed. Counterfeiting is an activity which specifically seeks out features to misrepresent the authenticity of any given object. Highly granular, and arguably successful, counterfeiting is typically sought for objects that are easily recognizable and valuable, for example, currency, stamps, and trademarked or copyrighted works and objects that have value to a body politic.

The fourth element is the comparing device which is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Depending upon how the information of the plurality of signals is stored in the reference database and depending upon the available computational capacity (e.g., speed and efficiency), the exact nature of the comparison will vary. For example, the comparing device may compare the selected object directly to the signal information stored in the

database. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector and then compare the selected object to the processed signal information. Alternatively, the comparing device may need to process the selected object using input from the feature selector and then compare the processed selected object to the signal information. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector, process the selected object using input from the feature selector, and then compare the processed selected object to the processed signal information.

The fifth element is the recorder which records information about the number of times a given signal is analyzed and detected. The recorder may comprise a database which keeps track of the number of times a song, image, or a movie has been played, or may generate a serial output which can be subsequently processed to determine the total number of times various signals have been detected.

Other elements may be added to the system or incorporated into the five elements identified above. For example, an error handler may be incorporated into the comparing device. If the comparing device identifies multiple signals which appear to contain the object being sought for analysis or monitoring, the error handler may offer further processing in order to identify additional qualities or features in the selected object such that only one of the set of captured signals is found to contain the further analyzed selected object that actually conforms with the object thought to have been transmitted or distributed.

Moreover, one or more of the five identified elements may be implemented with software that runs on the same processor, or which uses multiple processors. In addition, the elements may incorporate dynamic approaches that utilize stochastic, heuristic, or experience-based adjustments to refine the signal analysis being conducted within the system, including, for example, the signal analyses being performed within the feature selector and the comparing device. This additional analyses may be viewed as filters that are designed to meet the expectations of accuracy or speed for any intended application.

Since maintenance of original signal quality is not required by the present invention, increased efficiencies in processing and identification of signals can be achieved. The present invention concerns itself with perceptible relationships only to the extent that efficiencies can be achieved both in accuracy and speed with enabling logical relationships between an original signal and its abstract.

The challenge is to maximize the ability to sufficiently compress a signal to both retain its relationship with the original signal while reducing the data overhead to enable more efficient analysis, archiving and monitoring of these signals. In some cases, data reduction alone will not suffice: the sender and receiver must agree to the accuracy of the recognition. In other cases, agreement will actually depend on a third party who authored or created the signal in question. A digitized signal may have parameters to assist in establishing more accurate identification, for example, a "signal abstract" which naturally, or by agreement with the creator, the copyright owner or other interested parties, can be used to describe the original signal. By utilizing less than the original signal, a computationally inexpensive means of identification can be used. As long as a realistic set of conditions can be arrived at governing the relationship between a signal and its data reduced abstract, increases in effective monitoring and transparency of information data flow across communications channels is likely to result. This feature is significant in that it represents an improvement over how a digitally-

sampled signal can be cataloged and identified, though the use of a means that is specifically selected based upon the strengths of a general computing device and the economic needs of a particular market for the digitized information data being monitored. The additional benefit is a more open means to uniformly catalog, analyze, and monitor signals. As well, such benefits can exist for third parties, who have a significant interest in the signal but are not the sender or receiver of said information.

As a general improvement over the art, the present invention incorporates what could best be described as "computer-acoustic" and "computer-visual" modeling, where signal abstracts are created using data reduction techniques to determine the smallest amount of data, at least a single bit, which can represent and differentiate two digitized signal representations for a given predefined signal set. Each of such representations must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database. The predefined signal set is the object being analyzed. The signal identifier/detector should receive its parameters from a database engine. The engine will identify those characteristics (for example, the differences) that can be used to distinguish one digital signal from all other digital signals that are stored in its collection. For those digital signals or objects which are seemingly identical, except[ing] that the signal may have different performance or utilization in the newly created object, benefits over additive or text-based identifiers are achieved. Additionally, decisions regarding the success or failure of an accurate detection of any given object may be flexibly implemented or changed to reflect market-based demands of the engine. Appropriate examples are songs or works or art which have been sampled or reproduced by others who are not the original creator.

In some cases, the engine will also consider the NULL case for a generalized item not in its database, or perhaps in situations where data objects may have collisions. For some applications, the NULL case is not necessary, thus making the whole system faster. For instance, databases which have fewer repetitions of objects or those systems which are intended to recognize signals with time constraints or capture all data objects. Greater efficiency in processing a relational database can be obtained because the rules for comparison are selected for the maximum efficiency of the processing hardware and/or software, whether or not the processing is based on psychoacoustic or psychovisual models. The benefits of massive data reduction, flexibility in constructing appropriate signal recognition protocols and incorporation of cryptographic techniques to further add accuracy and confidence in the system are clearly improvements over the art. For example, where the data reduced abstract needs to have further uniqueness, a hash or signature may be required. And for objects which have further uniqueness requirements, two identical instances of the object could be made unique with cryptographic techniques.

Accuracy in processing and identification may be increased by using one or more of the following fidelity evaluation functions:

1) RMS (root mean square). For example, a RMS function may be used to assist in determining the distance between data based on mathematically determinable Euclidean distance between the beginning and end data points (bits) of a particular signal carrier.

2) Frequency weighted RMS. For example, different weights may be applied to different frequency components of the carrier signal before using RMS. This selective weighting can assist in further distinguishing the distance between

11

beginning and end points of the signal carrier (at a given point in time, described as bandwidth, or the number of total bits that can be transmitted per second) and may be considered to be the mathematical equivalent of passing a carrier signal difference through a data filter and figuring the average power in the output carrier.

3) Absolute error criteria, including particularly the NULL set (described above) The NULL may be utilized in two significant cases: First, in instances where the recognized, signal appears to be an identified object which is inaccurately attributed or identified to an object not handled by the database of objects; and second, where a collision of data occurs. For instance, if an artist releases a second performance of a previously recorded song, and the two performances are so similar that their differences are almost imperceptible, then the previously selected criteria may not be able to differentiate the two recordings. Hence, the database must be "recalibrated" to be able to differentiate these two versions. Similarly, if the system identifies not one, but two or more, matches for a particular search, then the database may need "recalibration" to further differentiate the two objects stored in the database.

4) Cognitive Identification. For example, the present invention may use an experience-based analysis within a recognition engine. Once such analysis may involve mathematically determining a spectral transform or its equivalent of the carrier signal. A spectral transform enables signal processing and should maintain, for certain applications, some cognitive or perceptual relationship with the original analog waveform. As a novel feature to the present invention, additional classes may be subject to humanly-perceptible observation. For instance, an experience-based criteria which relates particularly to the envisioned or perceived accuracy of the data information object as it is used or applied in a particular market, product, or implementation. This may include a short 3 second segment of a commercially available and recognizable song which is used for commercials to enable recognition of the good or service being marketed. The complete song is marketed as a separately valued object from the use of a discrete segment of the song (that may be used for promotion or marketing—for the complete song or for an entirely different good or service). To the extent that an owner of the song in question is able to further enable value through the licensing or agreement for use of a segment of the original signal, cognitive identification is a form of filtering to enable differentiations between different and intended uses of the same or subset of the same signal (object). The implementation relating specifically, as disclosed herein, to the predetermined identification or recognition means and/or any specified relationship with subsequent use of the identification means can be used to create a history as to how often a particular signal is misidentified, which history can then be used to optimize identification of that signal in the future. The difference between use of an excerpt of the song to promote a separate and distinct good or service and use of the excerpt to promote recognition of the song itself (for example, by the artist to sell copies of the song) relates informationally to a decision based on recognized and approved use of the song. Both the song and applications of the song in its entirety or as a subset are typically based on agreement by the creator and the sender who seeks to utilize the work. Trust in the means for identification, which can be weighted in the present invention (for example, by adjusting bit-addressable information), is an important factor in adjusting the monitoring or recognition features of the object or carrier signal, and by using any misidentification information, (including any experience-based or heuristic information), additional features of the

12

monitored signal can be used to improve the performance of the monitoring system envisioned herein. The issue of central concern with cognitive identification is a greater understanding of the parameters by which any given object is to be analyzed. To the extent that a creator chooses varying and separate application of his object, those applications having a cognitive difference in a signal recognition sense (e.g., the whole or an excerpt), the system contemplated herein includes rules for governing the application of bit-addressable information to increase the accuracy of the database.

5) Finally, the predetermined parameters that are associated with a discrete case for any given object will have a significant impact upon the ability to accurately process and identify the signals. For example, if a song is transmitted over a FM carrier, then one skilled in the art will appreciate that the FM signal has a predetermined bandwidth which is different from the bandwidth of the original recording, and different even from song when played on an AM carrier, and different yet from a song played using an 8-bit Internet broadcast. Recognition of these differences, however, will permit the selection of an identification means which can be optimized for monitoring a FM broadcasted signal. In other words, the discreteness intended by the sender is limited and directed by the fidelity of the transmission means. Objects may be cataloged and assessing with the understanding that all monitoring will occur using a specific transmission fidelity. For example, a database may be optimized with the understanding that only AM broadcast signals will be monitored. For maximum efficiency, different data bases may be created for different transmission channels, e.g., AM broadcasts, FM broadcasts, Internet broadcasts, etc.

For more information on increasing efficiencies for information systems, see The Mathematical Theory of Communication (1948), by Shannon.

Because bandwidth (which in the digital domain is equated to the total number of bits that can be transmitted in a fixed period of time) is a limited resource which places limitations upon transmission capacity and information coding schemes, the importance of monitoring for information objects transmitted over any given channel must take into consideration the nature and utilization of a given channel. The supply and demand of bandwidth will have a dramatic impact on the transmission, and ultimately, upon the decision to monitor and recognize signals. A discussion of this is found in a application by the inventor under U.S. patent application Ser. No. 08/674,726 (which issued Apr. 22, 2008 as U.S. Pat. No. 7,362,775) "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (which application is incorporated herein by reference as if fully setforth herein).

If a filter is to be used in connection with the recognition or monitoring engine, it may be desirable for the filter to anticipate and take into consideration the following factors, which affect the economics of the transmission as they relate to triggers for payment and/or relate to events requiring audits of the objects which are being transmitted: 1) time of transmission (i.e., the point in time when the transmission occurred), including whether the transmission is of a live performance); 2) location of transmission (e.g., what channel was used for transmission, which usually determines the associated cost for usage of the transmission channel); 3) the point of origination of the transmission (which may be the same for a signal carrier over many distinct channels); and 4) pre-existence of the information carrier signal (pre-recorded or newly created information carrier signal, which may require differentiation in certain markets or instances).

In the case of predetermined carrier signals (those which have been recorded and stored for subsequent use), "positional information carrier signals" are contemplated by this invention, namely, perceptual differences between the seemingly "same" information carrier that can be recognized as consumers of information seek different versions or quality levels of the same carrier signal. Perceptual differences exist between a song and its reproduction from a CD, an AM radio, and an Internet broadcast. To the extent that the creator or consumer of the signal can define a difference in any of the four criteria above, means can be derived (and programmed for selectability) to recognize and distinguish these differences. It is, however, quite possible that the ability to monitor carrier signal transmission with these factors will increase the variety and richness of available carrier signals to existing communications channels. The differentiation between an absolute case for transmission of an object, which is a time dependent event, for instance a live or real time broadcast, versus the relative case, which is prerecorded or stored for transmission at a later point in time, creates recognizable differences for signal monitoring.

The monitoring and analysis contemplated by this invention may have a variety of purposes, including, for example, the following: to determine the number of times a song is broadcast on a particular radio broadcast or Internet site; to control security though a voice-activated security system; and to identify associations between a beginner's drawing and those of great artists (for example to draw comparisons between technique, compositions, or color schemes). None of these examples could be achieved with any significant degree of accuracy using a text-based analysis. Additionally, strictly text-based systems fail to fully capture the inherent value of the data recognition or monitoring information itself.

SAMPLE EMBODIMENTS

Sample Embodiment 1

A database of audio signals (e.g., songs) is stored or maintained by a radio station or Internet streaming company, who may select a subset of the songs are stored so that the subset may be later broadcast to listeners. The subset, for example, may comprise a sufficient number of songs to fill 24 hours of music programming (between 300 or 500 songs). Traditionally, monitoring is accomplished by embedding some identifier into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments. Most of the traditional analysis is performed by actual persons who use play lists and other statistical approximations of audio play, including for example, data obtained through the manual (i.e., by persons) monitoring of a statistically significant sample of stations and transmission times so that an extrapolation may be made to a larger number of comparable markets.

The present invention creates a second database from the first database, wherein each of the stored audio signals in the first database is data reduced in a manner that is not likely to reflect the human perceptual quality of the signal, meaning that a significantly data-reduced signal is not likely to be played back and recognized as the original signal. As a result of the data reduction, the size of the second database (as measured in digital terms) is much smaller than the size of the first database, and is determined by the rate of compression. If, for example, if 24 hours worth of audio signals are compressed at a 10,000:1 compression rate, the reduced data could occupy a little more than 1 megabyte of data. With such a large compression rate, the data to be compared and/or

analyzed may become computationally small such that computational speed and efficiency are significantly improved.

With greater compression rates, it is anticipated that similarity may exist between the data compressed abstractions of different analog signals (e.g., recordings by two different artists of the same song). The present invention contemplates the use of bit-addressable differences to distinguish between such cases. In applications where the data to be analyzed has higher value in some predetermined sense, cryptographic protocols, such as a hash or digital signature, can be used to distinguish such close cases.

In a preferred embodiment, the present invention may utilize a centralized database where copies of new recordings may be deposited to ensure that copyright owners, who authorize transmission or use of their recordings by others, can independently verify that the object is correctly monitored. The rules for the creator himself to enter his work would differ from a universally recognized number assigned by an independent authority (say, ISRC, ISBN for recordings and books respectively). Those skilled in the art of algorithmic information theory (AIT) can recognize that it is now possible to describe optimized use of binary data for content and functionality. The differences between objects must relate to decisions made by the user of the data, introducing subjective or cognitive decisions to the design of the contemplated invention as described above. To the extent that objects can have an optimized data size when compared with other objects for any given set of objects, the algorithms for data reduction would have predetermined flexibility directly related to computational efficiency and the set of objects to be monitored. The flexibility in having transparent determination of unique signal abstracts, as opposed to independent third party assignment, is likely to increase confidence in the monitoring effort by the owners of the original signals themselves. The prior art allows for no such transparency to the copyright creators.

Sample Embodiment 2

Another embodiment of the invention relates to visual images, which of course, involve at least two dimensions.

Similar to the goals of a psychoacoustic model, a psycho-visual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image. Using the very same techniques described above in connection with an audio signal, signal monitoring of visual images may be implemented.

One such application for monitoring and analyzing visual images involves a desire to find works of other artists that relate to a particular theme. For example, finding paintings of sunsets or sunrises. A traditional approach might involve a textual search involving a database wherein the works of other artists have been described in writing. The present invention, however, involves the scanning of an image involving a sun, compressing the data to its essential characteristics (i.e., those perceptual characteristics related to the sun) and then finding matches in a database of other visual images (stored as compressed or even uncompressed data). By studying the work of other artists using such techniques, a novice, for example, could learn much by comparing the presentations of a common theme by different artists.

Another useful application involving this type of monitoring and analyzing is the identification of photographs of potential suspects whose identity matches the sketch of a police artist.

Note that combinations of the monitoring techniques discussed above can be used for audio-visual monitoring, such

15

as video-transmission by a television station or cable station. The techniques would have to compensate, for example, for a cable station that is broadcasting a audio channel unaccompanied by video.

Other embodiments and uses of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. The specification and examples should be considered exemplary only with the true scope and spirit of the invention indicated by the following claims. As will be easily understood by those of ordinary skill in the art, variations and modifications of each of the disclosed embodiments can be easily made within the scope of this invention as defined by the following claims.

The invention claimed is:

1. A system, comprising:
non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;
at least one processor;
wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and
wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;
wherein said non transitory memory further comprises a second database for storing a plurality of second database digital reference signal abstracts;
wherein said at least one processor is programmed or structured to generate a second database digital reference signal abstract from said digital reference signal such that said second database digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal, and wherein said second database digital reference signal abstract is distinct from said digital reference signal abstract; and
wherein said at least one processor is programmed to store said second database digital reference signal abstract in said second database as one of said plurality of second database digital reference signal abstracts.

2. The system of claim 1, wherein said at least one processor is programmed or structured to generate said digital reference signal abstract from said digital reference signal by using perceptual qualities of said digital reference signal in generating said digital reference signal abstract such that the abstract retains a perceptual relationship to said digital reference signal.

3. The system of claim 1 wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is self similar to said digital reference signal.

4. The system of claim 1, wherein said at least one processor is programmed or structured to select criteria to use for generating said digital reference signal abstract from said digital reference signal.

5. The system of claim 1, wherein said at least one processor is programmed or structured to generate said digital query signal abstract from a digital query signal such that said digital query signal abstract is similar to said digital query signal and reduced in size compared to said digital query signal.

16

6. The system of claim 1, wherein said at least one processor is programmed to generate said digital reference signal abstract.

7. A system, comprising:
non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;
at least one processor;
wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and
wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;
wherein said at least one processor is programmed or structured to generate said digital reference signal abstract from said digital reference signal and at least one of a hash and a signature, so that each one of said plurality of digital reference signal abstracts in said database is distinct from one another.

8. A system, comprising:
non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;
at least one processor;
wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and
wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;
wherein said digital reference signal is a digital representation of one of a plurality of different versions of a visual work and a multimedia work, and wherein said at least one processor is programmed or structured to generate said digital reference signal abstract from said digital reference signal so that said digital reference signal comprises signal characteristic parameters that differentiate between said plurality of different versions of said visual work and said multimedia work.

9. A system, comprising:
non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;
at least one processor;
wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and
wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;
wherein said at least one processor is programmed or structured to determine if said digital reference signal abstract matches one of said plurality of digital reference signal abstracts stored in said database; and
wherein said processor is programmed to recalibrate said database in response to a determination that said digital reference signal abstract matches one of said plurality of digital reference signal abstracts stored in said database.

17

10. A system, comprising:

non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;

at one processor;

wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and

wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;

wherein said processor is programmed or structured to change selected criteria to use for generating said digital reference signal abstract from said digital reference signal when said at least one processor determines that said digital reference signal abstract matches one of said plurality of digital reference signal abstracts stored in said database.

11. A system, comprising:

non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;

at least one processor;

wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and

wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;

wherein said at least one processor is programmed or structured to compare a digital query signal abstract to said plurality of digital reference signal abstracts stored in said database to generate a compare result.

12. The system of claim 11, wherein said compare result indicates no match between said digital query signal abstract to said plurality of digital reference signal abstracts stored in said database.

13. The system of claim 11, wherein said compare result indicates a match between said digital query signal abstract and a first digital reference signal abstract of said plurality of digital reference signal abstracts stored in said database.

14. The system of claim 11, wherein said memory further defines a digital query signal abstract receipt recorder recording a number times said at least one processor receives said digital query signal abstract for comparison with said plurality of digital reference signal abstracts stored in said database.

15. The system of claim 11, wherein said memory further defines a first digital reference signal abstract match recorder recording a number of times said at least one processor determines a match between a digital query signal abstract and first digital reference signal abstract of said plurality of digital reference signal abstracts stored in said database.

16. The system of claim 12, wherein said at least one processor is programmed or structured to use an algorithm to generate said digital reference signal abstract from said digital reference signal; and wherein said at least one processor is programmed or structured to use said algorithm to generate said digital query signal abstract from said digital query signal.

17. A system, comprising:

non transitory memory comprising a database for storing a plurality of digital reference signal abstracts;

at least one processor;

wherein said at least one processor is programmed or structured to generate a digital reference signal abstract from a digital reference signal such that said digital reference

18

signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and

wherein said at least one processor is programmed to store said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;

wherein said wherein said at least one processor is programmed or structured to apply at least one of psycho-acoustic model and a psycho-visual model to generate said digital reference signal abstract from said digital reference signal.

18. A method, comprising:

storing in non transitory memory a database for storing a plurality of digital reference signal abstracts;

generating with at least one processor a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and

storing with said at least one processor said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;

wherein said non transitory memory further comprises a second database for storing a plurality of second database digital reference signal abstracts;

wherein said at least one processor is programmed or structured to generate a second database digital reference signal abstract from said digital reference signal such that said second database digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal, and wherein said second database digital reference signal abstract is distinct from said digital reference signal abstract; and

wherein said at least one processor is programmed to store said second database digital reference signal abstract in said second database as one of said plurality of second database digital reference signal abstracts.

19. A computer program product stored on non transitory memory media, which, when installed on a computer system having at least one processor and non transitory memory, causes said computer system to perform the steps comprising:

storing in said non transitory memory a database for storing a plurality of digital reference signal abstracts;

generating with said at least one processor a digital reference signal abstract from a digital reference signal such that said digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal; and

storing with said at least one processor said digital reference signal abstract in said database as one of said plurality of digital reference signal abstracts;

wherein said non transitory memory further comprises a second database for storing a plurality of second database digital reference signal abstracts;

wherein said at least one processor is programmed or structured to generate a second database digital reference signal abstract from said digital reference signal such that said second database digital reference signal abstract is similar to said digital reference signal and reduced in size compared to said digital reference signal, and wherein said second database digital reference signal abstract is distinct from said digital reference signal abstract; and

wherein said at least one processor is programmed to store said second database digital reference signal abstract in said second database as one of said plurality of second database digital reference signal abstracts.

* * * * *



US008712728B2

(12) **United States Patent** (10) Patent No.: **US 8,712,728 B2**
Moskowitz et al. (45) Date of Patent: **Apr. 29, 2014**

(54) **METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS**

(71) Applicant: **Blue Spike LLC**, Tyler, TX (US)

(72) Inventors: **Scott A. Moskowitz**, Sunny Isles Beach, FL (US); **Mike W. Berry**, Seattle, WA (US)

(73) Assignee: **Blue Spike LLC**, Tyler, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/802,384**

(22) Filed: **Mar. 13, 2013**

(65) **Prior Publication Data**

US 2013/0204899 A1 Aug. 8, 2013

**Related U.S. Application Data**

(63) Continuation of application No. 13/487,119, filed on Jun. 1, 2012, which is a continuation of application No. 13/035,964, filed on Feb. 26, 2011, now Pat. No. 8,214,175, which is a continuation of application No. 12/655,357, filed on Dec. 22, 2009, now Pat. No. 7,949,494, which is a continuation of application No. 12/005,229, filed on Dec. 26, 2007, now Pat. No. 7,660,700, which is a continuation of application No. 09/657,181, filed on Sep. 7, 2000, now Pat. No. 7,346,472.

(51) **Int. Cl.**
*G06F 17/30* (2006.01)

(52) **U.S. Cl.**
USPC ........... **702/182**; 704/201; 704/219; 341/155; 341/76; 341/61

(58) **Field of Classification Search**
USPC .......... 702/182; 704/201, 203, 211, 270, 219, 704/500, 503, 504; 341/155, 76, 61
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,947,825 | A | 3/1976 | Cassada |
| 3,984,624 | A | 10/1976 | Waggener |
| 3,986,624 | A | 10/1976 | Cates, Jr. et al. |
| 4,038,596 | A | 7/1977 | Lee |
| 4,200,770 | A | 4/1980 | Hellman et al. |
| 4,218,582 | A | 8/1980 | Hellman et al. |
| 4,339,134 | A | 7/1982 | Macheel |
| 4,390,898 | A | 6/1983 | Bond et al. |
| 4,405,829 | A | 9/1983 | Rivest et al. |
| 4,424,414 | A | 1/1984 | Hellman et al. |
| 4,528,588 | A | 7/1985 | Lofberg |
| 4,672,605 | A | 6/1987 | Hustig et al. |

| | | | |
|---|---|---|---|
| 4,748,668 | A | 5/1988 | Shamir et al. |
| 4,789,928 | A | 12/1988 | Fujisaki |
| 4,827,508 | A | 5/1989 | Shear |
| 4,876,617 | A | 10/1989 | Best et al. |
| 4,896,275 | A | 1/1990 | Jackson |
| 4,908,873 | A | 3/1990 | Philibert et al. |
| 4,939,515 | A | 7/1990 | Adelson |
| 4,969,204 | A | 11/1990 | Melnychuk et al. |
| 4,972,471 | A | 11/1990 | Gross et al. |
| 4,977,594 | A | 12/1990 | Shear |
| 4,979,210 | A | 12/1990 | Nagata et al. |
| 4,980,782 | A | 12/1990 | Ginkel |
| 5,050,213 | A | 9/1991 | Shear |
| 5,073,925 | A | 12/1991 | Nagata et al. |
| 5,077,665 | A | 12/1991 | Silverman et al. |
| 5,111,530 | A | 5/1992 | Kutaragi |
| 5,113,437 | A | 5/1992 | Best et al. |
| 5,123,045 | A | 6/1992 | Ostrovsky |
| 5,136,581 | A | 8/1992 | Muehrcke |
| 5,136,646 | A | 8/1992 | Haber et al. |
| 5,136,647 | A | 8/1992 | Haber et al. |
| 5,142,576 | A | 8/1992 | Nadan |
| 5,161,210 | A | 11/1992 | Druyvesteyn et al. |
| 5,210,820 | A | * 5/1993 | Kenyon ........................ 704/200 |
| 5,243,423 | A | 9/1993 | DeJean et al. |
| 5,243,515 | A | 9/1993 | Lee |
| 5,287,407 | A | 2/1994 | Holmes |
| 5,319,735 | A | 6/1994 | Preuss et al. |
| 5,327,520 | A | 7/1994 | Chen |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0372601 | 6/1990 |
| EP | 0565947 | 10/1993 |

(Continued)

OTHER PUBLICATIONS

U.S. Appl. No. 11/599,838, filed Nov. 15, 2006.

*Primary Examiner* — Carol S Tsai
(74) *Attorney, Agent, or Firm* — Neifeld IP Law, PC

(57) **ABSTRACT**

A method and system for monitoring and analyzing at least one signal are disclosed. An abstract of at least one reference signal is generated and stored in a reference database. An abstract of a query signal to be analyzed is then generated so that the abstract of the query signal can be compared to the abstracts stored in the reference database for a match. The method and system may optionally be used to record information about the query signals, the number of matches recorded, and other useful information about the query signals. Moreover, the method by which abstracts are generated can be programmable based upon selectable criteria. The system can also be programmed with error control software so as to avoid the re-occurrence of a query signal that matches more than one signal stored in the reference database.

**31 Claims, No Drawings**

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,341,429 A | | 8/1994 | Stringer et al. |
| 5,341,477 A | | 8/1994 | Pitkin et al. |
| 5,363,448 A | | 11/1994 | Koopman et al. |
| 5,365,586 A | | 11/1994 | Indeck et al. |
| 5,369,707 A | | 11/1994 | Follendore, III |
| 5,379,345 A | | 1/1995 | Greenberg |
| 5,394,324 A | | 2/1995 | Clearwater |
| 5,398,285 A | | 3/1995 | Borgelt et al. |
| 5,406,627 A | | 4/1995 | Thompson et al. |
| 5,408,505 A | | 4/1995 | Indeck et al. |
| 5,410,598 A | | 4/1995 | Shear |
| 5,412,718 A | | 5/1995 | Narasimhalv et al. |
| 5,418,713 A | | 5/1995 | Allen |
| 5,428,606 A | | 6/1995 | Moskowitz |
| 5,437,050 A | | 7/1995 | Lamb |
| 5,450,490 A | | 9/1995 | Jensen et al. |
| 5,469,536 A | | 11/1995 | Blank |
| 5,471,533 A | | 11/1995 | Wang et al. |
| 5,478,990 A | | 12/1995 | Montanari et al. |
| 5,479,210 A | | 12/1995 | Cawley et al. |
| 5,487,168 A | | 1/1996 | Geiner et al. |
| 5,493,677 A | | 2/1996 | Balogh et al. |
| 5,497,419 A | | 3/1996 | Hill |
| 5,506,795 A | | 4/1996 | Yamakawa |
| 5,513,126 A | | 4/1996 | Harkins et al. |
| 5,513,261 A | | 4/1996 | Maher |
| 5,530,739 A | | 6/1996 | Okada |
| 5,530,751 A | | 6/1996 | Morris |
| 5,530,759 A | | 6/1996 | Braudaway et al. |
| 5,539,735 A | | 7/1996 | Moskowitz |
| 5,548,579 A | | 8/1996 | Lebrun et al. |
| 5,568,570 A | | 10/1996 | Rabbani |
| 5,579,124 A | | 11/1996 | Aijala et al. |
| 5,581,703 A | | 12/1996 | Baugher et al. |
| 5,583,488 A | | 12/1996 | Sala et al. |
| 5,598,470 A | | 1/1997 | Cooper et al. |
| 5,606,609 A | | 2/1997 | Houser et al. |
| 5,613,004 A | | 3/1997 | Cooperman et al. |
| 5,617,119 A | | 4/1997 | Briggs et al. |
| 5,617,506 A | | 4/1997 | Burk |
| 5,625,690 A | | 4/1997 | Michel et al. |
| 5,629,980 A | | 5/1997 | Stefik et al. |
| 5,633,932 A | | 5/1997 | Davis et al. |
| 5,634,040 A | | 5/1997 | Her et al. |
| 5,636,276 A | | 6/1997 | Brugger |
| 5,636,292 A | | 6/1997 | Rhoads |
| 5,640,569 A | | 6/1997 | Miller et al. |
| 5,646,997 A | | 7/1997 | Barton |
| 5,649,284 A | * | 7/1997 | Yoshinobu .................. 725/114 |
| 5,657,461 A | | 8/1997 | Harkins et al. |
| 5,659,726 A | | 8/1997 | Sandford, II et al. |
| 5,664,018 A | | 9/1997 | Leighton |
| 5,673,316 A | | 9/1997 | Auerbach et al. |
| 5,675,653 A | | 10/1997 | Nelson |
| 5,677,952 A | | 10/1997 | Blakley et al. |
| 5,680,462 A | | 10/1997 | Miller et al. |
| 5,687,236 A | | 11/1997 | Moskowitz et al. |
| 5,689,587 A | | 11/1997 | Bender et al. |
| 5,696,828 A | | 12/1997 | Koopman, Jr. |
| 5,719,937 A | | 2/1998 | Warren et al. |
| 5,721,788 A | | 2/1998 | Powell et al. |
| 5,734,752 A | | 3/1998 | Knox |
| 5,737,416 A | | 4/1998 | Cooper et al. |
| 5,737,733 A | | 4/1998 | Eller |
| 5,740,244 A | | 4/1998 | Indeck et al. |
| 5,745,569 A | | 4/1998 | Moskowitz et al. |
| 5,748,783 A | | 5/1998 | Rhoads |
| 5,751,811 A | | 5/1998 | Magnotti et al. |
| 5,754,697 A | | 5/1998 | Fu et al. |
| 5,754,938 A | | 5/1998 | Herz |
| 5,757,923 A | | 5/1998 | Koopman, Jr. |
| 5,765,152 A | | 6/1998 | Erickson |
| 5,768,396 A | | 6/1998 | Sone |
| 5,774,452 A | | 6/1998 | Wolosewicz |
| 5,781,184 A | | 7/1998 | Wasserman |
| 5,790,677 A | | 8/1998 | Fox et al. |
| 5,799,083 A | | 8/1998 | Brothers et al. |
| 5,809,139 A | | 9/1998 | Girod et al. |
| 5,809,160 A | | 9/1998 | Powell et al. |
| 5,818,818 A | | 10/1998 | Soumiya |
| 5,822,432 A | | 10/1998 | Moskowitz et al. |
| 5,828,325 A | | 10/1998 | Wolosewicz et al. |
| 5,832,119 A | | 11/1998 | Rhoads |
| 5,839,100 A | | 11/1998 | Wegener |
| 5,842,213 A | | 11/1998 | Odom |
| 5,848,155 A | | 12/1998 | Cox |
| 5,850,481 A | | 12/1998 | Rhoads |
| 5,859,920 A | | 1/1999 | Daly et al. |
| 5,860,099 A | | 1/1999 | Milios et al. |
| 5,862,260 A | | 1/1999 | Rhoads |
| 5,870,474 A | | 2/1999 | Wasilewski et al. |
| 5,884,033 A | | 3/1999 | Duvall et al. |
| 5,889,868 A | | 3/1999 | Moskowitz et al. |
| 5,893,067 A | | 4/1999 | Bender et al. |
| 5,894,521 A | | 4/1999 | Conley |
| 5,901,178 A | | 5/1999 | Lee |
| 5,903,721 A | | 5/1999 | Sixtus |
| 5,905,800 A | | 5/1999 | Moskowitz et al. |
| 5,905,975 A | | 5/1999 | Ausubel |
| 5,912,972 A | | 6/1999 | Barton |
| 5,915,027 A | | 6/1999 | Cox et al. |
| 5,917,915 A | | 6/1999 | Hirose |
| 5,918,223 A | | 6/1999 | Blum |
| 5,920,900 A | | 7/1999 | Poole et al. |
| 5,923,763 A | | 7/1999 | Walker et al. |
| 5,930,369 A | | 7/1999 | Cox et al. |
| 5,930,377 A | | 7/1999 | Powell et al. |
| 5,940,134 A | | 8/1999 | Wirtz |
| 5,943,422 A | | 8/1999 | Van Wie et al. |
| 5,949,055 A | | 9/1999 | Fleet |
| 5,949,973 A | | 9/1999 | Yarom |
| 5,963,909 A | | 10/1999 | Warren et al. |
| 5,973,731 A | | 10/1999 | Schwab |
| 5,974,141 A | | 10/1999 | Saito |
| 5,991,426 A | | 11/1999 | Cox et al. |
| 5,999,217 A | | 12/1999 | Berners-Lee |
| 6,009,176 A | | 12/1999 | Gennaro et al. |
| 6,029,126 A | | 2/2000 | Malvar |
| 6,035,398 A | | 3/2000 | Bjorn |
| 6,041,316 A | | 3/2000 | Allen |
| 6,044,471 A | | 3/2000 | Colvin |
| 6,049,838 A | | 4/2000 | Miller et al. |
| 6,051,029 A | | 4/2000 | Paterson et al. |
| 6,061,793 A | | 5/2000 | Tewfik et al. |
| 6,067,622 A | | 5/2000 | Moore |
| 6,069,914 A | | 5/2000 | Cox |
| 6,078,664 A | | 6/2000 | Moskowitz et al. |
| 6,081,251 A | | 6/2000 | Sakai et al. |
| 6,081,587 A | | 6/2000 | Reyes et al. |
| 6,081,597 A | | 6/2000 | Hoffstein |
| 6,088,455 A | * | 7/2000 | Logan et al. .................. 380/200 |
| 6,131,162 A | | 10/2000 | Yoshiura et al. |
| 6,141,753 A | | 10/2000 | Zhao et al. |
| 6,141,754 A | | 10/2000 | Choy |
| 6,148,333 A | | 11/2000 | Guedalia |
| 6,154,571 A | | 11/2000 | Cox et al. |
| 6,173,322 B1 | | 1/2001 | Hu |
| 6,178,405 B1 | | 1/2001 | Ouyang |
| 6,192,138 B1 | | 2/2001 | Yamadaji |
| 6,199,058 B1 | | 3/2001 | Wong et al. |
| 6,205,249 B1 | | 3/2001 | Moskowitz |
| 6,208,745 B1 | | 3/2001 | Florencio et al. |
| 6,226,618 B1 | | 5/2001 | Downs |
| 6,230,268 B1 | | 5/2001 | Miwa et al. |
| 6,233,347 B1 | | 5/2001 | Chen et al. |
| 6,233,684 B1 | | 5/2001 | Stefik et al. |
| 6,240,121 B1 | | 5/2001 | Senoh |
| 6,263,313 B1 | | 7/2001 | Milsted et al. |
| 6,272,634 B1 | | 8/2001 | Tewfik et al. |
| 6,275,988 B1 | | 8/2001 | Nagashima et al. |
| 6,278,780 B1 | | 8/2001 | Shimada |
| 6,278,791 B1 | | 8/2001 | Honsinger et al. |
| 6,282,300 B1 | | 8/2001 | Bloom et al. |
| 6,282,650 B1 | | 8/2001 | Davis |

(56)  **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 6,285,775 | B1 | 9/2001 | Wu et al. |
| 6,301,663 | B1 | 10/2001 | Kato et al. |
| 6,310,962 | B1 | 10/2001 | Chung et al. |
| 6,330,335 | B1 | 12/2001 | Rhoads |
| 6,330,672 | B1 | 12/2001 | Shur |
| 6,345,100 | B1 | 2/2002 | Levine |
| 6,351,765 | B1 | 2/2002 | Pietropaolo et al. |
| 6,363,483 | B1 | 3/2002 | Keshav |
| 6,373,892 | B1 | 4/2002 | Ichien et al. |
| 6,373,960 | B1 | 4/2002 | Conover et al. |
| 6,374,036 | B1 | 4/2002 | Ryan et al. |
| 6,377,625 | B1 | 4/2002 | Kim |
| 6,381,618 | B1 | 4/2002 | Jones et al. |
| 6,381,747 | B1 | 4/2002 | Wonfor et al. |
| 6,385,324 | B1 | 5/2002 | Koppen |
| 6,385,329 | B1 | 5/2002 | Sharma et al. |
| 6,385,596 | B1 | 5/2002 | Wiser |
| 6,389,538 | B1 | 5/2002 | Gruse et al. |
| 6,398,245 | B1 | 6/2002 | Gruse |
| 6,405,203 | B1 | 6/2002 | Collart |
| 6,415,041 | B1 | 7/2002 | Oami et al. |
| 6,418,421 | B1 | 7/2002 | Hurtado |
| 6,425,081 | B1 | 7/2002 | Iwamura |
| 6,430,301 | B1 | 8/2002 | Petrovic |
| 6,430,302 | B2 | 8/2002 | Rhoads |
| 6,442,283 | B1 | 8/2002 | Tewfik et al. |
| 6,446,211 | B1 | 9/2002 | Colvin |
| 6,453,252 | B1 | 9/2002 | Laroche |
| 6,457,058 | B1 | 9/2002 | Ullum et al. |
| 6,463,468 | B1 | 10/2002 | Buch et al. |
| 6,480,937 | B1 | 11/2002 | Vorbach |
| 6,484,264 | B1 | 11/2002 | Colvin |
| 6,493,457 | B1 | 12/2002 | Quackenbush |
| 6,502,195 | B1 | 12/2002 | Colvin |
| 6,522,767 | B1 | 2/2003 | Moskowitz et al. |
| 6,522,769 | B1 | 2/2003 | Rhoads et al. |
| 6,523,113 | B1 | 2/2003 | Wehrenberg |
| 6,530,021 | B1 | 3/2003 | Epstein et al. |
| 6,532,284 | B2 | 3/2003 | Walker et al. |
| 6,539,475 | B1 | 3/2003 | Cox et al. |
| 6,557,103 | B1 | 4/2003 | Boncelet, Jr. et al. |
| 6,584,125 | B1 | 6/2003 | Katto |
| 6,587,837 | B1 | 7/2003 | Spagna et al. |
| 6,590,996 | B1 | 7/2003 | Reed |
| 6,598,162 | B1 | 7/2003 | Moskowitz |
| 6,606,393 | B1 | 8/2003 | Xie et al. |
| 6,611,599 | B2 | 8/2003 | Natarajan |
| 6,647,424 | B1 | 11/2003 | Pearson et al. |
| 6,658,010 | B1 | 12/2003 | Enns et al. |
| 6,665,489 | B2 | 12/2003 | Collart |
| 6,668,246 | B1 | 12/2003 | Yeung et al. |
| 6,668,325 | B1 | 12/2003 | Collberg et al. |
| 6,674,858 | B1 | 1/2004 | Kimura |
| 6,687,683 | B1 | 2/2004 | Harada et al. |
| 6,725,372 | B1 | 4/2004 | Lewis et al. |
| 6,754,822 | B1 | 6/2004 | Zhao |
| 6,775,772 | B1 | 8/2004 | Binding et al. |
| 6,784,354 | B1 | 8/2004 | Lu et al. |
| 6,785,815 | B1 | 8/2004 | Serret-Avila et al. |
| 6,785,825 | B2 | 8/2004 | Colvin |
| 6,792,548 | B2 | 9/2004 | Colvin |
| 6,792,549 | B1 | 9/2004 | Colvin |
| 6,795,925 | B2 | 9/2004 | Colvin |
| 6,799,277 | B2 | 9/2004 | Colvin |
| 6,804,453 | B1 | 10/2004 | Sasamoto |
| 6,813,717 | B2 | 11/2004 | Colvin |
| 6,813,718 | B2 | 11/2004 | Colvin |
| 6,823,455 | B1 | 11/2004 | Macy et al. |
| 6,834,308 | B1 | 12/2004 | Ikezoye et al. |
| 6,842,862 | B2 | 1/2005 | Chow et al. |
| 6,853,726 | B1 | 2/2005 | Moskowitz et al. |
| 6,857,078 | B2 | 2/2005 | Colvin |
| 6,865,747 | B1 | 3/2005 | Mercier |
| 6,931,534 | B1 | 8/2005 | Jandel et al. |
| 6,950,941 | B1 | 9/2005 | Lee |
| 6,957,330 | B1 | 10/2005 | Hughes |
| 6,966,002 | B1 | 11/2005 | Torrubia-Saez |
| 6,977,894 | B1 | 12/2005 | Achilles et al. |
| 6,978,370 | B1 | 12/2005 | Kocher |
| 6,983,058 | B1 | 1/2006 | Fukuoka |
| 6,983,337 | B2 | 1/2006 | Diamant |
| 6,986,063 | B2 | 1/2006 | Colvin |
| 6,990,453 | B2 | 1/2006 | Wang |
| 7,007,166 | B1 | 2/2006 | Moskowitz et al. |
| 7,020,285 | B1 | 3/2006 | Kirovski et al. |
| 7,035,049 | B2 | 4/2006 | Yamamoto |
| 7,035,409 | B1 | 4/2006 | Moskowitz |
| 7,043,050 | B2 | 5/2006 | Yuval |
| 7,046,808 | B1 | 5/2006 | Metois et al. |
| 7,050,396 | B1 | 5/2006 | Cohen et al. |
| 7,051,208 | B2 | 5/2006 | Venkatesan et al. |
| 7,058,570 | B1 | 6/2006 | Yu et al. |
| 7,093,295 | B1 | 8/2006 | Saito |
| 7,095,715 | B2 | 8/2006 | Buckman |
| 7,095,874 | B2 | 8/2006 | Moskowitz et al. |
| 7,103,184 | B2 | 9/2006 | Jian |
| 7,107,451 | B2 | 9/2006 | Moskowitz |
| 7,123,718 | B1 | 10/2006 | Moskowitz et al. |
| 7,127,615 | B2 | 10/2006 | Moskowitz |
| 7,150,003 | B2 | 12/2006 | Naumovich et al. |
| 7,152,162 | B2 | 12/2006 | Moskowitz et al. |
| 7,159,116 | B2 | 1/2007 | Moskowitz |
| 7,162,642 | B2 | 1/2007 | Schumann et al. |
| 7,177,429 | B2 | 2/2007 | Moskowitz et al. |
| 7,177,430 | B2 | 2/2007 | Kim |
| 7,206,649 | B2 | 4/2007 | Kirovski et al. |
| 7,231,524 | B2 | 6/2007 | Burns |
| 7,233,669 | B2 | 6/2007 | Candelore |
| 7,240,210 | B2 | 7/2007 | Michak et al. |
| 7,266,697 | B2 | 9/2007 | Kirovski et al. |
| 7,286,451 | B2 | 10/2007 | Wirtz |
| 7,287,275 | B2 | 10/2007 | Moskowitz |
| 7,289,643 | B2 | 10/2007 | Brunk et al. |
| 7,310,815 | B2 | 12/2007 | Yanovsky |
| 7,343,492 | B2 | 3/2008 | Moskowitz et al. |
| 7,346,472 | B1 | 3/2008 | Moskowitz et al. |
| 7,362,775 | B1 | 4/2008 | Moskowitz |
| 7,363,278 | B2 | 4/2008 | Schmelzer et al. |
| 7,409,073 | B2 | 8/2008 | Moskowitz et al. |
| 7,457,962 | B2 | 11/2008 | Moskowitz |
| 7,460,994 | B2 | 12/2008 | Herre et al. |
| 7,475,246 | B1 | 1/2009 | Moskowitz |
| 7,530,102 | B2 | 5/2009 | Moskowitz |
| 7,532,725 | B2 | 5/2009 | Moskowitz et al. |
| 7,568,100 | B1 | 7/2009 | Moskowitz et al. |
| 7,630,379 | B2 | 12/2009 | Morishita |
| 7,647,502 | B2 | 1/2010 | Moskowitz |
| 7,647,503 | B2 | 1/2010 | Moskowitz |
| 7,664,263 | B2 | 2/2010 | Moskowitz |
| 7,719,966 | B2 | 5/2010 | Luft |
| 7,743,001 | B1 | 6/2010 | Vermeulen |
| 7,761,712 | B2 | 7/2010 | Moskowitz |
| 7,779,261 | B2 | 8/2010 | Moskowitz |
| 8,121,343 | B2 | 2/2012 | Moskowitz |
| 8,161,286 | B2 | 4/2012 | Moskowitz |
| 8,179,846 | B2 | 5/2012 | Dolganow |
| 8,214,175 | B2 | 7/2012 | Moskowitz |
| 8,265,278 | B2 | 9/2012 | Moskowitz |
| 8,307,213 | B2 | 11/2012 | Moskowitz |
| 8,400,566 | B2 | 3/2013 | Terry |
| 2001/0010078 | A1 | 7/2001 | Moskowitz |
| 2001/0029580 | A1 | 10/2001 | Moskowitz |
| 2001/0043594 | A1 * | 11/2001 | Ogawa et al. ................ 370/356 |
| 2002/0009208 | A1 | 1/2002 | Alattar |
| 2002/0010684 | A1 | 1/2002 | Moskowitz |
| 2002/0026343 | A1 | 2/2002 | Duenke |
| 2002/0047873 | A1 | 4/2002 | Imanaka et al. |
| 2002/0056041 | A1 | 5/2002 | Moskowitz |
| 2002/0071556 | A1 | 5/2002 | Roberts |
| 2002/0071561 | A1 | 6/2002 | Moskowitz et al. |
| 2002/0073043 | A1 | 6/2002 | Herman et al. |
| 2002/0097873 | A1 | 7/2002 | Petrovic |
| 2002/0103883 | A1 | 8/2002 | Haverstock et al. |
| 2002/0152179 | A1 | 10/2002 | Racov |

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2002/0161741 | A1 | 10/2002 | Wang et al. |
| 2003/0002862 | A1 | 1/2003 | Rodriguez |
| 2003/0005780 | A1 | 1/2003 | Pahl |
| 2003/0023852 | A1 | 1/2003 | Wold |
| 2003/0027549 | A1 | 2/2003 | Kiel |
| 2003/0033321 | A1 | 2/2003 | Schrempp |
| 2003/0126445 | A1 | 7/2003 | Wehrenberg |
| 2003/0133702 | A1 | 7/2003 | Collart |
| 2003/0200439 | A1 | 10/2003 | Moskowitz |
| 2003/0219143 | A1 | 11/2003 | Moskowitz et al. |
| 2004/0028222 | A1 | 2/2004 | Sewell et al. |
| 2004/0037449 | A1 | 2/2004 | Davis et al. |
| 2004/0049695 | A1 | 3/2004 | Choi et al. |
| 2004/0059918 | A1 | 3/2004 | Xu |
| 2004/0083369 | A1 | 4/2004 | Erlingsson et al. |
| 2004/0086119 | A1 | 5/2004 | Moskowitz |
| 2004/0093521 | A1 | 5/2004 | Hamadeh et al. |
| 2004/0117628 | A1 | 6/2004 | Colvin |
| 2004/0117664 | A1 | 6/2004 | Colvin |
| 2004/0125983 | A1 | 7/2004 | Reed et al. |
| 2004/0128514 | A1 | 7/2004 | Rhoads |
| 2004/0225894 | A1 | 11/2004 | Colvin |
| 2004/0243540 | A1 | 12/2004 | Moskowitz et al. |
| 2005/0135615 | A1 | 6/2005 | Moskowitz et al. |
| 2005/0160271 | A9 | 7/2005 | Brundage et al. |
| 2005/0177727 | A1 | 8/2005 | Moskowitz et al. |
| 2005/0246554 | A1 | 11/2005 | Batson |
| 2006/0005029 | A1 | 1/2006 | Petrovic et al. |
| 2006/0013395 | A1 | 1/2006 | Brundage et al. |
| 2006/0013451 | A1 | 1/2006 | Haitsma |
| 2006/0041753 | A1 | 2/2006 | Haitsma |
| 2006/0101269 | A1 | 5/2006 | Moskowitz et al. |
| 2006/0140403 | A1 | 6/2006 | Moskowitz |
| 2006/0251291 | A1 | 11/2006 | Rhoads |
| 2006/0285722 | A1 | 12/2006 | Moskowitz et al. |
| 2007/0011458 | A1 | 1/2007 | Moskowitz |
| 2007/0028113 | A1 | 2/2007 | Moskowitz |
| 2007/0064940 | A1 | 3/2007 | Moskowitz et al. |
| 2007/0079131 | A1 | 4/2007 | Moskowitz et al. |
| 2007/0083467 | A1 | 4/2007 | Lindahl et al. |
| 2007/0110240 | A1 | 5/2007 | Moskowitz et al. |
| 2007/0113094 | A1 | 5/2007 | Moskowitz et al. |
| 2007/0127717 | A1 | 6/2007 | Herre et al. |
| 2007/0226506 | A1 | 9/2007 | Moskowitz |
| 2007/0253594 | A1 | 11/2007 | Lu et al. |
| 2007/0294536 | A1 | 12/2007 | Moskowitz et al. |
| 2007/0300072 | A1 | 12/2007 | Moskowitz |
| 2007/0300073 | A1 | 12/2007 | Moskowitz |
| 2008/0005571 | A1 | 1/2008 | Moskowitz |
| 2008/0005572 | A1 | 1/2008 | Moskowitz |
| 2008/0016365 | A1 | 1/2008 | Moskowitz |
| 2008/0022113 | A1 | 1/2008 | Moskowitz |
| 2008/0022114 | A1 | 1/2008 | Moskowitz |
| 2008/0028222 | A1 | 1/2008 | Moskowitz |
| 2008/0046742 | A1 | 2/2008 | Moskowitz |
| 2008/0075277 | A1 | 3/2008 | Moskowitz et al. |
| 2008/0109417 | A1 | 5/2008 | Moskowitz |
| 2008/0133927 | A1 | 6/2008 | Moskowitz et al. |
| 2008/0151934 | A1 | 6/2008 | Moskowitz et al. |
| 2009/0037740 | A1 | 2/2009 | Moskowitz |
| 2009/0089427 | A1 | 4/2009 | Moskowitz et al. |
| 2009/0190754 | A1 | 7/2009 | Moskowitz et al. |
| 2009/0210711 | A1 | 8/2009 | Moskowitz |
| 2009/0220074 | A1 | 9/2009 | Moskowitz et al. |
| 2010/0002904 | A1 | 1/2010 | Moskowitz |
| 2010/0005308 | A1 | 1/2010 | Moskowitz |
| 2010/0064140 | A1 | 3/2010 | Moskowitz |
| 2010/0077219 | A1 | 3/2010 | Moskowitz |
| 2010/0077220 | A1 | 3/2010 | Moskowitz |
| 2010/0098251 | A1 | 4/2010 | Moskowitz |
| 2010/0106736 | A1 | 4/2010 | Moskowitz et al. |
| 2010/0153734 | A1 | 6/2010 | Moskowitz |
| 2010/0182570 | A1 | 7/2010 | Matsumoto et al. |
| 2010/0202607 | A1 | 8/2010 | Moskowitz |
| 2010/0220861 | A1 | 9/2010 | Moskowitz |
| 2010/0313033 | A1 | 12/2010 | Moskowitz |
| 2011/0019691 | A1 | 1/2011 | Moskowitz |
| 2011/0069864 | A1 | 3/2011 | Moskowitz |
| 2011/0128445 | A1 | 6/2011 | Carrieres |
| 2012/0057012 | A1 | 3/2012 | Sitrick |
| 2013/0145058 | A1 | 6/2013 | Shuholm |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0581317 | 2/1994 |
| EP | 0581317 A2 | 2/1994 |
| EP | 0649261 | 4/1995 |
| EP | 0651554 | 5/1995 |
| EP | 0872073 | 7/1996 |
| EP | 1547337 | 3/2006 |
| EP | 1354276 | 12/2007 |
| NL | 1005523 | 9/1998 |
| WO | WO 95142289 | 5/1995 |
| WO | WO 9629795 | 9/1996 |
| WO | WO 9642151 | 12/1996 |
| WO | WO9701892 | 1/1997 |
| WO | WO9726733 | 1/1997 |
| WO | WO 9724833 | 7/1997 |
| WO | WO9726732 | 7/1997 |
| WO | WO 9744736 | 11/1997 |
| WO | WO9802864 | 1/1998 |
| WO | WO9802864 | 7/1998 |
| WO | WO9837513 | 8/1998 |
| WO | WO9952271 | 10/1999 |
| WO | WO 9962044 | 12/1999 |
| WO | WO 9963443 | 12/1999 |
| WO | WO 0057643 | 9/2000 |
| WO | WO0118628 | 3/2001 |
| WO | WO0143026 | 6/2001 |
| WO | WO0203385 | 1/2002 |
| WO | WO02003385 A1 | 10/2002 |

OTHER PUBLICATIONS

U.S. Appl. No. 11/899,662, filed Sep. 7, 2007.
U.S. Appl. No. 10/369,344, filed Feb. 18, 2003.
U.S. Appl. No. 11/482,654, filed Jul. 7, 2006.
U.S. Appl. No. 12/215,812, filed Jun. 30, 2008.
U.S. Appl. No. 12/901,568, filed Oct. 10, 2010.
U.S. Appl. No. 11/497,822, filed Aug. 2, 2006.
U.S. Appl. No. 12/217,834, filed Jul. 9, 2008.
U.S. Appl. No. 11/897,790, filed Aug. 31, 2007.
U.S. Appl. No. 12/462,799, filed Aug. 10, 2009.
U.S. Appl. No. 11/899,661, filed Sep. 7, 2007.
U.S. Appl. No. 12/590,681, filed Nov. 19, 2009.
U.S. Appl. No. 11/897,791, filed Aug. 31, 2007.
U.S. Appl. No. 12/590,553, filed Nov. 10, 2009.
U.S. Appl. No. 12/592,331, filed Nov. 23, 2009.
U.S. Appl. No. 11/599,964, filed Nov. 15, 2006.
U.S. Appl. No. 13/212,264, filed Aug. 18, 2011.
U.S. Appl. No. 08/674,726, filed Jul. 2, 1996.
U.S. Appl. No. 09/545,589, filed Apr. 7, 2000.
U.S. Appl. No. 11/244,213, filed Oct. 5, 2005.
U.S. Appl. No. 12/009,914, filed Jan. 23, 2008.
U.S. Appl. No. 12/005,230, filed Dec. 26, 2007.
U.S. Appl. No. 12/803,168, filed Jun. 21, 2010.
U.S. Appl. No. 11/649,026, filed Jan. 3, 2007.
U.S. Appl. No. 12/803,194, filed Jun. 21, 2010.
U.S. Appl. No. 12/892,900, filed Sep. 28, 2010.
U.S. Appl. No. 08/489,172, filed Jun. 7, 1995.
U.S. Appl. No. 08/775,216, filed Dec. 31, 1996.
U.S. Appl. No. 08/999,766, filed Jul. 23, 1997.
U.S. Appl. No. 11/894,476, filed Aug. 21, 2007.
U.S. Appl. No. 11/050,779, filed Feb. 7, 2005.
U.S. Appl. No. 12/802,519, filed Jun. 8, 2010.
U.S. Appl. No. 12/383,916, filed Mar. 30, 2009.
U.S. Appl. No. 11/894,443, filed Aug. 21, 2007.
U.S. Appl. No. 12/913,751, filed Oct. 27, 2010.
U.S. Appl. No. 13/803,889, filed Mar. 14, 2013.
U.S. Appl. No. 08/587,943, filed Jan. 17, 1996.
U.S. Appl. No. 09/046,627, filed Mar. 24, 1998.

(56)        **References Cited**

OTHER PUBLICATIONS

U.S. Appl. No. 10/602,777, filed Jun. 25, 2003.
U.S. Appl. No. 11/512,701, filed Aug. 29, 2006.
U.S. Appl. No. 11/895,388, filed Aug. 24, 2007.
U.S. Appl. No. 12/655,002, filed Dec. 22, 2009.
U.S. Appl. No. 13/556,420, filed Jul. 24, 2012.
U.S. Appl. No. 13/794,584, filed Mar. 12, 2013.
U.S. Appl. No. 09/731,039, filed Dec. 7, 2000.
U.S. Appl. No. 11/647,861, filed Dec. 29, 2006.
U.S. Appl. No. 12/383,879, filed Mar. 30, 2009.
U.S. Appl. No. 12/886,732, filed Sep. 21, 2010.
U.S. Appl. No. 13/572,641, filed Aug. 11, 2012.
U.S. Appl. No. 13/794,742, filed Mar. 12, 2013.
U.S. Appl. No. 10/049,101, filed Jul. 23, 2002.
U.S. Appl. No. 12/287,443, filed Oct. 9, 2008.
U.S. Appl. No. 13/413,691, filed Mar. 7, 2012.
U.S. Appl. No. 13/796,538, filed Mar. 12, 2013.
U.S. Appl. No. 09/657,181, filed Sep. 7, 2000.
U.S. Appl. No. 12/005,229, filed Dec. 26, 2007.
U.S. Appl. No. 12/655,357, filed Dec. 22, 2009.
U.S. Appl. No. 13/035,964, filed Feb. 26, 2011.
U.S. Appl. No. 13/487,119, filed Jun. 1, 2012.
U.S. Appl. No. 13/802,384, filed Mar. 13, 2013.
U.S. Appl. No. 10/417,231, filed Apr. 17, 2003.
U.S. Appl. No. 11/900,065, filed Sep. 10, 2007.
U.S. Appl. No. 11/900,066, filed Sep. 10, 2007.
U.S. Appl. No. 12/383,289, filed Mar. 23, 2009.
U.S. Appl. No. 13/273,930, filed Oct. 14, 2011.
U.S. Appl. No. 13/551,097, filed Jul. 17, 2012.
U.S. Appl. No. 13/488,357, filed Jun. 4, 2012.
U.S. Appl. No. 13/488,395, filed Jun. 4, 2012.
U.S. Appl. No. 09/053,628, filed Apr. 2, 1998.
U.S. Appl. No. 09/644,098, filed Aug. 23, 2000.
U.S. Appl. No. 11/358,874, filed Feb. 21, 2006.
U.S. Appl. No. 12/799,894, filed May 4, 2010.
U.S. Appl. No. 09/731,040, filed Dec. 7, 2000.
U.S. Appl. No. 13/826,858, filed Mar. 14, 2013.
U.S. Appl. No. 13/797,744, filed Mar. 12, 2013.
U.S. Appl. No. 09/594,719, filed Jun. 16, 2000.
U.S. Appl. No. 11/519,467, filed Sep. 12, 2006.
U.S. Appl. No. 12/655,036, filed Dec. 22, 2009.
U.S. Appl. No. 13/423,650, filed Mar. 19, 2012.
U.S. Appl. No. 13/802,471, filed Mar. 13, 2013.
U.S. Appl. No. 08/772,222, filed Dec. 20, 1996.
U.S. Appl. No. 09/456,319, filed Dec. 8, 1999.
U.S. Appl. No. 11/826,234, filed Dec. 30, 2004.
U.S. Appl. No. 11/592,879, filed Nov. 2, 2006.
U.S. Appl. No. 12/798,959, filed Apr. 14, 2010.
U.S. Appl. No. 11/518,806, filed Sep. 11, 2006.
U.S. Appl. No. 13/429,396, filed Mar. 25, 2012.
U.S. Appl. No. 61/794,141, filed Mar. 15, 2013.
SonicWall, Inc., 2008 "The Advantages of a Multi-core Architecture
in Network Security Appliances" http://www.sonicwall.com/down-
loads/WP-ENG-010__Multicore . . . .
Voip-Pal.Com Inc's Lawful Intercept Patent Application Receives
the Allowance for Issuance as a Patent, http://finance.yahoo.com/
news/voip-pal-com-inc-lawful-133000133.html, 2013.
Deep Content Inspection—Wikipedia, the free encyclopedia, http://
en.wikipedia.org/wiki/Deep_content_inspection (last visited Apr.
4, 2013).
Dexter, et. al, "Multi-view Synchronization of Human Actions and
Dynamic Scenes" pp. 1-11, 2009.
Kudrle, et al., "Fingerprinting for Solving A/V Synchronization
Issues within Broadcast Environments", 2011.
Junego, et. al., "View-Independent Action Recognition from Tempo-
ral Self-Similarities", 2011, 2010.
Dexter, et al., "Multi-view Synchronization of Image Sequences",
2009.

*Blue Spike, LLC.* v. *Texas Instruments, Inc et. al,* (No. 6:12-CV-499-
MHS), Audible Magic Corporations's amended Answer(E.D. TX
filed Jul. 15, 2013) (Document 885 p. ID) 9581), (PACER).
U.S. Appl. No. 08/999,766, filed Jul. 23, 1997, entitled
"Steganographic Method and Device", published as 7568100 Jul. 28,
2009, cited as U280.
EPO Application No. 96919405.9, entitled "Steganographic Method
and Device"; published as EP0872073 (A2), Oct. 21, 1998, cited
herein as F20.
U.S. Appl. No. 11/050,779, filed Feb. 7, 2005, entitled
"Steganographic Method and Device", published as 20050177727
A1 Aug. 11, 2005, cited herein as P30.
U.S. Appl. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange
Mechanisms for Digital Information Packages with Bandwidth
Securitization, Multichannel Digital Watermarks, and Key Manage-
ment", published as 7362775 Apr. 22, 2008, cited herein as U272.
U.S. Appl. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and
System for Digital Watermarking", published as 7007166 Feb. 28,
2006, cited herein as U243.
U.S. Appl. No. 11/244,213, filed Oct. 5, 2005, entitled "Method and
System for Digital Watermarking", published as 2006-0101269 A1
May 11, 2006, cited herein as P36.
U.S. Appl. No. 11/649,026, filed Jan. 3, 2007, entitled "Method and
System for Digital Watermarking", published as 2007-0113094 A1
May 17, 2007, cited herein as P45.
U.S. Appl. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for
Combining Transfer Function with Predetermined Key Creation",
published as 6,598,162 Jul. 22, 2003, cited herein as U212.
U.S. Appl. No. 10/602,777, filed Jun. 25, 2003, entitled "Method for
Combining Transfer Function with Predetermined Key Creation",
published as 2004-0086119 A1 May 6, 2004, cited herein P20.
U.S. Appl. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple
Transform Utilization and Application for Secure Digital
Watermarking", 6,205,249 Mar. 20, 2001, cited herein as U161.
U.S. Appl. No. 09/644,098, filed Aug. 23, 2000, entitled "Multiple
Transform Utilization and Application for Secure Digital
Watermarking", published as 7,035,409 Apr. 25, 2006, cited herein as
U245.
Jap. App. No. 2000-542907, entitled "Multiple Transform Utilization
and Application for Secure Digital Watermarking"; which is a JP
national stage of PCT/US1999/007262, published as WO/1999/
052271, Oct. 14, 1999, F13 here in above.
U.S. Appl. No. 09/767,733, filed Jan. 24, 2001 entitled "Multiple
Transform Utilization and Application for Secure Digital
Watermarking", published as 2001-0010078 A1 Jul. 26, 2001, cited
herein as P1.
U.S. Appl. No. 11/358,874, filed Feb. 21, 2006, entitled "Multiple
Transform Utilization and Application for Secure Digital
Watermarking", published as 2006-0140403 A1 Jun. 29, 2006, cited
herein as P37.
U.S. Appl. No. 10/417,231, filed Apr. 17, 2003, entitled "Methods,
Systems and Devices for Packet Watermarking and Efficient Provi-
sioning of Bandwidth", published as 2003-0200439 A1 Oct. 23,
2003, cited herein as P13.
U.S. Appl. No. 09/789,711, filed Feb. 22, 2001, entitled "Optimiza-
tion Methods for the Insertion, Protection, and Detection of Digital
Watermarks in Digital Data", published as 2001-0029580 A1 Oct. 11,
2001, cited herein as P75.
U.S. Appl. No. 11/497,822, filed Aug. 2, 2006, entitled "Optimization
Methods for the Insertion, Protection, and Detection of Digital Water-
marks in Digital Data", published as 2007-0011458 A1 Jan. 11, 2007,
cited herein as P39.
U.S. Appl. No. 11/599,964, filed Nov. 15, 2006, entitled "Optimiza-
tion Methods for the Insertion, Protection, and Detection of Digital
Watermarks in Digital Data", published as 2008-0046742 A1 Feb. 21,
2008, cited herein as P58.
U.S. Appl. No. 11/599,838, filed Nov. 15, 2006, entitled "Optimiza-
tion Methods for the Insertion, Protection, and Detection of Digital
Watermarks in Digital Data", published as 2007-0226506 A1 Sep.
27, 2007, cited herein as P47.

(56)　　　**References Cited**

OTHER PUBLICATIONS

U.S. Appl. No. 10/369,344, filed Feb. 18, 2003, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data", published as 2003-0219143 A1 Nov. 27, 2003, cited herein as P14.

U.S. Appl. No. 11/482,654, filed Jul. 7, 2006, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data", published as 2006-0285722 A1 Dec. 21, 2006, cited herein as P38.

U.S. Appl. No. 09/594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 7,123,718 Oct. 17, 2006, cited herein as U255.

U.S. Appl. No. 11/519,467, filed Sep. 12, 2006, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 2007-0064940 A1 Mar. 22, 2007, cited herein as P41.

U.S. Appl. No. 09/731,040, filed Dec. 7, 2000, entitled "Systems, Methods and Devices for Trusted Transactions", 2002-0010684 A1 Jan. 24, 2002, cited herein as P3.

U.S. Appl. No. 11/512,701, filed Aug. 29, 2006, entitled "Systems, Methods and Devices for Trusted Transactions", published as 2007-0028113 A1 Feb. 1, 2007, cited herein as P40.

U.S. Appl. No. 10/049,101, filed Feb. 8, 2002, entitled "A Secure Personal Content Server", published as 7,475,246 Jan. 6, 2009, cited herein as U277.

PCT Application No. PCT/US00/21189, filed Aug. 4, 2000, entitled, "A Secure Personal Content Server", Pub. No. WO/2001/018628 ; Publication Date: Mar. 15, 2001, cited herein as F21.

U.S. Appl. No. 09/657,181, filed Sep. 7, 2000, entitled "Method and Device for Monitoring and Analyzing Signals", published as 7,346,472 Mar. 18, 2008, cited herein as U271.

U.S. Appl. No. 10/805,484, filed Mar. 22, 2004, entitled "Method and Device for Monitoring and Analyzing Signals", published as 2004-0243540 A1 Dec. 2, 2004, cited herein as P27.

U.S. Appl. No. 09/956,262, filed Sep. 20, 2001, entitled "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects", published as 2002-0056041 A1 May 9, 2002, cited herein as P05.

U.S. Appl. No. 11/518,806, filed Sep. 11, 2006, entitled "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects", 2008-0028222 A1 Jan. 31, 2008, cited herein as P57.

U.S. Appl. No. 11/026,234, filed Dec. 30, 2004, entitled "Z-Transform Implementation of Digital Watermarks" , published as 2005-0135615 A1 Jun. 23, 2005, cited herein as P28.

U.S. Appl. No. 11/592,079, filed Nov. 2, 2006, entitled "Linear Predictive Coding Implementation of Digital Watermarks", published as 2007-0079131 A1 Apr. 5, 2007, cited herein as P42.

U.S. Appl. No. 09/731,039, filed Dec. 7, 2000, entitled "System and Methods for Permitting Open Access to Data Objects and for Securing Data within the Data Objects", published as 2002-0071556 A1 Jun. 13, 2002, cited herein as P06.

U.S. Appl. No. 11/647,861, filed Dec. 29, 2006, entitled "System and Methods for Permitting Open Access to Data Objects and for Securing Data within the Data Objects", published as 2007-0110240 A1 May 17, 2007, cited herein as P44.

Schneier, Bruce, Applied Cryptography, 2nd Ed., John Wiley & Sons, pp. 9-10, 1996.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 46, 1997.

Merriam-Webster's Collegiate Dictionary, 10th Ed., Merriam Webster, Inc., p. 207, 1997.

Brealy, et al., Principles of Corporate Finance, "Appendix A—Using Option Valuation Models", 1984, pp. 448-449.

Copeland, et al., Real Options: A Practitioner's Guide, 2001 pp. 106-107, 201-202, 204-208.

Sarkar, M. "An Assessment of Pricing Mechanisms for the Internet-A Regulatory Imperative", presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/iep/works/SarkAsses.html on.

Crawford, D.W. "Pricing Network Usage: A Market for Bandwidth of Market Communication?" presented MIT Workshop on Internet Economics, Mar. 1995 http://www.press.vmich.edu/iep/works/CrawMarket.html on March.

Low, S.H., "Equilibrium Allocation and Pricing of Variable Resources Among User-Suppliers", 1988. http://www.citesear.nj.nec.com/366503.html.

Caronni, Germano, "Assuring Ownership Rights for Digital Images", published proceeds of reliable IT systems, v15 '95, H.H. Bruggemann and W. Gerhardt-Hackel (Ed) Viewing Publishing Company Germany 1995.

Zhao, Jian. "A WWW Service to Embed and Prove Digital Copyright Watermarks", Proc. of the European conf. on Multimedia Applications, Services & Techniques Louvain-La-Nevve Belgium May 1996.

Gruhl, Daniel et al., Echo Hiding. In Proceeding of the Workshop on Information Hiding. No. 1174 in Lecture Notes in Computer Science, Cambridge, England (May/Jun. 1996).

Oomen, A.W.J. et al., A Variable Bit Rate Buried Data Channel for Compact Disc, J.AudioEng. Sc., vol. 43, No. 1/2, pp. 23-28 (1995).

Ten Kate, W. et al., A New Surround-Stereo-Surround Coding Techniques, J. Audio Eng.Soc., vol. 40,No. 5,pp. 376-383 (1992).

Gerzon, Michael et al., A High Rate Buried Data Channel for Audio CD, presentation notes, Audio Engineering Soc. 94th Convention (1993).

Sklar, Bernard, Digital Communications, pp. 601-603 (1988).

Jayant, N.S. et al., Digital Coding of Waveforms, Prentice Hall Inc., Englewood Cliffs, NJ, pp. 486-509 (1984).

Bender, Walter R. et al., Techniques for Data Hiding, SPIE Int. Soc. Opt. Eng., vol. 2420, pp. 164-173, 1995.

Zhao, Jian et al., Embedding Robust Labels into Images for Copyright Protection, (xp 000571976), pp. 242-251, 1995.

Menezes, Alfred J., Handbook of Applied Cryptography, CRC Press, p. 175, 1997.

Schneier, Bruce, Applied Cryptography, 1st Ed., pp. 67-68, 1994.

Ten Kate, W. et al., "Digital Audio Carrying Extra Information", IEEE, CH 2847-2/90/0000-1097, (1990).

Van Schyndel, et al., "A digital Watermark," IEEE Int'l Computer Processing Conference, Austin,TX, Nov. 13-16, 1994, pp. 86-90.

Smith, et al. "Modulation and Information Hiding in Images", Springer Verlag, 1st Int'l Workshop, Cambridge, UK, May 30-Jun. 1, 1996, pp. 207-227.

Kutter, Martin et al., "Digital Signature of Color Images Using Amplitude Modulation", SPIE-E197, vol. 3022, pp. 518-527, 1997.

Puate, Joan et al., "Using Fractal Compression Scheme to Embed a Digital Signature into an Image", SPIE-96 Proceedings, vol. 2915, Mar. 1997, pp. 108-118.

Swanson, Mitchell D. et al., "Transparent Robust Image Watermarking", Proc. of the 1996 IEEE Int'l Conf. on Image Processing, vol. 111, 1996 , pp. 211-214.

Swanson, Mitchell D., et al. "Robust Data Hiding for Images", 7th IEEE Digital Signal Processing Workshop, Leon, Norway. Sep. 1-4, 1996, pp. 37-40.

Zhao, Jian et al., "Embedding Robust Labels into Images for Copyright Protection", Proceeding of the Know Right '95 Conference, pp. 242-251.

Koch, E., et al., "Towards Robust and Hidden Image Copyright Labeling", 1995 IEEE Workshop on Nonlinear Signal and Image Processing, Jun. 1995 Neos Marmaras pp. 4.

Van Schyandel, et al., "Towards a Robust Digital Watermark", Second Asain Image Processing Conference, Dec. 6-8, 1995, Singapore, vol. 2, pp. 504-508.

Tirkel,A.Z., "A Two-Dimensional Digital Watermark", DICTA '95, Univ. of Queensland, Brisbane, Dec. 5-8, 1995, pp. 7.

Tirkel,A.Z., "Image Watermarking—A Spread Spectrum Application", ISSSTA '96, Sep. 1996, Mainz, German, pp. 6.

O'Ruanaidh, et al. "Watermarking Digital Images for Copyright Protection", IEEE Proceedings, vol. 143, No. 4, Aug. 1996, pp. 250-256.

Cox, et al., Secure Spread Spectrum Watermarking for Multimedia, NEC Research Institute, Techinal Report 95-10, pp. 33.

Kahn, D., "The Code Breakers", The MacMillan Company, 1969, pp. xIII, 81-83, 513, 515, 522-526, 863.

(56)            **References Cited**

OTHER PUBLICATIONS

Boney, et al., Digital Watermarks for Audio Signals, EVSIPCO, 96, pp. 473-480 (Mar. 14, 1997).
Dept. of Electrical Engineering, Del Ft University of Technology, Del ft The Netherlands, Cr.C. Langelaar et al.,"Copy Protection for Multimedia Data based on Labeling Techniques", Jul. 1996 9 pp.
F. Hartung, et al., "Digital Watermarking of Raw and Compressed Video", SPIE vol. 2952, pp. 205-213.
Craver, et al., "Can Invisible Watermarks Resolve Rightful Ownerships?", IBM Research Report, RC 20509 (Jul. 25, 1996) 21 pp.
Press, et al., "Numerical Recipes in C", Cambridge Univ. Press, 1988, pp. 398-417.
Pohlmann, Ken C., "Principles of Digital Audio", 3rd Ed., 1995, pp. 32-37, 40-48:138, 147-149, 332, 333, 364, 499-501, 508-509, 564-571.
Pohlmann, Ken C., "Principles of Digital Audio", 2nd Ed., 1991, pp. 1-9, 19-25, 30-33, 41-48, 54-57, 86-107, 375-387.
Schneier, Bruce, Applied Cryptography, John Wiley & Sons, Inc., New York, 1994, pp. 68, 69, 387-392, 1-57, 273-275, 321-324.
Boney, et al., Digital Watermarks for Audio Signals, Proceedings of the International Conf. on Multimedia Computing and Systems, Jun. 17-23, 1996 Hiroshima, Japan, 0-8186-7436-9196, pp. 473-480.
Johnson, et al., "Transform Permuted Watermarking for Copyright Protection of Digital Video", IEEE Globecom 1998, Nov. 8-12, 1998, New York New York vol. 2 1998 pp. 684-689 (ISBN 0-7803-4985-7).
Rivest, et al., "Pay Word and Micromint: Two Simple Micropayment Schemes," MIT Laboratory for Computer Science, Cambridge, MA, May 7, 1996 pp. 1-18.
Bender, et al., "Techniques for Data Hiding", IBM Systems Journal, (1996) vol. 35, Nos. 3 & 4,1996, pp. 313-336.
Moskowitz, "Bandwith as Currency", IEEE Multimedia, Jan.-Mar. 2003, pp. 14-21.
Moskowitz, Multimedia Security Technologies for Digital Rights Management, 2006, Academic Press, "Introduction—Digital Rights Management" pp. 3-22.
Rivest, et al., "PayWord and Micromint: Two Simple Micropayment Schemes," MIT Laboratory for Computer Science, Cambridge, MA, Apr. 27, 2001, pp. 1-18.
Tomsich, et al., "Towards a secure and de-centralized digital watermarking infrastructure for the protection of Intellectual Property", in Electronic Commerce and Web Technologies, Proceedings (ECWEB)(2000).
Moskowitz, "What is Acceptable Quality in the Application of Digital Watermarking: Trade-offs of Security; Robustness and Quality", IEEE Computer Society Proceedings of ITCC 2002 Apr. 10, 2002 pp. 80-84.
Lemma, et al. "Secure Watermark Embedding through Partial Encryption", International Workshop on Digital Watermarking ("IWDW" 2006). Springer Lecture Notes in Computer Science 2006 (to appear) 13.
Kocher, et al., "Self Protecting Digital Content", Technical Report from the CRI Content Security Research Initiative, Cryptography Research, Inc. 2002-2003 14 pages.
Sirbu, M. et al., "Net Bill: An Internet Commerce System Optimized for Network Delivered Services", Digest of Papers of the Computer Society Computer Conference (Spring) Mar. 5, 1995 pp. 20-25 vol. CONF40.
Schunter, M. et al., "A Status Report on the SEMPER framework for Secure Electronic Commerce", Computer Networks and ISDN Systems, Sep. 30, 1998, pp. 1501-1510 vol. 30 No. 16-18 NL North Holland.
Konrad, K. et al., "Trust and Electronic Commerce—more than a technical problem," Proceedings of the 18th IEEE Symposium on Reliable Distributed Systems Oct. 19-22, 1999, pp. 360-365 Lausanne.
Kini, et al., "Trust in Electronic Commerce: Definition and Theoretical Considerations", Proceedings of the 31st Hawaii Int'l Conf on System Sciences (Cat. No. 98TB100216). Jan. 6-9, 1998. pp. 51-61. Los.

Steinauer D. D., et al., "Trust and Traceability in Electronic Commerce", Standard View, Sep. 1997, pp. 118-124, vol. 5 No. 3, ACM, USA.
Hartung, et al. "Multimedia Watermarking Techniques", Proceedings of the IEEE, Special Issue, Identification & Protection of Multimedia Information, pp. 1079-1107 Jul. 1999 vol. 87 No. 7 IEEE.
European Search Report & European Search Opinion in EP07112420.
STAIND (The Singles 1996-2006), Warner Music—Atlantic, Pre-Release CD image, 2006, 1 page.
Radiohead ("Hail to the Thief"), EMI Music Group—Capitol, Pre-Release CD image, 2003, 1 page.
U.S. Appl. No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods and Devices for Trusted Transactions".
U.S. Appl. No. 60/234,199, filed Sep. 20, 2000, "Improved Security Based on Subliminal and Supraliminal Channels for Data Objects".
U.S. Appl. No. 09/671,739, filed Sep. 29, 2000, entitled "Method and Device for Monitoring and Analyzing Signals".
Tirkel, A.Z., "A Two-Dimensional Digital Watermark", Scientific Technology, 686, 14, date unknown.
PCT International Search Report in PCT/US95/08159.
PCT International Search Report in PCT/US96/10257.
Supplementary European Search Report in EP 96919405.
PCT International Search Report in PCT/US97/00651.
PCT International Search Report in PCT/US97/00652.
PCT International Search Report in PCT/US97/11455.
PCT International Search Report in PCT/US99/07262.
PCT International Search Report in PCT/US00/06522.
Supplementary European Search Report in EP00919398.
PCT International Search Report in PCT/US00/18411.
PCT International Search Report in PCT/US00/33126.
PCT International Search Report in PCT/US00/21189.
Delaigle, J.-F., et al. "Digital Watermarking," Proceedings of the SPIE, vol. 2659, Feb. 1, 1996, pp. 99-110.
Schneider, M., et al. "A Robust Content Based Digital Signature for Image Authentication," Proceedings of the International Conference on Image Processing (IC. Lausanne) Sep. 16-19, 1996, pp. 227-230, IEEE ISBN.
Cox, I. J., et al. "Secure Spread Spectrum Watermarking for Multimedia," IEEE Transactions on Image Processing, vol. 6 No. 12, Dec. 1, 1997, pp. 1673-1686.
Wong, Ping Wah. "A Public Key Watermark for Image Verification and Authentication," IEEE International Conference on Image Processing, vol. 1 Oct. 4-7, 1998, pp. 455-459.
Fabien A.P. Petitcolas, Ross J. Anderson and Markkus G. Kuhn, "Attacks on Copyright Marking Systems," LNCS, vol. 1525, Apr. 14-17, 1998, pp. 218-238 ISBN: 3-540-65386-4.
Ross Anderson, "Stretching the Limits of Steganography," LNCS, vol. 1174, May/Jun. 1996, 10 pages, ISBN: 3-540-61996-8.
Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", pre-publication, Summer 1997 4 pages.
Joseph J.K. O'Ruanaidh and Thierry Pun, "Rotation, Scale and Translation Invariant Digital Image Watermarking", Submitted to Signal Processing Aug. 21, 1997, 19 pages.
OASIS (Dig Out Your Soul), Big Brother Recordings Ltd, Promotional CD image, 2008, 1 page.
Rivest, R. "Chaffing and Winnowing: Confidentiality without Encryption", MIT Lab for Computer Science, http://people.csail.mit.edu/rivest/Chaffing.txt Apr. 24, 1998, 9 pp.
PortalPlayer, PP5002 digital media management system-on-chip, May 1, 2003, 4 pp.
VeriDisc, "The Search for a Rational Solution to Digital Rights Management (DRM)", http://64.244.235.240/news/whitepaper/docs/veridisc.sub.—white.sub.—paper.pdf, 2001, 15 pp.
Cayre, et al., "Kerckhoff's-Based Embedding Security Classes for WOA Data Hiding", IEEE Transactions on Information Forensics and Security, vol. 3 No. 1, Mar. 2008, 15 pp.
Wayback Machine, dated Jan. 17, 1999, http://web.archive.org/web/19990117020420/http://www.netzero.com/, accessed on Feb. 19, 2008.

(56)          **References Cited**

OTHER PUBLICATIONS

Namgoong, H., "An Integrated Approach to Legacy Data for Multi-media Applications", Proceedings of the 23rd EUROMICRO Conference, vol., Issue 1-4, Sep. 1997, pp. 387-391.
Wayback Machine, dated Aug. 26, 2007, http://web.archive.org/web/20070826151732/http://www.screenplaysmag.com/t-abid/96/articleType/ArticleView/articleId/495/Default.aspx/.
"YouTube Copyright Policy: Video Identification tool—YouTube Help", accessed Jun. 4, 2009, http://www.google.com/support/youtube/bin/answer.py?h1=en&answer=83766, 3 pp.
U.S. Appl. No. 12/665,002, filed Dec. 22, 2009, entitled "Method for Combining Transfer Function with Predetermined Key Creation", published as 20100182570 A1 Jul. 22, 2010, P76.
U.S. Appl. No. 12/592,331, filed Nov. 23, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100077220 A1 Mar. 25, 2010, P77.
U.S. Appl. No. 12/590,553, filed Nov. 10, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100077219 A1 Mar. 25, 2010, P78.
U.S. Appl. No. 12/590,681, filed Nov. 12, 2009, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data", published as 20100064140 A1 Mar. 11, 2010, P79.
U.S. Appl. No. 12/655,036, filed Dec. 22, 2009, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as 20100153734 A1 Jun. 17, 2010, P80.
U.S. Appl. No. 12/655,357, filed Dec. 22, 2009, entitled "Method and Device for Monitoring and Analyzing Signals", published as 20100106736 A1 Apr. 29, 2010, P81.
PCT Application No. PCT/US95/08159, filed Jun. 26, 1995, entitled, "Digital Information Commodities Exchange with Virtual Menuing", published as WO/1997/001892; Publication date: Jan. 16, 1997, F24.
PCT Application No. PCT/US96/10257, filed Jun. 7, 1996 entitled "Steganographic Method and Device"—corresponding to—EPO Application No. 96919405.9, entitled "Steganographic Method and Device", published as WO/1996/042151; Publication Date: Dec. 27, 1996; F19.
PCT Application No. PCT/US97/00651, filed Jan. 16, 1997, entitled, "Method for Stega-Cipher Protection of Computer Code", published as WO/1997/026732; Publication Date: Jul. 24, 1997.
PCT Application No. PCT/US97/00652, filed Jan. 17, 1997, entitled, "Method for an Encrypted Digital Watermark", published as WO/1997/026733; Publication Date: Jul. 24, 1997.
PCT Application No. PCT/US97/11455, filed Jul. 2, 1997, entitled, "Optimization Methods for the Insertion, Protection and Detection of Digital Watermarks in Digitized Data", published as WO/1998/002864; Publication Date: Jan. 22, 1998.
PCT Application No. PCT/US99/07262, filed Apr. 2, 1999, entitled, "Multiple Transform Utilization and Applications for Secure Digital Watermarking", published as WO/1999/052271; Publication Date: Oct. 14, 1999.

PCT Application No. PCT/US00/06522, filed Mar. 14, 2000, entitled, "Utilizing Data Reduction in Steganographic and Cryptographic Systems", published as WO/2000/057643; Publication Date: Sep. 28, 2000.
PCT Application No. PCT/US00/18411, filed Jul. 5, 2000, entitled, "Copy Protection of Digital Data Combining Steganographic and Cryptographic Techniques".
PCT Application No. PCT/US00/33126, filed Dec. 7, 2000, entitled "Systems, Methods and Devices for Trusted Transactions", published as WO/2001/043026; Publication Date: Jun. 14, 2001.
EPO Divisional Patent Application No. 07112420.0, entitled "Steganographic Method and Device" corresponding to PCT Application No. PCT/US96/10257, published as WO/1996/042151, Dec. 27, 1996, cited herein above as F019.
U.S. Appl. No. 60/222,023, filed Jul. 31, 2007 entitled "Method and apparatus for recognizing sound and signals in high noise and distortion".
U.S. Appl. No. 11/458,639, filed Jul. 19, 2006 entitled "Methods and Systems for Inserting Watermarks in Digital Signals", published as 20060251291 A1 Nov. 9, 2006, P82.
"Techniques for Data Hiding in Audio Files," by Morimoto, 1995.
Howe, Dennis Jul. 13, 1998 http://foldoc..org//steganography.
CSG, Computer Support Group and CSGNetwork.com 1973 http://www.csgnetwork.com/glossarys.html.
QuinStreet Inc. 2010 What is steganography?—A word definition from the Webopedia Computer Dictionary http://www.webopedia.com/terms/steganography.html.
Graham, Robert Aug. 21, 2000 "Hacking Lexicon" http://robertgraham.com/pubs/hacking-dict.html.
Farkex, Inc 2010 "Steganography definition of steganography in the Free Online Encyclopedia" http://encyclopedia2.Thefreedictionary.com/steganography.
Horowitz, et al., The Art of Eletronics. 2nd Ed., 1989, pp. 7.
Jimmy eat world ("futures"), Interscope Records, Pre-Release CD image, 2004, 1 page.
Aerosmith ("Just Push Play"), Pre-Release CD image, 2001, 1 page.
Phil Collins (Testify) Atlantic, Pre-Release CD image, 2002, 1 page.
U. are U. Reviewer's Guide (U are U Software, 1998).
U. are U. wins top honors!—Marketing Flyer (U. are U. Software, 1998).
Digital Persona, Inc., U. are U. Fingerprint Recognition System: User Guide (Version 1.0, 1998).
Digital Persona White Paper pp. 8-9 published Apr. 15, 1998.
Digital Persona, Inc., "Digital Persona Releases U. are. U Pro Fingerprint Security Systems for Windows NT, 2000, '98, '95", (Feb. 2000).
SonicWall, Inc. 2011 "The Network Security SonicOS Platform-Deep Packet Inspection" http://www.sonicwall.com/en/products/Deep_Packet_Inspection.html.
Rick Merritt, PARC hosts summit on content-centric nets, EETimes, Aug. 12, 2011, http://www.eetimes.com/electronics-news/4218741/PARC-hosts-summit-on-content-centric-nets.
Afanasyev, et. al., Communications of the ACM: Privacy Preserving Network Forensics 2011.

* cited by examiner

1

## METHOD AND DEVICE FOR MONITORING AND ANALYZING SIGNALS

### CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of application No. 13/487,119, filed Jun. 1, 2012, which is a continuation of application No. 13/035,964, filed Feb. 26, 2011, which is a continuation of application Ser. No. 12/655,357, filed Dec. 22, 2009, now U.S. Pat. No. 7,949,494, which is a continuation of application Ser. No. 12/005,229, filed Dec. 26, 2007, now U.S. Pat. No. 7,660,700, which is a continuation of application Ser. No. 09/657,181, filed Sep. 7, 2000, now U.S. Pat. No. 7,346,472. The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

This application is related to U.S. patent application Ser. No. 08/999,766, filed Jul. 23, 1997, entitled "Steganographic Method and Device" (issued as U.S. Pat. No. 7,568,100); U.S. patent application Ser. No. 08/772,222, filed Dec. 20, 1996, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,078,664); U.S. patent application Ser. No. 09/456,319, filed Dec. 8, 1999, entitled "Z-Transform Implementation of Digital Watermarks" (issued as U.S. Pat. No. 6,853,726); U.S. patent application. Ser. No. 08/674,726, filed Jul. 2, 1996, entitled "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (issued as U.S. Pat. No. 7,362,775); U.S. patent application Ser. No. 09/545,589, filed Apr. 7, 2000, entitled "Method and System for Digital Watermarking" (issued as U.S. Pat. No. 7,007,166); U.S. patent application Ser. No. 09/046,627, filed Mar. 24, 1998, entitled "Method for Combining Transfer Function with Predetermined Key Creation" (issued as U.S. Pat. No. 6,598,162); U.S. patent application Ser. No. 09/053,628, filed Apr. 2, 1998, entitled "Multiple Transform Utilization and Application for Secure Digital Watermarking" (issued as U.S. Pat. No. 6,205,249); pending U.S. patent application Ser. No. 09/281,279, filed Mar. 30, 1999, entitled "Optimization Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digital Data (issued as U.S. Pat. No. 6,522,767)"; U.S. patent application Ser. No. 09,594,719, filed Jun. 16, 2000, entitled "Utilizing Data Reduction in Steganographic and Cryptographic Systems" (which is a continuation-in-part of PCT application No. PCT/US00/06522, filed Mar. 14, 2000, which PCT application claimed priority to U.S. Provisional Application No. 60/125,990, filed Mar. 24, 1999) (issued as U.S. Pat. No. 7,123,718); pending U.S. application Ser. No. 60/169,274, filed Dec. 7, 1999, entitled "Systems, Methods And Devices For Trusted Transactions" (issued as U.S. Pat. No. 7,159,116); and PCT Application No. PCT/US00/21189, filed Aug. 4, 2000 (which claims priority to U.S. patent application Ser. No. 60/147,134, filed Aug. 4, 1999, and to U.S. patent application Ser. No. 60/213,489, filed Jun. 23, 2000, both of which are entitled, "A Secure Personal Content Server") (issued as U.S. Pat. No. 7,475,246). The previously identified patents and/or patent applications are hereby incorporated by reference, in their entireties, as if fully stated herein.

In addition, this application hereby incorporates by reference, as if fully stated herein, the total disclosures of U.S. Pat. No. 5,613,004 "Steganographic Method and Device"; U.S. Pat. No. 5,745,569 "Method for Stega-Cipher Protection of Computer Code"; and U.S. Pat. No. 5,889,868 "Optimization

2

Methods for the Insertion, Protection, and Detection of Digital Watermarks in Digitized Data."

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The invention relates to the monitoring and analysis of digital information. A method and device are described which relate to signal recognition to enhance identification and monitoring activities.

### 2. Description of the Related Art

Many methods and protocols are known for transmitting data in digital form for multimedia applications (including computer applications delivered over public networks such as the internet or World Wide Web ("WWW"). These methods may include protocols for the compression of data, such that it may more readily and quickly be delivered over limited bandwidth data lines. Among standard protocols for data compression of digital files may be mentioned the MPEG compression standards for audio and video digital compression, promulgated by the Moving Picture Experts Group. Numerous standard reference works and patents discuss such compression and transmission standards for digitized information.

Digital watermarks help to authenticate the content of digitized multimedia information, and can also discourage piracy. Because piracy is clearly a disincentive to the digital distribution of copyrighted content, establishment of responsibility for copies and derivative copies of such works is invaluable. In considering the various forms of multimedia content, whether "master," stereo, NTSC video, audio tape or compact disc, tolerance of quality will vary with individuals and affect the underlying commercial and aesthetic value of the content. It is desirable to tie copyrights, ownership rights, purchaser information or some combination of these and related data into the content in such a manner that the content must undergo damage, and therefore reduction of its value, with subsequent, unauthorized distribution, commercial or otherwise. Digital watermarks address many of these concerns. A general discussion of digital watermarking as it has been applied in the art may be found in U.S. Pat. No. 5,687,236 (whose specification is incorporated in whole herein by reference).

Further applications of basic digital watermarking functionality have also been developed. Examples of such applications are shown in U.S. Pat. No. 5,889,868 (whose specification is incorporated in whole herein by reference). Such applications have been drawn, for instance, to implementations of digital watermarks that were deemed most suited to particular transmissions, or particular distribution and storage mediums, given the nature of digitally sampled audio, video, and other multimedia works. There have also been developed techniques for adapting watermark application parameters to the individual characteristics of a given digital sample stream, and for implementation of digital watermarks that are feature-based—i.e., a system in which watermark information is not carried in individual samples, but is carried in the relationships between multiple samples, such as in a waveform shape. For instance, natural extensions may be added to digital watermarks that may also separate frequencies (color or audio), channels in 3D while utilizing discreteness in feature-based encoding only known to those with pseudo-random keys (i.e., cryptographic keys) or possibly tools to access such information, which may one day exist on a quantum level.

A matter of general weakness in digital watermark technology relates directly to the manner of implementation of the

watermark. Many approaches to digital watermarking leave detection and decode control with the implementing party of the digital watermark, not the creator of the work to be protected. This weakness removes proper economic incentives for improvement of the technology. One specific form of exploitation mostly regards efforts to obscure subsequent watermark detection. Others regard successful over encoding using the same watermarking process at a subsequent time. Yet another way to perform secure digital watermark implementation is through "key-based" approaches.

## SUMMARY OF THE INVENTION

A method for monitoring and analyzing at least one signal is disclosed, which method comprises the steps of: receiving at least one reference signal to be monitored; creating an abstract of the at least one reference signal; storing the abstract of the at least one reference signal in a reference database; receiving at least one query signal to be analyzed; creating an abstract of the at least one query signal; and comparing the abstract of the at least one query signal to the abstract of the at least one reference signal to determine if the abstract of the at least one query signal matches the abstract of the at least one reference signal.

A method for monitoring a plurality of reference signals is also disclosed, which method comprises the steps of: creating an abstract for each one of a plurality of reference signals; storing each of the abstracts in a reference database; receiving at least one query signal to be analyzed; creating an abstract of each at least one query signal; locating an abstract in the reference database that matches the abstract of each at least one query signal; and recording the identify of the reference signal whose abstract matched the abstract of each at least one query signal.

A computerized system for monitoring and analyzing at least one signal is also disclosed, which system comprises: a processor for creating an abstract of a signal using selectable criteria; a first input for receiving at least one reference signal to be monitored, the first input being coupled to the processor such that the processor may generate an abstract for each reference signal input to the processor; a reference database, coupled to the processor, for storing abstracts of each at least one reference signal; a second input for receiving at least one query signal to be analyzed, the second input being coupled to the processor such that the processor may generate an abstract for each query signal; and a comparing device, coupled to the reference database and to the second input, for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

Further, an electronic system for monitoring and analyzing at least one signal is disclosed, which system comprises: a first input for receiving at least one reference signal to be monitored, a first processor for creating an abstract of each reference signal input to the first processor through the first input; a second input for receiving at least one query signal to be analyzed, a second processor for creating an abstract of each query signal; a reference database for storing abstracts of each at least one reference signal; and a comparing device for comparing an abstract of the at least one query signal to the abstracts stored in the reference database to determine if the abstract of the at least one query signal matches any of the stored abstracts.

## DETAILED DESCRIPTION OF THE INVENTION

While there are many approaches to data reduction that can be utilized, a primary concern is the ability to reduce the

digital signal in such a manner as to retain a "perceptual relationship" between the original signal and its data reduced version. This relationship may either be mathematically discernible or a result of market-dictated needs. The purpose is to afford a more consistent means for classifying signals than proprietary, related text-based approaches. A simple analogy is the way in which a forensic investigator uses a sketch artist to assist in determining the identity of a human.

In one embodiment of the invention, the abstract of a signal may be generated by the following steps: 1) analyze the characteristics of each signal in a group of audible/perceptible variations for the same signal (e.g., analyze each of five versions of the same song—which versions may have the same lyrics and music but which are sung by different artists); and 2) select those characteristics which achieve or remain relatively constant (or in other words, which have minimum variation) for each of the signals in the group. Optionally, the null case may be defined using those characteristics which are common to each member of the group of versions.

Lossless and lossy compression schemes are appropriate candidates for data reduction technologies, as are those subset of approaches that are based on perceptual models, such as AAC, MP3, TwinVQ, JPEG, GIF, MPEG, etc. Where spectral transforms fail to assist in greater data reduction of the signal, other signal characteristics can be identified as candidates for further data reduction. Linear predictive coding (LPC), z-transform analysis, root mean square (rms), signal to peak, may be appropriate tools to measure signal characteristics, but other approaches or combinations of signal characteristic analysis are contemplated. While such signal characteristics may assist in determining particular applications of the present invention, a generalized approach to signal recognition is necessary to optimize the deployment and use of the present invention.

Increasingly, valuable information is being created and stored in digital form. For example, music, photographs and motion pictures can all be stored and transmitted as a series of binary digits—1's and 0's. Digital techniques permit the original information to be duplicated repeatedly with perfect or near perfect accuracy, and each copy is perceived by viewers or listeners as indistinguishable from the original signal. Unfortunately, digital techniques also permit the information to be easily copied without the owner's permission. While digital representations of analog waveforms may be analyzed by perceptually-based or perceptually-limited analysis it is usually costly and time-consuming to model the processes of the highly effective ability of humans to identify and recognize a signal. In those applications where analog signals require analysis, the cost of digitizing the analog signal is minimal when compared to the benefits of increased accuracy and speed of signal analysis and monitoring when the processes contemplated by this invention are utilized.

The present invention relates to identification of digitally-sampled information, such as images, audio and video. Traditional methods of identification and monitoring of those signals do not rely on "perceptual quality," but rather upon a separate and additional signal. Within this application, such signals will be called "additive signals" as they provide information about the original images, audio or video, but such information is in addition to the original signal. One traditional, text-based additive signal is title and author information. The title and author, for example, is information about a book, but it is in addition to the text of the book. If a book is being duplicated digitally, the title and author could provide one means of monitoring the number of times the text is being duplicated, for example, through an Internet download. The present invention, however, is directed to the identification of

5

a digital signal—whether text, audio, or video—using only the digital signal itself and then monitoring the number of times the signal is duplicated. Reliance on an additive signal has many shortcomings. For example, first, someone must incorporate the additive signal within the digital data being transmitted, for example, by concatenation or through an embedding process. Such an additive signal, however, can be easily identified and removed by one who wants to utilize the original signal without paying for its usage. If the original signal itself is used to identify the content, an unauthorized user could not avoid payment of a royalty simply by removing the additive signal—because there is no additive signal to remove. Hence, the present invention avoids a major disadvantage of the prior art.

One such additive signal that may be utilized is a digital watermark—which ideally cannot be removed without perceptually altering the original signal. A watermark may also be used as a monitoring signal (for example, by encoding an identifier that uniquely identifies the original digital signal into which the identifier is being embedded). A digital watermark used for monitoring is also an additive signal, and such a signal may make it difficult for the user who wants to duplicate a signal without paying a royalty—mainly by degrading the perceptual quality of the original signal if the watermark (and hence the additive monitoring signal) is removed. This is, however, is a different solution to the problem.

The present invention eliminates the need of any additive monitoring signal because the present invention utilizes the underlying content signal as the identifier itself. Nevertheless, the watermark may increase the value of monitoring techniques by increasing the integrity of the embedded data and by indicating tampering of either the original content signal or the monitoring signal. Moreover, the design of a watermarking embedding algorithm is closely related to the perceptibility of noise in any given signal and can represent an ideal subset of the original signal: the watermark bits are an inverse of the signal to the extent that lossy compression schemes, which can be used, for instance, to optimize a watermarking embedding scheme, can yield information about the extent to which a data signal can be compressed while holding steadfast to the design requirement that the compressed signal maintain its perceptual relationship with the original, uncompressed signal. By describing those bits that are candidates for imperceptible embedding of watermark bits, further data reduction may be applied on the candidate watermarks as an example of retaining a logical and perceptible relationship with the original uncompressed signal.

Of course, the present invention may be used in conjunction with watermarking technology (including the use of keys to accomplish secure digital watermarking), but watermarking is not necessary to practice the present invention. Keys for watermarking may have many forms, including: descriptions of the original carrier file formatting, mapping of embedded data (actually imperceptible changes made to the carrier signal and referenced to the predetermined key or key pairs), assisting in establishing the watermark message data integrity (by incorporation of special one way functions in the watermark message data or key), etc. Discussions of these systems in the patents and pending patent applications are incorporated by reference above. The "recognition" of a particular signal or an instance of its transmission, and its monitoring are operations that may be optimized through the use of digital watermark analysis.

A practical difference between the two approaches of using a separate, additive monitoring signal and using the original signal itself as the monitoring signal is control. If a separate

6

signal is used for monitoring, then the originator of the text, audio or video signal being transmitted and the entity doing the monitoring have to agree as to the nature of the separate signal to be used for monitoring—otherwise, the entity doing the monitoring would not know where to look, for what to look, or how to interpret the monitoring signal once it was identified and detected. On the other hand, if the original signal is used itself as a monitoring signal, then no such agreement is necessary. Moreover, a more logical and self-sufficient relationship between the original and its data-reduced abstract enhances the transparency of any resulting monitoring efforts. The entity doing the monitoring is not looking for a separate, additive monitoring system, and further, need not have to interpret the content of the monitoring signal.

Monitoring implementations can be handled by robust watermark techniques (those techniques that are able to survive many signal manipulations but are not inherently "secure" for verification of a carrier signal absent a logically-related watermarking key) and forensic watermark techniques (which enable embedding of watermarks that are not able to survive perceptible alteration of the carrier signal and thus enable detection of tampering with the originally watermarked carrier signal). The techniques have obvious trade-offs between speed, performance and security of the embedded watermark data.

In other disclosures, we suggest improvements and implementations that relate to digital watermarks in particular and embedded signaling in general. A digital watermark may be used to "tag" content in a manner that is not humanly-perceptible, in order to ensure that the human perception of the signal quality is maintained. Watermarking, however, must inherently alter at least one data bit of the original signal to represent a minimal change from the original signal's "unwatermarked state." The changes may affect only a bit, at the very least, or be dependent on information hiding relating to signal characteristics, such as phase information, differences between digitized samples, root mean square (RMS) calculations, z-transform analysis, or similar signal characteristic category.

There are weaknesses in using digital watermark technology for monitoring purposes. One weakness relates directly to the way in which watermarks are implemented. Often, the persons responsible for encoding and decoding the digital watermark are not the creator of the valuable work to be protected. As such, the creator has no input on the placement of the monitoring signal within the valuable work being protected. Hence, if a user wishing to avoid payment of the royalty can find a way to decode or remove the watermark, or at least the monitoring signal embedded in the watermark, then the unauthorized user may successfully duplicate the signal with impunity. This could occur, for example, if either of the persons responsible for encoding or decoding were to have their security compromised such that the encoding or decoding algorithms were discovered by the unauthorized user.

With the present invention, no such disadvantages exist because the creator need not rely on anyone to insert a monitoring signal—as no such signal is necessary. Instead, the creator's work itself is used as the monitoring signal. Accordingly, the value in the signal will have a strong relationship with its recognizability.

By way of improving methods for efficient monitoring as well as effective confirmation of the identity of a digitally-sampled signal, the present invention describes useful methods for using digital signal processing for benchmarking a novel basis for differencing signals with binary data compari-

sons. These techniques may be complemented with perceptual techniques, but are intended to leverage the generally decreasing cost of bandwidth and signal processing power in an age of increasing availability and exchange of digitized binary data.

So long as there exist computationally inexpensive ways of identifying an entire signal with some fractional representation or relationship with the original signal, or its perceptually observable representation, we envision methods for faster and more accurate auditing of signals as they are played, distributed or otherwise shared amongst providers (transmitters) and consumers (receivers). The ability to massively compress a signal to its Essence—which is not strictly equivalent to "lossy" or "lossless" compression schemes or perceptual coding techniques, but designed to preserve some underlying "aesthetic quality" of the signal—represents a useful means for signal analysis in a wide variety of applications. The signal analysis, however, must maintain the ability to distinguish the perceptual quality of the signals being compared. For example, a method which analyzed a portion of a song by compressing it to a single line of lyrics fails to maintain the ability to distinguish the perceptual quality of the songs being compared. Specifically, for example, if the song "New York State of Mind" were compressed to the lyrics "I'm in a New York State of Mind," such a compression fails to maintain the ability to distinguish between the various recorded versions of the song, say, for example between Billy Joel's recording and Barbara Streisand's recording. Such a method is, therefore, incapable of providing accurate monitoring of the artist's recordings because it could not determine which of the two artists is deserving of a royalty—unless of course, there is a separate monitoring signal to provide the name of the artist or other information sufficient to distinguish the two versions. The present invention, however, aims to maintain some level of perceptual quality of the signals being compared and would deem such a compression to be excessive.

This analogy can be made clearer if it is understood that there are a large number of approaches to compressing a signal to, say, $\frac{1}{10,000}^{th}$ of its original size, not for maintaining its signal quality to ensure computational ease for commercial quality distribution, but to assist in identification, analysis or monitoring of the signal. Most compression is either lossy or lossless and is designed with psychoacoustic or psychovisual parameters. That is to say, the signal is compressed to retain what is "humanly-perceptible." As long as the compression successfully mimics human perception, data space may be saved when the compressed file is compared to the uncompressed or original file. While psychoacoustic and psychovisual compression has some relevance to the present invention, additional data reduction or massive compression is anticipated by the present invention. It is anticipated that the original signal may be compressed to create a realistic or self-similar representation of the original signal, so that the compressed signal can be referenced at a subsequent time as unique binary data that has computational relevance to the original signal. Depending on the application, general data reduction of the original signal can be as simple as massive compression or may relate to the watermark encoding envelope parameter (those bits which a watermarking encoding algorithm deem as candidate bits for mapping independent data or those bits deemed imperceptible to human senses but detectable to a watermark detection algorithm). In this manner, certain media which are commonly known by signal characteristics, a painting, a song, a TV commercial, a dialect, etc., may be analyzed more accurately, and perhaps, more efficiently than a text-based descriptor of the signal. So long as the sender and receiver agree that the data representation is

accurate, even insofar as the data-reduction technique has logical relationships with the perceptibility of the original signal, as they must with commonly agreed to text descriptors, no independent cataloging is necessary.

The present invention generally contemplates a signal recognition system that has at least five elements. The actual number of elements may vary depending on the number of domains in which a signal resides (for example, audio is at least one domain while visual carriers are at least two dimensional). The present invention contemplates that the number of elements will be sufficient to effectively and efficiently meet the demands of various classes of signal recognition. The design of the signal recognition that may be used with data reduction is better understood in the context of the general requirements of a pattern or signal recognition system.

The first element is the reference database, which contains information about a plurality of potential signals that will be monitored. In one form, the reference database would contain digital copies of original works of art as they are recorded by the various artists, for example, contain digital copies of all songs that will be played by a particular radio station. In another form, the reference database would contain not perfect digital copies of original works of art, but digital copies of abstracted works of art, for example, contain digital copies of all songs that have been preprocessed such that the copies represent the perceptual characteristics of the original songs. In another form, the reference database would contain digital copies of processed data files, which files represent works of art that have been preprocessed in such a fashion as to identify those perceptual differences that can differentiate one version of a work of art from another version of the same work of art, such as two or more versions of the same song, but by different artists. These examples have obvious application to visually communicated works such as images, trademarks or photographs, and video as well.

The second element is the object locator, which is able to segment a portion of a signal being monitored for analysis (i.e., the "monitored signal"). The segmented portion is also referred to as an "object." As such, the signal being monitored may be thought of comprising a set of objects. A song recording, for example, can be thought of as having a multitude of objects. The objects need not be of uniform length, size, or content, but merely be a sample of the signal being monitored. Visually communicated informational signals have related objects; color and size are examples.

The third element is the feature selector, which is able to analyze a selected object and identify perceptual features of the object that can be used to uniquely describe the selected object. Ideally, the feature selector can identify all, or nearly all, of the perceptual qualities of the object that differentiate it from a similarly selected object of other signals. Simply, a feature selector has a direct relationship with the perceptibility of features commonly observed. Counterfeiting is an activity which specifically seeks out features to misrepresent the authenticity of any given object. Highly granular, and arguably successful, counterfeiting is typically sought for objects that are easily recognizable and valuable, for example, currency, stamps, and trademarked or copyrighted works and objects that have value to a body politic.

The fourth element is the comparing device which is able to compare the selected object using the features selected by the feature selector to the plurality of signals in the reference database to identify which of the signals matches the monitored signal. Depending upon how the information of the plurality of signals is stored in the reference database and depending upon the available computational capacity (e.g., speed and efficiency), the exact nature of the comparison will

vary. For example, the comparing device may compare the selected object directly to the signal information stored in the database. Alternatively, the comparing device may need to process the signal information stored in the database using input from the feature selector and then compare the selected object to the processed signal information. Alternatively, the comparing device may need to process the selected object using input from the feature selector and then compare the processed selected object to the signal information. Alternatively, the comparing device may need to process the signal information in the database using input from the feature selector, process the selected object using input from the feature selector, and then compare the processed selected object to the processed signal information.

The fifth element is the recorder which records information about the number of times a given signal is analyzed and detected. The recorder may comprise a database which keeps track of the number of times a song, image, or a movie has been played, or may generate a serial output which can be subsequently processed to determine the total number of times various signals have been detected.

Other elements may be added to the system or incorporated into the five elements identified above. For example, an error handler may be incorporated into the comparing device. If the comparing device identifies multiple signals which appear to contain the object being sought for analysis or monitoring, the error handler may offer further processing in order to identify additional qualities or features in the selected object such that only one of the set of captured signals is found to contain the further analyzed selected object that actually conforms with the object thought to have been transmitted or distributed.

Moreover, one or more of the five identified elements may be implemented with software that runs on the same processor, or which uses multiple processors. In addition, the elements may incorporate dynamic approaches that utilize stochastic, heuristic, or experience-based adjustments to refine the signal analysis being conducted within the system, including, for example, the signal analyses being performed within the feature selector and the comparing device. This additional analyses may be viewed as filters that are designed to meet the expectations of accuracy or speed for any intended application.

Since maintenance of original signal quality is not required by the present invention, increased efficiencies in processing and identification of signals can be achieved. The present invention concerns itself with perceptible relationships only to the extent that efficiencies can be achieved both in accuracy and speed with enabling logical relationships between an original signal and its abstract.

The challenge is to maximize the ability to sufficiently compress a signal to both retain its relationship with the original signal while reducing the data overhead to enable more efficient analysis, archiving and monitoring of these signals. In some cases, data reduction alone will not suffice: the sender and receiver must agree to the accuracy of the recognition. In other cases, agreement will actually depend on a third party who authored or created the signal in question. A digitized signal may have parameters to assist in establishing more accurate identification, for example, a "signal abstract" which naturally, or by agreement with the creator, the copyright owner or other interested parties, can be used to describe the original signal. By utilizing less than the original signal, a computationally inexpensive means of identification can be used. As long as a realistic set of conditions can be arrived at governing the relationship between a signal and its data reduced abstract, increases in effective monitoring and transparency of information data flow across communica-

tions channels is likely to result. This feature is significant in that it represents an improvement over how a digitally-sampled signal can be cataloged and identified, though the use of a means that is specifically selected based upon the strengths of a general computing device and the economic needs of a particular market for the digitized information data being monitored. The additional benefit is a more open means to uniformly catalog, analyze, and monitor signals. As well, such benefits can exist for third parties, who have a significant interest in the signal but are not the sender or receiver of said information.

As a general improvement over the art, the present invention incorporates what could best be described as "computer-acoustic" and "computer-visual" modeling, where the signal abstracts are created using data reduction techniques to determine the smallest amount of data, at least a single bit, which can represent and differentiate two digitized signal representations for a given predefined signal set. Each of such representations must have at least a one bit difference with all other members of the database to differentiate each such representation from the others in the database. The predefined signal set is the object being analyzed. The signal identifier/detector should receive its parameters from a database engine. The engine will identify those characteristics (for example, the differences) that can be used to distinguish one digital signal from all other digital signals that are stored in its collection. For those digital signals or objects which are seemingly identical, except[ing] that the signal may have different performance or utilization in the newly created object, benefits over additive or text-based identifiers are achieved. Additionally, decisions regarding the success or failure of an accurate detection of any given object may be flexibly implemented or changed to reflect market-based demands of the engine. Appropriate examples are songs or works or art which have been sampled or reproduced by others who are not the original creator.

In some cases, the engine will also consider the NULL case for a generalized item not in its database, or perhaps in situations where data objects may have collisions. For some applications, the NULL case is not necessary, thus making the whole system faster. For instance, databases which have fewer repetitions of objects or those systems which are intended to recognize signals with time constraints or capture all data objects. Greater efficiency in processing a relational database can be obtained because the rules for comparison are selected for the maximum efficiency of the processing hardware and/or software, whether or not the processing is based on psychoacoustic or psychovisual models. The benefits of massive data reduction, flexibility in constructing appropriate signal recognition protocols and incorporation of cryptographic techniques to further add accuracy and confidence in the system are clearly improvements over the art. For example, where the data reduced abstract needs to have further uniqueness, a hash or signature may be required. And for objects which have further uniqueness requirements, two identical instances of the object could be made unique with cryptographic techniques.

Accuracy in processing and identification may be increased by using one or more of the following fidelity evaluation functions:

1) RMS (root mean square). For example, a RMS function may be used to assist in determining the distance between data based on mathematically determinable Euclidean distance between the beginning and end data points (bits) of a particular signal carrier.

2) Frequency weighted RMS. For example, different weights may be applied to different frequency components of

11 12

the carrier signal before using RMS. This selective weighting can assist in further distinguishing the distance between beginning and end points of the signal carrier (at a given point in time, described as bandwidth, or the number of total bits that can be transmitted per second) and may be considered to be the mathematical equivalent of passing a carrier signal difference through a data filter and figuring the average power in the output carrier.

3) Absolute error criteria, including particularly the NULL set (described above) The NULL may be utilized in two significant cases: First, in instances where the recognized, signal appears to be an identified object which is inaccurately attributed or identified to an object not handled by the database of objects; and second, where a collision of data occurs. For instance, if an artist releases a second performance of a previously recorded song, and the two performances are so similar that their differences are almost imperceptible, then the previously selected criteria may not be able to differentiate the two recordings. Hence, the database must be "recalibrated" to be able to differentiate these two versions. Similarly, if the system identifies not one, but two or more, matches for a particular search, then the database may need "recalibration" to further differentiate the two objects stored in the database.

4) Cognitive Identification. For example, the present invention may use an experience-based analysis within a recognition engine. Once such analysis may involve mathematically determining a spectral transform or its equivalent of the carrier signal. A spectral transform enables signal processing and should maintain, for certain applications, some cognitive or perceptual relationship with the original analog waveform. As a novel feature to the present invention, additional classes may be subject to humanly-perceptible observation. For instance, an experience-based criteria which relates particularly to the envisioned or perceived accuracy of the data information object as it is used or applied in a particular market, product, or implementation. This may include a short **3** second segment of a commercially available and recognizable song which is used for commercials to enable recognition of the good or service being marketed. The complete song is marketed as a separately valued object from the use of a discrete segment of the song (that may be used for promotion or marketing—for the complete song or for an entirely different good or service). To the extent that an owner of the song in question is able to further enable value through the licensing or agreement for use of a segment of the original signal, cognitive identification is a form of filtering to enable differentiations between different and intended uses of the same or subset of the same signal (object). The implementation relating specifically, as disclosed herein, to the predetermined identification or recognition means and/or any specified relationship with subsequent use of the identification means can be used to create a history as to how often a particular signal is misidentified, which history can then be used to optimize identification of that signal in the future. The difference between use of an excerpt of the song to promote a separate and distinct good or service and use of the excerpt to promote recognition of the song itself (for example, by the artist to sell copies of the song) relates informationally to a decision based on recognized and approved use of the song. Both the song and applications of the song in its entirety or as a subset are typically based on agreement by the creator and the sender who seeks to utilize the work. Trust in the means for identification, which can be weighted in the present invention (for example, by adjusting bit-addressable information), is an important factor in adjusting the monitoring or recognition features of the object or carrier signal, and by using any

misidentification information, (including any experience-based or heuristic information), additional features of the monitored signal can be used to improve the performance of the monitoring system envisioned herein. The issue of central concern with cognitive identification is a greater understanding of the parameters by which any given object is to be analyzed. To the extent that a creator chooses varying and separate application of his object, those applications having a cognitive difference in a signal recognition sense (e.g., the whole or an excerpt), the system contemplated herein includes rules for governing the application of bit-addressable information to increase the accuracy of the database.

5) Finally, the predetermined parameters that are associated with a discrete case for any given object will have a significant impact upon the ability to accurately process and identify the signals. For example, if a song is transmitted over a FM carrier, then one skilled in the art will appreciate that the FM signal has a predetermined bandwidth which is different from the bandwidth of the original recording, and different even from song when played on an AM carrier, and different yet from a song played using an 8-bit Internet broadcast. Recognition of these differences, however, will permit the selection of an identification means which can be optimized for monitoring a FM broadcasted signal. In other words, the discreteness intended by the sender is limited and directed by the fidelity of the transmission means. Objects may be cataloged and assessing with the understanding that all monitoring will occur using a specific transmission fidelity. For example, a database may be optimized with the understanding that only AM broadcast signals will be monitored. For maximum efficiency, different data bases may be created for different transmission channels, e.g., AM broadcasts, FM broadcasts, Internet broadcasts, etc.

For more information on increasing efficiencies for information systems, see The Mathematical Theory of Communication (1948), by Shannon.

Because bandwidth (which in the digital domain is equated to the total number of bits that can be transmitted in a fixed period of time) is a limited resource which places limitations upon transmission capacity and information coding schemes, the importance of monitoring for information objects transmitted over any given channel must take into consideration the nature and utilization of a given channel. The supply and demand of bandwidth will have a dramatic impact on the transmission, and ultimately, upon the decision to monitor and recognize signals. A discussion of this is found in a co-pending application by the inventor under U.S. patent application Ser. No. 08/674,726 (which issued Apr. 22, 2008 as U.S. Pat. No. 7,362,775) "Exchange Mechanisms for Digital Information Packages with Bandwidth Securitization, Multichannel Digital Watermarks, and Key Management" (which application is incorporated herein by reference as if fully setforth herein).

If a filter is to be used in connection with the recognition or monitoring engine, it may be desirable for the filter to anticipate and take into consideration the following factors, which affect the economics of the transmission as they relate to triggers for payment and/or relate to events requiring audits of the objects which are being transmitted: 1) time of transmission (i.e., the point in time when the transmission occurred), including whether the transmission is of a live performance); 2) location of transmission (e.g., what channel was used for transmission, which usually determines the associated cost for usage of the transmission channel); 3) the point of origination of the transmission (which may be the same for a signal carrier over many distinct channels); and 4) pre-existence of the information carrier signal (pre-recorded or newly created

information carrier signal, which may require differentiation in certain markets or instances).

In the case of predetermined carrier signals (those which have been recorded and stored for subsequent use), "positional information carrier signals" are contemplated by this invention, namely, perceptual differences between the seemingly "same" information carrier that can be recognized as consumers of information seek different versions or quality levels of the same carrier signal. Perceptual differences exist between a song and its reproduction from a CD, AM radio, and an Internet broadcast. To the extent that the creator or consumer of the signal can define a difference in any of the four criteria above, means can be derived (and programmed for selectability) to recognize and distinguish these differences. It is, however, quite possible that the ability to monitor carrier signal transmission with these factors will increase the variety and richness of available carrier signals to existing communications channels. The differentiation between an absolute case for transmission of an object, which is a time dependent event, for instance a live or real time broadcast, versus the relative case, which is prerecorded or stored for transmission at a later point in time, creates recognizable differences for signal monitoring.

The monitoring and analysis contemplated by this invention may have a variety of purposes, including, for example, the following: to determine the number of times a song is broadcast on a particular radio broadcast or Internet site; to control security though a voice-activated security system; and to identify associations between a beginner's drawing and those of great artists (for example to draw comparisons between technique, compositions, or color schemes). None of these examples could be achieved with any significant degree of accuracy using a text-based analysis. Additionally, strictly text-based systems fail to fully capture the inherent value of the data recognition or monitoring information itself.

Sample Embodiments

Sample Embodiment 1

A database of audio signals (e.g., songs) is stored or maintained by a radio station or Internet streaming company, who may select a subset of the songs are stored so that the subset may be later broadcast to listeners. The subset, for example, may comprise a sufficient number of songs to fill 24 hours of music programming (between 300 or 500 songs). Traditionally, monitoring is accomplished by embedding some identifier into the signal, or affixing the identifier to the signal, for later analysis and determination of royalty payments. Most of the traditional analysis is performed by actual persons who use play lists and other statistical approximations of audio play, including, for example, data obtained through the manual (i.e., by persons) monitoring of a statistically significant sample of stations and transmission times so that an extrapolation may be made to a larger number of comparable markets.

The present invention creates a second database from the first database, wherein each of the stored audio signals in the first database is data reduced in a manner that is not likely to reflect the human perceptual quality of the signal, meaning that a significantly data-reduced signal is not likely to be played back and recognized as the original signal. As a result of the data reduction, the size of the second database (as measured in digital terms) is much smaller than the size of the first database, and is determined by the rate of compression. If, for example, if 24 hours worth of audio signals are compressed at a 10,000:1 compression rate, the reduced data could occupy a little more than 1 megabyte of data. With such a large compression rate, the data to be compared and/or

analyzed may become computationally small such that computational speed and efficiency are significantly improved.

With greater compression rates, it is anticipated that similarity may exist between the data compressed abstractions of different analog signals (e.g., recordings by two different artists of the same song). The present invention contemplates the use of bit-addressable differences to distinguish between such cases. In applications where the data to be analyzed has higher value in some predetermined sense, cryptographic protocols, such as a hash or digital signature, can be used to distinguish such close cases.

In a preferred embodiment, the present invention may utilize a centralized database where copies of new recordings may be deposited to ensure that copyright owners, who authorize transmission or use of their recordings by others, can independently verify that the object is correctly monitored. The rules for the creator himself to enter his work would differ from a universally recognized number assigned by an independent authority (say, ISRC, ISBN for recordings and books respectively). Those skilled in the art of algorithmic information theory (AIT) can recognize that it is now possible to describe optimized use of binary data for content and functionality. The differences between objects must relate to decisions made by the user of the data, introducing subjective or cognitive decisions to the design of the contemplated invention as described above. To the extent that objects can have an optimized data size when compared with other objects for any given set of objects, the algorithms for data reduction would have predetermined flexibility directly related to computational efficiency and the set of objects to be monitored. The flexibility in having transparent determination of unique signal abstracts, as opposed to independent third party assignment, is likely to increase confidence in the monitoring effort by the owners of the original signals themselves. The prior art allows for no such transparency to the copyright creators.

Sample Embodiment 2

Another embodiment of the invention relates to visual images, which of course, involve at least two dimensions.

Similar to the goals of a psychoacoustic model, a psychovisual model attempts to represent a visual image with less data, and yet preserve those perceptual qualities that permit a human to recognize the original visual image. Using the very same techniques described above in connection with an audio signal, signal monitoring of visual images may be implemented.

One such application for monitoring and analyzing visual images involves a desire to find works of other artists that relate to a particular theme. For example, finding paintings of sunsets or sunrises. A traditional approach might involve a textual search involving a database wherein the works of other artists have been described in writing. The present invention, however, involves the scanning of an image involving a sun, compressing the data to its essential characteristics (i.e., those perceptual characteristics related to the sun) and then finding matches in a database of other visual images (stored as compressed or even uncompressed data). By studying the work of other artists using such techniques, a novice, for example, could learn much by comparing the presentations of a common theme by different artists.

Another useful application involving this type of monitoring and analyzing is the identification of photographs of potential suspects whose identity matches the sketch of a police artist.

Note that combinations of the monitoring techniques discussed above can be used for audio-visual monitoring, such as video-transmission by a television station or cable station.

The techniques would have to compensate, for example, for a cable station that is broadcasting a audio channel unaccompanied by video.

Other embodiments and uses of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. The specification and examples should be considered exemplary only with the true scope and spirit of the invention indicated by the following claims. As will be easily understood by those of ordinary skill in the art, variations and modifications of each of the disclosed embodiments can be easily made within the scope of this invention as defined by the following claims.

The invention claimed is:

**1**. A method for monitoring and analyzing at least one signal comprising:

creating, using at least one processor of an electronic system, a reference signal abstract of a reference signal; wherein said reference signal abstract is a data reduced version of said reference signal that is a self-similar representation of said reference signal;

receiving, in said electronic system, at least one query signal to be analyzed;

creating, using at least one processor of said electronic system, a query signal abstract of said at least one query signal, wherein said query signal abstract is a data reduced version of said query signal that is a self-similar representation of said query signal;

comparing, in said electronic system, said query signal abstract with said reference signal abstract thereby determining whether said query signal abstract matches said reference signal abstract.

**2**. The method of claim **1** wherein said at least one processor comprises a first processor used for creating said reference signal abstract and a second processor used for creating said query signal abstract.

**3**. The method of claim **1** wherein said creating said query signal abstract comprises said electronic system using at least one of a hash and a digital signature.

**4**. The method of claim **1** further comprising:

creating, using at least one processor of a electronic system, a second reference signal abstract of a second reference signal; wherein said second reference signal abstract is a data reduced version of said second reference signal that is a self-similar representation of said second reference signal;

comparing, in said electronic system, said query signal abstract with said second reference signal abstract, thereby determining whether said query signal abstract matches said second reference signal abstract.

**5**. The method of claim **4**, further comprising changing selected criteria for generating said reference signal abstract from said reference signal.

**6**. The method of claim **4**, wherein said changing is in response to said electronic system determining that a query signal abstract matches one of said reference signal abstract and said second reference signal abstract.

**7**. The method of claim **1** wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises applying at least one spectral transform to said reference signal.

**8**. The method of claim **1** wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises analyzing characteristics of each signal in a group of audibly/perceptibly similar signals.

**9**. The method of claim **8**, wherein said group of audibly/perceptibly similar signals are versions of a particular song sung by different artists.

**10**. The method of claim **8** wherein said reference signal abstract comprises at least some common characteristics of said group.

**11**. The method of claim **8** wherein said reference signal abstract comprises only at least some characteristics of said group that represent the null case.

**12**. The method of claim **1** wherein said reference signal is a digital signal representing at least one of an audio signal, a still image, and a video image.

**13**. The method of claim **1** wherein said reference signal is a digital signal representing an audio signal.

**14**. The method of claim **1** wherein said reference signal is a digital signal representing a video signal.

**15**. The method of claim **1** wherein said electronic system is a computerized system.

**16**. The method of claim **1** further comprising said electronic system counting a number of times a query signal abstract is determined to match said reference signal abstract.

**17**. The method of claim **16** further comprising said electronic system counting a number of times a query signal abstract that originated from a particular source is determined to match said reference signal abstract.

**18**. The method of claim **16** wherein said particular source is one of radio broadcast station and an Internet site.

**19**. The method of claim **1** wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises massive compression of said reference signal.

**20**. The method of claim **1** wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises compression of said reference signal by a factor of at least ten thousand.

**21**. The method of claim **1** wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises determining bits having values deemed imperceptible to human senses.

**22**. The method of claim **1**, wherein said creating, using said at least one processor of said electronic system, said reference signal abstract, comprises lossy compression.

**23**. The method of claim **1**, wherein said creating, using said at least one processor of said electronic system, said query signal abstract, comprises lossy compression.

**24**. The method of claim **8**, wherein said group of audibly/perceptibly similar signals are versions of a particular signal.

**25**. An electronic system for monitoring and analyzing at least one signal comprising:

at least one processor;

a receiver configured to receive at least one query signal to be analyzed;

wherein said system is configured to use said at least one processor to create a reference signal abstract of a reference signal; wherein said reference signal abstract is a data reduced version of said reference signal that is a self-similar representation of said reference signal;

wherein said system is configured to use said at least one processor to create a query signal abstract of said at least one query signal, wherein said query signal abstract is a data reduced version of said query signal that is a self-similar representation of said query signal;

wherein said system is programmed to use said at least one processor to electronically compare said query signal abstract with said reference signal abstract, thereby determining whether said query signal abstract matches said reference signal abstract.

**26**. The system of claim **25** wherein said system is configured to apply at least one spectral transform to said reference signal when creating said reference signal abstract.

**27**. The system of claim **25** wherein said system is configured to massively compress said reference signal when creating said reference signal abstract.

**28**. The system of claim **25** wherein said system is configured to use said least one processor and perform lossy compression when creating said reference signal abstract.

**29**. The system of claim **25** wherein said system is configured to analyze characteristics of each signal in a group of audibly/perceptibly similar signals when creating said reference signal abstract.

**30**. The system of claim **29**, wherein said group of audibly/perceptibly similar signals are versions of a particular signal.

**31**. The method of claim **8** wherein said analyzing comprises performing on said reference signal at least one of linear predictive coding; z-transform analysis; root mean square analysis; and signal to peak determination.

\* \* \* \* \*

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.      : 8,712,728 B2                                       Page 1 of 1
APPLICATION NO.  : 13/802384
DATED            : April 29, 2014
INVENTOR(S)     : Moskowitz et al.

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In the Claims

Column 15 lines 53-56 Delete:

"6. The method of claim 4, wherein said changing is in response to said electronic system determining that a query signal abstract matches one of said reference signal abstract and said second reference signal abstract."

And insert:

-- 6. The method of claim 5, wherein said changing is in response to said electronic system determining that a query signal abstract matches one of said reference signal abstract and said second reference signal abstract. --

Signed and Sealed this
Seventh Day of October, 2014

*Michelle K. Lee*

Michelle K. Lee
*Deputy Director of the United States Patent and Trademark Office*

# U.S. District Court
# California Northern District (Oakland)
# CIVIL DOCKET FOR CASE #: 4:14-cv-01650-YGR

Blue Spike, LLC v. Google Inc.
Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Jacqueline Scott Corley
Relate Case Cases:  4:13-cv-01105-YGR
                    4:15-cv-01494-YGR
Case in other court: Federal Circuit, 16-01059
                     Texas Eastern, 6:12-cv-00558
Cause: 35:271 Patent Infringement

Date Filed: 04/10/2014
Date Terminated: 10/01/2015
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Blue Spike, LLC**                    represented by    **Christopher A Honea**
                                                        Garteiser Honea PLLC
                                                        218 N. College Ave
                                                        Tyler, TX 75702
                                                        903-705-7420
                                                        Fax: 888-908-4400
                                                        Email: chonea@ghiplaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Randall Garteiser**
                                                        Garteiser Honea, P.C.
                                                        44 N. San Pedro Road
                                                        San Rafael, CA 94903
                                                        (415) 568-0553
                                                        Fax: (415) 785-3805
                                                        Email:
                                                        randall.garteiser@sftrialattorneys.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Randall T Garteiser**
                                                        Garteiser Honea PLLC
                                                        218 N. College Ave
                                                        Tyler, TX 75702
                                                        903-705-7420
                                                        Fax: 888-908-4400
                                                        Email: rgarteiser@ghiplaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Christopher Alan Honea**

Garteiser Honea, P.C.
44 N. San Pedro Road
San Rafael, CA 94903
(415) 785-3762
Fax: (415) 785-3805
Email: chris.honea@sftrialattorneys.com
*ATTORNEY TO BE NOTICED*

**Christopher S Johns**
Johns Marrs Ellis & Hodge LLP
300 West Sixth Street
Suite 1950
Austin, TX 78701
512-215-4078
Fax: 512-628-7169
Email: cjohns@jmehlaw.com
*ATTORNEY TO BE NOTICED*

**Helen E. Dutton**
Garteiser Honea P.C.
44 North San Pedro Road
San Rafael, CA 94903
415-785-3762
Fax: 888-908-4400
Email: helenedutton@gmail.com
*ATTORNEY TO BE NOTICED*

**Ian Nicholas Ramage**
Garteiser Honea PC
218 N. College Ave.
Tyler, TX 75707
888-908-4400
Email: iramage@ramagelaw.net
*ATTORNEY TO BE NOTICED*

**Molly A. Jones**
GARTEISER HONEA, P.C.
218 N College Ave
Tyler, TX 75702
903-705-7420
Fax: 888-908-4400
*ATTORNEY TO BE NOTICED*

**Peter Stuart Brasher**
Garteiser Honea
44 N San Pedro Rd.
San Rafael, CA 94903
415-785-3762
Email: pbrasher@ghiplaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Google Inc.** | represented by | **Michael A. Berta** |

Arnold & Porter LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
415-471-3100
Fax: 415-471-3400
Email: michael.berta@aporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance Lee**
Young Pickett & Lee
4122 Texas Blvd.
P.O. Box 1897
Texarkana, TX 75504-1897
903-794-1303
Fax: 903-794-5098
Email: wlancelee@aol.com
*ATTORNEY TO BE NOTICED*

**Nicholas H Lee**
Arnold & Porter LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90071-5844
213-243-4000
Fax: 213-243-4199
Email: nicholas.lee@aporter.com
*ATTORNEY TO BE NOTICED*

**Wallace W. Wu**
Arnold & Porter LLP
777 S. Figueroa St.
44th Floor
Los Angeles, CA 90017
213-243-4000
Fax: 213-243-4199
Email: Wallace.Wu@aporter.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

| | | |
|---|---|---|
| **Facebook Inc.** | represented by | **Orion Armon** |

Cooley Godward Kronish LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021
720-566-4000

Email: oarmon@cooley.com
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Google Inc.**                            represented by   **Michael A. Berta**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lance Lee**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicholas H Lee**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Wallace W. Wu**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Counter-defendant**

**Blue Spike, LLC**                        represented by   **Christopher A Honea**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Randall T Garteiser**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Christopher S Johns**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Counter-claimant**

**Google Inc.**                            represented by   **Michael A. Berta**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lance Lee**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicholas H Lee**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace W. Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

## V.

## Counter-defendant

**Blue Spike, LLC**                    represented by    **Christopher A Honea**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall Garteiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall T Garteiser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Alan Honea**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher S Johns**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ian Nicholas Ramage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Stuart Brasher**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2012 | 1 | COMPLAINT against Google Inc. ( Filing fee $ 350 receipt number 0540-3741801.), filed by Blue Spike, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - Patent 8214175, # 3 Exhibit B - Patent 7949494, # 4 Exhibit C - Patent 7660700, # 5 Exhibit D - Patent 7346472)(Albritton, Eric) (Entered: 08/22/2012) |
| 08/22/2012 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Albritton, Eric) (Entered: |

| | | 08/22/2012) |
|---|---|---|
| 08/22/2012 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Blue Spike, LLC (Albritton, Eric) (Entered: 08/22/2012) |
| 08/22/2012 | 4 | NOTICE of Attorney Appearance by Stephen E Edwards on behalf of Blue Spike, LLC (Edwards, Stephen) (Entered: 08/22/2012) |
| 08/22/2012 | 5 | NOTICE of Attorney Appearance by Michael A. Benefield on behalf of Blue Spike, LLC (Benefield, Michael) (Entered: 08/22/2012) |
| 08/22/2012 | | Judge Leonard Davis added. (mll, ) (Entered: 08/22/2012) |
| 08/22/2012 | 6 | NOTICE of Attorney Appearance by Christopher S Johns on behalf of Blue Spike, LLC (Johns, Christopher) (Entered: 08/22/2012) |
| 08/22/2012 | 7 | NOTICE of Attorney Appearance by Christopher A Honea on behalf of Blue Spike, LLC (Honea, Christopher) (Entered: 08/22/2012) |
| 08/22/2012 | 8 | NOTICE of Attorney Appearance by Randall T Garteiser on behalf of Blue Spike, LLC (Garteiser, Randall) (Entered: 08/22/2012) |
| 08/30/2012 | 9 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Google Inc..( Lee, Lance) (Entered: 08/30/2012) |
| 09/04/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 9 is granted pursuant to Local Rule CV-12 for Google Inc. to 10/17/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 09/04/2012) |
| 09/21/2012 | 10 | SUMMONS Issued as to Google Inc.and emailed to pltf for service. (klb) (Entered: 09/21/2012) |
| 10/09/2012 | 11 | ORDER that this civil action is CONSOLIDATED for pretrial issues only, with the exception of venue. **The earliest filed civil action 6:12cv499 shall serve as the Lead Case for consolidated issues.** The individual cases will remain active for venue motions and trial. All motions, other than venue motions, shall be filed in the consolidated lead case. Parties shall submit a single Docket Control, Discovery, ESI, and Protective Order, and each of the respective orders shall be filed in the Lead Case. Signed by Judge Leonard Davis on 10/09/12. cc:attys 10-10-12(mll, ) (Entered: 10/10/2012) |
| 10/09/2012 | | **This Civil Action is CONSOLIDATED with cause 6:12cv499, which is designated as the Lead Case. All future pleadings, except for venue motions, should be filed in the Lead Case.** (mll, ) (Entered: 10/10/2012) |
| 11/15/2012 | 12 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Google Inc..(Lee, Lance) (Entered: 11/15/2012) |
| 11/15/2012 | 13 | CORPORATE DISCLOSURE STATEMENT filed by Google Inc. (Lee, Lance) (Entered: 11/15/2012) |
| 01/15/2013 | 14 | Order reassigning this case to United States District Judge Michael H. Schneider per General Order 13-3. Please see Appendix D: Addendum Regarding Cases Assigned to Judge Schneider. Judge Leonard Davis no longer assigned to the case. (gsg) (Entered: 01/15/2013) |
| 03/26/2013 | 15 | ORDER OF CONSOLIDATION. The above listed cases are hereby consolidated |

| | | into cause number 6:12cv499, Blue Spike, LLC v. Texas Instruments, Inc., for all pretrial purposes, including discovery and claim construction. The Clerk of the Court shall add the consolidated defendants to the lead case, as well as lead counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The Clerk shall close all cases listed above other than the lead case. **Any motions including motions challenging venue or jurisdiction filed prior to consolidation in all cases must be refiled in the consolidated case 6:12cv499 to be considered by the Court.** The Court ORDERS Plaintiff to file a notice of readiness for scheduling conference when all Defendants in the consolidated case have either answered or filed a motion to transfer or dismiss. The notice must be filed within five days of the last remaining Defendants answer or motion. The notice must include a list of any pending motions to dismiss or transfer and a list of any other related cases filed in the Eastern District of Texas involving the same patents. If the consolidated case is not ready for scheduling conference within 90 days of this order, Plaintiff must file a detailed status report explaining the reason for the delay. Furthermore, attorney Stephen E. Edwards has moved to withdraw from several of the cases listed above. The Court GRANTS the motions in all cases in which it is pending. Signed by Judge Michael H. Schneider on 03/25/13. cc:attys 3-26-13(mll, ) (Entered: 03/26/2013) |
|---|---|---|
| 03/13/2014 | 16 | ORDER granting Motion to Transfer Venue filed in the consolidated lead case, 6:12cv499, by Defendant Google Inc. Plaintiff's claims against Google Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-558, and the clerk of the court is directed to TRANSFER the severed action to the Northern District of California for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 04/07/2014 | | Interdistrict transfer to the Northern District of California. (mjc, ) (Entered: 04/07/2014) |
| 04/10/2014 | 17 | Case transferred in from District of Texas Eastern; Case Number 6:12-cv-00558. Original file certified copy of transfer order and docket sheet received. Modified on 4/14/2014 (vlkS, COURT STAFF). (Entered: 04/14/2014) |
| 04/10/2014 | 18 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 7/23/2014. Case Management Conference set for 7/30/2014 01:30 PM. (vlkS, COURT STAFF) (Filed on 4/10/2014) (Entered: 04/14/2014)** |
| 04/14/2014 | 19 | CLERKS NOTICE re transfer of case (vlkS, COURT STAFF) (Filed on 4/14/2014) (Entered: 04/14/2014) |
| 04/16/2014 | 20 | CLERK'S NOTICE Re: Consent or Declination: Plaintiff and Defendant shall file a consent or declination to proceed before a magistrate judge within 14 days of this notice. **(This is a text only docket entry, there is no document associated with this notice.)** (ig, COURT STAFF) (Filed on 4/16/2014) (Entered: 04/16/2014) |
| 04/17/2014 | 21 | NOTICE of Appearance by Michael A. Berta (Berta, Michael) (Filed on 4/17/2014) (Entered: 04/17/2014) |
| 04/17/2014 | 22 | NOTICE of Appearance by Nicholas H Lee (Lee, Nicholas) (Filed on 4/17/2014) (Entered: 04/17/2014) |

| 04/17/2014 | 23 | NOTICE of Appearance by Wallace W. Wu (Wu, Wallace) (Filed on 4/17/2014) (Entered: 04/17/2014) |
|---|---|---|
| 04/29/2014 | 24 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Google Inc... (Wu, Wallace) (Filed on 4/29/2014) (Entered: 04/29/2014) |
| 04/30/2014 | 25 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (vlk, COURT STAFF) (Filed on 4/30/2014) (Entered: 04/30/2014) |
| 05/01/2014 | 26 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Vince Chhabria for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on May 1, 2014. (cjlS, COURT STAFF) (Filed on 5/1/2014) (Entered: 05/01/2014)** |
| 05/02/2014 | 27 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. James Donato for all further proceedings. Hon. Vince Chhabria no longer assigned to the case. Signed by the Executive Committee on May 2, 2014. Case Reassigned pursuant to General Order 67.(cjlS, COURT STAFF) (Filed on 5/2/2014) (Entered: 05/02/2014)** |
| 05/07/2014 | 28 | **CASE MANAGEMENT SCHEDULING ORDER: Case Management Statement due by 7/23/2014. Case Management Conference set for 7/30/2014 01:30 PM in Courtroom 11, 19th Floor, San Francisco.. Signed by Judge James Donato on 5/7/14. (lrcS, COURT STAFF) (Filed on 5/7/2014) (Entered: 05/07/2014)** |
| 05/09/2014 | 29 | NOTICE of Appearance by Ian Nicholas Ramage (Ramage, Ian) (Filed on 5/9/2014) (Entered: 05/09/2014) |
| 05/19/2014 | 30 | NOTICE of Appearance by Peter Stuart Brasher *on behalf of Blue Spike, LLC* (Brasher, Peter) (Filed on 5/19/2014) (Entered: 05/19/2014) |
| 05/19/2014 | 31 | NOTICE of Appearance by Randall Garteiser *on behalf of Blue Spike, LLC* (Garteiser, Randall) (Filed on 5/19/2014) (Entered: 05/19/2014) |
| 05/19/2014 | 32 | NOTICE of Appearance by Christopher Alan Honea *on behalf of Blue Spike, LLC* (Honea, Christopher) (Filed on 5/19/2014) (Entered: 05/19/2014) |
| 06/11/2014 | 33 | **ORDER RELATING CASES C-13-1105-YGR and C-14-1647-BLF and C-14-1648-RS and C-14-1649-KAW and C-14-1650-JD. Signed by Judge Yvonne Gonzalez Rogers on 6/11/2014. (fs, COURT STAFF) (Filed on 6/11/2014) (Entered: 06/11/2014)** |
| 06/11/2014 | | **Case reassigned to Judge Hon. Yvonne Gonzalez Rogers. Judge Hon. James Donato no longer assigned to the case. (cp, COURT STAFF) (Filed on 6/11/2014) (Entered: 06/12/2014)** |
| 06/19/2014 | 34 | CLERKS NOTICE SETTING CASE MANAGEMENT CONFERENCE IN RELATED CASES. Case Management Statement due by 7/21/2014. Initial Case Management Conference set for 7/28/2014 02:00 PM before Judge Yvonne Gonzalez Rogers in Courtroom 1, 4th Floor, Oakland. (Attachments: # 1 Standing Order) (fs, COURT STAFF) (Filed on 6/19/2014) (Entered: 06/19/2014) |
| 06/19/2014 | 35 | AMENDED CLERKS NOTICE [amended to reflect the correct year of the case as |

| | | |
|---|---|---|
| | | to: 4:13-CV-1105-YGR] (fs, COURT STAFF) (Filed on 6/19/2014) (Entered: 06/24/2014) |
| 07/22/2014 | 36 | JOINT CASE MANAGEMENT STATEMENT *ON BEHALF OF ALL PARTIES* filed by SoundHound, Inc., Google Inc. (Kohm, Bryan) (Filed on 7/22/2014) Modified on 7/23/2014 (cpS, COURT STAFF). (Entered: 07/22/2014) |
| 07/28/2014 | 38 | Minute Entry: Initial Case Management Conference held on 7/28/2014 before Yvonne Gonzalez Rogers (Date Filed: 7/28/2014). Case REFERRED to Magistrate Judge Corley for Discovery. Tutorial Hearing set for 5/1/2015 10:00 AM. (Court Reporter Diane Skillman.) (fs, COURT STAFF) (Date Filed: 7/28/2014) (Entered: 07/30/2014) |
| 07/30/2014 | 37 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Garteiser, Randall) (Filed on 7/30/2014) (Entered: 07/30/2014) |
| 07/31/2014 | 39 | STIPULATION WITH PROPOSED ORDER re proposed schedule filed by Google Inc., SoundHound Inc, Blue Spike LLC. (Lee, Nicholas) (Filed on 7/31/2014) Modified on 8/1/2014 (cpS, COURT STAFF). (Entered: 07/31/2014) |
| 08/01/2014 | 40 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Google Inc*. (Lee, Nicholas) (Filed on 8/1/2014) (Entered: 08/01/2014) |
| 08/04/2014 | 41 | **ORDER by Judge Yvonne Gonzalez Rogers granting (39) Stipulation re Joint Schedule in case 4:13-cv-01105-YGR; granting (58) Stipulation re Joint Schedule in case 4:14-cv-01648-YGR; granting (40) Stipulation re Joint Schedule in case 4:14-cv-01647-YGR; granting (39) Stipulation re Joint Schedule in case 4:14-cv-01650-YGR; granting (35) Stipulation re Joint Schedule in case 4:14-cv-01649-YGR (fs, COURT STAFF) (Filed on 8/4/2014) (Entered: 08/04/2014)** |
| 08/04/2014 | | Set Deadlines/Hearings: Claim Construction Discovery completed by 5/2/2015. Opening Claim Construction Brief by Blue Spike filed 6/2/15; Responsive Claim Construction Brief by AOptix and Defendants filed by 6/23/2015; Reply Claim Construction Brief by Blue Spike filed by 7/7/15. Status Conference set for 5/1/2015 10:00 AM in Courtroom 1, 4th Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 8/4/2014) (Entered: 08/04/2014) |
| 08/13/2014 | 42 | Transcript of Proceedings held on July 28, 2014, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Telephone number 510-451-2930, Diane_Skillman@cand.uscourts.gov, diane.transcripts@aol.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (39 in 4:14-cv-01647-YGR) Transcript Order ) Release of Transcript Restriction set for 11/12/2014. (Skillman, Diane) (Filed on 8/13/2014) (Entered: 08/13/2014) |
| 08/13/2014 | 43 | TRANSCRIPT ORDER by Blue Spike, LLC for Court Reporter Diane Skillman. (Garteiser, Randall) (Filed on 8/13/2014) (Entered: 08/13/2014) |
| 08/18/2014 | 44 | TRANSCRIPT ORDER by Google Inc. for Court Reporter Diane Skillman. (Lee, Nicholas) (Filed on 8/18/2014) (Entered: 08/18/2014) |

| 09/09/2014 | 45 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) *jointly filed by Blue Spike, LLC and Google Inc*. (Lee, Nicholas) (Filed on 9/9/2014) Modified on 9/9/2014 (cpS, COURT STAFF). (Entered: 09/09/2014) |
|---|---|---|
| 09/10/2014 | 46 | ADR Clerk's Notice Setting ADR Phone Conference on Monday, September 15, 2014 at 2:30 PM Pacific time. Please note that you must be logged into an ECF account of counsel of record in order to view this document. (cmf, COURT STAFF) (Filed on 9/10/2014) (Entered: 09/10/2014) |
| 09/15/2014 | 47 | AMENDED COMPLAINT against Google Inc.. Filed byBlue Spike, LLC. (Garteiser, Randall) (Filed on 9/15/2014) (Entered: 09/15/2014) |
| 09/16/2014 | | ADR Remark: ADR Phone Conference held 9/16/2014 with Daniel Bowling, ADR Program Staff Attorney. Further ADR Phone Conference scheduled for 11/18/2014 at 3:00 PM. Call-in information remains the same. (cmf, COURT STAFF) (Filed on 9/16/2014) (Entered: 09/16/2014) |
| 10/02/2014 | 48 | ANSWER to Amended Complaint , COUNTERCLAIM against Blue Spike, LLC; Jury Demand byGoogle Inc.. (Lee, Nicholas) (Filed on 10/2/2014) Modified on 10/3/2014 (cpS, COURT STAFF). (Entered: 10/02/2014) |
| 10/02/2014 | 49 | STIPULATION WITH PROPOSED ORDER *Regarding Discovery of Electronically Stored Information (Joint ESI Order)* filed by Google Inc., SoundHound Inc, Blue Spike LLC. (Lee, Nicholas) (Filed on 10/2/2014) Modified on 10/3/2014 (cpS, COURT STAFF). (Entered: 10/02/2014) |
| 10/03/2014 | 50 | STIPULATION WITH PROPOSED ORDER *Regarding Joint Protective Order* filed by Google Inc., SoundHound Inc, Blue Spike LLC. (Lee, Nicholas) (Filed on 10/3/2014) Modified on 10/6/2014 (cpS, COURT STAFF). (Entered: 10/03/2014) |
| 10/06/2014 | 51 | **ORDER by Magistrate Judge Jacqueline Scott Corley granting (42) Stipulation Regarding Discovery of Electronically Stored Information (Joint ESI Order) in case 4:13-cv-01105-YGR; granting (68) Stipulation Regarding Discovery of Electronically Stored Information (Joint ESI Order) in case 4:14-cv-01648-YGR; granting (49) Stipulation Regarding Discovery of Electronically Stored Information (Joint ESI Order) in case 4:14-cv-01650-YGR; granting (40) Stipulation Regarding Discovery of Electronically Stored Information (Joint ESI Order) in case 4:14-cv-01649-YGR (ahm, COURT STAFF) (Filed on 10/6/2014) (Entered: 10/06/2014)** |
| 10/06/2014 | 52 | **ORDER by Magistrate Judge Jacqueline Scott Corley granting (44) Stipulation Regarding Joint Protective Order in case 4:13-cv-01105-YGR; granting (70) Stipulation Regarding Joint Protective Order in case 4:14-cv-01648-YGR; granting (44) Stipulation Regarding Joint Protective Order in case 4:14-cv-01647-YGR; granting (50) Stipulation Regarding Joint Protective Order in case 4:14-cv-01650-YGR; granting (42) Stipulation Regarding Joint Protective Order in case 4:14-cv-01649-YGR (ahm, COURT STAFF) (Filed on 10/6/2014) (Entered: 10/06/2014)** |
| 10/20/2014 | 53 | ANSWER TO COUNTERCLAIM 48 Answer to Amended Complaint, Counterclaim byBlue Spike, LLC. (Garteiser, Randall) (Filed on 10/20/2014) (Entered: 10/20/2014) |
| 11/19/2014 | | ADR Remark: ADR Phone Conference held 11/18/2014 with Daniel Bowling, ADR |

| | | |
|---|---|---|
| | | Program Staff Attorney. Further ADR Phone Conference scheduled for 12/18/2014 at 3:00 PM. Call-in information remains the same. (cmf, COURT STAFF) (Filed on 11/19/2014) (Entered: 11/19/2014) |
| 12/22/2014 | | ADR Remark: ADR Phone Conference held 12/18/2014 with Daniel Bowling. Plaintiff's counsel failed to appear. A further ADR Phone Conference is scheduled for 4/8/2015 at 10:30 AM. Call-in information remains the same. (cmf, COURT STAFF) (Filed on 12/22/2014) (Entered: 12/22/2014) |
| 02/27/2015 | 54 | STIPULATION WITH PROPOSED ORDER *Re Time to Exchange Preliminary Claim Construction and Extrinsic Evidence* filed by Blue Spike, LLC, Google Inc (Garteiser, Randall) (Filed on 2/27/2015) Modified on 3/2/2015 (cpS, COURT STAFF). (Entered: 02/27/2015) |
| 03/04/2015 | 55 | **ORDER by Judge Yvonne Gonzalez Rogers granting 54 Stipulation re Time to Exchange Preliminary Claim Construction and Extrinsic Evidence. (fs, COURT STAFF) (Filed on 3/4/2015) (Entered: 03/04/2015)** |
| 03/27/2015 | 56 | MOTION to Modify Scheduling Order re 41 Order filed by Blue Spike, LLC. Responses due by 4/10/2015. Replies due by 4/17/2015. (Attachments: # 1 Proposed Order)(Garteiser, Randall) (Filed on 3/27/2015) Modified on 3/30/2015 (cpS, COURT STAFF). (Entered: 03/27/2015) |
| 04/01/2015 | 57 | **ORDER [AS MODIFIED BY THE COURT] by Judge Yvonne Gonzalez Rogers granting 56 Motion Modify Scheduling Order (fs, COURT STAFF) (Filed on 4/1/2015) (Entered: 04/01/2015)** |
| 04/01/2015 | | Set/Reset Hearing re 57 Order on Motion for Miscellaneous Relief Status Conference set for Friday, 8/28/2015 10:00 AM in Courtroom 1, 4th Floor, Oakland before Hon. Yvonne Gonzalez Rogers. Tutorial Hearing set for Friday, 8/28/2015 10:00 AM in Courtroom 1, 4th Floor, Oakland. (fs, COURT STAFF) (Filed on 4/1/2015) (Entered: 04/01/2015) |
| 04/02/2015 | 58 | NOTICE of Appearance by Randall Garteiser *[for Molly A. Jones on behalf of Blue Spike, LLC]* (Garteiser, Randall) (Filed on 4/2/2015) (Entered: 04/02/2015) |
| 04/03/2015 | | ADR Remark: The further ADR Phone Conference that was scheduled for 4/8/15 has been postponed to 4/22/15 at 1:00 p.m. Dial-in information remains the same. (tjs, COURT STAFF) (Filed on 4/3/2015) (Entered: 04/03/2015) |
| 04/17/2015 | | ADR Remark: The ADR Phone Conference previously scheduled on 4/22/2015 at 10:30 AM has been ADVANCED to 9:30 AM Pacific time on 4/22/2015. The call-in information remains the same. (cmf, COURT STAFF) (Filed on 4/17/2015) (Entered: 04/17/2015) |
| 04/27/2015 | | ADR Remark: ADR Phone Conference held 4/22/2015 with Daniel Bowling. Further ADR Phone Conference scheduled for 7/15/2015 at 10:30 AM. Call-in information remains the same. (cmf, COURT STAFF) (Filed on 4/27/2015) (Entered: 04/27/2015) |
| 05/12/2015 | 59 | MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* filed by Google Inc.. Motion Hearing set for 6/16/2015 02:00 PM in Courtroom 1, 4th Floor, Oakland before Hon. Yvonne Gonzalez Rogers. Responses due by 5/26/2015. Replies due by 6/2/2015. (Attachments: # 1 Proposed Order)(Berta, Michael) (Filed |

| | | |
|---|---|---|
| | | on 5/12/2015) (Entered: 05/12/2015) |
| 05/12/2015 | 60 | Declaration of Nicholas H. Lee in Support of 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* filed byGoogle Inc.. (Attachments: # 1 Exhibit Exhibit 1 - Blue Spike Articles of Incorporation, # 2 Exhibit Exhibit 2 - Patent Assignment, # 3 Exhibit Exhibit 3 - US7346472, # 4 Exhibit Exhibit 4 - US7660700, # 5 Exhibit Exhibit 5 - US7949494, # 6 Exhibit Exhibit 6 - US8214175, # 7 Exhibit Exhibit 7 - US8712728, # 8 Exhibit Exhibit 8 - 2014-07-28 CMC Transcript)(Related document(s) 59 ) (Lee, Nicholas) (Filed on 5/12/2015) (Entered: 05/12/2015) |
| 05/22/2015 | 61 | MOTION for Extension of Time to File Response/Reply as to 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* filed by Blue Spike, LLC. (Attachments: # 1 Proposed Order, # 2 Affidavit of Randall Garteiser) (Garteiser, Randall) (Filed on 5/22/2015) (Entered: 05/22/2015) |
| 05/27/2015 | 62 | **ORDER GRANTING IN PART UNOPPOSED MOTION TO MODIFY BRIEFING SCHEDULE; CONTINUING HEARING ON MOTION FOR JUDGMENT ON THE PLEADINGS by Judge Yvonne Gonzalez Rogers ;granting in part and denying in part 61 Motion for Extension of Time to File Response/Reply re 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* Responses due by 6/9/2015. Replies due by 6/16/2015. 6/16/15 hearing continued to 6/30/15 at 9:00am. (fsS, COURT STAFF) (Filed on 5/27/2015) (Entered: 05/27/2015)** |
| 05/27/2015 | | Set/Reset Deadlines as to 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)*. Motion Hearing set for 6/30/2015 09:00 AM in Courtroom 1, 4th Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fsS, COURT STAFF) (Filed on 5/27/2015) (Entered: 05/27/2015) |
| 06/09/2015 | 63 | RESPONSE (re 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* ) filed byBlue Spike, LLC. (Attachments: # 1 Proposed Order, # 2 Declaration of Randall Garteiser, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Declaration of Yannis Papakonstantinou, Ph.D., # 12 Exhibit A to Papakonstantinou Decl.)(Garteiser, Randall) (Filed on 6/9/2015) (Entered: 06/09/2015) |
| 06/16/2015 | 64 | REPLY (re 59 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c)* ) filed byGoogle Inc.. (Attachments: # 1 Appendix A - CBM2014-00020 Doc 34, # 2 Appendix B - OIP Technologies, Inc. v. Amazon.com, Inc.)(Berta, Michael) (Filed on 6/16/2015) (Entered: 06/16/2015) |
| 06/26/2015 | 65 | MOTION to Relate Case *15-01494* filed by Gracenote, Inc.. (Attachments: # 1 Declaration of Bryan Kohm in Support of Administrative Motion to Consider Whether to Relate Cases, # 2 Proposed Order Granting Administrative Motion to Relate Cases)(Kohm, Bryan) (Filed on 6/26/2015) (Entered: 06/26/2015) |
| 06/29/2015 | 66 | NOTICE of Appearance by Helen E. Dutton (Dutton, Helen) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/30/2015 | 67 | **ORDER by Judge Yvonne Gonzalez Rogers granting 65 Motion to Relate Cases 14-cv-1650-YGR and 15-cv-1494-JD and ORDER RELATING CASES. (fs, COURT STAFF) (Filed on 6/30/2015) (Entered: 06/30/2015)** |

| | | |
|---|---|---|
| 06/30/2015 | 69 | **Minute Entry for proceedings held before Hon. Yvonne Gonzalez Rogers: Motion Hearing held and submitted on 6/30/2015 re 59 MOTION for Judgment on the Pleadings** *Pursuant to Fed. R. Civ. P. 12(c)* **filed by Google Inc. Court Reporter Name Raynee Mercado. Plaintiff Attorney Helen Dutton. Defendant Attorney Michael Berta. Attachment Minutes.(fs, COURT STAFF) (Date Filed: 6/30/2015) (Entered: 07/07/2015)** |
| 07/01/2015 | 68 | NOTICE of Pendency of Other Action Involving Same Patent by Gracenote, Inc., Tribune Company, Tribune Media Services, LLC (Kohm, Bryan) (Filed on 7/1/2015) (Entered: 07/01/2015) |
| 07/07/2015 | | ADR Remark: ADR Phone Conference scheduled for 7/15/215 at 10:30 AM is rescheduled to 8/6/2015 at 11:00 AM. The call-in information remains the same. (cmf, COURT STAFF) (Filed on 7/7/2015) (Entered: 07/07/2015) |
| 07/09/2015 | | ADR Remark: Please note the call-in number for the ADR Phone Conference scheduled on August 6, 2015 at 11:00 AM Pacific time has changed. Please call 641-715-3274. The access code previously provided remains unchanged. (cmf, COURT STAFF) (Filed on 7/9/2015) (Entered: 07/09/2015) |
| 08/01/2015 | 70 | CLAIM CONSTRUCTION AND PREHEARING STATEMENT *PURSUANT TO PATENT LOCAL RULE 4-3* filed by Google Inc.. (Attachments: # 1 Exhibit B (Google Inc.'s Identification of Evidence Pursuant to PLR 4-3(b)))(Berta, Michael) (Filed on 8/1/2015) Modified on 8/3/2015 (cpS, COURT STAFF). (Entered: 08/01/2015) |
| 08/03/2015 | 71 | JOINT CLAIM CONSTRUCTION STATEMENT *AND PREHEARING STATEMENT PURSUANT TO PATENT LOCAL RULE 4-3 [Corrected]* filed by Blue Spike, LLC, Google Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Garteiser, Randall) (Filed on 8/3/2015) Modified on 8/4/2015 (cpS, COURT STAFF). (Entered: 08/03/2015) |
| 08/04/2015 | 72 | TRANSCRIPT ORDER by Google Inc. for Court Reporter Raynee Mercado. (Lee, Nicholas) (Filed on 8/4/2015) (Entered: 08/04/2015) |
| 08/04/2015 | 73 | TRANSCRIPT ORDER by Blue Spike, LLC for Court Reporter Raynee Mercado. (Garteiser, Randall) (Filed on 8/4/2015) (Entered: 08/04/2015) |
| 08/06/2015 | | ADR Remark: ADR Phone Conference held on 8/6/2015 with Daniel Bowling, ADR Program Staff Attorney. A further ADR Phone Conference is scheduled for December 15, 2015 at 11:00 AM Pacific time. The call-in information remains the same. (cmf, COURT STAFF) (Filed on 8/6/2015) (Entered: 08/06/2015) |
| 08/14/2015 | 74 | CLERK'S NOTICE VACATING STATUS AND TUTORIAL.In light of the Court's trial calendar, the Status Conference and Claim Construction Tutorial currently set for August 28, 2015 is VACATED. The Court will advise the parties on a rescheduled date.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 8/14/2015) (Entered: 08/14/2015) |
| 09/08/2015 | 75 | **ORDER by Judge Yvonne Gonzalez Rogers granting 59 Motion for Judgment on the Pleadings (fs, COURT STAFF) (Filed on 9/8/2015) (Entered: 09/08/2015)** |

| 09/08/2015 | 76 | **ORDER TO SHOW CAUSE re Dkt. No. 75. Show Cause Response due by 9/14/2015; Response filed 9/16/15. Signed by Judge Yvonne Gonzalez Rogers on 9/8/15. (fs, COURT STAFF) (Filed on 9/8/2015) (Entered: 09/08/2015)** |
|---|---|---|
| 09/14/2015 | 77 | Unopposed Statement of Non-Objection in Response to Order to Show Cause by Blue Spike, LLC. (Garteiser, Randall) (Filed on 9/14/2015) Modified on 9/15/2015 (kcS, COURT STAFF). (Entered: 09/14/2015) |
| 09/15/2015 | 78 | NOTICE by SoundHound, Inc. *of Request to Terminate Electronic Notification* (Kohm, Bryan) (Filed on 9/15/2015) (Entered: 09/15/2015) |
| 09/16/2015 | 79 | NOTICE of Pendency of Other Action Involving Same Patent by Facebook Inc. (Armon, Orion) (Filed on 9/16/2015) (Entered: 09/16/2015) |
| 09/18/2015 | 80 | **ORDER RE: REMAINING PATENT CLAIM. Signed by Judge Yvonne Gonzalez Rogers on 9/18/15. (fs, COURT STAFF) (Filed on 9/18/2015) (Entered: 09/18/2015)** |
| 09/21/2015 | 81 | Transcript of Proceedings held on June 30, 2015, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, telephone number 510-502-6175, cacsr8258@gmail.com, raynee_mercado@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 72 Transcript Order, 73 Transcript Order ) Release of Transcript Restriction set for 12/17/2015. (Related document(s) 72 , 73 ) (rhm) (Filed on 9/21/2015) (Entered: 09/21/2015) |
| 09/23/2015 | 82 | UNOPPOSED PROPOSED FORM OF JUDGMENT INVALIDATING ASSERTED PATENTS PURSUANT TO DKT. NOS. 75 , 80 by Google Inc.. (Berta, Michael) (Filed on 9/23/2015) Modified on 9/24/2015 (cpS, COURT STAFF). (Entered: 09/23/2015) |
| 10/01/2015 | 83 | **JUDGMENT INVALIDATING ASSERTED PATENTS PURSUANT TO DKT. NOS. 75, 80. Signed by Judge Yvonne Gonzalez Rogers on 10/1/15. (fs, COURT STAFF) (Filed on 10/1/2015) (Entered: 10/01/2015)** |
| 10/02/2015 | 84 | REPORT on the determination of an action regarding Patent. (cc: form mailed to register). (kcS, COURT STAFF) (Filed on 10/2/2015) (Entered: 10/02/2015) |
| 10/05/2015 | 85 | NOTICE OF APPEAL to the Federal Circuit as to 83 Judgment by Blue Spike, LLC. Filing fee $ 505, receipt number 0971-9891288. Appeal Record due by 11/4/2015. (Garteiser, Randall) (Filed on 10/5/2015) (Entered: 10/05/2015) |
| 10/06/2015 | | Remark: E-Mail PDF appeal package to the Federal Circuit. (cpS, COURT STAFF) (Filed on 10/6/2015) (Entered: 10/06/2015) |
| 10/08/2015 | 86 | USCA Case Number 16-1059 Federal Circuit for 85 Notice of Appeal to the Federal Circuit filed by Blue Spike, LLC. (cjlS, COURT STAFF) (Filed on 10/8/2015) (Entered: 10/08/2015) |
| 10/09/2015 | | **\*\*ENTERED IN ERROR\*\*\*** |

| | | |
|---|---|---|
| | | Remark: E-Mail PDF appeal package to the Federal Circuit (cpS, COURT STAFF) (Filed on 10/9/2015) Modified on 10/9/2015 (cpS, COURT STAFF). (Entered: 10/09/2015) |
| 10/15/2015 | 87 | BILL OF COSTS by Google Inc.. Objections due by 10/29/2015 (Attachments: # 1 Declaration of Nicholas Lee in Support of Google Inc.'s Bill of Costs, # 2 Exhibit 1, # 3 Exhibit 2)(Lee, Nicholas) (Filed on 10/15/2015) (Entered: 10/15/2015) |
| 10/30/2015 | 88 | Statement of Non-Objection by Blue Spike, LLC re 87 Bill of Costs (Garteiser, Randall) (Filed on 10/30/2015) Modified on 11/2/2015 (cpS, COURT STAFF). (Entered: 10/30/2015) |
| 11/05/2015 | 89 | Costs Taxed in amount of $845.44 against Blue Spike, LLC. (kc, COURT STAFF) (Filed on 11/5/2015) (Entered: 11/05/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/17/2015 11:01:25 | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:14-cv-01650-YGR |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
### CIVIL DOCKET FOR CASE #: 6:12-cv-00499-RWS-CMC

Blue Spike, LLC v. Texas Instruments, Inc.
Assigned to: Judge Robert W. Schroeder, III
Referred to: Magistrate Judge Caroline Craven
Cause: 35:271 Patent Infringement

Date Filed: 08/09/2012
Date Terminated: 06/24/2015
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2012 | 1 | COMPLAINT *Original Complaint for Patent Infringement* against Texas Instruments, Inc. ( Filing fee $ 350 receipt number 0540-3719388.), filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A - Patent 8214175, # 2 Exhibit B - Patent 7949494, # 3 Exhibit C - Patent 7660700, # 4 Exhibit D - Patent 7346472, # 5 Civil Cover Sheet)(Albritton, Eric) (Main Document 1 replaced on 8/9/2012) (mll, ). (Entered: 08/09/2012) |
| 08/09/2012 | 2 | NOTICE of Attorney Appearance by Stephen E Edwards on behalf of Blue Spike, LLC (Edwards, Stephen) (Entered: 08/09/2012) |
| 08/09/2012 | 3 | NOTICE of Attorney Appearance by Michael Aaron Benefield on behalf of Blue Spike, LLC (Benefield, Michael) (Entered: 08/09/2012) |
| 08/09/2012 | 4 | ***DEFICIENT DOCUMENT. DISREGARD.*** NOTICE of Attorney Appearance by Randall T Garteiser on behalf of Blue Spike, LLC (Garteiser, Randall) Modified on 8/13/2012 (gsg). (Entered: 08/09/2012) |
| 08/09/2012 | 5 | NOTICE of Attorney Appearance by Christopher A Honea on behalf of Blue Spike, LLC (Honea, Christopher) (Entered: 08/09/2012) |
| 08/09/2012 | | Judge Leonard Davis added. (mll, ) (Entered: 08/10/2012) |
| 08/10/2012 | 6 | SUMMONS Issued as to Texas Instruments, Inc., and emailed to pltf for service. (mll, ) (Entered: 08/10/2012) |
| 08/13/2012 | 7 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Albritton, Eric) (Entered: 08/13/2012) |
| 08/13/2012 | 8 | CORPORATE DISCLOSURE STATEMENT filed by Blue Spike, LLC (Albritton, Eric) (Entered: 08/13/2012) |
| 08/13/2012 | 9 | NOTICE of Attorney Appearance by Randall T Garteiser on behalf of Blue Spike, LLC (Garteiser, Randall) (Entered: 08/13/2012) |
| 08/13/2012 | | NOTICE of Deficiency regarding the notice of appearance, entry 4 submitted. Incorrect PDF. (gsg) (Entered: 08/13/2012) |

| 08/22/2012 | 10 | NOTICE of Attorney Appearance by Christopher S Johns on behalf of Blue Spike, LLC (Johns, Christopher) (Entered: 08/22/2012) |
|---|---|---|
| 08/24/2012 | 11 | Return of Service Executed as to Texas Instruments, Inc. on 8/16/2012, by cert mail; answer due: 9/6/2012. (mll, ) (Entered: 08/27/2012) |
| 09/06/2012 | 12 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Texas Instruments, Inc..(Abraham, Amanda) (Entered: 09/06/2012) |
| 09/07/2012 | 13 | NOTICE of Attorney Appearance by Carl R Roth on behalf of Texas Instruments, Inc. (Roth, Carl) (Entered: 09/07/2012) |
| 09/10/2012 | 14 | CORPORATE DISCLOSURE STATEMENT filed by Texas Instruments, Inc. (Abraham, Amanda) (Entered: 09/10/2012) |
| 09/28/2012 | 15 | RESPONSE to 12 Answer to Complaint, Counterclaim *(PLAINTIFFS REPLY IN RESPONSE TO DEFENDANT TEXAS INSTRUMENTS INCORPORATEDS COUNTERCLAIMS )* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/28/2012) |
| 10/09/2012 | 16 | ***VACATED PER #1981 ORDER***ORDER that this civil action is CONSOLIDATED for pretrial issues only, with the exception of venue. **The earliest filed civil action 6:12cv499 shall serve as the Lead Case for consolidated issues.** The individual cases will remain active for venue motions and trial. All motions, other than venue motions, shall be filed in the consolidated lead case. Parties shall submit a single Docket Control, Discovery, ESI, and Protective Order, and each of the respective orders shall be filed in the Lead Case. Signed by Judge Leonard Davis on 10/09/12. cc:attys 10-10-12(mll, ) Modified on 6/24/2015 (sm, ). (Entered: 10/10/2012) |
| 10/09/2012 | | **Consolidated Defendants added:** Shazam Entertainment Ltd (6:12cv500); iPharro Media Inc, iPharro Media GmbH (6:12cv502); Viggle Inc (6:12cv526); Free Stream Media Corp (6:12cv527); The Echo Nest Corporation (6:12cv528); Peer Media Technologies Inc (6:12cv529); Bio-key International Inc (6:12cv531); TuneSat LLC (6:12cv533); Vercury Inc (6:12cv534); SoundHound Inc (6:12cv537); Vobile Inc (6:12cv539); Attributor Corporation (6:12cv540); Miranda Technologies Inc, Belden Inc (6:12cv544); Yahoo! Inc (6:12cv556); Civolution USA Inc, Civolution BV (6:12cv557); Google Inc (6:12cv558); Adobe Systems Inc (6:12cv564); Umami Co (6:12cv565); Irdeto USA Inc, Irdeto BV (6:12cv567); Zeitera LLC, Ensequence Inc, Related Content Database Inc (6:12cv568). (mll, ) (Entered: 10/11/2012) |
| 10/09/2012 | | **Consolidated Defendants added:** WiOffer LLC (6:12cv570); Technicolor USA Inc, Technicolor SA (6:12cv572); Audible Magic Corporation, Facebook Inc, MySpace LLC, Specific Media LLC, Photobucket.com Inc, Dailymotion Inc, Dailymotion SA, Soundcloud Ltd, Myxer Inc, Qlipso Inc, Qlipso Media Networks Ltd, Yap.tv Inc, GoMiso Inc, iMesh Inc, Metacafe Inc, Boodabee Technologies Inc, TuneCore Inc, Zedge Holdings Inc, Harmonix Music Systems Inc, Brightcove Inc, Coincident.tv Inc, Mediafire LLC, Accedo broadband AB, Accedo Broadband NA Inc (6:12cv576); Rovi Corporation, Rovi Guides Inc (6:12cv577); YouWeb LLC, YouWeb Accelerator LLC, YouWeb Entrepreneur LLC (6:12cv580); SMRTV Inc (6:12cv581); ACTV8 Inc (6:12cv582); Broadcast Music Inc, Landmark Digital Services LLC (6:12cv586); The Nielsen Company |

| Date | Doc# | Description |
|---|---|---|
| | | US LLC (6:12cv587); CBS Interactive Inc, Last.fm Ltd (6:12cv594); Clear Channel Broadcasting Inc (6:12cv595); Soundmouse Ltd (6:12cv598). (mll, ) (Entered: 10/11/2012) |
| 10/09/2012 | | **Consolidated Defendants added:** SecuGen Corporation (6:12cv607); ZkTeco Inc, ZK Technology LLC (6:12cv608); Fulcrum Biometrics LLC, Neurotechnology (6:12cv610); Fujitsu America Inc, Fujitsu Semiconductor America Inc (6:12cv616); Green Bit Inc, Green Bit Spa, Green Bit Americas Inc (6:12cv645); TvTak USA Inc, TvTak Ltd (6:12cv646); Innovatrics sro, Swift Biometrics Inc (6:12cv647); BioLink Solutions Ltd, Bio-Metrica LLC (6:12cv648); Cross Match Technologies Inc, Francisco Partners Management LLC (6:12cv649); Digi-Key Corporation (6:12cv650); Griaule Technology LLC (6:12cv651); Integrated Biometrics LLC (6:12cv652); L-1 Identity Solutions Inc, MorphoTrust USA Inc (6:12cv680); Lumidigm Inc (6:12cv681); Bmat Licensing SL (6:12cv682); TV Interactive Systems Inc (6:12cv684); 3M Cogent Inc (6:12cv685); Antheus Technology Inc (6:12cv686); Aware Inc (6:12cv687); ImageWare Systems Inc (6:12cv688); NEC Corporation of America, NEC Corporation (6:12cv690); Precise Biometrics Inc, Precise Biometrics AB (6:12cv694). (mll, ) (Entered: 10/11/2012) |
| 10/10/2012 | 17 | ANSWER to Complaint *(Answer to Complaint filed in Civil Action No. 6:12-cv-533)*, COUNTERCLAIM against Blue Spike, LLC by TuneSat, LLC.(Hill, Jack) (Entered: 10/10/2012) |
| 10/10/2012 | 18 | CORPORATE DISCLOSURE STATEMENT filed by Attributor Corporation (Masur, Joshua) (Entered: 10/10/2012) |
| 10/11/2012 | 19 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Clear Channel Broadcasting, Inc..( Honea, Christopher) (Entered: 10/11/2012) |
| 10/11/2012 | 20 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re BIO-key International, Inc.(Findlay, Eric). (Entered: 10/11/2012) |
| 10/12/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 19 is granted pursuant to Local Rule CV-12 for Clear Channel Broadcasting, Inc. to 11/21/2012. 30 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft)( mll, ) (Entered: 10/12/2012) |
| 10/12/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 20 is granted pursuant to Local Rule CV-12 for BIO-key International, Inc. to 10/26/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 10/12/2012) |
| 10/15/2012 | 21 | *Free Stream's Original Answer* ANSWER to Complaint *(originally filed in 6:12-cv-527)*, COUNTERCLAIM against Blue Spike, LLC by Free Stream Media Corp..(Pinkus, Brett) (Entered: 10/15/2012) |
| 10/16/2012 | 22 | MOTION for Extension of Time to File Answer *Complaint filed in 6:12cv558* by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Lee, Lance) (Entered: 10/16/2012) |
| 10/16/2012 | 23 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Civolution B.V., Civolution USA, Inc..( Friesen, Kyle) (Entered: 10/16/2012) |

| 10/16/2012 | 24 | ANSWER to 1 Complaint, *AND AFFIRMATIVE DEFENSES* by iPharro Media GmbH.(Henschke, Marc) (Entered: 10/16/2012) |
|---|---|---|
| 10/16/2012 | 25 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re ZK Technology LLC.( Kramer, Robert) (Entered: 10/16/2012) |
| 10/16/2012 | 26 | NOTICE of Attorney Appearance by Wayne M Barsky on behalf of YouWeb Accelerator LLC, YouWeb Entrepreneur LLC, YouWeb, LLC (Barsky, Wayne) (Entered: 10/16/2012) |
| 10/16/2012 | 27 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re YouWeb, LLC.( Barsky, Wayne) (Entered: 10/16/2012) |
| 10/16/2012 | 28 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re YouWeb Entrepreneur LLC.( Barsky, Wayne) (Entered: 10/16/2012) |
| 10/16/2012 | 29 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re YouWeb Accelerator LLC.( Barsky, Wayne) (Entered: 10/16/2012) |
| 10/17/2012 | 30 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Adobe Systems, Inc..( Honea, Christopher) (Entered: 10/17/2012) |
| 10/17/2012 | 31 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re SMRTV, Inc..( Honea, Christopher) (Entered: 10/17/2012) |
| 10/17/2012 | 32 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Myxer, Inc. (Findlay, Eric). (Entered: 10/17/2012) |
| 10/17/2012 | 33 | Defendants' Unopposed First Application for Extension of Time to Answer Complaint re Mediafire, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Zedge Holdings, Inc. (Findlay, Eric) (Entered: 10/17/2012) |
| 10/17/2012 | 34 | Defendants' Unopposed First Application for Extension of Time to Answer Complaint re Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., GoMiso, Inc, Related Content Database, Inc., iMesh, Inc. (Findlay, Eric). (Entered: 10/17/2012) |
| 10/17/2012 | 35 | Defendants' Unopposed First Application for Extension of Time to Answer Complaint re Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Facebook, Inc., Harmonix Music Systems, Inc., Metacafe, Inc., MySpace, LLC, Specific Media, LLC, Yap.tv, Inc. (Findlay, Eric). (Entered: 10/17/2012) |
| 10/17/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Qlipso Media Networks Ltd. to 12/3/2012. 45 Days Granted for Deadline Extension.(klb) (Entered: 10/25/2012) |
| 10/17/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Dailymotion, Inc.; Dailymotion S.A.; GoMiso, Inc.; iMesh, Inc.; Coincident,TV,Inc.; Related Content Database, Inc. to 12/3/2012. 42 Days Granted for Deadline Extension. (klb) (Entered: 10/25/2012) |

| 10/18/2012 | 36 | NOTICE of Attorney Appearance - Pro Hac Vice by Edward D Johnson on behalf of Civolution B.V., Civolution USA, Inc.. Filing fee $ 100, receipt number 0540-3835087. (Johnson, Edward) (Entered: 10/18/2012) |
|---|---|---|
| 10/18/2012 | 37 | NOTICE of Attorney Appearance - Pro Hac Vice by Michael A Molano on behalf of Civolution B.V., Civolution USA, Inc.. Filing fee $ 100, receipt number 0540-3835226. (Molano, Michael) (Entered: 10/18/2012) |
| 10/18/2012 | 38 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Bio-Metrica LLC.( Motolenich-Salas, Kenneth) (Additional attachment(s) added on 10/23/2012: # 1 Corrected Application) (gsg, ). (Entered: 10/18/2012) |
| 10/18/2012 | 39 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re WiOffer, LLC.(Findlay, Eric). (Entered: 10/18/2012) |
| 10/18/2012 | 40 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Specific Media, LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Lackey, Walter) (Entered: 10/18/2012) |
| 10/18/2012 | 41 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re SecuGen Corporation.( Kramer, Robert) (Entered: 10/18/2012) |
| 10/19/2012 | 42 | Defendant's Unopposed FIRST Application for Extension of Time to Answer Complaint re TuneCore, Inc.(Smith, Melissa) (Entered: 10/19/2012) |
| 10/19/2012 | 43 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re The Echo Nest Corporation.( Honea, Christopher) (Entered: 10/19/2012) |
| 10/19/2012 | 44 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re CBS Interactive, Inc..( Reines, Edward) (Entered: 10/19/2012) |
| 10/19/2012 | 45 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Fujitsu Semiconductor America, Inc.( Kramer, Robert) (Entered: 10/19/2012) |
| 10/19/2012 | 46 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Fujitsu America, Inc.( Kramer, Robert) (Entered: 10/19/2012) |
| 10/19/2012 | 47 | NOTICE of Attorney Appearance - Pro Hac Vice by Andrew P Valentine on behalf of Irdeto B.V., Irdeto USA, Inc.. Filing fee $ 100, receipt number 0540-3838145. (Valentine, Andrew) (Entered: 10/19/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 23 is granted pursuant to Local Rule CV-12 for Civolution USA, Inc. to 12/6/2012; Civolution B.V. to 12/6/2012. 45 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |

| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 25 is granted pursuant to Local Rule CV-12 for ZK Technology LLC to 11/16/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
|---|---|---|
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 27 is granted pursuant to Local Rule CV-12 for YouWeb, LLC to 11/19/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 28 is granted pursuant to Local Rule CV-12 for YouWeb Entrepreneur LLC to 11/19/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 29 is granted pursuant to Local Rule CV-12 for YouWeb Accelerator LLC to 11/19/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 30 is granted pursuant to Local Rule CV-12 for Adobe Systems, Inc. to 11/21/2012. 30 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft.)( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 31 is granted pursuant to Local Rule CV-12 for SMRTV, Inc. to 11/26/2012. 30 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft)( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 32 is granted pursuant to Local Rule CV-12 for Myxer, Inc. to 12/3/2012. 39 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 33 is granted pursuant to Local Rule CV-12 for Qlipso Media Networks Ltd. to 12/3/2012; Photobucket.com, Inc. to 12/3/2012; Zedge Holdings, Inc. to 12/3/2012; Mediafire, LLC to 12/3/2012; Qlipso, Inc. to 12/3/2012. 45 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 34 is granted pursuant to Local Rule CV-12 for Coincident.TV, Inc. to 12/3/2012; iMesh, Inc. to 12/3/2012; Dailymotion S.A. to 12/3/2012; GoMiso, Inc to 12/3/2012; Related Content Database, Inc. to 12/3/2012; Dailymotion, Inc. to 12/3/2012. 42 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 35 is granted pursuant to Local Rule CV-12 for Specific Media, LLC to 12/3/2012; Brightcove, Inc. to 12/3/2012; MySpace, LLC to 12/3/2012; Accedo Broadband AB to 12/3/2012; Boodabee Technologies Inc. to 12/3/2012; Metacafe, Inc. to 12/3/2012; Harmonix Music Systems, Inc. to 12/3/2012; |

| | | |
|---|---|---|
| | | Audible Magic Corporation to 12/3/2012; Accedo Broadband NA, Inc. to 12/3/2012; Facebook, Inc. to 12/3/2012; Yap.tv, Inc. to 12/3/2012. 41 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 38 is granted pursuant to Local Rule CV-12 for Bio-Metrica LLC to 12/7/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 39 is granted pursuant to Local Rule CV-12 for WiOffer, LLC to 12/3/2012. 42 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 41 is granted pursuant to Local Rule CV-12 for SecuGen Corporation to 11/16/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 42 is granted pursuant to Local Rule CV-12 for TuneCore, Inc. to 11/22/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 43 is granted pursuant to Local Rule CV-12 for The Echo Nest Corporation to 11/6/2012. 15 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft)( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 44 is granted pursuant to Local Rule CV-12 for CBS Interactive, Inc. to 11/21/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 45 is granted pursuant to Local Rule CV-12 for Fujitsu Semiconductor America, Inc. to 11/22/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 46 is granted pursuant to Local Rule CV-12 for Fujitsu America, Inc to 11/22/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 48 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Belden, Inc..( Lowrie, Matthew) (Entered: 10/22/2012) |
| 10/22/2012 | 49 | ORDER granting 22 Motion for Extension of Time to Answer. Defendant Google Inc. shall have until the close of business on 11-15-2012 to respond to Plaintiff's complaint. No further extensions will be granted absent a showing of good cause. Signed by Judge Leonard Davis on 10/22/12. cc:attys 10-22-12 (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 50 | ANSWER to Complaint *(as filed in 6:12cv500)* by Shazam Entertainment Ltd.. (Jones, Michael) (Entered: 10/22/2012) |

| 10/22/2012 | 51 | CORPORATE DISCLOSURE STATEMENT filed by Shazam Entertainment Ltd. identifying Corporate Parent None for Shazam Entertainment Ltd.. (Jones, Michael) (Entered: 10/22/2012) |
|---|---|---|
| 10/22/2012 | 52 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Antheus Technology, Inc.( Kramer, Robert) (Entered: 10/22/2012) |
| 10/22/2012 | 53 | Return of Service Executed as to Miranda Technologies, Inc. on 10/3/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 10/24/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 54 | Return of Service Executed as to NEC Corporation on 10/3/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 10/24/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 55 | Return of Service Executed as to Precise Biometrics AB on 10/3/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 10/24/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 56 | Return of Service Executed as to BioLink Solutions Ltd. on 10/3/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 10/24/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 57 | Return of Service Executed as to BMAT Licensing, S.L. on 10/3/2012, by personal service on the Texas Secretary of State, Austin, Texas; answer due: 10/24/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 58 | Return of Service Executed as to Accedo Broadband AB on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 59 | Return of Service Executed as to Civolution B.V. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 60 | Return of Service Executed as to Dailymotion S.A. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 61 | Return of Service Executed as to Technicolor S.A. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 62 | Return of Service Executed as to Green Bit S.p.A. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 63 | Return of Service Executed as to Innovatrics s.r.o. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 64 | Return of Service Executed as to Irdeto B.V. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |
| 10/22/2012 | 65 | Return of Service Executed as to Last.fm Ltd. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |

| 10/22/2012 | 66 | Return of Service Executed as to Soundmouse Ltd. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/22/2012) |
|---|---|---|
| 10/22/2012 | 67 | Return of Service Executed as to NEUROtechnology on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/23/2012) |
| 10/22/2012 | 68 | Return of Service Executed as to Qlipso Media Networks Ltd. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas. (mll, ) (Entered: 10/23/2012) |
| 10/22/2012 | 69 | Return of Service Executed as to Soundcloud Ltd. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/23/2012) |
| 10/22/2012 | 71 | Return of Service Executed as to TvTak Ltd. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/23/2012) |
| 10/22/2012 | 73 | Return of Service Executed as to ZkTeco, Inc. on 10/17/2012, by personal service on Texas Secretary of State, Austin, Texas; answer due: 11/7/2012. (mll, ) (Entered: 10/23/2012) |
| 10/23/2012 | 70 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Cross Match Technologies, Inc. (related to cv649).( Jones, Michael) (Entered: 10/23/2012) |
| 10/23/2012 | 72 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Francisco Partners Management, LLC.(related to cv649)( Jones, Michael) (Entered: 10/23/2012) |
| 10/24/2012 | 74 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Miranda Technologies, Inc..( Lowrie, Matthew) (Entered: 10/24/2012) |
| 10/24/2012 | 75 | NOTICE of Attorney Appearance by Wasif H Qureshi on behalf of Aware, Inc. (Qureshi, Wasif) (Entered: 10/24/2012) |
| 10/24/2012 | 76 | NOTICE of Attorney Appearance - Pro Hac Vice by Lawrence K Kolodney on behalf of Aware, Inc.. Filing fee $ 100, receipt number 0540-3844408. (Kolodney, Lawrence) (Entered: 10/24/2012) |
| 10/24/2012 | 77 | *Response to Defendant Viggle Inc.'s Counter-claim* ANSWER to Complaint *(Counter-Claim of Viggle Inc. [Consolidated from 6:12-CV-526]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/24/2012) |
| 10/24/2012 | 78 | NOTICE of Attorney Appearance by Robert Scott Roe on behalf of Shazam Entertainment Ltd. (Roe, Robert) (Entered: 10/24/2012) |
| 10/24/2012 | 79 | NOTICE of Attorney Appearance by Robert F. Kramer on behalf of Lumidigm, Inc. (Kramer, Robert) (Entered: 10/24/2012) |
| 10/25/2012 | 80 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Aware, Inc..( Qureshi, Wasif) (Entered: 10/25/2012) |

| 10/25/2012 | 81 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Integrated Biometrics, LLC (related to cv652).( Jones, Michael) (Entered: 10/25/2012) |
| --- | --- | --- |
| 10/25/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Adobe Systems, Inc.. 30 Days Granted for Deadline Extension.(klb) (Entered: 10/25/2012) |
| 10/25/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for SMRTV, Inc.. 30 Days Granted for Deadline Extension.(klb) (Entered: 10/25/2012) |
| 10/25/2012 | 82 | ANSWER to Complaint, COUNTERCLAIM against Blue Spike, LLC by Vercury, Inc..(Feinberg, Ian) (Entered: 10/25/2012) |
| 10/25/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Myxer, Inc.. 39 Days Granted for Deadline Extension.(klb) (Entered: 10/25/2012) |
| 10/25/2012 | 83 | CORPORATE DISCLOSURE STATEMENT filed by Vercury, Inc. (Feinberg, Ian) (Entered: 10/25/2012) |
| 10/25/2012 | 84 | *Defendant Peer Media Technologies, Inc.'s* ANSWER to 1 Complaint, *Affirmative Defenses* by Peer Media Technologies, Inc..(Findlay, Eric) (Entered: 10/25/2012) |
| 10/26/2012 | 85 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Green Bit Americas, Inc.( Kramer, Robert) (Entered: 10/26/2012) |
| 10/26/2012 | 86 | *Defendant BIO-key International, Inc.'s* ANSWER to 1 Complaint, *Affirmative Defenses and*, COUNTERCLAIM against Blue Spike, LLC by BIO-key International, Inc..(Findlay, Eric) (Entered: 10/26/2012) |
| 10/26/2012 | 87 | CORPORATE DISCLOSURE STATEMENT filed by BIO-key International, Inc. identifying Corporate Parent None for BIO-key International, Inc.. (Findlay, Eric) (Entered: 10/26/2012) |
| 10/26/2012 | 88 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Soundcloud, Inc.(Findlay, Eric). (Entered: 10/26/2012) |
| 10/26/2012 | 89 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Soundcloud Ltd. (Findlay, Eric). (Entered: 10/26/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 48 is granted pursuant to Local Rule CV-12 for Belden, Inc. to 11/21/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 52 is granted pursuant to Local Rule CV-12 for Antheus Technology, Inc. to 11/22/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 70 is granted pursuant to Local Rule CV-12 for Cross Match Technologies, Inc. to 11/28/2012. 30 Days Granted for Deadline Extension.( mll, |

| Date | No. | Description |
|---|---|---|
| | | ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 72 is granted pursuant to Local Rule CV-12 for Francisco Partners Management, LLC to 11/28/2012. 32 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 74 is granted pursuant to Local Rule CV-12 for Miranda Technologies, Inc. to 11/26/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 80 is granted pursuant to Local Rule CV-12 for Aware, Inc. to 11/28/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 81 is granted pursuant to Local Rule CV-12 for Integrated Biometrics, LLC to 12/6/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 85 is granted pursuant to Local Rule CV-12 for Green Bit Americas, Inc. to 11/25/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 88 is granted pursuant to Local Rule CV-12 for Soundcloud, Inc. to 12/3/2012. 41 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 89 is granted pursuant to Local Rule CV-12 for Soundcloud Ltd. to 12/3/2012. 26 Days Granted for Deadline Extension.( mll, ) (Entered: 10/29/2012) |
| 10/29/2012 | 90 | *RESPONSE to iPharro Media, Inc.'s* ANSWER to Complaint *and Counterclaims* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/29/2012) |
| 10/30/2012 | 91 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Griaule Technology LLC.( Kramer, Robert) (Entered: 10/30/2012) |
| 10/30/2012 | 92 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Umami Co..( Honea, Christopher) (Entered: 10/30/2012) |
| 10/31/2012 | 93 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Proposed Order Voluntarily Dismissing Defendant Digi-Key (only) from this consolidated lawsuit (Consolidated from 6:12-CV-650).)(Garteiser, Randall) (Entered: 10/31/2012) |
| 10/31/2012 | 94 | STIPULATION re 1 Complaint, *STIPULATION REGARDING WAIVER OF SERVICE* by Precise Biometrics AB, Precise Biometrics, Inc.. (Smith, Melissa) (Entered: 10/31/2012) |

| | | |
|---|---|---|
| 10/31/2012 | 95 | *RESPONSE to TuneSat, LLC's* ANSWER to 17 Answer to Complaint, Counterclaim by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2012) |
| 10/31/2012 | 96 | *RESPONSE to SoundHound, Inc.'s* ANSWER to Complaint *and Counterclaims* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2012) |
| 11/02/2012 | 97 | *RESPONSE to Free Stream Media Corporation's* ANSWER to 21 Answer to Complaint, Counterclaim by Blue Spike, LLC.(Garteiser, Randall) (Entered: 11/02/2012) |
| 11/02/2012 | 98 | Return of Service Executed as to Brightcove, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 99 | Return of Service Executed as to TvTak USA, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 100 | Return of Service Executed as to Google Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 101 | Return of Service Executed as to Zeitera, LLC on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 102 | Return of Service Executed as to ImageWare Systems, Inc. on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 103 | Return of Service Executed as to Digi-Key Corporation on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 104 | Return of Service Executed as to Francisco Partners Management, LLC on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 105 | Return of Service Executed as to Bio-Metrica LLC on 10/6/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 106 | Return of Service Executed as to Aware, Inc. on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 107 | Return of Service Executed as to TV Interactive Systems, Inc. on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 108 | Return of Service Executed as to ZK Technology LLC on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 109 | Return of Service Executed as to The Nielsen Company (US) LLC on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 110 | Return of Service Executed as to ACTV8, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 111 | Return of Service Executed as to SMRTV, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 112 | Return of Service Executed as to iMesh, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 113 | Return of Service Executed as to Yap.tv, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |

| 11/02/2012 | 114 | Return of Service Executed as to MySpace, LLC on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
|---|---|---|
| 11/02/2012 | 115 | Return of Service Executed as to Clear Channel Broadcasting, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 116 | Return of Service Executed as to Yahoo! Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 117 | Return of Service Executed as to Fujitsu Semiconductor America, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 118 | Return of Service Executed as to Fujitsu America, Inc on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 119 | Return of Service Executed as to Myxer, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 120 | Return of Service Executed as to Specific Media, LLC on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 121 | Return of Service Executed as to Zedge Holdings, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 122 | Return of Service Executed as to Audible Magic Corporation on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 123 | Return of Service Executed as to Harmonix Music Systems, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 124 | Return of Service Executed as to Broadcast Music, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 125 | Return of Service Executed as to Landmark Digital Services, LLC on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 126 | Return of Service Executed as to Soundcloud, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 127 | Return of Service Executed as to Technicolor USA, Inc. on 10/10/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 128 | Return of Service Executed as to Facebook, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 129 | Return of Service Executed as to Qlipso, Inc. on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 130 | Return of Service Executed as to Dailymotion, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 131 | Return of Service Executed as to Ensequence, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 132 | Return of Service Executed as to Related Content Database, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 133 | Return of Service Executed as to Rovi Guides, Inc. on 10/1/2012, by cert mail. |

| | | |
|---|---|---|
| | | (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 134 | Return of Service Executed as to Rovi Corporation on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 135 | Return of Service Executed as to Integrated Biometrics, LLC on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 136 | Return of Service Executed as to Griaule Technology LLC on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 137 | Return of Service Executed as to Cross Match Technologies, Inc. on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 138 | Return of Service Executed as to Accedo Broadband NA, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 139 | Return of Service Executed as to TuneCore, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 140 | Return of Service Executed as to Boodabee Technologies Inc. on 10/3/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 141 | Return of Service Executed as to Metacafe, Inc. on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 142 | Return of Service Executed as to Umami Co. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 143 | Return of Service Executed as to Adobe Systems, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 144 | Return of Service Executed as to Belden, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 145 | Return of Service Executed as to Civolution USA, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 146 | Return of Service Executed as to CBS Interactive, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 147 | Return of Service Executed as to Irdeto USA, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 148 | Return of Service Executed as to Antheus Technology, Inc. on 10/10/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 149 | Return of Service Executed as to 3M Cogent, Inc. on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 150 | Return of Service Executed as to Lumidigm, Inc. on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 151 | Return of Service Executed as to Coincident.TV, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 152 | Return of Service Executed as to MorphoTrust USA, Inc. on 10/5/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |

| | | |
|---|---|---|
| 11/02/2012 | 153 | Return of Service Executed as to L-1 Identity Solutions, Inc. on 10/9/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 154 | Return of Service Executed as to Green Bit Americas, Inc. on 10/1/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 155 | Return of Service Executed as to YouWeb Entrepreneur LLC on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 156 | Return of Service Executed as to YouWeb, LLC on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 157 | Return of Service Executed as to YouWeb Accelerator LLC on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/02/2012 | 158 | Return of Service Executed as to SecuGen Corporation on 10/2/2012, by cert mail. (mll, ) (Entered: 11/05/2012) |
| 11/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 91 is granted pursuant to Local Rule CV-12 for Griaule Technology LLC to 11/29/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 11/05/2012) |
| 11/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 92 is granted pursuant to Local Rule CV-12 for Umami Co. to 11/21/2012. 30 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft.)( mll, ) (Entered: 11/05/2012) |
| 11/05/2012 | 159 | ORDER granting 93 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The Complaint is dismissed without prejudice against Defendant Digi-Key Corporation. Signed by Judge Leonard Davis on 11/05/12. cc:attys 11-05-12(mll, ) (Entered: 11/05/2012) |
| 11/06/2012 | 160 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re NEUROtechnology.( Harkins, J) (Entered: 11/06/2012) |
| 11/07/2012 | 161 | NOTICE of Attorney Appearance - Pro Hac Vice by Dana L Popkave on behalf of BIO-key International, Inc.. Filing fee $ 100, receipt number 0540-3863749. (Popkave, Dana) (Entered: 11/07/2012) |
| 11/07/2012 | 162 | NOTICE of Attorney Appearance - Pro Hac Vice by Carlos Perez-Albuerne on behalf of BIO-key International, Inc.. Filing fee $ 100, receipt number 0540-3863798. (Perez-Albuerne, Carlos) (Entered: 11/07/2012) |
| 11/08/2012 | 163 | APPROVED APPLICATION to Appear Pro Hac Vice by Attorney Julia Elizabeth Markley for Ensequence, Inc. (Original PHV filed erroneously as doc # 20 in member case #6:12cv568 on 10/22/12, Receipt # 0540-3840009.) (pkb, ) (Entered: 11/08/2012) |
| 11/08/2012 | 164 | NOTICE of Attorney Appearance by Scott D Eads on behalf of Ensequence, Inc. (Eads, Scott) (Entered: 11/08/2012) |
| 11/08/2012 | 165 | NOTICE of Attorney Appearance by Douglas L Sawyer on behalf of Ensequence, Inc. (Sawyer, Douglas) (Entered: 11/08/2012) |
| 11/09/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer |

| | | |
|---|---|---|
| | | Complaint 160 is granted pursuant to Local Rule CV-12 for NEUROtechnology to 12/22/2012. 45 Days Granted for Deadline Extension.( mll, ) (Entered: 11/09/2012) |
| 11/09/2012 | 166 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Green Bit S.p.A.( Kramer, Robert) (Entered: 11/09/2012) |
| 11/09/2012 | 167 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Green Bit, Inc.( Kramer, Robert) (Entered: 11/09/2012) |
| 11/09/2012 | 168 | STIPULATION of Dismissal *OF CROSS MATCH TECHNOLOGIES, INC. AND FRANCISCO PARTNERS MANAGAEMENT LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 11/09/2012) |
| 11/13/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 166 is granted pursuant to Local Rule CV-12 for Green Bit S.p.A. to 12/14/2012. 37 Days Granted for Deadline Extension.( mll, ) (Entered: 11/13/2012) |
| 11/13/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 167 is granted pursuant to Local Rule CV-12 for Green Bit, Inc. to 12/14/2012. 10 Days Granted for Deadline Extension.( mll, ) (Entered: 11/13/2012) |
| 11/13/2012 | 169 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Technicolor USA, Inc.(Hill, Jack) (Entered: 11/13/2012) |
| 11/13/2012 | 170 | RESPONSE in Opposition re 22 MOTION for Extension of Time to File Answer *Complaint filed in 6:12cv558 PLAINTIFFS OPPOSITION TO DEFENDANT BIOLINK SOLUTIONS LTD.S MOTION TO QUASH SERVICE filed* by Blue *Spike, LLC* . (Attachments: # 1 Proposed Order Denying Biolink Solution Ltd's Motion to Quash Service)(Garteiser, Randall) (Entered: 11/13/2012) |
| 11/14/2012 | 171 | ORDER granting 168 Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between plaintiff and consolidated defendants Cross Match Technologies, Inc. and Francisco Partners Management LLC (Consolidated Civil Action 6:12cv649) are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Leonard Davis on 11/14/12. cc:attys 11-14-12(mll, ) (Entered: 11/14/2012) |
| 11/14/2012 | 172 | Return of Service Executed as to Fulcrum Biometrics, LLC on 11/3/2012, by cert mail; answer due: 11/26/2012. (mll, ) (Entered: 11/14/2012) |
| 11/14/2012 | 173 | Return of Service Executed as to Swift Biometrics, Inc. on 11/3/2012, by cert mail; answer due: 11/26/2012. (mll, ) (Entered: 11/14/2012) |
| 11/14/2012 | 174 | Return of Service Executed as to Precise Biometrics, Inc. on 10/30/2012, by cert mail; answer due: 11/20/2012. (mll, ) (Entered: 11/14/2012) |
| 11/14/2012 | 175 | Return of Service Executed as to Green Bit, Inc. on 11/5/2012, by cert mail. (mll, ) (Entered: 11/14/2012) |
| 11/14/2012 | 176 | AMENDED COMPLAINT *against Fujitsu America, Inc., Fujitsu Semiconductor America, Inc., and also amended to include and be* against Fujitsu Frontech |

| | | North America, Inc., Fujitsu Computer Products of America, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A to the Amended Complaint, # 2 Exhibit B to the Amended Complaint, # 3 Exhibit C to the Amended Complaint, # 4 Exhibit D to the Amended Complaint)(Garteiser, Randall) (Entered: 11/14/2012) |
|---|---|---|
| 11/15/2012 | 177 | RESPONSE to 82 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT VERCURY'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 11/15/2012) |
| 11/15/2012 | 178 | RESPONSE to 86 Answer to Complaint, Counterclaim *PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT VERCURY'S COUNTERCLAIMS* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 11/15/2012) |
| 11/15/2012 | 179 | RESPONSE to 86 Answer to Complaint, Counterclaim *[REPLACES DOCKET ITEM 178] PLAINTIFFS REPLY IN RESPONSE TO DEFENDANT BIO-KEYS COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 11/15/2012) |
| 11/15/2012 | 180 | NOTICE of Attorney Appearance by Richard Trevor Carter on behalf of Technicolor S.A., Technicolor USA, Inc. (Carter, Richard) (Entered: 11/15/2012) |
| 11/15/2012 | 181 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Adobe Systems, Inc..( Dacus, Deron) (Entered: 11/15/2012) |
| 11/15/2012 | 182 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Google Inc..(Lee, Lance) (Entered: 11/15/2012) |
| 11/15/2012 | 183 | CORPORATE DISCLOSURE STATEMENT filed by Google Inc. (Lee, Lance) (Entered: 11/15/2012) |
| 11/16/2012 | 184 | CORPORATE DISCLOSURE STATEMENT filed by SecuGen Corporation identifying Corporate Parent Pivotec for SecuGen Corporation. (Kramer, Robert) (Entered: 11/16/2012) |
| 11/16/2012 | 185 | CORPORATE DISCLOSURE STATEMENT filed by ZK Technology LLC identifying Corporate Parent ZK Investment, Inc., Corporate Parent ZK Software Biometric Identification Technology Co., Ltd. for ZK Technology LLC. (Kramer, Robert) (Entered: 11/16/2012) |
| 11/16/2012 | 186 | *Defendant ZK Technology LLC's* ANSWER to Complaint *, and Affirmative Defenses* by ZK Technology LLC.(Kramer, Robert) (Entered: 11/16/2012) |
| 11/16/2012 | 187 | *Defendant SecuGen Corp's* ANSWER to Complaint by SecuGen Corporation. (Kramer, Robert) (Entered: 11/16/2012) |
| 11/16/2012 | 188 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Yahoo! Inc.(Findlay, Eric). (Entered: 11/16/2012) |
| 11/16/2012 | 189 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Lumidigm, Inc.( Kramer, Robert) (Entered: 11/16/2012) |
| 11/16/2012 | 190 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re SMRTV, Inc..( Donnelly, Darren) (Entered: 11/16/2012) |
| 11/19/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 169 is granted pursuant to Local Rule CV-12 for Technicolor USA, |

| | | |
|---|---|---|
| | | Inc. to 12/10/2012. 40 Days Granted for Deadline Extension.( mll, ) (Entered: 11/19/2012) |
| 11/19/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 181 is granted pursuant to Local Rule CV-12 for Adobe Systems, Inc. to 12/6/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 11/19/2012) |
| 11/19/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 188 is granted pursuant to Local Rule CV-12 for Yahoo! Inc. to 12/10/2012. 40 Days Granted for Deadline Extension.( mll, ) (Entered: 11/19/2012) |
| 11/19/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 189 is granted pursuant to Local Rule CV-12 for Lumidigm, Inc. to 12/17/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 11/19/2012) |
| 11/19/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 190 is granted pursuant to Local Rule CV-12 for SMRTV, Inc. to 12/10/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 11/19/2012) |
| 11/19/2012 | 191 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re ACTV8, Inc..( Gardner, Allen) (Entered: 11/19/2012) |
| 11/19/2012 | 192 | NOTICE of Attorney Appearance by Douglas E Lumish on behalf of Yahoo! Inc. (Lumish, Douglas) (Entered: 11/19/2012) |
| 11/19/2012 | 193 | NOTICE of Attorney Appearance by Parker Chad Ankrum on behalf of Yahoo! Inc. (Ankrum, Parker) (Entered: 11/19/2012) |
| 11/19/2012 | 194 | NOTICE of Attorney Appearance by Gabriel S Gross on behalf of Yahoo! Inc. (Gross, Gabriel) (Entered: 11/19/2012) |
| 11/19/2012 | 195 | Unopposed MOTION to Substitute Attorney *Robert C. Matz, of Makman & Matz LLP, in place of Robert F. Kramer, of SNR Denton US LLP*, by Antheus Technology, Inc.. (Attachments: # 1 Text of Proposed Order Granting Defendant Antheus Technology, Inc.'s Unopposed Motion for Substitution of Attorney) (Matz, Robert) (Additional attachment(s) added on 11/27/2012: # 2 Corrected Proposed Order) (gsg, ). (Entered: 11/19/2012) |
| 11/19/2012 | 196 | *YouWeb, LLC, YouWeb Accelerator LLC, and YouWeb Entrepreneur LLC's* ANSWER to Complaint by YouWeb Accelerator LLC, YouWeb Entrepreneur LLC, YouWeb, LLC.(Barsky, Wayne) (Entered: 11/19/2012) |
| 11/19/2012 | 197 | CORPORATE DISCLOSURE STATEMENT filed by YouWeb Accelerator LLC, YouWeb Entrepreneur LLC, YouWeb, LLC (Barsky, Wayne) (Entered: 11/19/2012) |
| 11/20/2012 | 198 | NOTICE of Attorney Appearance by Dan Duncan Davison on behalf of Broadcast Music, Inc., Landmark Digital Services, LLC (Davison, Dan) (Entered: 11/20/2012) |
| 11/20/2012 | 199 | NOTICE of Attorney Appearance by Robert L Greeson on behalf of Broadcast |

| | | |
|---|---|---|
| | | Music, Inc., Landmark Digital Services, LLC (Greeson, Robert) (Entered: 11/20/2012) |
| 11/20/2012 | 200 | *Defendant Broadcast Music, Inc.'s* ANSWER to Complaint *[in related Civil Action No. 6:12-CV-586 LED] for Patent Infringement, Affirmative Defenses,* COUNTERCLAIM against Blue Spike, LLC by Broadcast Music, Inc..(Davison, Dan) (Entered: 11/20/2012) |
| 11/20/2012 | 201 | *Defendant Landmark Digital Services, LLC's* ANSWER to Complaint *[in related Civil Action No. 6:12-CV-586 LED] for Patent Infringement, Affirmative Defenses,* COUNTERCLAIM against Blue Spike, LLC by Landmark Digital Services, LLC.(Davison, Dan) (Entered: 11/20/2012) |
| 11/20/2012 | 202 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Fulcrum Biometrics, LLC.( Harkins, J) (Entered: 11/20/2012) |
| 11/20/2012 | 203 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Clear Channel Broadcasting, Inc.( Garteiser, Randall) (Entered: 11/20/2012) |
| 11/20/2012 | 204 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Umami Co.( Garteiser, Randall) (Entered: 11/20/2012) |
| 11/20/2012 | 205 | NOTICE of Attorney Appearance by Richard S Zembek on behalf of Broadcast Music, Inc., Landmark Digital Services, LLC (Zembek, Richard) (Entered: 11/20/2012) |
| 11/20/2012 | 206 | CORPORATE DISCLOSURE STATEMENT filed by YouWeb Accelerator LLC, YouWeb Entrepreneur LLC, YouWeb, LLC (Barsky, Wayne) (Entered: 11/20/2012) |
| 11/20/2012 | 207 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re ImageWare Systems, Inc.(Findlay, Eric). (Entered: 11/20/2012) |
| 11/20/2012 | 208 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Rovi Guides, Inc., Rovi Corporation.(Dacus, Deron) (Entered: 11/20/2012) |
| 11/20/2012 | 209 | CORPORATE DISCLOSURE STATEMENT filed by Rovi Corporation, Rovi Guides, Inc. (Dacus, Deron) (Entered: 11/20/2012) |
| 11/21/2012 | 210 | *DEFENDANT TUNECORE, INC.'S* ANSWER to 1 Complaint, *AND AFFIRMATIVE DEFENSES* by TuneCore, Inc..(Smith, Melissa) (Entered: 11/21/2012) |
| 11/21/2012 | 211 | CORPORATE DISCLOSURE STATEMENT filed by TuneCore, Inc. identifying Corporate Parent None for TuneCore, Inc.. (Smith, Melissa) (Entered: 11/21/2012) |
| 11/21/2012 | 212 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Belden, Inc..(Lowrie, Matthew) (Entered: 11/21/2012) |
| 11/21/2012 | 213 | ANSWER to Complaint , *Affirmative Defenses, and Demand for Jury Trial* by Antheus Technology, Inc..(Matz, Robert) (Entered: 11/21/2012) |
| 11/21/2012 | 214 | CORPORATE DISCLOSURE STATEMENT filed by Antheus Technology, Inc. (Matz, Robert) (Entered: 11/21/2012) |

| 11/21/2012 | 215 | ANSWER to 1 Complaint, *by Defendant ZEITERA, LLC*, COUNTERCLAIM *TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT* against Blue Spike, LLC by Zeitera, LLC.(Corbin, Teresa) (Entered: 11/21/2012) |
|---|---|---|
| 11/21/2012 | 216 | NOTICE of Attorney Appearance by Darren E Donnelly on behalf of Zeitera, LLC (Donnelly, Darren) (Entered: 11/21/2012) |
| 11/21/2012 | 217 | NOTICE of Attorney Appearance by Bryan Alexander Kohm on behalf of Zeitera, LLC (Kohm, Bryan) (Entered: 11/21/2012) |
| 11/21/2012 | 218 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of Zeitera, LLC (Lacy Kusters, David) (Entered: 11/21/2012) |
| 11/21/2012 | 219 | ANSWER to 1 Complaint, *for Patent Infringement* by The Nielsen Company (US) LLC.(Conrad, Daniel) (Entered: 11/21/2012) |
| 11/21/2012 | 220 | CORPORATE DISCLOSURE STATEMENT filed by The Nielsen Company (US) LLC identifying Corporate Parent Nielsen Holdings N.V., Corporate Parent The Nielsen Company B.V., Corporate Parent Nielsen Finance LLC, Corporate Parent Nielsen Finance Co., Corporate Parent The Blackstone Group, Corporate Parent The Carlyle Group, Corporate Parent Kohlberg Kravis Roberts & Co., Corporate Parent Thomas H. Lee Partners for The Nielsen Company (US) LLC. (Conrad, Daniel) (Entered: 11/21/2012) |
| 11/26/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 191 is granted pursuant to Local Rule CV-12 for ACTV8, Inc. to 12/7/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 11/26/2012) |
| 11/26/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 202 is granted pursuant to Local Rule CV-12 for Fulcrum Biometrics, LLC to 1/10/2013. 45 Days Granted for Deadline Extension.( mll, ) (Entered: 11/26/2012) |
| 11/26/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 203 is granted pursuant to Local Rule CV-12 for Clear Channel Broadcasting, Inc. to 12/6/2012. 15 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft.)( mll, ) (Entered: 11/26/2012) |
| 11/26/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 204 is granted pursuant to Local Rule CV-12 for Umami Co. to 12/6/2012. 15 Days Granted for Deadline Extension. (Filed by pltf on behalf of deft.)( mll, ) (Entered: 11/26/2012) |
| 11/26/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 207 is granted pursuant to Local Rule CV-12 for ImageWare Systems, Inc. to 12/11/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 11/26/2012) |
| 11/26/2012 | 221 | ***FILED IN ERROR. DISREGARD.*** Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Green Bit Americas, Inc.( Kramer, Robert) Modified on 11/27/2012 (gsg). (Entered: 11/26/2012) |
| 11/26/2012 | 222 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Miranda Technologies, Inc..(Lowrie, Matthew) (Entered: 11/26/2012) |

| 11/26/2012 | 223 | CORPORATE DISCLOSURE STATEMENT filed by Belden, Inc. (Lowrie, Matthew) (Entered: 11/26/2012) |
|---|---|---|
| 11/26/2012 | 224 | CORPORATE DISCLOSURE STATEMENT filed by Miranda Technologies, Inc. (Lowrie, Matthew) (Entered: 11/26/2012) |
| 11/26/2012 | 225 | CORPORATE DISCLOSURE STATEMENT filed by Zeitera, LLC (Kohm, Bryan) (Entered: 11/26/2012) |
| 11/26/2012 | 226 | NOTICE of Attorney Appearance by Teresa Marie Corbin on behalf of SoundHound, Inc. (Corbin, Teresa) (Entered: 11/26/2012) |
| 11/26/2012 | 227 | NOTICE of Attorney Appearance by Bryan Alexander Kohm on behalf of SoundHound, Inc. (Kohm, Bryan) (Entered: 11/26/2012) |
| 11/26/2012 | 228 | CORPORATE DISCLOSURE STATEMENT filed by SoundHound, Inc. (Kohm, Bryan) (Entered: 11/26/2012) |
| 11/26/2012 | 229 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of SoundHound, Inc. (Lacy Kusters, David) (Entered: 11/26/2012) |
| 11/26/2012 | 230 | NOTICE of Attorney Appearance by Robert F. Kramer on behalf of 3M Cogent, Inc. (Kramer, Robert) (Entered: 11/26/2012) |
| 11/27/2012 | | **\*\*\*FILED IN ERROR. Document # 221, Unopposed Application. PLEASE IGNORE.\*\*\***<br><br>(gsg) (Entered: 11/27/2012) |
| 11/27/2012 | 231 | ORDER granting 195 Motion to Substitute Attorney. Added Attorney Robert C Matz; Attorney Robert F. Kramer terminated as counsel for defendant Antheus Technology Inc. Signed by Judge Leonard Davis on 11/27/12. cc:attys 11-27-12 (mll, ) (Entered: 11/27/2012) |
| 11/28/2012 | 232 | ANSWER to 1 Complaint, by Aware, Inc..(Qureshi, Wasif) (Entered: 11/28/2012) |
| 11/28/2012 | 233 | CORPORATE DISCLOSURE STATEMENT filed by Aware, Inc. (Qureshi, Wasif) (Entered: 11/28/2012) |
| 11/28/2012 | 234 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re 3M Cogent, Inc.( Kramer, Robert) (Entered: 11/28/2012) |
| 11/29/2012 | 235 | CORPORATE DISCLOSURE STATEMENT filed by Broadcast Music, Inc., Landmark Digital Services, LLC (Davison, Dan) (Entered: 11/29/2012) |
| 11/29/2012 | 236 | Defendant's Unopposed Application for Extension of Time to Answer Complaint re Griaule Technology LLC.( Briscoe, Willie) (Entered: 11/29/2012) |
| 11/30/2012 | 237 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Green Bit Americas, Inc.( Kramer, Robert) (Entered: 11/30/2012) |
| 11/30/2012 | 238 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re L-1 Identity Solutions, Inc. (Hawes, Clay) (Entered: 11/30/2012) |
| 11/30/2012 | 239 | Defendant's Unopposed First Application for Extension of Time to Answer |

| | | |
|---|---|---|
| | | Complaint re MorphoTrust USA, Inc. (Hawes, Clay) (Entered: 11/30/2012) |
| 11/30/2012 | 240 | ***FILED IN ERROR. TO BE REFILED BY ATTORNEY*** <br> Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re L-1 Identity Solutions, Inc. (Hawes, Clay) Modified on 11/30/2012 (mll, ). (Entered: 11/30/2012) |
| 11/30/2012 | 241 | ***FILED IN ERROR. TO REFILED BY ATTORNEY*** <br> Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re MorphoTrust USA, Inc. (Hawes, Clay) Modified on 11/30/2012 (mll, ). (Entered: 11/30/2012) |
| 11/30/2012 | 242 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re L-1 Identity Solutions, Inc. (Hawes, Clay) (Entered: 11/30/2012) |
| 11/30/2012 | 243 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re MorphoTrust USA, Inc.(Hawes, Clay) (Entered: 11/30/2012) |
| 11/30/2012 | 317 | APPLICATION to Appear Pro Hac Vice by Attorney, Daniel Johnson, Jr for L-1 Identity Solutions, Inc., and MorphoTrust USA, Inc. Filing fee $100, receipt number 0540-3896066. (dlc, ) (Entered: 12/06/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 234 is granted pursuant to Local Rule CV-12 for 3M Cogent, Inc. to 12/14/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 236 is granted pursuant to Local Rule CV-12 for Griaule Technology LLC to 12/14/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 237 is granted pursuant to Local Rule CV-12 for Green Bit Americas, Inc. to 12/11/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 238 is granted pursuant to Local Rule CV-12 for L-1 Identity Solutions, Inc. to 11/26/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 239 is granted pursuant to Local Rule CV-12 for MorphoTrust USA, Inc. to 11/26/2012. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 242 is granted pursuant to Local Rule CV-12 for L-1 Identity Solutions, Inc. to 12/11/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 243 is granted pursuant to Local Rule CV-12 for MorphoTrust USA, Inc. to 12/11/2012. 15 Days Granted for Deadline Extension.( mll, ) (Entered: |

| | | 12/03/2012) |
|---|---|---|
| 12/03/2012 | 244 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Integrated Biometrics, LLC.( Jones, Michael) (Entered: 12/03/2012) |
| 12/03/2012 | 245 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Related Content Database, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 246 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Mediafire, LLC.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 247 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by WiOffer, LLC.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 248 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Photobucket.com, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 249 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Soundcloud Ltd..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 250 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Soundcloud, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 251 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Harmonix Music Systems, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 252 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Metacafe, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 253 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Myxer, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 254 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Specific Media, LLC.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 255 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Qlipso, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 256 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Qlipso Media Networks Ltd..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 257 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Zedge Holdings, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 258 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Coincident.TV, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 259 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Yap.tv, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 260 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by GoMiso, Inc.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 261 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by MySpace, LLC.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 262 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by |

| | | |
|---|---|---|
| | | Audible Magic Corporation.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 263 | ***FILED IN ERROR PER ATTORNEY. DISREGARD.*** ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Facebook, Inc.. (Findlay, Eric) Modified on 12/4/2012 (gsg). (Entered: 12/03/2012) |
| 12/03/2012 | 264 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Dailymotion S.A..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 265 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Brightcove, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 266 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Dailymotion, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 267 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband NA, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 268 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband AB.(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 269 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Boodabee Technologies Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | 270 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by iMesh, Inc..(Findlay, Eric) (Entered: 12/03/2012) |
| 12/03/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Integrated Biometrics, LLC to 12/21/2012. 15 Days Granted for Deadline Extension.(gsg) (Entered: 12/06/2012) |
| 12/04/2012 | 271 | ANSWER to 1 Complaint, by Facebook, Inc..(Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 272 | NOTICE of Attorney Appearance by Gary Bruce Solomon on behalf of Lumidigm, Inc. (Solomon, Gary) (Entered: 12/04/2012) |
| 12/04/2012 | 273 | CORPORATE DISCLOSURE STATEMENT filed by Related Content Database, Inc. identifying Corporate Parent None for Related Content Database, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 274 | CORPORATE DISCLOSURE STATEMENT filed by WiOffer, LLC identifying Corporate Parent None for WiOffer, LLC. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 275 | CORPORATE DISCLOSURE STATEMENT filed by Mediafire, LLC identifying Corporate Parent None for Mediafire, LLC. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 276 | CORPORATE DISCLOSURE STATEMENT filed by Coincident.TV, Inc. identifying Corporate Parent None for Coincident.TV, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 277 | CORPORATE DISCLOSURE STATEMENT filed by Brightcove, Inc. identifying Corporate Parent None for Brightcove, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |

| 12/04/2012 | 278 | CORPORATE DISCLOSURE STATEMENT filed by Harmonix Music Systems, Inc. identifying Corporate Parent None for Harmonix Music Systems, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
|---|---|---|
| 12/04/2012 | 279 | CORPORATE DISCLOSURE STATEMENT filed by Zedge Holdings, Inc. identifying Corporate Parent IDT Corporation for Zedge Holdings, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 280 | CORPORATE DISCLOSURE STATEMENT filed by Boodabee Technologies Inc. identifying Corporate Parent None for Boodabee Technologies Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 281 | CORPORATE DISCLOSURE STATEMENT filed by Metacafe, Inc. identifying Corporate Parent The Collective Digital Studio LLC for Metacafe, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 282 | CORPORATE DISCLOSURE STATEMENT filed by iMesh, Inc. identifying Corporate Parent None for iMesh, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 283 | CORPORATE DISCLOSURE STATEMENT filed by GoMiso, Inc identifying Corporate Parent None for GoMiso, Inc. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 284 | CORPORATE DISCLOSURE STATEMENT filed by Yap.tv, Inc. identifying Corporate Parent None for Yap.tv, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 285 | CORPORATE DISCLOSURE STATEMENT filed by Myxer, Inc. identifying Corporate Parent None for Myxer, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 286 | CORPORATE DISCLOSURE STATEMENT filed by Audible Magic Corporation identifying Corporate Parent None for Audible Magic Corporation. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 287 | CORPORATE DISCLOSURE STATEMENT filed by MySpace, LLC identifying Corporate Parent Interactive Media Holdings, Inc. for MySpace, LLC. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 288 | CORPORATE DISCLOSURE STATEMENT filed by Specific Media, LLC identifying Corporate Parent Interactive Media Holdings, Inc. for Specific Media, LLC. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 289 | CORPORATE DISCLOSURE STATEMENT filed by Facebook, Inc. identifying Corporate Parent None for Facebook, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 290 | CORPORATE DISCLOSURE STATEMENT filed by Photobucket.com, Inc. identifying Corporate Parent Photobucket Corporation, Other Affiliate News Corporation for Photobucket.com, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 291 | CORPORATE DISCLOSURE STATEMENT filed by Qlipso Media Networks Ltd., Qlipso, Inc. identifying Corporate Parent None for Qlipso Media Networks Ltd. ; Corporate Parent Qlipso Media Networks, Ltd for Qlipso, Inc.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 292 | CORPORATE DISCLOSURE STATEMENT filed by Dailymotion S.A., Dailymotion, Inc. identifying Corporate Parent Dailymotion S.A. for Dailymotion, Inc. ; Corporate Parent None for Dailymotion S.A.. (Findlay, Eric) |

| | | |
|---|---|---|
| | | (Entered: 12/04/2012) |
| 12/04/2012 | 293 | CORPORATE DISCLOSURE STATEMENT filed by Soundcloud Ltd., Soundcloud, Inc. identifying Corporate Parent Soundcloud Ltd. for Soundcloud, Inc. ; Corporate Parent None for Soundcloud Ltd.. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/04/2012 | 294 | CORPORATE DISCLOSURE STATEMENT filed by Accedo Broadband AB, Accedo Broadband NA, Inc. identifying Corporate Parent Accedo Broadband AB for Accedo Broadband NA, Inc.; Corporate Parent None for Accedo Broadband AB. (Findlay, Eric) (Entered: 12/04/2012) |
| 12/05/2012 | 295 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Bio-Metrica LLC.( Motolenich-Salas, Kenneth) (Entered: 12/05/2012) |
| 12/05/2012 | 296 | NOTICE of Attorney Appearance - Pro Hac Vice by David Yohannan on behalf of ACTV8, Inc.. Filing fee $ 100, receipt number 0540-3902059. (Yohannan, David) (Entered: 12/05/2012) |
| 12/05/2012 | 297 | NOTICE of Attorney Appearance - Pro Hac Vice by Myra C Mormile on behalf of ACTV8, Inc.. Filing fee $ 100, receipt number 0540-3902070. (Mormile, Myra) (Entered: 12/05/2012) |
| 12/05/2012 | 298 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re Fujitsu Frontech North America, Inc. ( Kramer, Robert) (Entered: 12/05/2012) |
| 12/05/2012 | 299 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re Fujitsu America, Inc.( Kramer, Robert) (Entered: 12/05/2012) |
| 12/05/2012 | 300 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re Fujitsu Computer Products of America, Inc.( Kramer, Robert) (Entered: 12/05/2012) |
| 12/05/2012 | 301 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re Fujitsu Semiconductor America, Inc.( Kramer, Robert) (Entered: 12/05/2012) |
| 12/05/2012 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Bio-Metrica LLC to 12/22/2012. 15 Days Granted for Deadline Extension.(klb) (Entered: 12/12/2012) |
| 12/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Fujitsu Frontech North America, Inc. to 1/9/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 12/12/2012) |
| 12/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Fujitsu America, Inc to 1/9/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 12/12/2012) |
| 12/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Fujitsu Computer Products of America, Inc. to 1/9/2013. 30 Days Granted for Deadline Extension. |

| | | |
|---|---|---|
| | | (klb) (Entered: 12/12/2012) |
| 12/05/2012 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Fujitsu Semiconductor America, Inc. to 1/9/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 12/12/2012) |
| 12/06/2012 | 302 | *Original* ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Civolution USA, Inc..(Friesen, Kyle) (Entered: 12/06/2012) |
| 12/06/2012 | 303 | CORPORATE DISCLOSURE STATEMENT filed by Civolution USA, Inc. identifying Corporate Parent Civolution B.V. for Civolution USA, Inc., Civolution USA, Inc.. (Friesen, Kyle) (Entered: 12/06/2012) |
| 12/06/2012 | 304 | *Original* ANSWER to 1 Complaint, by Civolution B.V..(Friesen, Kyle) (Entered: 12/06/2012) |
| 12/06/2012 | 305 | CORPORATE DISCLOSURE STATEMENT filed by Civolution B.V. (Friesen, Kyle) (Entered: 12/06/2012) |
| 12/06/2012 | 306 | CORPORATE DISCLOSURE STATEMENT filed by Attributor Corporation identifying Corporate Parent Digimarc Corporation for Attributor Corporation. (Masur, Joshua) (Entered: 12/06/2012) |
| 12/06/2012 | 307 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Irdeto USA, Inc., Irdeto B.V..(Valentine, Andrew) (Entered: 12/06/2012) |
| 12/06/2012 | 308 | CORPORATE DISCLOSURE STATEMENT filed by Irdeto B.V., Irdeto USA, Inc. identifying Corporate Parent Irdeto Holdings B.V. for Irdeto USA, Inc.. (Valentine, Andrew) (Entered: 12/06/2012) |
| 12/06/2012 | 309 | NOTICE of Attorney Appearance by Gabriel M Ramsey on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Ramsey, Gabriel) (Entered: 12/06/2012) |
| 12/06/2012 | 310 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Adobe Systems, Inc..(Dacus, Deron) (Entered: 12/06/2012) |
| 12/06/2012 | 311 | CORPORATE DISCLOSURE STATEMENT filed by Adobe Systems, Inc. (Dacus, Deron) (Entered: 12/06/2012) |
| 12/06/2012 | 312 | STIPULATION of Dismissal *Of BIO-key International, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 12/06/2012) |
| 12/06/2012 | 313 | CORPORATE DISCLOSURE STATEMENT filed by Clear Channel Broadcasting, Inc. identifying Corporate Parent Clear Channel Communications, Inc., Corporate Parent Clear Channel Capital I, LLC, Corporate Parent Clear Channel Capital II, LLC, Corporate Parent CC Media Holdings, Inc., Corporate Parent Clear Channel Capital IV, LLC, Corporate Parent Bain Capital (CC) IX, |

| | | |
|---|---|---|
| | | L.P., Corporate Parent CC Broadcast Holdings, inc., Corporate Parent Clear Channel Broadcasting Licenses, Inc., Corporate Parent Clear Channel Holdings, Inc. for Clear Channel Broadcasting, Inc.. (Yagura, Ryan) (Entered: 12/06/2012) |
| 12/06/2012 | 314 | ANSWER to 1 Complaint, *Affirmative Defenses*, COUNTERCLAIM *S* against Blue Spike, LLC by Clear Channel Broadcasting, Inc..(Yagura, Ryan) (Entered: 12/06/2012) |
| 12/06/2012 | 315 | NOTICE of Attorney Appearance by Indra Neel Chatterjee on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Chatterjee, Indra) (Entered: 12/06/2012) |
| 12/06/2012 | 316 | RESPONSE to 182 Answer to Complaint, Counterclaim *[PLAINTIFFS REPLY IN RESPONSE TO DEFENDANT GOOGLES COUNTERCLAIMS ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/06/2012) |
| 12/06/2012 | 318 | NOTICE of Attorney Appearance - Pro Hac Vice by Ronald S Wynn on behalf of Green Bit Americas, Inc., Green Bit S.p.A., Green Bit, Inc.. Filing fee $ 100, receipt number 0540-3905007. (Wynn, Ronald) (Entered: 12/06/2012) |
| 12/06/2012 | 319 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Additional attachment(s) added on 12/7/2012: # 2 Corrected Proposed Order) (gsg, ). (Entered: 12/06/2012) |
| 12/06/2012 | 320 | AMENDED COMPLAINT *Against CBS Corp*. and also against Last.fm Ltd., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A to the Amended Complaint, # 2 Exhibit B to the Amended Complaint, # 3 Exhibit C to the Amended Complaint, # 4 Exhibit D to the Amended Complaint)(Garteiser, Randall) (Entered: 12/06/2012) |
| 12/07/2012 | 321 | NOTICE of Attorney Appearance - Pro Hac Vice by Christopher James Higgins on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. Filing fee $ 100, receipt number 0540-3905421. (Higgins, Christopher) (Entered: 12/07/2012) |
| 12/07/2012 | 322 | NOTICE of Attorney Appearance - Pro Hac Vice by Jeffrey Mark Fisher on behalf of Adobe Systems, Inc.. Filing fee $ 100, receipt number 0540-3906087. (Fisher, Jeffrey) (Entered: 12/07/2012) |
| 12/07/2012 | 323 | NOTICE of Attorney Appearance - Pro Hac Vice by Eugene Y Mar on behalf of Adobe Systems, Inc.. Filing fee $ 100, receipt number 0540-3906137. (Mar, Eugene) (Entered: 12/07/2012) |

| 12/07/2012 | 324 | ANSWER to 1 Complaint, by ACTV8, Inc..(Gardner, Allen) (Entered: 12/07/2012) |
|---|---|---|
| 12/07/2012 | 325 | CORPORATE DISCLOSURE STATEMENT filed by ACTV8, Inc. (Gardner, Allen) (Entered: 12/07/2012) |
| 12/07/2012 | 326 | ORDER granting 312 Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between plaintiff and defendant BIO-key International, Inc. are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Leonard Davis on 12/07/12. cc:attys 12-07-12(mll, ) (Entered: 12/07/2012) |
| 12/10/2012 | 327 | MOTION to Dismiss *the Complaint Under Fed. R. Civ. P. 12(b)(6)* by ImageWare Systems, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 12/10/2012) |
| 12/10/2012 | 328 | CORPORATE DISCLOSURE STATEMENT filed by ImageWare Systems, Inc. identifying Corporate Parent None for ImageWare Systems, Inc.. (Findlay, Eric) (Entered: 12/10/2012) |
| 12/10/2012 | 329 | NOTICE of Attorney Appearance by Wallace Wu on behalf of Google Inc. (Wu, Wallace) (Entered: 12/10/2012) |
| 12/10/2012 | 330 | NOTICE of Attorney Appearance by Nicholas Lee on behalf of Google Inc. (Lee, Nicholas) (Entered: 12/10/2012) |
| 12/10/2012 | 331 | ANSWER to 1 Complaint, by Technicolor USA, Inc..(Carter, Richard) (Entered: 12/10/2012) |
| 12/10/2012 | 332 | NOTICE of Attorney Appearance by Patrick James Conti on behalf of Google Inc. (Conti, Patrick) (Entered: 12/10/2012) |
| 12/10/2012 | 333 | *DEFENDANT SMRTV, INC.'S* ANSWER to 1 Complaint, *FOR PATENT INFRINGEMENT, DEFENSES, AND COUNTERCLAIMS TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT*, COUNTERCLAIM against Blue Spike, LLC by SMRTV, Inc..(Donnelly, Darren) (Entered: 12/10/2012) |
| 12/10/2012 | 334 | CORPORATE DISCLOSURE STATEMENT filed by SMRTV, Inc. (Donnelly, Darren) (Entered: 12/10/2012) |
| 12/10/2012 | 335 | MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted* by Yahoo! Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of Gross)(Findlay, Eric) (Entered: 12/10/2012) |
| 12/10/2012 | 336 | CORPORATE DISCLOSURE STATEMENT filed by Yahoo! Inc. identifying Corporate Parent None for Yahoo! Inc.. (Findlay, Eric) (Entered: 12/10/2012) |
| 12/10/2012 | 337 | NOTICE of Attorney Appearance by Alfredo Perez de Alejo on behalf of Yahoo! Inc. (Perez de Alejo, Alfredo) (Entered: 12/10/2012) |
| 12/10/2012 | 338 | Unopposed MOTION to Substitute Attorney *DEFENDANTS' COUNSEL OF RECORD* by Green Bit Americas, Inc., Green Bit S.p.A., Green Bit, Inc.. (Wynn, Ronald) (Entered: 12/10/2012) |
| 12/10/2012 | 339 | Additional Attachments to Main Document: 338 Unopposed MOTION to |

| | | |
|---|---|---|
| | | Substitute Attorney *DEFENDANTS' COUNSEL OF RECORD*.. (Wynn, Ronald) (Entered: 12/10/2012) |
| 12/10/2012 | 340 | CORPORATE DISCLOSURE STATEMENT filed by Green Bit Americas, Inc., Green Bit S.p.A., Green Bit, Inc. (Wynn, Ronald) (Entered: 12/10/2012) |
| 12/10/2012 | 355 | APPLICATION (APPROVED) to Appear Pro Hac Vice by Attorney Nicholas J Whilt for Clear Channel Broadcasting, Inc. (Receipt # 0540-3909594. Originally filed in member case 6:12cv595 in error) (pkb, ) (Entered: 12/13/2012) |
| 12/11/2012 | 341 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by MorphoTrust USA, Inc..(Johnson, Daniel) (Entered: 12/11/2012) |
| 12/11/2012 | 342 | CORPORATE DISCLOSURE STATEMENT filed by MorphoTrust USA, Inc. identifying Corporate Parent L-1 Identity Solutions, Inc. for MorphoTrust USA, Inc.. (Johnson, Daniel) (Entered: 12/11/2012) |
| 12/11/2012 | 343 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by L-1 Identity Solutions, Inc..(Johnson, Daniel) (Entered: 12/11/2012) |
| 12/11/2012 | 344 | CORPORATE DISCLOSURE STATEMENT filed by L-1 Identity Solutions, Inc. identifying Corporate Parent Morpho USA, Inc. for L-1 Identity Solutions, Inc.. (Johnson, Daniel) (Entered: 12/11/2012) |
| 12/11/2012 | 345 | NOTICE of Attorney Appearance by James Vincent Fazio, III on behalf of ImageWare Systems, Inc. (Fazio, James) (Entered: 12/11/2012) |
| 12/11/2012 | 346 | NOTICE of Attorney Appearance - Pro Hac Vice by Kathleen Danielle Lynott on behalf of The Nielsen Company (US) LLC. Filing fee $ 100, receipt number 0540-3911507. (Lynott, Kathleen) (Entered: 12/11/2012) |
| 12/11/2012 | 347 | ORDER granting 338 Motion to Substitute Attorney. Ronald S. Wynn is substituted. Attorney Robert F. Kramer terminated. Signed by Judge Leonard Davis on 12/11/12. (mjc, ) (Entered: 12/11/2012) |
| 12/11/2012 | 348 | RESPONSE to 208 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANTS ROVI CORP.'S AND ROVI GUIDE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/11/2012) |
| 12/11/2012 | 349 | RESPONSE to 201 Answer to Complaint, Counterclaim,, *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT LANDMARK DIGITAL'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/11/2012) |
| 12/11/2012 | 350 | RESPONSE to 200 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT BROADCAST MUSIC INC.'S COUNTERCLAIMS ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/11/2012) |
| 12/12/2012 | 351 | NOTICE of Attorney Appearance by Michael A Berta on behalf of Google Inc. (Berta, Michael) (Entered: 12/12/2012) |
| 12/12/2012 | 352 | RESPONSE to 215 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ZEITERA'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/12/2012) |

| 12/12/2012 | 353 | RESPONSE to 212 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT BELDEN'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/12/2012) |
|---|---|---|
| 12/13/2012 | 354 | NOTICE of Attorney Appearance - Pro Hac Vice by Timothy George Doyle on behalf of NEC Corporation, NEC Corporation of America. Filing fee $ 100, receipt number 0540-3913827. (Doyle, Timothy) (Entered: 12/13/2012) |
| 12/13/2012 | 356 | MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue* by TvTak Ltd., TvTak USA, Inc.. (Attachments: # 1 Exhibit 1 - Declaration of David Amselem, # 2 Exhibit A, # 3 Text of Proposed Order) (Strachan, Mark) (Entered: 12/13/2012) |
| 12/14/2012 | 357 | CORPORATE DISCLOSURE STATEMENT filed by iPharro Media, Inc identifying Corporate Parent iPharro Media GmbH for iPharro Media, Inc. (Henschke, Marc) (Entered: 12/14/2012) |
| 12/14/2012 | 358 | CORPORATE DISCLOSURE STATEMENT filed by iPharro Media GmbH (Henschke, Marc) (Entered: 12/14/2012) |
| 12/14/2012 | 359 | *Defendant Lumidigm, Inc.'s* ANSWER to 1 Complaint, *For Patent Infringement, Defenses and,* COUNTERCLAIM against Blue Spike, LLC by Lumidigm, Inc.. (Kramer, Robert) (Entered: 12/14/2012) |
| 12/14/2012 | 360 | CORPORATE DISCLOSURE STATEMENT filed by Lumidigm, Inc. (Kramer, Robert) (Entered: 12/14/2012) |
| 12/14/2012 | 361 | *3M Cogent, Inc.'s* ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by 3M Cogent, Inc..(Kramer, Robert) (Entered: 12/14/2012) |
| 12/14/2012 | 362 | CORPORATE DISCLOSURE STATEMENT filed by 3M Cogent, Inc. identifying Corporate Parent 3M Company for 3M Cogent, Inc.. (Kramer, Robert) (Entered: 12/14/2012) |
| 12/17/2012 | 363 | NOTICE of Attorney Appearance by Shawn C Long on behalf of TvTak Ltd., TvTak USA, Inc. (Long, Shawn) (Entered: 12/17/2012) |
| 12/17/2012 | 364 | ***DEFICIENT FILING. DISREGARD.*** ANSWER to 1 Complaint, by Griaule Technology LLC.(Briscoe, Willie) Modified on 12/21/2012 (gsg). (Entered: 12/17/2012) |
| 12/17/2012 | 365 | RESPONSE to 222 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT MIRANDA'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/17/2012) |
| 12/19/2012 | 366 | AMENDED COMPLAINT against ZK Technology LLC, ZkTeco, Inc., ZKSoftware Biometric Identification Technology Co., Ltd., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Exhibit Ex C, # 4 Exhibit Ex D)(Honea, Christopher) (Entered: 12/19/2012) |
| 12/20/2012 | 367 | ***FILED IN ERROR. DISREGARD.***Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re NEUROtechnology.( Harkins, J) Modified on 12/26/2012 (gsg). (Entered: 12/20/2012) |
| 12/20/2012 | 368 | *Defendants'* ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Precise Biometrics, Inc., Precise Biometrics AB.(Smith, Melissa) |

| | | (Entered: 12/20/2012) |
|---|---|---|
| 12/20/2012 | 369 | CORPORATE DISCLOSURE STATEMENT filed by Precise Biometrics, Inc. identifying Corporate Parent Precise Biometrics AB for Precise Biometrics, Inc.. (Smith, Melissa) (Entered: 12/20/2012) |
| 12/20/2012 | 370 | CORPORATE DISCLOSURE STATEMENT filed by Precise Biometrics AB identifying Corporate Parent None for Precise Biometrics AB. (Smith, Melissa) (Entered: 12/20/2012) |
| 12/20/2012 | 371 | CORPORATE DISCLOSURE STATEMENT filed by TvTak Ltd., TvTak USA, Inc. identifying Corporate Parent TvTak, Ltd. for TvTak USA, Inc.; Corporate Parent Nant TV, LLC for TvTak Ltd.. (Strachan, Mark) (Entered: 12/20/2012) |
| 12/21/2012 | 372 | ANSWER to 1 Complaint, *and*, COUNTERCLAIM *(Original suit cv652)* against Blue Spike, LLC by Integrated Biometrics, LLC.(Jones, Michael) (Entered: 12/21/2012) |
| 12/21/2012 | 373 | CORPORATE DISCLOSURE STATEMENT filed by Integrated Biometrics, LLC identifying Corporate Parent None for Integrated Biometrics, LLC. (Jones, Michael) (Entered: 12/21/2012) |
| 12/21/2012 | 374 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of ImageWare Systems, Inc. (Lackey, Walter) (Entered: 12/21/2012) |
| 12/21/2012 | | NOTICE of Deficiency regarding the Answer to Complaint, entry 364 submitted. No certificate of service, incorrect case number listed on document. Correction should be made by 1 business day. (gsg) (Entered: 12/21/2012) |
| 12/21/2012 | 375 | MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof* by Bio-Metrica LLC. (Attachments: # 1 Text of Proposed Order) (Motolenich-Salas, Kenneth) (Entered: 12/21/2012) |
| 12/21/2012 | 376 | AFFIDAVIT in Support re 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof (Declaration of Ronen Yacobi in Support of Bio-Metrica's Motion to Dismiss)* filed by Bio-Metrica LLC. (Motolenich-Salas, Kenneth) (Entered: 12/21/2012) |
| 12/21/2012 | 377 | CORPORATE DISCLOSURE STATEMENT filed by Bio-Metrica LLC (Motolenich-Salas, Kenneth) (Entered: 12/21/2012) |
| 12/21/2012 | 378 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Yahoo! Inc. (Lackey, Walter) (Entered: 12/21/2012) |
| 12/21/2012 | 379 | ANSWER to 1 Complaint, *Affirmative Defenses*, COUNTERCLAIM against Blue Spike, LLC by NEUROtechnology.(Findlay, Eric) (Entered: 12/21/2012) |
| 12/21/2012 | 380 | CORPORATE DISCLOSURE STATEMENT filed by NEUROtechnology identifying Corporate Parent None for NEUROtechnology. (Findlay, Eric) (Entered: 12/21/2012) |
| 12/25/2012 | 381 | ANSWER to 1 Complaint, by Griaule Technology LLC.(Briscoe, Willie) (Entered: 12/25/2012) |
| 12/26/2012 | 382 | RESPONSE to 257 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ZEDGE'S COUNTERCLAIMS]* by Blue Spike, |

| | | |
|---|---|---|
| | | LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 383 | RESPONSE to 267 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ACCEDO NA'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 384 | RESPONSE to 268 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ACCEDO BROADBAND AB'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 385 | RESPONSE to 250 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT SOUNDCLOUD INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 386 | RESPONSE to 261 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT MYSPACE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 387 | RESPONSE to 262 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT AUDIBLE MAGIC CORP.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 388 | RESPONSE to 264 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT DAILYMOTION INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 389 | RESPONSE to 264 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT DAILYMOTION S.A.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 390 | RESPONSE to 265 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT BRIGHTCOVE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 391 | RESPONSE to 269 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT BOODABEE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 392 | RESPONSE to 270 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT IMESH INC'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 393 | RESPONSE to 245 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT RELATED CONTENT DATABASE, INC. D/B/A WATCHWITH'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 394 | RESPONSE to 246 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT MEDIAFIRE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 395 | RESPONSE to 247 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT WIOFFER'S COUNTERCLAIMS]* by Blue |

| | | Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
|---|---|---|
| 12/26/2012 | 396 | RESPONSE to 248 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT PHOTOBUCKET.COM INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 397 | RESPONSE to 249 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT SOUNDCLOUD LTD.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 398 | RESPONSE to 251 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT HARMONIX MUSIC SYSTEMS INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 399 | RESPONSE to 252 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT METACAFE INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 400 | RESPONSE to 253 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT MYXER'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 401 | RESPONSE to 254 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT SPECIFIC MEDIA'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 402 | RESPONSE to 255 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT QLIPSO INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 403 | RESPONSE to 256 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT QLIPSO MEDIA NETWORK LTD'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/26/2012 | 404 | RESPONSE to 258 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT COINCIDENT.TV INC.'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/26/2012) |
| 12/27/2012 | 405 | RESPONSE to 259 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT YAP.TV'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 406 | RESPONSE to 260 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT GOMISO'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 407 | RESPONSE in Opposition re 335 MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser In Support of Plaintiff Blue Spike's Opposition to Defendant's Motion to Dismiss, # 2 Exhibit 1, # 3 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 408 | RESPONSE in Opposition re 327 MOTION to Dismiss *the Complaint Under Fed. R. Civ. P. 12(b)(6) filed by Defendant ImageWare Inc. with Opposition filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser In Support of Plaintiff Blue Spike's Opposition to Defendant Imageware's Motion to Dismiss, # 2 Exhibit 1, # 3 Text of Proposed Order)(Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 409 | RESPONSE to 302 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT CIVOLUTION'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 410 | RESPONSE to 307 Answer to Complaint, Counterclaim *[Plaintiff Blue Spike, LLC's Reply to the Counterclaims of Irdeto USA, Inc. and Irdeto B.V.]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 411 | RESPONSE to 310 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ADOBE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 12/27/2012 | 412 | RESPONSE to 314 Answer to Complaint, Counterclaim *[Plaintiff's Reply to Defendant Clear Channel Broadcasting, Inc.'s Counterclaims]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/27/2012) |
| 01/02/2013 | 413 | Unopposed MOTION for Extension of Time to File Response/Reply as to 356 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue Unopposed Motion for Extension of Time Defendants TVTAK USA, INC. AND TVTAK LTD.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 01/02/2013) |
| 01/03/2013 | 414 | RESPONSE to 343 Answer to Complaint, Counterclaim *[PLAINTIFFS REPLY IN RESPONSE TO DEFENDANT L-1S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 01/03/2013) |
| 01/03/2013 | 415 | RESPONSE to 333 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT SMRTV'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 01/03/2013) |
| 01/03/2013 | 416 | RESPONSE to 341 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT MORPHOTRUST'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 01/03/2013) |
| 01/03/2013 | 417 | NOTICE of Attorney Appearance - Pro Hac Vice by Andrew Blair on behalf of 3M Cogent, Inc.. Filing fee $ 100, receipt number 0540-3935518. (Blair, Andrew) (Entered: 01/03/2013) |
| 01/03/2013 | 418 | ***DEFICIENT FILING. SEE ENTRY 419 FOR CORRECTED FILING.*** Unopposed MOTION for Discovery *Blue Spike's Unopposed Motion for Leave to Serve Jurisdictional Discovery on Defendants TVTAK USA, INC. AND TVTAK LTD.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order) (Honea, Christopher) Modified on 1/7/2013 (gsg). (Entered: 01/03/2013) |
| 01/03/2013 | 419 | Unopposed MOTION for Discovery *Blue Spike's Unopposed Motion for Leave to Serve Jurisdictional Discovery on Defendants TVTAK USA, INC. AND TVTAK* |

| | | |
|---|---|---|
| | | *LTD.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 01/03/2013) |
| 01/03/2013 | 420 | ORDER granting 413 Motion for Extension of Time to File Response/Reply re 356 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue*; Responses due by 2/15/2013. Signed by Judge Leonard Davis on 01/03/13. cc:attys 1-04-13 (mll, ) (Entered: 01/04/2013) |
| 01/04/2013 | 421 | CORPORATE DISCLOSURE STATEMENT filed by Griaule Technology LLC (Briscoe, Willie) (Entered: 01/04/2013) |
| 01/04/2013 | 422 | Unopposed MOTION for Extension of Time to File Response/Reply as to 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof for Bio-Metrica, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 01/04/2013) |
| 01/04/2013 | 423 | RESPONSE to 359 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT LUMIDIGM'S COUNTERCLAIMS ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 01/04/2013) |
| 01/04/2013 | 424 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Fujitsu Computer Products of America, Inc.( Kramer, Robert) (Entered: 01/04/2013) |
| 01/04/2013 | 425 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Fujitsu Frontech North America, Inc.( Kramer, Robert) (Entered: 01/04/2013) |
| 01/04/2013 | 426 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Fujitsu Semiconductor America, Inc.( Kramer, Robert) (Entered: 01/04/2013) |
| 01/04/2013 | 427 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Fujitsu America, Inc.( Kramer, Robert) (Entered: 01/04/2013) |
| 01/04/2013 | 428 | RESPONSE to 361 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT 3M COGENT'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 01/04/2013) |
| 01/07/2013 | 429 | STIPULATION re 1 Complaint, *STIPULATION REGARDING WAIVER OF SERVICE* by BMAT Licensing, S.L.. (Attachments: # 1 Exhibit 1)(Findlay, Eric) (Entered: 01/07/2013) |
| 01/07/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 424 is granted pursuant to Local Rule CV-12 for Fujitsu Computer Products of America, Inc. to 1/24/2013. 15 Days Granted for Deadline Extension. ( mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 425 is granted pursuant to Local Rule CV-12 for Fujitsu Frontech North America, Inc. to 1/24/2013. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 426 is granted pursuant to Local Rule CV-12 for Fujitsu |

| | | |
|---|---|---|
| | | Semiconductor America, Inc. to 1/24/2013. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint 427 is granted pursuant to Local Rule CV-12 for Fujitsu America, Inc to 1/24/2013. 15 Days Granted for Deadline Extension.( mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | 430 | Unopposed MOTION to Substitute Attorney *and Withdraw Counsel* by Attributor Corporation. (Attachments: # 1 Text of Proposed Order)(Cleveland, Kristin) (Entered: 01/07/2013) |
| 01/07/2013 | 431 | REPLY to Response to Motion re 327 MOTION to Dismiss *the Complaint Under Fed. R. Civ. P. 12(b)(6)* filed by ImageWare Systems, Inc.. (Fazio, James) (Entered: 01/07/2013) |
| 01/07/2013 | 432 | REPLY to Response to Motion re 327 MOTION to Dismiss *the Complaint Under Fed. R. Civ. P. 12(b)(6) CORRECTED* filed by ImageWare Systems, Inc.. (Fazio, James) (Entered: 01/07/2013) |
| 01/07/2013 | 433 | ORDER granting 419 Motion for Discovery. Plaintiff Blue Spike shall have leave to serve jurisdictional discovery before the Rule 26(f) conference and prior to responding to TvTaks Motion to Dismiss. Signed by Judge Leonard Davis on 01/07/13. cc:attys 1-07-13 (mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | 434 | ORDER granting 422 Motion for Extension of Time to File Response/Reply re 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof*; Responses due by 2/4/2013. Signed by Judge Leonard Davis on 01/07/13. cc:attys 1-07-13 (mll, ) (Entered: 01/07/2013) |
| 01/07/2013 | 435 | REPLY to Response to Motion re 335 MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted filed by Yahoo! Inc*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Findlay, Eric) (Entered: 01/07/2013) |
| 01/08/2013 | 436 | ANSWER to 366 Amended Complaint,, COUNTERCLAIM against Blue Spike, LLC by ZKSoftware Biometric Identification Technology Co., Ltd..(Kramer, Robert) (Entered: 01/08/2013) |
| 01/08/2013 | 437 | CORPORATE DISCLOSURE STATEMENT filed by ZKSoftware Biometric Identification Technology Co., Ltd. (Kramer, Robert) (Entered: 01/08/2013) |
| 01/08/2013 | 438 | NOTICE of Attorney Appearance - Pro Hac Vice by Susan Dana Roeder on behalf of TuneCore, Inc.. Filing fee $ 100, receipt number 0540-3943177. (Roeder, Susan) (Entered: 01/08/2013) |
| 01/08/2013 | 439 | MOTION to Dismiss *Under Federal Rules 12(b)(6), 12(b)(5), and 12(b)(2)* by Innovatrics s.r.o.. (Attachments: # 1 Text of Proposed Order Granting Innovatrics' Motion to Dismiss Under Federal Rules 12(b)(6), 12(b)(5), and 12(b)(2))(Matz, Robert) (Entered: 01/08/2013) |
| 01/09/2013 | 440 | NOTICE of Attorney Appearance - Pro Hac Vice by Malcolm K Dort on behalf of NEC Corporation, NEC Corporation of America. Filing fee $ 100, receipt number 0540-3944467. (Dort, Malcolm) (Entered: 01/09/2013) |

| 01/09/2013 | 441 | NOTICE of Attorney Appearance - Pro Hac Vice by Kenneth L Nissly on behalf of TuneCore, Inc.. Filing fee $ 100, receipt number 0540-3944581. (Nissly, Kenneth) (Entered: 01/09/2013) |
|---|---|---|
| 01/09/2013 | 442 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of BMAT Licensing, S.L. (Lackey, Walter) (Entered: 01/09/2013) |
| 01/09/2013 | 443 | NOTICE of Attorney Appearance by Eric Hugh Findlay on behalf of Fulcrum Biometrics, LLC (Findlay, Eric) (Entered: 01/09/2013) |
| 01/09/2013 | 444 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Fulcrum Biometrics, LLC, NEUROtechnology (Lackey, Walter) (Entered: 01/09/2013) |
| 01/09/2013 | 456 | SUMMONS Issued as to CBS Corp. and emailed to pltf for service. (klb) (Entered: 01/11/2013) |
| 01/10/2013 | 445 | SUMMONS Issued as to Last.fm Ltd. and emailed to pltf for service. (klb) (Entered: 01/10/2013) |
| 01/10/2013 | 446 | NOTICE of Attorney Appearance - Pro Hac Vice by Maria A Maras on behalf of Precise Biometrics AB, Precise Biometrics, Inc.. Filing fee $ 100, receipt number 0540-3946873. (Maras, Maria) (Entered: 01/10/2013) |
| 01/10/2013 | 447 | NOTICE of Attorney Appearance - Pro Hac Vice by G William Foster on behalf of Precise Biometrics AB, Precise Biometrics, Inc.. Filing fee $ 100, receipt number 0540-3946884. (Foster, G) (Entered: 01/10/2013) |
| 01/10/2013 | 448 | NOTICE of Attorney Appearance by Russell E Levine on behalf of Precise Biometrics AB, Precise Biometrics, Inc. (Levine, Russell) (Entered: 01/10/2013) |
| 01/10/2013 | 449 | NOTICE of Attorney Appearance by Marc J Pensabene on behalf of The Echo Nest Corporation (Pensabene, Marc) (Entered: 01/10/2013) |
| 01/10/2013 | 450 | ANSWER to 1 Complaint, *Affirmative Defenses*, COUNTERCLAIM against Blue Spike, LLC by Fulcrum Biometrics, LLC.(Findlay, Eric) (Entered: 01/10/2013) |
| 01/10/2013 | 451 | CORPORATE DISCLOSURE STATEMENT filed by Fulcrum Biometrics, LLC identifying Corporate Parent None for Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 01/10/2013) |
| 01/10/2013 | 452 | ORDER granting 430 Motion to Substitute Attorney. Added attorney John D Vandenberg and Kristin L Cleveland for Attributor Corporation. Attorney Joshua M Masur terminated. Signed by Judge Leonard Davis on 01/10/13. cc:attys 1-10-13 (mll, ) (Entered: 01/10/2013) |
| 01/11/2013 | 453 | ANSWER to 1 Complaint, *Affirmative Defenses and*, COUNTERCLAIM against Blue Spike, LLC by NEC Corporation of America, NEC Corporation.(Race, Deborah) (Entered: 01/11/2013) |
| 01/11/2013 | 454 | CORPORATE DISCLOSURE STATEMENT filed by NEC Corporation, NEC Corporation of America (Race, Deborah) (Entered: 01/11/2013) |
| 01/11/2013 | 455 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of NEC Corporation, NEC Corporation of America (Carroll, Otis) (Entered: 01/11/2013) |

| 01/11/2013 | 457 | RESPONSE to 372 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT INTEGRATED BIOMETRICS' COUNTERCLAIMS] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 01/11/2013) |
| --- | --- | --- |
| 01/11/2013 | 458 | RESPONSE to 368 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANTS PRECISE BIOMETRICS, INC. and PRECISE BIOMETRICS AB'S COUNTERCLAIMS] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 01/11/2013) |
| 01/11/2013 | 459 | RESPONSE to 379 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANTS FULCRUM BIOMETRICS and NEUROTECHNOLOGY'S COUNTERCLAIMS] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 01/11/2013) |
| 01/11/2013 | 462 | Notice of Attorney Appearance - Pro Hac Vice by Attorney Louise C Stoupe for NEC Corporation, for NEC Corporation of America. Filing fee $100, receipt number 0540-3948637 (bsw, ) (Entered: 01/16/2013) |
| 01/15/2013 | 460 | Order reassigning this case to United States District Judge Michael H. Schneider per General Order 13-3. Please see Appendix D: Addendum Regarding Cases Assigned to Judge Schneider. Judge Leonard Davis no longer assigned to the case. (gsg) (Entered: 01/15/2013) |
| 01/15/2013 | 461 | NOTICE of Attorney Appearance by Susan Van Keulen on behalf of TuneCore, Inc. (Van Keulen, Susan) (Entered: 01/15/2013) |
| 01/17/2013 | 463 | ***FILED IN ERROR. SEE DOCKET ENTRY 465 FOR CORRECT PLEADING***<br>SUR-REPLY to Reply to Response to Motion re 335 MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted [Plaintiff Blue Spike, LLC files this Surreply in Opposition to the Motion to Dismiss filed by Defendant Yahoo! Inc.] filed by Blue Spike, LLC* . (Garteiser, Randall) Modified on 1/22/2013 (mll, ). (Entered: 01/17/2013) |
| 01/17/2013 | 464 | SUR-REPLY to Reply to Response to Motion re 335 MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted [Plaintiff Blue Spike, LLC files this Surreply in Opposition to the Motion to Dismiss filed by Defendant ImageWare Systems, Inc.] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 01/17/2013) |
| 01/22/2013 | 465 | SUR-REPLY to Reply to Response to Motion re 335 MOTION to Dismiss *Blue Spike, LLC's Complaint for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can be Granted CORRECTED (Dkt 463) filed by Blue Spike, LLC* . (Albritton, Eric) (Entered: 01/22/2013) |
| 01/22/2013 | 466 | NOTICE of Attorney Appearance by Darren E Donnelly on behalf of The Nielsen Company (US) LLC (Donnelly, Darren) (Entered: 01/22/2013) |
| 01/24/2013 | 467 | ANSWER to 176 Amended Complaint, by Fujitsu America, Inc, Fujitsu Computer Products of America, Inc., Fujitsu Frontech North America, Inc., Fujitsu Semiconductor America, Inc..(Kramer, Robert) (Entered: 01/24/2013) |

| 01/24/2013 | 468 | CORPORATE DISCLOSURE STATEMENT filed by Fujitsu America, Inc, Fujitsu Computer Products of America, Inc., Fujitsu Frontech North America, Inc., Fujitsu Semiconductor America, Inc. identifying Other Affiliate Fujitsu Frontech North America, Inc. for Fujitsu Frontech North America, Inc., Fujitsu Semiconductor America, Inc.; Other Affiliate Fujitsu Semiconductor America, Inc. for Fujitsu Computer Products of America, Inc.; Corporate Parent Fujitsu America, Inc. for Fujitsu America, Inc. (Kramer, Robert) (Entered: 01/24/2013) |
|---|---|---|
| 01/24/2013 | 469 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of The Nielsen Company (US) LLC (Lacy Kusters, David) (Entered: 01/24/2013) |
| 01/24/2013 | 470 | NOTICE of Attorney Appearance by Bryan Alexander Kohm on behalf of The Nielsen Company (US) LLC (Kohm, Bryan) (Entered: 01/24/2013) |
| 01/24/2013 | 471 | NOTICE of Attorney Appearance by Teresa Marie Corbin on behalf of The Nielsen Company (US) LLC (Corbin, Teresa) (Entered: 01/24/2013) |
| 01/25/2013 | 472 | AMENDED COMPLAINT *[FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST INNOVATRICS S.R.O. and SWIFT BIOMETRICS, INC.]* against Innovatrics s.r.o., filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 01/25/2013) |
| 01/28/2013 | 473 | NOTICE of Attorney Appearance by Charles Gideon Korrell on behalf of Lumidigm, Inc. (Korrell, Charles) (Entered: 01/28/2013) |
| 01/28/2013 | 474 | NOTICE of Attorney Appearance by Charles Gideon Korrell on behalf of SecuGen Corporation (Korrell, Charles) (Entered: 01/28/2013) |
| 01/28/2013 | 475 | NOTICE of Attorney Appearance by Charles Gideon Korrell on behalf of ZK Technology LLC, ZKSoftware Biometric Identification Technology Co., Ltd. (Korrell, Charles) (Entered: 01/28/2013) |
| 01/30/2013 | 476 | STIPULATION of Dismissal *of Integrated Biometrics, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 01/30/2013) |
| 01/31/2013 | 477 | ORDER re 476 Stipulation of Dismissal with Prejudice filed by Blue Spike, LLC pursuant to settlement. Claims and counterclaims asserted by and between plaintiff Blue Spike, LLC and defendant Integrated Biometrics, LLC are dismissed with prejudice. Signed by Judge Michael H. Schneider on 1/31/13. (mjc, ) (Entered: 01/31/2013) |
| 02/05/2013 | 478 | RESPONSE to 450 Answer to Complaint, Counterclaim *PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT FULCRUM BIOMETRICS' COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 02/05/2013) |
| 02/05/2013 | 479 | RESPONSE to 453 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT NEC'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 02/05/2013) |
| 02/05/2013 | 480 | Second MOTION for Extension of Time to File Response/Reply as to 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof for Bio-Metrica, LLC* by Blue Spike, LLC. (Attachments: # 1 |

| | | Text of Proposed Order)(Honea, Christopher) (Entered: 02/05/2013) |
|---|---|---|
| 02/05/2013 | 481 | NOTICE of Attorney Appearance by Teresa Marie Corbin on behalf of AOptix Technologies, Inc. (Corbin, Teresa) (Entered: 02/05/2013) |
| 02/05/2013 | 482 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re AOptix Technologies, Inc..( Corbin, Teresa) (Entered: 02/05/2013) |
| 02/05/2013 | 483 | NOTICE of Attorney Appearance by Bryan Alexander Kohm on behalf of AOptix Technologies, Inc. (Kohm, Bryan) (Entered: 02/05/2013) |
| 02/05/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for AOptix Technologies, Inc. to 3/11/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 02/14/2013) |
| 02/06/2013 | 484 | NOTICE of Attorney Appearance by Charles Gideon Korrell on behalf of 3M Cogent, Inc. (Korrell, Charles) (Entered: 02/06/2013) |
| 02/06/2013 | 485 | NOTICE of Attorney Appearance by Darren E Donnelly on behalf of AOptix Technologies, Inc. (Donnelly, Darren) (Entered: 02/06/2013) |
| 02/06/2013 | 486 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of AOptix Technologies, Inc. (Lacy Kusters, David) (Entered: 02/06/2013) |
| 02/06/2013 | 487 | RESPONSE to 436 Answer to Amended Complaint, Counterclaim *[PLAINTIFF'S REPLY TO DEFENDANT ZK SOFTWARE BIOMETRIC IDENTIFICATION TECHNOLOGY CO., LTD'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 02/06/2013) |
| 02/07/2013 | 488 | ANSWER to 366 Amended Complaint,, COUNTERCLAIM against Blue Spike, LLC by ZK Technology LLC.(Korrell, C.) (Entered: 02/07/2013) |
| 02/08/2013 | 489 | Return of Service Executed as to Last.fm Ltd. on 1/14/2013, by service on Texas Secretary of State; answer due: 2/4/2013. (mll, ) (Entered: 02/08/2013) |
| 02/11/2013 | 490 | Unopposed MOTION for Extension of Time to File *: Plaintiff's Notice of Related Cases for Consolidation and Unopposed Motion for Extension of Time to File Notice of Readiness for Scheduling Conference* by Blue Spike, LLC. (Attachments: # 1 Exhibit A - Recently Filed Related Cases, # 2 Text of Proposed Order)(Albritton, Eric) (Entered: 02/11/2013) |
| 02/12/2013 | 491 | ORDER granting 490 Motion for Extension of Time. Plaintiff shall file a notice of readiness for scheduling conference within five days after the last defendant in Appendix A to that motion answers or responds to Plaintiff's complaint or on 4-09-2013, whichever is earlier. Signed by Judge Michael H. Schneider on 02/12/13. cc:attys 2-12-13 (mll, ) (Entered: 02/12/2013) |
| 02/14/2013 | 492 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re CBS Corp. (Entered: 02/14/2013) |
| 02/14/2013 | 493 | Defendant's Unopposed First Application for Extension of Time to Answer Amended Complaint re Last.fm Ltd. (Entered: 02/14/2013) |
| 02/14/2013 | 494 | Defendant's Unopposed First Application for Extension of Time to Answer |

| | | |
|---|---|---|
| | | Complaint re CBS Interactive, Inc. (Entered: 02/14/2013) |
| 02/14/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for CBS Corp to 3/6/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 02/21/2013) |
| 02/14/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Last.fm Ltd. to 3/6/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 02/21/2013) |
| 02/14/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for CBS Interactive, Inc. to 3/11/2013. 30 Days Granted for Deadline Extension.(klb) (Entered: 02/21/2013) |
| 02/15/2013 | 495 | Unopposed MOTION for Extension of Time to File Response/Reply as to 356 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 02/15/2013) |
| 02/19/2013 | 496 | STIPULATION of Dismissal *for Only Miranda Technologies Inc., and Belden Inc.,* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order Granting AGREED MOTION TO DISMISS DEFENDANTS BELDEN INC. AND MIRANDA TECHNOLOGIES, INC.)(Garteiser, Randall) (Entered: 02/19/2013) |
| 02/20/2013 | 497 | Return of Service Executed as to CBS Corp on 2/12/2013, by cert mail; answer due: 3/5/2013. (mll, ) (Entered: 02/20/2013) |
| 02/21/2013 | 499 | ORDER granting 496 Stipulation of Dismissal, filed by Blue Spike, LLC. All claims and counterclaims between pltf and defts Belden Inc and Miranda Technologies Partnership are dismissed without prejudice. Parties shall bear their own attys' fees, expenses, and costs. Signed by Judge Michael H. Schneider on 02/21/13. cc:attys 2-24-13(mll, ) (Entered: 02/23/2013) |
| 02/22/2013 | 498 | ORDER granting 495 Motion for Extension of Time to File Response/Reply re 356 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue*; Responses due by 4/16/2013. No further extensions will be granted absent a showing of manifest injustice. Signed by Judge Michael H. Schneider on 02/22/13. cc:attys 2-22-13 (mll, ) (Entered: 02/22/2013) |
| 02/25/2013 | 500 | Unopposed MOTION to Withdraw as Attorney *Stephen E. Edwards in Lead Case and all Consolidated Civil Actions* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 02/25/2013) |
| 02/25/2013 | 501 | Unopposed MOTION to Continue *TIME TO RESPOND TO GREEN BIT, INC., GREEN BIT S.P.A. and GREEN BIT AMERICAS, INC.,'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order Granting UNOPPOSED MOTION FOR THIRD EXTENSION OF TIME TO RESPOND TO GREEN BIT, INC., GREEN BIT S.P.A. and GREEN BIT AMERICAS, INC.,'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE)(Garteiser, Randall) (Entered: 02/25/2013) |
| 02/25/2013 | 502 | MOTION for Discovery *(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's* |

| | | |
|---|---|---|
| | | *Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction]* by Blue Spike, LLC. (Attachments: # 1 Exhibit 1 - Proposed Draft Interrogatories to Vobile, Inc. as part of jurisdictional discovery, # 2 Exhibit 2 - Proposed Draft Rule 30(b)(6) Deposition Notice to Vobile, Inc., # 3 Exhibit 3 - Proposed Draft Requests for Production for Jurisdictional Discovery to Vobile, Inc., # 4 TEXT OF ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT VOBILE, INC.) (Garteiser, Randall) (Entered: 02/25/2013) |
| 02/26/2013 | 504 | ORDER granting 501 Motion to Continue. ORDERED that Plaintiff Blue Spike, LLC shall have until April 5, 2013, to respond to the Motion to Dismiss. Signed by Judge Michael H. Schneider on 2/26/2013. (gsg) (Entered: 02/27/2013) |
| 02/27/2013 | 503 | NOTICE by Blue Spike, LLC re 502 MOTION for Discovery *(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction]*(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction|(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction] (Attachments: # 1 Appendix Corrected Certificate of Service to Docket Number 502)(Albritton, Eric) (Entered: 02/27/2013) |
| 02/28/2013 | 505 | STIPULATION of Dismissal *of Yahoo!* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order Dismissing Yahoo!)(Garteiser, Randall) (Entered: 02/28/2013) |
| 02/28/2013 | 506 | STIPULATION of Dismissal *of Defendant NEC and its counterclaims* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order Dismissing Defendant NEC and its Counterclaims)(Garteiser, Randall) (Entered: 02/28/2013) |
| 02/28/2013 | 507 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Infinisource, Inc..( Corbin, Teresa) (Entered: 02/28/2013) |
| 02/28/2013 | 508 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Qqest Software Solutions, Inc..( Corbin, Teresa) (Entered: 02/28/2013) |
| 02/28/2013 | 509 | MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT ENSEQUENCE, INC. by Blue Spike, LLC. (Attachments: # 1 Exhibit 1 - Proposed Jurisdictional Interrogatories to Defendant Ensequence, # 2 Exhibit 2 - Proposed Jurisdictional Rule 30(b)(6) Deposition Notice to Defendant Ensequence, # 3 Exhibit 3 - Proposed Jurisdictional Requests for Production to Defendant Ensequence, # 4 Text of Proposed Order Granting PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM ENSEQUENCE, INC.)(Garteiser, Randall) (Entered: 02/28/2013) |
| 02/28/2013 | 510 | RESPONSE to 488 Answer to Amended Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT ZK TECHNOLOGY'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: |

| | | |
|---|---|---|
| | | 02/28/2013) |
| 03/01/2013 | 511 | MOTION for Discovery *(Jurisdictional) From Defendant TV Interactive* by Blue Spike, LLC. (Attachments: # 1 Exhibit 1 - Proposed Jurisdictional Interrogatories to Defendant TV Interactive, # 2 Exhibit 2 - Proposed Jurisdictional Rule 30(b)(6) Deposition Notice to Defendant TV Interactive, # 3 Exhibit 3 - Proposed Jurisdictional Requests for Production to Defendant TV Interactive, # 4 Text of Proposed Order Granting PLAINTIFF'S OPPOSED MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM TV INTERACTIVE)(Garteiser, Randall) (Entered: 03/01/2013) |
| 03/04/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 507 is granted pursuant to Local Rule CV-12 for Infinisource, Inc. to 4/11/2013. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 03/04/2013) |
| 03/04/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint 508 is granted pursuant to Local Rule CV-12 for Qqest Software Solutions, Inc. to 4/11/2013. 30 Days Granted for Deadline Extension.( mll, ) (Entered: 03/04/2013) |
| 03/04/2013 | 512 | ORDER granting 505 Stipulation of Dismissal filed by Blue Spike, LLC. All claims by pltf against deft Yahoo! are dismissed with prejudice. Each party shall bear their own atty fees and costs. Signed by Judge Michael H. Schneider on 03/04/13. cc:attys 3-05-13(mll, ) (Entered: 03/05/2013) |
| 03/04/2013 | 513 | ORDER granting 506 Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between pltf and defts NEC Corporation of America and NEC Corporation are dismissed with prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 03/04/13. cc:attys 3-05-13(mll, ) (Entered: 03/05/2013) |
| 03/04/2013 | 514 | Return of Service Executed as to Innovatrics s.r.o. on 2/13/2013, by personal service; answer due: 3/6/2013. (mll, ) (Entered: 03/06/2013) |
| 03/08/2013 | 515 | ORDER granting 480 Motion for Extension of Time to File Response/Reply re 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof*; Responses due by 3/18/2013. Signed by Judge Michael H. Schneider on 03/08/13. cc:attys 3-11-13 (mll, ) (Entered: 03/11/2013) |
| 03/11/2013 | 516 | ORDER granting 500 Motion to Withdraw as Attorney. Attorney Stephen Edwards terminated. Signed by Judge Michael H. Schneider on 03/08/13. cc:attys 3-11-13 (mll, ) (Entered: 03/11/2013) |
| 03/11/2013 | 517 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by BMAT Licensing, S.L..(Findlay, Eric) (Entered: 03/11/2013) |
| 03/11/2013 | 518 | MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue* by AOptix Technologies, Inc.. (Attachments: # 1 Declaration of Thomas Rainwater In Support of Defendant AOptix Technologies, Inc.'s Motion to Dismiss, # 2 Text of Proposed Order Granting Defendant AOptix Technologies, Inc.'s Motion to Dismiss)(Kohm, Bryan) (Entered: 03/11/2013) |
| 03/11/2013 | 519 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Text of Proposed Order Dismissing Defendants Green Bit, Inc., Green Bit S.p.A., and |

| | | Green Bit Americas, Inc.)(Garteiser, Randall) (Entered: 03/11/2013) |
|---|---|---|
| 03/11/2013 | 520 | MOTION to Dismiss *the Amended Complaint* by CBS Corp, Last.fm Ltd.. (Attachments: # 1 Affidavit Declaration of Simon Moran in Support of Motion to Dismiss, # 2 Text of Proposed Order Proposed Order)(Reines, Edward) (Entered: 03/11/2013) |
| 03/11/2013 | 521 | CORPORATE DISCLOSURE STATEMENT filed by CBS Corp, Last.fm Ltd. (Reines, Edward) (Entered: 03/11/2013) |
| 03/12/2013 | 522 | CORPORATE DISCLOSURE STATEMENT filed by CBS Corp (Reines, Edward) (Entered: 03/12/2013) |
| 03/12/2013 | 523 | NOTICE by NEC Corporation, NEC Corporation of America *Of Request for Termination of Electronic Notices* (Race, Deborah) (Entered: 03/12/2013) |
| 03/13/2013 | 524 | RESPONSE in Opposition re 502 MOTION for Discovery *(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction]*(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction](Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction] *filed by Vobile, Inc*. . (Attachments: # 1 Text of Proposed Order)(Stubbs, Samuel) (Entered: 03/13/2013) |
| 03/18/2013 | 525 | RESPONSE in Opposition re 509 MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT ENSEQUENCE, INC. *filed by Ensequence, Inc*. . (Sawyer, Douglas) (Additional attachment(s) added on 3/20/2013: # 1 Text of Proposed Order) (gsg, ). (Entered: 03/18/2013) |
| 03/18/2013 | 526 | Third MOTION for Extension of Time to File Response/Reply as to 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof of Bio-Metrica, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 03/18/2013) |
| 03/20/2013 | 527 | ORDER granting 526 Motion for Extension of Time to File Response/Reply re 375 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue and Brief in Support Thereof* ; Replies due by 4/8/2013. **No further extensions will be granted absent a showing of manifest injustice.** Signed by Judge Michael H. Schneider on 03/20/13. cc:attys 3-20-13 (mll, ) (Entered: 03/20/2013) |
| 03/20/2013 | 528 | CORPORATE DISCLOSURE STATEMENT filed by BMAT Licensing, S.L. identifying Corporate Parent Barcelona Music & Audio Technologies, S.L. for BMAT Licensing, S.L.. (Findlay, Eric) (Entered: 03/20/2013) |
| 03/26/2013 | 529 | REPLY to Response to Motion re 502 MOTION for Discovery *(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction]*(Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of |

| | | |
|---|---|---|
| | | Personal Jurisdiction](Jurisdictional Discovery) [Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery with respect to Defendant Vobile, Inc.'s, who filed a Motion to Dismiss Based Upon Lack of Personal Jurisdiction] *filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser In Support Of Plaintiff's Reply Supporting Its Motion to Authorize Jurisdictional Discovery From Defendant Vobile, Inc., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Garteiser, Randall) (Entered: 03/26/2013) |
| 03/26/2013 | 530 | ORDER OF CONSOLIDATION. The above listed cases are hereby consolidated into cause number 6:12cv499, Blue Spike, LLC v. Texas Instruments, Inc., for all pretrial purposes, including discovery and claim construction. The Clerk of the Court shall add the consolidated defendants to the lead case, as well as lead counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The Clerk shall close all cases listed above other than the lead case. **Any motions including motions challenging venue or jurisdiction filed prior to consolidation in all cases must be refiled in the consolidated case 6:12cv499 to be considered by the Court.** The Court ORDERS Plaintiff to file a notice of readiness for scheduling conference when all Defendants in the consolidated case have either answered or filed a motion to transfer or dismiss. The notice must be filed within five days of the last remaining Defendants answer or motion. The notice must include a list of any pending motions to dismiss or transfer and a list of any other related cases filed in the Eastern District of Texas involving the same patents. If the consolidated case is not ready for scheduling conference within 90 days of this order, Plaintiff must file a detailed status report explaining the reason for the delay. Furthermore, attorney Stephen E. Edwards has moved to withdraw from several of the cases listed above. The Court GRANTS the motions in all cases in which it is pending. Signed by Judge Michael H. Schneider on 03/25/13. cc:attys 3-26-13(mll, ) (Entered: 03/26/2013) |
| 03/26/2013 | 531 | ANSWER to 1 Complaint, *Affirmative Defenses*, COUNTERCLAIM against Blue Spike, LLC by Asure Software, Inc..(Rodriguez, Miguel) (Entered: 03/26/2013) |
| 03/26/2013 | 532 | ANSWER to 1 Complaint, by Anviz Global, Inc..(Morgado, Dale) Modified on 3/27/2013 (mll, ). (Entered: 03/26/2013) |
| 03/26/2013 | | **Consolidated Defendants added per 530 Order of Consolidation:** DigitalPersona Corporation (6:12cv759); Accu-Time Systems Inc (6:13cv37); Animetrics Inc (6:13cv38); Anviz Global Inc (6:13cv39); AOptix Technologies Inc (6:13cv40); Asure Software Inc (6:13cv44); Biometrika srl (6:13cv45); Dermalog Identification Systems GmbH (6:13cv53); Futronic Technology Co Ltd (6:13cv54); Iritech Inc (6:13cv55); Nitgen & Company Co Ltd (6:13cv56); Suprema Inc (6:13cv57); Sonda Technologies Ltd (6:13cv58); SpeechPro Inc, Speech Technology Center LLC (6:13cv59); CBS Interactive Inc (6:13cv60); M2SYS LLC (6:13cv83); Tygart Technology Inc (6:13cv84); Kronos Incorporated (6:13cv86); Hitachi America Ltd (6:13cv87); Iris ID Systems Inc (6:13cv88); MorphoTrak Inc, Safran USA Inc (6:13cv89); AxxonSoft US Inc, Axxonsoft Ltd (6:13cv106); Ingersoll-Rand Company (6:13cv108); Amano Cincinnati Inc (6:13cv109); Smart Media Innovations LLC, Smart Media Innovations Ltd (6:13cv110); Airborne Biometrics Group Inc (6:13cv112); Cognitec Systems Corporation, Cognitec Systems GmbH (6:13cv124); Entropic |

| | | |
|---|---|---|
| | | Communications Inc (6:13cv125); Visible World Inc (6:13cv126); Infinisource Inc, Qqest Software Solutions Inc (6:13cv127); Enswers Inc (6:13cv128); Agnitio Corp (6:13cv129); Zvetco LLC (6:13cv130). (mll, ) (Entered: 03/26/2013) |
| 03/27/2013 | 533 | MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* by Entropic Communications, Inc.. (Attachments: # 1 Declaration of Alan Blankenheimer, # 2 Exhibit A - U S Ethernet Innovations LLC v Cirrus Logic Inc No 612-cv-366 (E D Tex Feb 7 2013), # 3 Exhibit B - Klausner Techs Inc v Oracle Corp Case No 611-cv-556 (E D Tex Sept 10 2012), # 4 Exhibit C - MacroSolve v United Airlines Inc No 611-cv-694 (E D Tex July 30 2012), # 5 Exhibit D - MacroSolve v United Airlines Inc No 611-cv-694 (E D Tex August 22 2012), # 6 Text of Proposed Order)(Jones, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 534 | MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof* by Animetrics, Inc.. (Attachments: # 1 Exhibit - Declaration of Paul Schuepp, # 2 Text of Proposed Order)(Harkins, J) (Entered: 03/27/2013) |
| 03/27/2013 | 535 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Iritech, Inc. (Lackey, Walter) (Entered: 03/27/2013) |
| 03/27/2013 | 536 | NOTICE of Attorney Appearance by Joshua Paul Larsen on behalf of Ingersoll-Rand Company (Larsen, Joshua) (Entered: 03/27/2013) |
| 03/27/2013 | 537 | CORPORATE DISCLOSURE STATEMENT filed by Iritech, Inc. identifying Corporate Parent None for Iritech, Inc.. (Findlay, Eric) (Entered: 03/27/2013) |
| 03/27/2013 | 538 | NOTICE by Yahoo! Inc. *of Request for Termination of Electronic Notices for Attorneys Douglas Lumish, Alfredo Perez de Alejo, Gabriel Gross and Parker Ankrum* (Findlay, Eric) (Entered: 03/27/2013) |
| 03/27/2013 | 539 | MOTION to Dismiss *re-filed from Dec. 10, 2012* by ImageWare Systems, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Fazio, James) (Entered: 03/27/2013) |
| 03/27/2013 | 540 | MOTION to Change Venue *re-filed from Jan. 7, 2013 in Case No. 12cv688* by ImageWare Systems, Inc.. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Text of Proposed Order, # 4 Certificate of Service)(Fazio, James) (Entered: 03/27/2013) |
| 03/27/2013 | 541 | First MOTION for Extension of Time to File Response/Reply as to 518 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue AOptix Technolohgies, Inc.'s Motion to Dismiss* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 03/27/2013) |
| 03/27/2013 | 542 | MOTION to Dismiss for Lack of Jurisdiction *Re-filed from December 21, 2012 (Case No. 6:12-cv-499)* by Bio-Metrica LLC. (Attachments: # 1 Affidavit Ronan Yacobi, # 2 Text of Proposed Order)(Motolenich-Salas, Kenneth) (Entered: 03/27/2013) |
| 03/27/2013 | 543 | First MOTION for Extension of Time to File Response/Reply as to 534 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof Animetrics Inc.'s Motion to Dismiss* by Blue |

| | | |
|---|---|---|
| | | Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 03/27/2013) |
| 03/28/2013 | 544 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Enswers, Inc..( Jones, Michael) (Entered: 03/28/2013) |
| 03/28/2013 | 545 | NOTICE of Attorney Appearance by Harry Lee Gillam, Jr on behalf of Iris ID Systems, Inc. (Gillam, Harry) (Entered: 03/28/2013) |
| 03/28/2013 | 546 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of Airborne Biometrics Group, Inc. (Smith, Melissa) (Entered: 03/28/2013) |
| 03/28/2013 | 547 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of Speech Technology Center, LLC, SpeechPro, Inc. (Smith, Melissa) (Entered: 03/28/2013) |
| 03/28/2013 | 548 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of TuneCore, Inc. (Smith, Melissa) (Entered: 03/28/2013) |
| 03/28/2013 | 549 | NOTICE of Attorney Appearance by Gregory Blake Thompson on behalf of Visible World, Inc. (Thompson, Gregory) (Entered: 03/28/2013) |
| 03/28/2013 | 550 | NOTICE of Attorney Appearance by Jordan A Sigale on behalf of Viggle, Inc., (Sigale, Jordan) (Entered: 03/28/2013) |
| 03/28/2013 | 551 | NOTICE of Attorney Appearance by Lana H Carnel on behalf of Viggle, Inc., (Carnel, Lana) (Entered: 03/28/2013) |
| 03/28/2013 | 552 | NOTICE of Attorney Appearance by Laura Ann Wytsma on behalf of Viggle, Inc., (Wytsma, Laura) (Entered: 03/28/2013) |
| 03/28/2013 | 553 | NOTICE of Attorney Appearance by Andy Tindel on behalf of Visible World, Inc. (Tindel, Andy) (Entered: 03/28/2013) |
| 03/28/2013 | 554 | ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Speech Technology Center, LLC, SpeechPro, Inc..(Smith, Melissa) (Entered: 03/28/2013) |
| 03/28/2013 | 555 | DEMAND for Trial by Jury by Speech Technology Center, LLC, SpeechPro, Inc.. (Smith, Melissa) (Entered: 03/28/2013) |
| 03/28/2013 | 556 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re AxxonSoft US, Inc., Axxonsoft Ltd..( Milch, Erik) (Entered: 03/28/2013) |
| 03/28/2013 | 557 | CORPORATE DISCLOSURE STATEMENT filed by Asure Software, Inc. (Rodriguez, Miguel) (Entered: 03/28/2013) |
| 03/28/2013 | 558 | MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from October 22, 2012 (Case No. 6:12-cv-568)* by Ensequence, Inc.. (Attachments: # 1 Declaration of Aslam Khader, # 2 Exhibit A to Khader Declaration, # 3 Exhibit B to Khader Declaration, # 4 Text of Proposed Order)(Sawyer, Douglas) Modified on 3/28/2013 (mll, ). (Entered: 03/28/2013) |
| 03/28/2013 | 559 | Second MOTION for Extension of Time to File Answer by Smart Media Innovations Ltd., Smart Media Innovations, LLC. (Motolenich-Salas, Kenneth) |

| | | (Entered: 03/28/2013) |
|---|---|---|
| 03/28/2013 | 560 | MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Insufficient Service of Process, re-filed from Nov. 26, 2012 in Case No. 12cv572* by Technicolor S.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Text of Proposed Order)(Carter, Richard) (Entered: 03/28/2013) |
| 03/28/2013 | 561 | REPLY to Response to Motion re 509 MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT ENSEQUENCE, INC. *filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 03/28/2013) |
| 03/28/2013 | 562 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Case No. 6:13-cv-45)* against Blue Spike, LLC by Fulcrum Biometrics, LLC.(Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 563 | DEMAND for Trial by Jury by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 564 | CORPORATE DISCLOSURE STATEMENT filed by Fulcrum Biometrics, LLC identifying Corporate Parent None for Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 565 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-53)* against Blue Spike, LLC by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 566 | DEMAND for Trial by Jury by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 567 | CORPORATE DISCLOSURE STATEMENT filed by Fulcrum Biometrics, LLC identifying Corporate Parent None for Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 568 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-54)* against Blue Spike, LLC by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 569 | DEMAND for Trial by Jury by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 570 | CORPORATE DISCLOSURE STATEMENT filed by Fulcrum Biometrics, LLC identifying Corporate Parent None for Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 571 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-57)* against Blue Spike, LLC by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 572 | DEMAND for Trial by Jury by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/28/2013 | 573 | CORPORATE DISCLOSURE STATEMENT filed by Fulcrum Biometrics, LLC identifying Corporate Parent None for Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 03/28/2013) |
| 03/29/2013 | 574 | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of TuneSat, |

| | | |
|---|---|---|
| | | LLC (Hill, Jack) (Entered: 03/29/2013) |
| 03/29/2013 | 575 | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of Technicolor S.A., Technicolor USA, Inc. (Hill, Jack) (Entered: 03/29/2013) |
| 03/29/2013 | 576 | MOTION to Dismiss by Accu-Time Systems, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Crocker, Scott) (Entered: 03/29/2013) |
| 03/29/2013 | 577 | MOTION to Dismiss by Amano Cincinnati, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Crocker, Scott) (Entered: 03/29/2013) |
| 03/29/2013 | 578 | CORPORATE DISCLOSURE STATEMENT filed by Amano Cincinnati, Inc. identifying Corporate Parent Amano USA Holdings, Inc. for Amano Cincinnati, Inc.. (Crocker, Scott) (Entered: 03/29/2013) |
| 03/29/2013 | 579 | CORPORATE DISCLOSURE STATEMENT filed by Accu-Time Systems, Inc. identifying Corporate Parent Amano USA Holdings, Inc. for Accu-Time Systems, Inc.. (Crocker, Scott) (Entered: 03/29/2013) |
| 04/01/2013 | 580 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re M2SYS, LLC.(Findlay, Eric). (Entered: 04/01/2013) |
| 04/01/2013 | 581 | NOTICE of Attorney Appearance by James Mark Mann on behalf of Visible World, Inc. (Mann, James) (Entered: 04/01/2013) |
| 04/01/2013 | 582 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Iris ID Systems, Inc.( Gillam, Harry) (Entered: 04/01/2013) |
| 04/01/2013 | 583 | NOTICE of Attorney Appearance - Pro Hac Vice by Anthony S Volpe on behalf of Accu-Time Systems, Inc., Amano Cincinnati, Inc.. Filing fee $ 100, receipt number 0540-4071830. (Volpe, Anthony) (Entered: 04/01/2013) |
| 04/01/2013 | 584 | NOTICE of Attorney Appearance - Pro Hac Vice by Ryan William O'Donnell on behalf of Accu-Time Systems, Inc., Amano Cincinnati, Inc.. Filing fee $ 100, receipt number 0540-4071993. (O'Donnell, Ryan) (Entered: 04/01/2013) |
| 04/01/2013 | 585 | NOTICE of Attorney Appearance - Pro Hac Vice by Aneesh A Mehta on behalf of Accu-Time Systems, Inc., Amano Cincinnati, Inc.. Filing fee $ 100, receipt number 0540-4072026. (Mehta, Aneesh) (Entered: 04/01/2013) |
| 04/01/2013 | 586 | NOTICE of Attorney Appearance by Brian D Roche on behalf of TuneSat, LLC (Roche, Brian) (Entered: 04/01/2013) |
| 04/01/2013 | 587 | CORPORATE DISCLOSURE STATEMENT filed by Speech Technology Center, LLC, SpeechPro, Inc. (Smith, Melissa) (Entered: 04/01/2013) |
| 04/01/2013 | 588 | MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680* by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc.. (Attachments: # 1 Affidavit D. Johnson Jr. Declaration in Support, # 2 Exhibit Exs. 1-3 to D. Johnson Jr. Declaration, # 3 Affidavit M. Lazzouni Declaration in Support, # 4 Affidavit C. Thomasson Declaration in Support, # 5 Text of Proposed Order) (Johnson, Daniel) (Entered: 04/01/2013) |
| 04/01/2013 | 589 | NOTICE of Attorney Appearance by D James Pak on behalf of Suprema, Inc. |

| | | |
|---|---|---|
| | | (Pak, D) (Entered: 04/01/2013) |
| 04/01/2013 | 590 | SUR-REPLY to Reply to Response to Motion re 560 MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Insufficient Service of Process, re-filed from Nov. 26, 2012 in Case No. 12cv572 [PLAINTIFF'S SURREPLY TO DEFENDANT TECHNICOLOR SAS MOTION TO DISMISS from Case No. 6:12-cv-00572 at Dkt. 27] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 04/01/2013) |
| 04/01/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Iris ID Systems, Inc. to 4/18/2013. 15 Days Granted for Deadline Extension.(gsg) (Entered: 04/02/2013) |
| 04/02/2013 | 591 | NOTICE of Attorney Appearance - Pro Hac Vice by Cecilia Sanabria on behalf of Iris ID Systems, Inc.. Filing fee $ 100, receipt number 0540-4072974. (Sanabria, Cecilia) (Entered: 04/02/2013) |
| 04/02/2013 | 592 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Infinisource, Inc..( Corbin, Teresa) (Entered: 04/02/2013) |
| 04/03/2013 | 593 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of M2SYS, LLC, Soundcloud Ltd., Soundcloud, Inc. (Lackey, Walter) (Entered: 04/03/2013) |
| 04/03/2013 | 594 | MOTION to Dismiss, MOTION to Change Venue by Tygart Technology, Inc.. (Attachments: # 1 Exhibit A - Affidavit of Kirby, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order Motion to Dismiss, # 7 Text of Proposed Order Motion to Transfer)(McSwane, Douglas) (Entered: 04/03/2013) |
| 04/03/2013 | 595 | CORPORATE DISCLOSURE STATEMENT filed by Tygart Technology, Inc. identifying Corporate Parent None for Tygart Technology, Inc.. (McSwane, Douglas) (Entered: 04/03/2013) |
| 04/03/2013 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Infinisource, Inc. to 4/26/2013. 15 Days Granted for Deadline Extension.( gsg ) (Entered: 04/03/2013) |
| 04/03/2013 | 596 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-86)* against Blue Spike, LLC by Kronos Incorporated. (Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 597 | CORPORATE DISCLOSURE STATEMENT filed by Kronos Incorporated identifying Corporate Parent Kronos Acquisition Corporation, Corporate Parent Kronos Parent Corporation for Kronos Incorporated. (Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 598 | NOTICE of Attorney Appearance by Rajeev Gupta on behalf of Iris ID Systems, Inc. (Gupta, Rajeev) (Entered: 04/03/2013) |
| 04/03/2013 | 599 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-89)* against Blue Spike, LLC by Safran USA, Inc..(Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 600 | CORPORATE DISCLOSURE STATEMENT filed by Safran USA, Inc. |

| | | identifying Corporate Parent Safran, S.A. for Safran USA, Inc.. (Johnson, Daniel) (Entered: 04/03/2013) |
|---|---|---|
| 04/03/2013 | 601 | MOTION to Dismiss *under Rule 12(b)(6)* by Ingersoll-Rand Company. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A - U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc., # 3 Exhibit B - Klausner Techs., Inc. v. Oracle Corp., # 4 Exhibit C - MacroSolve, Inc. v. Continental Airlines, Inc., # 5 Exhibit D - Patent Harbor, LLC v. DreamWorks Animation SKG)(Hunt, Paul) (Entered: 04/03/2013) |
| 04/03/2013 | 602 | ***FILED IN ERROR, PLEASE IGNORE***STIPULATION *Regarding Waiver of Service* by Blue Spike, LLC, Suprema, Inc.. (Attachments: # 1 Exhibit Executed Waiver of the Service of Summons)(Rankin, Weldon) Modified on 4/4/2013 (sm, ). (Entered: 04/03/2013) |
| 04/03/2013 | 603 | Return of Service Executed as to Visible World, Inc. on 2/19/2013, by cert mail. (mll, ) (Entered: 04/03/2013) |
| 04/03/2013 | 604 | NOTICE of Attorney Appearance by Jennifer Parker Ainsworth on behalf of Ingersoll-Rand Company (Ainsworth, Jennifer) (Entered: 04/03/2013) |
| 04/03/2013 | 605 | ANSWER to Complaint, COUNTERCLAIM *(Re: Closed Consolidated Civil Action No. 6:13-cv-89)* against Blue Spike, LLC by MorphoTrak, Inc..(Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 606 | CORPORATE DISCLOSURE STATEMENT filed by MorphoTrak, Inc. identifying Corporate Parent Morpho USA, Inc., Corporate Parent Safran, S.A., Corporate Parent Safran, USA Inc. for MorphoTrak, Inc.. (Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 607 | *Airborne Biometrics* ANSWER to Complaint, COUNTERCLAIM against Airborne Biometrics Group, Inc. by Airborne Biometrics Group, Inc..(Dammann, Reid) (Entered: 04/03/2013) |
| 04/03/2013 | 608 | NOTICE of Attorney Appearance by Reid E Dammann on behalf of Airborne Biometrics Group, Inc. (Dammann, Reid) (Entered: 04/03/2013) |
| 04/03/2013 | 609 | CORPORATE DISCLOSURE STATEMENT filed by Airborne Biometrics Group, Inc. (Dammann, Reid) (Entered: 04/03/2013) |
| 04/03/2013 | 610 | MOTION to Change Venue by Kronos Incorporated. (Attachments: # 1 Affidavit Daniel Skiba Decl. in Support, # 2 Affidavit Daniel Johnson, Jr. Decl. in Support, # 3 Exhibit 1 to Johnson Decl., # 4 Exhibit 2 to Johnson Decl., # 5 Exhibit 3 to Johnson Decl., # 6 Exhibit 4 to Johnson Decl., # 7 Exhibit 5 to Johnson Decl., # 8 Exhibit 6 to Johnson Decl., # 9 Exhibit 7 to Johnson Decl., # 10 Exhibit 8 to Johnson Decl., # 11 Exhibit 9 to Johnson Decl., # 12 Exhibit 10 to Johnson Decl., # 13 Exhibit 11 to Johnson Decl., # 14 Exhibit 12 to Johnson Decl., # 15 Text of Proposed Order)(Johnson, Daniel) (Entered: 04/03/2013) |
| 04/03/2013 | 611 | MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* by MorphoTrak, Inc., Safran USA, Inc.. (Attachments: # 1 Affidavit Daniel Johnson, Jr., # 2 Exhibit 1 to Johnson Declaration, # 3 Exhibit 2 to Johnson Declaration, # 4 Exhibit 3 to Johnson Declaration, # 5 Affidavit Mark G. Melnick, # 6 Affidavit Robert Horton, # 7 Text of Proposed Order)(Johnson, Daniel) (Entered: 04/03/2013) |

| 04/04/2013 | [612](#) | CORPORATE DISCLOSURE STATEMENT filed by Ingersoll-Rand Company identifying Corporate Parent Ingersoll-Rand plc, Corporate Parent Ingersoll-Rand Lux Holdings S.a.r.L for Ingersoll-Rand Company. (Hunt, Paul) (Entered: 04/04/2013) |
|---|---|---|
| 04/04/2013 | | ***FILED IN ERROR, Waivers of Service to be filed only by Clerk, per local rules. Document # 602, Stipulation. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 04/04/2013) |
| 04/04/2013 | [613](#) | REPLY to Response to Motion re [588](#) MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680 (Reply re-filed from January 10, 2013 in Case No. 6:12-cv-00680) filed by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc.*. (Attachments: # [1](#) Affidavit D. Johnson Jr., # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Affidavit M. Lazzouni)(Johnson, Daniel) (Entered: 04/04/2013) |
| 04/04/2013 | [614](#) | Unopposed MOTION for Extension of Time to File Response/Reply as to [533](#) MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) for Entropic Communications, Inc.* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order)(Honea, Christopher) (Entered: 04/04/2013) |
| 04/04/2013 | [615](#) | NOTICE of Attorney Appearance by Weldon Barton Rankin on behalf of Suprema, Inc. (Rankin, Weldon) (Entered: 04/04/2013) |
| 04/04/2013 | [616](#) | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Qqest Software Solutions, Inc..( Corbin, Teresa) (Entered: 04/04/2013) |
| 04/05/2013 | [617](#) | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Agnitio Corp.( Schortgen, Steven) (Entered: 04/05/2013) |
| 04/05/2013 | [618](#) | NOTICE of Attorney Appearance by Alyssa Margaret Caridis on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Caridis, Alyssa) (Entered: 04/05/2013) |
| 04/05/2013 | [619](#) | NOTICE of Attorney Appearance by Christopher R Ottenweller on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related |

| | | |
|---|---|---|
| | | Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Ottenweller, Christopher) (Entered: 04/05/2013) |
| 04/05/2013 | 620 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 TEXT OF PROPOSED ORDER ON VOLUNTARY DISMISSAL OF DEFENDANTS BIOLINK SOLUTIONS LTD., AND BIO-METRICA, LLC, WITHOUT PREJUDICE)(Garteiser, Randall) (Entered: 04/05/2013) |
| 04/08/2013 | 621 | NOTICE of Attorney Appearance - Pro Hac Vice by Ryan A Kurtz on behalf of Biometrika, s.r.l.. Filing fee $ 100, receipt number 0540-4081867. (Kurtz, Ryan) (Entered: 04/08/2013) |
| 04/08/2013 | 622 | ***FILED IN ERROR. DISREGARD.*** WAIVER OF SERVICE Returned Executed by Blue Spike, LLC. BMAT Licensing, S.L. waiver sent on 12/11/2012, answer due 2/11/2013. (gsg) Modified on 4/9/2013 (gsg). (Entered: 04/08/2013) |
| 04/08/2013 | 623 | SUR-REPLY to Reply to Response to Motion re 509 MOTION TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT ENSEQUENCE, INC. *filed by Ensequence, Inc.*. (Attachments: # 1 Khader Declaration In Support Of Sur-Reply)(Sawyer, Douglas) (Entered: 04/08/2013) |
| 04/08/2013 | 624 | NOTICE of Attorney Appearance by Bas de Blank on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc., Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (de Blank, Bas) (Entered: 04/08/2013) |
| 04/08/2013 | 625 | MOTION to Dismiss for Lack of Jurisdiction by Cognitec Systems Corporation. (Attachments: # 1 Exhibit Declaration of Kelesoglu, # 2 Text of Proposed Order) (Goetzel, Dwayne) (Entered: 04/08/2013) |
| 04/08/2013 | 626 | MOTION to Dismiss for Lack of Jurisdiction by Cognitec Systems GmbH. (Attachments: # 1 Exhibit Declaration of Herrera, # 2 Text of Proposed Order) (Goetzel, Dwayne) (Entered: 04/08/2013) |
| 04/08/2013 | 627 | WAIVER OF SERVICE Returned Executed by Blue Spike, LLC. Suprema, Inc. waiver sent on 4/5/2013, answer due 7/4/2013. Suprema is located in South Korea. (gsg) (Entered: 04/08/2013) |
| 04/08/2013 | 628 | Defendant's Unopposed Application for Extension of Time to Answer Complaint re Biometrika, s.r.l..( Barnes, Stephanie) (Entered: 04/08/2013) |
| 04/08/2013 | 647 | WAIVER OF SERVICE Returned Executed by Blue Spike, LLC. BMAT Licensing, S.L. waiver sent on 12/11/2012, answer due 3/11/2013. BMAT located in Spain. (gsg) (Entered: 04/15/2013) |
| 04/09/2013 | 629 | MOTION to Dismiss *for Insufficient Service of Process* by Biometrika, s.r.l.. (Attachments: # 1 Exhibit A)(Kurtz, Ryan) (Additional attachment(s) added on 4/10/2013: # 2 Text of Proposed Order) (mll, ). (Entered: 04/09/2013) |

| 04/09/2013 | 630 | CORPORATE DISCLOSURE STATEMENT filed by Biometrika, s.r.l. identifying Corporate Parent Umpi Elettronica Srl for Biometrika, s.r.l.. (Kurtz, Ryan) (Entered: 04/09/2013) |
|---|---|---|
| 04/09/2013 | 631 | ANSWER to Complaint *(Re: Closed Consolidated Civil Action No. 6:13-cv-130)* by Zvetco, LLC.(Huntsman, Robert) (Entered: 04/09/2013) |
| 04/09/2013 | 632 | ORDER granting 614 Motion for Extension of Time to File Response/Reply re 533 MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)*; Responses due by 4/15/2013; Replies due by 4/25/2013; Sur-Reply due 5-06-2013. Signed by Judge Michael H. Schneider on 04/09/13. (mll, ) (Entered: 04/09/2013) |
| 04/09/2013 | 633 | ORDER granting 620 Notice of Voluntary Dismissal filed by Blue Spike, LLC. Defendants BIOLINK SOLUTIONS LTD., and BIO-METRICA, LLC are hereby DISMISSED without prejudice. Signed by Judge Michael H. Schneider on 04/09/13. (mll, ) (Entered: 04/09/2013) |
| 04/11/2013 | 634 | NOTICE of Designation of Attorney in Charge to Randall T Garteiser on behalf of Blue Spike, LLC (Garteiser, Randall) (Entered: 04/11/2013) |
| 04/11/2013 | 635 | NOTICE of Attorney Appearance by Kirk Anderson on behalf of Blue Spike, LLC (Anderson, Kirk) (Entered: 04/11/2013) |
| 04/11/2013 | 636 | ANSWER to Complaint, COUNTERCLAIM against Blue Spike, LLC by Visible World, Inc..(Tindel, Andy) (Entered: 04/11/2013) |
| 04/11/2013 | 637 | DEMAND for Trial by Jury by Visible World, Inc.. (Tindel, Andy) (Entered: 04/11/2013) |
| 04/11/2013 | 638 | CORPORATE DISCLOSURE STATEMENT filed by Visible World, Inc. (Tindel, Andy) (Entered: 04/11/2013) |
| 04/11/2013 | 639 | NOTICE of Attorney Appearance by Peter Stuart Brasher on behalf of Blue Spike, LLC (Brasher, Peter) (Entered: 04/11/2013) |
| 04/11/2013 | 640 | RESPONSE in Opposition re 533 MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) to Entropic Communications, Inc.'s Motion to Dismiss filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/11/2013) |
| 04/12/2013 | 641 | MOTION to Dismiss for Lack of Jurisdiction by TV Interactive Systems, Inc.. (Attachments: # 1 Affidavit OF JOHN MICHAEL COLLETTE, JR. IN SUPPORT OF DEFENDANT TV INTERACTIVE SYSTEMS, INC.S MOTION TO DISMISS, # 2 Exhibit A TO AFFIDAVIT OF JOHN MICHAEL COLLETTE, JR. IN SUPPORT OF DEFENDANT TV INTERACTIVE SYSTEMS, INC.S MOTION TO DISMISS, # 3 Text of Proposed Order)(Kao, Christopher) (Entered: 04/12/2013) |

| 04/12/2013 | 642 | CORPORATE DISCLOSURE STATEMENT filed by TV Interactive Systems, Inc., TV Interactive Systems, Inc. (Kao, Christopher) (Entered: 04/12/2013) |
|---|---|---|
| 04/12/2013 | 643 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***MOTION to Dismiss for Lack of Jurisdiction *or in the Alternative, Motion to Transfer* by Soundmouse Ltd.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Beard, Ryan) Modified on 4/12/2013 (sm, ). (Entered: 04/12/2013) |
| 04/12/2013 | 644 | MOTION to Dismiss *for Insufficient Service of Process* by Soundmouse Ltd.. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Beard, Ryan) (Entered: 04/12/2013) |
| 04/12/2013 | | NOTICE of DEFICIENCY regarding the #643 Motion to dismiss submitted by Soundmouse Ltd.. Exhibits not identified per local rules. Correction should be made by 1 business day and refiled. Motion now TERMINATED. (sm, ) (Entered: 04/12/2013) |
| 04/12/2013 | 645 | MOTION to Dismiss by AxxonSoft US, Inc., Axxonsoft Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Text of Proposed Order)(Milch, Erik) (Entered: 04/12/2013) |
| 04/12/2013 | 646 | FINANCIAL AFFIDAVIT by AxxonSoft US, Inc., Axxonsoft Ltd.. (Milch, Erik) (Entered: 04/12/2013) |
| 04/15/2013 | 648 | MOTION to Dismiss for Lack of Jurisdiction , *or in the Alternative, Motion to Transfer* by Soundmouse Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Beard, Ryan) (Entered: 04/15/2013) |
| 04/15/2013 | 649 | Unopposed MOTION to Withdraw as Attorney *Plaintiffs Unopposed Motion to Withdraw Eric M. Albritton and Michael A. Benefield as Counsel of Record* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Albritton, Eric) (Entered: 04/15/2013) |
| 04/15/2013 | 650 | RESPONSE in Opposition re 577 MOTION to Dismiss *filed by Blue Spike, LLC* . (Attachments: # 1 DECLARATION OF RANDALL GARTEISER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT AMANO CINCINNATI, INC.'S MOTION TO DISMISS (DKT. 577), # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/15/2013) |
| 04/15/2013 | 651 | RESPONSE in Opposition re 576 MOTION to Dismiss *filed by Blue Spike, LLC* . (Attachments: # 1 DECLARATION OF RANDALL GARTEISER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ACCU-TIME SYSTEMS, INC.'S MOTION TO DISMISS (DKT. 576), # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/15/2013) |
| 04/16/2013 | 652 | RESPONSE to 537 Corporate Disclosure Statement *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT IRITECH'S COUNTERCLAIMS Originally filed in Case No. 6:12-cv-055, at Dkt. No. 16)]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/16/2013) |
| 04/16/2013 | 653 | RESPONSE to 531 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY* |

| | | |
|---|---|---|
| | | *IN RESPONSE TO DEFENDANT ASURE SOFTWARE'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/16/2013) |
| 04/16/2013 | 654 | RESPONSE to 517 Answer to Complaint, Counterclaim *[PLAINTIFFS REPLY IN RESPONSE TO DEFENDANT BMAT Licensing, S.L.'s COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/16/2013) |
| 04/17/2013 | 655 | NOTICE of Attorney Appearance - Pro Hac Vice by Charles D Ossola on behalf of Hitachi America, Ltd.. Filing fee $ 100, receipt number 0540-4097652. (Ossola, Charles) (Entered: 04/17/2013) |
| 04/18/2013 | 656 | REPORT of Mediation by David Folsom. Mediation result: impasse(Folsom, David) (Entered: 04/18/2013) |
| 04/18/2013 | 657 | CORPORATE DISCLOSURE STATEMENT filed by Smart Media Innovations, LLC (Motolenich-Salas, Kenneth) (Entered: 04/18/2013) |
| 04/18/2013 | 658 | CORPORATE DISCLOSURE STATEMENT filed by Smart Media Innovations Ltd. (Motolenich-Salas, Kenneth) (Entered: 04/18/2013) |
| 04/18/2013 | 659 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by Enswers, Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 04/18/2013) |
| 04/18/2013 | 660 | *IRIS ID SYSTEMS, INC.'S* ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Iris ID Systems, Inc..(Gillam, Harry) (Entered: 04/18/2013) |
| 04/18/2013 | 661 | CORPORATE DISCLOSURE STATEMENT filed by Iris ID Systems, Inc. (Gillam, Harry) (Entered: 04/18/2013) |
| 04/18/2013 | 662 | DEMAND for Trial by Jury by Iris ID Systems, Inc.. (Gillam, Harry) (Entered: 04/18/2013) |
| 04/18/2013 | 663 | Opposed MOTION to Change Venue by Iris ID Systems, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Text of Proposed Order)(Gillam, Harry) (Entered: 04/18/2013) |
| 04/18/2013 | 664 | MOTION to Dismiss for Lack of Jurisdiction *Smart Media Innovations, LLC and Smart Media Innovations, Ltd.'s Motion to Dismiss and Brief in Support Thereof* by Smart Media Innovations Ltd., Smart Media Innovations, LLC. (Attachments: # 1 Affidavit Declaration of Richard Clark, # 2 Text of Proposed Order) (Motolenich-Salas, Kenneth) (Entered: 04/18/2013) |
| 04/18/2013 | 665 | ANSWER to Complaint *(Dkt No. 1 filed in Case No. 6:13-cv-83)*, COUNTERCLAIM against Blue Spike, LLC by M2SYS, LLC.(Findlay, Eric) (Entered: 04/18/2013) |
| 04/18/2013 | 666 | DEMAND for Trial by Jury by M2SYS, LLC. (Findlay, Eric) (Entered: 04/18/2013) |
| 04/18/2013 | 667 | CORPORATE DISCLOSURE STATEMENT filed by M2SYS, LLC identifying Corporate Parent None for M2SYS, LLC, M2SYS, LLC. (Lackey, Walter) (Entered: 04/18/2013) |

| 04/18/2013 | 668 | RESPONSE in Support re 327 MOTION to Dismiss *the Complaint Under Fed. R. Civ. P. 12(b)(6) refiled from January 7, 2013* filed by ImageWare Systems, Inc.. (Fazio, James) (Entered: 04/18/2013) |
|---|---|---|
| 04/18/2013 | 669 | RESPONSE in Support re 540 MOTION to Change Venue *re-filed from Jan. 7, 2013 in Case No. 12cv688 reply re-filed from February 4, 2012 in Case No. 12-cv-688* filed by ImageWare Systems, Inc.. (Fazio, James) (Entered: 04/18/2013) |
| 04/18/2013 | 670 | RESPONSE to 571 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT FULCRUM BIOMETRICS LLC'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/18/2013) |
| 04/18/2013 | 671 | RESPONSE to 565 Answer to Complaint, Counterclaim *[PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT FULCRUM BIOMETRICS LLC'S COUNTERCLAIMS (Originally filed in CASE NO. 6:13-cv-053 MHS) ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/18/2013) |
| 04/18/2013 | 672 | RESPONSE to 607 Answer to Complaint, Counterclaim *[Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Defendant Airborne Biometrics Group, Inc. (Case No. 6:12-cv-499, Dkt. No. 607) ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/18/2013) |
| 04/18/2013 | 673 | RESPONSE to 562 Answer to Complaint, Counterclaim *[Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Defendant Fulcrum Biometrics, LLC (Case No. 6:12-cv-499, Dkt. No. 562) ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/18/2013) |
| 04/18/2013 | 674 | RESPONSE to 568 Answer to Complaint, Counterclaim *[Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Defendant Fulcrum Biometrics, LLC (Case No. 6:12-cv-499, Dkt. No. 568) ]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/18/2013) |
| 04/19/2013 | 675 | ANSWER to Complaint *(Case No. 6:13-cv-87, Dkt. No. 1)*, COUNTERCLAIM against Blue Spike, LLC by Hitachi America, Ltd..(Ricciardi, Matthew) (Entered: 04/19/2013) |
| 04/19/2013 | 676 | CORPORATE DISCLOSURE STATEMENT filed by Hitachi America, Ltd. identifying Corporate Parent Hitachi, Ltd. for Hitachi America, Ltd.. (Ricciardi, Matthew) (Entered: 04/19/2013) |
| 04/20/2013 | 677 | RESPONSE to 554 Answer to Complaint, Counterclaim *[Plaintiff Blue Spike, LLC files this Reply to the Counterclaims of Defendants SpeechPro, Inc. and Speech Technology Center, LLC (Case No. 6:12-cv-499, Dkt. No. 554)]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/20/2013) |
| 04/22/2013 | 678 | MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) by Google Inc.. (Attachments: # 1 Abeer Dec, # 2 Conti Dec, # 3 Exhibit 1 to Conti Dec, # 4 Exhibit 2 to Conti Dec, # 5 Exhibit 3 to Conti Dec, # 6 Exhibit 4 to Conti Dec, # 7 Exhibit 5 to Conti Dec, # 8 Exhibit 6 to Conti Dec, # 9 Exhibit 7 to Conti Dec, # 10 Exhibit 8 to Conti Dec, # 11 Exhibit 9 to Conti Dec, # 12 Exhibit 10 to Conti Dec, # 13 Exhibit 11 to Conti Dec, # 14 Exhibit 12 to Conti Dec, # 15 Exhibit 13 to Conti Dec, # 16 Exhibit 14 to Conti Dec, # 17 Exhibit 15 to Conti Dec, # 18 Exhibit 16 to Conti Dec, # 19 Exhibit 17 to Conti Dec, # 20 Exhibit 18 to Conti Dec, # 21 |

| | | |
|---|---|---|
| | | Exhibit 19 Conti to Dec, # [22](#) Exhibit 20 to Conti Dec, # [23](#) Exhibit 21 to Conti Dec, # [24](#) Exhibit 22 to Conti Dec, # [25](#) Exhibit 23 to Conti Dec, # [26](#) Exhibit 24 to Conti Dec, # [27](#) Exhibit 25 to Conti Dec, # [28](#) Exhibit 26 to Conti Dec, # [29](#) Text of Proposed Order)(Lee, Lance) (Entered: 04/22/2013) |
| 04/23/2013 | 679 | MOTION to Dismiss for Lack of Jurisdiction by Agnitio Corp.. (Attachments: # [1](#) Exhibit A, Declaration of Javier Castano, # [2](#) Exhibit B, Declaration of Daniel Hwang, # [3](#) Exhibit B-1, Blue Spike LLC's Website, # [4](#) Exhibit B-2, Blue Spike LLC's Corporate Information Listing, # [5](#) Exhibit B-3, Blue Spike Inc.'s Corporate Information Listing, # [6](#) Exhibit B-4, Trademark Registration Records, # [7](#) Text of Proposed Order)(Schortgen, Steven) (Entered: 04/23/2013) |
| 04/23/2013 | 680 | CORPORATE DISCLOSURE STATEMENT filed by Agnitio Corp. identifying Corporate Parent Agnitio SL for Agnitio Corp.. (Schortgen, Steven) (Entered: 04/23/2013) |
| 04/24/2013 | 681 | ORDER granting [659](#) Motion for Extension of Time to Answer. The deadline forEnswers, Inc. to answer or otherwise respond to Plaintiff's Original Complaint is extended to 6-03-2013. No further extensions will be granted absent a showing of manifest injustice. Signed by Judge Michael H. Schneider on 04/24/13. (mll, ) (Entered: 04/25/2013) |
| 04/25/2013 | 682 | RESPONSE to [605](#) Answer to Complaint, Counterclaim *Reply to the Counterclaims of Defendant MorphoTrak, Inc* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/25/2013) |
| 04/25/2013 | 683 | RESPONSE to [599](#) Answer to Complaint, Counterclaim *Reply to the Counterclaims of Defendant Safran USA, Inc*. by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/25/2013) |
| 04/25/2013 | 684 | RESPONSE to [596](#) Answer to Complaint, Counterclaim *Reply to the Counterclaims of Defendant Kronos Incorporated* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/25/2013) |
| 04/25/2013 | 685 | REPLY to Response to Motion re [533](#) MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) filed by Entropic Communications, Inc*.. (Jones, Michael) (Entered: 04/25/2013) |
| 04/25/2013 | 686 | RESPONSE in Opposition re [576](#) MOTION to Dismiss *filed by Accu-Time Systems, Inc*.. (Volpe, Anthony) (Entered: 04/25/2013) |
| 04/25/2013 | 687 | RESPONSE in Opposition re [577](#) MOTION to Dismiss *filed by Amano Cincinnati, Inc*.. (Attachments: # [1](#) Exhibit 1)(Volpe, Anthony) (Entered: 04/25/2013) |
| 04/25/2013 | 688 | Second MOTION for Extension of Time to File Response/Reply as to [534](#) MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof Motion for Extension to Respond to Motion to Dismiss filed by Animetrics, Inc*. by Blue Spike, LLC. (Attachments: # [1](#) Text |

| | | |
|---|---|---|
| | | of Proposed Order)(Honea, Christopher) (Entered: 04/25/2013) |
| 04/25/2013 | 689 | RESPONSE in Opposition re 534 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof [PLAINTIFF'S OPPOSITION TO DEFENDANT ANIMETRICS MOTION TO DISMISS] filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Text of Order Denying DEFENDANT ANIMETRICS MOTION TO DISMISS [DKT. 534])(Garteiser, Randall) (Entered: 04/25/2013) |
| 04/26/2013 | 690 | Unopposed MOTION for Extension of Time to File Response/Reply as to 594 MOTION to Dismiss MOTION to Change Venue *as to Tygart Technologies, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 04/26/2013) |
| 04/26/2013 | 691 | Unopposed MOTION for Extension of Time to File Response/Reply as to 601 MOTION to Dismiss *under Rule 12(b)(6)* MOTION to Dismiss *under Rule 12(b)(6) as to Ingersoll-Rand Company* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 04/26/2013) |
| 04/26/2013 | 692 | *Defendants Infinisource, Inc.'s and Qqest Software Systems, Inc.'s* ANSWER to 1 Complaint, by Infinisource, Inc., Qqest Software Solutions, Inc..(Corbin, Teresa) (Entered: 04/26/2013) |
| 04/26/2013 | 693 | CORPORATE DISCLOSURE STATEMENT filed by Infinisource, Inc., Qqest Software Solutions, Inc. (Corbin, Teresa) (Entered: 04/26/2013) |
| 04/26/2013 | 694 | ORDER granting 688 Motion for Extension of Time to File Response/Reply re 534 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof*. Responses due by 4/25/2013. Signed by Judge Michael H. Schneider on 4/26/2013. (gsg) (Entered: 04/26/2013) |
| 04/26/2013 | 695 | RESPONSE to Motion re 629 MOTION to Dismiss *for Insufficient Service of Process [Plaintiff Blue Spike's Opposition to Biometrika, SRL's motion to dismiss for insufficient service of process] filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order Denying Motion)(Garteiser, Randall) (Entered: 04/26/2013) |
| 04/26/2013 | 696 | RESPONSE in Opposition re 594 MOTION to Dismiss MOTION to Change Venue *[Blue Spikes Opposition to Defendant Tygart Technologies, Inc.'s Motion to Dismiss or Transfer] filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Scott Moskowitz in Support of Plaintiff Blue Spike LLC's Opposition to Defendants' Motion to Dismiss or Transfer, # 2 Declaration of Randall Garteiser in Support of Plaintiff Blue Spike LLC's Opposition to Defendants' Motion to Dismiss or Transfer, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Text of Order Denying Motion to Dismiss)(Garteiser, Randall) (Entered: 04/26/2013) |
| 04/26/2013 | 697 | RESPONSE in Opposition re 601 MOTION to Dismiss *under Rule 12(b)(6)* MOTION to Dismiss *under Rule 12(b)(6) [Plaintiff Blue Spike LLC's Opposition to Defendant Ingersoll-Rand Company's Motion to Dismiss] filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser in Support of Plaintiff |

| | | |
|---|---|---|
| | | Blue Spike LLC's Opposition to Defendant Ingersoll-Rand Company's Motion to Dismiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order Denying Motion and Granting in part Motion)(Garteiser, Randall) (Entered: 04/26/2013) |
| 04/29/2013 | 698 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Text of proposed ORDER GRANTING ON VOLUNTARY DISMISSAL OF DEFENDANTS INNOVATRICS S.R.O. AND SWIFT BIOMETRICS, INC. WITHOUT PREJUDICE UNDER RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE)(Garteiser, Randall) (Entered: 04/29/2013) |
| 04/29/2013 | 699 | NOTICE by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc. re 588 MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680 Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc.'s Notice Regarding Dissolution of L-1 Identity Solutions, Inc*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Johnson, Daniel) (Entered: 04/29/2013) |
| 04/29/2013 | 700 | RESPONSE in Opposition re 645 MOTION to Dismiss *[Opposition to AxxonSoft's Motion to Dismiss] filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/29/2013) |
| 04/30/2013 | 701 | NOTICE of Attorney Appearance - Pro Hac Vice by Michael T Murphy on behalf of Agnitio Corp.. Filing fee $ 100, receipt number 0540-4118113. (Murphy, Michael) (Entered: 04/30/2013) |
| 04/30/2013 | 702 | Unopposed MOTION to Withdraw as Attorney *for Eric H. Findlay and Walter W. Lackey, Jr.* by ImageWare Systems, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/30/2013) |
| 05/01/2013 | 703 | NOTICE by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc. re 588 MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680 Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc.'s Corrected Notice Regarding Dissolution of L-1 Identity Solutions, Inc*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Johnson, Daniel) (Entered: 05/01/2013) |
| 05/01/2013 | 704 | RESPONSE to 636 Answer to Complaint, Counterclaim *[PLAINTIFF BLUE SPIKE'S REPLY IN RESPONSE TO VISIBLE WORLD'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/01/2013) |
| 05/01/2013 | 706 | ORDER granting 698 Notice of Voluntary Dismissal, filed by Blue Spike, LLC. The Amended Complaint is dismissed without prejudice as to Defendants Innovatrics S.R.O. and Swift Biometrics, Inc. Signed by Judge Michael H. Schneider on 05/01/13. (mll, ) (Entered: 05/02/2013) |
| 05/01/2013 | 707 | ORDER granting 702 Motion to Withdraw as Attorney. Attorney Eric Hugh Findlay and Walter Wayne Lackey, Jr terminated as counsel for Defendant Imageware Systems Inc. Signed by Judge Michael H. Schneider on 05/01/13. (mll, ) (Entered: 05/02/2013) |

| 05/02/2013 | 705 | ORDER granting 691 Motion for Extension of Time to File Response/Reply re 691 Unopposed MOTION for Extension of Time to File Response/Reply as to 601 MOTION to Dismiss *under Rule 12(b)(6) as to Ingersoll-Rand Company. Responses due by 4/26/2013. Signed by Judge Michael H. Schneider on 5/1/13.* (mjc, ) (Entered: 05/02/2013) |
|---|---|---|
| 05/02/2013 | 708 | Unopposed MOTION for Discovery *[UNOPPOSED MOTION FOR LEAVE TO SERVE JURISDICTIONAL DISCOVERY ON DEFENDANT AOPTIX TECHNOLOGIES, INC. AND FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS]* by Blue Spike, LLC. (Attachments: # 1 TEXT OF PROPOSED ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO SERVE JURISDICTIONAL DISCOVERY ON DEFENDANT AOPTIX TECHNOLOGIES, INC. AND FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS)(Garteiser, Randall) (Entered: 05/02/2013) |
| 05/03/2013 | 709 | REPLY to Response to Motion re 594 MOTION to Dismiss MOTION to Change Venue *filed by Tygart Technology, Inc.*. (Attachments: # 1 DRM Declaration, # 2 Exhibit A)(McSwane, Douglas) (Entered: 05/03/2013) |
| 05/03/2013 | 710 | ORDER granting 690 Motion for Extension of Time to File Response/Reply. Signed by Judge Michael H. Schneider on 05/03/13. (mll, ) (Entered: 05/03/2013) |
| 05/03/2013 | 711 | ORDER granting 708 Motion for Leave to Serve Jurisdictional Discovery. Signed by Judge Michael H. Schneider on 05/03/13. (mll, ) (Entered: 05/03/2013) |
| 05/03/2013 | 712 | ORDER granting 649 Motion to Withdraw as Attorney. Attorney Eric M. Albritton and Michael A. Benefield terminated. Signed by Judge Michael H. Schneider on 05/03/13. (mll, ) (Entered: 05/03/2013) |
| 05/03/2013 | 713 | Unopposed MOTION for Extension of Time to File Response/Reply as to 610 MOTION to Change Venue *of Kronos Incorporated's* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/03/2013) |
| 05/03/2013 | 714 | Unopposed MOTION for Extension of Time to File Response/Reply as to 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a) of MorphoTrak, Inc. and Safran USA, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/03/2013) |
| 05/03/2013 | 715 | RESPONSE in Opposition re 610 MOTION to Change Venue *[Opposition to Kronos' motion to transfer venue] filed by Blue Spike, LLC* . (Attachments: # 1 Declaration, # 2 Ex. 1, # 3 Ex. 2, # 4 Ex. 3, # 5 Ex. 4, # 6 Ex. 5, # 7 Ex. 6, # 8 Ex. 7, # 9 Ex. 8, # 10 Text of Proposed Order denying Defendant Kronos' Motion to Transfer)(Garteiser, Randall) (Entered: 05/03/2013) |
| 05/04/2013 | 716 | RESPONSE in Opposition re 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a) filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Scott Moskowitz in Support of Blue Spike's Opposition to Defendants MorphoTrak's and Safron's Motion to Transfer Venue to C.D. Cal., # 2 Ex 1, # 3 Ex 2, # 4 Ex 3, # 5 Ex 4, # 6 Ex 5, # 7 Ex 6, # 8 Ex 7, # 9 Ex 8, # 10 Ex 9, # 11 Ex 10, # 12 Ex 11, # 13 Ex 12, # 14 Ex 13, # 15 Ex 14, # 16 Ex 15, # 17 Ex 16, # 18 Ex 17, # 19 |

| | | |
|---|---|---|
| | | Ex 18, # 20 Ex 19, # 21 Ex 20, # 22 Text of Proposed Order Denying Defendants Motion to Transfer Venue)(Garteiser, Randall) (Entered: 05/04/2013) |
| 05/06/2013 | 717 | RESPONSE in Support re 629 MOTION to Dismiss *for Insufficient Service of Process filed by Biometrika, s.r.l.*. (Kurtz, Ryan) (Entered: 05/06/2013) |
| 05/06/2013 | 718 | REPLY to Response to Motion re 534 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof filed by Animetrics, Inc.*. (Attachments: # 1 Exhibit A)(Harkins, J) (Entered: 05/06/2013) |
| 05/06/2013 | 719 | REPLY to Response to Motion re 601 MOTION to Dismiss *under Rule 12(b)(6)* MOTION to Dismiss *under Rule 12(b)(6) filed by Ingersoll-Rand Company*. (Attachments: # 1 Exhibit A - Effectively Illuminated Pathways LLC v. Aston Martin Lagonda, Inc.)(Hunt, Paul) (Entered: 05/06/2013) |
| 05/07/2013 | 720 | STIPULATION of Dismissal *of Defendant SecuGen Corporation* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/07/2013) |
| 05/07/2013 | 721 | STIPULATION of Dismissal *of Antheus Technology, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/07/2013) |
| 05/07/2013 | 722 | Unopposed MOTION for Extension of Time to File Response/Reply as to 648 MOTION to Dismiss for Lack of Jurisdiction , *or in the Alternative, Motion to Transfer*, 644 MOTION to Dismiss *for Insufficient Service of Process of Soundmouse Ltd*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/07/2013) |
| 05/07/2013 | 723 | RESPONSE in Opposition re 644 MOTION to Dismiss *for Insufficient Service of Process of Defendant Soundmouse, Ltd. filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/07/2013) |
| 05/07/2013 | 724 | ORDER consolidating Civil Action 6:12cv651 with this cause, consistent with 530 Order of Consolidation. Signed by Judge Michael H. Schneider on 05/07/13. (mll, ) (Entered: 05/08/2013) |
| 05/07/2013 | 725 | ORDER granting 543 Motion for Extension of Time to File Response/Reply. Signed by Judge Michael H. Schneider on 05/07/13. (mll, ) (Entered: 05/08/2013) |
| 05/07/2013 | 726 | ORDER granting 713 Motion for Extension of Time to File Response/Reply. Signed by Judge Michael H. Schneider on 05/07/13. (mll, ) (Entered: 05/08/2013) |
| 05/07/2013 | 727 | ORDER granting 714 Motion for Extension of Time to File Response/Reply. Signed by Judge Michael H. Schneider on 05/07/13. (mll, ) (Entered: 05/08/2013) |
| 05/08/2013 | 728 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Text of Proposed Order Voluntary Dismissal of Smart Media Innovations, LLC and Smart Media Innovations Ltd.)(Garteiser, Randall) (Entered: 05/08/2013) |
| 05/08/2013 | 729 | RESPONSE to 660 Answer to Complaint, Counterclaim *of Defendant Iris ID Systems, Inc*. by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/08/2013) |
| 05/08/2013 | 730 | RESPONSE to 665 Answer to Complaint, Counterclaim *of Defendant M2SYS,* |

| | | *LLC* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/08/2013) |
|---|---|---|
| 05/08/2013 | <u>731</u> | ORDER granting <u>722</u> Motion for Extension of Time to File Response/Reply re <u>644</u> MOTION to Dismiss *for Insufficient Service of Process*, <u>648</u> MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer*. Responses to <u>644</u> MOTION to Dismiss *for Insufficient Service of Process* due by 5/13/2013, responses to <u>648</u> MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer* due by 5/16/2013. Signed by Judge Michael H. Schneider on 5/8/13. (mjc, ) Modified on 5/9/2013 (mll, ). (Entered: 05/09/2013) |
| 05/08/2013 | <u>732</u> | ORDER granting <u>720</u> Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between Plaintiff and Defendant SecuGen Corporation are hereby DISMISSED without prejudice. Parties shall each bear their own attys fees and costs. Signed by Judge Michael H. Schneider on 05/08/13. (mll, ) (Entered: 05/09/2013) |
| 05/08/2013 | <u>733</u> | ORDER granting <u>721</u> Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between Plaintiff and Defendant Antheus Technology Inc are hereby DISMISSED without prejudice. Parties shall each bear their own atty fees and costs. Signed by Judge Michael H. Schneider on 05/08/13. (mll, ) (Entered: 05/09/2013) |
| 05/09/2013 | <u>734</u> | REPLY to Response to Motion re <u>645</u> MOTION to Dismiss *filed by AxxonSoft US, Inc., Axxonsoft Ltd.*. (Attachments: # <u>1</u> Supplemental Declaration of Joel Moss, # <u>2</u> Declaration of Stephen C. Crenshaw, # <u>3</u> Exhibit A, # <u>4</u> Exhibit B, # <u>5</u> Exhibit C)(Milch, Erik) (Entered: 05/09/2013) |
| 05/09/2013 | <u>735</u> | Unopposed MOTION for Extension of Time to File Response/Reply as to <u>626</u> MOTION to Dismiss for Lack of Jurisdiction, <u>625</u> MOTION to Dismiss for Lack of Jurisdiction *of Cognitec Systems Corp. and Cognitec Systems GmbH* by Blue Spike, LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Honea, Christopher) (Entered: 05/09/2013) |
| 05/09/2013 | <u>736</u> | Unopposed MOTION for Extension of Time to File Response/Reply as to <u>520</u> MOTION to Dismiss *the Amended Complaint UNNOPOSED MOTION FOR LEAVE TO SERVE WRITTEN JURISDICTIONAL DISCOVERY ON DEFENDANT LAST.FM LTD. AND FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS* by Blue Spike, LLC. (Attachments: # <u>1</u> Text of Proposed Order)(Honea, Christopher) (Entered: 05/09/2013) |
| 05/09/2013 | <u>737</u> | RESPONSE in Opposition re <u>625</u> MOTION to Dismiss for Lack of Jurisdiction *of Defendant Cognitec Systems Corporation filed by Blue Spike, LLC* . (Attachments: # <u>1</u> Text of Proposed Order, # <u>2</u> Declaration of Scott Moskowitz, # <u>3</u> Declaration of Randall Garteiser, # <u>4</u> Exhibit Exhibit 1, # <u>5</u> Exhibit Exhibit 2, # <u>6</u> Exhibit Exhibit 3, # <u>7</u> Exhibit Exhibit 4, # <u>8</u> Exhibit Exhibit 5, # <u>9</u> Exhibit Exhibit 6, # <u>10</u> Exhibit Exhibit 7, # <u>11</u> Exhibit Exhibit 8, # <u>12</u> Exhibit Exhibit 9, # <u>13</u> Exhibit Exhibit 10, # <u>14</u> Exhibit Exhibit 11, # <u>15</u> Exhibit Exhibit 12, # <u>16</u> Exhibit Exhibit 13, # <u>17</u> Exhibit Exhibit 14, # <u>18</u> Exhibit Exhibit 15, # <u>19</u> Exhibit Exhibit 16, # <u>20</u> Exhibit Exhibit 17, # <u>21</u> Exhibit Exhibit 18, # <u>22</u> Exhibit Exhibit 19, # <u>23</u> Exhibit Exhibit 20, # <u>24</u> Exhibit Exhibit 21, # <u>25</u> Exhibit Exhibit 22, # <u>26</u> Exhibit Exhibit 23, # <u>27</u> Exhibit Exhibit 24)(Garteiser, Randall) (Entered: 05/09/2013) |

| 05/09/2013 | 738 | RESPONSE in Opposition re 626 MOTION to Dismiss for Lack of Jurisdiction *of Defendant Cognitec Systems GmbH filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Randall Garteiser, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16)(Garteiser, Randall) (Entered: 05/09/2013) |
|---|---|---|
| 05/10/2013 | 739 | RESPONSE to 675 Answer to Complaint, Counterclaim *of Hitachi America, Ltd* filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/10/2013) |
| 05/10/2013 | 740 | SUR-REPLY to Reply to Response to Motion re 533 MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) [PLAINTIFF'S SURREPLY TO DEFENDANT ENTROPIC'S MOTION TO DISMISS (DKT. 685)] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/10/2013) |
| 05/10/2013 | 741 | SUR-REPLY to Reply to Response to Motion re 576 MOTION to Dismiss *of Accu-Time Systems Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/10/2013) |
| 05/10/2013 | 742 | SUR-REPLY to Reply to Response to Motion re 577 MOTION to Dismiss *of Amano Cincinnati, Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/10/2013) |
| 05/13/2013 | 743 | ORDER granting 735 Motion for Extension of Time to File Response/Reply re 626 MOTION to Dismiss for Lack of Jurisdiction, 625 MOTION to Dismiss for Lack of Jurisdiction; Responses due by 5/9/2013. Signed by Judge Michael H. Schneider on 05/10/13. (mll, ) (Entered: 05/13/2013) |
| 05/13/2013 | 744 | Unopposed MOTION for Extension of Time to File Response/Reply as to 576 MOTION to Dismiss *of Accu-Time Systems Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/13/2013) |
| 05/13/2013 | 745 | Unopposed MOTION for Extension of Time to File Response/Reply as to 577 MOTION to Dismiss *of Amano Cincinnati Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/13/2013) |
| 05/13/2013 | 746 | Unopposed MOTION for Extension of Time to File Response/Reply as to 533 MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125)* MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) of Entropic Communications, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/13/2013) |

| 05/13/2013 | 747 | Unopposed MOTION for Extension of Time to File Response/Reply as to 663 Opposed MOTION to Change Venue *of Iris ID Systems, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/13/2013) |
|---|---|---|
| 05/13/2013 | 748 | ORDER granting 736 Motion for Extension of Time to File Response/Reply to the Motion to Dismiss 520 until after the jurisdictional discovery is taken. Signed by Judge Michael H. Schneider on 5/13/13. (mjc, ) (Entered: 05/13/2013) |
| 05/13/2013 | 749 | RESPONSE in Opposition re 663 Opposed MOTION to Change Venue *of Iris ID Systems filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Supporting Declaration of Randall Garteiser, # 4 Ex. 1, # 5 Ex. 2, # 6 Ex. 3, # 7 Ex. 4, # 8 Ex. 5, # 9 Ex. 6, # 10 Ex. 7, # 11 Ex. 8, # 12 Ex. 9)(Garteiser, Randall) (Entered: 05/13/2013) |
| 05/14/2013 | 750 | RESPONSE to 703 Notice (Other), Notice (Other) *PLAINTIFFS RESPONSE TO DEFENDANTS CORRECTED NOTICE REGARDING DISSOLUTION OF L-1 IDENTITY SOLUTIONS, INC. [DKT. 703] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/14/2013) |
| 05/14/2013 | 751 | MOTION for Termination of Electronic Notices by Innovatrics s.r.o.. (Matz, Robert) (Entered: 05/14/2013) |
| 05/14/2013 | 752 | MOTION for Termination of Electronic Notices by Antheus Technology, Inc.. (Matz, Robert) (Entered: 05/14/2013) |
| 05/15/2013 | 753 | SUR-REPLY to Reply to Response to Motion re 534 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue and Brief in Support Thereof [PLAINTIFF BLUE SPIKE'S SURREPLY TO DEFENDANT ANIMETRICS, INC'S MOTION TO DISMISS] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/15/2013) |
| 05/15/2013 | 754 | SUR-REPLY to Reply to Response to Motion re 601 MOTION to Dismiss *under Rule 12(b)(6)* MOTION to Dismiss *under Rule 12(b)(6) [PLAINTIFF BLUE SPIKE'S SURREPLY TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO DISMISS] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/15/2013) |
| 05/15/2013 | 755 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 TEXT OF ORDER GRANTING VOLUNTARY DISMISSAL OF DEFENDANT BIOMETRIKA SRL WITHOUT PREJUDICE UNDER RULE 41(a)(1)(A)(i)) (Garteiser, Randall) (Entered: 05/15/2013) |
| 05/16/2013 | 756 | REPLY to Response to Motion re 644 MOTION to Dismiss *for Insufficient Service of Process filed by Soundmouse Ltd* . (Beard, Ryan) (Entered: 05/16/2013) |
| 05/16/2013 | 757 | RESPONSE in Support re 610 MOTION to Change Venue *Defendant Kronos Incorporated's Reply in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a) filed by Kronos Incorporated* . (Attachments: # 1 Affidavit Declaration of Dan Skiba)(Johnson, Daniel) (Entered: 05/16/2013) |
| 05/16/2013 | 758 | RESPONSE in Support re 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* MOTION to Change Venue *Pursuant to 28 U.S.C. Section* |

| | | |
|---|---|---|
| | | *1404(a) Defendants MorphoTrak, Inc. and Safran USA, Inc.'s Reply In Support of Their Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a) filed by MorphoTrak, Inc., Safran USA, Inc.*. (Attachments: # 1 Affidavit Declaration of Iain Lawn, # 2 Affidavit Declaration of Clark Nelson)(Johnson, Daniel) (Entered: 05/16/2013) |
| 05/16/2013 | 759 | RESPONSE in Opposition re 648 MOTION to Dismiss for Lack of Jurisdiction , *or in the Alternative, Motion to Transfer by Soundmouse, Ltd. filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Scott Moskowitz, # 2 Declaration of Randall Garteiser, # 3 Text of Proposed Order Text of Proposed Order, # 4 Exhibit Exhibit 1, # 5 Exhibit Exhibit 2, # 6 Exhibit Exhibit 3, # 7 Exhibit Exhibit 4, # 8 Exhibit Exhibit 5, # 9 Exhibit Exhibit 6, # 10 Exhibit Exhibit 7, # 11 Exhibit Exhibit 8, # 12 Exhibit Exhibit 9, # 13 Exhibit Exhibit 10, # 14 Exhibit Exhibit 11, # 15 Exhibit Exhibit 12, # 16 Exhibit Exhibit 13, # 17 Exhibit Exhibit 14, # 18 Exhibit Exhibit 15, # 19 Exhibit Exhibit 16, # 20 Exhibit Exhibit 17) (Garteiser, Randall) (Entered: 05/17/2013) |
| 05/17/2013 | 760 | Unopposed MOTION for Extension of Time to File Response/Reply as to 594 MOTION to Dismiss MOTION to Change Venue *of Tygart Technologies, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/17/2013) |
| 05/17/2013 | 761 | Unopposed MOTION for Extension of Time to File Response/Reply as to 678 MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) *of Google, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/17/2013) |
| 05/17/2013 | 762 | SUR-REPLY to Reply to Response to Motion re 594 MOTION to Dismiss MOTION to Change Venue *of Tygart Technologies, Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/17/2013) |
| 05/20/2013 | 763 | REPLY to Response to Motion re 626 MOTION to Dismiss for Lack of Jurisdiction *filed by Cognitec Systems GmbH*. (Goetzel, Dwayne) (Entered: 05/20/2013) |
| 05/20/2013 | 764 | REPLY to Response to Motion re 625 MOTION to Dismiss for Lack of Jurisdiction *filed by Cognitec Systems Corporation*. (Goetzel, Dwayne) (Entered: 05/20/2013) |
| 05/20/2013 | 765 | ORDER granting 761 Motion for Extension of Time to File Response/Reply re 678 MOTION to Transfer Venue to the United States District Court for the Northern District of California. Responses due by 5/20/2013. Signed by Judge Michael H. Schneider on 5/20/2013. (gsg) (Entered: 05/20/2013) |
| 05/20/2013 | 766 | RESPONSE in Opposition re 678 MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. |

| | | |
|---|---|---|
| | | 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) *of GOOGLE INC. filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Supporting Declaration of Randall Garteiser, # 4 Ex. 1, # 5 Ex. 2, # 6 Ex. 3, # 7 Ex. 4, # 8 Ex. 5, # 9 Ex. 6, # 10 Ex. 7, # 11 Ex. 8, # 12 Ex. 9, # 13 Ex. 10, # 14 Ex. 11, # 15 Ex. 12, # 16 Ex. 13)(Garteiser, Randall) (Entered: 05/20/2013) |
| 05/21/2013 | 767 | ORDER granting 760 Motion for Extension of Time to File Response/Reply re 760 Unopposed MOTION for Extension of Time to File Response/Reply as to 594 MOTION to Dismiss MOTION to Change Venue *of Tygart Technologies, Inc*. Responses due by 5/17/2013. Signed by Judge Michael H. Schneider on 5/20/13. (mjc, ) (Entered: 05/21/2013) |
| 05/22/2013 | 768 | MOTION to Strike 741 Sur-Reply to Reply to Response to Motion by Accu-Time Systems, Inc.. (Attachments: # 1 Text of Proposed Order)(Volpe, Anthony) (Entered: 05/22/2013) |
| 05/22/2013 | 769 | MOTION to Strike 742 Sur-Reply to Reply to Response to Motion by Amano Cincinnati, Inc.. (Attachments: # 1 Text of Proposed Order)(Volpe, Anthony) (Entered: 05/22/2013) |
| 05/22/2013 | 770 | SUR-REPLY to Reply to Response to Motion re 610 MOTION to Change Venue *of Kronos Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/22/2013) |
| 05/22/2013 | 771 | MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit for Audible Magic, # 3 Affidavit for Accedo, # 4 Affidavit for Boodabee, # 5 Affidavit for Brightcove, # 6 Affidavit for Coincident, # 7 Affidavit for Daily Motion, # 8 Affidavit for Facebook, # 9 Affidavit for GoMiso, # 10 Affidavit for Harmonix, # 11 Affidavit for iMESH, # 12 Affidavit for Media Fire, # 13 Affidavit for Metacafe, # 14 Affidavit for Myspace and Specific Media, # 15 Affidavit for Myxer, # 16 Affidavit for Photobucket, # 17 Affidavit for Qlipso, # 18 Affidavit for Soundcloud, # 19 Affidavit for WiOffer, # 20 Affidavit for Yap, # 21 Affidavit for Zedge, # 22 Affidavit of Caridis, # 23 Exhibit 1, # 24 Exhibit 2, # 25 Exhibit 3, # 26 Exhibit 4, # 27 Exhibit 5, # 28 Exhibit 6, # 29 Exhibit 7, # 30 Exhibit 8, # 31 Exhibit 9, # 32 Exhibit 10, # 33 Exhibit 11, # 34 Exhibit 12, # 35 Exhibit 13, # 36 Exhibit 14, # 37 Exhibit 15, # 38 Exhibit 16, # 39 Exhibit 17, # 40 Exhibit 18, # 41 Exhibit 19, # 42 Exhibit 20, # 43 Exhibit 21, # 44 Exhibit 22) (Findlay, Eric) (Entered: 05/22/2013) |

| 05/23/2013 | 772 | REPLY to Response to Motion re 663 Opposed MOTION to Change Venue *filed by Iris ID Systems, Inc..* (Gillam, Harry) (Entered: 05/23/2013) |
|---|---|---|
| 05/24/2013 | 773 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***MOTION to Sever *and To Request a Status Conference* by Texas Instruments, Inc.. (Attachments: # 1 Affidavit Declaration of Milind Borkar)(Abraham, Amanda) Modified on 5/24/2013 (sm, ). (Entered: 05/24/2013) |
| 05/24/2013 | 774 | Unopposed MOTION for Extension of Time to File Response/Reply as to 679 MOTION to Dismiss for Lack of Jurisdiction *of Agnitio Corp.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/24/2013) |
| 05/24/2013 | 775 | Unopposed MOTION for Extension of Time to File Response/Reply as to 645 MOTION to Dismiss *of AxxonSoft, Inc. and AxxonSoft, Ltd.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/24/2013) |
| 05/24/2013 | 776 | Unopposed MOTION for Extension of Time to File Response/Reply as to 648 MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer* by Soundmouse Ltd.. (Attachments: # 1 Text of Proposed Order)(Beard, Ryan) (Entered: 05/24/2013) |
| 05/24/2013 | | NOTICE of DEFICIENCY regarding the #773 Motion to sever submitted by Texas Instruments, Inc.. No certificate of conference was included and no proposed order attached. Correction should be made by 1 business day and refiled. Motion now terminated. (sm, ) (Entered: 05/24/2013) |
| 05/24/2013 | 777 | MOTION to Sever *and To Request a Status Conference* by Texas Instruments, Inc.. (Attachments: # 1 Affidavit Declaration of Milind Borkar, # 2 Text of Proposed Order)(Abraham, Amanda) (Entered: 05/24/2013) |
| 05/24/2013 | 778 | SUR-REPLY to Reply to Response to Motion re 645 MOTION to Dismiss *of Defendants AxxonSoft Inc. and AxxonSoft Ltd. filed by Blue Spike, LLC .* (Garteiser, Randall) (Entered: 05/24/2013) |
| 05/24/2013 | 779 | RESPONSE in Opposition re 679 MOTION to Dismiss for Lack of Jurisdiction *of Defendant Agnitio Corp.'s filed by Blue Spike, LLC .* (Attachments: # 1 Text of Proposed Order Denying Motion to Dismiss, # 2 Declaration of Randall Garteiser, # 3 Ex. 1, # 4 Ex. 2, # 5 Ex. 3, # 6 Ex. 4, # 7 Ex. 5, # 8 Ex. 6, # 9 Ex. 7, # 10 Ex. 8, # 11 Ex. 9, # 12 Ex. 10, # 13 Ex. 11, # 14 Ex. 12, # 15 Ex. 13, # 16 Ex. 14, # 17 Ex. 15, # 18 Ex. 16, # 19 Ex. 17, # 20 Ex. 18)(Garteiser, Randall) (Entered: 05/24/2013) |
| 05/28/2013 | 780 | NOTICE of Attorney Appearance by Kristen L. Reichenbach on behalf of Attributor Corporation (Reichenbach, Kristen) (Entered: 05/28/2013) |
| 05/29/2013 | 781 | STIPULATION of Dismissal *of Defendant TV INTERACTIVE SYSTEMS, INC. (now known as Cognitive Networks, Inc.)* by Blue Spike, LLC. (Attachments: # 1 Text of ORDER OF DISMISSAL OF TV INTERACTIVE SYSTEMS, INC) (Garteiser, Randall) (Entered: 05/29/2013) |
| 05/30/2013 | 782 | Unopposed MOTION for Extension of Time to File Response/Reply as to 644 MOTION to Dismiss *for Insufficient Service of Process of Soundmouse Ltd.* by |

| | | |
|---|---|---|
| | | Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 05/30/2013) |
| 05/30/2013 | 783 | SUR-REPLY to Reply to Response to Motion re 626 MOTION to Dismiss for Lack of Jurisdiction *of Defendant Cognitec System GmbH filed by Blue Spike, LLC* . (Attachments: # 1 Declaration, # 2 Exhibit 1)(Garteiser, Randall) (Entered: 05/30/2013) |
| 05/30/2013 | 784 | SUR-REPLY to Reply to Response to Motion re 625 MOTION to Dismiss for Lack of Jurisdiction *of Defendant Cognitec Systems Corporation filed by Blue Spike, LLC* . (Attachments: # 1 Declaration, # 2 Ex. 1)(Garteiser, Randall) (Entered: 05/30/2013) |
| 05/30/2013 | 785 | ***FILED IN ERROR. SEE DOCKET ENTRY 786 FOR CORRECT PLEADING***<br>SUR-REPLY to Reply to Response to Motion re 648 MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer of Soundmouse Ltd. filed by Blue Spike, LLC* . (Garteiser, Randall) Modified on 5/31/2013 (mll, ). (Entered: 05/30/2013) |
| 05/30/2013 | 786 | SUR-REPLY to Reply to Response to Motion re 644 MOTION to Dismiss *for Insufficient Service of Process of Soundmouse Ltd. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/30/2013) |
| 05/30/2013 | 787 | Opposed MOTION for Discovery *(Jurisdictional Discovery) of Defendant Animetrics, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Ex. 1, # 3 Ex. 2, # 4 Ex. 3)(Garteiser, Randall) (Entered: 05/30/2013) |
| 05/31/2013 | 788 | REPLY to Response to Motion re 678 MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) *Reply in Support of 678 Motion to Transfer Venue filed by Google Inc.*. (Lee, Lance) (Entered: 05/31/2013) |
| 05/31/2013 | 789 | Unopposed MOTION for Extension of Time to File Response/Reply as to 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a) of MorphoTrak, Inc. and Safran USA, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order) (Honea, Christopher) (Entered: 05/31/2013) |
| 05/31/2013 | 790 | SUR-REPLY to Reply to Response to Motion re 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)* MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a) of Defendants MorphoTrak, Inc. and Safran USA, Inc. filed by Blue Spike, LLC* . (Attachments: # 1 Declaration, # 2 Ex. 1, # 3 Ex. 2, # 4 Ex. 3)(Garteiser, Randall) (Entered: 05/31/2013) |
| 06/03/2013 | 791 | REPLY to Response to Motion re 648 MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer filed by Soundmouse Ltd.* . . |

| | | |
|---|---|---|
| | | (Beard, Ryan) (Entered: 06/03/2013) |
| 06/03/2013 | 792 | ANSWER to Complaint , *Affirmative Defenses and*, COUNTERCLAIM *[Dkt 1 originally in 6:13cv128]* against Blue Spike, LLC by Enswers, Inc..(Jones, Michael) (Entered: 06/03/2013) |
| 06/03/2013 | 793 | REPLY to Response to Motion re 679 MOTION to Dismiss for Lack of Jurisdiction *filed by Agnitio Corp*.. (Attachments: # 1 Exhibit A-Supplemental Declaration of Javier Castano)(Murphy, Michael) (Entered: 06/03/2013) |
| 06/07/2013 | 794 | ORDER granting 781 Stipulation of Dismissal filed by Blue Spike, LLC. Blue Spike's claims against Defendant TV Interactive Systems Inc are hereby dismissed with prejudice. Blue Spike and TV Interactive shall each bear their own attorney fees and costs incurred in connection with this action. Signed by Judge Michael H. Schneider on 06/07/13. (mll, ) (Entered: 06/07/2013) |
| 06/10/2013 | 795 | RESPONSE to 792 Answer to Complaint, Counterclaim *of Defendant Enswers, Inc*. by Blue Spike, LLC. (Garteiser, Randall) (Entered: 06/10/2013) |
| 06/10/2013 | 796 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendant Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California* by TuneCore, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 06/10/2013) |
| 06/10/2013 | 797 | ***FILED IN ERROR, PER ATTY, PLEASE IGNORE***MOTION for Termination of Electronic Notices by Smart Media Innovations Ltd., Smart Media Innovations, LLC. (Motolenich-Salas, Kenneth) Modified on 6/10/2013 (sm, ). (Entered: 06/10/2013) |
| 06/10/2013 | 798 | RESPONSE in Opposition re 768 MOTION to Strike 741 Sur-Reply to Reply to Response to Motion *of Accu-Time Systems Inc*. filed by *Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 06/10/2013) |
| 06/10/2013 | 799 | Unopposed MOTION for Extension of Time to File Response/Reply as to 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) of Audible Magic Corporation and its Customers* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 06/10/2013) |
| 06/10/2013 | 800 | RESPONSE in Opposition re 769 MOTION to Strike 742 Sur-Reply to Reply to Response to Motion *of DEFENDANT AMANO CINCINNATI filed by Blue Spike,* |

| | | |
|---|---|---|
| | | *LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 06/10/2013) |
| 06/10/2013 | | **\*\*\*FILED IN ERROR, PER ATTY. Document # 797, Motion for termination is now TERMINATED. PLEASE IGNORE.\*\*\***<br><br>(sm, ) (Entered: 06/10/2013) |
| 06/10/2013 | 801 | SUR-REPLY to Reply to Response to Motion re 678 MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a) *of Google, Inc*. *filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/10/2013) |
| 06/10/2013 | 802 | NOTICE by TV Interactive Systems, Inc. *Request for Termination of Electronic Notices* (Kao, Christopher) (Entered: 06/10/2013) |
| 06/10/2013 | 803 | ORDER granting 728 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The Complaint is dismissed without prejudice against Defendants Smart Media Innovations, LLC and Smart Media Innovations Ltd. Signed by Judge Michael H. Schneider on 06/10/13. (mll, ) (Entered: 06/11/2013) |
| 06/11/2013 | 804 | Unopposed MOTION for Extension of Time to File Response/Reply as to 777 MOTION to Sever *and To Request a Status Conference of Texas Instruments, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 06/11/2013) |
| 06/11/2013 | 805 | Unopposed MOTION for Extension of Time to File Response/Reply as to 679 MOTION to Dismiss for Lack of Jurisdiction *of Agnitio Corp*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 06/11/2013) |
| 06/12/2013 | 806 | Unopposed MOTION for Extension of Time to File Response/Reply as to 663 Opposed MOTION to Change Venue *of Iris ID Systems, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 06/12/2013) |
| 06/12/2013 | 807 | Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp*. *and Cognitec Systems GmbH* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Garteiser, Randall) (Entered: 06/12/2013) |
| 06/13/2013 | 808 | RESPONSE in Opposition re 787 Opposed MOTION for Discovery *(Jurisdictional Discovery) of Defendant Animetrics, Inc*. *filed by Animetrics, Inc*. . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Harkins, J) (Entered: 06/13/2013) |
| 06/13/2013 | 809 | RESPONSE in Opposition re 558 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from December 22, 2012 (Case No. 6:12-cv-568)* |

| | | |
|---|---|---|
| | | MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from December 22, 2012 (Case No. 6:12-cv-568) of Defendant Ensequence, Inc. This document is being re-filed from Case No. 6:12-cv-00568 (closed on 3/26/2013) originally filed on Nov. 8, 2012 as Dkt Nos. 21, 22 filed by Blue Spike, LLC* . (Attachments: # [1](#) Text of Proposed Order, # [2](#) Supporting Declaration, # [3](#) Ex. 1, # [4](#) Ex. 2, # [5](#) Ex. 3, # [6](#) Ex. 4, # [7](#) Ex. 5, # [8](#) Ex. 6, # [9](#) Ex. 7, # [10](#) Ex. 8, # [11](#) Ex. 9, # [12](#) Ex. 10, # [13](#) Ex. 11, # [14](#) Ex. 12, # [15](#) Ex. 13)(Garteiser, Randall) (Entered: 06/13/2013) |
| 06/13/2013 | [810](#) | Unopposed MOTION for Extension of Time to File Response/Reply as to [648](#) MOTION to Dismiss for Lack of Jurisdiction , *or in the Alternative, Motion to Transfer of Soundmouse Ltd.* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order)(Honea, Christopher) (Entered: 06/13/2013) |
| 06/13/2013 | [811](#) | Opposed MOTION for Discovery *on Jurisdictional Issues from Tygart Technology, Inc.* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3)(Garteiser, Randall) (Entered: 06/13/2013) |
| 06/13/2013 | [812](#) | Opposed MOTION for Discovery *from Axxonsoft US, Inc. and Axxonsoft Ltd. on Jurisdictional Issues* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6)(Garteiser, Randall) (Entered: 06/13/2013) |
| 06/14/2013 | [813](#) | RESPONSE in Opposition re [777](#) MOTION to Sever *and To Request a Status Conference of Defendant Texas Instruments filed by Blue Spike, LLC* . (Garteiser, Randall) (Additional attachment(s) added on 6/19/2013: # [1](#) Text of Proposed Order) (gsg, ). (Entered: 06/14/2013) |
| 06/17/2013 | [814](#) | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # [1](#) Text of Proposed Order Order of Dismissal Without Prejudice of Ingersoll-Rand Company)(Garteiser, Randall) (Entered: 06/17/2013) |
| 06/17/2013 | [815](#) | ***FILED IN ERROR. SEE DOCUMENT [816](#) FOR CORRECT PLEADING***<br>NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # [1](#) Text of Proposed Order Order of Dismissal Without Prejudice of Suprema, Inc.) (Garteiser, Randall) Modified on 6/18/2013 (mll, ). (Entered: 06/17/2013) |
| 06/17/2013 | [816](#) | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # [1](#) Text of Proposed Order Order of Dismissal With Prejudice of Suprema, Inc.)(Garteiser, Randall) (Entered: 06/17/2013) |
| 06/17/2013 | [817](#) | Agreed MOTION to Dismiss *Defendant Enswers, Inc.* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order)(Honea, Christopher) (Entered: 06/17/2013) |
| 06/18/2013 | | ***FILED IN ERROR, PER ATTY, (SEE CORRECTED DOCUMENT #816). Document # 815, Notice of Dismissal. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 06/18/2013) |
| 06/18/2013 | [818](#) | ANSWER to Complaint *from Consolidated Civil Action No. 6:13-cv-54, Affirmative Defenses*, COUNTERCLAIM against Blue Spike, LLC by Futronic |

| | | |
|---|---|---|
| | | Technology Co., Ltd..(Findlay, Eric) (Entered: 06/18/2013) |
| 06/18/2013 | 819 | CORPORATE DISCLOSURE STATEMENT filed by Futronic Technology Co., Ltd. identifying Corporate Parent None for Futronic Technology Co., Ltd.. (Findlay, Eric) (Entered: 06/18/2013) |
| 06/18/2013 | 820 | DEMAND for Trial by Jury by Futronic Technology Co., Ltd.. (Findlay, Eric) (Entered: 06/18/2013) |
| 06/18/2013 | 821 | ORDER granting 814 Notice of Voluntary Dismissal filed by Blue Spike, LLC. Defendant Ingersoll-Rand Company is dismissed without prejudice. Signed by Judge Michael H. Schneider on 06/18/13. (mll, ) (Entered: 06/18/2013) |
| 06/18/2013 | 822 | SUR-REPLY to Reply to Response to Motion re 648 MOTION to Dismiss for Lack of Jurisdiction , or in the Alternative, Motion to Transfer to the Southern District of New York made by Defendant Soundmouse Ltd. filed by Blue Spike, LLC . (Attachments: # 1 Exhibit 1)(Garteiser, Randall) (Entered: 06/18/2013) |
| 06/18/2013 | 823 | ORDER granting 816 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The claims asserted herein by plaintiff Blue Spike, LLC againstdefendant Suprema, Inc. are dismissed with prejudice. Signed by Judge Michael H. Schneider on 06/18/13. (mll, ) (Entered: 06/19/2013) |
| 06/18/2013 | 824 | ORDER granting 817 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Enswers Inc are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 06/18/13. (mll, ) (Entered: 06/19/2013) |
| 06/19/2013 | 825 | NOTICE by Smart Media Innovations Ltd., Smart Media Innovations, LLC Request for Termination of Electronic Notices (Motolenich-Salas, Kenneth) (Entered: 06/19/2013) |
| 06/19/2013 | 826 | SUR-REPLY to Reply to Response to Motion re 663 Opposed MOTION to Change Venue of Iris ID Systems to transfer to District of New Jersey filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 06/19/2013) |
| 06/19/2013 | 827 | Agreed MOTION to Dismiss Rovi Corporation and Rovi Guides, Inc. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 06/19/2013) |
| 06/20/2013 | 828 | NOTICE by Suprema, Inc. Request for Termination of Electronic Notices (Rankin, Weldon) (Entered: 06/20/2013) |
| 06/20/2013 | 829 | ORDER that Willie C. Briscoe, Herbert T. Patty, and Mark Punzalan are withdrawn as counsel of record for Defendant Griaule Technology LLC. Signed by Judge Michael H. Schneider on 06/20/13. (mll, ) (Entered: 06/20/2013) |
| 06/20/2013 | 830 | ORDER granting 827 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendants Rovi Corporation and Rovi Guides, Inc are dismissed with prejudice. The parties shall bear their own attorneys' fees, expenses andcosts. Signed by Judge Michael H. Schneider on 06/20/13. (mll, ) (Entered: 06/20/2013) |
| 06/20/2013 | 831 | Agreed MOTION to Dismiss Defendant Aware, Inc. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: |

| | | |
|---|---|---|
| | | 06/20/2013) |
| 06/20/2013 | 832 | SUR-REPLY to Reply to Response to Motion re 679 MOTION to Dismiss for Lack of Jurisdiction *from Agnitio Corporation filed by Blue Spike, LLC* . (Attachments: # 1 Supplement Garteiser Declaration, # 2 Exhibit 19, # 3 Exhibit 20, # 4 Exhibit 21, # 5 Exhibit 22, # 6 Exhibit 23, # 7 Exhibit 24)(Garteiser, Randall) (Entered: 06/20/2013) |
| 06/21/2013 | 833 | NOTICE of Attorney Appearance - Pro Hac Vice by David G Leason on behalf of Umami Co. Filing fee $100 paid, Receipt No. 0540-4192675. (dlc, ) (Entered: 06/21/2013) |
| 06/24/2013 | 834 | NOTICE by TuneCore, Inc. re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) Notice of Conditional Non-Opposition* (Attachments: # 1 Affidavit of V. Ikezoye)(Smith, Melissa) (Entered: 06/24/2013) |
| 06/24/2013 | 835 | ORDER granting 831 Motion to Dismiss. Plaintiff's claims against Defendant Aware Inc are hereby DISMISSED with prejudice. Parties shall each bear their own atty fees and costs incurred in connection with this action. Signed by Judge Michael H. Schneider on 06/24/13. (mll, ) (Entered: 06/24/2013) |
| 06/24/2013 | 836 | MOTION to Change Venue *Defendant CBS Interactive Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* by CBS Interactive, Inc.. (Attachments: # 1 Declaration of Jonathan Mantell in Support of Defendant Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a), # 2 Text of Proposed Order)(Perito, Andrew) (Additional attachment(s) added on 6/25/2013: # 3 Revised Proposed Order) (gsg, ). (Entered: 06/24/2013) |
| 06/24/2013 | 837 | REPLY to Response to Motion re 787 Opposed MOTION for Discovery *(Jurisdictional Discovery) of Defendant Animetrics, Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/24/2013) |
| 06/24/2013 | 838 | RESPONSE in Opposition re 812 Opposed MOTION for Discovery *from Axxonsoft US, Inc. and Axxonsoft Ltd. on Jurisdictional Issues filed by AxxonSoft US, Inc., Axxonsoft Ltd.*. (Milch, Erik) (Additional attachment(s) added on 6/26/2013: # 1 Text of Proposed Order) (gsg, ). (Entered: 06/24/2013) |
| 06/24/2013 | 839 | REPLY to Response to Motion re 558 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from December 22, 2012 (Case No. 6:12-cv-568)* MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue* |

| | | |
|---|---|---|
| | | *Re-filed from December 22, 2012 (Case No. 6:12-cv-568) Re-filed from November 19, 2012 (Case No. 6:12-cv-568) filed by Ensequence, Inc. .* (Attachments: # 1 Supplemental Declaration Of Aslam Khader)(Sawyer, Douglas) (Entered: 06/24/2013) |
| 06/24/2013 | 840 | REPLY to Response to Motion re 777 MOTION to Sever *and To Request a Status Conference filed by Texas Instruments, Inc..* (Abraham, Amanda) (Entered: 06/24/2013) |
| 06/24/2013 | 841 | STIPULATION of Dismissal *and Proposed Orders for (1) DISMISSAL and (2) ENTRY CONSENT JUDGMENT AND INJUNCTION AS TO UMAMI CO*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed ORDER OF DISMISSAL OF UMAMI CO., # 2 Text of Proposed CONSENT JUDGMENT AND INJUNCTION AS TO UMAMI CO.)(Garteiser, Randall) (Entered: 06/24/2013) |
| 06/24/2013 | 842 | MOTION for Entry of Default *AS TO DERMALOG IDENTIFICATION SYSTEMS, GMBH* by Blue Spike, LLC. (Attachments: # 1 Supporting Declaration of Christopher Honea, # 2 Exhibit 1, # 3 Text of Proposed Order) (Honea, Christopher) (Entered: 06/24/2013) |
| 06/24/2013 | 843 | MOTION for Entry of Default *AS TO NITGEN & COMPANY CO., LTD*. by Blue Spike, LLC. (Attachments: # 1 Supporting Declaration of Christopher Honea, # 2 Exhibit 1, # 3 Text of Proposed Order)(Honea, Christopher) (Entered: 06/24/2013) |
| 06/24/2013 | 844 | MOTION for Entry of Default *AS TO SONDA TECHNOLOGIES, LTD*. by Blue Spike, LLC. (Attachments: # 1 Supporting Declaration of Christopher Honea, # 2 Exhibit 1, # 3 Text of Proposed Order)(Honea, Christopher) (Entered: 06/24/2013) |
| 06/24/2013 | 845 | RESPONSE in Opposition re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) by Audible Magic Defendants filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Supporting Declaration of Randall Garteiser, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8)(Garteiser, Randall) (Entered: 06/24/2013) |
| 06/24/2013 | 846 | NOTICE by Blue Spike, LLC *Notice of Readiness* (Garteiser, Randall) (Entered: 06/25/2013) |
| 06/25/2013 | 847 | SUR-REPLY to Reply to Response to Motion re 558 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from December 22, 2012 (Case* |

| | | |
|---|---|---|
| | | *No. 6:12-cv-568)* MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue Re-filed from December 22, 2012 (Case No. 6:12-cv-568) SURREPLY TO ENSEQUENCE'S REPLY filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/25/2013) |
| 06/25/2013 | 848 | ORDER granting 841 Stipulation of Dismissal, filed by Blue Spike, LLC. All claims in this Civil Action brought by Blue Spike against Defendant Umami Co are hereby dismissed with prejudice. The Court shall enter the Consent Judgment and Injunction as to Umami Co. This dismissal is specifically subject to the terms of the Consent Judgment and Injunction. Each party shall bear its own costs and attorneys' fees. Signed by Judge Michael H. Schneider on 06/25/13. (mll, ) (Entered: 06/26/2013) |
| 06/25/2013 | 849 | CONSENT JUDGMENT AND INJUNCTION AS TO UMAMI CO. Signed by Judge Michael H. Schneider on 06/25/13. (mll, ) (Entered: 06/26/2013) |
| 06/26/2013 | 850 | ***VACATED PER 906 ORDER***<br>Clerk's ENTRY OF DEFAULT as to DERMALOG Identification Systems, GmbH (mll, ) Modified on 8/6/2013 (mll, ). (Entered: 06/26/2013) |
| 06/26/2013 | 851 | Clerk's ENTRY OF DEFAULT as to Nitgen & Company Co., Ltd. (mll, ) (Entered: 06/26/2013) |
| 06/26/2013 | | ***MOTIONS WERE TERMINATED PER JUDGE, DUE TO NOT A MOTION BUT PLEADINGS WILL REMAIN ON DOCKET. RE: Documents # 842-844, Motions for entry of default..***<br><br>(sm, ) (Entered: 06/26/2013) |
| 06/26/2013 | 852 | Clerk's ENTRY OF DEFAULT as to Sonda Technologies, Ltd. (mll, ) (Entered: 06/26/2013) |
| 06/26/2013 | 853 | NOTICE by Aware, Inc. *of Request for Termination of Electronic Notices* (Qureshi, Wasif) (Entered: 06/26/2013) |
| 06/26/2013 | 854 | NOTICE by Rovi Corporation, Rovi Guides, Inc. *Request for Termination of Electronic Notices* (Leibnitz, Noel) (Entered: 06/26/2013) |
| 06/27/2013 | 855 | RESPONSE in Opposition re 807 Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp. and Cognitec Systems GmbH filed by Cognitec Systems Corporation, Cognitec Systems GmbH.* (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Goetzel, Dwayne) (Entered: 06/27/2013) |
| 06/27/2013 | 856 | RESPONSE in Opposition re 811 Opposed MOTION for Discovery *on Jurisdictional Issues from Tygart Technology, Inc. filed by Tygart Technology, Inc..* (Attachments: # 1 Text of Proposed Order)(McSwane, Douglas) (Entered: 06/27/2013) |
| 06/28/2013 | 857 | RESPONSE in Opposition re 588 MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680 by Defendants L-1 Identity Solutions, Inc. and MorphoTrust USA, Inc. filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Supporting Declaration of Randall Garteiser, # 4 Exhibit 1, # 5 |

| | | |
|---|---|---|
| | | Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7)(Garteiser, Randall) (Entered: 06/29/2013) |
| 06/29/2013 | 858 | RESPONSE in Opposition re 560 MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Insufficient Service of Process, re-filed from Nov. 26, 2012 in Case No. 12cv572 by Technicolor S.A. filed by* Blue Spike, LLC . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Garteiser Honea, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8)(Garteiser, Randall) (Entered: 06/29/2013) |
| 07/01/2013 | 859 | REPLY to Response to Motion re 560 MOTION to Dismiss for Lack of Jurisdiction , *Improper Venue, and Insufficient Service of Process, re-filed from Nov. 26, 2012 in Case No. 12cv572 filed by Technicolor S.A.* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McCoy, Andrew) (Entered: 07/01/2013) |
| 07/01/2013 | 860 | REPLY to Response to Motion re 812 Opposed MOTION for Discovery *from Axxonsoft US, Inc. and Axxonsoft Ltd. on Jurisdictional Issues filed by* Blue Spike, LLC . (Garteiser, Randall) (Entered: 07/01/2013) |
| 07/03/2013 | 861 | REPLY to Response to Motion re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) filed by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.* . (Findlay, Eric) (Entered: 07/03/2013) |
| 07/05/2013 | 862 | SUR-REPLY to Reply to Response to Motion re 777 MOTION to Sever *and To Request a Status Conference of Defendant Texas Instrument, filed by* Blue Spike, LLC . (Garteiser, Randall) (Entered: 07/05/2013) |
| 07/08/2013 | 863 | Unopposed MOTION for Extension of Time to File Response/Reply as to 807 Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp. and Cognitec Systems GmbH* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 07/08/2013) |
| 07/08/2013 | 864 | REPLY to Response to Motion re 811 Opposed MOTION for Discovery *on Jurisdictional Issues from Tygart Technology, Inc. filed by* Blue Spike, LLC . (Garteiser, Randall) (Entered: 07/08/2013) |
| 07/08/2013 | 865 | RESPONSE in Opposition re 836 MOTION to Change Venue *Defendant CBS* |

| | | |
|---|---|---|
| | | *Interactive Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of Califor filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 07/08/2013)* |
| 07/10/2013 | 866 | ORDER granting 863 Motion for Extension of Time to File Response/Reply re 863 Unopposed MOTION for Extension of Time to File Response/Reply as to 807 Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp. and Cognitec Systems GmbH.* Replies due by 7/12/2013. Signed by Judge Michael H. Schneider on 7/10/13. (mjc, ) (Entered: 07/10/2013) |
| 07/12/2013 | 867 | REPLY to Response to Motion re 807 Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp. and Cognitec Systems GmbH filed by Blue Spike, LLC .* (Garteiser, Randall) (Entered: 07/12/2013) |
| 07/15/2013 | 868 | AMENDED ANSWER to 1 Complaint, by Facebook, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 869 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Myxer, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 870 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Coincident.TV, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 871 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by iMesh, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 872 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Soundcloud Ltd.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 873 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Soundcloud, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 874 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by MySpace, LLC. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 875 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Zedge Holdings, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 876 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Specific Media, LLC. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 877 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by GoMiso, Inc. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 878 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Boodabee Technologies Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 879 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Qlipso, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 880 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Qlipso Media Networks Ltd.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 881 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Metacafe, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |

| 07/15/2013 | 882 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Dailymotion S.A.. (Findlay, Eric) (Entered: 07/15/2013) |
|---|---|---|
| 07/15/2013 | 883 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Dailymotion, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 884 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by WiOffer, LLC. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 885 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC, Blue Spike, Inc., Scott A. Moskowitz by Audible Magic Corporation. (Attachments: # 1 Exhibit A)(Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 886 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Harmonix Music Systems, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 887 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Yap.tv, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 888 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Brightcove, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 889 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband AB. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 890 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband NA, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 891 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Photobucket.com, Inc.. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 892 | AMENDED ANSWER to 1 Complaint,, COUNTERCLAIM against Blue Spike, LLC by Mediafire, LLC. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 893 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Findlay, Eric) (Entered: 07/15/2013) |
| 07/15/2013 | 894 | SUR-REPLY to Reply to Response to Motion re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 07/15/2013) |
| 07/16/2013 | 895 | SUMMONS Issued as to Blue Spike, Inc., Scott A. Moskowitz and emailed to pltf for service. (Attachments: # 1 Summons(es))(klb) (Entered: 07/16/2013) |
| 07/18/2013 | 896 | REPLY to Response to Motion re 836 MOTION to Change Venue *Defendant* |

| | | |
|---|---|---|
| | | *CBS Interactive Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of Califor nia Under 28 U.S.C. § 1404(a) filed by CBS Interactive, Inc.. (Perito, Andrew) (Entered: 07/18/2013)* |
| 07/18/2013 | 897 | Unopposed MOTION for Extension of Time to File *Sur-Reply in Opposition to Blue Spike's Motion for Jurisdictional Discovery* by AxxonSoft US, Inc., Axxonsoft Ltd.. (Attachments: # 1 Text of Proposed Order)(Milch, Erik) (Entered: 07/18/2013) |
| 07/22/2013 | 898 | SUR-REPLY to Reply to Response to Motion re 807 Opposed MOTION for Discovery *on Jurisdictional Issues from Cognitec Systems Corp. and Cognitec Systems GmbH filed by Cognitec Systems Corporation, Cognitec Systems GmbH*. (Goetzel, Dwayne) (Entered: 07/22/2013) |
| 07/26/2013 | 899 | SUR-REPLY to Reply to Response to Motion re 812 Opposed MOTION for Discovery *from Axxonsoft US, Inc. and Axxonsoft Ltd. on Jurisdictional Issues filed by AxxonSoft US, Inc., Axxonsoft Ltd*.. (Milch, Erik) (Entered: 07/26/2013) |
| 07/29/2013 | 900 | Unopposed MOTION for Extension of Time to File Response/Reply as to 877 Amended Answer to Complaint, Counterclaim, 876 Amended Answer to Complaint, Counterclaim, 881 Amended Answer to Complaint, Counterclaim, 875 Amended Answer to Complaint, Counterclaim, 883 Amended Answer to Complaint, Counterclaim, 891 Amended Answer to Complaint, Counterclaim, 878 Amended Answer to Complaint, Counterclaim, 889 Amended Answer to Complaint, Counterclaim, 890 Amended Answer to Complaint, Counterclaim, 879 Amended Answer to Complaint, Counterclaim, 874 Amended Answer to Complaint, Counterclaim, 872 Amended Answer to Complaint, Counterclaim, 873 Amended Answer to Complaint, Counterclaim, 882 Amended Answer to Complaint, Counterclaim, 868 Amended Answer to Complaint, 886 Amended Answer to Complaint, Counterclaim, 888 Amended Answer to Complaint, Counterclaim, 892 Amended Answer to Complaint, Counterclaim, 885 Amended Answer to Complaint, Counterclaim, 870 Amended Answer to Complaint, Counterclaim, 884 Amended Answer to Complaint, Counterclaim, 869 Amended Answer to Complaint, Counterclaim, 887 Amended Answer to Complaint, Counterclaim, 880 Amended Answer to Complaint, Counterclaim, 871 Amended Answer to Complaint, Counterclaim *of Audible Magic and Customers* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 07/29/2013) |
| 07/29/2013 | 901 | SUR-REPLY to Reply to Response to Motion re 836 MOTION to Change Venue *Defendant CBS Interactive Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of Califor nia, filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 07/29/2013)* |
| 07/30/2013 | 902 | Opposed MOTION for Discovery *(Jurisdictional) from Soundmouse Ltd*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Garteiser, Randall) (Entered: 07/30/2013) |
| 07/31/2013 | 903 | NOTICE of Request for Termination of Electronic Notices by NEC Corporation, NEC Corporation of America (Dort, Malcolm) (Entered: 07/31/2013) |

| 08/02/2013 | 904 | Unopposed MOTION to Vacate *Entry of Default and Return of Service* by DERMALOG Identification Systems, GmbH. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/02/2013) |
|---|---|---|
| 08/05/2013 | 905 | MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)* by Adobe Systems, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Jeremy Helfand, # 3 Declaration of Eugene Mar, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32)(Dacus, Deron) (Entered: 08/05/2013) |
| 08/05/2013 | 906 | ORDER granting 904 Motion to Vacate 850 Clerk's Entry of Default. The Return of Service, executed as to DERMALOG, filed on 3-04-2013 (Dkt. No. 16 in Case No. 6:13-cv-00053) is also vacated. Signed by Judge Michael H. Schneider on 08/05/13. (mll, ) (Entered: 08/06/2013) |
| 08/06/2013 | 907 | WAIVER OF SERVICE Returned Executed by Audible Magic Corporation(Consolidated Civil Action 6:12cv576). Blue Spike, Inc. waiver sent on 7/25/2013, answer due 9/23/2013; Blue Spike, LLC waiver sent on 7/25/2013, answer due 9/23/2013; Scott A. Moskowitz waiver sent on 7/25/2013, answer due 9/23/2013. (gsg) (Entered: 08/07/2013) |
| 08/07/2013 | 908 | Agreed MOTION to Dismiss *Anviz Global, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 08/07/2013) |
| 08/07/2013 | 909 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Myxer, Inc. (Lackey, Walter) (Entered: 08/07/2013) |
| 08/07/2013 | 910 | NOTICE of Attorney Appearance by Gabriel M Ramsey on behalf of Myxer, Inc. (Ramsey, Gabriel) (Entered: 08/07/2013) |
| 08/07/2013 | 911 | NOTICE of Attorney Appearance by Bas de Blank on behalf of Myxer, Inc. (de Blank, Bas) (Entered: 08/07/2013) |
| 08/07/2013 | 912 | NOTICE of Attorney Appearance by Alyssa Margaret Caridis on behalf of Myxer, Inc. (Caridis, Alyssa) (Entered: 08/07/2013) |
| 08/07/2013 | 913 | NOTICE of Attorney Appearance by Christopher James Higgins on behalf of Myxer, Inc. (Higgins, Christopher) (Entered: 08/07/2013) |
| 08/07/2013 | 914 | NOTICE of Attorney Appearance by Indra Neel Chatterjee on behalf of Myxer, Inc. (Chatterjee, Indra) (Entered: 08/07/2013) |
| 08/07/2013 | 915 | NOTICE of Attorney Appearance by Christopher R Ottenweller on behalf of Myxer, Inc. (Ottenweller, Christopher) (Entered: 08/07/2013) |
| 08/07/2013 | 916 | MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* by SoundHound, Inc.. (Attachments: # 1 Declaration of Thomas Blum In Support, # 2 Declaration of |

| | | Vance Ikezoye In Support, # 3 Declaration of Douglas Keislar In Support, # 4 Declaration of Kamyar Mohajer In Support, # 5 Declaration of James Schrempp In Support, # 6 Declaration of James Wheaton In Support, # 7 Declaration of Erling Wold In Support, # 8 Declaration of Bryan A. Kohm In Support, # 9 Exhibit 1 to Kohm Declaration, # 10 Exhibit 2 to Kohm Declaration, # 11 Exhibit 3 to Kohm Declaration, # 12 Exhibit 4 to Kohm Declaration, # 13 Exhibit 5 to Kohm Declaration, # 14 Exhibit 6 to Kohm Declaration, # 15 Exhibit 7 to Kohm Declaration, # 16 Exhibit 8 to Kohm Declaration, # 17 Exhibit 9 to Kohm Declaration, # 18 Exhibit 10 to Kohm Declaration, # 19 Exhibit 11 to Kohm Declaration, # 20 Exhibit 12 to Kohm Declaration, # 21 Exhibit 13 to Kohm Declaration, # 22 Exhibit 14 to Kohm Declaration, # 23 Exhibit 15 to Kohm Declaration, # 24 Exhibit 16 to Kohm Declaration, # 25 Exhibit 17 to Kohm Declaration, # 26 Exhibit 18 to Kohm Declaration, # 27 Exhibit 19 to Kohm Declaration, # 28 Exhibit 20 to Kohm Declaration, # 29 Exhibit 21 to Kohm Declaration, # 30 Exhibit 22 to Kohm Declaration, # 31 Exhibit 23 to Kohm Declaration, # 32 Exhibit 24 to Kohm Declaration, # 33 Exhibit 25 to Kohm Declaration, # 34 Exhibit 26 to Kohm Declaration, # 35 Text of Proposed Order [Proposed] Order Granting Defendant's Motion for Transfer)(Kohm, Bryan) (Entered: 08/07/2013) |
|---|---|---|
| 08/08/2013 | 917 | ORDER granting 908 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Anvis Global Inc are DISMISSED without prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 08/08/13. (mll, ) (Entered: 08/09/2013) |
| 08/12/2013 | 918 | AMENDED COMPLAINT against DERMALOG Identification Systems, GmbH, filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 08/12/2013) |
| 08/13/2013 | 919 | AMENDED COMPLAINT against ImageWare Systems, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 08/13/2013) |
| 08/13/2013 | 920 | AMENDED COMPLAINT against Accu-Time Systems, Inc., filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 08/13/2013) |
| 08/13/2013 | 921 | AMENDED COMPLAINT against Amano Cincinnati, Inc., filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 08/13/2013) |
| 08/13/2013 | 922 | AMENDED COMPLAINT against AxxonSoft US, Inc., Axxonsoft Ltd., filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 08/13/2013) |
| 08/13/2013 | 923 | AMENDED COMPLAINT against Entropic Communications, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 08/13/2013) |
| 08/15/2013 | 924 | RESPONSE in Opposition re 902 Opposed MOTION for Discovery *(Jurisdictional) from Soundmouse Ltd.* filed by Soundmouse Ltd. . (Attachments: # 1 Text of Proposed Order)(Beard, Ryan) (Entered: 08/15/2013) |
| 08/21/2013 | 925 | Agreed MOTION for Leave to File *Supplemental Briefing re Audible Magic's Motion to Change Venue [dkt. 771]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/21/2013) |
| 08/21/2013 | 926 | NOTICE of Attorney Appearance - Pro Hac Vice by Christopher M Swickhamer on behalf of Viggle, Inc. Filing fee $ 100, receipt number 0540-4277930. |

| | | |
|---|---|---|
| | | (Swickhamer, Christopher) (Entered: 08/21/2013) |
| 08/22/2013 | 927 | Unopposed MOTION for Extension of Time to File Response/Reply as to 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)* MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a) of Adobe Systems Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Honea, Christopher) (Entered: 08/22/2013) |
| 08/22/2013 | 928 | ORDER granting 925 Motion for Leave to File Supplemental Briefing. Signed by Judge Michael H. Schneider on 08/22/13. (mll, ) (Entered: 08/23/2013) |
| 08/23/2013 | 929 | ORDER granting 927 Motion for Extension of Time to File Response/Reply re 927 Unopposed MOTION for Extension of Time to File Response/Reply as to 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)*. Responses due by 9/3/2013. Signed by Judge Michael H. Schneider on 8/23/13. (mjc, ) (Entered: 08/23/2013) |
| 08/23/2013 | 930 | NOTICE of Attorney Appearance - Pro Hac Vice by Keren Hu on behalf of Vobile, Inc.. Filing fee $ 100, receipt number 0540-4281857. (Hu, Keren) (Entered: 08/23/2013) |
| 08/26/2013 | 931 | RESPONSE in Opposition re 916 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* filed by Blue Spike, LLC . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9)(Garteiser, Randall) (Entered: 08/26/2013) |
| 08/26/2013 | 932 | REPLY to Response to Motion re 902 Opposed MOTION for Discovery *(Jurisdictional) from Soundmouse Ltd*. filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 08/26/2013) |
| 08/26/2013 | 933 | Unopposed MOTION for Extension of Time to File Answer *Plaintiff's First Amended Complaint* by Amano Cincinnati, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Crocker, Scott) (Entered: 08/26/2013) |
| 08/26/2013 | 934 | Unopposed MOTION for Extension of Time to File Answer *Plaintiff's First Amended Complaint* by Accu-Time Systems, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order)(Crocker, Scott) (Entered: 08/26/2013) |
| 08/27/2013 | 935 | RESPONSE in Opposition re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) [This is a supplemental opposition briefing filed by Blue Spike in opposition to Audible Magic's, et al.'s motion to change venue to N.D. Cal.]* filed by Blue Spike, LLC . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 08/27/2013) |
| 08/27/2013 | 936 | Opposed MOTION for Discovery *(Jurisdictional) from Agnitio Corp*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/27/2013) |

| Date | No. | Description |
|---|---|---|
| 08/28/2013 | 937 | ORDER granting 933 Motion for Extension of Time to Answer. Defendant Amano Cincinnati, Inc. shall have until 9-30-2013, to answer or otherwise respond to the Amended Complaint. Signed by Judge Michael H. Schneider on 08/28/13. (mll, ) (Entered: 08/28/2013) |
| 08/28/2013 | 938 | ORDER granting 934 Motion for Extension of Time to Answer. Defendant Accu-Time Systems, Inc. shall have until 9-30-2013, to answer or otherwise respond to the Amended Complaint. Signed by Judge Michael H. Schneider on 08/28/13. (mll, ) (Entered: 08/28/2013) |
| 08/29/2013 | 939 | SUMMONS Issued as to DERMALOG Identification Systems, GmbH and emailed to pltf for service. (klb) (Entered: 08/29/2013) |
| 08/30/2013 | 940 | MOTION to Dismiss *the Amended Complaint* by ImageWare Systems, Inc.. (Jones, Michael) (Entered: 08/30/2013) |
| 08/30/2013 | 941 | MOTION to Dismiss *Defendant's Motion to Dismiss Plaintiff Blue Spike, LLC's First Amended Complaint For Indirect and Willful Patent Infringement For Failure to State a Claim On Which Relief Can Be Granted* by Entropic Communications, Inc.. (Attachments: # 1 Declaration of Alan H. Blankenheimer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Blankenheimer, Alan) (Entered: 08/30/2013) |
| 08/30/2013 | 942 | RESPONSE to 935 Response in Opposition to Motion, *filed by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.* . (Findlay, Eric) (Entered: 08/30/2013) |
| 08/30/2013 | 943 | NOTICE by Anviz Global, Inc. *Request for Termination of Electronic Notices* (Morgado, Dale) (Entered: 08/30/2013) |
| 08/30/2013 | 944 | AMENDED COMPLAINT against AOptix Technologies, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Garteiser, Randall) (Entered: 08/30/2013) |
| 09/03/2013 | 945 | MOTION to Appoint International Process Server for Dermalog Identification Systems, GmbH by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/03/2013) |
| 09/03/2013 | 946 | RESPONSE in Opposition re 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a) filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9)(Garteiser, Randall) (Entered: 09/03/2013) |
| 09/04/2013 | 947 | Unopposed MOTION for Extension of Time to File Answer *or Otherwise Respond to Amended Complaint* by AxxonSoft US, Inc., Axxonsoft Ltd.. (Attachments: # 1 Text of Proposed Order)(Milch, Erik) (Entered: 09/04/2013) |
| 09/04/2013 | 948 | Agreed MOTION for Extension of Time to File *the Briefing Schedule for* |

| | | |
|---|---|---|
| | | *SoundHound, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a)* by SoundHound, Inc.. (Attachments: # 1 Text of Proposed Order)(Kohm, Bryan) (Entered: 09/04/2013) |
| 09/04/2013 | 949 | SUR-REPLY to Reply to Response to Motion re 771 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) [Supplemental Surrply in Support of Blue Spike's Opposition to Audible Magic and Some of its Customers' Motion to Change Venue to the Northern DIstrict of California]* filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/04/2013) |
| 09/09/2013 | 950 | Unopposed MOTION for Extension of Time to File Response/Reply as to 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)* by Adobe Systems, Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 09/09/2013) |
| 09/09/2013 | 951 | NOTICE by Blue Spike, LLC re 539 MOTION to Dismiss *re-filed from Dec. 10, 2012 [DEFENDANT IMAGEWARE'S MOTION IS MOOT]* (Garteiser, Randall) (Entered: 09/09/2013) |
| 09/09/2013 | 952 | NOTICE by Blue Spike, LLC re 576 MOTION to Dismiss *[DEFENDANT ACCU-TIME'S MOTION IS MOOT]* (Garteiser, Randall) (Entered: 09/09/2013) |
| 09/09/2013 | 953 | NOTICE by Blue Spike, LLC re 577 MOTION to Dismiss *[DEFENDANT AMANO'S MOTION IS MOOT]* (Garteiser, Randall) (Entered: 09/09/2013) |
| 09/09/2013 | 954 | NOTICE by Blue Spike, LLC re 645 MOTION to Dismiss *[DEFENDANT AXXONSOFT LTD'S MOTION IS MOOT]* (Garteiser, Randall) (Entered: 09/09/2013) |
| 09/09/2013 | 955 | NOTICE by Blue Spike, LLC re 533 MOTION to Dismiss *for Indirect and Willful Patent Infringement for Failure to State a Claim on Which Relief Can Be Granted (Re-filed from 6:13cv125) [DEFENDANT ENTROPIC'S MOTION IS MOOT]* (Garteiser, Randall) (Entered: 09/09/2013) |
| 09/10/2013 | 956 | DEMAND for Trial by Jury by Shazam Entertainment Ltd.. (Jones, Michael) (Entered: 09/10/2013) |
| 09/10/2013 | 957 | NOTICE by ImageWare Systems, Inc. re 951 Notice (Other) *in Response* (Jones, Michael) (Entered: 09/10/2013) |
| 09/11/2013 | 958 | DEMAND for Trial by Jury by ACTV8, Inc.. (Jones, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 959 | DEMAND for Trial by Jury by DigitalPersona Corporation. (Jones, Michael) (Entered: 09/11/2013) |
| 09/11/2013 | 960 | MOTION to Change Venue *Defendant Entropic Communications, Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* by Entropic Communications, Inc.. (Attachments: # 1 Declaration of Bruce Greenhaus, # 2 Text of Proposed Order)(Blankenheimer, Alan) (Entered: 09/11/2013) |
| 09/13/2013 | 961 | Unopposed MOTION for Leave to File *Under Seal Exhibits in Support of Defendant Agnitio's Opposition to Plaintiff's Motion for Jurisdictional Discovery* |

| | | |
|---|---|---|
| | | by Agnitio Corp.. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order) (Murphy, Michael) (Entered: 09/13/2013) |
| 09/13/2013 | 962 | REPLY to Response to Motion re 916 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)* filed by SoundHound, Inc.. (Kohm, Bryan) (Entered: 09/13/2013) |
| 09/13/2013 | 963 | RESPONSE in Opposition re 936 Opposed MOTION for Discovery *(Jurisdictional) from Agnitio Corp.* filed by Agnitio Corp.. (Attachments: # 1 Affidavit Decl. D. Hwang, # 2 Exhibit A to Decl. D. Hwang - Correspondence, # 3 Text of Proposed Order)(Murphy, Michael) (Entered: 09/13/2013) |
| 09/13/2013 | 964 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 963 Defendant Agnitio Corp.'s Response in Opposition to Plaintiff Blue Spike, LLC's Motion to Authorize Jurisdictional Discovery. (Attachments: # 1 Sealed Exhibit B - Defendant Agnitio Corp.'s Response to Plaintiff's First Set of Interrogatories - , # 2 Sealed Exhibit C - Defendant Agnitio Corp.'s Supplemental Responses to Plaintiff's First Set of Interrogatories)(Murphy, Michael) (Entered: 09/13/2013) |
| 09/13/2013 | 965 | ORDER granting 950 Motion for Extension of Time to File Response/Reply re 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a)*; Replies due by 9/20/2013. Signed by Judge Michael H. Schneider on 09/13/13. (mll, ) (Entered: 09/16/2013) |
| 09/16/2013 | 966 | RESPONSE in Opposition re 941 MOTION to Dismiss *Defendant's Motion to Dismiss Plaintiff Blue Spike, LLC's First Amended Complaint For Indirect and Willful Patent Infringement For Failure to State a Claim On Which Relief Can Be Granted - Blue Spike LLC's Opposition to Defendant Entropic Communication Inc.'s motion to dismiss Blue Spike's First Amended Complaint [Dkt. 923]* filed by Blue Spike, LLC . (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Ex. 3, # 4 Ex. 4, # 5 Ex. 5, # 6 Ex. 6, # 7 Ex. 7, # 8 Text of Proposed Order Denying Defendant Entropic Communication Inc.'s motion to dismiss)(Garteiser, Randall) (Entered: 09/16/2013) |
| 09/16/2013 | 967 | RESPONSE in Opposition re 940 MOTION to Dismiss *the Amended Complaint - Opposition to Defendant ImageWare's Motion to Dismiss the FAC (Dkt. 919) -* filed by Blue Spike, LLC . (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Text of Proposed Order Denying Imageware's Motion to Dismiss)(Garteiser, Randall) (Entered: 09/16/2013) |
| 09/19/2013 | 968 | MOTION to Strike 944 Amended Complaint *Improperly-Filed By Blue Spike and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue* by AOptix Technologies, Inc.. Responses due by 10/3/2013 (Attachments: # 1 Declaration of Bryan A. Kohm In Support of Defendant AOptix Technologies, Inc.'s Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue, # 2 Exhibit 1 to Kohm Declaration In Support, # 3 Declaration of Thomas A. Rainwater In Support of Defendant AOptix Technologies, Inc.'s Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue, # 4 Text of Proposed Order Granting Defendant AOptix Technologies, Inc.'s Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue)(Kohm, Bryan) |

| | | |
|---|---|---|
| | | (Entered: 09/19/2013) |
| 09/20/2013 | 969 | RESPONSE to 869 Amended Answer to Complaint, Counterclaim *of Myxer* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 970 | RESPONSE to 870 Amended Answer to Complaint, Counterclaim *of Coincident.TV* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 971 | RESPONSE to 871 Amended Answer to Complaint, Counterclaim *of iMesh* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 972 | RESPONSE to 872 Amended Answer to Complaint, Counterclaim *of Soundcloud Ltd* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 973 | RESPONSE to 873 Amended Answer to Complaint, Counterclaim *of Soundcloud Inc.* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 974 | RESPONSE to 874 Amended Answer to Complaint, Counterclaim *of Myspace* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 975 | RESPONSE to 875 Amended Answer to Complaint, Counterclaim *of Zedge* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 976 | RESPONSE to 876 Amended Answer to Complaint, Counterclaim *of Specific Media* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 977 | RESPONSE to 877 Amended Answer to Complaint, Counterclaim *of GoMiso* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 978 | RESPONSE to 878 Amended Answer to Complaint, Counterclaim *of Boodabee* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 979 | RESPONSE to 879 Amended Answer to Complaint, Counterclaim *of Qlipso* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 980 | RESPONSE to 880 Amended Answer to Complaint, Counterclaim *of Qlipso Media Networks Ltd* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 981 | RESPONSE to 881 Amended Answer to Complaint, Counterclaim *of Metacafe* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 982 | RESPONSE to 882 Amended Answer to Complaint, Counterclaim *of Dailymotion S.A.* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 983 | RESPONSE to 883 Amended Answer to Complaint, Counterclaim *of Dailymotion Inc.* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 984 | RESPONSE to 884 Amended Answer to Complaint, Counterclaim *of WiOffer* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 985 | RESPONSE to 886 Amended Answer to Complaint, Counterclaim *of Harmonix* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 986 | REPLY to Response to Motion re 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a) filed by Adobe Systems, Inc.*. (Attachments: # 1 Declaration of Jeremy Helfand)(Dacus, Deron) (Entered: 09/20/2013) |

| 09/20/2013 | 987 | RESPONSE to 887 Amended Answer to Complaint, Counterclaim *of Yap.tv* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
|---|---|---|
| 09/20/2013 | 988 | RESPONSE to 888 Amended Answer to Complaint, Counterclaim *of Brightcove* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 989 | RESPONSE to 889 Amended Answer to Complaint, Counterclaim *of Accedo Broadband AB* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 990 | RESPONSE to 890 Amended Answer to Complaint, Counterclaim *of Accedo Broadband NA* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 991 | RESPONSE to 891 Amended Answer to Complaint, Counterclaim *of Photobucket* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 992 | RESPONSE to 892 Amended Answer to Complaint, Counterclaim *of MediaFire* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 993 | MOTION to Dismiss *[Audible Magic's Counterclaims]* by Blue Spike, Inc.. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 994 | MOTION to Dismiss *[Audible Magic's Counterclaims]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/20/2013) |
| 09/20/2013 | 995 | MOTION to Dismiss *[Audible Magic's Counterclaims]* by Scott A. Moskowitz. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/20/2013) |
| 09/23/2013 | 996 | REPLY to Response to Motion re 940 MOTION to Dismiss *the Amended Complaint filed by ImageWare Systems, Inc*.. (Fazio, James) (Entered: 09/23/2013) |
| 09/23/2013 | 997 | REPLY to Response to Motion re 936 Opposed MOTION for Discovery *(Jurisdictional) from Agnitio Corp. filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Peter Brasher in Support of Motion, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Garteiser, Randall) (Entered: 09/23/2013) |
| 09/25/2013 | 998 | ORDER denying as moot 375 Motion to Dismiss for Lack of Jurisdiction; denying as moot 542 Motion to Dismiss for Lack of Jurisdiction. Signed by Judge Michael H. Schneider on 9/25/2013. (lgp, ) (Entered: 09/25/2013) |
| 09/25/2013 | 999 | ORDER denying as moot 335 Motion to Dismiss. Signed by Judge Michael H. Schneider on 9/25/2013. (lgp, ) (Entered: 09/25/2013) |
| 09/25/2013 | 1000 | ORDER denying as moot 502 Motion for Discovery. Signed by Judge Michael H. Schneider on 9/25/2013. (lgp, ) (Entered: 09/25/2013) |
| 09/25/2013 | 1001 | ORDER denying as moot 439 Motion to Dismiss. Signed by Judge Michael H. Schneider on 9/25/2013. (lgp, ) (Entered: 09/25/2013) |
| 09/26/2013 | 1002 | RESPONSE in Opposition re 540 MOTION to Change Venue *re-filed from Jan. 7, 2013 in Case No. 12cv688 filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Supporting Declaration of Scott Moskowitz, # 3 Supporting Declaration of Randall Garteiser, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 |

| | | |
|---|---|---|
| | | Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6)(Garteiser, Randall) (Entered: 09/26/2013) |
| 09/27/2013 | 1003 | ORDER granting 356 Motion to Dismiss. Plaintiff's claims against Defendants TVTak Ltd. and TVTak USA, Inc. are dismissed without prejudice. Signed by Judge Michael H. Schneider on 09/27/13. (mll, ) (Entered: 09/27/2013) |
| 09/27/2013 | 1004 | ORDER granting 558 Motion to Dismiss for Lack of Personal Jurisdiction; denying 509 Motion to Authorize Jurisdictional Discovery. Plaintiff's claims against Defendant Ensequence Inc are DISMISSED without prejudice. Signed by Judge Michael H. Schneider on 09/27/13. (mll, ) (Entered: 09/27/2013) |
| 09/27/2013 | 1005 | REPLY to Response to Motion re 941 MOTION to Dismiss *Defendant's Motion to Dismiss Plaintiff Blue Spike, LLC's First Amended Complaint For Indirect and Willful Patent Infringement For Failure to State a Claim On Which Relief Can Be Granted filed by Entropic Communications, Inc..* (Blankenheimer, Alan) (Entered: 09/27/2013) |
| 09/27/2013 | 1006 | ORDER granting 327 Motion to Dismiss Plaintiff's Contributory Infringement and Willful Infringement Claims. Signed by Judge Michael H. Schneider on 09/27/13. (mll, ) (Entered: 09/27/2013) |
| 09/30/2013 | 1007 | SUR-REPLY to Reply to Response to Motion re 905 MOTION to Change Venue *to the USDC for the Northern District of California Under 28 U.S.C. § 1404(a) [by Adobe Systems, Inc.] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 09/30/2013) |
| 09/30/2013 | 1008 | SUR-REPLY to Reply to Response to Motion re 916 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a) [by SoundHound] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 09/30/2013) |
| 09/30/2013 | 1009 | MOTION to Dismiss *Plaintiff's "First Original Complaint" (DKT. 920) Pursuant to Fed. R. Civ. P. 12(b)(6)* by Accu-Time Systems, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Volpe, Anthony) (Entered: 09/30/2013) |
| 09/30/2013 | 1010 | RESPONSE in Opposition re 960 MOTION to Change Venue *Defendant Entropic Communications, Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District o [by Entropic Communications, Inc.'s] filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/30/2013) |
| 09/30/2013 | 1011 | MOTION to Dismiss *Plaintiff's First Amended Complaint (DKT. 921) Pursuant to Fed. R. Civ. P. 12(b)(6)* by Amano Cincinnati, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Volpe, Anthony) (Entered: 09/30/2013) |
| 10/01/2013 | 1012 | Agreed MOTION to Dismiss *Defendant Visible World, Inc* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/01/2013) |
| 10/02/2013 | 1013 | ANSWER to 919 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by ImageWare Systems, Inc..(Fazio, James) (Entered: 10/02/2013) |

| 10/02/2013 | 1014 | SUR-REPLY to Reply to Response to Motion re 936 Opposed MOTION for Discovery *(Jurisdictional) from Agnitio Corp. filed by Agnitio Corp.*. (Murphy, Michael) (Entered: 10/02/2013) |
|---|---|---|
| 10/03/2013 | 1015 | SUR-REPLY to Reply to Response to Motion re 940 MOTION to Dismiss *the Amended Complaint filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 10/03/2013) |
| 10/04/2013 | 1016 | NOTICE by Blue Spike, LLC *Supplemental Notice of Readiness for Scheduling Conference* (Garteiser, Randall) (Entered: 10/04/2013) |
| 10/07/2013 | 1017 | ORDER granting 1012 Motion to Dismiss. All claims and counterclaims between plaintiff Blue Spike, LLC and defendant Visible World, Inc. are dismissed without prejudice. The parties shall bear their own attorneys' fees, expenses, and costs. Signed by Judge Michael H. Schneider on 10/07/13. (mll, ) (Entered: 10/07/2013) |
| 10/07/2013 | 1018 | NOTICE by Visible World, Inc. *Request for Termination of Electronic Notices* (Mann, James) (Entered: 10/07/2013) |
| 10/07/2013 | 1019 | MOTION to Dismiss *First Amended Complaint* by AxxonSoft US, Inc., Axxonsoft Ltd.. (Attachments: # 1 Declaration of Stephen C. Crenshaw, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Text of Proposed Order)(Milch, Erik) (Entered: 10/07/2013) |
| 10/07/2013 | 1020 | RESPONSE in Opposition re 993 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Higgins, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Findlay, Eric) (Entered: 10/07/2013) |
| 10/07/2013 | 1021 | RESPONSE in Opposition re 994 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Higgins, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Findlay, Eric) (Entered: 10/07/2013) |
| 10/07/2013 | 1022 | RESPONSE in Opposition re 995 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Higgins, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Findlay, Eric) (Entered: 10/07/2013) |
| 10/07/2013 | 1023 | SUR-REPLY to Reply to Response to Motion re 941 MOTION to Dismiss *Defendant's Motion to Dismiss Plaintiff Blue Spike, LLC's First Amended Complaint For Indirect and Willful Patent Infringement For Failure to State a Claim On Which Relief Can Be Granted filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 10/07/2013) |
| 10/07/2013 | 1024 | RESPONSE in Opposition re 968 MOTION to Strike 944 Amended Complaint *Improperly-Filed By Blue Spike and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1)(Garteiser, Randall) (Entered: 10/07/2013) |
| 10/08/2013 | 1025 | NOTICE by Visible World, Inc. *Request for Termination of Electronic Notices* (Tindel, Andy) (Entered: 10/08/2013) |
| 10/10/2013 | 1026 | REPLY to Response to Motion re 960 MOTION to Change Venue *Defendant* |

| | | |
|---|---|---|
| | | *Entropic Communications, Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District o filed by Entropic Communications, Inc.. (Blankenheimer, Alan) (Entered: 10/10/2013)* |
| 10/11/2013 | 1027 | Agreed MOTION to Dismiss *Free Stream Media Corporation* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/11/2013) |
| 10/11/2013 | 1028 | MOTION for Reconsideration re 1004 Order on Motion for Miscellaneous Relief, Order on Motion to Dismiss/Lack of Jurisdiction,, *BLUE SPIKE, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION [DKT. 1004]* by Blue Spike, LLC. (Garteiser, Randall) (Additional attachment(s) added on 11/7/2013: # 1 Text of Proposed Order) (gsg, ). (Entered: 10/11/2013) |
| 10/14/2013 | 1029 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Dailymotion S.A..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1030 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Dailymotion, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1031 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Photobucket.com, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1032 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband NA, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1033 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Metacafe, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1034 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Qlipso, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1035 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by WiOffer, LLC.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1036 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Harmonix Music Systems, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1037 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Yap.tv, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1038 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Soundcloud, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1039 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Soundcloud Ltd..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1040 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Myxer, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1041 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Coincident.TV, Inc..(Findlay, Eric) (Entered: 10/14/2013) |

| 10/14/2013 | 1042 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Zedge Holdings, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
|---|---|---|
| 10/14/2013 | 1043 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Qlipso, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1044 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Specific Media, LLC.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1045 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by MySpace, LLC.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1046 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by GoMiso, Inc.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1047 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by iMesh, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1048 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Boodabee Technologies Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1049 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband AB.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1050 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Brightcove, Inc..(Findlay, Eric) (Entered: 10/14/2013) |
| 10/14/2013 | 1051 | *Second Amended* ANSWER to 1 Complaint, , COUNTERCLAIM against Blue Spike, LLC by Mediafire, LLC.(Findlay, Eric) (Entered: 10/14/2013) |
| 10/15/2013 | 1052 | REPLY to Response to Motion re 993 MOTION to Dismiss *[Audible Magic's Counterclaims] Against Scott Moskowitz, an individual, filed by Scott A. Moskowitz*. (Garteiser, Randall) (Entered: 10/15/2013) |
| 10/15/2013 | 1053 | REPLY to Response to Motion re 993 MOTION to Dismiss *[Audible Magic's Counterclaims] against Counterclaim Defendant Blue Spike, Inc., filed by Blue Spike, Inc.*. (Garteiser, Randall) (Entered: 10/15/2013) |
| 10/15/2013 | 1054 | REPLY to Response to Motion re 994 MOTION to Dismiss *[Audible Magic's Counterclaims] against Blue Spike, LLC filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 10/15/2013) |
| 10/16/2013 | 1055 | Agreed MOTION to Dismiss *DigitalPersona, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Additional attachment(s) added on 10/18/2013: # 2 REVISED ORDER) (sm, ). (Entered: 10/16/2013) |
| 10/17/2013 | 1056 | RESPONSE in Opposition re 1009 MOTION to Dismiss *Plaintiff's "First Original Complaint" (DKT. 920) Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Garteiser, Randall) (Entered: 10/17/2013) |
| 10/17/2013 | 1057 | RESPONSE in Opposition re 1011 MOTION to Dismiss *Plaintiff's First* |

| | | |
|---|---|---|
| | | *Amended Complaint (DKT. 921) Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Blue Spike, LLC .* (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Garteiser, Randall) (Entered: 10/17/2013) |
| 10/18/2013 | 1058 | NOTICE of Attorney Appearance by Daniel Alan Noteware, Jr on behalf of Shazam Entertainment Ltd. (Noteware, Daniel) (Entered: 10/18/2013) |
| 10/18/2013 | 1059 | NOTICE of Attorney Appearance by Daniel Alan Noteware, Jr on behalf of ACTV8, Inc. (Noteware, Daniel) (Entered: 10/18/2013) |
| 10/18/2013 | 1060 | NOTICE of Attorney Appearance by Daniel Alan Noteware, Jr on behalf of Entropic Communications, Inc. (Noteware, Daniel) (Entered: 10/18/2013) |
| 10/18/2013 | 1061 | NOTICE of Attorney Appearance by Daniel Alan Noteware, Jr on behalf of ImageWare Systems, Inc. (Noteware, Daniel) (Entered: 10/18/2013) |
| 10/18/2013 | 1062 | RESPONSE in Opposition re 1028 MOTION for Reconsideration re 1004 Order on Motion for Miscellaneous Relief, Order on Motion to Dismiss/Lack of Jurisdiction,, *BLUE SPIKE, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION [D filed by Ensequence, Inc. . (Sawyer, Douglas) (Entered: 10/18/2013)* |
| 10/18/2013 | 1063 | SUR-REPLY to Reply to Response to Motion re 960 MOTION to Change Venue *Defendant Entropic Communications, Inc.'s Notice of Joinder and Joinder in Audible Magic Corporation's and Its Customers' Motion to Transfer Venue to the United States District Court for the Northern District o f California filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 10/18/2013)* |
| 10/18/2013 | 1064 | REPLY to Response to Motion re 968 MOTION to Strike 944 Amended Complaint *Improperly-Filed By Blue Spike and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue filed by AOptix Technologies, Inc..* (Attachments: # 1 Supplemental Declaration of Thomas Rainwater In Support of Defendant's Reply to Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue, # 2 Declaration of Bryan A. Kohm In Support of Defendant's Reply In Support of Motion to Strike Blue Spike's Improperly-Filed Supplemental Complaint and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue, # 3 Exhibit A, # 4 Exhibit B)(Kohm, Bryan) (Entered: 10/18/2013) |
| 10/22/2013 | 1065 | ORDER granting 1027 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Free Stream Media Corporation are dismissed with prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/22/13. (mll, ) (Entered: 10/22/2013) |
| 10/22/2013 | 1066 | ORDER granting 1055 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant DigitalPersona Inc are DISMISSED with prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/22/13. (mll, ) (Entered: 10/22/2013) |
| 10/23/2013 | 1067 | Agreed MOTION to Dismiss *Fujitsu America, Inc., Fujitsu Semiconductor America, Inc., Fujitsu Computer Products of America, Inc., and Fujitsu Frontech North America, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/23/2013) |

| 10/24/2013 | 1068 | RESPONSE in Opposition re 1019 MOTION to Dismiss *First Amended Complaint filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2)(Garteiser, Randall) (Entered: 10/24/2013) |
|---|---|---|
| 10/25/2013 | 1069 | SUR-REPLY to Reply to Response to Motion re 993 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Findlay, Eric) (Entered: 10/25/2013) |
| 10/25/2013 | 1070 | SUR-REPLY to Reply to Response to Motion re 994 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Findlay, Eric) (Entered: 10/25/2013) |
| 10/25/2013 | 1071 | SUR-REPLY to Reply to Response to Motion re 995 MOTION to Dismiss *[Audible Magic's Counterclaims] filed by Audible Magic Corporation*. (Findlay, Eric) (Entered: 10/25/2013) |
| 10/25/2013 | 1072 | REPLY to Response to Motion re 1028 MOTION for Reconsideration re 1004 Order on Motion for Miscellaneous Relief, Order on Motion to Dismiss/Lack of Jurisdiction,, *BLUE SPIKE, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DISMISSAL FOR LACK OF PERSONAL JURISDICTION [D kt. 1004] filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 10/25/2013)* |
| 10/28/2013 | 1073 | ANSWER to 1013 Answer to Amended Complaint, Counterclaim *[Answer to ImageWare's Counterclaims against Blue Spike, LLC]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 10/28/2013) |
| 10/28/2013 | 1074 | REPLY to Response to Motion re 1009 MOTION to Dismiss *Plaintiff's "First Original Complaint" (DKT. 920) Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Accu-Time Systems, Inc.*. (Attachments: # 1 Exhibit 1)(Volpe, Anthony) (Entered: 10/28/2013) |
| 10/28/2013 | 1075 | REPLY to Response to Motion re 1011 MOTION to Dismiss *Plaintiff's First Amended Complaint (DKT. 921) Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Amano Cincinnati, Inc.*. (Attachments: # 1 Exhibit 1)(Volpe, Anthony) (Entered: 10/28/2013) |
| 10/28/2013 | 1076 | SUR-REPLY to Reply to Response to Motion re 968 MOTION to Strike 944 Amended Complaint *Improperly-Filed By Blue Spike and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 10/28/2013) |
| 10/31/2013 | 1077 | *Blue Spike's* ANSWER to 1029 Answer to Complaint, Counterclaim *of Daily Motion SA* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1078 | *Blue Spike's* ANSWER to 1030 Answer to Complaint, Counterclaim *of Daily Motion Inc.* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1079 | *Blue Spike's* ANSWER to 1031 Answer to Complaint, Counterclaim *of PhotoBucket.com* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1080 | *Blue Spike's* ANSWER to 1032 Answer to Complaint, Counterclaim *of Accedo Broadband NA, Inc.* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |

| 10/31/2013 | 1081 | *Blue Spike's* ANSWER to 1033 Answer to Complaint, Counterclaim *of Metacafe, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1082 | *Blue Spike's* ANSWER to 1034 Answer to Complaint, Counterclaim *of Qlipso Media Networks, Ltd*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1083 | *Blue Spike's* ANSWER to 1035 Answer to Complaint, Counterclaim *of WiOffer, LLC* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1084 | *Blue Spike's* ANSWER to 1036 Answer to Complaint, Counterclaim *of Harmonix Music Systems, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1085 | *Blue Spike's* ANSWER to 1037 Answer to Complaint, Counterclaim *of Yap.tv, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1086 | *Blue Spike's* ANSWER to 1038 Answer to Complaint, Counterclaim *of Soundcloud, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1087 | *Blue Spike's* ANSWER to 1039 Answer to Complaint, Counterclaim *of Soundcloud, Ltd*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1088 | *Blue Spike's* ANSWER to 1040 Answer to Complaint, Counterclaim *of Myxer, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1089 | *Blue Spike's* ANSWER to 1041 Answer to Complaint, Counterclaim *of Coincident.tv, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1090 | *Blue Spike's* ANSWER to 1042 Answer to Complaint, Counterclaim *of Zedge Holdings, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1091 | *Blue Spike's* ANSWER to 1043 Answer to Complaint, Counterclaim *of Qlipso, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1092 | *Blue Spike's* ANSWER to 1044 Answer to Complaint, Counterclaim *of Specific Media, LLC* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1093 | *Blue Spike's* ANSWER to 1045 Answer to Complaint, Counterclaim *of Myspace, LLC* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1094 | *Blue Spike's* ANSWER to 1046 Answer to Complaint, Counterclaim *of GoMiso, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1095 | *Blue Spike's* ANSWER to 1047 Answer to Complaint, Counterclaim *of iMesh, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1096 | *Blue Spike's* ANSWER to 1048 Answer to Complaint, Counterclaim *of Boodabee Technologies, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1097 | *Blue Spike's* ANSWER to 1049 Answer to Complaint, Counterclaim *of Accedo Broadband AB* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
| 10/31/2013 | 1098 | *Blue Spike's* ANSWER to 1050 Answer to Complaint, Counterclaim *of Brightcove, Inc*. by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |

| 10/31/2013 | 1099 | *Blue Spike's* ANSWER to 1051 Answer to Complaint, Counterclaim *of MediaFire, LLC* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 10/31/2013) |
|---|---|---|
| 11/01/2013 | 1100 | CORPORATE DISCLOSURE STATEMENT filed by Technicolor S.A. identifying Other Affiliate Vector TCH (Lux)1, S.a.r.l. for Technicolor S.A.. (Carter, Richard) (Entered: 11/01/2013) |
| 11/01/2013 | 1101 | CORPORATE DISCLOSURE STATEMENT filed by Technicolor USA, Inc. identifying Corporate Parent Technicolor S.A. for Technicolor USA, Inc.. (Carter, Richard) (Entered: 11/01/2013) |
| 11/04/2013 | 1102 | CORPORATE DISCLOSURE STATEMENT filed by Soundmouse Ltd. (Beard, Ryan) (Entered: 11/04/2013) |
| 11/04/2013 | 1103 | NOTICE by Free Stream Media Corp. *Notice of Request for Termination of Electronic Notifications* (Pinkus, Brett) (Entered: 11/04/2013) |
| 11/07/2013 | 1104 | SUR-REPLY to Reply to Response to Motion re 1011 MOTION to Dismiss *Plaintiff's First Amended Complaint (DKT. 921) Pursuant to Fed. R. Civ. P. 12(b)(6) [by Amano Cincinnati, Inc.] filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1)(Garteiser, Randall) (Entered: 11/07/2013) |
| 11/07/2013 | 1105 | SUR-REPLY to Reply to Response to Motion re 1009 MOTION to Dismiss *Plaintiff's "First Original Complaint" (DKT. 920) Pursuant to Fed. R. Civ. P. 12(b)(6) [by Accu-Time Systems, Inc.] filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 11/07/2013) |
| 11/13/2013 | 1106 | Agreed MOTION to Dismiss *Hitachi America, Ltd.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 11/13/2013) |
| 11/14/2013 | 1107 | CORPORATE DISCLOSURE STATEMENT filed by Cognitec Systems Corporation (Goetzel, Dwayne) (Entered: 11/14/2013) |
| 11/14/2013 | 1108 | CORPORATE DISCLOSURE STATEMENT filed by Cognitec Systems GmbH (Goetzel, Dwayne) (Entered: 11/14/2013) |
| 11/14/2013 | 1109 | **\*\*\*FILED IN ERROR. PLEASE DISREGARD THIS ENTRY\*\*\*** MOTION For Termination of Electronic Notices by Blue Spike, Inc., Blue Spike, LLC. (Rogaski, Anne) Modified on 11/15/2013 (mll, ). (Entered: 11/14/2013) |
| 11/15/2013 | 1110 | NOTICE by DigitalPersona Corporation *of Request for Termination of Electronic Notices* (Rogaski, Anne) (Entered: 11/15/2013) |
| 11/15/2013 |  | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY HAS REFILED (SEE #1110). Document # 1109, Motion now Terminated. PLEASE IGNORE.\*\*\*** <br><br> (sm, ) (Entered: 11/15/2013) |
| 11/20/2013 | 1111 | MOTION to Dismiss *Plaintiffs Indirect Infringement and Willful Infringement Claims* by Soundmouse Ltd.. Responses due by 12/9/2013 (Attachments: # 1 Text of Proposed Order)(Beard, Ryan) (Entered: 11/20/2013) |
| 11/21/2013 | 1112 | MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims* by Cognitec Systems Corporation, Cognitec Systems GmbH. Responses |

| | | due by 12/9/2013 (Attachments: # 1 Text of Proposed Order)(Goetzel, Dwayne) (Entered: 11/21/2013) |
|---|---|---|
| 11/25/2013 | 1113 | NOTICE by TvTak Ltd., TvTak USA, Inc. *Re Request for Termination of Electronic Notices* (Strachan, Mark) (Entered: 11/25/2013) |
| 12/06/2013 | 1114 | Agreed MOTION to Dismiss *Defendant The Echo Nest Corporation* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 12/06/2013) |
| 12/09/2013 | 1115 | AMENDED COMPLAINT against Cognitec Systems Corporation, Cognitec Systems GmbH, filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 12/09/2013) |
| 12/09/2013 | 1116 | AMENDED COMPLAINT against Soundmouse Ltd., filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 12/09/2013) |
| 12/10/2013 | 1117 | NOTICE by Blue Spike, LLC re 1112 MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims*, 1111 MOTION to Dismiss *Plaintiffs Indirect Infringement and Willful Infringement Claims (Notice of Mootness in light of the Amended Complaints Filed Against Defendants)* (Garteiser, Randall) (Entered: 12/10/2013) |
| 12/12/2013 | 1118 | ORDER granting 1114 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike and Defendant Echo Nest Corporation are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 12/12/13. (mll, ) (Entered: 12/13/2013) |
| 12/13/2013 | 1119 | ORDER granting 1067 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike, LLC and Defendants Fujitsu America, Inc., Fujitsu Semiconductor America, Inc., formerly known as Fujitsu Microelectronics America, Inc., Fujitsu Computer Products of America, Inc. and Fujitsu Frontech North America, Inc. are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 12/13/13. (mll, ) (Entered: 12/16/2013) |
| 12/13/2013 | 1120 | ORDER granting 1106 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Hitachi America Ltd are DISMISSED with prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 12/13/13. (mll, ) (Entered: 12/16/2013) |
| 12/16/2013 | 1121 | NOTICE by Hitachi America, Ltd. *Request for Termination of Electronic Filing Notices* (Ricciardi, Matthew) (Entered: 12/16/2013) |
| 12/16/2013 | 1122 | NOTICE by The Echo Nest Corporation *Request for Termination of Electronic Filing Notices* (Pensabene, Marc) (Entered: 12/16/2013) |
| 12/23/2013 | 1123 | REPLY to Response to Motion re 1111 MOTION to Dismiss *Plaintiffs Indirect Infringement and Willful Infringement Claims filed by Soundmouse Ltd.* . (Beard, Ryan) (Entered: 12/23/2013) |
| 12/23/2013 | 1124 | REPLY to Response to Motion re 1112 MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims filed by Cognitec Systems Corporation, Cognitec Systems GmbH.* (Beard, Ryan) (Entered: 12/23/2013) |

| | | |
|---|---|---|
| 12/28/2013 | 1125 | STIPULATION of Dismissal *Defendants Broadcast Music, Inc. and Landmark Digital Services LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 12/28/2013) |
| 12/28/2013 | 1126 | STIPULATION of Dismissal *of Defendant Agnitio Corp.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 12/28/2013) |
| 01/02/2014 | 1127 | SUR-REPLY to Reply to Response to Motion re 1111 MOTION to Dismiss *Plaintiffs Indirect Infringement and Willful Infringement Claims filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Garteiser, Randall) (Entered: 01/02/2014) |
| 01/02/2014 | 1128 | SUR-REPLY to Reply to Response to Motion re 1112 MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2)(Garteiser, Randall) (Entered: 01/02/2014) |
| 01/07/2014 | 1129 | Agreed MOTION to Dismiss *Defendant Tygart Technologies, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 01/07/2014) |
| 01/16/2014 | 1130 | ORDER granting 1129 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Tygart Technologies, Inc. are hereby dismissed with prejudice. The parties shall bear their own attorneys' fees, expenses andcosts. Signed by Judge Michael H. Schneider on 01/16/14. (mll, ) (Entered: 01/16/2014) |
| 01/21/2014 | 1131 | ORDER granting 945 Motion to Appoint International Process Server. Signed by Judge Michael H. Schneider on 01/21/14. (mll, ) (Entered: 01/21/2014) |
| 01/21/2014 | 1132 | ORDER granting 755 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The Complaint is dismissed without prejudice against Defendant Biometrika SRL. Signed by Judge Michael H. Schneider on 01/21/14. (mll, ) (Entered: 01/21/2014) |
| 01/21/2014 | 1133 | ORDER granting 1125 Stipulation of Dismissal filed by Blue Spike, LLC. All claims brought by Blue Spike against Defendants Broadcast Music, Inc. and Landmark Digital Services LLC are dismissed with prejudice. All counterclaims brought by the BMI Defendants against Blue Spike are dismissed without prejudice. Each party is to bear its own costs and attorneys' fees. Signed by Judge Michael H. Schneider on 01/21/14. (mll, ) (Entered: 01/21/2014) |
| 01/21/2014 | 1134 | ORDER granting 1126 Stipulation of Dismissal filed by Blue Spike, LLC. The claims and counterclaims between Plaintiff and Defendant Agnitio Corp. are dismissed with prejudice. The parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 01/21/14. (mll, ) (Entered: 01/21/2014) |
| 01/21/2014 | 1135 | AFFIDAVIT in Opposition re 611 MOTION to Change Venue *Pursuant to 28 U.S.C. Section 1404(a)*, 916 MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)*, 648 MOTION to Dismiss for Lack of Jurisdiction *, or in the Alternative, Motion to Transfer*, 663 Opposed MOTION to Change Venue, 905 MOTION to Change |

| | | |
|---|---|---|
| | | Venue *to the USDC for the Northern District of California Under 28 U.S.C. §* *1404(a)*, [588](#) MOTION to Change Venue *re-filed from December 11, 2012 in Case No. 6:12-cv-00680*, [771](#) MOTION to Change Venue *to the United States District Court for the Northern District of California Under 28 U.S.C. § 1404(a)*, [940](#) MOTION to Dismiss *the Amended Complaint*, [678](#) MOTION to Transfer Venue to the United States District Court for the Northern District of California Under 28 U.S.C. 1404(a), [610](#) MOTION to Change Venue, [625](#) MOTION to Dismiss for Lack of Jurisdiction *[Declaration of Scott Moskowitz in support of Blue Spike's opposition to defendants' motions to transfer] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 01/21/2014) |
| 01/22/2014 | 1136 | ORDER REGARDING E-DISCOVERY. Signed by Judge Michael H. Schneider on 01/22/14. (mll, ) (Entered: 01/22/2014) |
| 01/22/2014 | 1137 | PROTECTIVE ORDER. Signed by Judge Michael H. Schneider on 01/22/14. (mll, ) (Entered: 01/22/2014) |
| 01/22/2014 | 1138 | ORDER TO MEET, REPORT, AND APPEAR AT SCHEDULING CONFERENCE. Scheduling Conference set for 3/5/2014 10:00 AM before Judge Michael H. Schneider. Signed by Judge Michael H. Schneider on 01/22/14. (mll, ) (Entered: 01/23/2014) |
| 01/24/2014 | 1139 | SUR-REPLY to Reply to Response to Motion re [1111](#) MOTION to Dismiss *Plaintiffs Indirect Infringement and Willful Infringement Claims and Response to Plaintiff's Notice of Mootness filed by Soundmouse Ltd.* . (Beard, Ryan) (Entered: 01/24/2014) |
| 01/29/2014 | 1140 | Agreed MOTION to Dismiss *Lumidigm, Inc.* by Blue Spike, LLC. (Attachments: # [1](#) Text of Proposed Order)(Garteiser, Randall) (Entered: 01/29/2014) |
| 01/31/2014 | 1141 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***MOTION to Change Venue *to the Northern District of California* by Vercury, Inc.. (Attachments: # [1](#) Affidavit Jun Zhang, # [2](#) Text of Proposed Order)(Day, Margaret) Modified on 1/31/2014 (sm, ). (Entered: 01/31/2014) |
| 01/31/2014 | | NOTICE of DEFICIENCY regarding the #1141 Motion to change venue submitted by Vercury, Inc.. No certificate of conference was included. Correction should be made by 1 business day and refiled. Motion is now TERMINATED. (sm, ) (Entered: 01/31/2014) |
| 01/31/2014 | 1142 | Amended MOTION to Change Venue *to the Northern District of California* by Vercury, Inc.. (Attachments: # [1](#) Affidavit Jun Zhang, # [2](#) Text of Proposed Order)(Day, Margaret) (Entered: 01/31/2014) |
| 02/03/2014 | 1143 | NOTICE by Broadcast Music, Inc., Landmark Digital Services, LLC *of Request for Termination of Electronic Filing Notices* (Greeson, Robert) (Entered: 02/03/2014) |
| 02/04/2014 | 1144 | ORDER granting [1140](#) Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Lumdigim Inc are DISMISSED with prejudice. The parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 02/04/14. (mll, ) (Entered: 02/04/2014) |
| 02/04/2014 | 1145 | NOTICE of Attorney Appearance by Eric Hugh Findlay on behalf of Attributor |

| | | Corporation (Findlay, Eric) (Entered: 02/04/2014) |
|---|---|---|
| 02/04/2014 | 1146 | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of Attributor Corporation (Lackey, Walter) (Entered: 02/04/2014) |
| 02/04/2014 | 1147 | NOTICE of Attorney Appearance - Pro Hac Vice by Sarah A Pfeiffer on behalf of Clear Channel Broadcasting, Inc.. Filing fee $ 100, receipt number 0540-4507708. (Pfeiffer, Sarah) (Entered: 02/04/2014) |
| 02/05/2014 | 1148 | MOTION to Change Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a)* by Clear Channel Broadcasting, Inc.. (Attachments: # 1 Declaration of Richard Beck in Support, # 2 Declaration of Ryan K. Yagura in Support, # 3 Exhibit 1 to Yagura Declaration, # 4 Exhibit 2 to Yagura Declaration, # 5 Exhibit 3 to Yagura Declaration, # 6 Exhibit 4 to Yagura Declaration, # 7 Exhibit 5 to Yagura Declaration, # 8 Exhibit 6 to Yagura Declaration, # 9 Exhibit 7 to Yagura Declaration, # 10 Exhibit 8 to Yagura Declaration, # 11 Exhibit 9 to Yagura Declaration, # 12 Exhibit 10 to Yagura Declaration, # 13 Exhibit 11 to Yagura Declaration, # 14 Exhibit 12 to Yagura Declaration, # 15 Exhibit 13 to Yagura Declaration, # 16 Exhibit 14 to Yagura Declaration, # 17 Exhibit 15 to Yagura Declaration, # 18 Exhibit 16 to Yagura Declaration, # 19 Exhibit 17 to Yagura Declaration, # 20 Exhibit 18 to Yagura Declaration, # 21 Exhibit 19 to Yagura Declaration, # 22 Exhibit 20 to Yagura Declaration, # 23 Text of Proposed Order)(Yagura, Ryan) (Entered: 02/05/2014) |
| 02/05/2014 | 1149 | MOTION to Change Venue *Pursuant to 28 USC Sec. 1404(a)* by ACTV8, Inc.. (Attachments: # 1 Declaration of M. Mormile, # 2 Exhibit 1 - Articles of Orgnization of BlueSpike, # 3 Exhibit 2 - Texas Sec of State re BlueSpike, # 4 Exhibit 3 - BlueSpike contact page, # 5 Declaration of B. Shuster, # 6 Text of Proposed Order)(Mormile, Myra) (Entered: 02/05/2014) |
| 02/05/2014 | 1150 | MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a)* by 3M Cogent, Inc.. (Attachments: # 1 Declaration of R. Kramer, # 2 Exhibit A to R. Kramer Declaration, # 3 Exhibit B to R. Kramer Declaration, # 4 Exhibit C to R. Kramer Declaration, # 5 Declaration of D. Kniffin, # 6 Proposed Order)(Kramer, Robert) (Entered: 02/05/2014) |
| 02/05/2014 | 1151 | Agreed MOTION to Dismiss *Defendant Peer Media Technologies, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/05/2014) |
| 02/05/2014 | 1152 | CORPORATE DISCLOSURE STATEMENT filed by AOptix Technologies, Inc. (Kohm, Bryan) (Entered: 02/05/2014) |
| 02/05/2014 | 1153 | NOTICE by Agnitio Corp. *Notice of Request for Termination of Electronic Notices* (Schortgen, Steven) (Entered: 02/05/2014) |
| 02/05/2014 | 1154 | CORPORATE DISCLOSURE STATEMENT filed by Animetrics, Inc. (Harkins, J) (Entered: 02/05/2014) |
| 02/05/2014 | 1155 | MOTION to Change Venue *to the United States District for the Northern District of California* by Zeitera, LLC. (Attachments: # 1 Declaration of Shashank Merchant In Support of Defendant Zeitera, LLC's Motion to Transfer Venue, # 2 Declaration of Bryan Kohm In Support of Defendant Zeitera, LLC's Motion to |

| | | |
|---|---|---|
| | | Transfer Venue, # 3 Exhibit 1 to Kohm Declaration, # 4 Exhibit 2 to Kohm Declaration, # 5 Exhibit 3 to Kohm Declaration, # 6 Exhibit 4 to Kohm Declaration, # 7 Exhibit 5 to Kohm Declaration, # 8 Exhibit 6 to Kohm Declaration, # 9 Exhibit 7 to Kohm Declaration, # 10 Exhibit 8 to Kohm Declaration, # 11 Exhibit 9 to Kohm Declaration, # 12 Exhibit 10 to Kohm Declaration, # 13 Exhibit 11 to Kohm Declaration, # 14 Exhibit 12 to Kohm Declaration, # 15 Exhibit 13 to Kohm Declaration, # 16 Exhibit 14 to Kohm Declaration, # 17 Exhibit 15 to Kohm Declaration, # 18 Exhibit 16 to Kohm Declaration, # 19 Exhibit 17 to Kohm Declaration, # 20 Exhibit 18 to Kohm Declaration, # 21 Exhibit 19 to Kohm Declaration, # 22 Exhibit 20 to Kohm Declaration, # 23 Exhibit 21 to Kohm Declaration, # 24 Exhibit 22 to Kohm Declaration, # 25 Exhibit 23 to Kohm Declaration, # 26 Exhibit 24 to Kohm Declaration, # 27 Exhibit 25 to Kohm Declaration, # 28 Exhibit 26 to Kohm Declaration, # 29 Exhibit 27 to Kohm Declaration, # 30 Text of Proposed Order Granting Defendant Zeitera, LLC's Motion to Transfer Venue)(Kohm, Bryan) (Entered: 02/05/2014) |
| 02/05/2014 | 1156 | NOTICE of JOINDER by Related Content Database, Inc. re 1155 MOTION to Change Venue *to the United States District for the Northern District of California* (Attachments: # 1 Declaration of Vella)(Findlay, Eric) (Entered: 02/05/2014) |
| 02/05/2014 | 1157 | MOTION to Change Venue *to the Northern District of California* by AOptix Technologies, Inc.. (Attachments: # 1 Declaration of Thomas Rainwater In Support of Defendant AOptix Technologies, Inc.'s Motion to Transfer Venue, # 2 Declaration of Bryan Kohm In Support of Defendant AOptix Technologies, Inc.'s Motion to Transfer Venue, # 3 Exhibit 1 to Kohm Declaration, # 4 Exhibit 2 to Kohm Declaration, # 5 Exhibit 3 to Kohm Declaration, # 6 Exhibit 4 to Kohm Declaration, # 7 Exhibit 5 to Kohm Declaration, # 8 Exhibit 6 to Kohm Declaration, # 9 Exhibit 7 to Kohm Declaration, # 10 Exhibit 8 to Kohm Declaration, # 11 Exhibit 9 to Kohm Declaration, # 12 Exhibit 10 to Kohm Declaration, # 13 Exhibit 11 to Kohm Declaration, # 14 Exhibit 12 to Kohm Declaration, # 15 Exhibit 13 to Kohm Declaration, # 16 Exhibit 14 to Kohm Declaration, # 17 Exhibit 15 to Kohm Declaration, # 18 Exhibit 16 to Kohm Declaration, # 19 Exhibit 17 to Kohm Declaration, # 20 Exhibit 18 to Kohm Declaration, # 21 Exhibit 19 to Kohm Declaration, # 22 Exhibit 20 to Kohm Declaration, # 23 Exhibit 21 to Kohm Declaration, # 24 Exhibit 22 to Kohm Declaration, # 25 Exhibit 23 to Kohm Declaration, # 26 Exhibit 24 to Kohm Declaration, # 27 Exhibit 25 to Kohm Declaration, # 28 Exhibit 26 to Kohm Declaration, # 29 Exhibit 27 to Kohm Declaration, # 30 Text of Proposed Order Granting Defendant AOptix Technologies, Inc.'s Motion to Transfer Venue) (Kohm, Bryan) (Entered: 02/05/2014) |
| 02/06/2014 | 1158 | NOTICE by ACTV8, Inc. *of Certificate of Financially Interested Parties* (Mormile, Myra) (Entered: 02/06/2014) |
| 02/06/2014 | 1159 | NOTICE by Google Inc. *of Certificate of FInancially Interested Parties* (Lee, Lance) (Entered: 02/06/2014) |
| 02/06/2014 | 1160 | NOTICE by TuneCore, Inc. *of Certificate of Financially Interested Persons* (Smith, Melissa) (Entered: 02/06/2014) |

| 02/06/2014 | 1161 | NOTICE by AxxonSoft US, Inc., Axxonsoft Ltd. *Certificate of Financially Intersted Parties* (Milch, Erik) (Entered: 02/06/2014) |
|---|---|---|
| 02/06/2014 | 1162 | NOTICE by Technicolor S.A., Technicolor USA, Inc. *of Certificate of Financial Interest* (Carter, Richard) (Entered: 02/06/2014) |
| 02/06/2014 | 1163 | NOTICE by Cognitec Systems Corporation *Certificate of Financially Interested Parties* (Goetzel, Dwayne) (Entered: 02/06/2014) |
| 02/06/2014 | 1164 | NOTICE by Cognitec Systems GmbH *Certificate of Financially Interested Parties* (Goetzel, Dwayne) (Entered: 02/06/2014) |
| 02/06/2014 | 1165 | NOTICE by Civolution B.V., Civolution USA, Inc. *of Certificate of Financially Interested Parties* (Friesen, Kyle) (Entered: 02/06/2014) |
| 02/06/2014 | 1166 | NOTICE by 3M Cogent, Inc. *Certificate of Financially Interested Entities* (Kramer, Robert) (Entered: 02/06/2014) |
| 02/06/2014 | 1167 | NOTICE by Kronos Incorporated *Certificate of Financially Interested Parties* (Johnson, Daniel) (Entered: 02/06/2014) |
| 02/06/2014 | 1168 | NOTICE by ImageWare Systems, Inc. *Certificate of Financially Interested Parties* (Fazio, James) (Entered: 02/06/2014) |
| 02/06/2014 | 1169 | Agreed MOTION to Dismiss *YouWeb, LLC, YouWeb Accelerator, LLC, and YouWeb Entrepreneur, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/06/2014) |
| 02/06/2014 | 1170 | NOTICE by MorphoTrak, Inc. *Certificate of Financially Interested Parties* (Johnson, Daniel) (Entered: 02/06/2014) |
| 02/06/2014 | 1171 | NOTICE by Soundmouse Ltd. *Certificate of Financially Interested Parties* (Beard, Ryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1172 | NOTICE by Airborne Biometrics Group, Inc. *Certificate of Interested Parties* (Dammann, Reid) (Entered: 02/06/2014) |
| 02/06/2014 | 1173 | NOTICE by Attributor Corporation *Certificate of Financially Interested Parties* (Cleveland, Kristin) (Entered: 02/06/2014) |
| 02/06/2014 | 1174 | NOTICE by Adobe Systems, Inc. *Certificate of Interested Parties* (Dacus, Deron) (Entered: 02/06/2014) |
| 02/06/2014 | 1175 | NOTICE by iPharro Media GmbH *Certificate of Disclosure of Financially Interested Persons of Defendant iPharro Media GmbH* (Henschke, Marc) (Entered: 02/06/2014) |
| 02/06/2014 | 1176 | NOTICE by iPharro Media, Inc *Certificate of Disclosure of Financially Interested Persons of Defendant iPharro Media, Inc*. (Henschke, Marc) (Entered: 02/06/2014) |
| 02/06/2014 | 1177 | NOTICE by Speech Technology Center, LLC, SpeechPro, Inc. *Certificate of Financially Interested Parties* (Smith, Melissa) (Entered: 02/06/2014) |
| 02/06/2014 | 1178 | NOTICE by Precise Biometrics AB, Precise Biometrics, Inc. *Certificate of Financially Interested Persons* (Smith, Melissa) (Entered: 02/06/2014) |
| 02/06/2014 | 1179 | NOTICE by Iris ID Systems, Inc *Certificate of Interested Parties* (Gillam, |

| | | |
|---|---|---|
| | | Harry) (Entered: 02/06/2014) |
| 02/06/2014 | 1180 | NOTICE by Entropic Communications, Inc. *Notice of Financially Inerested Parties* (Carothers, Jo) (Entered: 02/06/2014) |
| 02/06/2014 | 1181 | NOTICE of Attorney Appearance by Jo Dale Carothers on behalf of Entropic Communications, Inc. (Carothers, Jo) (Entered: 02/06/2014) |
| 02/06/2014 | 1182 | NOTICE by ZK Technology LLC *Certificate of Financially Interested Entities* (Kramer, Robert) (Entered: 02/06/2014) |
| 02/06/2014 | 1183 | NOTICE by Clear Channel Broadcasting, Inc. *CERTIFICATE OF FINANCIALLY INTERESTED PARTIES* (Yagura, Ryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1184 | NOTICE by Accu-Time Systems, Inc. *Certificate of Interested Parties* (Volpe, Anthony) (Entered: 02/06/2014) |
| 02/06/2014 | 1185 | NOTICE by ZkTeco, Inc. *Defendant ZK Software Biometric Identification Technology Co., LTD's Certificate of Financially Interested Entities* (Kramer, Robert) (Entered: 02/06/2014) |
| 02/06/2014 | 1186 | NOTICE by Amano Cincinnati, Inc. *Certificate of Interested Parties* (Volpe, Anthony) (Entered: 02/06/2014) |
| 02/06/2014 | 1187 | CORPORATE DISCLOSURE STATEMENT filed by Vobile, Inc. (Stubbs, Samuel) (Entered: 02/06/2014) |
| 02/06/2014 | 1188 | NOTICE by Texas Instruments, Inc. *Certificate of Financially Interested Parties* (Abraham, Amanda) (Entered: 02/06/2014) |
| 02/06/2014 | 1189 | NOTICE by Blue Spike, LLC *Certificate of Interested Parties* (Garteiser, Randall) (Entered: 02/06/2014) |
| 02/06/2014 | 1190 | NOTICE by Shazam Entertainment Ltd. *Certificate of Financially Interested Parties* (Jones, Michael) (Entered: 02/06/2014) |
| 02/06/2014 | 1191 | CORPORATE DISCLOSURE STATEMENT filed by Viggle, Inc., (Sigale, Jordan) (Entered: 02/06/2014) |
| 02/06/2014 | 1192 | NOTICE by L-1 Identity Solutions, Inc. *Certificate of Financially Interested Parties* (Johnson, Daniel) (Entered: 02/06/2014) |
| 02/06/2014 | 1193 | NOTICE by MorphoTrust USA, Inc. *Certificate of Financially Interested Parties* (Johnson, Daniel) (Entered: 02/06/2014) |
| 02/06/2014 | 1194 | NOTICE by Asure Software, Inc. *Certificate of Interested Parties* (Rodriguez, Miguel) (Entered: 02/06/2014) |
| 02/06/2014 | 1195 | CORPORATE DISCLOSURE STATEMENT filed by Ensequence, Inc. identifying Corporate Parent Ensequence, Inc. for Ensequence, Inc.. (Sawyer, Douglas) (Entered: 02/06/2014) |
| 02/06/2014 | 1196 | NOTICE by Audible Magic Corporation *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1197 | NOTICE by iMesh, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |

| 02/06/2014 | 1198 | NOTICE by AOptix Technologies, Inc. *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
|---|---|---|
| 02/06/2014 | 1199 | NOTICE by SMRTV, Inc. *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1200 | NOTICE by Qlipso, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1201 | NOTICE by SoundHound, Inc. *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1202 | NOTICE by MySpace, LLC *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1203 | NOTICE by Metacafe, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1204 | NOTICE by The Nielsen Company (US) LLC *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1205 | NOTICE by Yap.tv, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1206 | NOTICE by Zeitera, LLC *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1207 | NOTICE by Dailymotion S.A., Dailymotion, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1208 | NOTICE by GoMiso, Inc *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1209 | NOTICE by Brightcove, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1210 | NOTICE by Boodabee Technologies Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1211 | NOTICE by Zedge Holdings, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1212 | NOTICE by TuneSat, LLC re 1138 Order, Set Hearings *of Certificate of Interested Parties* (Hill, Jack) (Entered: 02/06/2014) |
| 02/06/2014 | 1213 | NOTICE by Mediafire, LLC *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1214 | NOTICE by Related Content Database, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1215 | NOTICE by Facebook, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1216 | NOTICE by Coincident.TV, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |

| 02/06/2014 | 1217 | NOTICE by Harmonix Music Systems, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
|---|---|---|
| 02/06/2014 | 1218 | NOTICE by Photobucket.com, Inc. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1219 | NOTICE by Accedo Broadband AB, Accedo Broadband NA, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1220 | NOTICE by WiOffer, LLC *Certificate of Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1221 | NOTICE by Soundcloud Ltd., Soundcloud, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1222 | NOTICE by Myxer, Inc. *Certificate of Interested Parties* (Lackey, Walter) (Entered: 02/06/2014) |
| 02/06/2014 | 1223 | NOTICE by Safran USA, Inc. *Certificate of Financially Interested Parties* (Johnson, Daniel) (Entered: 02/06/2014) |
| 02/06/2014 | 1224 | NOTICE by Infinisource, Inc., Qqest Software Solutions, Inc. *Certificate of Financially Interested Parties* (Kohm, Bryan) (Entered: 02/06/2014) |
| 02/06/2014 | 1225 | NOTICE by CBS Corp, CBS Interactive, Inc., Last.fm Ltd. *Certificate Of Interested Parties* (Reines, Edward) (Entered: 02/06/2014) |
| 02/06/2014 | 1226 | NOTICE by NEUROtechnology *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1227 | NOTICE by BMAT Licensing, S.L. *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1228 | NOTICE by M2SYS, LLC *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1229 | NOTICE by Iritech, Inc. *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1230 | NOTICE by Futronic Technology Co., Ltd. *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/06/2014 | 1231 | NOTICE by Fulcrum Biometrics, LLC *Certificate of Financially Interested Parties* (Findlay, Eric) (Entered: 02/06/2014) |
| 02/07/2014 | 1232 | NOTICE by Tygart Technology, Inc. *of Request for Termination of Electronic Notices* (McSwane, Douglas) (Entered: 02/07/2014) |
| 02/07/2014 | 1233 | ORDER granting 1151 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Peer Media Technologies Inc are hereby DISMISSED without prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 02/07/14. (mll, ) (Entered: 02/07/2014) |
| 02/07/2014 | 1234 | ORDER granting 1169 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendants YouWeb, LLC, YouWeb Accelerator, LLC, and YouWeb Entrepreneur, LLC are DISMISSED without prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. |

| | | |
|---|---|---|
| | | Schneider on 02/07/14. (mll, ) (Entered: 02/07/2014) |
| 02/07/2014 | 1235 | NOTICE of Attorney Appearance by Inge Larish on behalf of ZkTeco, Inc. (Larish, Inge) (Entered: 02/07/2014) |
| 02/07/2014 | 1236 | **PLEASE IGNORE, INCORRECTLY FILED. ATTORNEY TO REFILE***<br><br>NOTICE of Attorney Appearance - Pro Hac Vice by Steven A Moore on behalf of ZkTeco, Inc.. Filing fee $ 100, receipt number 0540-4514683. (Moore, Steven) Modified on 2/10/2014 (pkb, ). (Entered: 02/07/2014) |
| 02/07/2014 | 1237 | NOTICE of Attorney Appearance by Qian Huang on behalf of ZK Technology LLC, ZkTeco, Inc. (Huang, Qian) (Entered: 02/07/2014) |
| 02/10/2014 | 1238 | NOTICE of Attorney Appearance by Peter Aaron Kerr on behalf of Adobe Systems, Inc. (Kerr, Peter) (Entered: 02/10/2014) |
| 02/10/2014 | | **FILED IN ERROR. Document # 1236, Notice of Attorney Appearance - Pro Hac Vice. All parties not selected. PLEASE IGNORE, ATTORNEY TO REFILE.***<br><br>(pkb, ) (Entered: 02/10/2014) |
| 02/10/2014 | 1239 | APPROVED APPLICATION to Appear Pro Hac Vice by Attorney Steven A Moore for ZK Technology LLC and ZK Teco. ($100 Filing Fee Paid, Pay.gov Receipt # 0540-4514683) (pkb, ) (Entered: 02/10/2014) |
| 02/10/2014 | 1240 | NOTICE of Attorney Appearance by John Jeffery Patti on behalf of Texas Instruments, Inc. (Patti, John) (Entered: 02/10/2014) |
| 02/10/2014 | 1241 | NOTICE of Attorney Appearance by Sarah Russell Vollbrecht on behalf of Texas Instruments, Inc. (Vollbrecht, Sarah) (Entered: 02/10/2014) |
| 02/11/2014 | 1242 | NOTICE by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. *OF LEAD COUNSEL* (Ramsey, Gabriel) (Entered: 02/11/2014) |
| 02/11/2014 | 1243 | MOTION to Stay *Discovery* by Ensequence, Inc.. (Attachments: # 1 Text of Proposed Order Order)(Sawyer, Douglas) (Entered: 02/11/2014) |
| 02/11/2014 | 1244 | MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions* by ACTV8, Inc., AOptix Technologies, Inc., Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Animetrics, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., ImageWare Systems, Inc., |

Appx0223

| | | |
|---|---|---|
| | | Infinisource, Inc., Kronos Incorporated, L-1 Identity Solutions, Inc., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Precise Biometrics AB, Precise Biometrics, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., Related Content Database, Inc., Safran USA, Inc., SoundHound, Inc., Soundcloud Ltd., Soundcloud, Inc., Soundmouse Ltd., Specific Media, LLC, TuneCore, Inc., Vercury, Inc., Vobile, Inc., WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., Zeitera, LLC, iMesh, Inc.. (Fazio, James) (Additional attachment(s) added on 2/12/2014: # 1 Text of Proposed Order) (sm, ). (Entered: 02/11/2014) |
| 02/11/2014 | 1245 | ***FILED IN ERROR, PER ATTY, PLEASE IGNORE***Amended MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions with Proposed Order attached* by ACTV8, Inc., AOptix Technologies, Inc., Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Animetrics, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., ImageWare Systems, Inc., Infinisource, Inc., Kronos Incorporated, L-1 Identity Solutions, Inc., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Precise Biometrics AB, Precise Biometrics, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., Related Content Database, Inc., Safran USA, Inc., SoundHound, Inc., Soundcloud Ltd., Soundcloud, Inc., Soundmouse Ltd., Specific Media, LLC, TuneCore, Inc., Vercury, Inc., Vobile, Inc., WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., Zeitera, LLC, iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Fazio, James) Modified on 2/12/2014 (sm, ). (Entered: 02/11/2014) |
| 02/12/2014 | | ***FILED IN ERROR, PER ATTY, (SEE #1244 Motion). Document # 1245, Amended Motion to Stay is now TERMINATED. PLEASE IGNORE.*** (sm, ) (Entered: 02/12/2014) |
| 02/13/2014 | 1246 | NOTICE of JOINDER by Adobe Systems, Inc. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions</ (Dacus, Deron) (Entered: 02/13/2014)* |
| 02/13/2014 | 1247 | NOTICE of JOINDER by 3M Cogent, Inc. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions (Kramer, Robert) (Entered: 02/13/2014)* |
| 02/13/2014 | 1248 | NOTICE of JOINDER by Iris ID Systems, Inc. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions -- Iris ID Systems, Inc.'s (Gillam, Harry) (Entered: 02/13/2014)* |
| 02/13/2014 | 1249 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Ensequence, Inc., Entropic Communications, Inc., ImageWare Systems, Inc., Shazam Entertainment Ltd. (Gardner, Allen) (Entered: 02/13/2014) |

| 02/13/2014 | 1250 | NOTICE of Attorney Appearance - Pro Hac Vice by Trevor Coddington on behalf of ImageWare Systems, Inc.. Filing fee $ 100, receipt number 0540-4522771. (Coddington, Trevor) (Entered: 02/13/2014) |
|---|---|---|
| 02/13/2014 | 1251 | AMENDED COMPLAINT against Google Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Garteiser, Randall) (Entered: 02/13/2014) |
| 02/13/2014 | 1252 | AMENDED COMPLAINT against Facebook, Inc., filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 02/13/2014) |
| 02/14/2014 | 1253 | NOTICE of Attorney Appearance by Joshua R Furman on behalf of Shazam Entertainment Ltd. (Furman, Joshua) (Entered: 02/14/2014) |
| 02/14/2014 | 1254 | NOTICE by Shazam Entertainment Ltd. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions of Non-Opposition* (Furman, Joshua) (Entered: 02/14/2014) |
| 02/14/2014 | 1255 | NOTICE by BMAT Licensing, S.L., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Iritech, Inc., M2SYS, LLC, NEUROtechnology re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions Defendants' Notice of Non-Opposition* (Findlay, Eric) (Entered: 02/14/2014) |
| 02/17/2014 | 1256 | NOTICE of JOINDER by AxxonSoft US, Inc., Axxonsoft Ltd. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions (Milch, Erik) (Entered: 02/17/2014)* |
| 02/18/2014 | 1257 | NOTICE by Biometrika, s.r.l. *Request for Termination of Electronic Notices* (Kurtz, Ryan) (Entered: 02/18/2014) |
| 02/18/2014 | 1258 | NOTICE by Technicolor S.A., Technicolor USA, Inc. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions - Notice of Non-Opposition* (Carter, Richard) (Entered: 02/18/2014) |
| 02/18/2014 | 1259 | NOTICE by Google Inc. - *Notice of Non-Opposition to Defendants' Motion to Stay All Proceedings Pending Resolution of All Transfer Motions (Dkt. #1244)* (Lee, Lance) (Entered: 02/18/2014) |
| 02/18/2014 | 1260 | Agreed MOTION to Dismiss *TuneSat, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/18/2014) |
| 02/18/2014 | 1261 | NOTICE by Irdeto B.V., Irdeto USA, Inc. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions - Defendants Notice of Non-Opposition* (Valentine, Andrew) (Entered: 02/18/2014) |
| 02/18/2014 | 1262 | MOTION to Dismiss by Vobile, Inc.. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Stubbs, Samuel) (Entered: 02/18/2014) |
| 02/19/2014 | 1263 | Joint MOTION for Extension of Time to File *Joint Discovery/Case Management Plan filed on behalf of all remaining parties* by Accedo Broadband AB, Accedo Broadband NA, Inc., Attributor Corporation, Audible Magic Corporation, BMAT Licensing, S.L., Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., Iritech, Inc., M2SYS, LLC, Mediafire, LLC, Metacafe, Inc., MySpace, LLC, |

| | | |
|---|---|---|
| | | Myxer, Inc., NEUROtechnology, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/19/2014) |
| 02/19/2014 | 1264 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 1150 MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a)*, 1155 MOTION to Change Venue *to the United States District for the Northern District of California*, 1148 MOTION to Change Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a)*, 1157 MOTION to Change Venue *to the Northern District of California*, 1142 Amended MOTION to Change Venue *to the Northern District of California*, 1156 Notice (Other), 1149 MOTION to Change Venue *Pursuant to 28 USC Sec. 1404(a)* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/19/2014) |
| 02/20/2014 | 1265 | ORDER granting 1260 Motion to Dismiss. The claims asserted by Plaintiff against Defendant TuneSat, LLC are dismissed with prejudice. The counterclaims and defenses asserted by Defendant TuneSat, LLC against Plaintiff are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 02/20/14. (mll, ) (Entered: 02/20/2014) |
| 02/20/2014 | 1266 | NOTICE by TuneSat, LLC *REQUEST FOR TERMINATION OF ELECTRONIC NOTICES* (Roche, Brian) (Entered: 02/20/2014) |
| 02/20/2014 | 1267 | NOTICE by CBS Corp, CBS Interactive, Inc., Last.fm Ltd. re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions [Notice of Joinder]* (Reines, Edward) (Entered: 02/20/2014) |
| 02/21/2014 | 1268 | ORDER granting 1263 Motion for Extension of Time. Parties be given to and including 2-21-2014 to submit their Joint Discovery/Case Management Plan. Signed by Judge Michael H. Schneider on 02/21/14. (mll, ) (Entered: 02/21/2014) |
| 02/21/2014 | 1269 | ORDER granting 1264 Motion for Extension of Time to File Response/Reply. Counsel for Blue Spike will have until 3-03-2014 to respond to the above listed transfer motions. Signed by Judge Michael H. Schneider on 02/21/14. (mll, ) (Entered: 02/21/2014) |
| 02/21/2014 | 1270 | NOTICE of Attorney Appearance by Michael E Jones on behalf of Ensequence, Inc. (Jones, Michael) (Entered: 02/21/2014) |
| 02/21/2014 | 1271 | ***FILED IN ERROR, PLEASE IGNORE***Submission of Proposed Agreed Docket Control/Scheduling Order on Behalf of All Parties by Blue Spike, LLC. (Attachments: # 1 Exhibit A: Proposed Discovery Order)(Garteiser, Randall) Modified on 2/24/2014 (sm, ). (Entered: 02/21/2014) |
| 02/21/2014 | 1272 | ORDER granting 519 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The Complaint is dismissed without prejudice against Defendants Green Bit, Inc., Green Bit S.p.A., and Green Bit Americas, Inc. Signed by Judge Michael H. Schneider on 02/21/14. (mll, ) (Entered: 02/24/2014) |
| 02/24/2014 | | ***FILED IN ERROR, WRONG EVENT WAS USED, ATTY MUST |

| | | | |
|---|---|---|---|
| | | | **REFILE. Document # 1271, Submission of Agreed Proposed Order. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 02/24/2014) |
| 02/24/2014 | 1273 | | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit A - Conflicting Proposed Discovery Orders)(Garteiser, Randall) (Entered: 02/24/2014) |
| 02/24/2014 | 1275 | | ORDER DENYING AS MOOT: denying 511 Motion for Discovery; denying 518 Motion to Dismiss for Lack of Jurisdiction; denying 533 Motion to Dismiss; denying 534 Motion to Dismiss; denying 539 Motion to Dismiss; denying 541 Motion for Extension of Time to File Response/Reply ; denying 576 Motion to Dismiss; denying 577 Motion to Dismiss; denying 594 Motion to Dismiss; denying 594 Motion to Change Venue; denying 601 Motion to Dismiss; denying 629 Motion to Dismiss; denying 641 Motion to Dismiss for Lack of Jurisdiction; denying 645 Motion to Dismiss; denying 664 Motion to Dismiss for Lack of Jurisdiction; denying 679 Motion to Dismiss for Lack of Jurisdiction; denying 744 Motion for Extension of Time to File Response/Reply ; denying 745 Motion for Extension of Time to File Response/Reply ; denying 746 Motion for Extension of Time to File Response/Reply ; denying 768 Motion to Strike ; denying 769 Motion to Strike ; denying 774 Motion for Extension of Time to File Response/Reply ; denying 775 Motion for Extension of Time to File Response/Reply ; denying 787 Motion for Discovery; denying 805 Motion for Extension of Time to File Response/Reply; denying 811 Motion for Discovery; denying 936 Motion for Discovery; denying 961 Motion for Leave to File; MOTIONS GRANTED as unopposed: granting 776 Motion for Extension of Time to File Response/Reply ; granting 782 Motion for Extension of Time to File Response/Reply ; granting 789 Motion for Extension of Time to File Response/Reply ; granting 796 Motion for Extension of Time to File Response/Reply ; granting 799 Motion for Extension of Time to File Response/Reply ; granting 747 Motion for Extension of Time to File Response/Reply ; granting 804 Motion for Extension of Time to File Response/Reply ; granting 806 Motion for Extension of Time to File Response/Reply ; granting 810 Motion for Extension of Time to File Response/Reply ; granting 897 Motion for Extension of Time to File Response/Reply; granting 900 Motion for Extension of Time to File Response/Reply ; granting 947 Motion for Extension of Time to Answer; granting 948 Motion for Extension of Time to File. Signed by Judge Michael H. Schneider on 02/24/14. (mll, ) (Entered: 02/25/2014) |
| 02/25/2014 | 1274 | | ***FILED IN ERROR, PLEASE IGNORE***REPORT of Rule 26(f) Planning Meeting. (Harkins, J) Modified on 2/25/2014 (sm, ). (Entered: 02/25/2014) |
| 02/25/2014 | | | ***FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 1274, Report of Rule 26f planned meeting. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 02/25/2014) |
| 02/25/2014 | 1276 | | NOTICE of JOINDER by Animetrics, Inc. re 1273 Report of Rule 26(f) Planning |

| | | |
|---|---|---|
| | | Meeting , Joint Discovery/Case Management Plan (Harkins, J) (Entered: 02/25/2014) |
| 02/25/2014 | 1279 | ORDER denying as moot 518 MOTION to Dismiss for Lack of Jurisdiction *and Improper Venue* filed by AOptix Technologies, Inc. Signed by Judge Michael H. Schneider on 02/25/14. (mll, ) (Entered: 02/26/2014) |
| 02/26/2014 | 1277 | STIPULATION of Dismissal *of Defendant Asure Software, Inc*. by Asure Software, Inc.. (Attachments: # 1 Text of Proposed Order)(Rodriguez, Miguel) (Entered: 02/26/2014) |
| 02/26/2014 | 1278 | NOTICE of Attorney Appearance by Orion Armon on behalf of Facebook, Inc. (Armon, Orion) (Entered: 02/26/2014) |
| 02/27/2014 | 1280 | NOTICE of Attorney Appearance - Pro Hac Vice by Janna K Fischer on behalf of Facebook, Inc.. Filing fee $ 100, receipt number 0540-4542491. (Fischer, Janna) (Entered: 02/27/2014) |
| 02/27/2014 | 1281 | NOTICE of Attorney Appearance - Pro Hac Vice by Sara J Radke on behalf of Facebook, Inc.. Filing fee $ 100, receipt number 0540-4542609. (Radke, Sara) (Entered: 02/27/2014) |
| 02/27/2014 | 1282 | NOTICE of Discovery Disclosure by Blue Spike, LLC *[Plaintiff Blue Spike, LLC's Notice of Compliance with P.R. 3-1 and 3-2]* (Garteiser, Randall) (Entered: 02/27/2014) |
| 02/28/2014 | 1283 | ***FILED IN ERROR, PLEASE IGNORE***NOTICE of Attorney Appearance by Kyle Edward Friesen on behalf of Civolution B.V., Civolution USA, Inc. (Friesen, Kyle) Modified on 2/28/2014 (sm, ). (Entered: 02/28/2014) |
| 02/28/2014 | 1284 | NOTICE by Audible Magic Corporation(Consolidated Civil Action 6:12cv576) *of Compliance with P.R. 3-1 and 3-2* (Findlay, Eric) (Entered: 02/28/2014) |
| 02/28/2014 | | ***FILED IN ERROR, ATTY WANTING TO APPEAR DID NOT LOGIN AND FILE, ATTY WANTING TO APPEAR MUST REFILE. Document # 1283, Notice of atty appearance. PLEASE IGNORE.*** (sm, ) (Entered: 02/28/2014) |
| 02/28/2014 | 1285 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of SMRTV, Inc. (Lacy Kusters, David) (Entered: 02/28/2014) |
| 02/28/2014 | 1286 | NOTICE of Attorney Appearance by David M Lacy Kusters on behalf of Infinisource, Inc., Qqest Software Solutions, Inc. (Lacy Kusters, David) (Entered: 02/28/2014) |
| 02/28/2014 | 1287 | NOTICE of Attorney Appearance by Quinncy N McNeal on behalf of Civolution B.V., Civolution USA, Inc. (McNeal, Quinncy) (Entered: 02/28/2014) |
| 02/28/2014 | 1288 | NOTICE of Attorney Appearance by Byron C Beebe on behalf of CBS Corp, CBS Interactive, Inc., Last.fm Ltd. (Beebe, Byron) (Entered: 02/28/2014) |
| 02/28/2014 | 1289 | Agreed MOTION to Dismiss *[TuneCore, Inc.]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/28/2014) |

| | | |
|---|---|---|
| 02/28/2014 | 1290 | RESPONSE in Opposition re 1243 MOTION to Stay *Discovery filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/28/2014) |
| 02/28/2014 | 1291 | RESPONSE in Opposition re 1244 MOTION to Stay *All Proceedings Pending Resolution of All Pending Transfer Motions filed by Blue Spike, LLC* . (Attachments: # 1 Brasher Declaration, # 2 Text of Proposed Order', # 3 Exhibit 1, # 4 Exhibit 2)(Garteiser, Randall) (Entered: 02/28/2014) |
| 03/03/2014 | 1292 | NOTICE of Attorney Appearance by Dawn Michelle Jenkins on behalf of Irdeto B.V., Irdeto USA, Inc. (Jenkins, Dawn) (Entered: 03/03/2014) |
| 03/03/2014 | 1293 | ANSWER to 1251 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Google Inc..(Lee, Lance) (Entered: 03/03/2014) |
| 03/03/2014 | 1294 | ANSWER to 1252 Amended Complaint by Facebook, Inc..(Findlay, Eric) (Entered: 03/03/2014) |
| 03/03/2014 | 1295 | NOTICE of Attorney Appearance by Andrea M Houston on behalf of 3M Cogent, Inc. (Houston, Andrea) (Entered: 03/03/2014) |
| 03/03/2014 | 1296 | NOTICE by Accedo Broadband AB, Accedo Broadband NA, Inc., Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. re 1273 Report of Rule 26(f) Planning Meeting *Statement from Various Customer Defendants Regarding Customer Defendant Schedule in the Parties' 26(f) Report* (Findlay, Eric) (Entered: 03/03/2014) |
| 03/03/2014 | 1297 | Agreed MOTION to Dismiss *Defendant Vercury, Inc., filed* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/03/2014) |
| 03/03/2014 | 1298 | RESPONSE in Opposition re 1148 MOTION to Change Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a) filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14)(Garteiser, Randall) (Entered: 03/03/2014) |
| 03/03/2014 | 1299 | RESPONSE in Opposition re 1157 MOTION to Change Venue *to the Northern District of California filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Garteiser, Randall) (Entered: 03/03/2014) |
| 03/03/2014 | 1300 | RESPONSE in Opposition re 1155 MOTION to Change Venue *to the United States District for the Northern District of California by Zeitera, LLC filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Garteiser, Randall) (Entered: 03/03/2014) |
| 03/03/2014 | 1301 | ***FILED IN ERROR, PLEASE IGNORE***RESPONSE in Opposition re |

| | | |
|---|---|---|
| | | **1155** MOTION to Change Venue *to the United States District for the Northern District of California and re [dkt. 1156] Watchwith's Notice of Joinder to [dkt. 1155] filed by Blue Spike, LLC* . (Attachments: # **1** Text of Proposed Order) (Garteiser, Randall) Modified on 3/4/2014 (sm, ). (Entered: 03/03/2014) |
| 03/03/2014 | **1302** | RESPONSE in Opposition re **1150** MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a) by 3M Cogent, Inc. filed by Blue Spike, LLC* . (Attachments: # **1** Text of Proposed Order, # **2** Exhibit 1, # **3** Exhibit 2, # **4** Exhibit 3, # **5** Exhibit 4, # **6** Exhibit 5, # **7** Exhibit 6, # **8** Exhibit 7, # **9** Exhibit 8, # **10** Exhibit 9, # **11** Exhibit 10, # **12** Exhibit 11)(Garteiser, Randall) (Entered: 03/03/2014) |
| 03/04/2014 | | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 1301, Response to motion. PLEASE IGNORE.\*\*\*** <br><br> (sm, ) (Entered: 03/04/2014) |
| 03/04/2014 | **1303** | RESPONSE to **1156** Notice (Other) *of Joinder to Zeitera's Motion to Change Venue 1155 by Watchwith (formerly known as Related Content Database, Inc.) filed by Blue Spike, LLC* . (Attachments: # **1** Text of Proposed Order)(Garteiser, Randall) (Entered: 03/04/2014) |
| 03/04/2014 | **1304** | NOTICE of Attorney Appearance by Eric Hugh Findlay on behalf of iPharro Media GmbH, iPharro Media, Inc (Findlay, Eric) (Entered: 03/04/2014) |
| 03/04/2014 | **1305** | NOTICE of Attorney Appearance by Walter Wayne Lackey, Jr on behalf of iPharro Media GmbH, iPharro Media, Inc (Lackey, Walter) (Entered: 03/04/2014) |
| 03/04/2014 | **1306** | NOTICE of Attorney Appearance by Deron R Dacus on behalf of Facebook, Inc. (Dacus, Deron) (Entered: 03/04/2014) |
| 03/04/2014 | **1307** | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # **1** Text of Proposed Order)(Garteiser, Randall) (Entered: 03/04/2014) |
| 03/04/2014 | **1308** | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # **1** Proposed Order Dismissing Animetrics, Inc.)(Garteiser, Randall) (Entered: 03/04/2014) |
| 03/04/2014 | **1309** | NOTICE of Attorney Appearance by Andrea M Houston on behalf of ZK Technology LLC, ZKSoftware Biometric Identification Technology Co., Ltd. (Houston, Andrea) (Entered: 03/04/2014) |
| 03/04/2014 | **1310** | *Defendant ZEITERA, LLC'S AMENDED* ANSWER to **1** Complaint, , COUNTERCLAIM *to Original Complaint for Patent Infringement* against Blue Spike, LLC by Zeitera, LLC.(Corbin, Teresa) (Entered: 03/04/2014) |
| 03/04/2014 | **1311** | *Defendant SOUNDHOUND, INC.'S AMENDED* ANSWER to **1** Complaint, *and*, COUNTERCLAIM *to Original Complaint for Patent Infringement* against Blue Spike, LLC by SoundHound, Inc..(Corbin, Teresa) (Entered: 03/04/2014) |
| 03/04/2014 | **1312** | *Defendants INFINISOURCE, INC.'S and QQEST SOFTWARE SYSTEMS, INC.'S AMENDED* ANSWER to **1** Complaint, by Infinisource, Inc., Qqest Software Solutions, Inc..(Corbin, Teresa) (Entered: 03/04/2014) |
| 03/04/2014 | **1313** | Agreed MOTION to Dismiss *Texas Instruments Incorporated* by Blue Spike, |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/04/2014) |
| 03/05/2014 | 1314 | NOTICE of Attorney Appearance by Michael Charles Smith on behalf of AxxonSoft US, Inc., Axxonsoft Ltd. (Smith, Michael) (Entered: 03/05/2014) |
| 03/05/2014 | 1315 | NOTICE of Attorney Appearance by Andrew Louis Perito on behalf of CBS Corp, CBS Interactive, Inc., Last.fm Ltd. (Perito, Andrew) (Entered: 03/05/2014) |
| 03/05/2014 | 1316 | Minute Entry for proceedings held before Judge Michael H. Schneider: Scheduling Conference held on 3/5/2014. (Court Reporter Jan Mason.) (Attachments: # 1 Attorney Sign-In Sheet) (lgp, ) (Entered: 03/05/2014) |
| 03/05/2014 | | ORAL ORDER denying 1244 Motion to Stay. Entered by Judge Michael H. Schneider on 3/5/2014. (lgp, ) (Entered: 03/05/2014) |
| 03/05/2014 | 1317 | ORDER FOR RESPONSE re 520 MOTION to Dismiss *the Amended Complaint* filed by CBS Corp, Last.fm Ltd. Plaintiffs response is due no later than Wednesday, March 12, 2014. Defendants reply is due March 18, and Plaintiffs surreply is due March 22, 2014. Signed by Judge Michael H. Schneider on 3/5/2014. (gsg) (Entered: 03/06/2014) |
| 03/05/2014 | 1325 | ORDER denying 1028 Motion for Reconsideration ; denying 1243 Motion to Stay. Signed by Judge Michael H. Schneider on 3/5/2014. (gsg) (Entered: 03/06/2014) |
| 03/05/2014 | 1326 | ORDER ON VOLUNTARY DISMISSAL OF DEFENDANT GRIAULE TECHNOLOGY, LLC, WITHOUT PREJUDICE re 1307 Notice of Voluntary Dismissal. The Complaint is dismissed without prejudice against this specific Defendant. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) Modified on 3/7/2014 (mjc, ). (Entered: 03/07/2014) |
| 03/05/2014 | 1327 | ORDER ON VOLUNTARY DISMISSAL OF DEFENDANT ANIMETRICS, INC., WITH PREJUDICE re 1308 Notice of Voluntary Dismissal filed by Blue Spike, LLC. The Complaint is dismissed with prejudice against this specific Defendant. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) (Entered: 03/07/2014) |
| 03/05/2014 | 1328 | ORDER granting 1313 Motion to Dismiss without prejudice Defendant Texas Instruments Incorporated. Parties shall bear their own attorney's fees, expenses and costs; and ORDERED that Texas Instrument's Motion to Sever 777 is denied as moot. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) (Entered: 03/07/2014) |
| 03/05/2014 | 1329 | ORDER OF DISMISSAL WITH PREJUDICE re 1277 Stipulation of Dismissal filed by Asure Software, Inc. Parties shall bear their own attorneys fees, expenses and costs. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) (Entered: 03/07/2014) |
| 03/06/2014 | 1318 | NOTICE of Attorney Appearance by Thomas R Davis on behalf of L-1 Identity Solutions, Inc. (Davis, Thomas) (Entered: 03/06/2014) |
| 03/06/2014 | 1319 | NOTICE of Attorney Appearance by Thomas R Davis on behalf of MorphoTrust USA, Inc. (Davis, Thomas) (Entered: 03/06/2014) |

| 03/06/2014 | 1320 | ***FILED IN ERROR. PLEASE DISREGARD.*** NOTICE of Attorney Appearance by Thomas R Davis on behalf of Kronos Incorporated (Davis, Thomas) Modified on 3/6/2014 (gsg). (Entered: 03/06/2014) |
|---|---|---|
| 03/06/2014 | 1321 | NOTICE of Attorney Appearance by Thomas R Davis on behalf of Safran USA, Inc. (Davis, Thomas) (Entered: 03/06/2014) |
| 03/06/2014 | 1322 | NOTICE of Attorney Appearance by Thomas R Davis on behalf of MorphoTrak, Inc. (Davis, Thomas) (Entered: 03/06/2014) |
| 03/06/2014 | 1323 | NOTICE of Attorney Appearance by Thomas R Davis on behalf of Kronos Incorporated (Davis, Thomas) (Entered: 03/06/2014) |
| 03/06/2014 | 1324 | ORDER denying 626 Motion to Dismiss for Lack of Jurisdiction; granting in part 807 Motion for Discovery. Such discovery should be completed within three weeks of this order and is limited to the corporate relationship between the Cognitec entities. Signed by Judge Michael H. Schneider on 3/6/2014. (lgp, ) (Entered: 03/06/2014) |
| 03/06/2014 | 1331 | SCHEDULING AND DISCOVERY ORDER (CUSTOMER DEFENDANTS): **This case will proceed in two groups: claims involving Supplier/Independent Defendant and claims involving Customer Defendants. Within 10 days of this order, the parties shall jointly file a notice designating the applicable category for each Defendant.** Final Pretrial Conference and trial setting set for 9/7/2016 09:00 AM in Ctrm 102 (Tyler) before Judge Michael H. Schneider. Jury instructions due by 8/5/2016. Mediation Completion due by 5/6/2016. Designation of Mediator due by 2/12/2016. Markman Hearing set for 10/1/2014 09:00 AM in Ctrm 102 (Tyler) before Judge Michael H. Schneider. Proposed Pretrial Order due by 8/5/2016. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) (Entered: 03/07/2014) |
| 03/06/2014 | 1332 | SCHEDULING AND DISCOVERY ORDER (SUPPLIER/INDEPENDENT DEFENDANTS: **This case will proceed in two groups: claims involving Supplier/Independent Defendant and claims involving Customer Defendants. Within 10 days of this order, the parties shall jointly file a notice designating the applicable category for each Defendant.** Final Pretrial Conference set for 10/5/2015 09:00 AM in Ctrm 102 (Tyler) before Judge Michael H. Schneider. Jury instructions due by 9/4/2015. Mediation Completion due by 4/28/2015. Designation of Mediator due by 4/7/2015. Markman Hearing set for 10/1/2014 09:00 AM in Ctrm 102 (Tyler) before Judge Michael H. Schneider. Proposed Pretrial Order due by 9/4/2015. Signed by Judge Michael H. Schneider on 3/5/14. (mjc, ) (Entered: 03/07/2014) |
| 03/06/2014 | 1333 | ORDER denying 625 Motion to Dismiss for Lack of Jurisdiction. Signed by Judge Michael H. Schneider on 3/6/14. (mjc, ) (Entered: 03/07/2014) |
| 03/06/2014 | 1334 | ORDER denying as moot 644 Motion to Dismiss; granting 648 Motion to Dismiss for Lack of Jurisdiction or to Transfer; denying as moot 902 Motion for Discovery; denying as moot 1111 Motion to Dismiss. Plaintiff's claims against Defendant Soundmouse Ltd. are SEVERED from the lead case back into the original cause number, 6:12-cv-598, and the clerk of the court is directed to TRANSFER the severed action to the Southern District of New York for further consideration. Signed by Judge Michael H. Schneider on 3/6/14. (mjc, ) (Entered: |

| | | |
|---|---|---|
| | | 03/07/2014) |
| 03/06/2014 | 1335 | ORDER granting 1297 Motion to Dismiss Without Prejudice Defendant Vercury, Inc. pursuant to a settlement. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 3/6/14. (mjc, ) (Entered: 03/07/2014) |
| 03/06/2014 | 1336 | ORDER granting 1289 Motion to Dismiss Without Prejudice defendant Tunecore, Inc. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 3/6/14. (mjc, ) (Entered: 03/07/2014) |
| 03/07/2014 | 1330 | NOTICE by Ensequence, Inc. re 1325 Order on Motion for Reconsideration, Order on Motion to Stay *Defendant Ensequence, Inc's Notice Requesting Termination of Electronic Notices and Order* (Sawyer, Douglas) (Entered: 03/07/2014) |
| 03/07/2014 | 1337 | NOTICE of Untimeliness with respect by Blue Spike, LLC re 1262 MOTION to Dismiss (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/07/2014) |
| 03/07/2014 | 1338 | RESPONSE in Opposition re 1262 MOTION to Dismiss *[Vobile, Inc.] filed by Blue Spike, LLC* . (Attachments: # 1 Declaration of Randall Garteiser, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 15) (Garteiser, Randall) (Entered: 03/07/2014) |
| 03/10/2014 | 1339 | NOTICE by TuneCore, Inc. *Request for Termination of Electronic Notices* (Smith, Melissa) (Entered: 03/10/2014) |
| 03/10/2014 | 1340 | NOTICE by Vercury, Inc. *OF REQUEST FOR TERMINATION OF ELECTRONIC NOTICES* (Day, Margaret) (Entered: 03/10/2014) |
| 03/10/2014 | 1341 | REPLY to Response to Motion re 1155 MOTION to Change Venue *to the United States District for the Northern District of California Watchwith's Reply in Support of its Joinder in Zeitera's Motion to Transfer Venue filed by Related Content Database, Inc.* . (Findlay, Eric) (Entered: 03/10/2014) |
| 03/10/2014 | 1342 | NOTICE by Texas Instruments, Inc. *Notice of Request For Termination of Electronic Notices* (Abraham, Amanda) (Entered: 03/10/2014) |
| 03/11/2014 | 1343 | PAPER TRANSCRIPT REQUEST by Technicolor S.A., Technicolor USA, Inc. for proceedings held on 3-5-2014 Scheduling Conference before Judge Schneider. (Carter, Richard) (Entered: 03/11/2014) |
| 03/11/2014 | 1344 | NOTICE by Animetrics, Inc. *of Request for Termination of Electronic Notices* (Harkins, J) (Entered: 03/11/2014) |
| 03/11/2014 | 1345 | ORDER denying as moot 1142 Motion to Change Venue. Signed by Judge Michael H. Schneider on 03/11/14. (mll, ) (Entered: 03/12/2014) |
| 03/11/2014 | 1346 | ORDER that Plaintiff and Defendant ACTV8 Inc submit to the Court all papers necessary for dismissal of all claims on or before 4-04-2014. Defendant's 1149 Motion to Change Venue is DENIED as moot. Signed by Judge Michael H. Schneider on 03/11/14. (mll, ) (Entered: 03/12/2014) |

| 03/12/2014 | 1347 | NOTICE by Asure Software, Inc. *OF REQUEST FOR TERMINATION OF ELECTRONIC NOTICES* (Rodriguez, Miguel) (Entered: 03/12/2014) |
|---|---|---|
| 03/12/2014 | 1348 | RESPONSE in Opposition re 520 MOTION to Dismiss *the Amended Complaint (CBS Corp. and Last.fm) filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(Garteiser, Randall) (Entered: 03/12/2014) |
| 03/12/2014 | 1349 | MOTION to Dismiss *Defendant CBS Corp.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/12/2014) |
| 03/13/2014 | 1350 | REPLY to Response to Motion re 1148 MOTION to Change Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a) filed by Clear Channel Broadcasting, Inc.*. (Yagura, Ryan) (Entered: 03/13/2014) |
| 03/13/2014 | 1351 | ***FILED IN ERROR, PLEASE IGNORE***RESPONSE in Support re 1150 MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a) filed by 3M Cogent, Inc.*. (Attachments: # 1 Declaration of D. Kniffin)(Kramer, Robert) Modified on 3/14/2014 (sm, ). (Entered: 03/13/2014) |
| 03/13/2014 | 1352 | ORDER denying 611 Motion to Change Venue to the Central District of California. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1353 | ORDER denying 588 Motion to Change Venue to the District of New Jersey. Signed by Judge Michael H. Schneider on 5/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1354 | ORDER granting 560 Motion to Dismiss for Lack of Jurisdiction. Plaintiff's claims against Defendant Technicolor SA are dismissed without prejudice. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1355 | ORDER granting 540 Motion to Change Venue. Plaintiff's claims against Defendant Imageware Systems, Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-688, and the clerk of the court is directed to TRANSFER the severed action to the Southern District of California for further consideration. Defendant's Motion to Dismiss Indirect and Willfulness Claims 940 is DENIED without prejudice to refile in the transferred case. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1356 | ORDER granting 916 Motion to Change Venue by Defendant SoundHound, Inc. Plaintiff's claims against SoundHound, Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-537, and the clerk of the court is directed to TRANSFER the severed action to the Northern District of California for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1357 | ORDER granting 663 Motion to Change Venue by Defendant Iris IDSystems, Inc. Plaintiff's claims against Iris ID Systems, Inc. are SEVERED from the lead case back into the original cause number, 6:13-cv-88, and the clerk of the court is directed to TRANSFER the severed action to the District of New Jersey for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) |

| | | (Entered: 03/14/2014) |
|---|---|---|
| 03/13/2014 | 1358 | ORDER granting 678 Motion to Transfer Venue by Defendant Google Inc. Plaintiff's claims against Google Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-558, and the clerk of the court is directed to TRANSFER the severed action to the Northern District of California for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1359 | ORDER granting 1155 Motion to Change Venue BY Defendant Zietera, LLC. Plaintiff's claims against Zietera, LLC and Related Content Database, Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-568, and the clerk of the court is directed to TRANSFER the severed action to the Northern District of California for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1361 | ORDER granting 1349 Motion to Dismiss Without Prejudice CBS Corp. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1362 | ORDER granting 905 Motion to Change Venue by Defendant Adobe Systems Inc. Plaintiff's claims against Adobe Systems Inc. are SEVERED from the lead case back into the original cause number, 6:12-cv-564, and the clerk of the court is directed to TRANSFER the severed action to the Northern District of California for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/13/2014 | 1363 | ORDER granting 610 Motion to Change Venue by Defendant Kronos Incorporated. Plaintiff's claims against Kronos Incorporated are SEVERED from the lead case back into the original cause number, 6:13-cv-86, and the clerk of the court is directed to TRANSFER the severed action to the District of Massachusetts for further consideration. Signed by Judge Michael H. Schneider on 3/13/14. (mjc, ) (Entered: 03/14/2014) |
| 03/14/2014 | | ***FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE*** Document # 1351, Response in support. PLEASE IGNORE.*** <br><br> (sm, ) (Entered: 03/14/2014) |
| 03/14/2014 | 1360 | REPLY to Response to Motion re 1150 MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a) filed by 3M Cogent, Inc.*. (Attachments: # 1 Declaration of David R. Kniffin)(Kramer, Robert) (Entered: 03/14/2014) |
| 03/14/2014 | 1364 | REPLY to Response to Motion re 1262 MOTION to Dismiss *Complaint for Lack of Personal Jurisdiction and Improper Venue filed by Vobile, Inc.*. (Stubbs, Samuel) (Entered: 03/14/2014) |
| 03/14/2014 | 1365 | REPLY to Response to Motion re 1157 MOTION to Change Venue *to the Northern District of California filed by AOptix Technologies, Inc.*. (Kohm, Bryan) (Entered: 03/14/2014) |
| 03/17/2014 | 1366 | NOTICE by Google Inc.(Consolidated Civil Action 6:12cv558) *Request for* |

| | | |
|---|---|---|
| | | *Termination of Electronic Notices* (Lee, Lance) (Entered: 03/17/2014) |
| 03/17/2014 | 1367 | NOTICE by Attributor Corporation *and all parties (Joint Notice of Designation of Supplier/Independent and Customer Defendants)* (Cleveland, Kristin) (Entered: 03/17/2014) |
| 03/18/2014 | 1368 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of the Status Conference held on March 5, 2014 before Judge Michael H. Schneider. Court Reporter/Transcriber: Jan Mason,Telephone number: 903-590-1096. <br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov</span>** <br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (30 pages). Redaction Request due 4/11/2014. Redacted Transcript Deadline set for 4/21/2014. Release of Transcript Restriction set for 6/19/2014. (rem, ) (Entered: 03/18/2014) |
| 03/18/2014 | 1369 | ORDER denying 836 Motion to Change Venue; denying 960 Motion to Change Venue; denying 771 Motion to Change Venue. Signed by Judge Michael H. Schneider on 3/17/14. (mjc, ) Modified on 3/19/2014 (mjc, ). (Entered: 03/18/2014) |
| 03/18/2014 | 1370 | SUR-REPLY to Reply to Response to Motion re 1262 MOTION to Dismiss *Vobile, Inc. filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 03/18/2014) |
| 03/18/2014 | 1371 | **\*\*\*FILED IN ERROR, PLEASE IGNORE\*\*\***RESPONSE in Support re 520 MOTION to Dismiss *the Amended Complaint filed by Last.fm Ltd.* . (Reines, Edward) Modified on 3/19/2014 (sm, ). (Entered: 03/18/2014) |
| 03/18/2014 | 1372 | ORDER granting 968 Motion to Strike re 968 MOTION to Strike 944 Amended Complaint *Improperly-Filed By Blue Spike and to Dismiss the Action for Lack of Personal Jurisdiction and Improper Venue* ; denying as moot 1157 Motion to Change Venue re 1157 MOTION to Change Venue *to the Northern District of California*. The Court determines that venue is not proper in this district. Accordingly, Plaintiff's claims against AOptix Technologies, Inc. are DIMISSED WITHOUT PREJUDICE to refiling in a district where venue exists. Signed by Judge Michael H. Schneider on 3/18/14. (mjc, ) (Entered: 03/19/2014) |
| 03/19/2014 | | **\*\*\*FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE. Document # 1371, Response in support. PLEASE IGNORE.\*\*\*** <br><br>(sm, ) (Entered: 03/19/2014) |
| 03/19/2014 | 1373 | NOTICE by Technicolor S.A., Technicolor USA, Inc. *Request for Termination of Electronic Notices* (Carter, Richard) (Entered: 03/19/2014) |
| 03/19/2014 | 1374 | REPLY to Response to Motion re 520 MOTION to Dismiss *the Amended Complaint filed by Last.fm Ltd.* . (Reines, Edward) (Entered: 03/19/2014) |

| 03/21/2014 | 1375 | Unopposed MOTION to Withdraw as Attorney *Chris R. Ottenweller and Bas de Blank* by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Related Content Database, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/21/2014) |
|---|---|---|
| 03/24/2014 | 1376 | SUR-REPLY to Reply to Response to Motion re 1150 MOTION to Change Venue *to the United States District Court for the Central District of California under 28 U.S.C § 1404(a) of Defendant 3M Cogent* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 03/24/2014) |
| 03/24/2014 | 1377 | SUR-REPLY to Reply to Response to Motion re 520 MOTION to Dismiss *the Amended Complaint of Defendant Last.fm* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 03/24/2014) |
| 03/24/2014 | 1378 | SUR-REPLY to Reply to Response to Motion re 1148 MOTION to Change Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a) of Defendant Clear Channel* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 03/24/2014) |
| 03/25/2014 | 1379 | Agreed MOTION to Dismiss *ACTV8, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/25/2014) |
| 03/25/2014 | 1380 | NOTICE of Change of Address by Eric Hugh Findlay (Findlay, Eric) (Entered: 03/25/2014) |
| 03/25/2014 | 1381 | Unopposed MOTION to Withdraw as Attorney by iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order)(Henschke, Marc) (Additional attachment(s) added on 3/26/2014: # 2 REVISED PROPOSED ORDER) (sm, ). (Entered: 03/25/2014) |
| 03/27/2014 | 1382 | ORDER REGARDING DISCOVERY HOTLINE HEARING; The Court heard argument from the parties and ordered that unredacted versions of the documents be produced by the end of the day in the United States. Signed by Magistrate Judge Roy S. Payne on 3/27/14. (mrm, ) (Entered: 03/27/2014) |
| 03/31/2014 | 1383 | Agreed MOTION to Dismiss *ZK Software Biometric Identification Technology Co., Ltd. and ZK Technology, LLC* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/31/2014) |
| 03/31/2014 | 1384 | ORDER denying 812 Motion for Discovery; granting 1019 Motion to Dismiss Plaintiff's claims against AxxonSoft US, Inc. and AxxonSoft Ltd. without prejudice. Signed by Judge Michael H. Schneider on 3/31/14. (mjc, ) (Entered: 03/31/2014) |
| 03/31/2014 | 1385 | ORDER denying 520 Motion to Dismiss. Signed by Judge Michael H. Schneider on 03/31/14. (mll, ) (Entered: 03/31/2014) |
| 04/01/2014 | 1386 | SUMMONS Returned Executed by Blue Spike, LLC. DERMALOG Identification Systems, GmbH served on 3/5/2014, answer due 3/26/2014. (mjc, ) |

| | | |
|---|---|---|
| | | (Entered: 04/02/2014) |
| 04/04/2014 | 1387 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re DERMALOG Identification Systems, GmbH.(Findlay, Eric). (Entered: 04/04/2014) |
| 04/04/2014 | 1388 | AMENDED COMPLAINT against 3M Cogent, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1389 | AMENDED COMPLAINT against Futronic Technology Co., Ltd., filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Ex. 3)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1390 | AMENDED COMPLAINT against Iritech, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1, # 2 Ex. 2, # 3 Ex. 3)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1391 | AMENDED COMPLAINT against Speech Technology Center, LLC, SpeechPro, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1, # 2 Ex. 2)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1392 | AMENDED COMPLAINT against Precise Biometrics AB, Precise Biometrics, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1, # 2 Ex. 2)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1393 | AMENDED COMPLAINT against Fulcrum Biometrics, LLC, NEUROtechnology, filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1) (Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1394 | AMENDED COMPLAINT *[Second Amended]* against Cognitec Systems Corporation, Cognitec Systems GmbH, filed by Blue Spike, LLC.(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1395 | Sealed Document. SMRTV, Inc.'s First Amended Answer, Defenses and Counterclaims to Original Complaint for Patent Infringement.(Lacy Kusters, David) (Entered: 04/04/2014) |
| 04/04/2014 | 1396 | Sealed Document. The Nielsen Company's First Amended Answer to Original Complaint for Patent Infringement. (Lacy Kusters, David) (Entered: 04/04/2014) |
| 04/04/2014 | 1397 | *Amended* ANSWER to Complaint *and*, COUNTERCLAIM against Blue Spike, Inc., Blue Spike, LLC, Scott A. Moskowitz by Shazam Entertainment Ltd.. (Attachments: # 1 Exhibit A - 032714 BlueSpike webshot, # 2 Exhibit B - 040214 BlueSpike webshot, # 3 Exhibit C - 032714 BlueSpike twitter)(Jones, Michael) (Entered: 04/04/2014) |
| 04/04/2014 | 1398 | AMENDED COMPLAINT against Civolution B.V., Civolution USA, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Ex. 1, # 2 Ex. 2)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1399 | AMENDED COMPLAINT against Airborne Biometrics Group, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1400 | AMENDED COMPLAINT *(against Audible Magic Corp. and its customer Defendants)* against Audible Magic Corporation, filed by Blue Spike, LLC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1401 | AMENDED COMPLAINT against M2SYS, LLC, filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1402 | AMENDED COMPLAINT against L-1 Identity Solutions, Inc., MorphoTrust USA, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1403 | AMENDED COMPLAINT against MorphoTrak, Inc., Safran USA, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 04/04/2014) |
| 04/04/2014 | 1404 | AMENDED ANSWER to *(Second Amended Answer)* 1 Complaint, , COUNTERCLAIM against Blue Spike, Inc., Blue Spike, LLC, Scott A. Moskowitz by Audible Magic Corporation. (Attachments: # 1 Exhibit A) (Findlay, Eric) (Entered: 04/04/2014) |
| 04/04/2014 | 1405 | NOTICE by Attributor Corporation *(Notice of Compliance)* (Cleveland, Kristin) (Entered: 04/04/2014) |
| 04/04/2014 | 1406 | NOTICE by Audible Magic Corporation *of Compliance regarding summary sales information* (Findlay, Eric) (Entered: 04/04/2014) |
| 04/04/2014 | 1407 | *Amended* ANSWER to Complaint *(consolidated from Action 6:12-cv-540-LED)* by Attributor Corporation.(Cleveland, Kristin) (Entered: 04/04/2014) |
| 04/04/2014 | 1408 | NOTICE by CBS Interactive, Inc., Last.fm Ltd. *(Notice of Compliance)* (Beebe, Byron) (Entered: 04/04/2014) |
| 04/04/2014 | 1409 | NOTICE by BMAT Licensing, S.L., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Iritech, Inc., M2SYS, LLC, NEUROtechnology, iPharro Media GmbH, iPharro Media, Inc *of Compliance regarding summary sales information* (Findlay, Eric) (Entered: 04/04/2014) |
| 04/04/2014 | 1410 | NOTICE by Clear Channel Broadcasting, Inc. re 1332 Scheduling Order,, *(Notice of Compliance)* (Yagura, Ryan) (Entered: 04/04/2014) |
| 04/04/2014 | 1411 | NOTICE by Vobile, Inc. re 1332 Scheduling Order,, (Jakopin, David) (Entered: 04/04/2014) |
| 04/04/2014 | 1412 | NOTICE by SMRTV, Inc. re 1332 Scheduling Order,, *of Compliance* (Lacy Kusters, David) (Entered: 04/04/2014) |
| 04/04/2014 | 1413 | NOTICE by Infinisource, Inc., Qqest Software Solutions, Inc. re 1332 Scheduling Order,, *(Notice of Compliance with Court's Scheduling and Discovery Order)* (Lacy Kusters, David) (Entered: 04/04/2014) |
| 04/04/2014 | 1414 | NOTICE by The Nielsen Company (US) LLC *Notice of Defendant The Nielsen Company's Compliance with the Court's Scheduling Order Regarding Summary Sales Information* (Corr, Steven) (Entered: 04/04/2014) |
| 04/07/2014 | 1415 | NOTICE by Cognitec Systems Corporation re 1331 Scheduling Order,,, (Goetzel, Dwayne) (Entered: 04/07/2014) |

| 04/07/2014 | 1416 | NOTICE by Cognitec Systems GmbH re 1332 Scheduling Order,, (Goetzel, Dwayne) (Entered: 04/07/2014) |
|---|---|---|
| 04/07/2014 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for DERMALOG Identification Systems, GmbH to 4/11/2014. 16 Days Granted for Deadline Extension.( sm, ) (Entered: 04/07/2014) |
| 04/07/2014 | 1417 | NOTICE of Discovery Disclosure by Shazam Entertainment Ltd. *regarding Compliance with Sales Information* (Jones, Michael) (Entered: 04/07/2014) |
| 04/07/2014 | 1418 | NOTICE of Discovery Disclosure by Speech Technology Center, LLC, SpeechPro, Inc. *regarding Compliance with Sales Information* (Smith, Melissa) (Entered: 04/07/2014) |
| 04/07/2014 | 1419 | NOTICE by Irdeto B.V., Irdeto USA, Inc. re 1332 Scheduling Order,, *(Notice of Compliance)* (Valentine, Andrew) (Entered: 04/07/2014) |
| 04/07/2014 | 1420 | NOTICE by 3M Cogent, Inc. re 1332 Scheduling Order,, *Notice of Compliance* (Kramer, Robert) (Entered: 04/07/2014) |
| 04/07/2014 | 1421 | ANSWER to 1394 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Cognitec Systems Corporation.(Goetzel, Dwayne) (Entered: 04/07/2014) |
| 04/07/2014 | 1422 | NOTICE by Entropic Communications, Inc. re 1332 Scheduling Order,, *Notice of Compliance re Sales Information* (Carothers, Jo) (Entered: 04/07/2014) |
| 04/07/2014 | 1423 | NOTICE by Iris ID Systems, Inc. *of Request for Termination of Electronic Notices* (Gillam, Harry) (Entered: 04/07/2014) |
| 04/07/2014 | 1424 | NOTICE by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc. re 1332 Scheduling Order,, *Notice of Compliance* (Johnson, Daniel) (Entered: 04/07/2014) |
| 04/07/2014 | 1425 | NOTICE by MorphoTrak, Inc., Safran USA, Inc. re 1332 Scheduling Order,, *Notice of Compliance* (Johnson, Daniel) (Entered: 04/07/2014) |
| 04/08/2014 | 1426 | NOTICE by Airborne Biometrics Group, Inc. *Notice of Compliance* (Dammann, Reid) (Entered: 04/08/2014) |
| 04/09/2014 | 1427 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re DERMALOG Identification Systems, GmbH. (Findlay, Eric) (Entered: 04/09/2014) |
| 04/09/2014 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for DERMALOG Identification Systems, GmbH to 4/18/2014. 7 Days Granted for Deadline Extension.( sm, ) (Entered: 04/09/2014) |
| 04/10/2014 | 1428 | NOTICE by ZK Technology LLC, ZkTeco, Inc. *of Request for Termination of Electronic Notices* (Moore, Steven) (Entered: 04/10/2014) |
| 04/11/2014 | 1429 | Agreed MOTION to Dismiss *Accu-Time Systems, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/11/2014) |

| 04/11/2014 | 1430 | Agreed MOTION to Dismiss *Amano Cincinnati, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/11/2014) |
| --- | --- | --- |
| 04/11/2014 | 1431 | NOTICE by Audible Magic Corporation *of Compliance Regarding Estimate of Expected Damages* (Findlay, Eric) (Entered: 04/11/2014) |
| 04/14/2014 | 1432 | *Defendant Last.fm Ltd.'s* ANSWER to 320 Amended Complaint, by Last.fm Ltd.. (Reines, Edward) (Entered: 04/14/2014) |
| 04/15/2014 | 1433 | NOTICE by Cognitec Systems Corporation re 1331 Scheduling Order,,, *Compliance Regarding Estimate of Expected Damages* (Goetzel, Dwayne) (Entered: 04/15/2014) |
| 04/15/2014 | 1434 | NOTICE by Cognitec Systems GmbH re 1332 Scheduling Order,, *Compliance Regarding Estimate of Expected Damages* (Goetzel, Dwayne) (Entered: 04/15/2014) |
| 04/15/2014 | 1435 | NOTICE of Compliance by Vobile, Inc. re 1332 Scheduling Order,, (Stubbs, Samuel) (Entered: 04/15/2014) |
| 04/16/2014 | 1436 | Defendant's Unopposed Third Application for Extension of Time to Answer Complaint re DERMALOG Identification Systems, GmbH.(Findlay, Eric). (Entered: 04/16/2014) |
| 04/17/2014 |  | Defendant's Unopposed Third Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for DERMALOG Identification Systems, GmbH to 5/2/2014. 14 Days Granted for Deadline Extension.( sm, ) (Entered: 04/17/2014) |
| 04/18/2014 | 1437 | MOTION to Dismiss for Lack of Jurisdiction *Refiled* by Cognitec Systems GmbH. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order) (Goetzel, Dwayne) (Entered: 04/18/2014) |
| 04/18/2014 | 1438 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Audible Magic Corporation.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1439 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Metacafe, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1440 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by iMesh, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1441 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by GoMiso, Inc.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1442 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Yap.tv, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1443 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Dailymotion, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1444 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Dailymotion S.A..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1445 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Soundcloud, Inc..(Findlay, Eric) (Entered: 04/18/2014) |

| 04/18/2014 | 1446 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Soundcloud Ltd..(Findlay, Eric) (Entered: 04/18/2014) |
|---|---|---|
| 04/18/2014 | 1447 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Myxer, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1448 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Photobucket.com, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1449 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Qlipso Media Networks Ltd..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1450 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Qlipso, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1451 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by WiOffer, LLC.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1452 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by MySpace, LLC.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1453 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Specific Media, LLC.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1454 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Boodabee Technologies Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1455 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband NA, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1456 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Coincident.TV, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1457 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Brightcove, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1458 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Harmonix Music Systems, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1459 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Zedge Holdings, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1460 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Mediafire, LLC.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1461 | ANSWER to 1400 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Accedo Broadband AB.(Findlay, Eric) (Entered: 04/18/2014) |
| 04/18/2014 | 1462 | ANSWER to 1400 Amended Complaint by Facebook, Inc..(Findlay, Eric) (Entered: 04/18/2014) |
| 04/21/2014 | 1463 | ANSWER to 1392 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Precise Biometrics AB, Precise Biometrics, Inc..(Smith, Melissa) (Entered: 04/21/2014) |
| 04/21/2014 | 1464 | ANSWER to 1398 Amended Complaint *of Blue Spike, LLC*, COUNTERCLAIM *for Declaratory Judgment* against All Plaintiffs by Civolution USA, Inc..(Friesen, |

| | | |
|---|---|---|
| | | Kyle) (Entered: 04/21/2014) |
| 04/21/2014 | 1465 | *Original* ANSWER to 1398 Amended Complaint *of Blue Spike LLC* by Civolution B.V..(Friesen, Kyle) (Entered: 04/21/2014) |
| 04/21/2014 | 1466 | ANSWER to 1391 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Speech Technology Center, LLC, SpeechPro, Inc..(Smith, Melissa) (Entered: 04/21/2014) |
| 04/21/2014 | 1467 | *DEFENDANT AIRBORNE BIOMETRICS GROUP'S* ANSWER to 1399 Amended Complaint *FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*, COUNTERCLAIM against Blue Spike, LLC by Airborne Biometrics Group, Inc..(Dammann, Reid) (Entered: 04/21/2014) |
| 04/21/2014 | 1468 | *3M Cogent, Inc.*'s ANSWER to 1388 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by 3M Cogent, Inc..(Kramer, Robert) (Entered: 04/21/2014) |
| 04/21/2014 | 1469 | MOTION to Strike *Blue Spike's Infringement Contentions* by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Higgins Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14)(Findlay, Eric) (Entered: 04/21/2014) |
| 04/21/2014 | 1470 | RESPONSE to 1395 Sealed Document *[PLAINTIFF BLUE SPIKE'S RESPONSE TO DEFENDANT SMRTV'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/21/2014) |
| 04/21/2014 | 1471 | RESPONSE to 1396 Sealed Document *[PLAINTIFF BLUE SPIKE'S RESPONSE TO DEFENDANT NIELSEN'S COUNTERCLAIMS]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 04/21/2014) |
| 04/21/2014 | 1472 | MOTION to Dismiss *Shazam Entertainment Ltd.'s Counterclaims [Dkt. No. 1397]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/21/2014) |
| 04/24/2014 | 1473 | Joint MOTION to Amend/Correct 1331 Scheduling Order,,, 1332 Scheduling Order,, by 3M Cogent, Inc., AOptix Technologies, Inc., Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Attributor Corporation, Audible Magic Corporation, BMAT Licensing, S.L., Blue Spike, LLC, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., Infinisource, Inc., Irdeto B.V., Irdeto USA, Inc., Iritech, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., M2SYS, LLC, Mediafire, |

| | | LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., NEUROtechnology, Photobucket.com, Inc., Precise Biometrics AB, Precise Biometrics, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., SMRTV, Inc., Shazam Entertainment Ltd., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, Speech Technology Center, LLC, SpeechPro, Inc., The Nielsen Company (US) LLC, Viggle, Inc.,, Vobile, Inc., WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc., iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2014) |
|---|---|---|
| 04/24/2014 | 1474 | *DEFENDANT MORPHOTRUST USA, INC'S* ANSWER to 1402 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by MorphoTrust USA, Inc..(Johnson, Daniel) (Entered: 04/24/2014) |
| 04/24/2014 | 1475 | *DEFENDANT L-1 IDENTITY SOLUTIONS, INC.'S* ANSWER to 1402 Amended Complaint , COUNTERCLAIM against L-1 Identity Solutions, Inc. by L-1 Identity Solutions, Inc..(Johnson, Daniel) (Entered: 04/24/2014) |
| 04/24/2014 | 1476 | ANSWER to 1401 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by M2SYS, LLC.(Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1477 | ANSWER to 1390 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Iritech, Inc..(Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1478 | *DEFENDANT'S SAFRAN USA, INC.'S* ANSWER to 1403 Amended Complaint , COUNTERCLAIM against Blue Spike, Inc. by Safran USA, Inc..(Johnson, Daniel) (Entered: 04/24/2014) |
| 04/24/2014 | 1479 | ANSWER to 1393 Amended Complaint *Affirmative Defenses and*, COUNTERCLAIM against Blue Spike, LLC by NEUROtechnology.(Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1480 | ANSWER to 1393 Amended Complaint , *Affirmative Defenses and*, COUNTERCLAIM against Blue Spike, LLC by Fulcrum Biometrics, LLC. (Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1481 | *DEFENDANT MORPHOTRAK, INC.'S* ANSWER to 1403 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by MorphoTrak, Inc..(Johnson, Daniel) (Entered: 04/24/2014) |
| 04/24/2014 | 1482 | ANSWER to 1389 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Futronic Technology Co., Ltd..(Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1483 | ANSWER to 1389 Amended Complaint , COUNTERCLAIM against Blue Spike, LLC by Fulcrum Biometrics, LLC.(Findlay, Eric) (Entered: 04/24/2014) |
| 04/24/2014 | 1484 | RESPONSE to 1421 Answer to Amended Complaint, Counterclaim *[Blue Spike, LLC's Reply in Response to Defendant Cognitec Systems Corporation's First Amended Complaint] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 04/24/2014) |
| 04/30/2014 | 1485 | ORDER OF DISMISSAL GRANTING 1429 Agreed MOTION to Dismiss *Accu-Time Systems, Inc.* filed by Blue Spike, LLC. Accu-Time Systems, Inc. (Consolidated Civil Action 6:13cv37) terminated.. Signed by Judge Michael H. Schneider on 4/29/2014.(gsg) (Entered: 04/30/2014) |

| | | |
|---|---|---|
| 04/30/2014 | 1486 | ORDER OF DISMISAL GRANTING 1430 Agreed MOTION to Dismiss *Amano Cincinnati, Inc*. filed by Blue Spike, LLC., Amano Cincinnati, Inc. (Consolidated Civil Action 6:13cv109) terminated. Signed by Judge Michael H. Schneider on 4/29/2014. (gsg) (Entered: 04/30/2014) |
| 04/30/2014 | 1487 | ORDER OF DISMISSAL GRANTING 1379 Agreed MOTION to Dismiss *ACTV8, Inc*. filed by Blue Spike, LLC., ACTV8, Inc. (Consolidated Civil Action 6:12cv582) terminated.. Signed by Judge Michael H. Schneider on 4/29/2014. (gsg) (Entered: 04/30/2014) |
| 04/30/2014 | 1488 | ORDER granting 1383 Motion to Dismiss. The claims asserted herein by Plaintiff against the ZK Defendants are dismissed with prejudice; that the counterclaims and defenses asserted herein by the Defendants against Plaintiffare dismissed with prejudice; and that the parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 04/29/14. (mll, ) (Entered: 04/30/2014) |
| 04/30/2014 | 1489 | ORDER REFERRING CASE to Magistrate Judge Caroline Craven for all pretrial proceedings. Signed by Judge Michael H. Schneider on 4/29/2014. (mll, ) (Entered: 04/30/2014) |
| 05/01/2014 | 1490 | ORDER granting 1381 Motion to Withdraw as Attorney. Attorney Marc Norman Henschke terminated. Signed by Magistrate Judge Caroline Craven on 5/1/14. (bas, ) (Entered: 05/01/2014) |
| 05/01/2014 | 1491 | ORDER granting 1375 Motion to Withdraw as Attorney. Attorney Christopher R Ottenweller and Bas de Blank terminated. Signed by Magistrate Judge Caroline Craven on 5/1/14. (bas, ) (Entered: 05/01/2014) |
| 05/01/2014 | 1492 | ORDER granting 1473 Motion to Amend the Scheduling and Discovery Orders. Signed by Magistrate Judge Caroline Craven on 5/1/14. (bas, ) (Entered: 05/01/2014) |
| 05/01/2014 | 1493 | NOTICE of Discovery Disclosure by Civolution B.V., Civolution USA, Inc. (Consolidated Civil Action 6:12cv557) (Friesen, Kyle) (Entered: 05/01/2014) |
| 05/01/2014 | 1494 | NOTICE by Facebook, Inc. re 1332 Scheduling Order,, *Notice of Compliance* (Armon, Orion) (Entered: 05/01/2014) |
| 05/01/2014 | 1495 | NOTICE by Clear Channel Broadcasting, Inc. re 1332 Scheduling Order,, *(Notice of Compliance)* (Yagura, Ryan) (Entered: 05/01/2014) |
| 05/01/2014 | 1496 | NOTICE by Last.fm Ltd. re 1332 Scheduling Order,, *[Notice of Compliance]* (Beebe, Byron) (Entered: 05/01/2014) |
| 05/02/2014 | 1497 | NOTICE of Discovery Disclosure by Shazam Entertainment Ltd. (Jones, Michael) (Entered: 05/02/2014) |
| 05/02/2014 | 1498 | NOTICE by ACTV8, Inc. *Requesting Termination of Electronic Notices* (Mormile, Myra) (Entered: 05/02/2014) |
| 05/02/2014 | 1499 | Defendant's Unopposed Fourth Application for Extension of Time to Answer Complaint re DERMALOG Identification Systems, GmbH.(Findlay, Eric). (Entered: 05/02/2014) |

| | | |
|---|---|---|
| 05/02/2014 | 1500 | NOTICE of Discovery Disclosure by L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680) (Johnson, Daniel) (Entered: 05/02/2014) |
| 05/02/2014 | 1501 | NOTICE of Discovery Disclosure by MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), Safran USA, Inc.(Consolidated Civil Action 6:13cv89) (Johnson, Daniel) (Entered: 05/02/2014) |
| 05/02/2014 | 1502 | NOTICE by Vobile, Inc. (Stubbs, Samuel) (Entered: 05/02/2014) |
| 05/02/2014 | 1503 | Unopposed MOTION to Extend Deadline to Serve Initial Disclosures by Precise Biometrics AB, Precise Biometrics, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 05/02/2014) |
| 05/02/2014 | 1504 | NOTICE by 3M Cogent, Inc. re 1332 Scheduling Order,, *Notice of Compliance* (Kramer, Robert) (Entered: 05/02/2014) |
| 05/02/2014 | | Defendant's Unopposed Fourth Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for DERMALOG Identification Systems, GmbH to 5/9/2014. 7 Days Granted for Deadline Extension.(klb) (Entered: 05/13/2014) |
| 05/03/2014 | 1505 | Agreed MOTION to Dismiss *BMAT Licensing S.L.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/03/2014) |
| 05/03/2014 | 1506 | Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 993])* by Blue Spike, Inc.. (Garteiser, Randall) (Additional attachment(s) added on 7/24/2014: # 1 REVISED ORDER) (sm, ). (Entered: 05/03/2014) |
| 05/03/2014 | 1507 | Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 994])* by Blue Spike, LLC. (Garteiser, Randall) (Additional attachment(s) added on 7/24/2014: # 1 REVISED ORDER) (sm, ). (Entered: 05/03/2014) |
| 05/03/2014 | 1508 | Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 995])* by Scott A. Moskowitz. (Garteiser, Randall) (Additional attachment(s) added on 7/24/2014: # 1 REVISED ORDER) (sm, ). (Entered: 05/03/2014) |
| 05/05/2014 | 1509 | ORDER granting 1503 Motion to extend deadline. Signed by Magistrate Judge Caroline Craven on 5/5/14. (bas, ) (Entered: 05/05/2014) |
| 05/05/2014 | 1510 | Unopposed MOTION Unopposed Motion To Extend The Deadline For Defendant To Respond To Plaintiffs Motion To Dismiss And To Confirm The Deadline For Blue Spike, Inc. And Mr. Scott A. Moskowitz To by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 05/05/2014) |
| 05/05/2014 | 1511 | ANSWER to 1439 Answer to Amended Complaint, Counterclaim *[Answer in Response to Metacafe's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1512 | ANSWER to 1440 Answer to Amended Complaint, Counterclaim *[Answer in* |

| | | |
|---|---|---|
| | | *Response to iMesh's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1513 | ANSWER to 1441 Answer to Amended Complaint, Counterclaim *[Answer in Response to GoMiso's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1514 | ANSWER to 1442 Answer to Amended Complaint, Counterclaim *[Answer in Response to Yap.TV's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1515 | ANSWER to 1443 Answer to Amended Complaint, Counterclaim *[Answer in Response to Dailymotion, Inc.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1516 | ANSWER to 1444 Answer to Amended Complaint, Counterclaim *[Answer in Response to Dailymotion S.A.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1517 | ANSWER to 1445 Answer to Amended Complaint, Counterclaim *[Answer in Response to SoundCloud Inc.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1518 | ANSWER to 1446 Answer to Amended Complaint, Counterclaim *[Answer in Response to SoundCloud Ltd.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1519 | ANSWER to 1447 Answer to Amended Complaint, Counterclaim *[Answer in Response to Myxer's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1520 | ANSWER to 1448 Answer to Amended Complaint, Counterclaim *[Answer in Response to Photobucket's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1521 | ANSWER to 1449 Answer to Amended Complaint, Counterclaim *[Answer in Response to Qlipso Ltd.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1522 | ANSWER to 1450 Answer to Amended Complaint, Counterclaim *[Answer in Response to Qlipso Inc.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1523 | ANSWER to 1451 Answer to Amended Complaint, Counterclaim *[Answer in Response to WiOffer's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1524 | ANSWER to 1452 Answer to Amended Complaint, Counterclaim *[Answer in Response to Myspace's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1525 | ANSWER to 1453 Answer to Amended Complaint, Counterclaim *[Answer in Response to Specific Media's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |

| 05/05/2014 | 1526 | ANSWER to 1454 Answer to Amended Complaint, Counterclaim *[Answer in Response to Boodabee's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
|---|---|---|
| 05/05/2014 | 1527 | ANSWER to 1455 Answer to Amended Complaint, Counterclaim *[Answer in Response to Accedo Broadband NA, Inc.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1528 | ANSWER to 1456 Answer to Amended Complaint, Counterclaim *[Answer in Response to Coincident.TV's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1529 | ANSWER to 1457 Answer to Amended Complaint, Counterclaim *[Answer in Response to Brightcove's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1530 | ANSWER to 1458 Answer to Amended Complaint, Counterclaim *[Answer in Response to Harmonix's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1531 | ANSWER to 1459 Answer to Amended Complaint, Counterclaim *[Answer in Response to Zedge Holdings' Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1532 | ANSWER to 1460 Answer to Amended Complaint, Counterclaim *[Answer in Response to MediaFire's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/05/2014 | 1533 | ANSWER to 1461 Answer to Amended Complaint, Counterclaim *[Answer in Response to Accedo Broadband AB's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/05/2014) |
| 05/06/2014 | 1534 | NOTICE by Accu-Time Systems, Inc., Amano Cincinnati, Inc. *Request for Termination of Electronic Notices* (Crocker, Scott) (Entered: 05/06/2014) |
| 05/06/2014 | 1535 | NOTICE by Ingersoll-Rand Company *Request for Termination of Electronic Notices* (Hunt, Paul) (Entered: 05/06/2014) |
| 05/06/2014 | 1536 | ORDER granting 1505 Motion to Dismiss. The claims asserted by Blue Spike, LLC against BMAT Licensing S.L. are dismissed without prejudice; the counterclaims and defenses asserted by BMAT against Blue Spike, LLC are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 05/05/14. (mll, ) (Entered: 05/06/2014) |
| 05/07/2014 | 1537 | ANSWER to 1463 Answer to Amended Complaint, Counterclaim *[Answer in Response to Precise Biometrics Inc. and Prescise Biometrics AB's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/07/2014) |
| 05/07/2014 | 1538 | ANSWER to 1464 Answer to Amended Complaint, Counterclaim *[Answer in Response to Civolution USA, Inc.'s Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/07/2014) |
| 05/07/2014 | 1539 | ANSWER to 1466 Answer to Amended Complaint, Counterclaim *[Answer in Response to SpeechPro and Speech Technologies Center's Counterclaims]* by |

| | | Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/07/2014) |
|---|---|---|
| 05/07/2014 | 1540 | ANSWER to 1467 Answer to Amended Complaint, Counterclaim *[Answer in Response to Airborne Biometrics Group's Counterclaims]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/07/2014) |
| 05/07/2014 | 1541 | ANSWER to 1468 Answer to Amended Complaint, Counterclaim *[Answer in Response to 3M Cogent's Counterclaims]* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 05/07/2014) |
| 05/08/2014 | 1542 | ORDER granting 1510 Motion to confirm and extend deadlines. Signed by Magistrate Judge Caroline Craven on 5/6/14. (bas, ) (Entered: 05/08/2014) |
| 05/08/2014 | 1543 | ***FILED IN ERROR. SEE DOCKET ENTRY 1544 FOR CORRECTED DOCUMENT*** RESPONSE in Opposition re 1469 MOTION to Strike *Blue Spike's Infringement Contentions filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Garteiser, Randall) Modified on 5/9/2014 (mll, ). (Entered: 05/08/2014) |
| 05/09/2014 | 1544 | RESPONSE in Opposition re 1469 MOTION to Strike *Blue Spike's Infringement Contentions filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Garteiser, Randall) (Entered: 05/09/2014) |
| 05/09/2014 | 1545 | NOTICE of Voluntary Dismissal by Blue Spike, LLC (Attachments: # 1 Text of Proposed Order Proposed Order Granting Voluntary Dimsissal of DERMALOG) (Garteiser, Randall) (Entered: 05/09/2014) |
| 05/09/2014 | 1546 | ***FILED IN ERROR PER ATTORNEY. DISREGARD.*** MOTION to Seal by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) Modified on 5/13/2014 (gsg). (Entered: 05/09/2014) |
| 05/12/2014 | 1547 | Agreed MOTION for Extension of Time to File Response/Reply as to 1437 MOTION to Dismiss for Lack of Jurisdiction *Refiled* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1548 | SEALED RESPONSE to Motion re 1437 MOTION to Dismiss for Lack of Jurisdiction *Refiled* filed by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1549 | RESPONSE to 1483 Answer to Amended Complaint, Counterclaim *[Reply in Response to Fulcrum Biometrics, LLC's Counterclaims]* by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1550 | RESPONSE to 1480 Answer to Amended Complaint, Counterclaim *[Reply in Response to Fulcrum Biometric's Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1551 | RESPONSE to 1482 Answer to Amended Complaint, Counterclaim *[Reply in Response to Futronic Technology Co. Ltd's Counterclaims]* filed by Blue Spike, |

| | | |
|---|---|---|
| | | *LLC* . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1552 | RESPONSE to 1477 Answer to Amended Complaint, Counterclaim *[Reply in Response to Iritech, Inc's Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1553 | RESPONSE to 1475 Answer to Amended Complaint, Counterclaim *[Reply in Response to L-1 Identity Solutions, Inc.'s Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1554 | RESPONSE to 1476 Answer to Amended Complaint, Counterclaim *[Reply in Response to M2SYS, LLC's Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1555 | RESPONSE to 1481 Answer to Amended Complaint, Counterclaim *[Reply in Response to MorphoTrak Inc.'s Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1556 | RESPONSE to 1474 Answer to Amended Complaint, Counterclaim *[Reply in Response to MorphoTrust USA, Inc.'s Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1557 | RESPONSE to 1479 Answer to Amended Complaint, Counterclaim *[Reply in Response to Neurotechnology's Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/12/2014 | 1558 | RESPONSE to 1478 Answer to Amended Complaint, Counterclaim *[Reply in Response to Safran USA, Inc.'s Counterclaims]* filed by Blue Spike, LLC . (Garteiser, Randall) (Entered: 05/12/2014) |
| 05/13/2014 | 1559 | ORDER granting 1547 Motion for Extension of Time to File Response. Signed by Magistrate Judge Caroline Craven on 5/13/14. (bas, ) (Entered: 05/13/2014) |
| 05/13/2014 | 1560 | REPLY to Response to Motion re 1469 MOTION to Strike *Blue Spike's Infringement Contentions filed by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. . (Findlay, Eric) (Entered: 05/13/2014)* |
| 05/13/2014 | 1561 | Joint MOTION for Protective Order *(filed on behalf of Plaintiff and Defendants)* by Accedo Broadband AB, Accedo Broadband NA, Inc., Attributor Corporation, Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., M2SYS, LLC, Mediafire, LLC, MySpace, LLC, Myxer, Inc., NEUROtechnology, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Viggle, Inc.,, WiOffer, LLC, Zedge Holdings, Inc., iMesh, Inc., iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order Protective Order) (Findlay, Eric) (Entered: 05/13/2014) |

| 05/14/2014 | 1562 | ORDER granting 1561 Motion for Protective Order. Signed by Magistrate Judge Caroline Craven on 5/14/14. (bas, ) (Entered: 05/14/2014) |
|---|---|---|
| 05/14/2014 | 1563 | ORDER granting 1545 Notice of Voluntary Dismissal filed by Blue Spike, LLC. Defendant Dermalog Identification Systems GmbH is DISMISSED without prejudice. Signed by Judge Michael H. Schneider on 05/14/14. (mll, ) (Entered: 05/14/2014) |
| 05/15/2014 | 1564 | NOTICE by Irdeto B.V., Irdeto USA, Inc. *Notice of Compliance with P.R. 3-4(a)* (Valentine, Andrew) (Entered: 05/15/2014) |
| 05/15/2014 | 1565 | NOTICE by Clear Channel Broadcasting, Inc. re 1332 Scheduling Order,, *(Notice of Compliance)* (Yagura, Ryan) (Entered: 05/15/2014) |
| 05/16/2014 | 1566 | Agreed MOTION to Dismiss *M2SYS, LLC with Prejudice* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/16/2014) |
| 05/16/2014 | 1567 | NOTICE by Infinisource, Inc., Qqest Software Solutions, Inc. *Regarding P.R. 3-3 and 3-4 Disclosures* (Kohm, Bryan) (Entered: 05/16/2014) |
| 05/16/2014 | 1568 | NOTICE by SMRTV, Inc. *Regarding P.R. 3-3 and 3-4 Disclosures* (Kohm, Bryan) (Entered: 05/16/2014) |
| 05/16/2014 | 1569 | NOTICE by Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Iritech, Inc., NEUROtechnology, iPharro Media GmbH, iPharro Media, Inc *Regarding P.R. 3-3 and 3-4 Disclosures* (Findlay, Eric) (Entered: 05/16/2014) |
| 05/16/2014 | 1570 | NOTICE by Shazam Entertainment Ltd. *P.R. 3-3 and 3-4 Disclosure* (Jones, Michael) (Entered: 05/16/2014) |
| 05/16/2014 | 1571 | NOTICE by Cognitec Systems Corporation, Cognitec Systems GmbH *P.R. 3-3 and 3-4 Disclosure* (Beard, Ryan) (Entered: 05/16/2014) |
| 05/16/2014 | 1572 | <b/***FILED IN ERROR. PLEASE IGNORE.***Letter Brief filed by Airborne Biometrics Group, Inc.(Consolidated Civil Action 6:13cv112) (Dammann, Reid) Modified on 5/19/2014 (bas, ). (Entered: 05/16/2014) |
| 05/16/2014 | 1573 | NOTICE by CBS Interactive, Inc., Last.fm Ltd. *P.R. 3-3 and 3-4 Disclosures* (Beebe, Byron) (Entered: 05/16/2014) |
| 05/19/2014 | 1574 | NOTICE of Discovery Disclosure by Entropic Communications, Inc. *regarding Compliance with PR 3-3 and 3-4* (Jones, Michael) (Entered: 05/19/2014) |
| 05/19/2014 | | **\*\*\*FILED IN ERROR. WRONG EVENT USED. Document # 1572, Letter Brief. PLEASE IGNORE.\*\*\*** <br><br> (bas, ) (Entered: 05/19/2014) |
| 05/19/2014 | 1575 | NOTICE by Airborne Biometrics Group, Inc.(Consolidated Civil Action 6:13cv112) *Notice of Compliance* (Dammann, Reid) (Entered: 05/19/2014) |
| 05/19/2014 | 1576 | NOTICE by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680) *P.R. 3-3 and 3-4 Disclosures* (Johnson, Daniel) (Entered: 05/19/2014) |

| | | |
|---|---|---|
| 05/19/2014 | 1577 | NOTICE by MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), Safran USA, Inc.(Consolidated Civil Action 6:13cv89) *P.R. 3-3 and 3-4 Disclosures* (Johnson, Daniel) (Entered: 05/19/2014) |
| 05/19/2014 | 1578 | REPLY to Response to Motion re 1437 MOTION to Dismiss for Lack of Jurisdiction *Refiled filed by Cognitec Systems GmbH.* (Attachments: # 1 Exhibit 4-5)(Goetzel, Dwayne) (Entered: 05/19/2014) |
| 05/19/2014 | 1579 | NOTICE by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. *of Compliance Regarding P.R. 3-3 and 3-4 Disclosures* (Findlay, Eric) (Entered: 05/19/2014) |
| 05/20/2014 | 1580 | NOTICE by Attributor Corporation *of Compliance Regarding P.R. 3-3 and 3-4 Disclosures* (Cleveland, Kristin) (Entered: 05/20/2014) |
| 05/21/2014 | 1581 | NOTICE by 3M Cogent, Inc.(Consolidated Civil Action 6:12cv685) *OF COMPLIANCE REGARDING P.R. 3-3 AND 3-4 DISCLOSURES* (Kramer, Robert) (Entered: 05/21/2014) |
| 05/21/2014 | 1582 | MOTION to Dismiss *Shazam's Counterclaims* by Blue Spike, Inc.. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/21/2014) |
| 05/21/2014 | 1583 | MOTION to Dismiss *Shazam's Counterclaims [Dkt. No. 1397]* by Scott A. Moskowitz. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/21/2014) |
| 05/22/2014 | 1584 | NOTICE by Irdeto B.V., Irdeto USA, Inc. *Notice of Compliance with P.R. 3-3 and P.R. 3-4(b)* (Valentine, Andrew) (Entered: 05/22/2014) |
| 05/22/2014 | 1585 | Agreed MOTION to Dismiss by Precise Biometrics AB, Precise Biometrics, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 05/22/2014) |
| 05/22/2014 | 1586 | RESPONSE in Opposition re 1506 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 993]) filed by Audible Magic Corporation.* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/22/2014) |
| 05/22/2014 | 1587 | RESPONSE in Opposition re 1507 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 994]) filed by Audible Magic Corporation.* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/22/2014) |
| 05/22/2014 | 1588 | RESPONSE in Opposition re 1508 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 995]) filed by Audible Magic Corporation.* (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/22/2014) |
| 05/22/2014 | 1589 | **\*\*\*FILED IN ERROR PER ATTORNEY. DISREGARD. TO BE REFILED UNDER SEAL.\*\*\*** NOTICE by Blue Spike, LLC re 1148 MOTION to Change |

| | | Venue *re Transfer Venue to the Southern District of New York Under 28 U.S.C. 1404(a) (Notice of Additional Facts)* (Attachments: # 1 Exhibit 1, # 2 Declaration of Stephen W. Unger)(Garteiser, Randall) Modified on 5/27/2014 (gsg). (Entered: 05/22/2014) |
|---|---|---|
| 05/22/2014 | 1590 | ORDER granting 1566 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant M2SYS LLC are hereby DISMISSED with prejudice. Parties shall bear their own fees, expenses and costs. Signed by Judge Michael H. Schneider on 05/22/14. (mll, ) (Entered: 05/23/2014) |
| 05/23/2014 | 1591 | SUR-REPLY to Reply to Response to Motion re 1469 MOTION to Strike *Blue Spike's Infringement Contentions [Sur-reply to Audible Magic's Motion to Strike Infringement Contentions] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 05/23/2014) |
| 05/27/2014 | 1592 | RESPONSE to 1589 Notice (Other), *filed by Clear Channel Broadcasting, Inc.*. (Attachments: # 1 Declaration of Ryan K. Yagura in Support of, # 2 Exhibit A) (Yagura, Ryan) (Entered: 05/27/2014) |
| 05/27/2014 | 1593 | Notice of Additional Facts Pertaining to Clear Channel's Transfer Motion [DKT. 1148] - Sealed Document. (Attachments: # 1 Exhibit 1, # 2 Declaration of Stephen W. Unger)(Garteiser, Randall) (Entered: 05/27/2014) |
| 05/29/2014 | 1594 | ORDER granting 1585 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendants Precise Biometrics, Inc. and Precise Biometrics AB are hereby dismissed with prejudice. Parties shall bear their own attys' fees and costs. Signed by Judge Michael H. Schneider on 05/29/14. (mll, ) (Entered: 05/29/2014) |
| 05/29/2014 | 1595 | ***PLEASE IGNORE, FILED UNSEALED IN ERROR. ATTORNEY REFILED DOCUMENT UNDER SEAL AS DOCUMENT # 1597***<br><br>SUR-REPLY to Reply to Response to Motion re 1437 MOTION to Dismiss for Lack of Jurisdiction *Refiled [Surreply to Cognitec GmbH's Motion to Dismiss] filed by Blue Spike, LLC* . (Garteiser, Randall) Modified on 6/2/2014 (pkb, ). (Entered: 05/29/2014) |
| 05/29/2014 | | ***FILED IN ERROR as an Unsealed Document. Document # 1595, Surreply to Reply to Response to Motion re 1437 MOTION to Dismiss for Lack of Jurisdiction Refiled. PLEASE IGNORE. ATTORNEY REFILED ON 5/30/14 AS DOCUMENT # 1597***<br><br>(pkb, ) (Entered: 06/02/2014) |
| 05/30/2014 | 1596 | ORDER PROPOSING TECHNICAL ADVISOR. Signed by Magistrate Judge Caroline Craven on 5/30/14. (bas, ) (Entered: 05/30/2014) |
| 05/30/2014 | 1597 | SEALED SURREPLY in SUPPORT OF PLAINTIFF'S OPPOSITION to DEFENDANT'S MOTION to Dismiss for Lack of Jurisdiction 1437 *Refiled* filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 05/30/2014) |
| 06/02/2014 | 1598 | RESPONSE to 1596 Order - *Objection filed by Zvetco, LLC*. (Huntsman, Robert) (Entered: 06/02/2014) |
| 06/02/2014 | 1599 | Sealed Document: Notice of Additional Facts Related to Defendant 3M Cogent's |

| | | |
|---|---|---|
| | | Motion to Transfer Venue to the Central District of California [Dkt. 1150]. (Attachments: # 1 Unger Declaration)(Garteiser, Randall) (Entered: 06/02/2014) |
| 06/02/2014 | 1600 | NOTICE by Precise Biometrics AB, Precise Biometrics, Inc. *OF REQUEST FOR TERMINATION OF ELECTRONIC NOTIFICATIONS* (Smith, Melissa) (Entered: 06/02/2014) |
| 06/02/2014 | 1601 | RESPONSE in Support re 1506 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 993]) filed by Blue Spike, Inc.*. (Garteiser, Randall) (Entered: 06/02/2014) |
| 06/02/2014 | 1602 | RESPONSE in Support re 1507 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 994]) filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/02/2014) |
| 06/02/2014 | 1603 | RESPONSE in Support re 1508 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 995]) filed by Scott A. Moskowitz.* (Garteiser, Randall) (Entered: 06/02/2014) |
| 06/03/2014 | 1604 | SUR-REPLY to Reply to Response to Motion re 1506 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 993]) filed by Audible Magic Corporation.* (Findlay, Eric) (Entered: 06/03/2014) |
| 06/03/2014 | 1605 | SUR-REPLY to Reply to Response to Motion re 1507 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 994]) filed by Audible Magic Corporation.* (Findlay, Eric) (Entered: 06/03/2014) |
| 06/03/2014 | 1606 | SUR-REPLY to Reply to Response to Motion re 1508 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 995]) filed by Audible Magic Corporation.* (Findlay, Eric) (Entered: 06/03/2014) |
| 06/09/2014 | 1607 | RESPONSE in Opposition re 1583 MOTION to Dismiss *Shazam's Counterclaims [Dkt. No. 1397]*, 1582 MOTION to Dismiss *Shazam's Counterclaims*, 1472 MOTION to Dismiss *Shazam Entertainment Ltd.'s Counterclaims [Dkt. No. 1397] filed by Shazam Entertainment Ltd.*. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 06/09/2014) |
| 06/10/2014 | 1608 | ***WITHDRAWN PER ORDER 1731 *** MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1)(Garteiser, Randall) Modified on 9/3/2014 (bas, ). (Entered: 06/10/2014) |
| 06/11/2014 | 1609 | NOTICE of Attorney Appearance by Ian Nicholas Ramage on behalf of Blue Spike, LLC (Ramage, Ian) (Entered: 06/11/2014) |
| 06/17/2014 | 1610 | Agreed MOTION to Dismiss *Defendant Vobile, Inc. with Prejudice* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 06/17/2014) |

| | | |
|---|---|---|
| 06/17/2014 | 1611 | NOTICE by YouWeb Accelerator LLC, YouWeb Entrepreneur LLC, YouWeb, LLC *of Request for Termination of Electronic Notices* (Barsky, Wayne) (Entered: 06/17/2014) |
| 06/19/2014 | 1612 | REPLY to Response to Motion re 1583 MOTION to Dismiss *Shazam's Counterclaims [Dkt. No. 1397] filed by Scott A. Moskowitz*. (Garteiser, Randall) (Entered: 06/19/2014) |
| 06/19/2014 | 1613 | REPLY to Response to Motion re 1582 MOTION to Dismiss *Shazam's Counterclaims filed by Blue Spike, Inc*.. (Garteiser, Randall) (Entered: 06/19/2014) |
| 06/19/2014 | 1614 | REPLY to Response to Motion re 1472 MOTION to Dismiss *Shazam Entertainment Ltd.'s Counterclaims [Dkt. No. 1397] filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/19/2014) |
| 06/25/2014 | 1615 | ORDER APPOINTING TECHNICAL ADVISOR AND REGARDING TIME FOR CLAIM CONSTRUCTION HEARING. Scott Woloson added as technical advisor. Signed by Magistrate Judge Caroline Craven on 6/25/14. (bas, ) (Entered: 06/25/2014) |
| 06/25/2014 | 1616 | AFFIDAVIT OF ENGAGEMENT by Scott Woloson. (bas, ) (Entered: 06/25/2014) |
| 06/26/2014 | 1617 | MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* by Audible Magic Corporation. (Attachments: # 1 Declaration of Christopher Higgins, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Text of Proposed Order) (Findlay, Eric) (Entered: 06/26/2014) |
| 06/26/2014 | 1618 | MOTION to Dismiss *Separate Claims or in the Alternative to Sever* by Facebook, Inc.. (Attachments: # 1 Declaration of Jeremy Jordan, # 2 Declaration of Janna K. Fischer, # 3 Exhibit A to Fischer Declaration, # 4 Exhibit B to Fischer Declaration, # 5 Exhibit C to Fischer Declaration, # 6 Exhibit D to Fischer Declaration, # 7 Exhibit E to Fischer Declaration, # 8 Exhibit F to Fischer Declaration, # 9 Exhibit G to Fischer Declaration, # 10 Exhibit H to Fischer Declaration, # 11 Exhibit I to Fischer Declaration, # 12 Exhibit J to Fischer Declaration, # 13 Exhibit K to Fischer Declaration, # 14 Exhibit L to Fischer Declaration, # 15 Text of Proposed Order)(Armon, Orion) (Entered: 06/26/2014) |
| 06/27/2014 | 1619 | ORDER granting 1610 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike, LLC and Defendant Vobile Inc are dismissed with prejudice. The parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 06/27/14. (mll, ) (Entered: 06/28/2014) |
| 06/30/2014 | 1620 | SUR-REPLY to Reply to Response to Motion re 1583 MOTION to Dismiss *Shazam's Counterclaims [Dkt. No. 1397]*, 1582 MOTION to Dismiss *Shazam's Counterclaims*, 1472 MOTION to Dismiss *Shazam Entertainment Ltd.'s Counterclaims [Dkt. No. 1397] filed by Shazam Entertainment Ltd*. . (Jones, Michael) (Entered: 06/30/2014) |

| 06/30/2014 | 1621 | Agreed MOTION for Extension of Time to File Response/Reply as to 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Futronic Technology Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Lackey, Walter) (Entered: 06/30/2014) |
|---|---|---|
| 07/01/2014 | 1622 | ORDER granting 1621 Motion for Extension of Time to File Response. The new deadline is JULY 21, 2014. Signed by Magistrate Judge Caroline Craven on 7/1/14. (bas, ) (Entered: 07/01/2014) |
| 07/02/2014 | 1623 | ORDER denying 1148 Motion to Change Venue. Signed by Magistrate Judge Caroline Craven on 7/2/14. (bas, ) (Entered: 07/02/2014) |
| 07/02/2014 | 1624 | Unopposed MOTION for Extension of Time to File *Required Technology Tutorial* by Fulcrum Biometrics, LLC, Iritech, Inc., NEUROtechnology, iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 07/02/2014) |
| 07/07/2014 | 1625 | ORDER granting 1624 Motion for Extension of Time to File technology tutorial. Signed by Magistrate Judge Caroline Craven on 7/7/2014. (sm, ) (Entered: 07/07/2014) |
| 07/09/2014 | 1626 | NOTICE of Attorney Appearance by Willem G Schuurman on behalf of Cognitec Systems Corporation, Cognitec Systems GmbH (Schuurman, Willem) (Entered: 07/09/2014) |
| 07/10/2014 | 1627 | Defendants' Claim Construction and Prehearing Statement (filed on behalf of all Defendants) by Accedo Broadband AB, Accedo Broadband NA, Inc., Attributor Corporation, Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc., Harmonix Music Systems, Inc., Iritech, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., NEUROtechnology, Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc., iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Findlay, Eric) (Entered: 07/10/2014) |
| 07/11/2014 | 1628 | ORDER granting 1150 Motion to Change Venue. Plaintiff's claims against Defendant 3M Cogent Inc. are SEVERED from the lead case back into the original cause number, 6:12cv685, and the severed action is transferred to the Central District of California. Signed by Magistrate Judge Caroline Craven on 7/11/14. (bas, ) (Entered: 07/11/2014) |
| 07/11/2014 | 1629 | Agreed MOTION to Continue *TIME TO FILE PARTIES' JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 07/11/2014) |
| 07/11/2014 | 1630 | Claim Construction and Prehearing Statement by Audible Magic Corporation, Blue Spike, LLC, Brightcove, Inc., CBS Interactive, Inc., Civolution USA, Inc. (Consolidated Civil Action 6:12cv557), Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Facebook, Inc., Fulcrum Biometrics, LLC(Consolidated Civil Action 6:12cv610<br>Consolidated Civil Action |

| | | |
|---|---|---|
| | | 6:13cv45 <br>Consolidated Civil Action 6:13cv53<br>Consolidated Civil Action 6:13cv54<br>Consolidated Civil Action 6:13cv57), Futronic Technology Co., Ltd.(Consolidated Civil Action 6:13cv54), Irdeto B.V., Iritech, Inc., L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), Last.fm Ltd., Metacafe, Inc.(Consolidated Civil Action 6:12cv576), MorphoTrak, Inc. (Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680), Scott A. Moskowitz, SMRTV, Inc., Safran USA, Inc. (Consolidated Civil Action 6:13cv89), Shazam Entertainment Ltd., SpeechPro, Inc.(Consolidated Civil Action 6:13cv59), The Nielsen Company (US) LLC, Viggle, Inc.,, iPharro Media, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Garteiser, Randall) (Entered: 07/11/2014) |
| 07/14/2014 | 1631 | ORDER granting 1629 Motion for Extension of Time. Signed by Magistrate Judge Caroline Craven on 7/14/14. (bas, ) (Entered: 07/14/2014) |
| 07/14/2014 | 1632 | Joint MOTION for Extension of Time to File Response/Reply as to 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* by Blue Spike, LLC. (Attachments: # 1 Proposed Order)(Garteiser, Randall) (Entered: 07/14/2014) |
| 07/14/2014 | 1633 | Unopposed MOTION for Extension of Time to File *Response to Defendant Facebook's Motion to Dismiss [Dkt. No. 1618]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 07/14/2014) |
| 07/15/2014 | 1634 | ORDER granting 1632 Motion for Extension of Time to File Response/Reply as to 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions*. Responses due by 7/18/2014. Replies due by 7/28/2014. Signed by Magistrate Judge Caroline Craven on 7/14/15. (bas, ) (Entered: 07/15/2014) |
| 07/15/2014 | 1635 | ORDER granting 1633 Motion for Extension of Time to File. The new deadline is JULY 17, 2014. Signed by Magistrate Judge Caroline Craven on 7/15/14. (bas, ) (Entered: 07/15/2014) |
| 07/16/2014 | 1636 | NOTICE of Attorney Appearance by Weldon Barton Rankin on behalf of Iritech, Inc. (Rankin, Weldon) (Entered: 07/16/2014) |
| 07/16/2014 | 1637 | NOTICE of Attorney Appearance by Dong-Yoon Chae on behalf of Iritech, Inc. (Chae, Dong-Yoon) (Entered: 07/16/2014) |
| 07/17/2014 | 1638 | Unopposed MOTION for Extension of Time to File *Required Technology Tutorial* by Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Iritech, Inc., NEUROtechnology, iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/17/2014) |
| 07/17/2014 | 1639 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order) (Garteiser, Randall) (Entered: 07/17/2014) |

| | | |
|---|---|---|
| 07/17/2014 | 1640 | RESPONSE in Opposition re 1618 MOTION to Dismiss *Separate Claims or in the Alternative to Sever of Defendant Facebook, Inc. filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 07/17/2014) |
| 07/18/2014 | 1641 | ORDER granting 1638 Motion for Extension of Time to File technology tutorial. Signed by Magistrate Judge Caroline Craven on 7/18/2014. (sm, ) (Entered: 07/18/2014) |
| 07/18/2014 | 1642 | ORDER granting 1639 Motion for Extension of Time to File Response/Reply re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* Responses due by 7/23/2014. Signed by Magistrate Judge Caroline Craven on 7/18/2014. (sm, ) (Entered: 07/18/2014) |
| 07/21/2014 | 1643 | ***FILED IN ERROR. PLEASE IGNORE.***REPORT AND RECOMMENDATIONS re 1112 MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims* filed by Cognitec Systems GmbH, Cognitec Systems Corporation. Signed by Magistrate Judge Caroline Craven on 7/21/14. (bas, ) Modified on 7/22/2014 (bas, ). (Entered: 07/21/2014) |
| 07/21/2014 | 1644 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Futronic Technology Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 07/21/2014) |
| 07/22/2014 | 1645 | REPORT AND RECOMMENDATIONS re 1112 MOTION to Dismiss *Plaintiffs Indirect Infringement And Willful Infringement Claims* filed by Cognitec Systems GmbH, Cognitec Systems Corporation. Signed by Magistrate Judge Caroline Craven on 7/22/14. (bas, ) (Entered: 07/22/2014) |
| 07/22/2014 | 1646 | REPORT AND RECOMMENDATIONS re 941 MOTION to Dismiss *Defendant's Motion to Dismiss Plaintiff Blue Spike, LLC's First Amended Complaint For Indirect and Willful Patent Infringement For Failure to State a Claim On Which Relief Can Be Granted* filed by Entropic Communications, Inc.. Signed by Magistrate Judge Caroline Craven on 7/22/14. (bas, ) (Entered: 07/22/2014) |
| 07/22/2014 | 1647 | ORDER granting 1644 Motion for Extension of Time to File Response. The new deadline is AUGUST 4, 2014. Signed by Magistrate Judge Caroline Craven on 7/22/14. (bas, ) (Entered: 07/22/2014) |
| 07/23/2014 | 1648 | Opposed MOTION for Discovery *Extension of Nine (9) days, pursuant to Rule 33(b)(2) and Rule 36(a)(3) to Respond to Audible Magic's Discovery* by Blue Spike, Inc., Scott A. Moskowitz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Garteiser, Randall) (Entered: 07/23/2014) |
| 07/23/2014 | 1649 | ***FILED IN ERROR, PLEASE IGNORE***NOTICE by Scott A. Moskowitz re 1508 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 995])*, 995 MOTION to Dismiss *[Audible Magic's Counterclaims]* of filing Text of Proposed Order GRANTING both |

| | | |
|---|---|---|
| | | *Counterdefendant Moskowitz's motion to dismiss at Dkt. 1438, but also its supplement motion to dismiss that address later added Counterclaim 13 at Dkt 1438* (Garteiser, Randall) Modified on 7/24/2014 (sm, ). (Entered: 07/23/2014) |
| 07/23/2014 | 1650 | ***FILED IN ERROR, PLEASE IGNORE***NOTICE by Blue Spike, Inc. re 993 MOTION to Dismiss *[Audible Magic's Counterclaims]*, 1506 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 993]) of filing Text of Proposed Order GRANTING both Counterdefendant Blue Spike Inc.'s motion to dismiss at Dkt. 1438, but also its supplement motion to dismiss that address later added Counterclaim 13 at Dkt 1438* (Garteiser, Randall) Modified on 7/24/2014 (sm, ). (Entered: 07/23/2014) |
| 07/23/2014 | 1651 | ***FILED IN ERROR, PLEASE IGNORE***NOTICE by Blue Spike, LLC re 993 MOTION to Dismiss *[Audible Magic's Counterclaims]*, 1507 Supplemental MOTION to Dismiss *Audible Magic's Additional Counterclaims [Dkt. 1438]; (Original Motion to Dismiss Audible Magic's Counterclaims [Dkt. 994]) [Text of Proposed Order GRANTING both Counterdefendant Blue Spike LLC's motion to dismiss at Dkt. 994, but also its supplement motion to dismiss that address later added Counterclaim 13 at Dkt 1507]* (Garteiser, Randall) Modified on 7/24/2014 (sm, ). (Entered: 07/23/2014) |
| 07/23/2014 | 1652 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***RESPONSE in Opposition re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions [Opposition to Audible Magic's Motion to Compel] filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2)(Garteiser, Randall) Modified on 7/24/2014 (sm, ). (Entered: 07/23/2014) |
| 07/24/2014 | | ***FILED IN ERROR, PROPOSED ORDERS FILED AS A SEPARATE STAND ALONE ENTRY. Documents # 1649-1651, Notices. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 07/24/2014) |
| 07/24/2014 | | NOTICE of DEFICIENCY regarding the #1652 Response submitted by Blue Spike, LLC. Pleading contained No attorney signature or cerificate of service required by local rules. Correction should be made by 1 business day and refiled. (sm, ) (Entered: 07/24/2014) |
| 07/24/2014 | 1653 | ORDER expediting response to 1648 Opposed MOTION for Discovery *Extension of Nine (9) days, pursuant to Rule 33(b)(2) and Rule 36(a)(3) to Respond to Audible Magic's Discovery filed by Scott A. Moskowitz, Blue Spike, Inc.*. Signed by Magistrate Judge Caroline Craven on 7/24/14. (bas, ) (Entered: 07/24/2014) |
| 07/24/2014 | 1654 | RESPONSE in Opposition re 1648 Opposed MOTION for Discovery *Extension of Nine (9) days, pursuant to Rule 33(b)(2) and Rule 36(a)(3) to Respond to Audible Magic's Discovery filed by Audible Magic Corporation*. (Attachments: # 1 Text of Proposed Order, # 2 Caridis Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit |

| | | 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17)(Findlay, Eric) (Entered: 07/24/2014) |
|---|---|---|
| 07/24/2014 | 1655 | RESPONSE in Opposition re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions [Opposition to Audible Magic's Motion to Compel]* filed by Blue Spike, LLC . (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2)(Garteiser, Randall) (Entered: 07/24/2014) |
| 07/25/2014 | 1656 | REPORT AND RECOMMENDATIONS re 993 , 994 , 995 Motions to Dismiss; and 1506 , 1507 , and 1508 Supplemental Motions to Dismiss. Signed by Magistrate Judge Caroline Craven on 7/25/14. (bas, ) (Entered: 07/25/2014) |
| 07/28/2014 | 1657 | REPLY to Response to Motion re 1618 MOTION to Dismiss *Separate Claims or in the Alternative to Sever* filed by Facebook, Inc.. (Attachments: # 1 Affidavit of Orion Armon, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Armon, Orion) (Entered: 07/28/2014) |
| 07/30/2014 | 1658 | REPLY to Response to Motion re 1648 Opposed MOTION for Discovery *Extension of Nine (9) days, pursuant to Rule 33(b)(2) and Rule 36(a)(3) to Respond to Audible Magic's Discovery* filed by Blue Spike, LLC . (Attachments: # 1 Moskowitz Declaration, # 2 Brasher Declaration)(Garteiser, Randall) (Entered: 07/30/2014) |
| 07/30/2014 | 1659 | SUR-REPLY to Reply to Response to Motion re 1648 Opposed MOTION for Discovery *Extension of Nine (9) days, pursuant to Rule 33(b)(2) and Rule 36(a)(3) to Respond to Audible Magic's Discovery* filed by Audible Magic Corporation. (Findlay, Eric) (Entered: 07/30/2014) |
| 07/30/2014 | 1660 | REPLY to Response to Motion re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* filed by Audible Magic Corporation. (Attachments: # 1 Declaration of Higgins, # 2 Exhibit 18, # 3 Exhibit 19)(Findlay, Eric) (Entered: 07/30/2014) |
| 08/01/2014 | 1661 | NOTICE by 3M Cogent, Inc., ZK Technology LLC, ZKSoftware Biometric Identification Technology Co., Ltd. *Request for Termination of Electronic Notices* (Houston, Andrea) (Entered: 08/01/2014) |
| 08/01/2014 | 1662 | Joint MOTION for Extension of Time to File *Summary Judgment Motions On License-Related Defenses from August 7, 2014 to and including August 14, 2014* by Blue Spike, Inc., SMRTV, Inc., The Nielsen Company (US) LLC. (Attachments: # 1 Text of Proposed Order)(Lacy Kusters, David) (Entered: 08/01/2014) |
| 08/04/2014 | 1663 | RESPONSE to 1645 Report and Recommendations, *Objections to Magistrate Judge's Findings on Motion to Dismiss Plaintiff's Indirect Infringement and Willful Infringement Claims* filed by Cognitec Systems Corporation, Cognitec Systems GmbH. (Goetzel, Dwayne) (Entered: 08/04/2014) |
| 08/04/2014 | 1664 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Futronic Technology Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/04/2014) |

| 08/05/2014 | 1665 | NOTICE of Attorney Appearance by Anne Marie Champion on behalf of Shazam Entertainment Ltd. (Champion, Anne) (Entered: 08/05/2014) |
|---|---|---|
| 08/05/2014 | 1666 | ORDER granting 1662 Motion to Extend Deadline to File License-Related Motions for Summary Judgment. Signed by Magistrate Judge Caroline Craven on 8/5/14. (mrm, ) (Entered: 08/05/2014) |
| 08/05/2014 | 1667 | Unopposed MOTION to Extend the Current Deadline for Filing a Motion for Summary Judgment Regarding License Defenses by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 08/05/2014) |
| 08/05/2014 | 1668 | Opposed SEALED MOTION *For Leave to Amend Its Answer* by Clear Channel Broadcasting, Inc.. (Attachments: # 1 Declaration of Ryan K. Yagura, # 2 Exhibit A-UNDER SEAL, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I-UNDER SEAL, # 11 Exhibit J-UNDER SEAL, # 12 Exhibit K, # 13 Text of Proposed Order)(Yagura, Ryan) (Entered: 08/05/2014) |
| 08/06/2014 | 1669 | ORDER granting 1667 Motion extend deadline for summary judgment motion. Signed by Magistrate Judge Caroline Craven on 8/6/2014. (sm, ) (Entered: 08/06/2014) |
| 08/07/2014 | 1670 | Unopposed MOTION for Extension of Time to File *Summary Judgment Motions on License Defense* by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 08/07/2014) |
| 08/07/2014 | 1671 | NOTICE by ZK Technology LLC, ZKSoftware Biometric Identification Technology Co., Ltd. - *Request for Termination of Electronic Notices to Andrea M. Houston* (Houston, Andrea) (Entered: 08/07/2014) |
| 08/07/2014 | 1672 | Unopposed MOTION for Leave to File *Supplemental Joint Claim Construction and Prehearing Statement* by Accedo Broadband AB(Consolidated Civil Action 6:12cv576), Accedo Broadband NA, Inc.(Consolidated Civil Action 6:12cv576), Airborne Biometrics Group, Inc.(Consolidated Civil Action 6:13cv112), Attributor Corporation, Audible Magic Corporation(Consolidated Civil Action 6:12cv576), Boodabee Technologies Inc. (Consolidated Civil Action 6:12cv576), Brightcove, Inc. (Consolidated Civil Action 6:12cv576), CBS Corp, CBS Interactive, Inc., Civolution B.V., Civolution USA, Inc. (Consolidated Civil Action 6:12cv557), Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc.(Consolidated Civil Action 6:12cv576), Dailymotion S.A. (Consolidated Civil Action 6:12cv576), Dailymotion, Inc. (Consolidated Civil Action 6:12cv576), Entropic Communications, Inc., Facebook, Inc., Fulcrum Biometrics, LLC(Consolidated Civil Action 6:12cv610<br>Consolidated Civil Action 6:13cv45<br>Consolidated Civil Action 6:13cv53<br>Consolidated Civil Action 6:13cv54<br>Consolidated Civil Action 6:13cv57), Futronic Technology Co., Ltd.(Consolidated Civil Action 6:13cv54), GoMiso, Inc(Consolidated Civil Action 6:12cv576), Harmonix Music Systems, Inc., Infinisource, Inc., Irdeto B.V., Irdeto USA, Inc., Iritech, Inc., L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), Last.fm Ltd., Mediafire, LLC(Consolidated Civil Action 6:12cv576), Metacafe, Inc(Consolidated Civil Action 6:12cv576), |

MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680), MySpace, LLC (Consolidated Civil Action 6:12cv576), Myxer, Inc. (Consolidated Civil Action 6:12cv576), NEUROtechnology(Consolidated Civil Action 6:12cv610), Photobucket.com, Inc.(Consolidated Civil Action 6:12cv576 ), Precise Biometrics AB (Consolidated Civil Action 6:12cv694), Precise Biometrics, Inc. (Consolidated Civil Action 6:12cv694), Qlipso Media Networks Ltd. (Consolidated Civil Action 6:12cv576), Qlipso, Inc. (Consolidated Civil Action 6:12cv576), Qqest Software Solutions, Inc., SMRTV, Inc., Safran USA, Inc.(Consolidated Civil Action 6:13cv89), Shazam Entertainment Ltd., Soundcloud Ltd. (Consolidated Civil Action 6:12cv576), Soundcloud, Inc. (Consolidated Civil Action 6:12cv576), Specific Media, LLC(Consolidated Civil Action 6:12cv576), The Nielsen Company (US) LLC, Viggle, Inc.,, Vobile, Inc., WiOffer, LLC (Consolidated Civil Action 6:12cv570), Yap.tv, Inc. (Consolidated Civil Action 6:12cv576), Zedge Holdings, Inc. (Consolidated Civil Action 6:12cv576), iMesh, Inc. (Consolidated Civil Action 6:12cv576), iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order)(Johnson, Daniel) (Entered: 08/07/2014)

| 08/07/2014 | 1673 | NOTICE of Change of Address by Robert Ames Huntsman (Huntsman, Robert) (Entered: 08/07/2014) |
|---|---|---|
| 08/07/2014 | 1674 | SUPPLEMENTAL Claim Construction and Prehearing Statement by Accedo Broadband AB(Consolidated Civil Action 6:12cv576), Accedo Broadband NA, Inc.(Consolidated Civil Action 6:12cv576), Airborne Biometrics Group, Inc. (Consolidated Civil Action 6:13cv112), Attributor Corporation, Audible Magic Corporation(Consolidated Civil Action 6:12cv576), Blue Spike, Inc., Boodabee Technologies Inc., Brightcove, Inc. (Consolidated Civil Action 6:12cv576), CBS Interactive, Inc., Civolution B.V., Civolution USA, Inc. (Consolidated Civil Action 6:12cv557), Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc.(Consolidated Civil Action 6:12cv576), Dailymotion S.A. (Consolidated Civil Action 6:12cv576), Dailymotion, Inc. (Consolidated Civil Action 6:12cv576), Entropic Communications, Inc., Facebook, Inc., Fulcrum Biometrics, LLC(Consolidated Civil Action 6:12cv610) Consolidated Civil Action 6:13cv45 Consolidated Civil Action 6:13cv53 Consolidated Civil Action 6:13cv54 Consolidated Civil Action 6:13cv57), Futronic Technology Co., Ltd. (Consolidated Civil Action 6:13cv54), GoMiso, Inc(Consolidated Civil Action 6:12cv576), Harmonix Music Systems, Inc., Infinisource, Inc., Irdeto B.V., Irdeto USA, Inc., Iritech, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., Mediafire, LLC(Consolidated Civil Action 6:12cv576), Metacafe, Inc.(Consolidated Civil Action 6:12cv576), MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680), MySpace, LLC (Consolidated Civil Action 6:12cv576), Myxer, Inc. (Consolidated Civil Action 6:12cv576), NEUROtechnology(Consolidated Civil Action 6:12cv610), Photobucket.com, Inc., Qlipso Media Networks Ltd. (Consolidated Civil Action 6:12cv576), Qlipso, Inc. (Consolidated Civil Action 6:12cv576), Qqest Software Solutions, Inc., SMRTV, Inc., Safran USA, Inc.(Consolidated Civil Action 6:13cv89), Shazam Entertainment Ltd., Soundcloud Ltd. (Consolidated Civil |

| | | |
|---|---|---|
| | | Action 6:12cv576), Soundcloud, Inc. (Consolidated Civil Action 6:12cv576), Specific Media, LLC(Consolidated Civil Action 6:12cv576), The Nielsen Company (US) LLC, Viggle, Inc.,, WiOffer, LLC (Consolidated Civil Action 6:12cv570), Yap.tv, Inc. (Consolidated Civil Action 6:12cv576), Zedge Holdings, Inc. (Consolidated Civil Action 6:12cv576), iMesh, Inc. (Consolidated Civil Action 6:12cv576), iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Johnson, Daniel) Modified on 8/8/2014 (sm, ). (Entered: 08/07/2014) |
| 08/07/2014 | 1675 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***MOTION to Seal Document by Zvetco, LLC. (Huntsman, Robert) Modified on 8/8/2014 (sm, ). (Entered: 08/07/2014) |
| 08/07/2014 | 1676 | SEALED PATENT MOTION *TO Dismiss (License)* by Zvetco, LLC. (Attachments: # 1 Exhibit Zvetco's Review of Blue Spike/RPX license, # 2 Exhibit Blue Spike/RPX license, # 3 Exhibit Blue Spike/DigitalPersona license) (Huntsman, Robert) (Additional attachment(s) added on 8/11/2014: # 4 Text of Proposed Order) (sm, ). (Entered: 08/07/2014) |
| 08/07/2014 | 1677 | NOTICE by Zvetco, LLC re 1676 SEALED PATENT MOTION *TO Dismiss (License)*, 1675 MOTION to Seal Document - *Addendum -- Rule CV-7(A) Certificate* (Huntsman, Robert) (Entered: 08/07/2014) |
| 08/07/2014 | 1678 | SEALED PATENT MOTION *AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE* by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Declaration of Christopher Higgins, # 2 Exhibit A, # 3 Exhibit B, # 4 Errata C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Text of Proposed Order)(Findlay, Eric) (Entered: 08/07/2014) |
| 08/07/2014 | 1679 | SUR-REPLY to Reply to Response to Motion re 1618 MOTION to Dismiss *Separate Claims or in the Alternative to Sever filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 08/07/2014) |
| 08/08/2014 | | NOTICE of DEFICIENCY regarding the #1675 Motion to seal submitted by Zvetco, LLC. No certificate of conference was included and no proposed order was attached. This motion is now TERMINATED. (sm, ) (Entered: 08/08/2014) |
| 08/08/2014 | 1680 | Additional Attachments to Main Document (Cert of authority to seal): 1676 SEALED PATENT MOTION *TO Dismiss (License)*.. (Huntsman, Robert) (Entered: 08/08/2014) |
| 08/08/2014 | 1681 | ORDER granting 1670 Motion to Extend the Deadline for Summary Judgment Motions on License. Signed by Magistrate Judge Caroline Craven on 8/8/14. (mrm, ) (Entered: 08/08/2014) |

| 08/08/2014 | 1682 | ORDER granting 1672 Motion for Leave to File Supplemental Joint Claim Construction and Prehearing Statement. Signed by Magistrate Judge Caroline Craven on 8/8/14. (mrm, ) (Entered: 08/08/2014) |
|---|---|---|
| 08/11/2014 | 1683 | ORDER granting 1664 Motion for Extension of Time to File Response. The new deadline is AUGUST 18, 2014. Signed by Magistrate Judge Caroline Craven on 8/11/14. (bas, ) (Entered: 08/11/2014) |
| 08/11/2014 | 1684 | SUR-REPLY to Reply to Response to Motion re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 08/11/2014) |
| 08/13/2014 | 1685 | Opposed MOTION to Strike *Blue Spike's Infringement Contentions* by Clear Channel Broadcasting, Inc.. (Attachments: # 1 Declaration of Ryan K. Yagura, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Text of Proposed Order)(Yagura, Ryan) (Entered: 08/13/2014) |
| 08/13/2014 | 1686 | MEMORANDUM ORDER adopting 1646 Report and Recommendations, and granting in part and denying in part 941 Motion to Dismiss. Within fifteen days from the date of entry of this Order, Plaintiff shall amend with greater specificity its indirect infringement claims. Signed by Judge Michael H. Schneider on 08/13/14. (mll, ) (Entered: 08/14/2014) |
| 08/14/2014 | 1687 | SEALED MOTION *FOR SUMMARY JUDGMENT* by SMRTV, Inc., The Nielsen Company (US) LLC. (Attachments: # 1 Declaration of David Lacy Kusters, # 2 Exhibit 1 to Dec. of David Lacy Kusters, # 3 Exhibit 2 to Dec. of David Lacy Kusters, # 4 Exhibit 3 to Dec. of David Lacy Kusters, # 5 Exhibit 4 to Dec. of David Lacy Kusters, # 6 Exhibit 5 to Dec. of David Lacy Kusters, # 7 Exhibit 6 to Dec. of David Lacy Kusters, # 8 Exhibit 7 to Dec. of David Lacy Kusters, # 9 Exhibit 8 to Dec. of David Lacy Kusters, # 10 Exhibit 9 to Dec. of David Lacy Kusters, # 11 Exhibit 10 to Dec. of David Lacy Kusters, # 12 Exhibit 11 to Dec. of David Lacy Kusters, # 13 Exhibit 12 to Dec. of David Lacy Kusters, # 14 Exhibit 13 to Dec. of David Lacy Kusters, # 15 Declaration of Dale Brown, # 16 Exhibit A to Dec of Dale Brown, # 17 Exhibit B to Dec of Dale Brown, # 18 Declaration of Desmond Cussen, # 19 Declaration of Alan Moskowitz, # 20 Declaration of Paul M. Sarceni, # 21 Text of Proposed Order)(Lacy Kusters, David) (Entered: 08/14/2014) |
| 08/14/2014 | 1688 | SEALED MOTION *For Partial Summary Judgment Based on License* by Civolution B.V., Civolution USA, Inc.. (Attachments: # 1 Affidavit Declaration of Michael A. Molano, # 2 Exhibit 1 to Molano Decl., # 3 Affidavit Declaration of Bart Versteeg, # 4 Text of Proposed Order)(Molano, Michael) (Entered: 08/14/2014) |
| 08/14/2014 | 1689 | SEALED PATENT MOTION *for Summary Judgment Based on License Defense* by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order, # 2 McLean Declaration, # 3 Sigale Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3 Part 1, # 7 Exhibit 3 Part 2, # 8 Exhibit 3 Part 3, # 9 Exhibit 3 Part 4, # 10 Exhibit 3 Part 5, # 11 Exhibit 4)(Findlay, Eric) (Entered: 08/14/2014) |
| 08/15/2014 | 1690 | MEMORANDUM ORDER adopting 1656 Report and Recommendations, and denying 993 Motion to Dismiss; denying 994 Motion to Dismiss; denying 995 |

| | | Motion to Dismiss; denying 1506 Motion to Dismiss; denying 1507 Motion to Dismiss; denying 1508 Motion to Dismiss. Signed by Judge Michael H. Schneider on 08/15/14. (mll, ) (Entered: 08/16/2014) |
|---|---|---|
| 08/18/2014 | 1691 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Futronic Technology Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/18/2014) |
| 08/19/2014 | 1692 | ORDER granting 1691 Motion for Extension of Time to File Response. The new deadline is SEPTEMBER 1, 2014. Signed by Magistrate Judge Caroline Craven on 8/19/14. (bas, ) (Entered: 08/19/2014) |
| 08/21/2014 | 1693 | RESPONSE to 1663 Response to Non-Motion, *Plaintiff Blue Spike, LLC's Response to Defendant Cognitec's Objections to Judge Craven's Report and Recommendations filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 08/21/2014) |
| 08/21/2014 | 1694 | SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense* by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Declaration Of Anne M. Champion In Support of Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9 (Part1), # 12 Exhibit 9 (Part 2), # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18)(Hershkowitz, Benjamin) (Entered: 08/21/2014) |
| 08/22/2014 | 1695 | Joint MOTION to Dismiss by iPharro Media GmbH, iPharro Media, Inc. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/22/2014) |
| 08/22/2014 | 1696 | Joint MOTION to Dismiss by NEUROtechnology. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/22/2014) |
| 08/22/2014 | 1697 | Joint MOTION to Dismiss by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/22/2014) |
| 08/22/2014 | 1698 | CLAIM CONSTRUCTION BRIEF filed by Audible Magic Corporation. (Attachments: # 1 Higgins Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Findlay, Eric) (Entered: 08/22/2014) |
| 08/22/2014 | 1699 | NOTICE by Clear Channel Broadcasting, Inc. re 1332 Scheduling Order,, *(Notice of Compliance)* (Yagura, Ryan) (Entered: 08/22/2014) |
| 08/22/2014 | 1700 | CLAIM CONSTRUCTION BRIEF filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 08/23/2014) |
| 08/23/2014 | 1701 | Additional Attachments to Main Document: 1700 Claim Construction Brief.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Garteiser, Randall) (Entered: 08/23/2014) |
| 08/25/2014 | 1702 | NOTICE by 3M Cogent, Inc. *Defendant 3M Cogent, Inc.'s Request For Termination of Electronic Notices* (Kramer, Robert) (Entered: 08/25/2014) |

| | | |
|---|---|---|
| 08/25/2014 | 1703 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1678 SEALED PATENT MOTION *AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order) (Garteiser, Randall) (Entered: 08/25/2014) |
| 08/25/2014 | 1704 | **FILED IN ERROR. SEE DOCUMENT 1706 FOR CORRECT PLEADING**<br>Unopposed MOTION for Extension of Time to File Response/Reply as to 1676 SEALED PATENT MOTION *TO Dismiss (License)* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) Modified on 8/26/2014 (mll, ). (Entered: 08/25/2014) |
| 08/25/2014 | 1705 | ***WITHDRAWN PER ORDER #1748***MOTION for Leave to File Excess Pages *for Defendants' Responsive Claim Construction Brief (filed On Behalf of All Defendants)* by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) Modified on 9/8/2014 (sm, ). (Entered: 08/25/2014) |
| 08/26/2014 | 1706 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1676 SEALED PATENT MOTION *TO Dismiss (License)* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/26/2014) |
| 08/26/2014 | 1707 | ORDER granting 1695 Motion to Dismiss. All claims and counter claims between Plaintiff Blue Spike, LLC and Defendants iPharro Media, Inc. and iPharro Media GMBH are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 08/26/14. (mll, ) (Entered: 08/26/2014) |
| 08/26/2014 | 1708 | ORDER granting 1696 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Neurotechnology are hereby DISMISSED without prejudice. Parties shall bear their own atty's fees, expenses and costs. Signed by Judge Michael H. Schneider on 08/26/14. (mll, ) (Entered: 08/26/2014) |
| 08/26/2014 | 1709 | ORDER granting 1697 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Fulcrum Biometrics LLC are DISMISSED without prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 08/26/14. (mll, ) (Entered: 08/26/2014) |
| 08/27/2014 | 1710 | ORDER granting 1703 Motion for Extension of Time to File Response. The new deadline is SEPTEMBER 2, 2014. Signed by Magistrate Judge Caroline Craven on 8/27/14. (bas, ) (Entered: 08/27/2014) |
| 08/27/2014 | 1711 | ORDER granting 1706 Motion for Extension of Time to File Response. The new deadline is SEPTEMBER 8, 2014. Signed by Magistrate Judge Caroline Craven on 8/27/14. (bas, ) (Entered: 08/27/2014) |
| 08/27/2014 | 1712 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1689 SEALED PATENT MOTION *for Summary Judgment Based on License Defense* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/27/2014) |
| 08/27/2014 | 1713 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1668 Opposed SEALED MOTION *For Leave to Amend Its Answer* by Blue Spike, |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/27/2014) |
| 08/27/2014 | 1714 | RESPONSE in Opposition re 1668 Opposed SEALED MOTION *For Leave to Amend Its Answer filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 08/27/2014) |
| 08/28/2014 | 1715 | ORDER granting 1712 Motion for Extension of Time to File Response. Signed by Magistrate Judge Caroline Craven on 8/28/14. (bas, ) (Entered: 08/28/2014) |
| 08/28/2014 | 1716 | ORDER granting 1713 Motion for Extension of Time to File Response. Signed by Magistrate Judge Caroline Craven on 8/28/14. (bas, ) (Entered: 08/28/2014) |
| 08/29/2014 | 1717 | NOTICE by Shazam Entertainment Ltd. *Notice of Compliance re Preliminary Election of Prior Art* (Champion, Anne) (Entered: 08/29/2014) |
| 08/29/2014 | 1718 | AMENDED COMPLAINT *[Second Amended Complaint against Entropic Communications, Inc.]* against Entropic Communications, Inc., filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Garteiser, Randall) (Entered: 08/29/2014) |
| 09/02/2014 | 1719 | ORDER adopting 1645 Report and Recommendations of the US Magistrate Judge, and denying 1112 Motion to Dismiss. Signed by Judge Michael H. Schneider on 09/02/14. (mll, ) (Entered: 09/02/2014) |
| 09/02/2014 | 1720 | Unopposed MOTION to Withdraw 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/02/2014) |
| 09/02/2014 | 1721 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1687 SEALED MOTION *FOR SUMMARY JUDGMENT* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/02/2014) |
| 09/02/2014 | 1722 | ***DOCUMENT FILED IN ERROR. PLEASE DISREGARD.*** STIPULATION of Dismissal *Related to Original Case No. 6:13-cv-57* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) Modified on 9/2/2014 (mjc, ). (Entered: 09/02/2014) |
| 09/02/2014 | 1723 | ***DOCUMENT FILED IN ERROR. PLEASE DISREGARD.*** STIPULATION of Dismissal *Related to Original Case No. 6:13-cv-53* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) Modified on 9/2/2014 (mjc, ). (Entered: 09/02/2014) |
| 09/02/2014 | 1724 | STIPULATION of Dismissal *Related to Original Case No. 6:13-cv-45* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/02/2014) |
| 09/02/2014 | 1725 | STIPULATION of Dismissal *Relating to Original Case No. 6:13-cv-57* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/02/2014) |
| 09/02/2014 | 1726 | STIPULATION of Dismissal *Relating to Original Case No. 6:13-cv-53* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, |

| | | Eric) (Entered: 09/02/2014) |
|---|---|---|
| 09/02/2014 | | ***FILED IN ERROR. Documents # 1722 Stipulation of Dismissal, 1723 Stipulation of Dismissal. PLEASE IGNORE. CORRECTED DOCUMENTS REFILED BY ATTY.***<br>(mjc, ) (Entered: 09/02/2014) |
| 09/02/2014 | 1727 | Joint MOTION for Extension of Time to File Response/Reply as to 1685 Opposed MOTION to Strike *Blue Spike's Infringement Contentions*, 1668 Opposed SEALED MOTION *For Leave to Amend Its Answer* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/02/2014) |
| 09/02/2014 | 1728 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1688 SEALED MOTION *For Partial Summary Judgment Based on License* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/02/2014) |
| 09/02/2014 | 1729 | ***FILED IN ERROR, PLEASE IGNORE***SEALED REPLY to Response to Motion re 1678 SEALED PATENT MOTION *AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE* filed by Blue Spike, LLC. (Attachments: # 1 Exh. A, # 2 Exh. B, # 3 Exh. C, # 4 Exh. D, # 5 Exh. E, # 6 Exh. F, # 7 Text of Proposed Order, # 8 Anderson Declaration, # 9 Exhibit 1 to Anderson Declaration, # 10 Moskowitz Declaration, # 11 Exhibit 1 to Moskowitz Declaration, # 12 Exhibit 2 to Moskowitz Declaration, # 13 Exhibit 3 to Moskowitz Declaration, # 14 Exhibit 4 Moskowitz Declaration, # 15 Exhibit 5 Moskowitz Declaration)(Garteiser, Randall) Modified on 9/3/2014 (sm, ). (Entered: 09/03/2014) |
| 09/03/2014 | | ***FILED IN ERROR, MAIN DOCUMENT DOES NOT MATCH THE EVENT USED, ATTY MUST REFILE. Document # 1729, Sealed Reply. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 09/03/2014) |
| 09/03/2014 | 1730 | SEALED RESPONSE to Motion re 1678 SEALED PATENT MOTION *AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE* filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order, # 8 Anderson Declaration, # 9 Exhibit 1 to Anderson Declaration, # 10 Moskowitz Declaration, # 11 Exhibit 1 to Moskowitz Declaration, # 12 Exhibit 2 to Moskowitz Declaration, # 13 Exhibit 3 to Moskowitz Declaration, # 14 Exhibit 4 Moskowitz Declaration, # 15 Exhibit 5 Moskowitz Declaration)(Garteiser, Randall) (Entered: 09/03/2014) |
| 09/03/2014 | 1731 | ORDER granting 1720 Motion to Withdraw 1608 MOTION to Compel *Inspection of Defendant Futronic Technology Co. Ltd.'s Source Code*. Signed by Magistrate Judge Caroline Craven on 9/3/14. (bas, ) (Entered: 09/03/2014) |
| 09/03/2014 | 1732 | ORDER granting 1721 Motion for Extension of Time to File Response to 1687 Motion for Summary Judgment. The new deadline is SEPTEMBER 15, 2014. |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge Caroline Craven on 9/3/14. (bas, ) (Entered: 09/03/2014) |
| 09/03/2014 | 1733 | ORDER granting 1727 Joint Motion for Extension of Time to File Response. Blue Spike shall have until SEPTEMBER 16, 2014 to respond to 1685 and Clear Channel shall have until SEPTEMBER 22, 2014 to file its reply to its motion 1668 . Signed by Magistrate Judge Caroline Craven on 9/3/14. (bas, ) (Entered: 09/03/2014) |
| 09/03/2014 | 1734 | ORDER granting 1728 Motion for Extension of Time to File Response. The new deadline is SEPTEMBER 15, 2014. Signed by Magistrate Judge Caroline Craven on 9/3/14. (bas, ) (Entered: 09/03/2014) |
| 09/04/2014 | 1735 | Additional Attachments to Main Document (Certificate of authority to seal): 1730 Sealed Response to Motion,,... (Garteiser, Randall) (Entered: 09/04/2014) |
| 09/04/2014 | 1736 | ORDER granting 1648 Motion for Discovery. Signed by Magistrate Judge Caroline Craven on 9/4/2014. (sm, ) (Entered: 09/04/2014) |
| 09/04/2014 | 1737 | ORDER granting 1724 Stipulation of Dismissal filed by Fulcrum Biometrics, LLC. All claims between Plaintiff Blue Spike, LLC and Defendant Fulcrum Biometrics, LLC (Consolidated Civil Action 6:13cv45) are dismissed without prejudice. The parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/04/14. (mll, ) Modified on 9/5/2014 (mll, ). (Entered: 09/05/2014) |
| 09/04/2014 | 1738 | ORDER granting 1725 Stipulation of Dismissal filed by Fulcrum Biometrics, LLC. All claims between Plaintiff Blue Spike, LLC and Defendant Fulcrum Biometrics LLC (Consolidated Civil Action 6:13-cv-57) are dismissed without prejudice. The parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/04/14. (mll, ) (Entered: 09/05/2014) |
| 09/04/2014 | 1739 | ORDER granting 1726 Stipulation of Dismissal filed by Fulcrum Biometrics, LLC. All claims between Plaintiff Blue Spike, LLC and Defendant Fulcrum Biometrics LLC (Consolidated Civil Action 6:13-cv-53)are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/04/14. (mll, ) (Entered: 09/05/2014) |
| 09/05/2014 | 1740 | Unopposed MOTION for Hearing re 1617 MOTION to Compel *the Production of Documents by Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz and Responses to Interrogatories and Motion for Sanctions* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/05/2014) |
| 09/05/2014 | 1741 | Unopposed MOTION to Withdraw 1705 Opposed MOTION for Leave to File Excess Pages *for Defendants' Responsive Claim Construction Brief (filed On Behalf of All Defendants)* by Viggle, Inc.,.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 09/05/2014) |
| 09/05/2014 | 1742 | ANSWER to 1438 Answer to Amended Complaint, Counterclaim *of Audible Magic Corp.* by Blue Spike, LLC.(Garteiser, Randall) (Entered: 09/05/2014) |
| 09/05/2014 | 1743 | Unopposed MOTION for Leave to File Excess Pages *for Claim Construction Briefing (filed on behalf of Defendants)* by Viggle, Inc.,.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric)(Entered: 09/05/2014) |

| 09/05/2014 | 1744 | ***FILED IN ERROR, PLEASE IGNORE***Additional Attachments to Main Document: 1742 Answer to Counterclaim.. (Garteiser, Randall) Modified on 9/8/2014 (sm, ). (Entered: 09/05/2014) |
|---|---|---|
| 09/05/2014 | 1745 | ***FILED IN ERROR, PLEASE IGNORE***Additional Attachments to Main Document: 1742 Answer to Counterclaim.. (Garteiser, Randall) Modified on 9/8/2014 (sm, ). (Entered: 09/05/2014) |
| 09/08/2014 | | ***FILED IN ERROR, PLEADING DOES NOT MATCH EVENT USED WHEN FILING. Documents # 1744 and #1745, Additional attachment to main document. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 09/08/2014) |
| 09/08/2014 | 1746 | RESPONSE to 1438 Answer to Amended Complaint, Counterclaim *of Audible Magic* by Blue Spike, Inc.. (Garteiser, Randall) (Entered: 09/08/2014) |
| 09/08/2014 | 1747 | RESPONSE to 1438 Answer to Amended Complaint, Counterclaim *of Audible Magic* by Scott A. Moskowitz. (Garteiser, Randall) (Entered: 09/08/2014) |
| 09/08/2014 | 1748 | ORDER withdrawing 1705 Motion for Leave to File Excess Pages; granting 1741 Motion to Withdraw 1705 Opposed Motion. Signed by Magistrate Judge Caroline Craven on 9/15/2014. (sm, ) (Entered: 09/08/2014) |
| 09/08/2014 | 1749 | ORDER granting 1743 Motion for Leave to File Excess Pages for claim construction briefing. Signed by Magistrate Judge Caroline Craven on 9/8/2014. (sm, ) (Entered: 09/08/2014) |
| 09/08/2014 | 1750 | SEALED RESPONSE to Motion re 1676 SEALED PATENT MOTION *TO Dismiss (License)* filed by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/08/2014) |
| 09/09/2014 | 1751 | DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF filed by Accedo Broadband AB, Accedo Broadband NA, Inc., Attributor Corporation, Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Civolution B.V., Civolution USA, Inc., Clear Channel Broadcasting, Inc., Cognitec Systems Corporation, Cognitec Systems GmbH, Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., Infinisource, Inc., Irdeto B.V., Irdeto USA, Inc., Iritech, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Qqest Software Solutions, Inc., SMRTV, Inc., Safran USA, Inc., Shazam Entertainment Ltd., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, The Nielsen Company (US) LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Declaration of Christopher Higgins, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Findlay, Eric) (Entered: 09/09/2014) |
| 09/09/2014 | 1752 | MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion,* |

| | | |
|---|---|---|
| | | *Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Networks, Ltd., Yap.tv, Inc., GoMiso, Inc., iMesh, Inc., Metacafe, Inc., Boodabee Technologies, Inc., Zedge Holdings, Inc., Brightcove Inc., Coincident.TV, Inc., Accedo Broadband North America, Inc., Accedo Broadband AB, MediaFire, LLC, WiOffer LLC, Harmonix Music Systems, Inc., CBS Interactive Inc., Last.fm Ltd., Irdeto USA, Inc., Irdeto B.V., Shazam Entertainment Limited, Cognitec Systems Gmbh and Cognitec Systems Corp., MorphoTrust USA, Inc., L-1 Identity Solutions, Inc., MorphoTrak, Inc., and Safran USA, Inc., Iritech, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Viggle Inc., Airborne Biometrics Group, Inc., and Entropic Communications, Inc.* by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Champion Declaration, # 3 Exhibit Champion Exh 1, # 4 Affidavit Bowyer Declaration, # 5 Exhibit Bowyer Exh A, # 6 Affidavit Snell Declaration, # 7 Exhibit Snell Exh A, # 8 Affidavit Turk Declaration, # 9 Exhibit Turk Exh A, # 10 Exhibit Turk Exh B, # 11 Exhibit Turk Exh C, # 12 Exhibit Turk Exh D, # 13 Exhibit Turk Exh E)(Hershkowitz, Benjamin) (Entered: 09/09/2014) |
| 09/09/2014 | 1753 | SEALED PATENT RESPONSE by Blue Spike, LLC to 1698 Claim Construction Brief *filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Garteiser, Randall) (Entered: 09/09/2014) |
| 09/10/2014 | 1754 | ORDER granting in part and denying in part 1617 Motion to Compel; denying 1740 Motion for Hearing. Signed by Magistrate Judge Caroline Craven on 9/10/14. (bas, ) (Entered: 09/10/2014) |
| 09/11/2014 | 1755 | NOTICE of Attorney Appearance - Pro Hac Vice by Dion M Bregman on behalf of L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680), Safran USA, Inc.(Consolidated Civil Action 6:13cv89). Filing fee $ 100, receipt number 0540-4830289. (Bregman, Dion) (Entered: 09/11/2014) |
| 09/11/2014 | 1756 | MOTION to Strike 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net [Plaintiff's Motion to Strike the Expert Declarations of John Snell and Professor Matthew Turk and all reliance upon those Declarations]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Garteiser Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Garteiser, Randall) (Entered: 09/11/2014) |
| 09/12/2014 | 1757 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/12/2014) |
| 09/12/2014 | 1758 | MOTION to Expedite *Briefing on Plaintiff's Motion to Strike the Expert Declarations of John Snell and Professor Matthew Turk [Dkt. 1756]* by Blue |

| | | |
|---|---|---|
| | | Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/12/2014) |
| 09/12/2014 | 1759 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/12/2014) |
| 09/12/2014 | 1760 | NOTICE of Attorney Appearance by Clement Naples on behalf of Infinisource, Inc., Qqest Software Solutions, Inc. (Naples, Clement) (Entered: 09/12/2014) |
| 09/12/2014 | 1761 | NOTICE of Attorney Appearance - Pro Hac Vice by Lindsey M Shinn on behalf of L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680), Safran USA, Inc.(Consolidated Civil Action 6:13cv89). Filing fee $ 100, receipt number 0540-4833719. (Shinn, Lindsey) (Entered: 09/12/2014) |
| 09/12/2014 | 1762 | NOTICE of Attorney Appearance - Pro Hac Vice by Corey R Houmand on behalf of L-1 Identity Solutions, Inc.(Consolidated Civil Action 6:12cv680), MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680), Safran USA, Inc.(Consolidated Civil Action 6:13cv89). Filing fee $ 100, receipt number 0540-4833732. (Houmand, Corey) (Entered: 09/12/2014) |
| 09/12/2014 | 1763 | SEALED RESPONSE to Motion re 1689 SEALED PATENT MOTION *for Summary Judgment Based on License Defense* filed by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Anderson Declaration, # 7 Exhibit 1 to Anderson Declaration, # 8 Moskowitz Declaration, # 9 Exhibit 1 to Moskowitz Declaration, # 10 Exhibit 2 to Moskowitz Declaration, # 11 Exhibit 3 to Moskowitz Declaration, # 12 Exhibit 4 to Moskowitz Declaration, # 13 Exhibit 5 to Moskowitz Declaration)(Garteiser, Randall) (Entered: 09/12/2014) |
| 09/15/2014 | 1764 | ORDER granting 1757 Motion for Extension of Time to File Response. Signed by Magistrate Judge Caroline Craven on 9/15/14. (bas, ) (Entered: 09/15/2014) |
| 09/15/2014 | 1765 | ORDER granting 1759 Motion for Extension of Time to File Response. The new deadline is SEPTEMBER 29, 2014. Signed by Magistrate Judge Caroline Craven on 9/15/14. (bas, ) (Entered: 09/15/2014) |
| 09/15/2014 | 1766 | NOTICE by Vobile, Inc. *Request for Termination of Electronic Notices* (Stubbs, Samuel) (Entered: 09/15/2014) |
| 09/15/2014 | 1767 | NOTICE by Vobile, Inc. *Request for Termination of Electronic Notices* (Stubbs, Samuel) (Entered: 09/15/2014) |
| 09/15/2014 | 1768 | SEALED PATENT REPLY to Response to PATENT Motion re 1678 SEALED PATENT MOTION *AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE* filed by Accedo Broadband AB, Accedo Broadband NA, Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc.,* |

| | | |
|---|---|---|
| | | *Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.* . (Findlay, Eric) (Entered: 09/15/2014) |
| 09/15/2014 | 1769 | RESPONSE in Opposition re 1756 MOTION to Strike 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Ql filed by Shazam Entertainment Ltd.* . (Attachments: # *1* Text of Proposed Order, # *2* Affidavit Declaration of Orion Armon, # *3* Affidavit Declaration of Janna K. Fischer, # *4* Exhibit Fischer Ex. A, # *5* Exhibit Fischer Ex. B, # *6* Exhibit Fischer Ex. C, # *7* Exhibit Fischer Ex. D, # *8* Affidavit Declaration of Walter W. Lackey, Jr., # *9* Exhibit Lackey Ex. 1, # *10* Affidavit Declaration of Lindsey M. Shinn, # *11* Exhibit Shinn Ex. A, # *12* Affidavit Declaration of Rita E. Tautkus, # *13* Exhibit Tautkus Ex. A)(Champion, Anne) (Entered: 09/15/2014)* |
| 09/15/2014 | 1770 | SEALED RESPONSE to Motion re 1687 SEALED MOTION *FOR SUMMARY JUDGMENT* filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order, # 5 Moskowitz Declaration, # 6 Exhibit 1 to Moskowitz Declaration, # 7 Exhibit 2 to Moskowitz Declaration, # 8 Exhibit 3 to Moskowitz Declaration, # 9 Exhibit 4 to Moskowtitz Declaration, # 10 Exhibit 5 to Moskowitz Declaration)(Garteiser, Randall) (Entered: 09/15/2014) |
| 09/15/2014 | 1771 | SEALED RESPONSE to Motion re 1688 SEALED MOTION *For Partial Summary Judgment Based on License* filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order, # 5 Moskowitz Declaration, # 6 Exhibit 1 to Moskowitz Declaration, # 7 Exhibit 2 to Moskowitz Declaration, # 8 Exhibit 3 to Moskowitz Declaration, # 9 Exhibit 4 to Moskowtitz Declaration, # 10 Exhibit 5 to Moskowitz Declaration)(Garteiser, Randall) (Entered: 09/15/2014) |
| 09/16/2014 | 1772 | REPLY to Response to Motion re 1756 MOTION to Strike 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Ql filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 09/16/2014) |
| 09/16/2014 | 1773 | ORDER granting 1758 Motion to Expedite Briefings re Motion to Strike. Signed by Magistrate Judge Caroline Craven on 9/16/2014. (sm, ) (Entered: 09/16/2014) |
| 09/16/2014 | | NOTICE of RESETTING OF Hearing:Markman Hearing REset (TIME CHANGE ONLY) for 10/1/2014 10:00 AM in Tyler Courthouse (Judge Steger's Courtroom) before Magistrate Judge Caroline Craven. Each side is limited to 1.5 hours for claim construction argument.(lfs, ) (Entered: 09/16/2014) |
| 09/16/2014 | 1774 | REPLY to 1698 Claim Construction Brief *filed by Audible Magic Corporation*. (Attachments: # 1 Exhibit E)(Findlay, Eric) (Entered: 09/16/2014) |
| 09/16/2014 | 1775 | Joint MOTION for Extension of Time to File Response/Reply as to 1685 Opposed MOTION to Strike *Blue Spike's Infringement Contentions*, 1668 Opposed SEALED MOTION *For Leave to Amend Its Answer* by Blue Spike, |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/16/2014) |
| 09/16/2014 | 1776 | REPLY to 1751 Claim Construction Brief,,,,, *filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 7, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12, # 7 Exhibit 13)(Garteiser, Randall) (Entered: 09/17/2014) |
| 09/17/2014 | 1777 | ORDER granting 1775 Motion for Extension of Time to File Response/Reply re 1685 Opposed MOTION to Strike *Blue Spike's Infringement Contentions* Responses due by 9/30/2014. Signed by Magistrate Judge Caroline Craven on 9/17/2014. (sm, ) (Entered: 09/17/2014) |
| 09/17/2014 | 1778 | Additional Attachments to Main Document (Exhibit 6): 1776 Reply to Claim Construction Brief.. (Garteiser, Randall) (Entered: 09/17/2014) |
| 09/17/2014 | 1779 | NOTICE by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Entropic Communications, Inc., Facebook, Inc., Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., Iritech, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Safran USA, Inc., Shazam Entertainment Ltd., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. re 1756 MOTION to Strike 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Ql of Complete Briefing (Findlay, Eric) (Entered: 09/17/2014)* |
| 09/18/2014 | 1780 | ORDER denying 1756 Motion to Strike expert declarations. Signed by Magistrate Judge Caroline Craven on 9/18/2014. (sm, ) (Entered: 09/18/2014) |
| 09/18/2014 | 1781 | NOTICE by SMRTV, Inc., The Nielsen Company (US) LLC re 1753 Sealed Patent Response to Non-Motion, 1735 Additional Attachments to Main Document, 1730 Sealed Response to Motion,, 1750 Sealed Response to Motion, 1763 Sealed Response to Motion,, *OF PLAINTIFF'S NONCOMPLIANCE WITH SERVICE OBLIGATIONS* (Lacy Kusters, David) (Entered: 09/18/2014) |
| 09/18/2014 | 1782 | Sealed Document Notice of Audible Magic's Fees and Costs in Connection with Blue Spike's Motion for an Extension. (Attachments: # 1 Declaration of Gabriel Ramsey, # 2 Exhibit A, # 3 Exhibit B)(Findlay, Eric) (Entered: 09/18/2014) |
| 09/18/2014 | 1783 | ANSWER to 1718 Amended Complaint *Second Amended Complaint*, COUNTERCLAIM against Blue Spike, LLC by Entropic Communications, Inc.. (Carothers, Jo) (Entered: 09/18/2014) |
| 09/18/2014 | 1784 | REPLY to Response to Motion re 1676 SEALED PATENT MOTION *TO Dismiss (License) filed by Zvetco, LLC*. (Huntsman, Robert) (Entered: 09/18/2014) |
| 09/19/2014 | 1785 | RESPONSE in Opposition re 1752 MOTION for Summary Judgment *Defendants* |

| | | |
|---|---|---|
| | | *Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net filed by Blue Spike, LLC . (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Tewfik Declaration, # 11 Exhibit A to Tewfik Declaration, # 12 Exhibit B to Tewfik Declaration, # 13 Exhibit C to Tewfik Declaration)(Garteiser, Randall) (Entered: 09/20/2014)* |
| 09/22/2014 | 1786 | ORDER regarding claim construction hearing set on 10/1/14 @ 10:00 am. Signed by Magistrate Judge Caroline Craven on 9/22/14. (bas, ) (Entered: 09/22/2014) |
| 09/22/2014 | 1787 | AMENDED ORDER regarding claim construction hearing set on 10/1/14. Signed by Magistrate Judge Caroline Craven on 9/22/14. (bas, ) (Entered: 09/22/2014) |
| 09/22/2014 | 1788 | Joint MOTION for Extension of Time to File *Joint Claim Construction Chart 4-5(d) (Filed on Behalf of All Parties)* by Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., Iritech, Inc.. (Attachments: # 1 Text of Proposed Order) (Findlay, Eric) (Entered: 09/22/2014) |
| 09/22/2014 | 1789 | JOINT CLAIM CONSTRUCTION CHART PURSUANT TO P.R. 4-5(d) filed by Audible Magic Corporation. (Findlay, Eric). (Entered: 09/22/2014) |
| 09/22/2014 | 1790 | SEALED PATENT REPLY to Response to PATENT Motion re 1689 SEALED PATENT MOTION *for Summary Judgment Based on License Defense filed by Viggle, Inc.,* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit 1, # 4 Exhibit 2)(Findlay, Eric) (Entered: 09/22/2014) |
| 09/22/2014 | 1791 | Claim Construction Chart by Blue Spike, LLC. (Attachments: # 1 Pages 16-26 of Blue Spike's Patents-in-Suit Claim Construction Chart)(Garteiser, Randall) (Entered: 09/23/2014) |
| 09/23/2014 | 1792 | ORDER granting 1788 Motion to Extend the Deadline to Submit a Joint Claim Construction Chart. Signed by Magistrate Judge Caroline Craven on 9/23/14. (bas, ) (Entered: 09/23/2014) |
| 09/23/2014 | 1793 | Joint MOTION to Dismiss *Infinisource, Inc. and Qqest Software Systems, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/23/2014) |
| 09/23/2014 | 1794 | Joint MOTION to Dismiss *Blue Spike, LLC, Blue Spike, Inc., and Scott Moskowitz' Third and Thirteenth Affirmative Defense [Dkt. Nos. 1742, 1746, and 1747]* by Blue Spike, Inc., Blue Spike, LLC, Scott A. Moskowitz. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/23/2014) |
| 09/24/2014 | 1795 | ORDER granting 1793 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendants Infinisource, Inc. and Qqest Software Systems, Inc. (initially named in case as Qqest Software Solutions, Inc) are DISMISSED with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/24/14. (mll, ) (Entered: 09/25/2014) |
| 09/24/2014 | 1796 | ORDER granting 1794 Motion to Dismiss. Blue Spike's Third (Invalidity) and Thirteenth (Unenforceability for Inequitable Conduct) Affirmative Defenses |

| | | |
|---|---|---|
| | | against Audible Magic Corp are hereby DISMISSED without prejudice. Signed by Judge Michael H. Schneider on 09/24/14. (mll, ) (Entered: 09/25/2014) |
| 09/25/2014 | 1797 | Joint MOTION to Dismiss *Iritech, Inc*. by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/25/2014) |
| 09/25/2014 | 1798 | Agreed MOTION to Dismiss *Zvetco LLC without prejudice* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/25/2014) |
| 09/25/2014 | | AMENDED NOTICE of Hearing:Markman Hearing set for 10/1/2014 10:00 AM in Ctrm 102 (Tyler) before Magistrate Judge Caroline Craven. HEARING WILL BE HELD IN JUDGE SCHNEIDER'S COURTROOM.(lfs, ) (Entered: 09/25/2014) |
| 09/25/2014 | 1799 | SEALED REPLY to Response to Motion re 1688 SEALED MOTION *For Partial Summary Judgment Based on License* filed by Civolution B.V., Civolution USA, Inc.. (Molano, Michael) (Entered: 09/25/2014) |
| 09/25/2014 | 1800 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1770 Sealed Response to Motion, by SMRTV, Inc., The Nielsen Company (US) LLC. (Attachments: # 1 Text of Proposed Order)(Lacy Kusters, David) (Entered: 09/25/2014) |
| 09/25/2014 | 1801 | SEALED PATENT SURREPLY to Reply to PATENT Motion re 1678 SEALED PATENT MOTION AUDIBLE MAGIC CORPORATIONS AND ITS CUSTOMERS MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON LICENSE filed by AUDIBLE MAGIC, CORP. AND ITS CUSTOMERS. (Garteiser, Randall) (Entered: 09/25/2014) |
| 09/26/2014 | 1802 | ORDER granting 1800 Motion for Extension of Time to File Reply. The new deadline is SEPTEMBER 29, 2014. Signed by Magistrate Judge Caroline Craven on 9/26/14. (bas, ) (Entered: 09/26/2014) |
| 09/26/2014 | 1803 | REPLY to Response to Motion re 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net filed by Shazam Entertainment Ltd.. . (Attachments: # 1 Affidavit Declaration of Christopher Higgins In Support of Defendants' Reply Brief for Summary Judgment of Indefiniteness, # 2 Exhibit Higgins Ex. 1, # 3 Exhibit Higgins Ex. 2) (Champion, Anne) (Entered: 09/26/2014)* |
| 09/29/2014 | 1804 | NOTICE of Attorney Appearance by Roger Brian Craft on behalf of Accedo Broadband AB, Accedo Broadband NA, Inc., Attributor Corporation, Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., Fulcrum Biometrics, LLC, Futronic Technology Co., Ltd., GoMiso, Inc, Harmonix Music Systems, Inc., Iritech, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc. (Consolidated Civil Action 6:12cv576), Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc. (Craft, Roger) (Entered: 09/29/2014) |

| 09/29/2014 | 1805 | SEALED REPLY BRIEF BY DEFENDANTS THE NIELSEN COMPANY (US) LLC AND SMRTV, INC. IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT 1687 filed by SMRTV, Inc., The Nielsen Company (US) LLC. (Attachments: # 1 [Sealed] Declaration of David M. Lacy Kusters In Support of Defendants' Reply Brief In Support of Their Motion for Summary Judgment, # 2 [Sealed] Exhibit 14 to David Lacy Kusters Declaration In Support, # 3 [Sealed] Exhibit 15 to David Lacy Kusters Declaration In Support)(Lacy Kusters, David) (Entered: 09/29/2014) |
|---|---|---|
| 09/29/2014 | 1806 | Agreed MOTION to Dismiss *Clear Channel Broadcasting, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/29/2014) |
| 09/29/2014 | 1807 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 09/29/2014) |
| 09/30/2014 | 1808 | ORDER granting 1797 Motion to Dismiss. All claims asserted herein by plaintiff Blue Spike, LLC against defendant IriTech, Inc., are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/30/14. (mll, ) (Entered: 09/30/2014) |
| 09/30/2014 | 1809 | ORDER granting 1807 Motion for Extension of Time to File Response/Reply re 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense* Responses due by 10/3/2014. Signed by Magistrate Judge Caroline Craven on 9/30/2014. (sm, ) (Entered: 09/30/2014) |
| 09/30/2014 | 1810 | ORDER granting 1798 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike, LLC and Defendant Zvetco LLC are dismissed without prejudice. The parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 09/30/14. (mll, ) (Entered: 09/30/2014) |
| 09/30/2014 | 1811 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of Clear Channel Broadcasting, Inc. (Smith, Melissa) (Entered: 09/30/2014) |
| 09/30/2014 | 1812 | NOTICE by Infinisource, Inc., Qqest Software Solutions, Inc. *Request for Termination of Electronic Notices* (Naples, Clement) (Entered: 09/30/2014) |
| 09/30/2014 | 1813 | Joint MOTION to Dismiss by Blue Spike, LLC, Entropic Communications, Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 09/30/2014) |
| 09/30/2014 | 1814 | NOTICE of Attorney Appearance by Trenton Lloyd Menning on behalf of Civolution B.V., Civolution USA, Inc. (Menning, Trenton) (Entered: 09/30/2014) |
| 10/01/2014 | 1815 | ORDER granting 1806 Motion to Dismiss. The claims asserted by plaintiff against defendant Clear Channel Broadcasting, Inc. are, dismissed with prejudice; counterclaims and defenses asserted by defendant Clear Channel Broadcasting, Inc. against plaintiff are dismissed without prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on |

| | | |
|---|---|---|
| | | 10/01/14. (mll, ) (Entered: 10/01/2014) |
| 10/01/2014 | 1816 | NOTICE by Clear Channel Broadcasting, Inc. re 1815 Order on Motion to Dismiss, *(REQUEST FOR TERMINATION OF ELECTRONIC NOTICES)* (Yagura, Ryan) (Entered: 10/01/2014) |
| 10/01/2014 | 1817 | Minute Entry for proceedings held before Magistrate Judge Caroline Craven: Markman Hearing held on 10/1/2014. (Court Reporter Jan Mason.) (lfs, ) (Additional attachment(s) added on 10/2/2014: # 1 Sign In Sheet) (lfs, ). (Entered: 10/02/2014) |
| 10/02/2014 | 1818 | ORDER granting 1813 Motion to Dismiss. ORDERED that the claims asserted herein by Blue Spike, LLC against Entropic in Case Nos. 6:13-cv-125 and 6:12-cv-499 be, and hereby are, dismissed without prejudice; that the counterclaims and defenses asserted herein by Entropic against Blue Spike, LLC in Case Nos. 6:13-cv-125 and 6:12-cv-499 be, and hereby are, DISMISSED WITHOUT PREJUDICE; Signed by Judge Michael H. Schneider on 10/2/2014. (gsg) (Entered: 10/02/2014) |
| 10/02/2014 | 1819 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 1689 SEALED PATENT MOTION *for Summary Judgment Based on License Defense filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 10/02/2014) |
| 10/03/2014 | 1820 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/03/2014) |
| 10/06/2014 | 1821 | ORDER granting 1820 Motion for Extension of Time to File Response. The new deadline is OCTOBER 17, 2014. Signed by Magistrate Judge Caroline Craven on 10/6/14. (bas, ) (Entered: 10/06/2014) |
| 10/06/2014 | 1822 | NOTICE by Blue Spike, LLC re 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net (Notice that Motion is Ripe for Consideration; Briefing is Complete) (Garteiser, Randall) (Entered: 10/06/2014)* |
| 10/06/2014 | 1823 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 1688 SEALED MOTION *For Partial Summary Judgment Based on License filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 10/06/2014) |
| 10/07/2014 | 1824 | ORDER TO SHOW CAUSE. Parties shall SHOW CAUSE why the Court should not appoint Prof. Francis E McGovern as Special Master to this case by 3:00 p.m. on 10-08-2014. Signed by Judge Michael H. Schneider on 10/07/14. (mll, ) (Entered: 10/07/2014) |
| 10/09/2014 | 1825 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 1687 SEALED MOTION *FOR SUMMARY JUDGMENT filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Garteiser, Randall) (Entered: 10/09/2014) |
| 10/10/2014 | 1826 | ORDER that within thirty days from entry of this Order, Blue Spike's counsel |

| | | |
|---|---|---|
| | | shall pay Audible Magic $7,542.43 in atty fees re 1782 Sealed Document - Notice of Audible Magic fees. Signed by Magistrate Judge Caroline Craven on 10/9/2014. (sm, ) (Entered: 10/10/2014) |
| 10/15/2014 | 1827 | EMERGENCY MOTION for Sanctions *Against Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz for Failing to Comply with a Court Order* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Caridis, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 5, # 7 Exhibit 6) (Craft, Roger) (Entered: 10/15/2014) |
| 10/15/2014 | 1828 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 1827 MOTION for Sanctions *Against Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz for Failing to Comply with a Court Order*. (Attachments: # 1 Exhibit 4)(Craft, Roger) (Entered: 10/15/2014) |
| 10/15/2014 | 1829 | Opposed MOTION to Modify the Scheduling Order re 1332 Scheduling Order,, by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/15/2014) |
| 10/16/2014 | 1830 | NOTICE by Entropic Communications, Inc. re 1818 Order on Motion to Dismiss, *Request for Termination of Electronic Notices* (Carothers, Jo) (Entered: 10/16/2014) |
| 10/16/2014 | 1831 | MEMORANDUM AND OPINION regarding claim construction. Signed by Magistrate Judge Caroline Craven on 10/16/2014. (sm, ) (Entered: 10/16/2014) |
| 10/16/2014 | 1832 | REPORT AND RECOMMENDATIONS re 1752 MOTION for Summary Judgment *Defendants Audible Magic, Corp., Facebook, Inc., Myspace LLC, Specific Media LLC, Photobucket.com, Inc., DailyMotion, Inc., DailyMotion S.A., SoundCloud, Inc., SoundCloud Ltd., Myxer, Inc., Qlipso, Inc., Qlipso Media Net filed by Shazam Entertainment Ltd... Signed by Magistrate Judge Caroline Craven on 10/16/2014. (sm, ) (Entered: 10/16/2014)* |
| 10/16/2014 | 1833 | ORDER granting 1829 Motion to modify scheduling order. Signed by Magistrate Judge Caroline Craven on 10/16/2014. (sm, ) (Entered: 10/16/2014) |
| 10/16/2014 | 1834 | MEMORANDUM AND OPINION Regarding Claim Construction re (Audible). Signed by Magistrate Judge Caroline Craven on 10/16/2014. (sm, ) (Entered: 10/16/2014) |
| 10/17/2014 | 1835 | Agreed MOTION to Dismiss *Irdeto USA, Inc. and Irdeto B.V.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/17/2014) |
| 10/17/2014 | 1836 | STIPULATION of Dismissal *(Joint)* by Fulcrum Biometrics, LLC. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/17/2014) |
| 10/17/2014 | 1837 | STIPULATION of Dismissal *(Joint)* by Futronic Technology Co., Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/17/2014) |
| 10/17/2014 | 1838 | Agreed MOTION to Dismiss *Attributor Corporation* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/17/2014) |
| 10/17/2014 | 1839 | Unopposed MOTION for Extension of Time to File *Opposition to Shazam* |

| | | |
|---|---|---|
| | | *Entertainment Ltd.'s Motion for Summary Judgment* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/17/2014) |
| 10/20/2014 | 1840 | ORDER granting 1839 Motion for Extension of Time to File. The new deadline is OCTOBER 24, 2014. Signed by Magistrate Judge Caroline Craven on 10/20/14. (bas, ) (Entered: 10/20/2014) |
| 10/22/2014 | 1841 | ORDER granting 1835 Motion to Dismiss. The claims and counterclaims between plaintiff and defendants Irdeto USA, Inc. and Irdeto B.V., are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/21/14. (mll, ) (Entered: 10/22/2014) |
| 10/22/2014 | 1842 | ORDER granting 1836 Stipulation of Dismissal filed by Fulcrum Biometrics, LLC. All claims and counterclaims between Plaintiff and Defendant Fulcrum Biometrics LLC are hereby DISMISSED without prejudice. Parties shall bear their own atty's fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/21/14. (mll, ) (Entered: 10/22/2014) |
| 10/22/2014 | 1843 | ORDER granting 1837 Stipulation of Dismissal filed by Futronic Technology Co., Ltd. All claims and counterclaims between Plaintiff and Defendant Futronic Technology Co Ltd are hereby DISMISSED without prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/21/14. (mll, ) (Entered: 10/22/2014) |
| 10/22/2014 | 1844 | ORDER granting 1838 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendant Attributor Corp are hereby DISMISSED with prejudice. Parties shall bear their own attys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/21/14. (mll, ) (Entered: 10/22/2014) |
| 10/22/2014 | 1845 | NOTICE by Irdeto B.V., Irdeto USA, Inc. re 1841 Order on Motion to Dismiss, *Request for Termination of Electronic Notices* (Valentine, Andrew) (Entered: 10/22/2014) |
| 10/24/2014 | 1846 | NOTICE by Iritech, Inc. *Request for Termination of Electronic Notices* (Rankin, Weldon) (Entered: 10/24/2014) |
| 10/25/2014 | 1847 | Unopposed MOTION for Extension of Time to File by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 10/25/2014) |
| 10/27/2014 | 1848 | ORDER regarding technical advisor's fees. Signed by Magistrate Judge Caroline Craven on 10/27/14. (bas, ) (Entered: 10/27/2014) |
| 10/27/2014 | 1849 | ORDER granting 1847 Motion for Extension of Time to File. The new deadline is OCTOBER 31, 2014. Signed by Magistrate Judge Caroline Craven on 10/27/14. (bas, ) (Entered: 10/27/2014) |
| 10/27/2014 | 1850 | ORDER APPOINTING SPECIAL MASTER. Professor Francis E. McGovern is appointed Special Master in the above styled lead consolidated case to coordinate scheduling the trials and mediation efforts in the individual cases and to address pretrial matters that cannot be effectively and timely addressed by this Court, including discovery disputes. Signed by Judge Michael H. Schneider on 10/27/14. (mll, ) (Entered: 10/28/2014) |

| | | |
|---|---|---|
| 10/28/2014 | 1851 | NOTICE by Attributor Corporation *Request for Termination of Electronic Notices* (Cleveland, Kristin) (Entered: 10/28/2014) |
| 10/28/2014 | 1852 | STIPULATION of Dismissal by Cognitec Systems Corporation, Cognitec Systems GmbH. (Attachments: # 1 Text of Proposed Order)(Goetzel, Dwayne) (Additional attachment(s) added on 10/29/2014: # 2 REVSIED ORDER (no lines)) (sm, ). (Entered: 10/28/2014) |
| 10/30/2014 | 1853 | ORDER granting 1852 Stipulation of Dismissal filed by Cognitec Systems GmbH, Cognitec Systems Corporation. All claims and counter-clams between Plaintiff and Defendants Cognitec Systems Corporation and Cognitec Systems GmbH are hereby DISMISSED with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 10/30/14. (mll, ) (Entered: 10/30/2014) |
| 10/30/2014 | 1854 | NOTICE by Cognitec Systems Corporation, Cognitec Systems GmbH *of Request for Termination of Electronic Notices* (Goetzel, Dwayne) (Entered: 10/30/2014) |
| 10/30/2014 | 1855 | RESPONSE to 1834 Memorandum & Opinion *AUDIBLE MAGICS OBJECTIONS TO CLAIM CONSTRUCTION ORDER REGARDING U.S. PATENT 6,834,308* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/30/2014) |
| 10/30/2014 | 1856 | RESPONSE to 1831 Memorandum & Opinion *DEFENDANTS OBJECTIONS TO CLAIM CONSTRUCTION ORDER* by Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Civolution B.V., Civolution USA, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., SMRTV, Inc., Safran USA, Inc., Shazam Entertainment Ltd., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, The Nielsen Company (US) LLC, Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/30/2014) |
| 10/30/2014 | 1857 | OBJECTION to 1832 Report and Recommendations by Accedo Broadband AB, Accedo Broadband NA, Inc., Airborne Biometrics Group, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., CBS Interactive, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., L-1 Identity Solutions, Inc., Last.fm Ltd., Mediafire, LLC, Metacafe, Inc., MorphoTrak, Inc., MorphoTrust USA, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Safran USA, Inc., Shazam Entertainment Ltd., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC(Consolidated Civil Action 6:12cv576), Viggle, Inc.,, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/30/2014) |
| 10/31/2014 | 1858 | NOTICE of Attorney Appearance by Michael Ira Burton on behalf of Blue Spike, LLC (Burton, Michael) (Entered: 10/31/2014) |

| 10/31/2014 | 1859 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit A)(Garteiser, Randall) (Entered: 10/31/2014) |
|---|---|---|
| 11/03/2014 | 1860 | RESPONSE in Opposition re 1827 MOTION for Sanctions *Against Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz for Failing to Comply with a Court Order filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Peter S. Brasher)(Garteiser, Randall) (Entered: 11/03/2014) |
| 11/05/2014 | 1861 | Unopposed MOTION for Extension of Time to File *Shazam's Reply In Support of Its Motion For Summary Judgment on License Defense* by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order)(Champion, Anne) (Entered: 11/05/2014) |
| 11/05/2014 | 1862 | REPLY to Response to Motion re 1827 MOTION for Sanctions *Against Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz for Failing to Comply with a Court Order filed by Audible Magic Corporation*. (Craft, Roger) (Entered: 11/05/2014) |
| 11/06/2014 | 1863 | ORDER granting 1861 Motion for Extension of Time to File a Reply in support of its motion for summary judgment on license defense. Signed by Magistrate Judge Caroline Craven on 11/6/2014. (sm, ) (Entered: 11/06/2014) |
| 11/11/2014 | 1864 | NOTICE of Attorney Appearance by Cliff Allan Maier on behalf of Civolution B.V., Civolution USA, Inc. (Maier, Cliff) (Entered: 11/11/2014) |
| 11/11/2014 | 1865 | NOTICE of Attorney Appearance by Heidi Lyn Keefe on behalf of Facebook, Inc. (Keefe, Heidi) (Entered: 11/11/2014) |
| 11/11/2014 | 1866 | NOTICE of Attorney Appearance by Mark R Weinstein on behalf of Facebook, Inc. (Weinstein, Mark) (Entered: 11/11/2014) |
| 11/14/2014 | 1867 | MOTION for Hearing re 1469 MOTION to Strike *Blue Spike's Infringement Contentions* by Accedo Broadband AB, Accedo Broadband NA, Inc., Audible Magic Corporation, Boodabee Technologies Inc., Brightcove, Inc., Coincident.TV, Inc., Dailymotion S.A., Dailymotion, Inc., Facebook, Inc., GoMiso, Inc, Harmonix Music Systems, Inc., Mediafire, LLC, Metacafe, Inc., MySpace, LLC, Myxer, Inc., Photobucket.com, Inc., Qlipso Media Networks Ltd., Qlipso, Inc., Soundcloud Ltd., Soundcloud, Inc., Specific Media, LLC, WiOffer, LLC, Yap.tv, Inc., Zedge Holdings, Inc., iMesh, Inc.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 11/14/2014) |
| 11/17/2014 | 1868 | NOTICE of Attorney Appearance by Carrie J Richey on behalf of Facebook, Inc. (Richey, Carrie) (Entered: 11/17/2014) |
| 11/17/2014 | 1869 | SUR-REPLY to Reply to Response to Motion re 1827 MOTION for Sanctions *Against Blue Spike LLC, Blue Spike Inc. and Scott Moskowitz for Failing to Comply with a Court Order filed by Blue Spike, LLC* . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Garteiser, Randall) (Entered: 11/17/2014) |
| 11/19/2014 | 1870 | ORDER denying 1827 Motion for Sanctions for failure to comply ORDERING that on or before November 21, 2014 Blue Spike shall produce to Audible Magic all non-privileged documents responsive to Audible magic's requests as ordered |

| | | in the September 10, 2014 order. Signed by Magistrate Judge Caroline Craven on 11/19/2014. (sm, ) (Entered: 11/19/2014) |
|---|---|---|
| 11/20/2014 | 1871 | STIPULATION *Regarding Expedited Briefing* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 11/20/2014) |
| 11/21/2014 | 1872 | SEALED PATENT REPLY to Response to PATENT Motion re 1694 SEALED MOTION *Defendant Shazam Entertainment Limited's Motion For Summary Judgment On Shazam's License Defense filed by Shazam Entertainment Ltd.*. (Gardner, Allen) (Entered: 11/21/2014) |
| 11/21/2014 | 1873 | ORDER Granting 1871 Stipulation Regarding Expedited Briefing and ORDERING that plaintiff may file a response to 1867 MOTION for Hearing by November 25, 2014. Signed by Magistrate Judge Caroline Craven on 11/21/2014. (sm, ) (Entered: 11/21/2014) |
| 11/25/2014 | 1874 | NOTICE of Change of Address by Jordan A Sigale (Sigale, Jordan) (Entered: 11/25/2014) |
| 11/25/2014 | 1875 | NOTICE by Audible Magic Corporation *of Compliance Regarding Fees to Technical Advisor filed on behalf of All Defendants* (Findlay, Eric) (Entered: 11/25/2014) |
| 11/25/2014 | 1876 | RESPONSE in Opposition re 1867 MOTION for Hearing re 1469 MOTION to Strike *Blue Spike's Infringement Contentions filed by Blue Spike, LLC* . (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 11/25/2014) |
| 11/26/2014 | 1877 | NOTICE by Blue Spike, LLC *of Compliance Regarding Fees to Technical Advisor* (Garteiser, Randall) (Entered: 11/26/2014) |
| 12/02/2014 | 1878 | RESPONSE to 1870 Order on Motion for Sanctions, *OBJECTIONS to the Court's November 19, 2014 Order filed by Audible Magic Corporation*. (Findlay, Eric) (Entered: 12/02/2014) |
| 12/03/2014 | 1879 | AFFIDAVIT from Francis E. McGovern. (bas, ) (Entered: 12/03/2014) |
| 12/03/2014 | 1880 | Unopposed MOTION to Withdraw as Attorney *Christopher M. Swickhamer, Lana H. Carnel, and Laura Ann Wytsma* by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 12/03/2014) |
| 12/03/2014 | 1881 | Unopposed MOTION for Extension of Time to File *Surreply to Shazam Entertainment Ltd.'s Motion for Summary Judgment* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 12/03/2014) |
| 12/04/2014 | 1882 | ORDER granting 1880 Motion to Withdraw as Attorney. Attorney Laura Ann Wytsma; Lana H Carnel and Christopher M Swickhamer terminated. Signed by Magistrate Judge Caroline Craven on 12/4/14. (bas, ) (Entered: 12/04/2014) |
| 12/04/2014 | 1883 | ORDER granting 1881 Motion for Extension of Time to File. The new deadline is JANUARY 9, 2015. Signed by Magistrate Judge Caroline Craven on 12/4/14. (bas, ) (Entered: 12/04/2014) |
| 12/06/2014 | 1884 | NOTICE by Viggle, Inc., re 1332 Scheduling Order,, *of Compliance of Service of Supplemental Disclosures* (Sigale, Jordan) (Entered: 12/06/2014) |

| 12/08/2014 | 1885 | NOTICE by Audible Magic Corporation *of Compliance of Service of Supplemental Disclosures* (Findlay, Eric) (Entered: 12/08/2014) |
|---|---|---|
| 12/10/2014 | 1886 | ORDER RE: "HOTLINE" HEARING PRUSUANT TO LOCAL RULE CV-26(e). Signed by Magistrate Judge Amos L. Mazzant on 12/9/2014. (baf, ) (Entered: 12/10/2014) |
| 12/16/2014 | 1887 | STIPULATION of Dismissal by Shazam Entertainment Ltd.. (Attachments: # 1 Text of Proposed Order)(Hershkowitz, Benjamin) (Additional attachment(s) added on 12/16/2014: # 2 Corrected Proposed Order) (gsg, ). (Entered: 12/16/2014) |
| 12/17/2014 | 1888 | ORDER granting 1887 Stipulation of Dismissal filed by Shazam Entertainment Ltd. All claims and counterclaims between Plaintiff and Defendant Shazam Entertainment Ltd are DISMISSED with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Michael H. Schneider on 12/17/14. (mll, ) (Entered: 12/17/2014) |
| 12/22/2014 | 1889 | REPORT AND RECOMMENDATIONS recommending 1618 MOTION to Dismiss Separate Claims be Granted and DENYING [1618-2] in the Alternative Motion to Sever and Transfer filed by Facebook, Inc... Signed by Magistrate Judge Caroline Craven on 12/22/2014. (sm, ) (Entered: 12/22/2014) |
| 12/24/2014 | 1890 | STIPULATION *JOINT STIPULATION REGARDING DATE OF INVENTION* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 12/24/2014) |
| 01/05/2015 | 1891 | ***FILED IN ERROR, PLEASE IGNORE***STIPULATION *Joint Stipulation Re Deposition Dates* by Blue Spike, Inc., MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680). (Attachments: # 1 Text of Proposed Order)(Johnson, Daniel) Modified on 1/5/2015 (sm, ). (Entered: 01/05/2015) |
| 01/05/2015 | | ***FILED IN ERROR, MOTION REQUIRED, ATTY MUST REFILE. Document # 1891, Stipulation. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 01/05/2015) |
| 01/06/2015 | 1892 | MEMORANDUM ORDER adopting 1832 Report and Recommendations of the US Magistrate Judge, and denying 1752 Motion for Summary Judgment. Signed by Judge Michael H. Schneider on 01/06/15. (mll, ) (Entered: 01/06/2015) |
| 01/06/2015 | 1893 | MEMORANDUM ORDER overruling 1855 Response/Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order. Signed by Judge Michael H. Schneider on 01/06/15. (mll, ) (Entered: 01/06/2015) |
| 01/06/2015 | 1894 | MEMORANDUM ORDER overruling 1856 Response/Objections to the Magistrate Judge's Claim Construction Memorandum Opinion and Order. Signed by Judge Michael H. Schneider on 01/06/15. (mll, ) (Entered: 01/06/2015) |
| 01/06/2015 | 1895 | Joint MOTION Deposition Schedule *Joint Motion for Entry of Stipulated Deposition Schedule* by Blue Spike, Inc., MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680). (Attachments: # 1 Text of Proposed Order)(Johnson, Daniel) (Entered: 01/06/2015) |
| 01/07/2015 | 1896 | ORDER granting 1895 Motion for entry of deposition schedule. Signed by |

| | | |
|---|---|---|
| | | Magistrate Judge Caroline Craven on 1/7/2015. (sm, ) (Entered: 01/07/2015) |
| 01/12/2015 | 1897 | Agreed MOTION to Dismiss *Airborne Biometrics Group, Inc.* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 01/12/2015) |
| 01/12/2015 | 1898 | ORDER denying 1469 Motion to Strike ; and denying 1867 Motion for Hearing. Signed by Magistrate Judge Caroline Craven on 1/12/15. (bas, ) (Entered: 01/12/2015) |
| 01/13/2015 | 1899 | ORDER re 1890 JOINT Stipulation Regarding Date of Invention filed by Audible Magic Corporation. Signed by Magistrate Judge Caroline Craven on 1/13/2015. (sm, ) (Entered: 01/13/2015) |
| 01/14/2015 | 1900 | ORDER overruling 1878 Response/Objections to Order 1870 filed by Audible Magic Corporation, with one clarification. Blue Spike shall immediately and fully respond to Interrogatories 6, 7, and 8. Audible Magic's request for monetary sanctions is denied. Signed by Judge Michael H. Schneider on 1/13/15. (mjc, ) (Entered: 01/14/2015) |
| 01/14/2015 | 1901 | ORDER granting 1897 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike, LLC and Defendant Airborne Biometrics Group Inc are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 01/14/15. (mll, ) (Entered: 01/14/2015) |
| 01/20/2015 | 1902 | Agreed MOTION to Dismiss *Civolution USA, Inc. and Civolution B.V. with prejudice* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order) (Garteiser, Randall) (Entered: 01/20/2015) |
| 01/22/2015 | 1903 | NOTICE by Facebook, Inc. *Joint Notice of Defendant Facebook Being Treated Only As A Customer* (Armon, Orion) (Entered: 01/22/2015) |
| 01/23/2015 | 1904 | ORDER granting 1902 Motion to Dismiss. All claims and counterclaims between Plaintiff Blue Spike, LLC and Defendants Civolution USA, Inc. and Civolution B.V., are dismissed with prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Michael H. Schneider on 01/23/15. (mll, ) (Entered: 01/23/2015) |
| 01/26/2015 | 1905 | NOTICE of Attorney Appearance by Molly Anne Jones on behalf of Blue Spike, LLC (Jones, Molly) (Entered: 01/26/2015) |
| 01/30/2015 | 1906 | Case Reassigned to Judge Robert W. Schroeder, III. Judge Michael H. Schneider no longer assigned to the case. (gsg) (Entered: 01/30/2015) |
| 02/02/2015 | 1907 | NOTICE by Civolution B.V., Civolution USA, Inc. (Consolidated Civil Action 6:12cv557) *Request for Termination of Electronic Notice* (Molano, Michael) (Entered: 02/02/2015) |
| 02/12/2015 | 1908 | Unopposed MOTION to Extend Deadline to Serve Privilege Log re 1332 Scheduling Order,, by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 02/12/2015) |
| 02/13/2015 | 1909 | ORDER granting 1908 Motion to extend deadline to serve privilege log. Signed by Magistrate Judge Caroline Craven on 2/13/2015. (sm, ) (Entered: 02/13/2015) |

| | | |
|---|---|---|
| 02/18/2015 | 1910 | Letter Brief filed by Blue Spike, Inc.. (Attachments: # 1 Letter Brief from Counter Defendants. In order to streamline the claims and defenses for trial, Plaintiff Blue Spike LLC, and Counter-Defendants Blue Spike, Inc., a Florida Corporation, and Scott Moskowitz, an individual, (collectively, "Counter-Defendants") respectfully request permission to file a motion for summary judgment.)(Garteiser, Randall) (Entered: 02/18/2015) |
| 02/19/2015 | 1911 | SEALED PATENT MOTION *for Voluntary Dismissal without Prejudice or in the Alternative Amend its Infringement Contentions* by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Ramsey Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15) (Findlay, Eric) (Entered: 02/19/2015) |
| 02/24/2015 | 1912 | ORDER that the parties shall remit payment of all amounts due to Professor McGovern, special master, within twenty (20) days of this Order. Signed by Magistrate Judge Caroline Craven on 2/24/2015. (Attachments: # 1 Appendix 1, # 2 Appendix 2)(sm, ) (Entered: 02/24/2015) |
| 02/27/2015 | 1913 | Joint MOTION to Extend Deadlines by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 02/27/2015) |
| 02/27/2015 | 1914 | Agreed MOTION to Dismiss *Defendants MorphoTrust USA, Inc. and L-1 Identity Solutions, Inc.* by L-1 Identity Solutions, Inc., MorphoTrust USA, Inc. (Consolidated Civil Action 6:12cv680). (Attachments: # 1 Text of Proposed Order)(Johnson, Daniel) (Entered: 02/27/2015) |
| 02/27/2015 | 1915 | Agreed MOTION to Dismiss *Defendants MorphoTrak Inc. and Safran USA Inc.* by MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), Safran USA, Inc. (Consolidated Civil Action 6:13cv89). (Attachments: # 1 Text of Proposed Order)(Johnson, Daniel) (Entered: 02/27/2015) |
| 02/27/2015 | 1916 | NOTICE by Shazam Entertainment Ltd. *Request for Termination of Electronic Notices* (Hershkowitz, Benjamin) (Entered: 02/27/2015) |
| 03/02/2015 | 1917 | ORDER granting 1913 Joint Motion to extend deadlines. Signed by Magistrate Judge Caroline Craven on 3/2/2015. (sm, ) (Entered: 03/02/2015) |
| 03/04/2015 | 1918 | SUPPLEMENTAL ORDER Regarding Special Master Fees ORDERING the parties to remit payment of all amounts due to Professor McGovern within twenty (20) days from the date of this order. Signed by Magistrate Judge Caroline Craven on 3/3/2015. (sm, ) (Entered: 03/04/2015) |
| 03/05/2015 | 1919 | SEALED RESPONSE to Notice of Compliance - Letter Brief re 1910 Notice of Compliance - Letter Brief, filed by Blue Spike, Inc. *filed by Audible Magic Corporation*. (Attachments: # 1 Exhibit 1 - Responsive Letter Brief)(Findlay, Eric) (Entered: 03/05/2015) |
| 03/09/2015 | 1920 | SEALED RESPONSE to Motion re 1911 SEALED PATENT MOTION *for Voluntary Dismissal without Prejudice or in the Alternative Amend its Infringement Contentions* filed by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Garteiser, Randall) (Entered: 03/09/2015) |

| 03/12/2015 | 1921 | ORDER that parties shall remit payment of all amounts due to Professor McGovern, Special Master, within twenty (20) days of the date of this order. Signed by Magistrate Judge Caroline Craven on 3/12/2015. (Attachments: # 1 Appendix 1)(sm, ) (Entered: 03/12/2015) |
| --- | --- | --- |
| 03/13/2015 | 1922 | Joint MOTION *to Extend Deadlines* by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 03/13/2015) |
| 03/16/2015 | 1923 | ORDER granting 1922 Motion to extend certain deadlines. Signed by Magistrate Judge Caroline Craven on 3/16/2015. (sm, ) (Entered: 03/16/2015) |
| 03/18/2015 | 1924 | SEALED PATENT REPLY to Response to PATENT Motion re 1911 SEALED PATENT MOTION *for Voluntary Dismissal without Prejudice or in the Alternative Amend its Infringement Contentions filed by Audible Magic Corporation*. (Attachments: # 1 Exhibit A)(Findlay, Eric) (Entered: 03/18/2015) |
| 03/20/2015 | 1925 | Joint MOTION to Extend Deadlines by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 03/20/2015) |
| 03/24/2015 | 1926 | ORDER granting 1925 Motion to extend deadlines. Signed by Magistrate Judge Caroline Craven on 3/23/2015. (sm, ) (Entered: 03/24/2015) |
| 03/24/2015 | 1927 | NOTICE by Audible Magic Corporation re 1918 Order, 1921 Order *Notice of Compliance with Orders* (Findlay, Eric) (Entered: 03/24/2015) |
| 03/25/2015 | 1928 | SEALED Letter Brief filed by Audible Magic Corporation. (Attachments: # 1 Exhibit 1 - Letter Brief)(Findlay, Eric) (Entered: 03/25/2015) |
| 03/25/2015 | 1929 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 1911 SEALED PATENT MOTION *for Voluntary Dismissal without Prejudice or in the Alternative Amend its Infringement Contentions* filed by Blue Spike, LLC. (Garteiser, Randall) (Entered: 03/25/2015) |
| 03/31/2015 | 1930 | ORDER that parties remit payment of all amounts due to Professor McGovern within twenty (20) days of the date of this order. Signed by Magistrate Judge Caroline Craven on 3/31/2015. (Attachments: # 1 Appendix to Order)(sm, ) (Entered: 03/31/2015) |
| 04/07/2015 | 1931 | NOTICE of Designation of Mediator, Special Master Francis McGovern, filed by Audible Magic Corporation. *(Joint Notice)* (Findlay, Eric) (Entered: 04/07/2015) |
| 04/07/2015 | 1932 | NOTICE of Designation of Mediator, Professor Francis McGovern, filed by Blue Spike, LLC, Last.fm Ltd.. (Reines, Edward) (Entered: 04/07/2015) |
| 04/08/2015 | 1933 | SEALED RESPONSE by Blue Spike, LLC to 1928 SEALED Notice of Compliance - Letter Brief filed by Blue Spike, LLC. (Attachments: # 1 Exhibit 1) (Garteiser, Randall) (Entered: 04/08/2015) |
| 04/14/2015 | 1934 | SEALED REPLY to Notice of Compliance - Letter Brief re 1928 SEALED Notice of Compliance - Letter Brief filed by Audible Magic Corporation Filed by Audible Magic Corporation. (Attachments: # 1 Exhibit 1 - Reply Letter Brief) (Findlay, Eric) (Entered: 04/14/2015) |
| 04/15/2015 | 1935 | ORDER Granting 1928 SEALED Notice of Compliance - Letter Brief filed by Audible Magic Corporation. Signed by Magistrate Judge Caroline Craven on |

| | | 4/15/2015. (sm, ) (Entered: 04/15/2015) |
|---|---|---|
| 04/21/2015 | 1936 | NOTICE by Viggle, Inc., *Joint Notice Regarding Settlement and Mediator* (Findlay, Eric) (Entered: 04/21/2015) |
| 04/21/2015 | 1937 | ***DEFICIENT DOCUMENT, PLEASE IGNORE***MOTION to Strike *EXPERT REPORT OF DR. SCHUYLER QUACKENBUSH REGARDING INVALIDITY* by Blue Spike, LLC. Responses due by 5/5/2015 (Attachments: # 1 Ex 1, # 2 Ex 2, # 3 Ex 3, # 4 Text of Proposed Order)(Garteiser, Randall) Modified on 4/22/2015 (sm, ). (Entered: 04/21/2015) |
| 04/21/2015 | 1938 | Emergency MOTION to Modify Scheduling Order by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 04/21/2015) |
| 04/22/2015 | | NOTICE of DEFICIENCY regarding the #1937 Motion to strike submitted by Blue Spike, LLC. No certificate of conference was included. Correction should be made by 1 business day and refiled. Motion is now TERMINATED. (sm, ) (Entered: 04/22/2015) |
| 04/22/2015 | 1939 | MOTION to Strike *Defendants' Expert Report by Dr. Quackenbush opining on invalidity for 3,676 pages* by Blue Spike, LLC. (Attachments: # 1 Ex 1, # 2 Ex 2, # 3 Ex 3, # 4 Text of Proposed Order Granting Plaintiff's Motion to Strike Defendants' Expert Report by Dr. Quackenbush opining on invalidity for 3,676 pages)(Garteiser, Randall) (Entered: 04/22/2015) |
| 04/22/2015 | 1940 | Agreed MOTION to Dismiss *SpeechPro, Inc. and Speech Technology Center, LLC* by Speech Technology Center, LLC, SpeechPro, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 04/22/2015) |
| 04/22/2015 | 1941 | ORDER on Notice of Compliance - Letter Brief GRANTING 1910 Notice of Compliance - Letter Brief, filed by Blue Spike, Inc.. Signed by Magistrate Judge Caroline Craven on 4/22/2015. (sm, ) (Entered: 04/22/2015) |
| 04/22/2015 | 1942 | RESPONSE in Opposition re 1938 Emergency MOTION to Modify Scheduling Order *filed by Audible Magic Corporation*. (Attachments: # 1 Caridis Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Findlay, Eric) (Entered: 04/22/2015) |
| 04/23/2015 | 1943 | STIPULATION of Dismissal by Viggle, Inc.,. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 04/23/2015) |
| 04/23/2015 | 1944 | RESPONSE in Opposition re 1939 MOTION to Strike *Defendants' Expert Report by Dr. Quackenbush opining on invalidity for 3,676 pages filed by Audible Magic Corporation, Last.fm Ltd.*. (Attachments: # 1 Text of Proposed Order, # 2 Caridis Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5)(Findlay, Eric) (Entered: 04/23/2015) |
| 04/24/2015 | 1945 | ORDER granting as MODIFIED 1938 Motion to modify scheduling order ORDERING extension of deadlines for letter briefs, expert rebuttal reports and filing of dispositive and daubert motions. Signed by Magistrate Judge Caroline Craven on 4/24/2015. (sm, ) (Entered: 04/24/2015) |
| 04/24/2015 | 1946 | ORDER granting 1914 Motion to Dismiss. All claims and counterclaims asserted between Plaintiff and Defendants MorphoTrust USA, Inc. and L-1 Identity |

| | | |
|---|---|---|
| | | Solutions, Inc. are hereby DISMISSED with prejudice. Each party shall bear its own costs, expenses and attorneys fees. Signed by Judge Robert W. Schroeder, III on 04/24/15. (mll, ) (Entered: 04/27/2015) |
| 04/24/2015 | 1947 | ORDER granting 1915 Motion to Dismiss. All claims and counterclaims asserted between Plaintiff and Defendants MorphoTrak Inc. and Safran USA Inc. are hereby DISMISSED with prejudice. Each party shall bear its own costs, expenses and attorneys' fees. Signed by Judge Robert W. Schroeder, III on 04/24/15. (mll, ) (Entered: 04/27/2015) |
| 04/24/2015 | 1948 | MEMORANDUM ORDER adopting 1889 Report and Recommendations; granting 1618 Motion to Dismiss Separate Claims Against Facebook's Technology. Signed by Judge Robert W. Schroeder, III on 04/24/15. (mll, ) (Entered: 04/27/2015) |
| 04/30/2015 | 1949 | REPLY to Response to Motion re 1939 MOTION to Strike *Defendants' Expert Report by Dr. Quackenbush opining on invalidity for 3,676 pages filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 04/30/2015) |
| 05/05/2015 | 1950 | NOTICE by L-1 Identity Solutions, Inc., MorphoTrak, Inc.(Consolidated Civil Action 6:13cv89), MorphoTrust USA, Inc.(Consolidated Civil Action 6:12cv680), Safran USA, Inc.(Consolidated Civil Action 6:13cv89) *Request for Termination of Electronic Notices Pursuant to Local Rule CV 11(f)* (Davis, Thomas) (Entered: 05/05/2015) |
| 05/05/2015 | 1951 | SUR-REPLY to Reply to Response to Motion re 1939 MOTION to Strike *Defendants' Expert Report by Dr. Quackenbush opining on invalidity for 3,676 pages filed by Audible Magic Corporation.* (Findlay, Eric) (Entered: 05/05/2015) |
| 05/08/2015 | 1952 | STIPULATION of Dismissal *[with Prejudice of Defendant Last.fm]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/08/2015) |
| 05/08/2015 | 1953 | STIPULATION of Dismissal *[with Prejudice of Defendant CBS Interactive]* by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order)(Garteiser, Randall) (Entered: 05/08/2015) |
| 05/08/2015 | 1954 | ORDER granting 1940 Motion to Dismiss. All claims and counterclaims between Plaintiff and Defendants SpeechPro, Inc. and Speech Technology Center, LLC are dismissed without prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Robert W. Schroeder, III on 05/08/15. (mll, ) (Entered: 05/11/2015) |
| 05/08/2015 | 1955 | ORDER granting 1943 Stipulation of Dismissal filed by Viggle, Inc. All claims and counter-claims between Plaintiff and defendant Viggle Inc. are dismissed with prejudice. Parties shall bear their own attorneys' fees, expenses and costs. Signed by Judge Robert W. Schroeder, III on 05/08/15. (mll, ) (Entered: 05/11/2015) |
| 05/11/2015 | 1956 | NOTICE by Speech Technology Center, LLC, SpeechPro, Inc. *Request for Termination of Electronic Notices for Anthony Meola* (Smith, Melissa) (Entered: 05/11/2015) |
| 05/18/2015 | 1957 | SEALED PATENT MOTION *for Summary Judgment of Noninfringement* by |

| | | |
|---|---|---|
| | | Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Ramsey Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15)(Findlay, Eric) (Entered: 05/18/2015) |
| 05/18/2015 | 1958 | Letter Brief filed by Audible Magic Corporation (Attachments: # 1 Exhibit 1 - Letter Brief)(Findlay, Eric) (Entered: 05/18/2015) |
| 05/18/2015 | 1959 | Letter Brief filed by Audible Magic Corporation (Attachments: # 1 Exhibit 1 - Letter Brief)(Findlay, Eric) (Entered: 05/18/2015) |
| 05/18/2015 | 1960 | Letter Brief filed by Audible Magic Corporation (Attachments: # 1 Exhibit 1 - Letter Brief)(Findlay, Eric) (Entered: 05/18/2015) |
| 05/20/2015 | 1961 | NOTICE by Viggle, Inc., re 1955 Order, *Notice of the Viggle Counsel's Request to Stop ECF Notices* (Sigale, Jordan) (Entered: 05/20/2015) |
| 05/21/2015 | 1962 | Unopposed MOTION to Withdraw as Attorney *by David M. Lacy Kusters* by SMRTV, Inc., The Nielsen Company (US) LLC. (Attachments: # 1 Text of Proposed Order)(Lacy Kusters, David) (Entered: 05/21/2015) |
| 05/22/2015 | 1963 | MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13]* by Blue Spike, Inc., Blue Spike, LLC, Scott A. Moskowitz. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Garteiser, Randall) (Entered: 05/22/2015) |
| 05/26/2015 | 1964 | NOTICE by Blue Spike, LLC re 1963 MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13] NOTICE OF ERRATA TO FILE EXHIBITS 1 11 TO MOTION FOR SUMMARY JUDGMENT UNDER SEAL LOCATED AT DOCKET NUMBER 1963*. (Garteiser, Randall) (Entered: 05/26/2015) |
| 05/26/2015 | 1965 | ORDER granting 1962 Motion to Withdraw David M Lacy Kusters as Attorney.. Signed by Magistrate Judge Caroline Craven on 5/26/2015. (sm, ) (Entered: 05/26/2015) |
| 05/26/2015 | | NOTICE FROM CLERK re 1963 MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13]. Exhibits are now Sealed,per atty re: #1964 Notice of Erata. (sm, ) (Entered: 05/26/2015)* |
| 05/27/2015 | 1966 | ORDER denying 1939 Motion to Strike Expert Report of Dr. Quackenbush. Signed by Magistrate Judge Caroline Craven on 5/27/2015. (sm, ) (Entered: 05/27/2015) |
| 05/29/2015 | 1967 | ORDER granting 1952 Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between Plaintiff and Defendant Last.fm Ltd are hereby dismissed with prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Robert W. Schroeder, III on 05/29/15. (mll, ) (Entered: 05/29/2015) |
| 05/29/2015 | 1968 | ORDER granting 1953 Stipulation of Dismissal filed by Blue Spike, LLC. All claims and counterclaims between Plaintiff and Defendant CBS Interactive Inc are hereby DISMISSED with prejudice. Parties shall bear their own attorney's fees, expenses and costs. Signed by Judge Robert W. Schroeder, III on 05/29/15. |

| | | |
|---|---|---|
| | | (mll, ) (Entered: 05/29/2015) |
| 06/08/2015 | 1969 | RESPONSE to Notice of Compliance - Letter Brief re 1958 Notice of Compliance - Letter Brief filed by Audible Magic Corporation Filed by Blue Spike, LLC *filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/08/2015) |
| 06/08/2015 | 1970 | RESPONSE to Notice of Compliance - Letter Brief re 1959 Notice of Compliance - Letter Brief filed by Audible Magic Corporation *filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/08/2015) |
| 06/08/2015 | 1971 | RESPONSE to Notice of Compliance - Letter Brief re 1960 Notice of Compliance - Letter Brief filed by Audible Magic Corporation *filed by Blue Spike, LLC* . (Garteiser, Randall) (Entered: 06/08/2015) |
| 06/08/2015 | 1972 | SEALED RESPONSE to Motion re 1963 MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13]* filed by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of J. Jacob, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Exhibit 53, # 56 Exhibit 54, # 57 Exhibit 55, # 58 Exhibit 56, # 59 Exhibit 57, # 60 Exhibit 58, # 61 Exhibit 59, # 62 Exhibit 60, # 63 Exhibit 61, # 64 Exhibit 62, # 65 Exhibit 63, # 66 Exhibit 64, # 67 Exhibit 65, # 68 Exhibit 66, # 69 Exhibit 67, # 70 Exhibit 68, # 71 Exhibit 69, # 72 Exhibit 70, # 73 Exhibit 71, # 74 Exhibit 72, # 75 Exhibit 73, # 76 Exhibit 74, # 77 Exhibit 75, # 78 Exhibit 76, # 79 Exhibit 77, # 80 Exhibit 78, # 81 Exhibit 79, # 82 Exhibit 80, # 83 Exhibit 81, # 84 Exhibit 82, # 85 Exhibit 83, # 86 Exhibit 84)(Findlay, Eric) (Entered: 06/08/2015) |
| 06/11/2015 | 1973 | SEALED RESPONSE to Motion re 1957 SEALED PATENT MOTION *for Summary Judgment of Noninfringement* filed by Blue Spike, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Garteiser, Randall) (Entered: 06/11/2015) |
| 06/12/2015 | 1974 | Emergency MOTION To Enforce the Court's Scheduling Order re 1973 Sealed Response to Motion, by Audible Magic Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of A. Caridis, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4)(Findlay, Eric) (Entered: 06/12/2015) |
| 06/15/2015 | 1975 | REPLY to Notice of Compliance - Letter Brief re 1960 Notice of Compliance - Letter Brief filed by Audible Magic Corporation *filed by Audible Magic Corporation*. (Attachments: # 1 Exhibit 1 - Reply Letter Brief Regarding Dr. Tewfik)(Findlay, Eric) (Entered: 06/15/2015) |
| 06/15/2015 | 1976 | SEALED REPLY to Notice of Compliance - Letter Brief re 1959 Notice of Compliance - Letter Brief filed by Audible Magic Corporation *filed by Audible* |

| | | |
|---|---|---|
| | | *Magic Corporation.* (Attachments: # 1 Exhibit 1 - Reply Letter Brief Regarding Dr. Papakonstantinou)(Findlay, Eric) (Entered: 06/15/2015) |
| 06/15/2015 | 1977 | SEALED REPLY to Notice of Compliance - Letter Brief re 1958 Notice of Compliance - Letter Brief filed by Audible Magic Corporation *filed by Audible Magic Corporation.* (Attachments: # 1 Exhibit 1 - Reply Letter Brief Regarding Mr. Bosco)(Findlay, Eric) (Entered: 06/15/2015) |
| 06/22/2015 | 1978 | Unopposed MOTION for Extension of Time to File Response/Reply as to 1963 MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13]* by Blue Spike, LLC. (Garteiser, Randall) (Additional attachment(s) added on 6/23/2015: # 1 Text of Proposed Order) (sm, ). (Entered: 06/22/2015) |
| 06/22/2015 | 1979 | SEALED REPLY to Response to Motion re 1963 MOTION for Summary Judgment *[on Audible Magic's Counterclaims 9-13]* filed by Blue Spike, LLC. (Attachments: # 1 Exhibit A)(Garteiser, Randall) (Entered: 06/22/2015) |
| 06/24/2015 | 1980 | ORDER denying as Moot 1974 Motion to enforce courts scheduling order. Signed by Magistrate Judge Caroline Craven on 6/24/2015. (sm, ) (Entered: 06/24/2015) |
| 06/24/2015 | 1981 | ORDER VACATING 16 Consolidation Order and ORDERED that Blue Spike and Audible Magic's claims are assigned to a newly created cause No. 6:15cv584 and FURTHER ORDERED that Blue Spike's claims against WiOffer, LLC, Facebook, MySpace, Specific Media, Photobucket, Dailymotion defendants, Soundcloud Defendants, Myxer, Inc., Qlipso Defendants, Yap TV, GoMiso, iMesh, Metacafe, Boodabee Tech, TuneCore, Zedge Holding, Harmonix Music Systems, Britcove, Coincident TV, Mediafire, and Accedo Broadband defendants are assigned to a newly created Cause No. 615cv585 and Filing fee is waived for the newly created cases and FURTHER ORDERED that Clerk is directed to CLOSE Nos. 6:12cv499, 6:12cv570 and 6:12cv576.. Signed by Magistrate Judge Caroline Craven on 6/24/2015. (sm, ) (Entered: 06/24/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/17/2015 13:19:47 | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:12-cv-00499-RWS-CMC |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# United States Court of Appeals
# For the Federal Circuit

———————

BLUE SPIKE, LLC

*Plaintiff-Appellant,*

v.

GOOGLE INC.

*Defendant-Appellee,*

Appeal from The United States District Court
For The Northern District of California
In Case No. 14-CV-1650, Judge Yvonne Gonzalez Rogers

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on counsel of record this 28th day of April, 2016 via e-mail and/or CM/ECF.

Dated: April 28, 2016      /s/ Randall T. Garteiser
                                    Randall T. Garteiser